SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Proposed Attorneys for the Chapter 11 Debtors and
Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>　　　　　Debtor and Debtor In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>　　　　　Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CONFIDENTIAL PATIENT INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN A. MOE, II**<br><br>[Declaration of Richard G. Adcock In Support Of Emergency Motions File Don August 3, 2018]<br><br><u>Emergency Hearing</u>:<br>Date:　　September 5, 2018<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 1568<br><br>Hon Judge Ernest M. Robles |

108545803\V-3

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ...................................................................................................... 3

II.    JURISDICTION ....................................................................................................... 3

III.    VERITY GLOBAL FACTS ..................................................................................... 3

    A.    General Background ...................................................................................... 3

    B.    Historical Challenges. .................................................................................. 6

    C.    Relevant Facts to Motion. ............................................................................ 8

IV.    ARGUMENT ............................................................................................................ 8

V.    NO PREVIOUS APPLICATION .......................................................................... 11

VI.    CONCLUSION ...................................................................................................... 11

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- i -

108545803\V-3

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barnes v. Glennon*,
  Case No. 9:05-cv-0153, 2006 WL 2811821 (N.D.N.Y. Sep. 28, 2006) ....................................9

*In re Barney's, Inc.*,
  201 B.R. 703 (Bankr. S.D.N.Y. 1996) ...................................................................................10

*In re Epic Assoc. V*,
  54 B.R. 445 (Bankr. E.D. Va. 1985) ......................................................................................10

*In re Gardens Regional And Medical Center, Inc.*,
  Nos. 21 & 59 (Bankr. C.D. Cal. June 6, 2016) ......................................................................10

*In re Global Crossing Ltd.*,
  295 B.R. 720 (Bankr. S.D.N.Y. 2003) ...................................................................................10

*Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*),
  21 F.3d 24 (2d Cir. 1994) .......................................................................................................10

**Statutes**

11 United States Code
  §§ 101, *et seq.* ...........................................................................................................................3
  § 105(a) ..................................................................................................................................9, 11
  § 107 .........................................................................................................................................10
  § 107(b) ...........................................................................................................................8, 9, 10, 11
  § 107(c) .............................................................................................................................. *passim*
  § 1107 .........................................................................................................................................3
  § 1108 .........................................................................................................................................3

28 United States Code
  § 157 ...........................................................................................................................................3
  § 157(b)(2) ..................................................................................................................................3
  § 1334 .........................................................................................................................................3
  § 1408 .........................................................................................................................................3
  § 1409 .........................................................................................................................................3

California Health & Safety Code
  § 1206(l) .....................................................................................................................................4

Internal Revenue Code
  § 501(c)(3) ..................................................................................................................................5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Privacy Rule of the Health Insurance Portability And Accountability Act of 1996
Public Law 104-191 ..................................................................................................9

**Rules and Regulations**

45 Code of Federal Regulations
164.512(e) ..............................................................................................................9
Part 160 ....................................................................................................................9
Part 164, Subpart A .................................................................................................9
Part 164, Subpart E .................................................................................................9

Federal Rules of Bankruptcy Procedure
Rule 9018 ......................................................................................................3, 9, 10, 11

**Other Authorities**

Court Manual for the United States Bankruptcy Court for the Central District of
California
§ 2.8(b) ..................................................................................................................10

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- iii -

108545803\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### EMERGENCY MOTION

Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, debtors and debtors in possession in the above-captioned case (collectively, the "Debtors"), hereby move (the "Motion") the Court on an emergency basis pursuant to sections 105(a), 107(b) and (c) of the Bankruptcy Code,[1] Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5003-2(c) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Central District of California ("LBR") and Section 2.8(b) of the Court Manual for the United States Bankruptcy Court for the Central District of California (the "Court Manual"), for the entry of an Order granting leave to file under seal confidential patient information.

### SUMMARY OF REQUESTED RELIEF

The Debtors seek entry of an Order on an emergency basis to file under seal the names of patients who have claims or may have claims against the Debtors. The Debtors seek to protect confidential patient information, protect patients' identities and protect patients' privacy.

### ADDITIONAL INFORMATION

The Motion is based the Notice Of Emergency Motions that will be filed and served after obtaining a hearing date for the Debtors' "First Day" Emergency Motions, this Motion, the attached Memorandum Of Points And Authorities, the concurrently filed Declaration of Richard G. Adcock in support of the Emergency Motions, the attached Declaration of John A. Moe, II, the arguments of counsel and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in this Case.

Counsel to the Debtors will serve this Motion, the attached Memorandum of Points and Authorities, the Adcock Declaration and the Notice of First Day Motions on: (i) the Office of the United States Trustee; (ii) the Lenders; (iii) the fifty (50) largest general unsecured creditors appearing on the consolidated list filed in accordance with Rule 1007(d) of the Federal Rules of

---

[1] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

- 1 -

Bankruptcy Procedure (the "Bankruptcy Rules"); (iv) the United States of America, and the State of California; and (vi) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i). To the extent necessary, the Debtors request that the Court waive compliance with Rule 9075-1(a)(6) of the Local Bankruptcy Rules and approve service (in addition to the means of services set forth in such Local Bankruptcy Rule) by overnight delivery. Among other things, the Notice of Emergency Motions will provide that any opposition or objection to the Motion may be presented at any time before or at the hearing regarding the Motion, but that failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order:

(i)    Authorizing the Debtors to file confidential patient information under seal; and,

(ii)    Granting such other and further relief as is just and proper under the circumstances.

Dated: August 31, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By   /s/ *John A. Moe, II*
       JOHN A. MOE, II

Proposed Attorneys for Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

108545803\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

To fulfill its obligations under the Bankruptcy Code without violating applicable non-bankruptcy laws protecting confidential patient information, the Debtors need authorization to file confidential patient information under seal. Accordingly, by this Motion, Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively the "Debtors"), request that the Court enter an Order pursuant to section 107 (c) and Bankruptcy Rule 9018 authorizing the Debtors to file confidential patient information under seal.

## II.

## JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## VERITY GLOBAL FACTS

### A.    General Background.

1.        On August 31, 2018 ("Petition Date"), Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§[2] 1107 and 1108 of the Bankruptcy Code.

2.        Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations

---

[2] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

- 3 -

108545803\V-3

that operate six acute care hospitals, O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside (collectively, the "Hospitals") and other facilities in the state of California. Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license.

3.      VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operate as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.

4.      The VHS affiliated entities, including the Debtors and non-debtor entities, are as follows:

- O'Connor Hospital
- Saint Louise Regional Hospital
- St. Francis Medical Center
- St. Vincent Medical Center
- Seton Medical Center, including Seton Medical Center Coastside campus
- Verity Business Services
- Marillac Insurance Company, Ltd.
- O'Connor Hospital Foundation
- Saint Louise Regional Hospital Foundation
- St. Francis of Lynwood Medical Center Foundation
- St. Vincent Medical Center Foundation
- Seton Medical Center Foundation
- St. Vincent de Paul Ethics Corporation
- St. Vincent Dialysis Center
- De Paul Ventures, LLC
- De Paul Ventures - San Jose Dialysis, LLC
- De Paul Ventures - San Jose ASC, LLC
- Verity Medical Foundation
- Verity Holdings, LLC

5.      Verity Medical Foundation ("VMF"), incorporated in 2011, is a medical foundation, exempt from licensure under California Health & Safety Code § 1206(l).  VMF contracts with physicians and other healthcare professionals to provide high quality, compassionate, patient-centered care to individuals and families throughout California.  With

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

more than 100 primary care and specialty physicians, VMF offers medical, surgical and related healthcare services for people of all ages at community-based, multi-specialty clinics conveniently located in areas served by the Debtor Hospitals.  VMF holds long-term professional services agreements with the following medical groups:  (a) Verity Medical Group; (b) All Care Medical Group, Inc.; (c) CFL Children's Medical Associates, Inc.; (d) Hunt Spine Institute, Inc.; (e) San Jose Medical Clinic, Inc., D/B/A San Jose Medical Group; and (f) Sports, Orthopedic and Rehabilitation Associates.

6.    Verity Holdings, LLC ("Holdings") is a direct subsidiary of its sole member VHS and was created in 2016 to hold and finance VHS' interests in four medical office buildings whose tenants are primarily physicians, medical groups, healthcare providers, and certain of the VHS Hospitals.  Holdings' real estate portfolio includes more than 15 properties.  Holdings is the borrower on approximately $66 million of non-recourse financing secured by separate deeds of trust and revenue and accounts pledges, including the rents on each medical office building.

7.    O'Connor Hospital Foundation, Saint Louise Regional Hospital Foundation, St. Francis of Lynwood Medical Center Foundation, St. Vincent Medical Center Foundation, and Seton Medical Center Foundation handle fundraising and grant-making programs for each of their respective Debtor Hospitals.

8.    As of August 31, 2018, the Debtors have approximately 7,385 employees, of whom 4,733 are full-time employees.  Approximately 74% of these employees are represented by collective bargaining units.  A majority of the employees are represented by either the Service Employees International Union (approximately 39% of employees) or California Nurses Associations (approximately 22% of employees).

9.    Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, except for Verity Holdings, LLC, DePaul Ventures, LLC, and DePaul Ventures - San Jose Dialysis, LLC.

10.    To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these chapter 11 Cases.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

108545803\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## B.    Historical Challenges.

11.    The Hospitals and VMF were originally owned and operated by the Daughters of Charity of St. Vincent de Paul, Province of the West (the "Daughters of Charity"), to support the mission of the Catholic Church through a commitment to the sick and poor. The Daughters of Charity began their healthcare mission in California in 1858 and they ministered to ill, poverty-stricken individuals for more than 150 years. In March 1995, the Daughters of Charity merged with Catholic Healthcare West ("CHW"). In June 2001, Daughters of Charity Health System ("DCHS") was formed, and in October 2001, the Daughters of Charity withdrew from CHW. In 2002, DCHS commenced operations and was the sole corporate member of the Hospitals, which at that time were California nonprofit religious corporations.

12.    Between 1995 and 2015, the Daughters of Charity and DCHS struggled to find a solution to continuing operating losses, either through a sale of some or all of the hospitals or a merger with a more financially sound partner. All these efforts failed. During these efforts, however, the health system's losses continued to mount, and the health system borrowed more than $500 million – including through a 2008 bond issuance (the "2008 Bonds") – to fund operations, acquire assets, fund needed capital improvements and/or refinance existing debt.

13.    Despite continuous efforts to improve operations, operating losses continued to plague the health system due to, among other things, mounting labor costs, low reimbursement rates and the ever-changing healthcare landscape. In 2013, DCHS actively solicited offers for O'Connor Hospital, St. Louise Regional Hospital, Seton Medical Center and Seton Medical Center Coastside. In 2013, to avoid failing debt covenants, the Daughters of Charity Foundation, an organization separate and distinct from DCHS, donated $130 million to DCHS to allow it to retire the 2008 Bonds in the total amount of $143.7 million.

14.    In early 2014, DCHS announced that they were beginning a process to evaluate strategic alternatives for the health system. Throughout 2014, DCHS explored offers to sell their health system and, in October of 2014, they entered into an agreement with Prime Healthcare Services and Prime Healthcare Foundation (collectively, "Prime") to sell the health system. However, to keep the hospitals open, DCHS needed to borrow another $125 million to

- 6 -

108545803\V-3

mitigate immediate cash needs during the sales process; in other words, to allow DCHS to continue to operate until the sale could be consummated. In early 2015, the California Attorney General consented to the sale to Prime, subject to conditions on that sale that were so onerous that Prime terminated the transaction.

15. In 2015, DCHS again marketed their health system for sale, and, again, focused on offers that maintained the health system as a whole, and assumed all the obligations. In July 2015, the DCHS Board of Directors selected BlueMountain Capital Management LLC ("BlueMountain"), a private investment firm, to recapitalize its operations and transition leadership of the health system to the new Verity Health System (the "BlueMountain Transaction").

16. In connection with the BlueMountain Transaction, BlueMountain agreed to make a capital infusion of $100 million to the hospital system, arrange loans for another $160 million to the health system, and manage operations of the health system, with an option to buy the health system at a future time. In addition, the parties entered into a System Restructuring and Support Agreement (the "Restructuring Agreement"), DCHS's name was changed to Verity Health System, and Integrity Healthcare, LLC ("Integrity") was formed to carry out the management services under a new management agreement.

17. On December 3, 2015, the California Attorney General approved the BlueMountain Transaction, subject to conditions. Despite BlueMountain's infusion of cash and retention of various consultants and experts to assist in improving cash flow and operations, the health system did not prosper.

18. In July 2017, NantWorks, LLC ("NantWorks") acquired a controlling stake in Integrity. NantWorks brought in a new CEO, CFO, and COO. NantWorks loaned another $148 million to the Debtors.

19. Despite the infusion of capital and new management, it became apparent that the problems facing the Verity Health System were too large to solve without a formal court supervised restructuring. Thus, despite VHS' great efforts to revitalize its Hospitals and improvements in performance and cash flow, the legacy burden of more than a billion dollars of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 7 -

108545803\V-3

bond debt and unfunded pension liabilities, an inability to renegotiate collective bargaining agreements or payor contracts, the continuing need for significant capital expenditures for seismic obligations and aging infrastructure, and the general headwinds facing the hospital industry, make success impossible.  Losses continue to amount to approximately $175 million annually on a cash flow basis.

20.    Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure and additional events leading up to these chapter 11 cases, are contained in the Declaration of Richard G. Adcock.

## C.    Relevant Facts to Motion.

Obviously, the Debtors serve a large volume of patients at its hospitals.  50,000 inpatients and over 480,000 outpatients were served by the VHS healthcare system in 2017.

The Debtors are including as potential creditors all patients who have a credit balance; those patients total 23,449 patients.  Instead of including those names on the Master Mailing Matrix, the Debtors propose to file those names under seal with the Court in order to protect confidential patient information, protect patients' identifies and protect patients' privacy.  All of those patients will receive notice of the filing of these bankruptcy cases, but the names of those patients will be filed under seal at the Clerk's Office.

**IV.**

**ARGUMENT**

The Debtors are seeking leave to file confidential patient information under seal.  The information to be filed under seal includes all patients who have a credit balance.

Sections 107(b) and (c) authorize the Court to issue orders that will protect entities from potential harm caused by disclosure of confidential information.  Specifically, Section 107(c) provides:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 8 -

108545803\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(c)(1) The bankruptcy court, for cause; may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the. individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

The Debtors seek to "protect … confidential … information," protect the patients' identities to prevent "undue risk of identity theft or other unlawful injury," and protect the patients' privacy.

The Privacy Rule of the Health Insurance Portability And Accountability Act of 1996 ("HIPAA"), Public Law 104-191, protects all individually identifiable health information, which includes information such as the names or addresses of current or former patients. Thus, the Privacy Rule's requirements to protect the privacy and security of protected health information require that the names and addresses of current and former patients not be publicly disclosed.

The Debtors are a covered entity under HIPAA and must comply with HIPAA's requirements to protect the privacy of health information. *See* 45 CFR Part 160 and Part 164, Subparts A and E. However, the Privacy Rule permits the use and disclosure of protected health information, without an individual's authorization or permission, as part of a judicial proceeding, if the information is disclosed pursuant to a court order. 45 CFR 164.512(e); *Barnes v. Glennon*, Case No. 9:05-cv-0153, 2006 WL 2811821, at \*5 n. 6 (N.D.N.Y. Sep. 28, 2006).

As the Debtors necessarily must file confidential patient information, good cause exists to grant Debtors leave to file the confidential patient information under seal pursuant to §§ 105(a), 107(b) and (c) and Bankruptcy Rule 9018. By this Motion, the Debtors respectfully request that the Court enter an Order authorizing them to file the confidential patient information under seal in accordance with Bankruptcy Rule 9018, and directing that such filing remain confidential and under seal, and that no such document shall be made available to anyone, other than as set forth in the Order approving this Motion. Further, the Debtors request of the Court that the clerk treat such documents held under seal as a confidential document.

- 9 -

108545803\V-3

Based upon the use of the term "shall" in § 107(b), some courts have held a court must apply the protections of § 107(b) if the information contained in the document falls within the scope of any of the specified categories in the statute. *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). Other bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g., In re Global Crossing Ltd.*, 295 B.R. 720 (Bankr. S.D.N.Y. 2003); *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Both standards are satisfied here.

Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107. In particular, Bankruptcy Rule 9018 states that the court "may make any order which justice requires (1) to protect the estate or any entity in respect of … confidential … information…."

Whether a document falls within the scope of § 107(b) and/or (c) is ultimately a decision for the Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). However, if the Court determines that filed documents are covered by § 107(c), the Court should issue a remedy that will protect the confidential information.

The Debtors are required to serve notice of the filing of their cases, a bar date notice, and other critical case related documents on parties with an interest in the case or who may have a claim against the Debtors. To show proper notice has been provided, the Debtors are required to file service lists showing the names and addresses of those who have been served. Former patients are usually among the parties entitled to such notice. Here, the Debtors propose to include those patients who asserted possible or actual claims.

The request being made in this Emergency Motion, is granted in this District. *In re Gardens Regional And Medical Center, Inc.*, Docket Nos. 21 & 59; Case No. 2:16-bk-17463-ER (Bankr. C.D. CA June 6, 2016).

In accordance with section 2.8(b) of the Court Manual for the United States Bankruptcy Court for the Central District of California, the attached Declaration Of John A. Moe, II explains the nature of the records to be filed under seal.

108545803\V-3

**V.**

**NO PREVIOUS APPLICATION**

No previous application for the relief sought herein has been made to this or to any other court.

**VI.**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an Order pursuant to §§ 105(a), 107(b) and (c) and Bankruptcy Rule 9018:

(i)     Granting leave for the Debtors to file the confidential patient information under seal; and,

(ii)    Granting such further other and further relief as may be just and proper.

Dated: August 31, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By     /s/John A. Moe, II
JOHN A. MOE, II

Proposed Attorneys for Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 11 -

108545803\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## DECLARATION OF JOHN A. MOE, II

I, John A. Moe, II, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1.    I am an attorney at Dentons US LLP, 300 South Grand Avenue, Suite 1400, Los Angeles, California.  I am one of the attorneys at Dentons US LLP, representing Verity Health System of California, Inc., and its 16 affiliated above-captioned debtors.

2.    In behalf of the Debtors, I have prepared an Emergency Motion for an Order Authorizing the Filing Under Seal of Confidential Patient Information.

3.    Rule 2.8(b) of the Court Manual of the United States Bankruptcy Court for the Central District of California, states:

> "(b)    Filing Documents Under Seal (LBR 5003-2(c))   No documents may be presented to the court for filing under seal unless and until the court has granted a motion authorizing the filing of such documents under seal.  All motions for authority to file documents under seal must be filed electronically, if the filer is an attorney.
>
> (1) The motion should include as exhibits, or in a separate appendix also filed electronically, the documents that the movant seeks to file under seal with the confidential portions redacted; provided, however, that if the documents are voluminous, the motion may be accompanied by declaration under penalty of perjury to this effect and a schedule of the documents that movant seeks to file under seal.

4.    The document to be filed under seal, consisting of a list of the names and addresses of patients of the Debtors' patients, is voluminous, consisting of approximately 23,449 names and addresses, on approximately 439 pages.  I have not attached a proposed schedule, because the document to be filed under seal consists of, literally, nothing more than the name and address of each patient.

I declare under penalty of perjury and the laws of the United States of America the foregoing is true and correct.

Executed this 31st day of August, 2018, in Los Angeles, California.

/s/*John A. Moe, II*
JOHN A. MOE, II

- 12 -

108545803\V-3