Jason D. Strabo (SBN 246426)
McDermott Will & Emery LLP
2049 Century Park East
38th Floor
Los Angeles, CA 90067-3218
Telephone: 310.788.4125
Facsimile: 310.277.4730
Email: jstrabo@mwe.com

Clark T. Whitmore (*pro hac vice* pending)
Maslon LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  612.672.8335
Facsimile:  612.642.8335
Email: Clark.Whitmore@maslon.com

William P. Smith (*pro hac vice* pending)
Nathan F. Coco (*pro hac vice* pending)
Megan Preusker (*pro hac vice* pending)
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: 312.372.2000
Facsimile: 312.984.7700
Email: wsmith@mwe.com, ncoco@mwe.com
mpreusker@mwe.com

*Attorneys for U.S. Bank National Association, not individually
but as Series 2015 Note Trustee and Series 2017 Note Trustee, respectively*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *ET AL.*,<br><br>Debtors. | Case 2:18-bk-20151-ER<br>Jointly Administered<br>Chapter 11 Cases<br><br>**COMBINED RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS SERIES 2015 NOTE TRUSTEE AND AS SERIES 2017 NOTE TRUSTEE, TO EMERGENCY MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO OBTAIN POST PETITION FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, AND (C) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105, 363, 364, 1107 AND 1108** |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

U.S. Bank National Association, not individually but in its respective capacities as Series 2015 Note Trustee ("*2015 Note Trustee*") and as Series 2017 Note Trustee ("*2017 Note Trustee*" and together, the "*Notes Trustee*"), hereby submits this combined reservation of rights with respect to the *Emergency Motion of Debtors for Interim and Final Orders (A) Authorizing the Debtors to Obtain Post Petition Financing, (B) Authorizing the Debtors to Use Cash Collateral, and (C) Granting Adequate Protection to Prepetition Secured Creditors Pursuant to 11 U.S.C. §§ 105, 363, 364, 1107 and 1108* [Docket No. 31] (the "*DIP Motion*") and respectfully states as follows:

## I.    Jurisdiction and Venue

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

3.    The 2015 Note Trustee represents the interests of the holders of the $160,000,000 California Public Finance Authority Revenue Notes (Verity Health System) Series 2015 A, B, C, and D (collectively, the "*2015 Notes*") and the 2017 Note Trustee represents the interests of the  $42,000,000 California Public Finance Authority Revenue Notes (Verity Health System) Series 2017 A and B (collectively, the "*2017 Notes*" and, together with the 2015 Notes, the "*Notes*").

4.    The 2015 Notes were issued in four series pursuant to Indentures dated as of December 1, 2015, and the 2017 Notes were issued in two series pursuant to Indentures dated as of September 1, 2017 and December 1, 2017, each made by and between the Notes Trustee as trustee and the California Public Finance Authority as issuer (the "*Authority*").

5.    The proceeds of each series of Notes were loaned to the Debtors pursuant to (i) Loan Agreements dated as of December 1, 2015, with respect to the 2015 Notes, and (ii) Loan Agreements dated as of September 1, 2017 and December 1, 2017, with respect to the 2017 Notes, each between the Authority and Verity Health System of California, Inc. ("*VHS*"), for itself and as a representative of the Verity Health System Obligated Group under

2

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

the Master Indenture of Trust dated as of December 1, 2001, as supplemented (the "*Master Indenture*"), between the Obligated Group and UMB Bank, N.A., as successor Master Trustee.[1]

6.    The indebtedness evidenced by the Notes is jointly secured by senior first priority security interests and liens on certain of the Debtors' assets, including (x) Accounts[2] of St. Francis Medical Center, St. Vincent Medical Center, O'Connor Hospital, Saint Louise Regional Hospital, and Seton Medical Center, including Seton Medical Center Coastside (each a "*Hospital*" and collectively, the "*Hospitals*") and (y) real property and certain personal property comprising St. Francis Medical Center and Saint Louise Regional Hospital (collectively, the "*Senior Note Collateral*").[3]

7.    The Notes are also jointly secured on a parity basis with the collateral pledged to the other Obligations under the Master Indenture, including the Series 2005 Bonds.[4] Those Obligations are secured by, *inter alia*, (i) Deeds of Trust on the Hospitals and (ii) the "Gross Revenues" of the Obligated Group, which is broadly defined to include "all revenues, income, receipts and money received by or on behalf of the Members from all sources" (collectively,

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion. The Obligated Group consists of VHS and the Hospitals.

[2] "'Accounts" includes, collectively, (a) any right to payment of a monetary obligation whether or not earned by performance, that relates to or arises out of any services provided or goods rendered by an Obligated Group Member (including, without limitation, payments made by or through a governmental authority to an individual patient assigned to such Member), (b) without duplication, any 'account' (as defined in the Uniform Commercial Code) ("*UCC*"), any accounts receivable, whether in the form of payments for services rendered or goods sold, rents, license fees or otherwise, any Health-Care-Insurance Receivables and any Payment Intangibles (each as defined in the UCC), (c) all General Intangibles, Intellectual Property (each as defined in the UCC), rights, remedies, guarantees, supporting obligations and letter of credit rights relating to or arising out of the foregoing assets described in clauses (a) and (b), (d) all information and data compiled or derived by any Member or to which any Member is entitled in respect of or related to the foregoing assets described in clauses (a) and (b) and (e) all proceeds of any of the foregoing. *See* Amended and Restated Supplemental Master Indenture Number 20 dated as of January 1, 2016, between VHS and the prior Master Trustee.

[3] The Senior Note Collateral was pledged pursuant to (i) certain Security Agreements dated as of December 11, 2015 and Amended and Restated Security Agreements dated as of September 1, 2017, between the members of the Obligated Group and the Notes Trustee and (ii) certain Deeds of Trust with Fixture Filing and Security Agreement and Assignment of Leases and Rents dated as of December 11, 2015 and Amended and Restated Deeds of Trust with Fixture Filing and Security Agreement and Assignment of Leases and Rents dated as of September 15, 2017, by the members of the Obligated Group in favor of the Notes Trustee.

[4] In addition to the Notes, the Obligations also include the California Statewide Communities Development Authority Revenue Bonds (Daughters of Charity Health System) Series 2005A, F, G and H (the "*Series 2005 Bonds*").

the "*MTI Collateral*").[5]

8.    The indebtedness evidenced by the 2017 Notes is additionally secured by a Deed of Trust with Fixture Filing and Security Agreement and Assignment of Rents and Leases, dated September 15, 2017, as amended, (the "*Moss Deed of Trust*") granted by Verity Holdings LLC on certain real estate and related property located in San Mateo County, California. (the "*Moss Property*").

9.    Pursuant to that certain Intercreditor Agreement dated as of December 1, 2015, as amended by the Amended and Restated Intercreditor Agreement dated as of September 1, 2017, as further amended by the Second Amended and Restated Intercreditor Agreement dated as of December 1, 2017 (as amended, the "*Intercreditor Agreement*"), the Master Trustee subordinated its liens and security interests, including the Gross Revenue pledge, to the Notes Trustee with respect to the Senior Note Collateral.

10.    The Senior Note Collateral, the MTI Collateral and the Moss Deed of Trust include "cash collateral" (the "*Cash Collateral*") as defined in section 363(a) of Title 11 of the United States Code (the "*Bankruptcy Code*").

11.    On August 31, 2018 (the "*Petition Date*"), VHS and the above-captioned affiliated debtors (collectively, the "*Debtors*"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "*Cases*").  Since the commencement of the Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Cases.

---

[5] *See* Master Indenture § 1.01 ("'Gross Revenues' means all revenues, income, receipts and money received by or on behalf of the Members from all sources, including (a) gross revenues derived from their operation and possession of each Member's facilities; (b) gifts, grants, bequests, donations and contributions, exclusive of any gifts, grants, bequests, donations and contributions to the extent specifically restricted by the donor to a particular purpose inconsistent with their use for the payment of Required Payments; (c) proceeds derived from (i) condemnation proceeds, (ii) accounts receivable, (iii) securities and other investments, (iv) inventory and other tangible and intangible property, (v) medical reimbursement programs and agreements, (vi) insurance proceeds and (vii) contract rights and other rights and assets now or hereafter owned by each Member; and (d) rentals received from the lease of office space.").

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

12.    On the Petition Date, the Debtors filed the DIP Motion in order to obtain (i) post petition financing, (ii) authorization to use Cash Collateral, and (iii) approval of the adequate protection proposed therein. The Motion seeks approval of post petition debtor-in-possession financing (the "DIP Facility") in an aggregate principal amount of up to $185,000,000, with up to $30,000,000 to be advanced during the interim period.  This includes upwards of $20,000,000 in critical vendor payments and $5,720,000 in capital expenditures which the Debtors seek to make within the first 30 days of the case.

### III.    Reservation of Rights

13.    Subject to acceptable protections that the 2015 Note Trustee and the 2017 Note Trustee are entitled to receive as perfected prepetition secured creditors, including without limitation, adequate protection for priming liens being granted to the DIP Facility lender and the use of Cash Collateral, they both support entry of an order approving the DIP Facility and the Debtors' use of Cash Collateral.  The Notes Trustee acknowledges that the Debtors face a serious liquidity crisis and urgently require some level of debtor-in-possession financing and use of Cash Collateral on an interim basis.

14.    The Notes Trustee has engaged in discussions with the Debtors regarding, among other things, the proposed amount and uses of the DIP Facility, the proposed budget, and adequate protection issues.  Those discussions have been productive, and have helped narrow the scope of open issues.   While the Notes Trustee is hopeful that continued discussions may resolve its remaining concerns, it reserves all rights and objections with respect to both interim and final relief on the Motion.  The Notes Trustee intends to work with the Debtors to address, among other things, the below-described areas.

15.    **The Proposed Amount of the DIP Facility.**  The Notes Trustee wants to make sure that the amount of money borrowed by the Debtors on an interim basis is truly necessary and the Debtors' longer term borrowing and related budgets include input from the Notes Trustee prior to the final hearing, and periodically thereafter.  For example, the proposed authorization for up to $20,000,000 in critical vendor payments seems extraordinary, and the Debtors have not yet demonstrated that such a large allocation is truly "critical" or appropriate.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Also, given that the Debtors' facilities are being marketed for sale, the Debtors should be required to demonstrate why it is necessary or appropriate for the Debtors to allocate $8,367,000 toward capital expenditures in the first 13-week period of the case – $5,720,000 in the first 30 days – which may largely benefit the eventual purchasers of the facilities but not the Debtors' estates or their senior secured creditors.

16. **Respect for the Separateness of the Debtors' Bankruptcy Estates.** The interim and final orders on the Motion need to include protections that respect the separateness of each bankruptcy estate, including separate budgets for borrowings and repayments of the DIP Facility and the use of Cash Collateral. Each Hospital is a distinct entity with its own operations, assets, and creditors. Some Hospitals, such as the St. Francis Medical Center on which the Notes Trustee has priority liens, are cash flow positive and may not even utilize the DIP Facility. The DIP Facility may be disproportionately used for the benefit of Hospitals that have negative cash flows and cannot operate without access to external liquidity. Thus, the Debtors should be required to account for and report on their use of the DIP Facility on an entity-by-entity basis.

17. **Adequacy of Notes Trustee Replacement Liens**. The Debtors correctly acknowledge that they are required to provide adequate protection to their prepetition secured creditors, and propose to do so, in part, in the form of replacement liens if a prepetition secured creditor suffers a diminution in the value of its collateral as a result of the priming liens granted to the DIP Lender. The Notes Trustee anticipates that the sale proceeds of the two most cash flow positive Hospitals, St. Francis Medical Center and Saint Louise Regional Hospital, in which the Notes Trustee holds senior liens, may be used in whole or in part to repay the DIP Facility. If this occurs, the Notes Trustee needs by the time of the final hearing to have a better understanding of whether replacement liens will be adequate to address such a potentially large diminution in the value of its Cash Collateral in the context of the anticipated liquidation process. The Notes Trustee continues to work with the Debtors to make this assessment, both with respect to the interim DIP Facility and the balance of the DIP Facility.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

18.    **Appropriate Agreed Upon Conditions to the Use of Cash Collateral.**  The Notes Trustee is seeking some additional limited projections with respect to the Debtors' use of the Cash Collateral.  The Notes Trustee expects at the interim hearing to consent to the Debtors' use of case collateral until the final hearing.  Prior to the final hearing, the Notes Trustee wants to reach a broader set of agreements and limitations that would be included in a Cash Collateral stipulation or final order on the Motion, including, without limitation, sale milestones, termination rights, and financial reporting requirements.

19.    **Loss of Prepetition Priority of Moss Boulevard Deed of Trust**.  The 2017 Note Trustee holds the only lien in the Moss Property under the Moss Deed of Trust.  The proposed interim order on the Motion does preserve the relative priority of the Notes Trustee and the Master Trustee as provided in the Intercreditor Agreement, but does not preserve the relative prepetition priority of the 2017 Note Trustee in the Moss Property.  The Notes Trustee has suggested language for the interim order on the Motion to clarify that the prepetition priority status of the Moss Deed of Trust will not be primed by Replacement Liens.  Based on its discussions with the Debtors, the Notes Trustee believes that the Debtors are amenable to including this language in a revised form of interim order to be filed with the Court.

20.    **Adequate Protection of Notes Trustee Fees and Expenses**.  In the Motion, the Debtors propose to limit the adequate protection payment of the Notes Trustee's fees and expenses to out-of-pocket expenses incurred with respect to *one* law firm and *one* financial advisor.  However, the 2015 Notes and the 2017 Notes were issued under separate indentures; they have separate trustees; they have distinct governance prerogatives; and they have some separate collateral rights.  The Notes Trustee has discussed with the Debtors its position that there is no justification for limiting U.S. Bank to one counsel with respect to both sets of trusteeships, and requested that any order on the Motion should provide for payment of all reasonable fees and expenses of the 2015 Note Trustee and 2017 Note Trustee, respectively, to the extent provided by the terms of the underlying Indentures.  The Notes Trustee believes that the Debtors are amenable to including language to this effect in a revised form of interim order to be filed with the Court.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

21.    Subject to the foregoing, the Notes Trustee looks forward to achieving a consensual Interim Order and thereafter a consensual Final Order.  The Notes Trustee will continue its good faith efforts to resolve its concerns through its ongoing dialogue and negotiation with the Debtors and continued analysis and due diligence.  Nonetheless, the Notes Trustee hereby expressly reserves all of its rights, claims, objections, and remedies, including the right to amend, modify, or supplement this reservation of rights, to seek discovery, to raise additional objections and to introduce evidence at the interim and final hearings on the Motion, on any grounds, as may be appropriate. Further, the Notes Trustee further reserves its right to amend or supplement this reservation of rights, based upon any facts or arguments that come to light prior to the hearing on these issues.

Dated:  September 4, 2018

**MCDERMOTT WILL & EMERY LLP**

By:    /s/ Jason D. Strabo
      Jason D. Strabo

**MASLON LLP**
By:    /s/ Clark T. Whitmore
      Clark T. Whitmore

*Attorneys for U.S. Bank National Association, not individually but as Series 2015 Note Trustee and Series 2017 Note Trustee, respectively*

DM_US 155279491-1.066372.0010

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

McDermott Will & Emery LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067-3218

A true and correct copy of the foregoing document entitled COMBINED RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS SERIES 2015 NOTE TRUSTEE AND AS SERIES 2017 NOTE TRUSTEE, TO EMERGENCY MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO OBTAIN POST PETITION FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, AND (C) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105, 363, 364, 1107 AND 1108 will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Lawrence B Gill on behalf of Interested Party Courtesy NEF
lgill@nelsonhardiman.com, rrange@nelsonhardiman.com

Samuel R Maizel on behalf of Debtor Verity Health System of California, Inc.
samuel.maizel@dentons.com,
alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com

Samuel R Maizel on behalf of Plaintiff Verity Health System of California, Inc.
samuel.maizel@dentons.com,
alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com

Hutchison B Meltzer on behalf of Interested Party Attorney General For The State Of Ca
hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov

John A Moe on behalf of Debtor Verity Health System of California, Inc.
john.moe@dentons.com,
glenda.spratt@dentons.com,derry.kalve@dentons.com,jennifer.wall@dentons.com,andy.jinnah@dentons.com,bryan.bates@dentons.com

Tania M Moyron on behalf of Debtor Verity Health System of California, Inc.
tania.moyron@dentons.com, chris.omeara@dentons.com

Tania M Moyron on behalf of Plaintiff Verity Health System of California, Inc.
tania.moyron@dentons.com, chris.omeara@dentons.com

Mark A Neubauer on behalf of Creditor St. Vincent IPA Medical Corporation
mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com

Mark A Neubauer on behalf of Interested Party Courtesy NEF
mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-3.1.PROOF.SERVICE

Abigail V O'Brient on behalf of Interested Party Courtesy NEF
avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;SARamuta@mintz.com


Emily P Rich on behalf of Creditor SEIU United Healthcare Workers - West
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Emily P Rich on behalf of Creditor Stationary Engineers Local 39
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Emily P Rich on behalf of Creditor Stationary Engineers Local 39 Health and Welfare Trust Fund
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Emily P Rich on behalf of Creditor Stationary Engineers Local 39 Pension Trust Fund
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Mary H Rose on behalf of Interested Party Courtesy NEF
mrose@buchalter.com, salarcon@buchalter.com

Rosa A Shirley on behalf of Interested Party Courtesy NEF
rshirley@nelsonhardiman.com,
rrange@nelsonhardiman.com;lgill@nelsonhardiman.com;mmarkwell@nelsonhardiman.com

Jason D Strabo on behalf of Creditor U.S. Bank National Association, not individually, but as Indenture Trustee
jstrabo@mwe.com, ahoneycutt@mwe.com;jmariani@mwe.com

Gary F Torrell on behalf of Interested Party Courtesy NEF
gft@vrmlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov                                    ☐  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On _____, I served [or will serve] the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                                       ☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method
for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

                                                       ☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                            **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 4, 2018 | | /s/ Jason D. Strabo |
| --- | --- | --- |
| *Date* | *Jason D. Strabo* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**