SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Proposed Attorneys for the Chapter 11 Debtors and Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

Debtors and Debtors In Possession.

☒Affects All Debtors

☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered with:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Chapter 11 Cases

Hon. Ernest M. Robles

**DEBTORS' NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR MONTHLY PAYMENT OF FEES AND EXPENSE REIMBURSEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELSPETH PAUL**

[No Hearing Required Pursuant to L.B.R. 9013-1(o)]

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 3

II. JURISDICTION ..... 3

III. STATEMENT OF FACTS ..... 3

IV. ARGUMENT ..... 4

A. Ninth Circuit Precedent Supports Interim Fee Procedures ..... 4

B. The Need for Interim Fee Procedures ..... 7

C. Proposed Interim Fee Procedure ..... 7

V. CONCLUSION ..... 10

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burgess v. Klenske (In re Manoa Fin. Co., Inc.),* 853 F.2d 687 (9th Cir. 1988)....5

*In re Commercial Consortium of Cal.,* 135 B.R. 120 (Bankr. C.D. Cal. 1991)....5, 6

*First Nat'l Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerine Oil Co.),* 71 B.R. 767 (B.A.P. 9th Cir. 1986)....5

*In re Gordian Medical, Inc., dba American Medical Technologies,* Case No. 8:12-12339-MW, Docket No. 150 (Bankr. C.D. Cal. March 26, 2012)....6

*In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir. 1985)....5

*In re Ocean Park Hotels-TOY, LLC,* Case. No. 1:10-15358-GM, Docket No. 65 (Bankr. C.D. Cal. June 24, 2010)....6

*In re Pacific Forest Indus., Inc.,* 95 B.R. 740 (Bankr. C.D. Cal. 1989)....6

*In re S&B Surgery Center,* Case No. 2:09-19825-SB, Docket No. 102 (Bankr. C.D. Cal. July 17, 2009)....6

*Thorpe Insulation Company, et al.,* Case No. 2:07-19271-BB, Docket No. 456 (Bankr. C.D. Cal. Jan. 15, 2008)....6

*United States Trustee v. Knudsen Corp. (In re Knudsen Corp.),* 84 B.R. 668 (B.A.P. 9th Cir. 1988)....5, 6

*In re Victor Valley Community Hospital,* Case No. 6:10-39537-CB, Docket No. 397 (Bankr. C.D. Cal. Dec. 9, 2010)....6

**Statutes**

11 United States Code

§ 105....1

§ 330....1

§ 331....1, 4, 5

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

28 United States Code
§ 157 ..... 3
§ 1334 ..... 3
§ 1408 ..... 3
§ 1409 ..... 3

**Rules and Regulations**

Federal Rules of Bankruptcy Procedure
Rule 2002 ..... 1
Rule 2016 ..... 1
Rule 9006 ..... 2
Rule 9013 ..... 2

**Other Authorities**

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977) ..... 5

S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978) ..... 5

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**TO THE HONORABLE ERNEST M. ROBLES UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SECURED CREDITORS,, PARTIES REQUESTING SPECIAL NOTICE, THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Verity Health System of California, Inc. ("VHS"), a California nonprofit public benefit corporation, and the above-referenced affiliated debtors, debtors and debtors in possession (the "Debtors"), hereby move the Court (the "Motion") for entry of an Order authorizing a procedure for professionals who are employed or may be employed pursuant to orders of the Court, other than those employed in the Debtors' ordinary course of business (individually, the "Professional" and collectively, the "Professionals") to (i) receive monthly payments on account of fees earned and costs incurred in connection with the Debtors' bankruptcy cases, and (ii) file periodic applications for approval of interim fees and reimbursement of expenses incurred pursuant to § 331 of title 11 of the United States Code (the "Bankruptcy Code"). [1]

**PLEASE TAKE FURTHER NOTICE** that the Debtors believe that the interim fee and expense reimbursement procedures set forth herein are fair and reasonable and that their approval by this Court is in the best interests of the Debtors' Estates. Pursuant to the Court's authority under § 105(1), compliance with the interim fee procedures set forth in detail in the attached Memorandum of Points and Authorities, and as approved by the Court, will be deemed to satisfy Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and §§ 330 and 331.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the attached Declaration Of Elspeth Paul, the *Declaration of Richard G. Adcock In Support of Emergency First-Day Motions* (the "Adcock Declaration") [Docket No. 8], the attached Memorandum of Points and Authorities, the statements, arguments and representations of counsel who appear at a hearing on the Motion, if one is requested, §§ 105, 330 and 331, and Bankruptcy Rules 2002, 2016 and 9006, the record in this chapter 11 case (the "Case"), any other evidence properly before the Court and all matters of which this Court may properly take judicial notice.

---

[1] All references to "§" or "sections" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., as amended.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(o)(1)(A)(ii) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "LBR"), any response to the Motion and request for hearing must be filed with the Court and served upon counsel for Debtor and the United States Trustee no later than fourteen (14) days from the date of service of this Notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(o)(4), if a timely response and request for hearing is filed and served, within 14 days from the date of service of the response and request for hearing, the Debtor shall schedule a hearing and give not less than 14 days' notice of the hearing to those responding and to the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file and serve a timely objection to the Application may be deemed by the Court to be consent to the relief requested herein.

Dated: October 1, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By /s/John A. Moe, II
JOHN A. MOE, II

Proposed Attorneys for Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtors[2] request that the Court enter an Order approving a procedure for Professionals who are employed or may be employed, pursuant to Orders of the Court, to (i) receive monthly payments on account of fees earned and costs incurred in connection with the Debtors' bankruptcy cases, and (ii) file periodic applications for approval of interim fees and reimbursement of expenses incurred pursuant to § 331. Such interim payments for professionals on a monthly basis are entirely appropriate, as they respond to the problems created when counsel must wait an extended period for payment, in which case counsel is essentially compelled to finance the reorganization. Courts have recognized this result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent. The Debtors believe that the interim fee and expense reimbursement procedure set forth herein is fair and reasonable and its approval by this Court is in the best interests of the Debtor's estate.

## II.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## STATEMENT OF FACTS

1. On August 31, 2018 ("Petition Date"), the Debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

[2] Capitalized terms not otherwise defined in this *Memorandum of Points and Authorities* shall have the meaning given them in the foregoing *Notice of Motion and Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures*.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that operate six acute care hospitals: O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside (collectively, the "Hospitals") and other facilities in the state of California. Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license. Adcock Decl. at ¶ 11.

3. VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operate as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. *Id.* at ¶ 12.

4. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure and additional events leading up to these chapter 11 cases, are contained in the Adcock Declaration. [Docket No. 8].

5. On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors to represent the unsecured creditors in these chapter 11 Cases. [Docket No. 197].

## IV.

## ARGUMENT

### A. NINTH CIRCUIT PRECEDENT SUPPORTS INTERIM FEE PROCEDURES

Section 331 provides for the payment of interim compensation for professionals retained by debtors in possession and creditors' committees:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a

> hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

In enacting the professional compensation provisions of the Bankruptcy Code, Congress adopted the principle that "[p]rofessionals in bankruptcy cases are entitled to be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment." *In re Commercial Consortium of Cal.*, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (citing *Burgess v. Klenske (In re Manoa Fin. Co., Inc.)*, 853 F.2d 687, 690 (9th Cir. 1988)); s*ee also In re Nucorp Energy, Inc.*, 764 F.2d 655, 658-59 (9th Cir. 1985); *First Nat'l Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerine Oil Co.)*, 71 B.R. 767, 770 (B.A.P. 9th Cir. 1986).

Congress' intent in enacting § 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

The Bankruptcy Appellate Panel for the Ninth Circuit made clear that interim payments for professionals on a monthly basis are entirely appropriate. See *United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668 (B.A.P. 9th Cir. 1988). In *Knudsen*, the Court observed that "the problem . . . is that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent." *Id.* at 672. *Knudsen* holds that monthly payments to professionals are appropriate without prior approval of the Court so long as made pursuant to a procedure that provides the opportunity for subsequent review by the Court. *Knudsen*, 84 B.R. at 671-72. The procedure proposed herein provides ample opportunity for such review.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Bankruptcy courts in the Central District of California have previously addressed the issue of monthly compensation of professionals. In analyzing § 331, then Bankruptcy Judge Fenning held that "[t]he essential purpose of this section is to relieve counsel and other professionals of the burden of financing lengthy bankruptcy proceedings." *Commercial Consortium*, 135 B.R. at 123. The Court noted, however, that in certain cases even payments once every 120 days are no longer sufficient to keep bankruptcy counsel on par with other lawyers:

> In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket for the lawyers of the '90s. Thus, even payments every 120-days no longer compensate bankruptcy attorneys on a fully equivalent basis with their non-bankruptcy colleagues.

*Id*. at 123-24. Because of the significant problems caused by permitting payments to professionals only once every 120 days, Judge Fenning recognized that more frequent payments are "commonly authorized" so as "to help avoid undue delays in payment." *Id*. at 124, 127 (citing *Knudsen*, 84 B.R. at 672).

The proposed fee procedures are consistent with both § 331, which provides that professionals may be paid after "notice and a hearing," and the court's statement in *In re Pacific Forest Indus., Inc.*, 95 B.R. 740, 745 (Bankr. C.D. Cal. 1989), that "it is only after notice and hearing that the Court may allow and disburse … compensation to the applicant."

Indeed, such procedures were found to be appropriate in *Knudsen* and *California Consortium* and have been approved in dozens of cases in the Central District of California since, including recently in *In re Gordian Medical, Inc., dba American Medical Technologies,* Docket No. 150, Case. No. 8:12-12339-MW (Bankr. C.D. Cal. March 26, 2012); *In re Victor Valley Community Hospital*, Docket No. 397, Case No. 6:10-39537-CB (Bankr. C.D. Cal. Dec. 9, 2010); *In re Ocean Park Hotels-TOY, LLC,* Docket No. 65, Case. No. 1:10-15358-GM (Bankr. C.D. Cal. June 24, 2010); *In re S&B Surgery Center,* Docket No. 102, Case No. 2:09-19825-SB (Bankr. C.D. Cal. July 17, 2009); and *Thorpe Insulation Company, et al.*, Docket No. 456, Case No. 2:07-19271-BB (Bankr. C.D. Cal. Jan. 15, 2008).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**B. THE NEED FOR INTERIM FEE PROCEDURES**

The Debtors believe that it is both necessary and appropriate to establish a procedure for paying and monitoring the interim compensation due from the estates on a monthly basis. The Debtors' bankruptcy cases involve the Debtors' bankruptcy attorneys, investment bankers, and financial advisors, among others, and will include the attorneys for the Official Committee of Unsecured Creditors (the "Committee"). The Professionals' fees in this Case may be significant. Implementation of a procedure for paying and monitoring interim compensation on a monthly basis will allow parties in interest – and in particular the Debtors themselves – to obtain qualified assistance and guidance, as well as to monitor and control professional fees and costs for the benefit of the estates. Additionally, the various Professionals already have devoted and will continue to devote substantial time, effort, money and expense to the Debtors' cases. The absence of a procedure for awarding interim compensation on a current basis would cause undue financial burdens on the Professionals, unfairly compel the Professionals to finance the Cases, and discourage other Professionals whose services the Debtors or the Committee desire to use from accepting or continuing employment in this Case.

By reviewing the amounts requested on a monthly basis, rather than every 120 days, the Debtors, the Committee (if and when appointed), the Office of the United States Trustee and other parties in interest will be in a better position to monitor and control the costs and fees of Professionals on a current basis.

**C. PROPOSED INTERIM FEE PROCEDURE**

The Debtors request that the Court adopt the following procedures for awarding interim compensation and reimbursement of expenses to all Professionals whose fees are paid on a time and expense (as opposed to a contingency) basis:

1. Commencing as of October 25, 2018, and continuing each month thereafter, on the 25th day of each month, or as soon thereafter as possible, each Professional seeking the payment of interim compensation concerning *the previous calendar month(s)* shall file with the Court and serve on the Office of the United States Trustee, the Debtors and their counsel, the consolidated list of the fifty largest general

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

unsecured creditors or the Creditors' Committee's counsel the United States of America and the State of California, and parties who have requested special notice (collectively, the "Notice Parties"), an application for interim compensation and reimbursement of expenses (a "Monthly Fee Application"). The Monthly Fee Application to be filed by October 25, 2018 (the "Initial Monthly Fee Application"), or as soon thereafter as possible, shall cover fees and expenses incurred from the Petition Date, through September 31, 2018 (the "Initial Period"). All other Monthly Fee Applications due on the 25th day of each month shall be for the previous month's fees and expenses.

2. Each Monthly Fee Application shall relate to services rendered and expenses incurred during the prior month (except for the Initial Monthly Fee Application that will cover the Initial Period).

3. Each Monthly Fee Application shall seek payment of interim compensation in an amount equal to 80% of the fees sought and 100% of the expenses incurred during the prior month, the Initial Period, or as the case may be; and shall indicate the amount requested, the total time expended, the names of the individuals who performed the services, and the hourly billing rate for each such individual. Each Monthly Fee Application shall be accompanied by a detailed listing of the time expended by the individuals who performed the services and the costs incurred during the pertinent month or Initial Period, as applicable. A proposed form for each Professional to complete on his/her Monthly Fee Application is annexed hereto as **Exhibit** "**A**."

4. Each Professional electing to file a Monthly Fee Application shall serve a copy of said Monthly Fee Application on the Notice Parties.

5. The Debtors then shall file an omnibus Notice of said Monthly Fee Applications, substantially in the form of the Notice annexed hereto as **Exhibit "B"** (the "Notice"), on the Notice Parties.

6. Any Objection to the payment of fees or reimbursement of expenses in a Monthly Fee Application must be filed with the Court and served on the Professional(s) whose Monthly Fee Application(s) is (are) the subject of the objection, the Office of the

United States Trustee, the Debtors and their counsel and counsel to Committee, within ten (10) calendar days of the date the Notice was mailed (the "Objection Period").

7. If no Objection is timely filed and served within the Objection Period, the Monthly Fee Application shall be deemed approved on an interim basis, and the Debtors shall be authorized to pay 80% of the fees and 100% of the expenses requested in the Monthly Fee Applications without the Court holding a hearing or entering any further order thereon.

8. If an Objection is timely filed and served, then the Debtors shall be authorized to pay 80% of the fees and 100% of the expenses requested in the Monthly Fee Application(s) that are undisputed. Any disputed amounts shall be considered by the Court at the next hearing to be held pursuant to paragraph 9 below or at such other time as may be noticed by the Professional whose Monthly Fee Application(s) is (are) the subject of a timely filed written objection.

9. Notwithstanding the filing of the Monthly Fee Applications and payment thereof, not earlier than on or about January 30, 2019, or such other date as the Court deems appropriate, each Professional who has elected to file a Monthly Fee Application, or is seeking interim compensation, may file with the Court and serve on the Notice Parties an Interim Fee Application with a summary of the activities of the Professional (the "Interim Fee Application"), in accordance with § 331, Bankruptcy Rules 2016 and 2002(a)(6) and the LBR, and a notice of such Interim Fee Application on the Notice Parties. The Interim Fee Applications may seek approval of up to 100% (including the 20% of fees held back from Monthly Fee Applications) of the requested interim compensation and reimbursement of expenses, including any compensation and reimbursement covered by the Monthly Fee Applications, during the prior period. All Interim Fee Applications and hearings shall be held in accordance with the LBR, the Bankruptcy Rules and the requirements of the United States Trustee.

10. The failure of any party to raise an objection to a Monthly Fee Application shall *not* be deemed a waiver of such objection for purposes of a Interim Fee Application.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The failure of any party to raise an objection to a Monthly Fee Application or Interim Fee Application shall not be deemed a waiver of such objection for purposes of Final Applications for allowance of fees and reimbursement of expenses pursuant to § 330 ("Final Applications"). Nothing in this Motion or in the interim procedures set forth herein shall relieve any Professional from the obligation to file Final Applications.

## V.

## CONCLUSION

The interim fee procedure outlined above alleviates the financial burden on the professionals employed in these Cases, complies with the requirements of § 331, is consistent with Ninth Circuit precedent, and accords with the procedure that the United States Trustee recommended in the *Knudsen* case.

For these reasons, the Court should permit Professionals in this case to file both Monthly Fee Applications and Interim Fee Applications as provided herein and, therefore, the Debtors respectfully request that this Court grant the Motion in its entirety and authorize the interim fee procedure set forth herein.

Dated: October 1, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By /s/John A. Moe, II
JOHN A. MOE, II

Proposed Attorneys for Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**DECLARATION OF ELSPETH PAUL**

I, Elspeth Paul, declare as follows.

1. I am General Counsel for Debtor Verity Health System of California, Inc. In this capacity, I am generally familiar with the day-to-day operations, business and financial affairs of the Debtors.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, from information gathered from other employees within the Debtors' organization, my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. I submit this Declaration in support of the *Debtors' Notice of Motion and Motion for Entry of an Order Establishing Procedures for Monthly Payment of Fees and Expense Reimbursement;* (the "Motion"). All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4. The Debtors' bankruptcy cases involve attorneys, investment bankers, and financial advisors, among others, and potentially other consultants and similar professionals representing the Debtors and the Official Committee of Unsecured Creditors.

5. The Professionals' fees in this case may be significant. Implementation of a procedure for paying and monitoring interim compensation on a monthly basis will allow parties in interest – and in particular the Debtors themselves– to attract qualified Professionals to assist the Debtors, as well as to monitor and control professional fees and costs for the benefit of the estate.

6. The procedures set forth in this Motion are designed to balance the interests of the Professionals with the Court's and creditors' interests in assuring that fees are only paid after appropriate notice and an opportunity for a hearing.

7. The Debtors believe that it is both necessary and appropriate to establish a procedure for paying and monitoring the interim compensation due from the estate on a monthly basis. By reviewing the amounts requested on a monthly basis rather than every 120 days, the Debtors and any official committee of unsecured creditors, the Office of the United States Trustee and other parties in

interest will be in a better position to monitor and control the costs and fees of Professionals on a current basis.

8. Additionally, the various Professionals already have devoted and will be required to devote substantial time, effort, money, and expense to the Debtors' cases. The absence of a procedure for awarding interim compensation on a current basis would cause undue financial burdens on the Professionals, unfairly compel the Professionals to finance the case, and might discourage other Professionals whose services the Debtors and any official committee might require from accepting or continuing employment in these cases.

9. The Debtors believe that the procedures outlined in the Memorandum of Points and Authorities are appropriate and are requesting by way of the Motion that the Court approve them as set forth therein.

10. Nothing in the Motion or the Memorandum of Points and Authorities or in the interim procedures set forth therein is intended to relieve any Professional from the obligation to file an Interim Fee Application and a Final Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of September, 2018, at Los Angeles, California.

ELSPETH PAUL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**EXHIBIT A**

**MONTHLY FEE APPLICATION**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Insert name and address for Professional

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

Debtors and Debtors In Possession.

☐Affects All Debtors

☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Chapter 11 Cases

Judge: Hon. Ernest M. Robles

**[NAME OF PROFESSIONAL] MONTHLY FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD _______________**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1. [Name of Professional] (the "Firm") submits its Monthly Fee Application (the "Application") for Allowance and Payment of Interim Compensation and Reimbursement of Expenses for the Period _______________-____________________ (the "Application Period") for work performed for [the Debtors, or the Official Committee of Unsecured Creditors]. In support of the Application, the Firm respectfully represents as follows:

2. The Firm is _________________ to [name of the above-captioned Debtors or official committee that has employed the Firm]. The Firm hereby applies to the Court for allowance and payment of interim compensation for services rendered and reimbursement of expenses incurred during the Application Period.

3. The Firm billed a total of $________________ in fees and expenses during the Application Period. The total fees represent ________________ hours expended during the period covered by this Application. These fees and expenses break down as follows:

| **Period** | **Fees** | **Expenses** | **Total** |
|---|---|---|---|
| | $ | $ | $ |

4. Accordingly, the Firm seeks allowance of interim compensation in the amount of a total of $______________ at this time. This total is comprised as follows: $_____________ (80% of the fees for services rendered) plus $________________ (100% of the expenses incurred).

5. For the postpetition period, the Firm has been paid to date as follows:

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (___________ - ___________) | $ | 80% of fees and 100% of expenses |
| Second (__________ - __________) | $ | 80% of fees and 100% of expenses |
| **Total Paid to the Firm to Date** | $ | |

6. To date, the Firm is owed as follows (excluding amounts owed pursuant to this Application):

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (_________ - __________) | $ | 20% fee holdback |
| Second (_________ - __________) | $ | 20% fee holdback |
| **Total Owed to the Firm to Date** | $ | |

7. Attached as **Exhibit A** hereto is the name of each professional who performed services in connection with these cases during the period covered by this Application and the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

hourly rate for each such professional. Attached hereto as **Exhibit B** are the detailed time and expense statements for the Application Period.

8. The Firm has served a copy of this Application on the Office of the United States Trustee, the above-captioned debtors (the "Debtors"), counsel to the Debtors, and counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in this case. The Application was mailed by first class mail, postage prepaid, on or about ______________, 2018. Notice of the filing of this Application was served on the foregoing parties as well as any party who has requested special notice in this chapter 11 cases as of the date of the Notice. The Notice was mailed by first class mail, postage prepaid, on or about ____________ __, 2018.

9. Pursuant to this Court's *Order Authorizing Interim Fee Procedures* that was entered on or about ___________ ___, 2018 [Docket No. ____], the Debtors are authorized to make the payment requested herein without a further hearing or order of this Court unless an objection to this Application is filed with the Court and served upon the Notice Parties within ten (10) calendar days after the date of mailing of the Notice of this Application. If such an objection is filed, the Debtors are authorized to pay 80% of the uncontested fees and 100% of the uncontested expenses without further order of the Court. If no objection is filed, the Debtors are authorized to pay 80% of all fees requested in the Application and 100% of the uncontested expenses without further order of the Court.

10. The interim compensation and reimbursement of expenses sought in this Application is not final. Upon the conclusion of these cases, the Firm will seek fees and reimbursement of the expenses incurred for the totality of the services rendered in these cases. Any interim fees or reimbursement of expenses approved by this Court and received by the Firm (along with any retainer) will be credited against such final fees and expenses as may be allowed by this Court.

**WHEREFORE**, the Firm respectfully requests that the Debtors pay compensation to the Firm as requested herein pursuant to and in accordance with the terms of the *Order Authorizing Interim Fee Procedures.*

Dated: ___________, 2018

[FIRM NAME]

By ______________________________
[INDIVIDUAL]

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**EXHIBIT B**

**NOTICE OF MONTHLY FEE APPLICATION**

Insert Name for Professional
Insert Address, and other contact information for Professional

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

Debtors and Debtors In Possession.

☐Affects All Debtors

☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Chapter 11 Cases

Judge: Hon. Ernest M. Robles

**NOTICE OF [NAME OF PROFESSIONAL] MONTHLY FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD __________ - __________**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that the professional(s) listed on the chart below (each, a "Professional") has have applied to the United States Bankruptcy Court for the Central District of California for allowance and payment of interim compensation for services rendered and reimbursement of expenses incurred during the period commencing _________ and ending _____ (the "Application Period"). As detailed below, the Professional(s) seek(s) allowance and payment of interim compensation for 80% of the fees for services rendered, plus 100% of the expenses incurred during the Application Period.

| Professional's Name and Address | Position | Application Period | Total (100%) Fees Incurred | Total (100%) Expenses Incurred | 80% of Fees Incurred | Total requested in this Application (80% of Fees and 100% of Expenses) | Hold Back (20% of fees) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Pursuant to the *Order Authorizing Interim Fee Application And Expense Reimbursement Procedures* which was entered by the Court on or about __________ ___, 2018 [Docket No. ___], any party objecting to the allowance and payment of interim compensation and reimbursement of expenses as requested must file a written objection with the Court and serve a copy of that objection upon the Professional whose Monthly Fee Application is the subject of the objection, the Office of the United States Trustee, the Debtors, their counsel and counsel for the Official Creditors Committee within ten (10) calendar days of the date this Notice was mailed.

If an objection is timely filed and served, the Debtors will pay the Professional whose application is the subject of an objection only the applicable percentage of those amounts not in dispute and will reserve any amounts in dispute for payment after the Court hears and resolves such dispute.

Dated: October 1, 2018

[NAME OF FIRM FILING AND SERVICING NOTICE]

By______________________________________

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300