SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Proposed Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re,

VERITY HEALTH SYSTEM OF
CALIFORNIA, INC., *et al.*,

        Debtor and Debtor In Possession.

☒ Affects All Debtors

☐ Affects Verity Health System of
California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital
Foundation
☐ Affects St. Francis Medical Center of
Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose
Dialysis, LLC

        Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Chapter 11 Cases

Hon Judge Ernest M. Robles

**NOTICE OF MOTION AND MOTION FOR AN
ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED BY THE
DEBTORS IN THE ORDINARY COURSE OF
BUSINESS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF;
DECLARATION OF ELSPETH PAUL**

<u>Hearing</u>:
Date:    October 24, 2018
Time:    10:00 a.m.
Place:    Courtroom 1568
           255 East Temple Street
           Los Angeles, CA 90012

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 3

II.     JURISDICTION AND VENUE ............................................................................... 3

III.    FACTS .................................................................................................................... 3

        A.      General Background........................................................................................ 3

        B.      Relevant Facts Regarding Ordinary Course Professionals ........................... 5

IV.     ARGUMENT .......................................................................................................... 7

        A.      AUTHORITY FOR THE REQUESTED RELIEF .................................................. 7

        B.      THE NEED FOR THE SERVICES OF THE ORDINARY COURSE
                PROFESSIONALS ........................................................................................... 9

        C.      PROPOSED RETENTION PROCEDURE ............................................................ 10

        D.      PROPOSED PAYMENT PROCEDURE .............................................................. 12

        E.      Proposed Payments Procedure to Professionals................................................ 13

                1.      All Professionals Other than Stephenson, Aquisto & Colman and
                        Toyon Associates, Inc, and Hooper Healthcare Consulting. .................... 13

                2.      Professionals who Provide Services on a Contingent Fee ........................ 13

        F.      The Debtor Proposes to File Periodic Statements of Payments Made.................. 14

V.      CONCLUSION ....................................................................................................... 15

108545813\V-4

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

<u>**Cases**</u>

4

*In re Allegiance Telecom, Inc.*,
5    Docket No. 36, Case No. 03-13057 (RDD)(Bankr. S.D.N.Y. May 15, 2003) .........................9

6

*Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-*
    *Manville Corp.)*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986) ................................................................8
7

8

*In re Consolidated Freightways Corp.*,
    Docket No. 620, Case No. 02-24284-MG (Bankr. C.D. Cal. Dec. 18, 2002)............................8

9

*In re D'Lites of Am., Inc.*,
10    108 B.R. 352 (Bankr. N.D. Ga. 1989)..........................................................................................8

11

*Elstead v. Nolden (In re That's Entertainment Mktg. Group)*,
    168 B.R. 226 (N.D. Cal. 1994) ....................................................................................................7
12

13

*In re Federal Mogul Global, Inc., et al.*,
    Docket No. 356, Case No. 01-10578 (Bankr. D. Del. Nov. 9, 2001) ..........................................9

14

*In re First Merchants Acceptance Corp.*,
15    No. 97-1500, 1997 Bankr. LEXIS 2245 (Bankr. D. Del. Dec. 15, 1997)...................................7

16

*In re FLYi, Inc.*,
    Docket No. 259, Case No. 05-20011 (MFW) (Bankr. D. Del. Dec. 1, 2005)............................9
17

18

*In re Gardens Regional Hospital & Medical Center, Inc.*,
    Docket Nos. 130, 320, Case No. 2:16-bk-17463-ER (Bankr. C.D. Cal. June 6, 2016).............8

19

*In re Global Home Products LLC, et al.*,
20    Docket No. 198, Case No. 06-10340-KG (Bankr. D. Del. May 5, 2006)....................................8

21

*Gordian Medical, Inc., dba American Medical Technologies*,
    Docket #151, Case No. 8:12-BK-12339-MW (Bankr. C.D. Cal. March 26, 2012)...................8
22

23

*In re Madison Mgmt. Group, Inc.*,
    137 B.R. 275 (Bankr. N.D. Ill. 1992)..........................................................................................8

24

*In re Napoleon*,
25    233 B.R. 910 (Bankr. D. N.J. 1999).............................................................................................7

26

*In re Nobex Corp.*,
    Docket No. 104, Case No. 05-20050 (Bankr. D. Del. Dec. 22, 2005).......................................9
27

*In re NRG Energy, Inc.*,
28    Docket No. 84, Case No. 03-13024 (PCB) (Bankr. S.D.N.Y. May 20, 2003) ...........................9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

*In re People's Choice Home Loan, Inc.*,
Docket No. 499, Case No. 07-10765-RK (Bankr. C.D. Cal. July 10, 2007) ...............................8

*In re Pliant Corp.*,
Docket No. 182, Case No. 06-10001 (MFW) (Bankr. D. Del. Feb. 2, 2006) ............................8

*In re Sieling Assocs. Ltd. P'ship*,
128 B.R. 721 (Bankr. E.D. Va. 1991) ........................................................................................8

*In re United Artists Theatre Co.*,
Docket No. 509, Case No. 00-03514 (PJW) (Bankr. D. Del. November 14, 2000) ..................9

*Victor Valley Community Hospital*,
Docket #230, Case No. 8:12-12896-CB (Bankr. C.D. Cal. November 8, 2010) ......................8

*In re Worldcom, Inc.*,
Docket No. 822, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Sept. 4, 2002) ..........................9

## **Statutes**

11 United States Code
§ 105 .......................................................................................................................1, 3
§ 327 .......................................................................................................................1, 3
§ 328 .......................................................................................................................1, 3
§ 330 .......................................................................................................................1, 3
§ 331 .............................................................................................................................3
§ 1107 ...........................................................................................................................4
§ 1108 ...........................................................................................................................4

28 United States Code
§ 157 .............................................................................................................................3
§ 1334 ...........................................................................................................................3
§ 1408 ...........................................................................................................................3
§ 1409 ...........................................................................................................................3

## **Rules and Regulations**

Federal Rules of Bankruptcy Procedure
Rule 2002 .....................................................................................................................2

Local Bankruptcy Rules of the United States Bankruptcy Court for the
Central District of California
Rule 9013-1 ..................................................................................................................2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, SECURED CREDITORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, THE UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE THAT** at the time, date and location set forth hereinabove, Verity Health System of California, Inc., a California nonprofit public benefit corporation ("VHS"), and the above-referenced affiliated debtors, debtors and debtors in possession in the above-captioned cases (the "Debtors"), will move the Court for entry of an Order authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' businesses (the "Motion") effective as of the Petition Date.  The Debtors customarily retain the services of various attorneys, accountants and other professionals in matters arising in the ordinary course of its business (individually, an "OCP" and collectively, the "OCPs") that are unrelated to its pending chapter 11 case (the "Case").  It is unnecessary and unreasonably expensive to go through the process of employing each OCP under a separate application for each.  By this Motion, therefore, the Debtors propose an efficient and appropriate procedure by which the Debtors may employ OCPs.  This procedure calls for each OCP to file a declaration, **and if there are no objections**, to be employed and compensated in the ordinary course of business.  Although not waived, no prepetition claims held by an OCP will be paid except at the same time and in the same manner as all other unsecured claims are paid, if allowed by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Richard G. Adcock filed in support of Debtors' Emergency Motions on August 31, 2018 [Docket No. 8] (the "Adcock Decl."), and the attached Declaration of Elspeth Paul filed in support of this Motion, the supporting statements, arguments and representations of counsel who appear at a hearing on the Motion, §§ 105(a), 327(b), 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1530, as amended (the "Bankruptcy Code"),[1] the record in this Case, any

---

[1] All references to "§" or "Sections" herein are to Sections of the United States Bankruptcy Code.

- 1 -

1  other evidence properly before the Court and all matters of which this Court may properly take

2  judicial notice.

3      **PLEASE TAKE FURTHER NOTICE** that the Debtors have served a copy of this

4  Motion and all supporting papers upon the: (i) the Office of the United States Trustee; (ii) all

5  secured creditors; (iii) the Official Committee of Unsecured Creditors; (iv) The United States of

6  America; (v) the State of California; (vi) parties that file with the Court and serve upon the

7  Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); and all

8  parties proposed to serve as ordinary course professionals for the Debtors.

9      **PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the

10  Motion must file and serve the response ("Response") on the moving party and the United States

11  Trustee not later than 14 days before the date designated for hearing.  A Response must be a

12  complete written statement of all reasons in opposition thereto or in support, declarations and

13  copies of all evidence on which the responding party intends to rely, and any responding

14  memorandum of points and authorities.  Pursuant to Rule 9013-1(h) of the Local Bankruptcy

15  Rules of the United States Bankruptcy Court for the Central District of California ("LBR"), the

16  failure to file and serve a timely objection to the Motion may be deemed by the Court to be

17  consent to the relief requested herein.

18      **WHEREFORE,** the Debtors respectfully request that the Court enter an Order

19  authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary

20  course of the Debtors' business, effective as of the Petitions' Date, with the procedures set forth

21  in the attached Memorandum Of Points And Authorities, and granting such other and further

22  relief as this Court deems just and proper.

23  Dated:  October 1, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By:   /s/*John A. Moe, II*
        JOHN A. MOE, II

Proposed Attorneys for Debtors

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

As a large healthcare system, the Debtors ordinarily employ many attorneys, accountants and other professionals to represent them or assist them with the myriad of issues such organizations face on a daily basis. Because the Ordinary Course Professionals' (a) employment relates only indirectly to the Debtors' work, (b) are afforded only marginal discretion in performing their work, and (c) will not be involved in administering the Chapter 11 Case, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of § 327 , whose retention must be approved by the Court. Nonetheless, by this Motion, pursuant to §§ 105(a), 327(b), 328, and 330, the Debtors, out of an abundance of caution, seek entry of an Order by this Court (a) authorizing them to retain and employ the OCPs, effective as of the Petition Date, on an "as needed" basis without the submission of separate, formal retention applications for each OCP, and (b) establishing procedures to compensate the OCPs under §§ 328, 330, and 331 for postpetition services rendered and expenses incurred.

**II.**

**JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are §§ 105(a), 327, 328, and 330.

**III.**

**FACTS**

**A.    General Background**

1.    On August 31, 2018 ("Petition Date"), Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the commencement of their

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.      Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of California nonprofit public benefit corporations that operate six acute care hospitals, O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside (collectively, the "Hospitals") and other facilities in the state of California. Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license.  Adcock Decl., ¶ 11.

3.      VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operate as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. *Id.* at ¶ 12.

4.      Verity Medical Foundation ("VMF"), incorporated in 2011, is a medical foundation, exempt from licensure under California Health & Safety Code § 1206(l).  VMF contracts with physicians and other healthcare professionals to provide high quality, compassionate, patient-centered care to individuals and families throughout California.  With more than 100 primary care and specialty physicians, VMF offers medical, surgical and related healthcare services for people of all ages at community-based, multi-specialty clinics conveniently located in areas served by the Debtor Hospitals.  VMF holds long-term professional services agreements with the following medical groups:  (a) Verity Medical Group; (b) All Care Medical Group, Inc.; (c) CFL Children's Medical Associates, Inc.; (d) Hunt Spine Institute, Inc.; (e) San Jose Medical Clinic, Inc., D/B/A San Jose Medical Group; and (f) Sports, Orthopedic and Rehabilitation Associates. *Id.* at ¶ 4.

5.      Verity Holdings, LLC ("Holdings") is a direct subsidiary of its sole member VHS and was created in 2016 to hold and finance VHS' interests in four medical office buildings whose tenants are primarily physicians, medical groups, healthcare providers, and certain of the VHS Hospitals. Holdings' real estate portfolio includes more than 15 properties.  Holdings is the

- 4 -

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   borrower on approximately $66 million of non-recourse financing secured by separate deeds of

2   trust and revenue and accounts pledges, including the rents on each medical office building. *Id*. at

3   ¶¶ 15, 47.

4        6.     O'Connor Hospital Foundation, Saint Louise Regional Hospital Foundation,

5   St. Francis of Lynwood Medical Center Foundation, St. Vincent Medical Center Foundation, and

6   Seton Medical Center Foundation handle fundraising and grant-making programs for each of their

7   respective Debtor Hospitals. *Id*. at ¶ 16.

8        7.     Additional background facts on the Debtors, including an overview of the Debtors'

9   business, information on the Debtors' capital structure and additional events leading up to these

10   chapter 11 cases, are contained in the Declaration of Richard G. Adcock filed in support of the

11   first day Emergency Motions [Docket No. 8].

12   **B.**    **Relevant Facts Regarding Ordinary Course Professionals**

13        As set forth in the attached Declaration of Elspeth Paul (the "Paul Declaration"), VHS and

14   its Affiliates oversee a nearly state wide integrated health system, operating hospitals in northern

15   and southern California, serving as many as 50,000 inpatients and over 480,000 outpatients each

16   year, with over 7,000 employees represented by multiple unions. The Hospitals are served by

17   hundreds of physicians, many of whom are in medical groups associated with VHS' subsidiary:

18   Verity Medical Group. The Debtors are part of multiple Pensions & Profit Sharing Plans, which

19   Plans serve employees across multiple Debtors. VHS and its direct and indirect subsidiaries owe

20   secured obligations to multiple lenders, much of which is Bond debt. Regulatory issues need to

21   be addressed daily. Paul Declaration, p. 17, lines 11-17. VHS and its subsidiaries prosecute and

22   defend litigation. To keep such an organization operating requires the expertise and assistance of

23   many professionals, in many different fields.

24        As set forth in the Paul Declaration and the Chart attached as Exhibit "A," VHS and its

25   Affiliates need the assistance of many professionals and consultants, in multiple specialties and

26   with different expertise, including:  prosecution and defense of litigation[2]; representation in

---

27   [2] In some instances, because of the imposition of the automatic stay, counsel identified as
28   "defense" counsel will not have to continue to actively defend cases, during which time fees
would be minimal to monitor those cases, unless and until the automatic stay is lifted. The

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Medicare and Medi-Cal appeals; Medicare and Medi-Cal billing advice; defense of professional

2  liability claims; prosecution and defense of workers' compensation complaints; regulatory advice;

3  addressing medical staff issues; negotiating contracts with unions; contracting with vendors; legal

4  advice to VHS's board of directors; negotiating and resolving contract issues with physicians;

5  addressing legal issues that arise in connection with secured debt, including bond issues;

6  commercial leasing; investigations of employment-related issues; pursuing collections due the

7  Debtors from health plans; consultation on pension plans; actuarial services on pension plans;

8  accounting, including performing "quality of earning" analyses; conducting audits; addressing

9  Medicare and Medi-Cal issues, including Disproportionate Share Hospital payments and Quality

10  Assurance Fee payments; preparation of tax returns, including IRS Form 990; analysis of "fair

11  market value" of physician services; preparing financial and accounting documents required by

12  the Centers for Medicare and Medicaid Services (CMS); dialysis Medicare cost reports; fair

13  market valuations of debt for financial audits; preparation of Medicare & Medi-Cal cost reports;

14  preparation of reports required by the California Office of Statewide Health Planning Department

15  (OSHPD); and system administration and payroll accounting, among other responsibilities.  Paul

16  Declaration, p. 17, line 18 - p. 18, line 10.

17       In order to meet its responsibilities, the professionals and consultants listed on

18  Exhibit "A" provide the expertise that is required to operate an organization that is as complex as

19  Verity.  All of professionals and consultants listed on Exhibit "A" regularly provided services to

20  VHS and its subsidiaries prepetition.  Paul Declaration, p. 18, lines 11-14.

21       Without the assistance of the professionals and consultants who regularly provide services

22  to VHS and its sixteen Affiliates, the VHS would find itself in serious disarray in a short period of

23  time.

24       It is the retention of those professionals that is the purpose of this Motion.

25

26

27

28  Debtors seek authority to employ such professionals, so that if relief from stay is ever granted, the
   professionals can defend the Debtors.

108545813\V-4

1

IV.

**ARGUMENT**

A.    **AUTHORITY FOR THE REQUESTED RELIEF**

Because the Ordinary Course Professionals' employment relates only indirectly to the Debtors' work, because the Ordinary Course Professionals are afforded only marginal discretion in performing their work, and because the Ordinary Course Professionals will not be involved in administering the Chapter 11 Case, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of Bankruptcy Code section 327 , whose retention must be approved by the Court. *See In re First Merchants Acceptance Corp.*, No. 97-1500, 1997 Bankr. LEXIS 2245, at *8-9 (Bankr. D. Del. Dec. 15, 1997).

Courts in this District and other districts consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the court: (i) whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization; (ii) whether the entity is involved in negotiating the terms of a plan of reorganization; (iii) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (iv) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate; (v) the extent of the entity's involvement in the administration of the debtor's estate; and (vi) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term. *Id*. at *2.

The *First Merchants* criteria are consistent with those utilized by other courts when examining the types of duties to be undertaken by a "professional." *See In re Napoleon*, 233 B.R. 910, 913 (Bankr. D. N.J. 1999) ("In order to be considered a 'professional person' within the meaning of § 327, it is not enough that the party be a professional by education or training. Instead he or she must also play an integral role in the administration of the bankruptcy case."); *Elstead v. Nolden (In re That's Entertainment Mktg. Group),* 168 B.R. 226, 230 (N.D. Cal. 1994)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  (only retention of professionals whose duties are central to administration of estate requires prior

2  court approval under section 327); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr.

3  N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va.

4  1991) (same); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (section 327

5  approval not necessary for one who provides services to debtor that are "necessary regardless of

6  whether petition was filed"); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re*

7  *Johns-Manville Corp.)*, 60 B.R. 612, 619-21 (Bankr. S.D.N.Y. 1986) (stating that only those

8  professionals involved in the actual reorganization effort, rather than debtor's ongoing business,

9  require approval under section 327 of the Bankruptcy Code).

10  Nevertheless, in an abundance of caution, the Debtor seeks the relief requested in this

11  Motion to avoid any later controversy about the Debtor's employing and paying the Ordinary

12  Course Professionals during the pendency of the Chapter 11 Case. As discussed above, the

13  Debtor will seek specific Court authority under Bankruptcy Code section 327 to employ any other

14  professionals involved in the actual administration of this Chapter 11 Case.

15  As in this Case, debtors in other chapter 11 cases have routinely requested authority to

16  retain professionals used in the ordinary course of their business operations.  In an effort to ensure

17  uninterrupted and orderly administration of business services, bankruptcy courts in the Central

18  District have regularly granted the same or similar relief as requested by this Debtor.  *See, e.g.*, *In*

19  *re Gardens Regional Hospital & Medical Center, Inc.*, Docket Nos.  130 and 320, Case No. 2:16-

20  bk-17463-ER (Bankr. C.D. Cal. June 6, 2016); *Gordian Medical, Inc., dba American Medical*

21  *Technologies*, Docket No. 151, Case No. 8:12-BK-12339-MW (Bankr. C.D. Cal. Mar. 26, 2012);

22  *Victor Valley Community Hospital*, Docket No. 230, Case No. 8:12-12896-CB (Bankr. C.D. Cal.

23  Nov. 8, 2010); *In re People's Choice Home Loan, Inc.*, Docket No. 499, Case No. 07-10765-RK

24  (Bankr. C.D. Cal. July 10, 2007); *In re Consolidated Freightways Corp.*, Docket No. 620, Case

25  No. 02-24284-MG (Bankr. C.D. Cal. Dec. 18, 2002).

26  Courts in other jurisdictions also have granted the same or similar relief:  *In re Global*

27  *Home Products LLC, et al.*, Docket No. 198, Case No. 06-10340-KG (Bankr. D. Del. May 5,

28  2006); *In re Pliant Corp.*, Docket No. 182, Case No. 06-10001 (MFW) (Bankr. D. Del. Feb. 2,

- 8 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2006); *In re Nobex Corp.*, Docket No. 104, Case No. 05-20050 (Bankr. D. Del. Dec. 22, 2005); *In re FLYi, Inc.*, Docket No. 259, Case No. 05-20011 (MFW) (Bankr. D. Del. Dec. 1, 2005); *In re NRG Energy, Inc.*, Docket No. 84, Case No. 03-13024 (PCB) (Bankr. S.D.N.Y. May 20, 2003); *In re Allegiance Telecom, Inc.*, Docket No. 36, Case No. 03-13057 (RDD)(Bankr. S.D.N.Y. May 15, 2003); *In re Federal Mogul Global, Inc., et al.,* Docket No. 356, Case No. 01-10578 (Bankr. D. Del. Nov. 9, 2001); *In re United Artists Theatre Co.*, Docket No. 509, Case No. 00-03514 (PJW) (Bankr. D. Del. November 14, 2000); *In re Worldcom, Inc.*, Docket No. 822, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Sept. 4, 2002).

**B.      THE NEED FOR THE SERVICES OF THE ORDINARY COURSE PROFESSIONALS**

The Debtors customarily retain the services of various attorneys, accountants and other professionals in matters arising in the ordinary course of business that are unrelated to the underlying chapter 11 case (each an "OCP" and collectively, the "OCPs").

The Debtors require the services of the OCPs listed on the attached **Exhibit A**, and any additional OCPs whose services may be required during this Case, in order to continue to operate its business as debtors in possession.  The work of the OCPs, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estate.

The operation of the Debtors' business would be severely hindered if the OCPs were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, affidavit, and proposed retention order for each OCP; (ii) waited until such order was approved before such OCP continued to render services; and (iii) withheld payment of the normal fees and expenses of the OCPs until they complied with the compensation procedures applicable to professionals hired pursuant to §§ 327(a) or (e) (the "Chapter 11 Professionals").

In addition, some of the OCPs do not generally work for debtors in bankruptcy cases and may be unfamiliar with the required employment and compensation procedures.  Therefore, the Debtors would expend significant time educating the OCPs as to these procedures and assisting them with their compliance with the procedures.

1    Further, some OCPs might be unwilling or unable to assume the administrative and cost

2    burden of such employment and fee procedures and may therefore be unwilling to work with the

3    Debtors if these requirements are imposed, forcing the Debtors to incur additional and

4    unnecessary expenses to retain other professionals who would not have the background and

5    expertise of the OCPs and at potentially higher rates. *The uninterrupted services of the OCPs are*

6    *important to the Debtors' continuing operations and its ability to move toward a successful*

7    *conclusion of the Cases.*

8    Moreover, a requirement that the OCPs each file retention pleadings and follow the usual

9    fee application process required of the Chapter 11 Professionals would burden the Clerk's office,

10    this Court, and the U.S. Trustee's office with unnecessary fee applications while adding to the

11    administrative costs of the Cases without any corresponding benefit to the Debtors' estate.  This

12    Motion proposes a procedure to alleviate such a burden.

13    Although the OCPs set forth on attached **Exhibit A,** and additional OCPs whose services

14    may be required during the Case, may hold unsecured claims against the Debtors in respect of

15    prepetition services rendered, the Debtors do not believe that the OCPs have an interest materially

16    adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none will

17    be retained who do not meet, if applicable, the special counsel retention requirement of section

18    327(e) of the Bankruptcy Code**.  By this Motion, the Debtors are <u>not</u> requesting authority to**

19    **pay prepetition amounts owed to OCPs**.

20    Prior to the filing of the Chapter 11, the Debtors conferred with and/or utilized the OCPs

21    listed on **Exhibit A** to render services in connection with various corporate, business and

22    accounting matters and specific litigation pending in various courts.

23    **C.    <u>PROPOSED RETENTION PROCEDURE</u>**

24    The Debtors propose that they be permitted to continue to employ and retain the OCPs

25    without the necessity of each OCP filing an application for the approval of its employment and

26    obtaining an order approving such application.

27    In order to provide the interested parties and this Court with appropriate comfort and

28    assurances, each OCP will be required to file with this Court, and to serve upon (i) counsel for the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Debtors, Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017-5704,

2    Attention: John A. Moe, II; (ii) the Office of the United States Trustee, 915 Wilshire Boulevard,

3    Los Angeles, California 90017-3409; (iii) all alleged secured creditors; (iv) counsel for the

4    Official Committee of Unsecured Creditors; and (v) all parties requesting special notice pursuant

5    to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a disclosure declaration (the

6    "Declaration"),[3] a proposed form of which is attached as **Exhibit B,** hereto, *no later than thirty*

7    *days after* the later of (1) entry of an Order of this Court granting the Motion, or (2) postpetition

8    employment of the OCP by the Debtor for a particular task.

9        Such Declaration shall set forth the following information: (a) to the best of the OCP's

10   knowledge, a description of the effort(s) that were taken to search for connections with parties in

11   interest; (b) a description of the proposed scope of services to be provided by the OCP; (c) the

12   rate(s) proposed to be charged for the services; (d) all information otherwise required to be

13   disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

14   Rules"); (e) any prepetition amounts owed to the OCP by the Debtors; and (f) to the extent that

15   the OCP was not providing services as of the Petition Date, the date on which such services began

16   postpetition, and (g) if applicable, any supplemental information to **Exhibit B**. The Debtors will

17   *not* make any payments to any OCP who has failed to file such a Declaration.

18       The Debtors further request that the Notice Parties have 10 days from the date of the filing

19   and service of the Declaration by each OCP (the "Objection Period") to object to the retention of

20   the OCP in question. Any such Objection must be timely filed with this Court and served upon

21   the OCP, the Debtors, and the Notice Parties. If an Objection is filed and is not resolved and/or

22   withdrawn within 20 days after service of such Objection, this Court shall adjudicate the matter at

23   a hearing scheduled by the Debtors at a time convenient to the Court, the Debtors, the OCP and

24   the objecting party. If no timely Objection is filed and served, or if an Objection is withdrawn,

---

[3] One or more Declarations of proposed Professionals may be filed shortly after this Motion is filed, and before an Order is entered approving the Motion, so that time-sensitive, critical work can continue as expeditiously as possible on behalf of the Debtors. Obviously, the Court must approve the procedure set forth in this Motion, the Professional's Declaration must be filed and ten days must pass without objection (or the retention must be approved by the Court if an Objection is filed to the Professional's Declaration) before a Professional can be paid.

108545813\V-4

1  the Debtors will be authorized to retain the OCP on a final basis without further order of this

2  Court.

3      The Debtors request that they be authorized to employ and retain additional OCPs, not

4  currently listed on **Exhibit A** hereto, from time to time as necessary, without the need to file

5  individual retention applications or have a further hearing, by filing with this Court one or more

6  *Supplements to* **Exhibit A** (a "Supplemental Notice") and serving a copy of the Supplemental

7  Notice upon the Notice Parties.  The Debtor proposes that, as with the OCPs set forth on

8  **Exhibit A**, each additional OCP be required to file and serve upon the Court and the Notice

9  Parties a Declaration substantially in the form of **Exhibit B** hereto within thirty days after service

10  of the Supplemental Notice.  The Notice Parties then would be given ten days after service of

11  each required Declaration to object to the retention of such OCP.  Any Objection will be handled

12  pursuant to the procedures discussed above.  If no Objection is submitted, or the Objection is

13  withdrawn, the Debtors will be authorized to retain the professional as an OCP on a final basis

14  without further order of this Court.

15  **D.**    **PROPOSED PAYMENT PROCEDURE**

16      The Debtors seek authority to pay, without formal application to and an order from this

17  Court, the fees and expenses of each OCP, effective as of the Petition Date, upon submission to,

18  and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail

19  the nature of the postpetition services rendered and expenses actually incurred; provided,

20  however, that such interim fees and expenses do not exceed the maximum authority under the

21  authorized caps established herein.

22      Further, the Debtors will not pay any fees and expenses to an OCP unless (i) the OCP has

23  filed its Declaration, (ii) the Objection Period has expired, and (iii) no timely Objection is

24  pending.  If a timely Objection to the Declaration is received, no payment will be made until such

25  Objection is resolved and/or withdrawn, or the employment of the OCP is otherwise approved by

26  the Court.

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

**E.      PROPOSED PAYMENTS PROCEDURE TO PROFESSIONALS**

    **1.      All Professionals Other than Stephenson, Aquisto & Colman and Toyon Associates, Inc.**

        The Debtors proposes that it be permitted to pay each OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred in a monthly amount not to exceed the amount set forth for each professional in the chart attached as Exhibit "A," on a "rolling basis," such that an OCP whose fees and disbursements are less than the amount set forth in Exhibit "A" for each professional in any month may be paid in subsequent months a total of the amount set forth in Exhibit "A" for each professional, plus the difference between the amount set forth for each professional and the amount billed in prior months (the "Cap Amount").

        If in any given month the fees and expenses for any OCP exceed the Cap Amount, such OCP shall be required to apply for approval by the Court of all such OCP's fees and expenses for such month under §§ 330 and 331; provided, however, that such OCP shall be entitled to an interim payment of up to the Cap Amount as a credit against the invoice for such month ultimately allowed by the Court.

        As a routine matter, the Debtors regularly review (and/or shall review) all billing statements received from the OCPs to ensure that the fees and expenses charged are reasonable. This type of review will continue postpetition and, coupled with the proposed Cap Amount, will protect the Debtors' estates against excessive and improper billings.

    **2.      Professionals who Provide Services that Include Payment of a Contingent Fee**

        **a.      Stephenson, Aquisto & Colman, Inc.**

        The Law Offices of Stephenson, Aquisto & Colman, Inc. ("SAC") specializes in representing medical providers (overwhelmingly hospitals) pursuing unpaid or underpaid claims for medical care payments against large institutional payors such as HMOs, and PPOs, governmental entities and ERISA health plans.   Aside from certain narrow exceptions not pertinent here, SAC provides its services to hospitals on a sliding-scale, contingency fee basis.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SAC's fee scale generally starts at 16% for payments collected prior to filing of a civil court action or arbitration demand, and can range up to 29% for claims resolved after a litigation has commenced against a recalcitrant payor. SAC does expect its clientele to pay for costs in arrears (except for arbitration fees which must be paid upfront), but does not charge for attorneys' fees at all unless SAC succeeds in obtaining payments for hospitals. SAC has provided services to Verity prepetition. SAC proposes to continue to provide services at a contingent fee rate of between 16% and 29%. *Stephenson Aquisto will only be paid as funds are recovered and delivered to the Debtors.*

### b.  Toyon Associates, Inc.

Toyon Associates, Inc. ("Toyon") files Medicare appeals based upon Medicare audits of Medicare cost reports which result in an adverse adjustment. The appeal is to protect and challenge the adjustment made by Medicare with the Provider Reimbursement Review Board (PRRB) as this is the only venue to seek recovery for reimbursement due the provider (a hospital). Toyon is responsible for all aspects and phases of the appeal to final resolution with an amount paid to the provider (the hospital). Toyon is paid a contingency of 25% of the total recovery, or additional reimbursement received, only after the cash is received by the provider. *There are no fees paid if an appeal is unsuccessful, or if the results fail to produce additional reimbursement.*

### F.  THE DEBTOR PROPOSES TO FILE PERIODIC STATEMENTS OF PAYMENTS MADE

The Debtors further propose to file a payment summary statement with this Court not more than thirty days after every four months this Case is pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties. The summary statement will include the following information for each OCP:  (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during the statement period; and (c) a brief statement of the type of services rendered. Before any professional is retained and paid as an Ordinary Course Professional, three things must occur:  (1) an Order must be entered approving this Motion; (2) the professional must file

- 14 -

and serve a Declaration; and, (3) no Objection is filed to the Professional's retention after the Declaration is filed, or, if an Objection is filed, a hearing is held and the Court approves the retention.

# V.

## CONCLUSION

The Debtors and their estates will be well served by authorizing the retention of the OCPs because of such professionals' past relationship with, and understanding of, the Debtors and their operations and the essential services the OCPs perform for benefit of the Debtors' businesses.  It is in the best interest of Debtors' businesses, their estates and the creditors to avoid any disruption in the professional services rendered by the OCPs.

Based upon the foregoing, the Debtors respectfully request that this Court enter an Order:

(i)    Authorizing the Debtors to employ, *effective as of the Petition Date*, and compensate the OCPs set forth on **Exhibit A,** and any additional OCPs whose services may be required during the pendency of this Case as described herein; and,

(ii)    Granting such other and further relief as this Court deems appropriate.

Dated:  October 1, 2018

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II
TANIA R. MOYRON

By _____ /s/John A. Moe, II _____
JOHN A. MOE, II

Proposed Attorneys for the Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### DECLARATION OF ELSPETH PAUL

I, Elspeth Paul, declare as follows.

As of June 1, 2018, I am General Counsel for Debtor Verity Health System of California, Inc.  In this capacity, I am generally familiar with the day-to-day operations, business and financial affairs of the Debtors.

Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, from information gathered from other employees within the Debtors' organization, my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.

The scope of the Debtors' operations are set forth in the Declaration of Richard G. Adcock filed August 31, 2018, in support of the Emergency Motions [Docket #8].  The Debtors operate six Hospitals, which served over 50,000 inpatients and over 480,000 outpatients in 2017.  The Debtors employ over 7,000 employees, who are represented by multiple Unions.  The Debtors have substantial secured obligations to multiple lenders.  The Debtors have multiple Pension Plans, which Plans serve employees, across multiple Debtors.  Regulatory issues need to be addressed daily.  VHS and its subsidiaries prosecute and defend litigation.

To manage the Debtors' operations requires many professionals, in multiple specialties and with different expertise, including:  prosecution and defense of litigation[4]; representation in Medicare and Medi-Cal appeals; Medicare and Medi-Cal billing advice; defense of professional liability claims; prosecution and defense of workers' compensation complaints; regulatory advice; addressing medical staff issues; negotiating contracts with unions; contracting with vendors; legal advice to VHS's board of directors; negotiating and resolving contract issues with physicians; addressing legal issues that arise in connection with secured debt, including bond issues; commercial leasing; investigations of employment-related issues; pursuing collections due the

---

[4] In some instances, because of the imposition of the automatic stay, counsel identified as "defense" counsel will not have to continue to actively defend cases, during which time fees would be minimal to monitor those cases, unless and until the automatic stay is lifted.  The Debtors seek authority to employ such professionals, so that if relief from stay is ever granted, the professionals can defend the Debtors.

1    Debtors from health plans; consultation on pension plans; actuarial services on pension plans;

2    accounting, including performing "quality of earning" analyses; conducting audits; addressing

3    Medicare and Medi-Cal issues, including Disproportionate Share Hospital payments and Quality

4    Assurance Fee payments; preparation of tax returns, including IRS Form 990; analysis of "fair

5    market value" of physician services; preparing financial and accounting documents required by the

6    Centers for Medicare and Medicaid Services (CMS); dialysis Medicare cost reports; fair market

7    valuations of debt for financial audits; preparation of Medicare & Medi-Cal cost reports;

8    preparation of reports required by the California Office of Statewide Health Planning Department

9    (OSHPD); and system administration and payroll accounting, among other responsibilities.

10        In order to meet its responsibilities, the professionals and consultants listed on Exhibit "A"

11    provide the expertise that is required to operate an organization that is as complex as Verity.  All

12    of professionals and consultants listed on Exhibit "A" regularly provided services to VHS and its

13    subsidiaries prepetition.

14        I declare under penalty of perjury and the laws of the United States of America the foregoing

15    is true and correct.

16        Executed this _18th_ day of September, 2018, in Los Angeles, California.

17

18    _____
                    ELSPETH PAUL

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## List of Ordinary Course Professionals

| NATURE OF LEGAL SERVICES | ORDINARY COURSE PROFESSIONAL | ESTIMATE OF MAXIMUM MONTHLY FEES |
|---|---|---|
| PRIVACY DATA BREACH CLASS ACTION DEFENSE; AND DEFENSE OF BREACH OF CONTRACT UCL AND CLRA ACTION | ALSTON AND BIRD LLP | $20,000 |
| MEDICARE AND MEDI-CAL APPEALS, ALJ HEARINGS AND MEDICAL BILLING ADVICE | ATHENE LAW FIRM (FELICIA SZE) | $5,000 |
| PROFESSIONAL LIABILITY DEFENSE PANEL | BROBECK, WEST, BORGES, ROSA & DOUVILLE LLP | $15,000 |
| PROFESSIONAL LIABILITY DEFENSE PANEL | LAW OFFICES OF DAVID J. WEISS | $10,000 |
| PROFESSIONAL LIABILITY DEFENSE PANEL | FRASER WATSON & CROUTCH, LLP | $7,000 |
| WORKER'S COMPENSATION DEFENSE PANEL | HEDY GOLSHANI LAW OFFICES | $20,000 |
| REGULATORY ADVICE (TAX EXEMPT MATTERS), MEDICAL STAFF MATTERS AT O'CONNOR AND ST. LOUISE, AND SUBPOENA RESPONSES FOR SUTTER v. UFCW | HOOPER LUNDY BOOKMAN PC | $20,000 |
| MEDICAL STAFF MATTERS AT ST. FRANCIS AND ST. VINCENT | JAMES R. LAHANA, A PROFESSIONAL LAW CORPORATION | $10,000 |
| EMPLOYMENT COUNSEL, UNION NEGOTIATIONS, WAGE/HOUR CLASS ACTION DEFENSE | JEFFER MANGELS BUTLER AND MITCHELL LLP | $50,000 |
| WORKER'S COMPENSATION DEFENSE PANEL | KUNTZ & BUSI | $20,000 |
| WORKER'S COMPENSATION DEFENSE PANEL | MARIE SANG LAW OFFICES | $20,000 |
| PROFESSIONAL LIABILITY DEFENSE PANEL | LAW OFFICES OF MICHAEL D. GONZALEZ | $30,000 |
| ROUTINE VENDOR CONTRACTING | OUTSIDE GENERAL COUNSEL LEGAL SERVICES CALIFORNIA, LLP | $40,000 |

108545813\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

| NATURE OF LEGAL SERVICES | ORDINARY COURSE PROFESSIONAL | ESTIMATE OF MAXIMUM MONTHLY FEES |
|---|---|---|
| WORKER'S COMPENSATION DEFENSE PANEL | RICHARD, THORSON, GRAVES & ROYER | $20,000 |
| SPECIAL COUNSEL TO THE BOARD OF DIRECTORS | ROPES & GRAY LLP | $50,000 |
| REGULATORY ADVICE AND CONTRACTING (MEDICAL FOUNDATIONS, EMPLOYED PHYSICIANS, AMBULATORY SURGERY CENTERS, STARK AND ANTI-KICKBACK) | SALEM AND GREEN, A PROFESSIONAL CORP. | $20,000 |
| PROFESSIONAL LIABILITY DEFENSE PANEL | SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN APC | $10,000 |
| FINANCINGS AND BOND COUNSEL | SQUIRE PATTON BOGGS (US) LLP | $30,000 |
| COMMERCIAL LEASING | VALENSI ROSE PLC | $20,000 |
| EMPLOYMENT INVESTIGATIONS & DEFENSE (EEOC, NLRB, ETC.) | VAN DE POEL LEVY ARNEAL AND SEROT LLP | $20,000 |
| CLAIMS COLLECTIONS FROM PAYORS | STEPHENSON, AQUISTO & COLMAN, INC. | Contingency 16%-29% of collections |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

108545813\V-4

## CONSULTANTS

| Nature of Services | Ordinary Course Professional | Estimate of Maximum Monthly Fees |
|---|---|---|
| Pension Plan Consulting Services | Ropes & Gray LLP | $50,000 |
| Pension Plans Actuary | Willis Towers Watson | $22,000 |
| Financial Accounting Services\Quality of Earnings Analysis | PricewaterhouseCoopers, LLP | $150,000 |
| Financial Auditors | BDO USA LLP | $85,000 |
| Medicare Bad Debt Logs and Medicare Disproportionate Share Hospital Listings and Support Required for Medical Cost Reports | Gong Nashed Pascoe, Inc. | $16,000 |
| Tax Returns | Grant Thornton LLP | $79,000 |
| Analysis of Fair Market Value for Physician Services | Healthcare Appraisers, Inc. | $9,800 |
| Finance/Accounting and Submission of Required Quality Reporting Metrics to Medicare | Idea Consulting Group, Inc. | $20,000 |
| Dialysis Medicare Cost Reports | June Kim And Associates | $1,500 |
| Fair Market Valuation of Debt for Financial Audits | Kaufman Hall Associates Inc. | $16,850 |
| Medicare & Medi-Cal Cost Reports | Moss Adams LLP | $86,000 |
| Contractor-Support for Cost Reports for Medicare & Medi-Cal Audits | Robert J. Burton | $10,000 |
| OSHPD Reports | Steve Clark & Associates, Inc. | $8,000 |
| Analysis of Medicare Disproportionate Share Hospital Payments for Medicare Cost Reports and Medicare Audit Support related to Medicare Cost Report Worksheet S-10 Audit for Uncompensated Care | Toyon Associates, Inc. | $25,000 |

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

- 20 -

| NATURE OF SERVICES | ORDINARY COURSE PROFESSIONAL | ESTIMATE OF MAXIMUM MONTHLY FEES |
|---|---|---|
| SYSTEM ADMINISTRATOR AND CONTRACT SPECIALIST | TRAN DAVIS VAN | $15,000 |
| PAYROLL ACCOUNTING CONSULTANT FOR PAYROLL SYSTEM | DEBORAH WILSON | $7,000 |
| CPA/CLOSURE CONTINGENCY EVALUATIONS | WIPFLI LLP | $20,000 |

| NATURE OF SERVICES | ORDINARY COURSE PROFESSIONAL | CONTINGENCY FEE |
|---|---|---|
| APPEAL WORK ON MEDICARE COST REPORTS | TOYON ASSOCIATES, INC. | 25% |

It is expected that many of the professionals and consultants will provide services to Debtors on an intermittent basis, and in a monthly amount below the maximum set forth above.

In some instances, because of the imposition of the automatic stay, counsel identified as "defense" counsel will not have to continue to actively defend cases, during which time fees would be minimal, unless and until the automatic stay is lifted.  The Debtors seek authority to employ such professionals, so if relief from stay is ever granted, the professionals can defend the Debtors.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 21 -

1

**EXHIBIT B**

2

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Proposed Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>      Debtors and Debtors In Possession.<br>--- | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered with:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER |
| ☐ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects DePaul Ventures, LLC<br>☐ Affects DePaul Ventures - San Jose Dialysis, LLC<br><br>      Debtors and Debtors In Possession. | Chapter 11 Cases<br><br>**PROPOSED FORM OF DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**<br><br>Judge:  Hon. Ernest M. Robles |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 23 -

108545813\V-4

I, _____, hereby declare that the following is true to the best of my knowledge, information and belief.

1.  I am a _____ of _____ (the "Firm"), which maintains offices at _____

_____

2.  This Declaration is submitted in connection with an Order of the United States Bankruptcy Court for the Central District of California, Los Angeles Division dated _____, 2018 [Docket No. _____], authorizing the above-captioned debtor and debtor in possession (the "Debtor") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 cases, effective as of the Petition Date.

3.  The Firm, through me, and members of the firm, have represented and advised the Debtors as _____ with the following aspects of the Debtors' businesses or legal affairs, including _____, since _____.

4.  The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters.  Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors:  [Insert description].

5.  The Firm's current customary [hourly] rates, subject to change from time to time, are $_____.  In the normal course of business, the Firm revises its regular [hourly] rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

6.  The Firm understands the maximum monthly fee payable to the Firm as an Ordinary Course Professional is $_____ per month on a "rolling basis," and that any amount above the "Cap Amount" could only be paid upon the filing and granting of an Application under sections 330 and 331 of the Bankruptcy Code.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

108545813\V-4

7.     To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any creditors, other parties-in-interest, the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, the estate or any class of creditors or equity interest holders, except [_____], other than amounts due the Firm set forth below.

8.     [Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of creditors or the estate, in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in this chapter 11 case.]

9.     In addition, although unascertainable at this time after due inquiry, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and the Estates.  The Firm does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or the Estates.

10.    The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, the Estates or any class of creditors or equity interest holders, consists of the following: _____.

11.    In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received.  The Firm is currently owed $_____ on account of such prepetition services.  I understand that payment of such amount is dependent upon the Firm filing a Proof of Claim, and the Claim being determined to be an allowed Claim, and the Debtors paying an amount commensurate with what it is permitted to pay and can pay.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 25 -

108545813\V-4

12.    In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, the estate, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the firm will be engaged.

13.    Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), the Local Rules of the United States Bankruptcy Court for the Central District of California ("LBR"), and orders of this Court.

14.    The Firm further states that it has not shared, nor agreed to share any compensation received in connection with this chapter 11 case with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

15.    The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed this _____ day of _____, 2018 at _____, California.

_____
Full Name

_____
Company

_____
Address

_____
City, State & Zip Code

_____
Phone

_____
Fax

_____
E-Mail

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 26 -

108545813\V-4