# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**                                                          **Hearing Room**   **1568**

<u>10:00 AM</u>
**2:18-20151**   **Verity Health System of California, Inc.**                                        **Chapter 11**

#4.00   Hearing
RE: [23] Emergency motion of Debtors for Authority to: (1) Continue Using Existing Cash Management System, Bank Accounts and Business Forms; (2) Implement Changes to the Cash Management System in the Ordinary Course of Business; (3) Continue Intercompany Transactions; (4) Provide Administrative Expense Priority for PostPetition Intercompany Claims; and (5) Obtain Related Relief

fr. 9-5-18

Docket     23

**Matter Notes:**

10/3/2018

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: Movant</span>

<span style="color:red">**POST PDF OF TENTATIVE RULING TO CIAO**</span>

**Tentative Ruling:**

10/2/2018

For the reasons set forth below, the Motion is GRANTED.

**Pleadings Filed and Reviewed:**
1) Papers Filed and Orders Entered in Connection with Interim Hearing Held on September 5, 2018:
   a) Emergency Motion of Debtors for Authority to: (1) Continue Using Existing Cash Management System, Bank Accounts and Business Forms; (2) Implement Changes to the Cash Management System in the Ordinary Course of Business; (3) Continue Intercompany Transactions; (4) Provide

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 3, 2018**                                                                 **Hearing Room    1568**

10:00 AM
**CONT...**        **Verity Health System of California, Inc.**                                                        **Chapter 11**
            Administrative Expense Priority for Postpetition Intercompany Claims; and (5)
            Obtain Related Relief [Doc. No. 23] (the "Cash Management Motion")
            i) Combined Reservation of Rights of U.S. Bank National Association, as
                Series 2015 Note Trustee and Series 2017 Note Trustee, to Emergency
                Motion of Debtors for Authority to: (1) Continue Using Existing Cash
                Management System, Bank Accounts and Business Forms; (2) Implement
                Changes to the Cash Management System in the Ordinary Course of
                Business; (3) Continue Intercompany Transactions; (4) Provide
                Administrative Expense Priority for Postpetition Intercompany Claims;
                and (5) Obtain Related Relief [Doc. No. 68]
            ii) Supplement to Emergency Motion of Debtors for Authority to: (1)
                Continue Using Existing Cash Management System, Bank Accounts and
                Business Forms; (2) Implement Changes to the Cash Management System
                in the Ordinary Course of Business; (3) Continue Intercompany
                Transactions; (4) Provide Administrative Expense Priority for Postpetition
                Intercompany Claims; and (5) Obtain Related Relief [Doc. No. 70]
            iii) [Interim] Order Granting [Cash Management Motion] [Doc. No. 76] (the
                "Interim Cash Management Order")
        2) Official Committee of Unsecured Creditors' Response to Cash Management
            Motion [Doc. No. 313]
        3) Reply to Official Committee of Unsecured Creditors' Response to Cash
            Management Motion [Doc. No. 357]

**I. Facts and Summary of Pleadings**
        On August 31, 2018, Verity Health Systems of California ("VHS") and certain of
its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under
Chapter 11 of the Bankruptcy Code. On August 31, 2018, the Court entered an order
granting the Debtors' motion for joint administration of the Debtors' Chapter 11
cases. Doc. No. 17.
        On September 5, 2018, the Court granted, on an interim basis, the Debtor's motion
for authorization to continue using its existing cash management system. *See* Doc. No.
76 (the "Interim Cash Management Order"). The Debtor now seeks a final order
authorizing it to continue using its existing cash management system.
        The Official Committee of Unsecured Creditors (the "Committee") and the Debtor
have been unable to resolve certain disputes regarding the Motion. The unresolved
disputes, and the parties' positions with respect thereto, are as follows:

## United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**  **Hearing Room   1568**

10:00 AM
**CONT...**     **Verity Health System of California, Inc.**   **Chapter 11**

### Intercompany Transactions
The Committee requests that intercompany transfers be granted superpriority claims status. The Committee argues that in view of the DIP financing, it is unnecessary for one Debtor to be transferring funds to another. The Committee asserts that, if such transfers are necessary, they should be provided superpriority status, so that intercompany transfers do not wind up benefitting financially stronger debtors at the expense of weaker ones.

The Debtors oppose this request. The Debtors state that other than superpriority claims proposed to be given to the DIP Lender, prepetition lenders, and secured creditor McKesson, the Debtors have granted superpriority status only to Verity Holdings, LLC ("Holdings"), to the extent that it is a net creditor of another Debtor. The Debtors assert that granting superpriority status for ordinary course intercompany transfers would defeat the purpose of the DIP financing. The Debtors assert that the intercompany transactions issue is most appropriately addressed in the context of the financing motion.

### Transfers from Debtors to Non-Debtors
The Committee requests that the Debtors be required to seek Court approval prior to transferring funds in excess of $250,000 to a non-Debtor party.

The Debtors state that they are willing to acquiesce to the Committee's respect, but not with respect to non-Debtor affiliates. That is, the Debtors do not agree to provide the Committee advance notice for ordinary course transfers to non-Debtor affiliates such as those already provided by the DIP financing arrangement. However, the Debtor is willing to provide the Committee notice of transfers to third parties that are not non-Debtor affiliates.

## II. Findings and Conclusions
The findings made by the Court in its ruling granting the Cash Management Motion on an interim basis, *see* Doc. No. 118 (the "Interim Cash Management Ruling"), are incorporated herein by reference. As set forth more fully in the Interim Cash Management Ruling, the Court finds it appropriate to permit the Debtors to continue to use their existing cash management system and to implement changes to the system in the ordinary course of business.

As addressed in greater detail in the tentative ruling issued in connection with the Financing Motion, the Committee's request that intercompany transfers, made in the

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**     Hearing Room    1568

### 10:00 AM
**CONT...**     **Verity Health System of California, Inc.**     Chapter 11

ordinary course of business, be afforded superpriority status is OVERRULED.

With respect to transfers between the Debtor and non-Debtor affiliates, the Committee's request that the Debtor be required to seek Court approval prior to transferring funds in excess of $250,000 to such affiliates is OVERRULED. In the course of their business operations, the Debtors routinely make transfers to non-Debtor affiliates. For example, the Debtor depends heavily upon non-Debtor Marillac Insurance Company, Ltd. ("Marillac"), its wholly-owned subsidiary, for its insurance needs. Requiring the Debtor to provide advance notice to the Committee with respect to ordinary-course transfers to non-Debtor affiliates would prove unduly burdensome.

Based upon the foregoing, the Motion is GRANTED in its entirety.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Jessica Vogel or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

    Verity Health System of California,     Represented By
                                                         Samuel R Maizel
                                                         John A Moe
                                                         Tania M Moyron