# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**                                                                                  Hearing Room    1568

**10:00 AM**
**2:18-20151**    Verity Health System of California, Inc.                                                                Chapter 11

#7.00    Hearing
RE: [29]  Debtors Emergency Motion For Entry Of An Order Authorizing Debtors To Honor Prepetition Obligations To Critical Vendors

fr. 9-5-18

Docket    29

**Matter Notes:**

10/3/2018

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: Movant</span>

<span style="color:red">**POST PDF OF TENTATIVE RULING TO CIAO**</span>

**Tentative Ruling:**

10/2/2018

For the reasons set forth below, the Motion is GRANTED on a final basis.

**Pleadings Filed and Reviewed:**
1) Papers Filed and Orders Entered in Connection with September 5, 2018 Interim Hearing:
   a) Debtors' Emergency Motion for Entry of an Order Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors [Doc. No. 29] (the "Motion")
      i) Declaration of Richard G. Adcock in Support of Emergency First-Day Motions [Doc. No. 8]
      ii) Declaration of Anita Chou, Chief Financial Officer, in Support of Motion for Interim Order Authorizing (A) Use of Cash Collateral; (B) Debtor in Possession Credit Agreement; (C) Grant of Superpriority Priming Liens to DIP Lender; and (D) Grant of Junior Liens on Post-Petition Accounts and

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, October 3, 2018**                                                                         **Hearing Room     1568**

10:00 AM
**CONT...**          **Verity Health System of California, Inc.**                                                              **Chapter 11**
        Inventory as Adequate Protection to Prepetition Secured Parties Pursuant
        to 11 U.S.C. §§105(A), 363(C)(2), and 364(C) and (D)
      iii) Order Setting Hearing on First Day Motions [Doc. No. 18]
      iv) Amended Notice of Hearings on Emergency First-Day Motions Filed by
         Debtors [Doc. No. 34]
   b) Combined Reservation of Rights of U.S. Bank National Association, as Series
      2015 Note Trustee and Series 2017 Note Trustee, to Debtors' Emergency
      Motion for Entry of an Order Authorizing Debtors to Honor Prepetition
      Obligations to Critical Vendors [Doc. No. 69]
   c) Ruling Granting Critical Vendors Motion on an Interim Basis [Doc. No. 123]
   d) Interim Order Granting Debtors' Emergency Motion for Entry of an Order
      Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors
      [Doc. No. 134]
2) Limited Objection to Debtors' Emergency Motion for Entry of an Order
   Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors [Doc.
   No. 289] (the "Limited Objection")
3) Official Committee of Unsecured Creditors' Response to Critical Vendor Motion
   [Doc. No. 314]
4) Reply to UMB Bank, N.A.'s Limited Objection to Debtors' Emergency Motion
   for Entry of an Order Authorizing Debtors to Honor Prepetition Obligations to
   Critical Vendors [Doc. No. 354]

## I. Facts and Summary of Pleadings

On August 31, 2018, Verity Health Systems of California ("VHS") and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On August 31, 2018, the Court entered an order granting the Debtors' motion for joint administration of the Debtors' Chapter 11 cases. Doc. No. 17.

On September 7, 2018, the Court authorized the Debtors to continue to pay and/or honor prepetition claims asserted by certain medical suppliers, medical care providers, and critical service providers (collectively, the "Critical Vendors"), in an interim amount of up to $5 million. *See* Ruling Granting Critical Vendor Motion on an Interim Basis [Doc. No. 123] (the "Interim Ruling") and Interim Order Granting Debtors' Emergency Motion for Entry of an Order Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors [Doc. No. 134] (the "Interim Order").

The Debtors now seek authorization to pay prepetition claims of Critical Vendors

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**                                                                 Hearing Room    1568

10:00 AM
**CONT...        Verity Health System of California, Inc.                                                  Chapter 11**

in an amount of up to $20 million (consisting of the $5 million approved on an interim basis, plus an additional $15 million sought in connection with this final hearing). UMB Bank, N.A., in its capacity as master trustee for obligations issued by VHS in the approximate aggregate amount of $461 million ("UMB"), and Wells Fargo Bank, N.A., in its capacity as indenture trustee for debt instruments in the approximate aggregate amount of $259 million ("Wells Fargo") (UMB and Wells Fargo collectively, the "Secured Parties"), filed a Limited Objection to the Motion. The Secured Parties consent to the granting of the Motion, provided that they may review in advance any payments the Debtors intend to make to Critical Vendors.

Subsequent to the filing of the Limited Objection, the Debtors and the Secured Parties reached a compromise. Specifically, the Debtors have agreed to provide the Secured Parties (1) a list of Critical Vendors, (2) weekly reporting on Critical Vendor payments, and (3) three business days' notice regarding any proposed payments in excess of $250,000 in the aggregate to vendors not on the initial Critical Vendor list.

The Official Committee of Unsecured Creditors (the "Committee") filed a response to the Motion. The Committee does not oppose the relief requested in the Motion; it seeks only that the final order on the Motion contain provisions requiring the Debtor to provide the Committee with certain information. The Debtor does not oppose providing the Committee the requested information.

## II. Findings and Conclusions

The Court notes that in dicta, the Supreme Court has recently noted that Bankruptcy Courts have approved "'critical vendor' orders that allow payment of an essential suppliers' prepetition invoices." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985, 197 L. Ed. 2d 398 (2017). The Supreme Court's statement in *Jevic* obviously was not a holding upon the validity of a critical vendor order; nonetheless, the Supreme Court's acknowledgment that Bankruptcy Courts have reasoned that critical vendor orders are necessary to "enable a successful reorganization and make even the disfavored creditors better off" is significant. *Id.* at 985.

More on point, in the context of a cross-collateralization clause, the Ninth Circuit has recognized that "[c]ases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts." *Burchinal v. Central Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987). The Ninth Circuit's recognition of the necessity of paying

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, October 3, 2018**                                                              **Hearing Room    1568**

10:00 AM
**CONT...**        **Verity Health System of California, Inc.**                                         **Chapter 11**

prepetition debts to "providers of unique and irreplaceable supplies" is particularly salient; that relief is most analogous to the relief sought by the instant Motion.

The Debtors have established that there is a strong likelihood that they may suffer irreparable harm if they are not able to pay Critical Vendors. As set forth in the Interim Ruling [Doc. No. 123], the Debtors have adopted rigorous procedures to limit the amounts to be paid to Critical Vendors on account of prepetition debt.

Such prepetition payments obviously are frowned upon because they subvert the Bankruptcy Code's priority scheme. Yet the priority scheme will be of little use to anyone if value is destroyed because the Debtors cannot continue operations. There is a credible threat that the Debtors will not be able to obtain needed services and supplies absent authorization to pay Critical Vendors.

Based upon the foregoing, the Motion is GRANTED on a final basis. The Debtors shall submit a conforming order, incorporating this tentative ruling by reference, within seven days of the hearing.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Jessica Vogel or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

|  **Party Information**  |
|---|

**Debtor(s):**

    Verity Health System of California,        Represented By
                                                                   Samuel R Maizel
                                                                   John A Moe
                                                                   Tania M Moyron