SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Proposed Attorneys for the Chapter 11 Debtors and
Debtors In Possession

**FILED & ENTERED**

**OCT 30 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

CHANGES MADE BY COURT

In re

VERITY HEALTH SYSTEM OF
CALIFORNIA, INC., *et al.*,

    Debtors and Debtors In Possession.

☒ Affects All Debtors

☐ Affects Verity Health System of
California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital
Foundation
☐ Affects St. Francis Medical Center of
Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures  - San Jose
Dialysis, LLC

    Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Hon. Judge Ernest M. Robles

**ORDER (1) APPROVING FORM OF ASSET PURCHASE
AGREEMENT FOR STALKING HORSE BIDDER AND
FOR PROSPECTIVE OVERBIDDERS TO USE, (2)
APPROVING AUCTION SALE FORMAT, BIDDING
PROCEDURES AND STALKING HORSE BID
PROTECTIONS, (3) APPROVING FORM OF NOTICE TO
BE PROVIDED TO INTERESTED PARTIES, (4)
SCHEDULING A COURT HEARING TO CONSIDER
APPROVAL OF THE SALE TO THE HIGHEST BIDDER
AND (5) APPROVING PROCEDURES RELATED TO THE
ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (II) AN
ORDER (A) AUTHORIZING THE SALE OF PROPERTY
FREE AND CLEAR OF ALL CLAIMS, LIENS AND
ENCUMBRANCES**

**Hearing:**
**Date:**    **October 24, 2018**
**Time:**    **10:00 am**
**Location:**  **Courtroom 1568**
             **255 E. Temple St., Los Angeles, CA**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

This matter coming before the Court on the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of the Order, as applicable, pursuant to §§ 105(a), 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR"): (i)(a) approving form of asset purchase agreement for the Stalking Horse Purchaser and for prospective Overbidders to use for the purposes of formulating their bids (the "Stalking Horse APA"); (b) approving auction sale format, bidding procedures and stalking horse bid protections; (c) approving the form of notice to be provided to interested parties; (d) scheduling a court hearing to consider approval of the sale to the highest bidder; and (e) approving procedures related to the assumption of certain executory contracts and unexpired leases (the "Bidding Procedures Order"); and (ii)(a) authorizing the sale of property free and clear of all claims, liens and encumbrances (the "Sale Order").   The Court, having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances and properly given, and it appearing that no other or further notice need be provided; and a hearing on the proposed bid and sale procedures as detailed in the Motion having been held; and after due deliberation the Court having determined that the relief requested in the Motion with respect to proposed bid and sale procedures is in the best interests of the Debtors, their estates, and their creditors; and for the reasons set forth in the Court's tentative ruling [Doc.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

No. 645], which the Court adopts as its final ruling and which is incorporated herein by reference;

and good and sufficient cause having been shown;

**AND IT IS FURTHER FOUND AND DETERMINED THAT:** [2]

A.      The statutory and legal predicates for the relief requested in the Motion and provided for herein are §§ 105(a), 363, and 365 of Title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and LBR 2081-1 and 6004-1.

B.      In the Motion and at the hearing on the Motion, the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

C.      The Debtors' proposed notice of the Bidding Procedures, the Cure Procedures, the Auction and the hearing to approve the sale of the Purchased Assets (the "Sale Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

D.      The Bidding Procedures substantially in the form attached hereto as Exhibit 1 are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

E.      The Break-Up Fee and the Expense Reimbursement (each, as defined herein and, together, the "Bid Protections") (i) are reasonable and appropriate given, among other things, the size and nature of the Sale and the efforts that will have been expended, and will continue to be

---

[2]      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

expended, by the Stalking Horse Purchaser, and (ii) are a material inducement for, and a condition of, the Stalking Horse Purchaser's entry into the Stalking Horse APA.

F.    The form of the Stalking Horse APA is fair and reasonable and provides flexibility in the process to sell the Purchased Assets in a manner designed to maximize the value of the Purchased Assets.

G.    The Assumption and Assignment Procedures provided for herein and the Cure Notice are reasonable and appropriate and consistent with the provisions of § 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Assumption and Assignment Procedures and the Cure Notice have been narrowly tailored to provide an adequate opportunity for all non-debtor counterparties to the Assumed Executory Contracts to assert any Assumption Objection.

H.    Entry of (i) this Bidding Procedures Order at this time and (ii) the Sale Order after approval of the Sale at the Sale Hearing is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The California Attorney General's request for a continuance of the hearing on the Motion is DENIED.

3.    The Court does not rule on the objections asserted by the Federal Communications Commission, the Pension Benefit Guaranty Corporation, the U.S. Department of Health and Human Services, the California Attorney General, the unions who are parties to various CBAs (Local 39, SEIU-UHW, CNA, IFPTE Local 20), the Retirement Plan for Hospital Employees, OCH Forest 1, Premier, Infor and the MOB Financing Entities; all such objections are premature and are preserved for the Sale Hearing and may be raised at that time. All objections to the relief

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

109262452\V-9

requested in the Motion, insofar as it related to the Bidding Procedures Order, that have not been resolved herein, withdrawn, waived or settled are overruled.

4.      The Bidding Procedures attached hereto as <u>Exhibit l</u> are **APPROVED**.[3]

5.      The County of Santa Clara or an affiliate to be designated (the "<u>Stalking Horse Purchaser</u>") is hereby **APPROVED** to be and designated as the Stalking Horse Purchaser as to the Purchased Assets, and the form of the Stalking Horse APA is hereby **APPROVED**.

6.      Subject to the Bidding Procedures and approval of the Sale at the Sale Hearing, the Debtors' entry into the Stalking Horse APA (including any amendments thereto) is hereby **APPROVED**.

7.      The Bid Protections are **APPROVED.**  If the Stalking Horse Purchaser is not the Successful Bidder as to the Purchased Assets and is not then in breach, has not terminated its Stalking Horse APA to purchase the Offered Assets (based on due diligence or other contingency), has otherwise completed due diligence by the Bid Deadline, and is then able to consummate the transaction, the Stalking Horse Purchaser shall be paid at closing of the sale of the Purchased Assets (i) an amount in cash equal to $9,400,000 (the "<u>Break-Up Fee</u>"), and (ii) any reasonably documented reasonable costs and expenses incurred by Stalking Horse Purchaser related to its due diligence, and pursuing, negotiating, and documenting the Sale up to an amount in cash not to exceed $2,350,000 (the "<u>Expense Reimbursement</u>").  For the avoidance of doubt, neither the Break-Up Fee nor the Expense Reimbursement shall become payable until such time as (i) the 45-day due diligence period granting to the Stalking Horse Purchaser by § 8.19 of the Stalking Horse APA has expired or been waived by the Stalking Horse Purchaser; and (ii) the condition precedent set forth in § 8.15 if the Stalking Horse APA with respect to the consent of Santa Clara County has been satisfied or waived by the Stalking Horse Purchaser.

---

[3]   For the convenience of parties in interest, a chart listing important dates set forth in this Order is attached hereto as <u>Exhibit 2</u>.

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Notwithstanding anything to the contrary contained herein, upon payment of the Break-Up Fee and the Expense Reimbursement to the Stalking Horse Purchaser, the Debtors and their representatives and affiliates, on the one hand, and Stalking Horse Purchaser and its respective representatives and affiliates, on the other hand, will be deemed to have fully released and discharged each other from any liability resulting from the termination of the Stalking Horse APA, and neither the Debtors and their representatives and affiliates, on the one hand, and the Stalking Horse Purchaser and its respective representatives and affiliates, on the other hand, nor any other Person, will have any other remedy or cause of action under or relating to the Stalking Horse APA, including for reimbursement of any additional expenses incurred by the Stalking Horse Purchaser in connection with the negotiation and documentation of the Stalking Horse APA and all proceedings held in connection therewith.  The Break-Up Fee and the Expense Reimbursement shall be payable without further Order of the Bankruptcy Court.

8.      The Partial Bid Deadline shall be **November 30, 2018 at 4:00 p.m. (prevailing Pacific Time)**.

9.      The Bid Deadline shall be **December 5, 2018 at 4:00 p.m. (prevailing Pacific Time)**.

10.     The Debtors, after consultation with the Official Committee of Unsecured Creditors, the Prepetition Secured Creditors,[4] and any other party deemed appropriate within the business judgment of the Debtors (collectively, the "Consultation Parties"), shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify Qualified Bidders and the Consultation Parties whether their bids have been recognized as such as promptly as practicable after a Qualified Bidder delivers all of the materials required by the Bidding

---

[4] As such term is defined in the Final Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief (the "Final DIP Order").

109262452\V-9

Procedures. In no event shall any party bidding on assets, even if otherwise designated as a Consultation Party. be entitled to be considered a Consultation Party.

11.    An auction (the "Partial Bid Auction") with respect to bids for less than all the Purchased Assets (each, a "Partial Bid") Partial Bid Auction, if necessary, shall be held on **December 10, 2018 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least twenty-four (24) hours before auction with respect to all or substantially all of the Purchased Asset (the "Full Bid Auction"). The Stalking Horse Purchaser and any Qualified Bidder bidding on all of the Purchased Assets shall not be required to attend the Partial Bid Auction. The Full Bid Auction (together with the Partial Bid Auction, the "Auctions"), if necessary, shall be held on **December 11, 2018 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least twenty-four (24) hours before the Auction.

12.    At such Auctions, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auctions shall be conducted openly and transcribed (with the Consultation Parties permitted to attend).  Within forty-eight (48) hours following the conclusion of the Auctions, the Debtors shall file a notice identifying the Successful Bidder(s) with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties whose contracts are to be assumed and assigned.

13.    The Debtors, after consultation with the Consultation Parties, shall determine which Full Bids or Partial Bid(s)is the highest and otherwise best offer for the Purchased Assets, giving effect to the Break-Up Fee and Expense Reimbursement payable to the Stalking Horse

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

- 7 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Purchaser, as well as any additional liabilities or Cure Amounts to be assumed by the Stalking Horse Purchaser or another Qualified Bidder and any additional costs which may be imposed on the Debtors.

14.     The Sale Hearing shall be held on **December 18, 2018, at 10:00 a.m.** ~~December 19, 2018 at 2:00 p.m.~~  **(prevailing Pacific Time)** before this Court, the U.S. Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012.  Any objections to the Sale (other than an Assumption Objection (defined herein) which shall be governed by the procedures set forth below) (a "Sale Objection"), must (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with the Court, 255 E. Temple St., Los Angeles, California 90012, together with proof of service, **on or before 12:00 p.m. (prevailing Pacific Time) on December 14, 2018** (the "Sale Objection Deadline") and (v) be served, so as to be actually received on or before the Sale Objection Deadline, upon (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 601 California Street, Suite 1505, San Francisco, CA  94108 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Stalking Horse Purchaser: McDermott Will & Emery LLP, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067 (Attn: James F. Owens (JFowens@mwe.com)); (iv) the Office of the United States Trustee (the "U.S. Trustee"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)); and (v) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (vi) (vi) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.,One Financial Center, Boston,

Massachusetts 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com); and (vii) counsel to the Series 2015 and Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore) (collectively, the "Notice Parties").  If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the objecting party may be barred from objecting to the Sale and may not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

15.    The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtors shall have the exclusive right, in the exercise of their fiduciary obligations and business judgment, and after consultation with the Consultation Parties, to cancel the Sale at any time subject to the terms of this Bidding Procedures Order, in accordance with the terms of this Bidding Procedures Order and the Stalking Horse APA.

16.    The following forms of notice are approved: (a) the Procedures Notice, in the form substantially similar to that attached hereto as Exhibit 3 and (b) the Cure Notice, in the form substantially similar to that attached hereto as Exhibit 4.

17.    The Debtors shall, within one (1) business day after the entry of this Bidding Procedures Order, file with the Court and serve a copy of this Bidding Procedures Order and the Procedures Notice by first class mail, postage prepaid, on the Notice Parties and all parties that the Debtors are required to serve pursuant to LBR 6004-1(b)(3) and the *Order Granting Emergency Motion of Debtors for Order Limiting Scope of Notice* [Dkt. No. 132].

18.    The Debtors shall file with the Court and serve the Cure Notice (along with a copy of this Bidding Procedures Order) upon each counterparty to the Assumed Executory Contracts

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 9 -

by no later than **November 12, 2018**.  The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any Assumption Objection must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtors believe are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

19.    To the extent there are any contracts added to the list of contracts to be assumed by the Successful Bidder pursuant to the Successful Bidder's Purchase Agreement selected at the relevant Auction, this Order constitutes authority to assume and assign that contract to the Successful Bidder pursuant to § 365 of the Bankruptcy Code; each such contract will be listed on an exhibit to the Successful Bidder's Purchase Agreement, and shall be reflected in a separate Cure Notice, which is to be filed and served by overnight delivery by the Debtors within five (5) business days of the conclusion of the relevant Auction and announcement of the Successful Bidder(s).

20.    The inclusion of a contract, lease, or other agreement on the Cure Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease, or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

21.    If any counterparty to an Assumed Executory Contract wishes to file an Assumption Objection, such counterparty must file and serve it so as to be actually received by the Notice Parties by no later than:  (i) **4:00 p.m.(prevailing Pacific Time) on November 29, 2018**, (ii) such later date otherwise specified in the Cure Notice, or (iii) solely with respect to those counterparties to Assumed Executory Contracts who are not served with a Cure Notice, ten (10) days after service by overnight mail of such Cure Notice (the "Assumption Objection

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10 -

Deadline"), provided, however, that if any Successful Bidder is not the Stalking Horse Purchaser, any counterparty may raise at the Sale Hearing (or any time before the Sale Hearing) an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract.   The Court will make any and all determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to §§ 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

22.     To the extent the Assumed Executory Contract counterparty wishes to object to the Cure Amount, if any, set forth in the Cure Notice, its Assumption Objection must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Cure Notice.

23.     Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

24.     If a Contract or Lease is assumed and assigned pursuant to Court order, then except for Disputed Cure Amounts (as defined herein), the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale, the Cure Amount, if any, as set forth in the Cure Notice.   All Cure Amounts will be funded in accordance with the terms and conditions of the Stalking Horse APA and/or the Purchase Agreement(s), as applicable.

25.     Assumption Objections (including those related to adequate assurance of future performance) will be resolved by the Court at the Sale Hearing.   In the event that the Debtors and the counterparty cannot resolve the Cure Amount, such dispute may be resolved by the Court at

109262452\V-9

the Sale Hearing or such later date as may be agreed to or ordered by the Court. The Debtors shall segregate from the sale proceeds any disputed Cure Amounts that are required to be paid by the Debtors under the asset purchase agreement ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties.

26.    The Successful Bidder(s) shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under § 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Assumed Executory Contract shall not excuse the Successful Bidder(s) from performance of any and all of its obligations pursuant to the Successful Bidder's Purchase Agreement.

27.    Except to the extent otherwise provided in a Successful Bidder's Purchase Agreement, the Debtors and their estates shall be relieved of all liability under the Assumed Executory Contracts accruing or arising after the assumption and assignment of such contracts pursuant to § 365(k) of the Bankruptcy Code.

28.    All proceeds of the Sale shall be paid by the Successful Bidder to the Debtors and such proceeds shall be deposited in accordance with paragraph 4 of the Final DIP Order, and all liens, claims, interests and encumbrances on the Purchased Assets sold pursuant to the Sale shall attach to the proceeds of Sale with the same force, effect, validity and priority as such liens, claims, interests and encumbrances had on such Purchased Assets prior to the Closing, subject to the liens and security interests of the DIP Lender and the Prepetition Secured Creditors under the relevant intercreditor agreements, applicable law and the Final DIP Order, as applicable.

29.    To the extent the provisions of this Bidding Procedures Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Bidding Procedures Order shall control.

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

30. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Bidding Procedures Order.

31. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable.

###

Date: October 30, 2018

Ernest M. Robles
United States Bankruptcy Judge

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 13 -

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**<u>Exhibit 1</u>**

**(Bidding Procedures)**

**BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "<u>Bidding Procedures</u>") to be employed in connection with the sale of assets as defined in the APA, including, but not limited to, O'Connor Hospital and Saint Louise Regional Hospital (excluding cash, accounts receivable and causes of action) (the "<u>Purchased Assets</u>"), in connection with the chapter 11 cases pending in the United States Bankruptcy Court for the Central District of California (the "<u>Bankruptcy Court</u>") jointly administered as case number 2:18-bk-20151-ER, , in the form approved by the Bankruptcy Court by Order dated October __, 2018 (the "<u>Bidding Procedures Order</u>").

The Debtors entered into that certain Asset Purchase Agreement, dated October 1, 2018 between the Debtors, on the one hand, and the County of Santa Clara, a political subdivision of the State of California (the "<u>Stalking Horse Purchaser</u>"), on the other hand, pursuant to which the Stalking Horse Purchaser shall acquire the Purchased Assets on the terms and conditions specified therein (together with the schedules and related documents thereto, the "<u>Stalking Horse APA</u>"). The sale transaction pursuant to the Stalking Horse APA is subject to competitive bidding as set forth herein. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders to Use, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Hearing to Consider Approval of the Sale to the Highest Bidder, (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* (the "<u>Sale Motion</u>") or the Bidding Procedures Order.

## I.    <u>ASSETS TO BE SOLD</u>

The Debtors seek to complete a sale of all assets of O'Connor Hospital and Saint Louise Regional Hospital (excluding cash, accounts receivable and causes of action) (the "<u>Sale</u>"). The Stalking Horse APA will serve as the "stalking-horse" bid for the Purchased Assets.

## II.    <u>THE BIDDING PROCEDURES</u>

In order to ensure that the Debtors receive the maximum value for the Purchased Assets, they intend to hold a sale process for the Purchased Assets pursuant to the procedures and on the timeline proposed herein.

### A.    <u>Provisions Governing Qualifications of Bidders</u>

Unless otherwise ordered by the Court, in order to participate in the bidding process, each person, other than the Stalking Horse Purchaser, who wishes to participate in the bidding process (a "<u>Potential Bidder</u>") must deliver, prior to the Bid Deadline (defined herein), the following to the Notice Parties (defined herein):

(a)    a written disclosure of the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid; and

(b)    an executed confidentiality agreement (to be delivered prior to the distribution of any confidential information by the Debtors to a Potential Bidder) in form and substance satisfactory to the Debtors and the Consultation Parties and which shall inure to the benefit of any purchaser of the Purchased Assets; without limiting the foregoing, each confidentiality agreement executed by a Potential Bidder shall contain standard non-solicitation provisions.

A Potential Bidder that delivers the documents and information described above and that the Debtors determine in their reasonable business judgment, after consultation with the Consultation Parties, is likely (based on availability of financing, experience, and other considerations) to be able to consummate the sale, will be deemed a qualified bidder ("Qualified Bidder").   The Debtors will limit access to due diligence to those parties it believes, in the exercise of its reasonable judgment and in consultation with the Consultation Parties, are pursuing the transaction in good faith.

As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Debtors will determine and will notify the Potential Bidder if such Potential Bidder is a Qualified Bidder.

## B.    Due Diligence

The Debtors will afford any Qualified Bidder such due diligence access or additional information as the Debtors, in consultation with their advisors and the Consultation Parties, deem appropriate, in their reasonable discretion. The due diligence period shall extend through and including the relevant Bid Deadline; provided, however, that any Qualified Bid (defined herein) submitted shall be irrevocable until the selection of the Successful Bidder(s) (defined herein) and any Back-Up Bidder(s) (defined herein).

## C.    Provisions Governing Qualified Bids

A bid submitted will be considered a Qualified Bid only if the bid is submitted by a Qualified Bidder and complies with all of the following (a "Qualified Bid"):

a)    it states that the applicable Qualified Bidder offers to purchase, in cash, some or all of the Purchased Assets;

b)    it identifies with particularity the portion of the Purchased Assets the Qualified Bidder is offering to purchase;

c)    it allocates with specificity the portion of the purchase price offered that the Qualified Bidder attributes to DePaul property at Morgan Hill;[5]

---

[5] For the avoidance of doubt, such allocation shall not be binding on the Debtors, their estates or any Consultation Party.

- 2 -

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

d)     it includes a signed writing that the Qualified Bidder's offer is irrevocable until the selection of the Successful Bidder and the Back-Up Bidder, provided that if such bidder is selected as the Successful Bidder or the Back-Up Bidder then the offer shall remain irrevocable until the earlier of (i) the closing of the transaction with the Successful Bidder and (ii) the date that is thirty (30) business days after entry of the Sale Order with respect to the Successful Bidder and thirty one (31) business days after entry of the Sale Order with respect to the Back-Up Bidder;

e)     it includes confirmation that there are no conditions precedent to the Qualified Bidder's ability to enter into a definitive agreement and that all necessary internal governance and shareholder approvals have been obtained prior to the bid;

f)     it sets forth each regulatory and third-party approval required for the Qualified Bidder to consummate the transaction and the time period within which the Qualified Bidder expects to receive such approvals and establishes a substantial likelihood that the Qualified Bidder will obtain such approvals by the stated time period;

g)     it includes a duly authorized and executed copy of a purchase or acquisition agreement in the form of the Stalking Horse APA (a "Purchase Agreement"), including the purchase price for some or all of the Purchased Assets or, alternatively, assets which are not currently included in the Stalking Horse Bid, or both, expressed in U.S. Dollars, together with all exhibits and schedules thereto, together with copies marked ("Marked Agreement") to show any amendments and modifications to the Stalking Horse APA and the Sale Order;

h)     it includes written evidence of a firm, irrevocable commitment for cash financing of the Purchase Price or other evidence of ability to consummate the proposed transaction, that will allow the Debtors to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transaction contemplated by the Purchase Agreement;

i)     if the bid is for all of the Purchased Assets, it must have a value to the Debtors, in the Debtors' exercise of its reasonable business judgment, after consultation with its advisors and the Consultation Parties, that is greater than or equal to the sum of the value offered under the Stalking Horse APA, plus (i) the amount of the Break-Up Fee ($9,400,000); (ii) the amount of the Expense Reimbursement ($2,350,000); and (iii) $7,500,000 (the "Initial Bidding Increment," and, together with the Break-Up Fee, the "Minimum Qualified Bid");

j)     if the bid is a partial bid (the "Partial Bid"),[6] it must have a value to the Debtors when aggregated with other Partial Bids, in the Debtors' exercise of its reasonable business judgment, after consultation with the Consultation Parties, that is greater than or equal to the Minimum Qualified Bid; provided, however, that (i) in the event that the Debtors aggregate the bids, the Partial Bid purchasers' responsibility for the Break-Up Fee, the Expense Reimbursement, and the Initial Bidding Increment shall be allocated *pro rata* according to the value of the assets to be

---

[6] A Partial Bid shall mean a bid for less than all of the Purchased Assets.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109262452\V-9

purchased by each Partial Bid purchaser, and (ii) in no event shall the Stalking Horse Purchaser be entitled to more than one Break-Up Fee and/or Expense Reimbursement; provided, however, that, if the Debtors cannot aggregate Partial Bids so that the total value of the Partial Bids is greater than or equal to Minimum Qualified Bid, the Partial Bid shall not constitute a Qualified Bid.

k)    it identifies with particularity which (i) executory contracts and unexpired leases the Qualified Bidder wishes to the Debtors to assume assign to it;, and (ii) Purchased Assets, subject to purchase money liens or the like, the Qualified Bidder wishes to acquire and therefore pay the associated purchase money financing;

l)    it contains sufficient information concerning the Qualified Bidder's ability to provide adequate assurance of performance with respect to executory contracts and unexpired leases;

m)    it includes an acknowledgement and representation that the Qualified Bidder: (A) has had an opportunity to conduct any and all required due diligence regarding the Purchased Assets prior to making its offer and that the offer is not subject to any further due diligence or the need to raise capital/financing to consummate the proposed transaction; (B) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets in making its bid; (C) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Purchased Assets or the completeness of any information provided in connection therewith or with the relevant Auction (defined below), except as expressly stated in the Purchase Agreement; and (D) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid;

n)    it includes evidence, in form and substance reasonably satisfactory to the Debtors, of final authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Purchase Agreement;

o)    unless it is a credit bid by a secured creditor of the Debtors made in accordance with § 363(k) of the Bankruptcy Code that seeks to purchase only assets that have been determined by the Court to be validly subject to such secured creditor's liens, it is accompanied by a (i) good faith deposit in the form of a wire transfer (to a bank account specified by the Debtors), certified check or such other form of cash or cash equivalent acceptable to the Debtors, payable to the order of the Debtors (or such other party as the Debtors may determine) in an amount equal to $23,500,000.00 (the "Good Faith Deposit"); provided, however, that if the bid is a Partial Bid, the Good Faith Deposit shall be in an amount equal to 10% of the amount of the Partial Bid, which Good Faith Deposit shall, in either event, be forfeited if such bidder is the Successful Bidder and breaches its obligation to close; and (ii) if the Qualified Bidder is a secured creditor of the Debtors who intends to make a credit bid (a "Credit Bid Bidder"), evidence of (a) the basis for and property covered by such Credit Bid Bidder's secured claim, (b) the amount of

- 4 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

such Credit Bid Bidder's claim that is secured by the property in question, (c) whether it is the senior secured claim on the property (x) prepetition and (y) as of the date of the request to be a Qualified Bidder, as well as (d) an explanation of the existence, actual or potential, of any Challenge to such Credit Bid Bidder's secured claim within the meaning of the Final DIP Order.

p)      it contains a detailed description of how the Qualified Bidder intends to treat current employees of the Debtors;

q)      it is for cash and not subject to any financing contingency;

r)      it identifies the person(s) and their title(s) who will attend the relevant Auction, and confirms that such person(s) have authority to make binding Overbids (defined below) at such Auction

s)      it contains such other information reasonably requested by the Debtors; and

t)      it is received prior to the Bid Deadline.

The Debtors, in consultation with the Consultation Parties, may qualify any bid as a Qualified Bid that meets the foregoing requirements. Notwithstanding the foregoing, the Stalking Horse Purchaser is deemed a Qualified Bidder and the Stalking Horse APA is deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auctions, and the Sale.

The Debtors shall notify the Consultation Parties, the Stalking Horse Purchaser, all Qualified Bidders and the Notice Parties in writing as to whether or not any bids constitute Qualified Bids (and with respect to each Qualified Bidder that submitted a bid as to whether such Qualified Bidder's bid constitutes a Qualified Bid) and provide copies of the Purchase Agreements relating any such Qualified Bid to the Consultation Parties, the Stalking Horse Purchaser and such Qualified Bidders, and the Notice Parties no later than one (1) day following the Debtors' receipt of any Qualified Bids.

**D.    Bid Deadline**

A Qualified Bidder that desires to make a bid must deliver written copies of its bid to the following parties (collectively, the "Notice Parties): (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 601 California Street, Suite 1505, San Francisco, CA  94108 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Stalking Horse Purchaser: McDermott Will & Emery LLP, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067 (Attn: James F. Owens (JFowens@mwe.com)); (iv) the Office of the United States Trustee (the "U.S. Trustee"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)); and (v) counsel to the Official Committee, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (vi) (vi) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.,One Financial Center, Boston, Massachusetts 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com); and (vii) counsel to the Series 2015 and Series 2017 Notes Trustee:

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA  90017-5704
(213) 623-9300

Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore), so as to be received by the Notice Parties not later than **November 30, 2018, at 4:00 p.m. (prevailing Pacific Time)** for partial bids (the "Partial Bid Deadline") or **December 5, 2018, at 4:00 p.m. (prevailing Pacific Time)** for full bids (the "Bid Deadline").

A list of all Qualified Bids, as well as all adequate assurance information included in such bids as required by paragraph C(l) above, will be provided to Cigna (through its counsel) no later than December 6, 2018, at 4:00 p.m. (prevailing Pacific Time) to allow it to evaluate Qualified Bidders related to adequate assurance of future performance of the Cigna Provider Agreements (as defined in the Objection filed by Cigna [Docket No. 445]).

### E.    Credit Bidding

Any party with a valid, properly perfected security interest in any of the Purchased Assets (which is not subject to a pending Challenge within the meaning of the Final DIP Order) may credit bid for the Purchased Assets in connection with the Sale pursuant to § 363(k) of the Bankruptcy Code, except as otherwise limited by the Debtors for cause; provided, however, that any party seeking to credit bid may not credit bid unless such bid provides that all secured creditors with security interests on such Purchased Assets which is senior to such junior security interest are to be paid in cash in connection with such junior creditor's bid Any credit bids made by secured creditors shall not impair or otherwise affect the Stalking Horse Purchaser's entitlement to the benefits of the Bidding Procedures and related protections granted under the Bidding Procedures Order.

### F.    Evaluation of Competing Bids

A Qualified Bid will be valued based upon several factors including, without limitation: (i) the amount of such bid; (ii) the risks and timing associated with consummating such bid; (iii) any proposed revisions to the form of Stalking Horse APA; and (iv) any other factors deemed relevant by the Debtors in its reasonable discretion, in consultation with the Consultation Parties, including the amount of cash included in the bid.

### G.    No Qualified Bids

If the Debtors do not receive any Qualified Bids other than the Stalking Horse APA, the Debtors will not hold an auction and the Stalking Horse Purchaser will be named the Successful Bidder for the Purchased Assets.

If the Debtors receive one or more qualified Partial Bids, the Debtors will determine, in consultation with the Consultation Parties, whether any combination of the Partial Bids can be aggregated to an amount greater than or equal to the Minimum Qualified Bid. In the event that no such combination of qualified Partial Bids can be aggregated, then no Partial Bids shall be deemed Qualified Bids (the "Qualified Partial Bids").

### H.    Auction Process

If the Debtors receive one or more Qualified Partial Bids, the Debtors will conduct separate auctions of each asset (each, a "Partial Bid Auction") commencing with the lowest value asset. Any Partial Bidder qualified to participate in the Partial Bid Auction shall be entitled to bid on

109262452\V-9

any assets in the Partial Bid Auction. The procedures below shall apply to the Partial Bid Auction, except as where otherwise indicated.

The winning bids for each asset shall be aggregated (the "Winning Partial Bidders"), and the Winning Partial Bidders shall be permitted to participate in the Auction (as defined below) of the Offered Assets.

If the Debtors receive one or more Qualified Full Bids in addition to the Stalking Horse APA, the Debtors will conduct a partial bid auction of the Offered Assets (the "Partial Bid Auction"), which shall be transcribed, on **December 10, 2018** (the "Partial Bid Auction Date") **at 10:00 a.m.** (prevailing Pacific Time) and a full bid auction of the Offered Assets (the "Full Bid Auction"), which shall be transcribed, on **December 11, 2018** (the "Full Bid Auction Date") **at 10:00 a.m.** (prevailing Pacific Time), at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or such other location as shall be timely communicated to all entities entitled to attend the Auction.  The Auction shall be conducted in accordance with the following procedures:

a)   only the Debtors, the Stalking Horse Purchaser, Qualified Bidders who have timely submitted a Qualified Bid, the U.S. Trustee, and the Consultation Parties, and their respective advisors, and other parties who request and receive authority to attend the auction in advance from the Debtors may attend the Auction;

b)   only the Stalking Horse Purchaser and the Qualified Bidders who have timely submitted Qualified Bids will be entitled to make any subsequent bids at the Auction;

c)   each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

d)   within one (1) business day after the Bid Deadline, the Debtors will provide copies of the Qualified Bid or combination of Qualified Bids which the Debtors believe in their reasonable discretion, in consultation with the Consultation Parties (who shall have been furnished with copies of the Qualified Bid(s) within twenty-four (24) hours of their receipt by the Debtors),  is the highest or otherwise best offer (the "Baseline Bid") to all Qualified Bidders and the Notice Parties;

e)   all Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (defined herein) at the relevant Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the relevant Auction; provided that all Qualified Bidders wishing to attend the relevant Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the relevant Auction in person;

f)   the Debtors, after consultation with the Consultation Parties, may employ and announce at the relevant Auction additional procedural rules that are reasonable under the circumstances for conducting the relevant Auction, provided that such rules are (i) not inconsistent with the Bidding Procedures, the Stalking Horse APA, the Bankruptcy Code, or any order of the Court entered in connection herewith,

- 7 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

and (ii) disclosed to the Stalking Horse Purchaser and each other Qualified Bidder at the relevant Auction;

g)    bidding at the relevant Auction will begin with the Baseline Bid and continue in bidding increments to be determined in the discretion of the Debtors, in consultation with the Stalking Horse Bidder and the Consultation Parties (each a "Overbid") which shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders who submitted Qualified Bids, as well as to the Notice Parties;

h)    Any Qualified Bidder that fails to make an Overbid in any round of bidding shall be disqualified from participating in any subsequent round of bidding;

i)    The initial Overbid, if any, shall provide for total consideration to Debtors with a value that exceeds the value of the consideration under the Baseline Bid by an incremental amount that is not less than the sum of the Bid Protections. Additional consideration in excess of the amount set forth in the respective Baseline Bid must include: (1) cash or (2) in the case of a Qualified Bidder that has a valid and perfected lien (not subject to a Challenge within the meaning the Final DIP Order) on any assets of Debtors' estates, a credit bid of up to the full amount of such Qualified Bidder's allowed perfected lien, subject to § 363(k) of the Bankruptcy Code and any other restrictions set forth herein; and

j)    After the first round of bidding and at the conclusion of each subsequent round of bidding, the Debtors, after consultation with the Consultation Parties, shall announce the bid that they believe to be the highest or otherwise better offer (the "Prevailing Highest Bid").  Debtors shall describe to all Qualified Bidders the material terms of any Overbid designated as the Prevailing Highest Bid as well as the value attributable by Debtors to such Prevailing Highest Bid. A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit an Overbid with full knowledge of the Prevailing Highest Bid. Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by Overbids, the Debtors will give effect to the Break-Up Fee payable to the Stalking Horse Purchaser as well as any additional liabilities or Cure Amounts (defined herein) to be assumed by the Stalking Horse Purchaser or a Qualified Bidder, as applicable, and any additional costs which may be imposed on the Debtors.

## I.    Selection of Successful Bid

Prior to the conclusion of the relevant Auction, the Debtors, in consultation with the Consultation Parties, will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer or offers are the highest or otherwise best from among the Qualified Bidders submitted at the relevant Auction (one or more such bids, collectively the "Successful Bid" and the bidder(s) making such bid, collectively, the "Successful Bidder"), and communicate to the Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid.  The determination of the Successful Bid by the Debtors at the conclusion of the relevant Auction shall be subject to approval by the Court.

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Unless otherwise agreed to by the Debtors and the Successful Bidder, within two (2) business days after the conclusion of the relevant Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments, and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Within forty-eight (48) hours following the conclusion of the relevant Auction, the Debtors shall file a notice identifying the Successful Bidder(s) with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties whose contracts are to be assumed and assigned.

The Debtors will sell the Offered Assets to the Successful Bidder pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Court at the Sale Hearing and satisfaction of any other closing conditions set forth in the Successful Bidder's Purchase Agreement.

### J.    Return of Deposits

All Good Faith Deposits shall be returned to each Qualified Bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder no later than five (5) business days following the conclusion of the Sale Hearing.

### K.    Back-Up Bidder

If an Auction is conducted, the Qualified Bidder or Qualified Bidders with the next highest or otherwise best Qualified Bid, as determined by the Debtors in the exercise of their business judgment, in consultation with the Consultation Parties, at the relevant Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until the later of (i) thirty (30) days after the Sale Hearing or (ii) approval of the Qualified Bidders' purchase by the California Attorney General, if necessary.   If the Successful Bidder fails to consummate the approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

### L.    Break-Up Fee

In recognition of this expenditure of time, energy, and resources, the Debtors have agreed that if the Stalking Horse Purchaser is not the Successful Bidder as to the Purchased Assets, the Debtors will pay the Stalking Horse Purchaser at closing of the sale of the Purchased Assets the Break-Up Fee and the Expense Reimbursement, which shall be comprised of (i) an amount in cash equal to $9,400,000.00, and (ii) any reasonably documented, reasonable costs and expenses incurred by Stalking Horse Purchaser related to its due diligence, and pursuing, negotiating, and documenting the Sale in an amount of up to $2,350,000; provided, however, that the total of the Expense Reimbursement and Break-Up Fee will not exceed $11,750,000.   The Break-Up Fee and the Expense Reimbursement shall be payable at closing of the sale from the sale proceeds.   For the avoidance of doubt, neither the Break-Up Fee nor the Expense Reimbursement shall become payable until such time as (i) the 45-day due diligence period granted to the Stalking Horse Purchaser by § 8.19 of the Stalking Horse APA has expired or been waived by the Stalking Horse Purchaser; and (ii) the condition precedent set forth in § 8.15 of the Stalking Horse APA with respect to the consent of Santa Clara County has been satisfied or waived by the Stalking Horse

- 9 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Purchaser.  The Break-Up Fee and the Expense Reimbursement shall be payable at closing of the sale from the sale proceeds.

If the Stalking Horse APA is terminated because the Stalking Horse Purchaser is not selected as the Successful Bidder or the Back-Up Bidder at relevant Auction (or the Stalking Horse Purchaser is selected as the Back-Up Bidder but the sale of the Purchased Assets is consummated and closed with another entity), the Debtors shall pay to the Stalking Horse Purchaser the Break-Up Fee and Expense Reimbursement by wire transfer of immediately available funds immediately, and contemporaneous with, the closing of the sale of the Purchased Assets from the first cash proceeds thereof.  The Break-Up Fee and Expense Reimbursement shall constitute an administrative expense claim with priority under § 507(a) of the Bankruptcy Code in favor of the Stalking Horse Purchaser.  If the Debtors fail to timely pay such amounts due to the Stalking Horse Purchaser, the Debtors shall also pay the costs and expenses (including reasonable legal fees and expenses) incurred by the Stalking Horse Purchaser in connection with any action or proceeding taken to collect payment of such amounts; provided, however, to the extent any portion of the Expense Reimbursement is being contested in good faith, the Debtors shall (a) promptly pay the undisputed portion of the expense claimed by the Stalking Horse Purchaser, and (b) set aside the disputed portion of such expense in a separate interest bearing account for the sole benefit of Stalking Horse Purchaser pending the resolution of such dispute.  If no alternative transaction closes, the Break-Up Fee and Expense Reimbursement will not be due or paid but the Stalking Horse Purchaser's Deposit shall be returned to it within thirty (30) days after the conclusion of the relevant Auction in which the Stalking Horse Purchaser is not selected as the Successful Bidder.

## III.    Sale Hearing

The Debtors will seek entry of the Sale Order from the Court at the Sale Hearing to begin at **10:00 a.m. Pacific Time on December 18, 2018** ~~2:00 p.m. Pacific Time on December 19, 2018~~ ~~(or at another date and time convenient to the Court)~~ to approve and authorize the sale transaction to the Successful Bidder(s) on terms and conditions determined in accordance with the Bidding Procedures.  The Debtors may submit and present such additional evidence, as they may deem necessary, at the Sale Hearing demonstrating that the Sale is fair, reasonable, and in the best interest of the Debtors' estates and all interested parties, and satisfies the standards necessary to approve a sale of the Purchased Assets."

## IV.    Sale Order

The Sale Order will provide Court approval of (i) the Sale to the Successful Bidder, free and clear of all liens, claims, interests, and encumbrances pursuant to § 363 of the Bankruptcy Code, with the proceeds of the Sale deposited in accordance with Paragraph 4 of the Final DIP Order, with all liens, claims, interests, and encumbrances to attach to the sale proceeds with the same validity and in the same order of priority as they attached to the Purchased Assets prior to the Sale, including, without limitation, the liens and security interests of the DIP Lender and each of the Prepetition Secured Creditors under the relevant agreements, applicable law and the Final DIP Order, and (ii) the assumption by the Debtors and assignment to the Successful Bidder of the Assumed Executory Contracts and Leases pursuant to § 365 of the Bankruptcy Code.

109262452\V-9

## VII.    <u>Reservation</u>

The Debtors reserve the right, as they may determine in their discretion and in accordance with their business judgment to be in the best interest of their estates, in consultation with their professionals and the Consultation Parties to: (i) modify the Bidding Procedures to discontinue incremental bidding and then require that any and all bidders or potential purchasers to submit their sealed, highest and best offer for the Offered Assets; (ii) determine which Qualified Bid is the highest or otherwise best bid and which is the next highest or otherwise best bid; (iii) waive terms and conditions set forth herein with respect to all potential bidders; (iv) impose additional terms and conditions with respect to all potential bidders; (v) extend the deadlines set forth herein; (vi) continue or cancel an Auction and/or Sale Hearing in open court without further notice; and (vii) implement additional procedural rules that the Debtors determine, in their reasonable business judgment and in consultation with their professionals and the Official Committee, will better promote the goals of the bidding process; provided that such modifications are (a) not inconsistent with the Bidding Procedures Order, the Bidding Procedures, the Bankruptcy Rules, the Bankruptcy Code, or any Order of the Bankruptcy Court entered in connection herewith; and (b) disclosed to each Qualified Bidder participating in the Auction.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## Exhibit 2

### (Proposed Dates)

- **Service of Bidding Procedures Order, Procedure Notice, and Notice of Sale Hearing:**     October 26, 2018

- **Service of General Assumption/Cure Notice:**     November 12, 2018

- **Assumption/Cure Objection Deadline:**     November 29, 2018, at 4:00 p.m. (Pacific Time)

- **Partial Bid Deadline**     November 30, 2018, at 4:00 p.m. (Pacific Time)

- **Bid Deadline:**     December 5, 2018, at 4:00 p.m. (Pacific Time)

- **Partial Bid Auction:**     December 10, 2018, at 10:00 a.m. (Pacific Time)

- **Full Bid Auction:**     December 11, 2018, at 10:00 a.m. (Pacific Time)

- **Notice of Results of Auction & Memorandum**     December 12, 2018, at 10:00 a.m. (Pacific Time)[7]

- **Sale Objection Deadline:**     December 14, 2018, at 12:00 p.m. (Pacific Time)

- **Deadline to Objection To Assumption and Assignment:**     December 14, 2018, at 12:00 p.m. (Pacific Time)

- **Sale Hearing:**     December 18, 2018, at 10:00 a.m. ~~December 19, 2018, at 2:00 p.m.~~ (Pacific Time)

    **PLEASE NOTE** that if any of the Successful Bidders is <u>not</u> the Stalking Horse Purchaser, any counterparty to an Assumed Executory Contract may raise an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

---

[7] This date shall be extended if the Full Bid Auction is not completed by December 11, 2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109262452\V-9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**Exhibit 3**

**(Procedures Notice)**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With: Case No. 2:18-bk-20162-ER Case No. 2:18-bk-20163-ER |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20164-ER Case No. 2:18-bk-20165-ER Case No. 2:18-bk-20167-ER |

Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

☒ Affects All Debtors

☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

**NOTICE OF SALE PROCEDURES,
AUCTION DATE, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on October 1, 2018, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders to Use, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Hearing to Consider Approval of the Sale to the Highest Bidder, (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All*

*Claims, Liens and Encumbrances* (the "Motion").[8]  The Debtors seek, among other things, to sell all assets of O'Connor Hospital and Saint Louise Regional Hospital (excluding cash, A/R and causes of action) (the "Purchased Assets") to the successful bidder(s) (the "Successful Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to §§ 363 and 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the Motion and the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the Sale of the Offered Assets.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures.  To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, a partial bid auction (the "Partial Bid Auction") to sell the Offered Assets will be conducted on **December 10, 2018 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Partial Bid Auction.  Within forty-eight (48) hours of the conclusion of the Partial Bid Auction, the Debtors shall file a notice with the Bankruptcy Court identifying the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, a fill bid auction (the "Full Bid Auction") to sell the Offered Assets will be conducted on **December 11, 2018 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Full Bid Auction.  Within forty-eight (48) hours of the conclusion of the Full Bid Auction, the Debtors shall file a notice with the Bankruptcy Court identifying the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Offered Assets to the Successful Bidder (the "Sale Hearing") before the Honorable Ernest Robles, United States Bankruptcy Judge, United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012 , Courtroom 1568, on **December 18, 2018, at 10:00 a.m.** ~~December 19, 2018, at 2:00 p.m.~~ **(prevailing Pacific Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.  Objections to the Sale shall be filed with the Bankruptcy Court and served **so as to be received no later than 12:00 p.m. (prevailing Pacific Time) on December 14, 2018** by: (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 601 California Street, Suite 1505, San Francisco, CA   94108 (Attn: James Moloney

---

[8]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

- 2 -

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(jmoloney@cainbrothers.com)); (iii) counsel to the Stalking Horse Purchaser: McDermott Will & Emery LLP, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067 (Attn: James F. Owens (JFowens@mwe.com)); (iv) the Office of the United States Trustee (the "U.S. Trustee"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)); and (v) counsel to the Official Committee, : Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)  (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that this Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.  Any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion, the Bidding Procedures Order (including all exhibits thereto), the Bidding Procedures, and the Stalking Horse APA, may make such a request in writing to Dentons US LLP, Attn:  Samuel R. Maizel,  601South Figueroa Street, Suite 2500, Los Angeles, CA 90017 or by emailing samuel.maizel@dentons.com or by calling (213) 892-2910.

Dated:   October ___, 2018
        Los Angeles, California

**DENTONS US LLP**

Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street
Suite 2500
Los Angeles, California 90017
Tel:  213.623.9300
Fax:  213.623.9924
Email: samuel.maizel@dentons.com

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

- 3 -

109262452\V-9

1

## Exhibit 4

2

### (Cure Notice)

3

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

4

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER |
| ☒ Affects All Debtors | Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER |
| ☐ Affects Verity Health System of California, Inc. | Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER |
| ☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital | Case No. 2:18-bk-20175-ER |
| ☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center | Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER |
| ☐ Affects Seton Medical Center | Case No. 2:18-bk-20179-ER |
| ☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation | Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER |
| ☐ Affects St. Francis Medical Center of Lynwood Foundation | |
| ☐ Affects St. Vincent Foundation | |
| ☐ Affects St. Vincent Dialysis Center, Inc. | |
| ☐ Affects Seton Medical Center Foundation | |
| ☐ Affects Verity Business Services | |
| ☐ Affects Verity Medical Foundation | |
| ☐ Affects Verity Holdings, LLC | |
| ☐ Affects De Paul Ventures, LLC | |
| ☐ Affects De Paul Ventures - San Jose Dialysis, LLC | |
| Debtors and Debtors In Possession. | |

21

22

### NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES OF THE DEBTORS
### THAT MAY BE ASSUMED AND ASSIGNED

23

24

    **PLEASE TAKE NOTICE** that on October 1, 2018, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders to Use, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Hearing to Consider Approval of the Sale to the Highest Bidder, (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* (the "Motion").[9]

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain assets (the "Purchased Assets") of the Debtors and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Offered Assets to the Successful Bidder(s), free and clear of all liens, claims, interests and encumbrances pursuant to § 363 of the Bankruptcy Code, including the assumption by the Debtors and assignment to the buyer(s) of certain executory contracts and unexpired leases pursuant to § 365 of the Bankruptcy Code (the "Assumed Executory Contracts"), with such liens, claims, interests and encumbrances to attach to the proceeds of the Sale with the same priority, validity and enforceability as they had prior to such Sale. Within forty eight (48) hours following the conclusion of the Auction, the Debtors shall file a notice identifying the Successful Bidder(s) with the Bankruptcy Court and serve such notice by fax, email or overnight mail to all counterparties whose contracts are to be assumed and assigned. Any counterparty to an Assumed Executory Contract that wishes to receive such notice by email or fax, must provide their email address or fax number to Dentons US LLP, Attn: Samuel R. Maizel by emailing samuel.maizel@dentons.com or calling (213) 892-2910 before the Auction.

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on **December 18, 2018, at 10:00 a.m. ~~December 19, 2018 at 2:00 p.m.~~ (prevailing Pacific Time)**, before the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012 , Courtroom 1568. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may seek to assume an executory contract or unexpired lease to which you may be a party. The Assumed Executory Contract(s) are described on Exhibit A attached to this Notice. The amount shown on Exhibit A hereto as the "Cure Amount" is the amount, if any, which the Debtors assert is owed to cure any defaults existing under the Assumed Executory Contract.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assumed Executory Contract(s) on Exhibit A to which you are a party, you must file in writing with the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012, an objection on or before **November 29, 2018 at 4:00 p.m. (prevailing Pacific Time)**. Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an

---

[9]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109262452\V-9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any.  Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtors' assumption and assignment of the Assumed Executory Contract (including an objection based on adequate assurance of future performance by the Stalking Horse Purchaser[10] under the Assumed Executory Contract) to which you may be a party, you also must file that objection in writing no later **than 12:00 p.m. (prevailing Pacific Time) on December 14, 2018** provided, however, that if any Successful Bidder is not the Stalking Horse Purchaser, any counterparty to an Assumed Executory Contract may raise an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 601 California Street, Suite 1505, San Francisco, CA  94108 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Stalking Horse Purchaser: McDermott Will & Emery LLP, 2049 Century Park East, Suite 3800, Los Angeles, CA 90067 (Attn: James F. Owens (JFowens@mwe.com)); (iv) the Office of the United States Trustee (the "U.S. Trustee"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)); and (v) counsel to the Official Committee, : Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)  (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under §§ 365(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in connection with the proposed assignment of any Assumed Executory Contract.  The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtors and the counterparty cannot resolve the Cure Amount, the Debtors shall segregate from the proceeds of sale any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties.  Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

---

[10]   The Stalking Horse Purchaser is the County of Santa Clara, a political subdivision of the State of California.

109262452\V-9

1

2       PLEASE TAKE FURTHER NOTICE that, except to the extent otherwise provided in
the Purchase Agreement with the Successful Bidder(s), pursuant to § 365(k) of the Bankruptcy
3       Code, the Debtors and their estates shall be relieved of all liability accruing or arising after the
effective date of assumption and assignment of the Assumed Executory Contracts.

4       PLEASE TAKE FURTHER NOTICE that nothing contained herein shall obligate the
Debtors to assume any Assumed Executory Contracts or to pay any Cure Amount.[11]
5

6       PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND
SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF
7       REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

8       ANY COUNTERPARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO
DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH
9       ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH
CURE AMOUNT.

10

11      Dated: October ___, 2018                    **DENTONS US LLP**
             Los Angeles, California               Samuel R. Maizel
12                                                 Tania M. Moyron
                                                   601 S. Figueroa Street
13                                                 Suite 2500
                                                   Los Angeles, California 90017
14                                                 Tel:  213.623.9300
                                                   Fax:  213.623.9924
15                                                 Email: samuel.maizel@dentons.com

16                                                 *Proposed Attorneys for Debtors*
                                                   *and Debtors-in-Possession*
17

18

19

20

21

22

23

24

25

26      [11]  "Assumed Executory Contracts" are those Contracts and Leases that the Debtors believe may be
             assumed and assigned as part of the orderly transfer of the Offered Assets; however, the Successful
27           Bidder may choose to exclude certain of the Debtors' Contracts or Leases from the list of Assumed
             Executory Contracts as part of their Qualifying Bid, causing such Contracts and Leases not to be
28           assumed by the Debtors.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

109262452\V-9

1

## **Exhibit A**

2

**(Assumed Executory Contracts)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109262452\V-4