Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors<br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☒ Affects St. Francis Medical Center<br>☒ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>Adversary No. _____<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACTS, TURNOVER, UNJUST ENRICHMENT, DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY, AND INJUNCTIVE RELIEF** |

1

DOCS_LA:317849.6 89566/002

ST. VINCENT MEDICAL CENTER, a California nonprofit public benefit corporation and ST. FRANCIS MEDICAL CENTER, a California nonprofit public benefit corporation,

        Plaintiffs,

v.

LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY DBA L.A. CARE HEALTH PLAN, an independent local public agency,

        Defendant.

Plaintiffs St. Vincent Medical Center and St. Francis Medical Center, for their Complaint against Local Initiative Health Authority for Los Angeles County dba L.A. Care Health Plan, allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding (the "Action") pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. § 1409 because the Action arises in, and is related to, the bankruptcy cases encaptioned above pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

4. Plaintiffs consent to the entry of final orders or judgments by the Bankruptcy Court even it if is determined that, absent consent of the parties, the Bankruptcy Court cannot enter final orders or judgments in this proceeding.

## THE PARTIES

5. Debtor and Plaintiff St. Vincent Medical Center ("St. Vincent") is a California nonprofit public benefit corporation doing business in the County of Los Angeles providing hospital and ancillary medical services on an inpatient and outpatient basis.

2

6. Debtor and Plaintiff St. Francis Medical Center ("St. Francis") is a California nonprofit public benefit corporation doing business in the County of Los Angeles providing hospital and ancillary medical services on an inpatient and outpatient basis.

7. Defendant, Local Initiative Health Authority for Los Angeles County dba L.A. Care Health Plan ("L.A. Care"), is an independent local public agency. L.A. Care is a prepaid comprehensive health care service healthplan licensed to conduct such business in the county of Los Angeles under the Knox-Keene Health Care Services Plan Act of 1975, as amended. L.A. Care provides health services to its members under contractual arrangements with other health care services healthplans, hospitals, physicians, and other health care providers.

## BACKGROUND

8. On August 31, 2018 ("Petition Date"), each of the above encaptioned debtors (each a "Debtor" and collectively the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1] The cases are currently being jointly administered before the Bankruptcy Court [Docket No. 17]. Since the commencement of these cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9. Debtor Verity Health System of California, Inc. ("VHS"), a California nonprofit public benefit corporation, is the sole corporate member of each of St. Vincent and St. Francis.

10. VHS and its affiliated entities (collectively, the Verity Health System) operate as an integrated nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.

11. On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.

---

[1] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.,* as amended.

3

DOCS_LA:317849.6 89566/002

## FIRST CLAIM FOR RELIEF

**(For Breach of Written Contract by Plaintiff St. Vincent Against Defendant)**

12. Plaintiff St. Vincent refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 11 above, as though fully set forth herein.

13. On or about July 1, 1998, St. Vincent and L.A. Care entered into a written Hospital Per Diem Services Agreement (the "St. Vincent/L.A. Care Agreement"), as amended and supplemented from time to time thereafter, under which L.A. Care agreed to compensate St. Vincent for covered medical services rendered by it to L.A. Care's members at agreed upon rates. A true and correct copy of the initial St. Vincent/L.A. Care Agreement is attached hereto and incorporated herein by reference as **Exhibit "A"**.[2]

14. Pursuant to Paragraph 2.2 of the St. Vincent/L.A. Care Agreement, St. Vincent was required to submit claims for payment (the "St. Vincent Fee for Service Claims") to L.A. Care within six months of the date of service for L.A. Care members, and L.A. Care was required to make payments to St. Vincent within thirty days of receipt of the St. Vincent Fee for Service Claims at the rates agreed to between the parties. Other than charging L.A. Care's members certain copayments or deductibles, pursuant to Paragraphs 2.3 and 4.6 to the St. Vincent/L.A. Care Agreement, St. Vincent is precluded from seeking payment for services rendered from those members or from the state or federal government or any agency thereof in the event that L.A. Care fails to pay a timely submitted claim.

15. Between November 2, 2017 and December 3, 2018, St. Vincent timely submitted no fewer than 606 St. Vincent Fee for Service Claims to L.A. Care for payment to St. Vincent within thirty days of the submission of each claim (the "Subject St. Vincent Fee for Service Claims").

16. L.A. Care has systematically and materially breached the St. Vincent/L.A. Care Agreement by failing and refusing to pay St. Vincent for the services St. Vincent rendered to L.A.

---

[2] The St. Vincent/L.A. Care Agreement, including various of its amendments, contains a compensation schedule on an Exhibit D setting forth the rates of compensation for services rendered by St. Vincent to L.A. Care's members, which rates are confidential pursuant to the terms of the St. Vincent/L.A. Care Agreement. That exhibit is therefore redacted from the attachment to this Complaint.

4

DOCS_LA:317849.6 89566/002

Care's members, or by paying St. Vincent amounts less than those owed pursuant to the terms of the St. Vincent/L.A. Care Agreement. A list of the Subject St. Vincent Fee for Service Claims, including the dates of submission, amounts owed and partial payments, if any, redacted to preserve confidential patient information, is attached hereto as **Exhibit "B"**.

17. St. Vincent has performed all terms and conditions required of it to be performed under the terms of the St. Vincent/L.A. Care Agreement.

18. Demand for payment of the unpaid and underpaid Subject St. Vincent Fee for Service Claims was made before, on, and after September 26, 2018, but L.A. Care has continued to fail and refuse to pay the Subject St. Vincent Fee for Service Claims.

19. By reason of L.A. Care's breach of the St. Vincent/L.A. Care Agreement, as of December 3, 2018, St. Vincent has been damaged in the sum of not less than $4,320,335.32, of which $1,895,994.64 constitutes systematic underpayments, plus interest thereon at the legal rate from and after thirty days after the submission of each Subject St. Vincent Fee for Service Claim to L.A. Care. To the extent L.A. Care continues to fail and refuse to timely and fully pay future St. Vincent Fee for Service Claims ("Future St. Vincent Fee for Service Claims") when due, St. Vincent shall seek herein additional damages for such non-payments or underpayments according to proof, plus interest thereon from each due date until paid in full.

## SECOND CLAIM FOR RELIEF

### (For Turnover By Plaintiff St. Vincent Against Defendant)

20. Plaintiff St. Vincent refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 19 above, as though fully set forth herein.

21. Pursuant to § 541 of the Bankruptcy Code, the amounts owed by L.A. Care to St. Vincent under the terms of the St. Vincent/L.A. Care Agreement and the Subject St. Vincent Fee for Service Claims submitted to L.A. Care thereunder constitute property of St. Vincent's estate.

22. Section 542 of the Bankruptcy Code requires that any entity in possession, custody, or control of property that the debtor my use, sell, or lease under § 363 of the Bankruptcy Code shall deliver such property or the value of same to the debtor.

5

DOCS_LA:317849.6 89566/002

23. Pursuant to § 542(b) of the Bankruptcy Code, an entity that owes a matured debt that is property of the bankruptcy estate, shall pay such debt to the debtor.

24. On or about September 26, 2018, and prior and subsequent thereto, St. Vincent made demand on L.A. Care to turn over the amounts owed to it under the terms of the St. Vincent/L.A. Care Agreement.

25. Despite such demand, Defendant has failed and continues to fail and refuse to turn over the sums owed to St. Vincent.

26. Plaintiff is entitled to an order directing L.A. Care (a) to immediately pay the amounts owing to St. Vincent on its St. Vincent Fee for Service Claims, plus interest at the legal rate from the due date of each claim submitted by St. Vincent to L.A. Care and any Future St. Vincent Fee for Service Claims that accrue on and after December 3, 2018, though the date of judgment, plus interest thereon at the legal rate, according to proof, and (b) to immediately pay no less than $89,589.64, representing the amounts of the unauthorized Setoffs taken by Defendant through December 3, 2018 in violation of the automatic stay in relation to the St. Vincent Capitation Fee Deductions, as defined and set forth in the Fourth and Ninth Claims for Relief below.

### **THIRD CLAIM FOR RELIEF**

**(For Unjust Enrichment By Plaintiff St. Vincent Against Defendant)**

27. Plaintiff St. Vincent refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 26 above, as though fully set forth herein.

28. St. Vincent provided services to L.A. Care's members on behalf of and for the benefit of L.A. Care.

29. St. Vincent provided the services with the understanding that it would be paid for the services rendered by L.A. Care, but L.A. Care has failed to pay for such services.

30. L.A. Care has obtained the benefit from those services and has been unjustly enriched thereby to the detriment of St. Vincent.

31. By reason thereof, St. Vincent is entitled to an order directing L.A. Care to (a) disgorge $4,320,335.32 plus interest at the legal rate from thirty days after submission of each Subject St. Vincent Fee for Service Claim and the amount of any Future St. Vincent Fee for Service

6

Claims that accrue on and after December 3, 2018, through the date of judgment, plus interest thereon at the legal rate, according to proof, and (b) disgorge no less than $89,589.64, representing the amounts of the unauthorized Setoffs taken by Defendant through December 3, 2018 as to the St. Vincent Capitation Fee Deductions in violation of the automatic stay, as defined and set forth in the Fourth and Ninth Claims for Relief below.

## FOURTH CLAIM FOR RELIEF

### (For Damages for Violation of the Automatic Stay
### By Plaintiff St. Vincent Against Defendant)

32.    Plaintiff St. Vincent refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 31 above, as though fully set forth herein.

33.    Defendant had actual notice of the bankruptcy filings by the Debtors and of the imposition of the automatic stay by virtue of the *Notice of Case Commencement of Chapter 11 Cases and Meeting of Creditors Pursuant to Section 341 of the Bankruptcy Code* that was served on Defendant. [Docket No.185; 271]  Defendant was also sent a formal letter informing Defendant of the Debtors' bankruptcy filings on September 14, 2018.

34.    Notwithstanding its knowledge of the bankruptcy filings, Defendant made deductions (the "St. Vincent Capitation Fee Deductions") from capitation payments (the "Capitation Fees") due to St. Vincent on a monthly basis for amounts allegedly owing to Defendant under the St. Vincent/L.A. Care Agreement that, upon information and belief, arose prior to the Petition Date, in an amount of not less than $89,589.64 (the "Setoffs").

35.    Pursuant to § 541 of the Bankruptcy Code, the amounts owed by Defendant to St. Vincent arising after the Petition Date on account of Capitation Payments constitute property of St. Vincent's bankruptcy estate.

36.    The Setoffs were not authorized by the Debtors and no prior approval was received from the Court by Defendant prior to effectuating the Setoffs.

37.    By effectuating the Setoffs, Defendant violated the automatic stay provisions in at least the following ways:  (i) exercising control over property of St. Vincent's bankruptcy estate within the meaning of § 362(a)(3) of the Bankruptcy Code; (ii) collecting or recovering a claim

against the debtor that arose before the Petition Date within the meaning of § 362(a)(6) of the Bankruptcy Code; and (iii) setting off debt owing to St. Vincent that arose before the Petition Date within the meaning of § 362(a)(7) of the Bankruptcy Code.

38. St. Vincent is entitled to a determination that L.A. Care's acts of effectuating the Setoffs violate the automatic stay and that St. Vincent is entitled to return of not less than $89,589.64 and any other amounts improperly setoff after December 3, 2018 against Capitation Fee amounts owing to St. Vincent on a monthly basis as St. Vincent Capitation Fees, and for other compensatory damages according to proof.

## FIFTH CLAIM FOR RELIEF

**(For Breach of Written Contract by Plaintiff St. Francis Against Defendant)**

39. Plaintiff St. Francis refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 11 above, as though fully set forth herein.

40. On or about March 31, 2003, St. Francis and L.A. Care entered into a written Hospital Services Agreement (the "St. Francis/L.A. Care Agreement"), as amended and supplemented from time to time thereafter under which L.A. Care agreed to compensate St. Francis for covered medical services rendered by it to L.A. Care's members at agreed upon rates. A true and correct copy of the initial St. Francis/L.A. Care Agreement is attached hereto and incorporated herein by reference as **Exhibit "C"**.[3]

41. Pursuant to Paragraph 3.2 of the St. Francis/L.A. Care Agreement, St. Francis was required to submit fee for service claims for payment (the "St. Francis Fee for Service Claims") to L.A. Care within six months of the date of service for L.A. Care members, and L.A. Care was required to make payments to St. Francis within thirty days of receipt of the St. Francis Fee for Service Claims at the rates agreed to between the parties. Other than charging L.A. Care members certain copayments or deductibles, pursuant to Paragraph 3.3 of the St. Francis/L.A. Care

---

[3] The St. Francis/L.A. Care Agreement, including various of its amendments, contains a compensation schedule on an Exhibit D setting forth the rates of compensation for services rendered by St. Francis to L.A. Care's members, which rates are confidential pursuant to the terms of the St. Francis/L.A. Care Agreement. That Exhibit is therefore redacted from the attachment to this Complaint.

8

DOCS_LA:317849.6 89566/002

Agreement, St. Francis is precluded from seeking payment for services rendered to L.A. Care members from those members in the event that L.A. Care fails to pay a timely submitted claim.

42. Between November 2, 2017 and December 3, 2018, St. Francis submitted no fewer than 2,134 St. Francis Fee for Service Claims to L.A. Care for payment to St. Francis within thirty days of the submission of each claim (the "Subject St. Francis Fee for Service Claims").

43. L.A. Care has systematically and materially breached the St. Francis/L.A. Care Agreement by failing and refusing to pay St. Francis for the services St. Francis rendered to L.A. Care's members, or by paying St. Francis amounts less than those owed for the St. Francis Fee for Service Claims pursuant to the terms of the St. Francis/L.A. Care Agreement. A list of the Subject St. Francis Fee for Service Claims, including the dates of submission, amounts owed and partial payments, if any, redacted to preserve confidential patient information, is attached hereto as **Exhibit "D"**.

44. St. Francis has performed all terms and conditions required of it to be performed under the terms of the St. Francis/L.A. Care Agreement.

45. Demand for payment of the unpaid and underpaid Subject St. Francis Fee for Service Claims was made before, on, and after September 26, 2018, but L.A. Care has continued to fail and refuse to pay the Subject St. Francis Fee for Service Claims.

46. By reason of L.A. Care's breach of the St. Francis/L.A. Care Agreement, as of December 3, 2018, St. Francis has been damaged in the sum of no less than $21,054,689.63, of which $12,502,651.97 constitutes systematic underpayments, plus interest thereon at the legal rate from thirty days after the submission of each Subject St. Francis Fee for Service Claim to L.A. Care. To the extent L.A. Care continues to fail and refuse to timely and fully pay future St. Francis Fee for Service Claims ("Future St. Francis Fee for Service Claims") when due, St. Francis shall seek herein additional damages for such non-payments or underpayments according to proof, plus interest thereon from each due date until paid in full.

DOCS_LA:317849.6 89566/002

## **SIXTH CLAIM FOR RELIEF**

### **(For Turnover By Plaintiff St. Francis Against Defendant)**

47. Plaintiff St. Francis refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 11 and 39 through 46 above, as though fully set forth herein.

48. Pursuant to § 541 of the Bankruptcy Code, the amounts owed by L.A. Care to St. Francis under the terms of the St. Francis/L.A. Care Agreement and the Subject St. Francis Fee for Service Claims to L.A. Care thereunder constitute property of St. Francis's estate.

49. Section 542 of the Bankruptcy Code requires that any entity in possession, custody, or control of property that the debtor my use, sell, or lease under § 363 of the Bankruptcy Code shall deliver such property or the value of same to the debtor.

50. Pursuant to § 542(b) of the Bankruptcy Code, an entity that owes a matured debt that is property of the bankruptcy estate, shall pay such debt to the debtor.

51. On or about September 26, 2018, and prior and subsequent thereto, St. Francis made demand on L.A. Care to turn over the amounts owed to it on the St. Francis Subject Fee for Service Claims under the terms of the St. Francis/L.A. Care Agreement.

52. Despite such demand, Defendant has failed and continues to fail and refuse to turn over the sums owed to St. Francis.

53. Plaintiff is entitled to an order directing L.A. Care (a) to immediately pay the amounts owing to St. Francis on its St. Francis Fee for Service Claims, plus interest at the legal rate from the due date of each claim submitted by St. Francis to L.A. Care and any Future St. Francis Fee for Service Claims that accrue on and after December 3, 2018, though the date of judgment, plus interest thereon at the legal rate, according to proof, and (b) to immediately pay no less than $269,570.43, representing the amounts of the unauthorized Setoffs taken by Defendant through December 3, 2018 in violation of the automatic stay in relation to the St. Francis Capitation Fee Deductions, as defined and set forth in the Seventh and Eighth Claims for Relief below.

DOCS_LA:317849.6 89566/002

## SEVENTH CLAIM FOR RELIEF

**(For Unjust Enrichment By Plaintiff St. Francis Against Defendant)**

54. Plaintiff St. Francis refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 11 and 39 through 53 above, as though fully set forth herein.

55. St. Francis provided services to L.A. Care's members on behalf of and for the benefit of L.A. Care.

56. St. Francis provided the services with the understanding that it would be paid for the services rendered by L.A. Care, but L.A. Care has failed to pay for such services.

57. L.A. Care has obtained the benefit from those services and has been unjustly enriched thereby to the detriment of St. Francis.

58. By reason thereof, St. Francis is entitled to an order directing L.A. Care to (a) disgorge $21,054,689.63 plus interest at the legal rate from thirty days after submission of each Subject St. Francis Fee for Service Claim and the amount of any Future St. Francis Fee for Service Claims that accrue on and after December 3, 2018, through the date of judgment, plus interest thereon at the legal rate, according to proof, and (b) disgorge no less than $269,570.43, representing the amounts of the unauthorized Setoffs taken by Defendant through December 3, 2018 as to the St. Francis Capitation Fee Deductions in violation of the automatic stay, as defined and set forth in the Seventh and Eighth Claims for Relief below.

## EIGHTH CLAIM FOR RELIEF

**(For Damages for Violation of the Automatic Stay**

**By Plaintiff St. Francis Against Defendant)**

59. Plaintiff St. Francis refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 11 and 39 through 58 above, as though fully set forth herein.

60. Defendant had actual notice of the bankruptcy filings by the Debtors and of the imposition of the automatic stay by virtue of the *Notice of Case Commencement of Chapter 11 Cases and Meeting of Creditors Pursuant to Section 341 of the Bankruptcy Code* that was served on Defendant. [Docket No.185; 271] Defendant was also sent a formal letter informing Defendant of the Debtors' bankruptcy filings on September 14, 2018.

DOCS_LA:317849.6 89566/002

61. Notwithstanding its knowledge of the bankruptcy filings, Defendant made deductions (the "St. Francis Capitation Fee Deductions") from capitation payments (the "Capitation Fees") due to St. Francis on a monthly basis for amounts allegedly owing to Defendant under the St. Francis/L.A. Care Agreement that, upon information and belief, arose prior to the Petition Date, in an amount of not less than $269,570.43 (the "Setoffs"). A summary of the Setoffs through December 3, 2018 is attached hereto as **Exhibit "E"**.

62. Pursuant to § 541 of the Bankruptcy Code, the amounts owed by Defendant to St. Francis arising after the Petition Date on account of Capitation Payments constitute property of St. Francis's bankruptcy estate.

63. The Setoffs were not authorized by the Debtors and no prior approval was received from the Court by Defendant prior to effectuating the Setoffs.

64. By effectuating the Setoffs, Defendant violated the automatic stay provisions in at least the following ways: (i) exercising control over property of St. Francis's bankruptcy estate within the meaning of § 362(a)(3) of the Bankruptcy Code; (ii) collecting or recovering a claim against the debtor that arose before the Petition Date within the meaning of § 362(a)(6) of the Bankruptcy Code; and (iii) setting off debt owing to St. Francis that arose before the Petition Date within the meaning of § 362(a)(7) of the Bankruptcy Code.

65. St. Francis is entitled to a determination that L.A. Care's acts of effectuating the Setoffs violate the automatic stay and that St. Francis is entitled to return of not less than $269,570.43 and any other amounts improperly setoff after December 3, 2018 against Capitation Fee amounts owing to St. Francis on a monthly basis as St. Francis Capitation Fees, and for other compensatory damages according to proof.

## NINTH CLAIM FOR RELIEF

**(For Injunctive Relief By Plaintiffs St. Vincent and St. Francis against Defendant)**

66. Plaintiffs refer to and incorporate herein each and every allegation set forth in paragraphs 1 through 65 above, as though fully set forth herein.

DOCS_LA:317849.6 89566/002

67. Plaintiffs are entitled to an order pursuant to Bankruptcy Code §§ 105(a) and 362 enjoining the Defendant from engaging in any further setoff of Capitation Fees owed to Plaintiffs against any claims held by Defendant.

68. To the extent L.A. Care continues to setoff Capitation Fees due to St. Francis, Plaintiffs, or either of them, reserve the right to amend this Complaint to seek punitive damages for intentional violation of the automatic stay.

## **PRAYER**

WHEREFORE, Plaintiffs pray for entry of judgment against Defendants as follows:

On the First Claim for Relief asserted by Plaintiff St. Vincent:

1. For judgment against Defendant in the sum of $4,320,335.32;

2. For judgment against Defendant for each Future St. Vincent Fee for Service Claim in an amount according to proof;

3. For interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full;

4. For attorneys' fees and costs according to proof; and

5. For such further and other relief the Court deems just and proper.

On the Second and Third Claims for Relief asserted by Plaintiff St. Vincent:

6. For an order directing Defendant to turn over or disgorge to St. Vincent (a) the sum of $4,320,335.32 plus interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full, and (b) the amounts impermissibly Setoff on account of deductions from Capitation Payments owed to St. Vincent of an amount of not less than $89,589.64.

7. For an order directing Defendant to turn over or disgorge to St. Vincent such additional sums as become due and owing to St. Vincent for Future St. Vincent Fee for Service Claims that accrue on and after December 3, 2018, plus interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full.

8. For attorneys' fees and costs according to proof; and

9. For such further and other relief the Court deems just and proper.

13

DOCS_LA:317849.6 89566/002

On the Fourth Claim for Relief asserted by Plaintiff St. Vincent:

10. For a determination that Defendant's effectuating the Setoffs violated the automatic stay, and for an award of $89,589.64 for Setoffs taken through December 3, 2018 plus other compensatory damages, according to proof;

11. For attorneys' fees according to proof; and

12. For such other and further relief the Court deems just and proper.

On the Fifth Claim for Relief asserted by Plaintiff St. Francis:

13. For judgment against Defendant in the sum of $21,054,689.63;

14. For judgment against Defendant for each Future St. Francis Fee for Service Claim in an amount according to proof;

15. For interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full;

16. For attorneys' fees and costs according to proof; and

17. For such further and other relief the Court deems just and proper.

On the Sixth and Seventh Claims for Relief asserted by Plaintiff St. Francis:

18. For an order directing Defendant to turn over or disgorge to St. Francis (a) the sum of $21,054,689.63, plus interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full, and (b) the amounts impermissibly Setoff on account of deductions from Capitation Payments owed to St. Francis of not less than $269,570.43;

19. For an order directing Defendant to turn over or disgorge to St. Francis such additional sums as become due and owing to St. Francis for Future St. Francis Fee for Service Claims that accrue after December 3, 2018, plus interest thereon at the legal rate from 30 days after the submission of each timely claim until paid in full.

On the Eighth Claim for Relief asserted by Plaintiff St. Francis:

20. For a determination that Defendant's effectuating the Setoffs violated the automatic stay, and for an award of $269,570.43 for Setoffs taken through December 3, 2018 plus other compensatory damages, according to proof;

21. For attorneys' fees according to proof; and

14

DOCS_LA:317849.6 89566/002

22. For such other and further relief the Court deems just and proper.

On the Ninth Claim for Relief asserted by Plaintiffs St. Vincent and St. Francis:

23. For injunctive relief pursuant to Bankruptcy Code §§ 105(a) and 362 prohibiting Defendant from effectuating any further Setoffs against Capitation Fees owed to either Plaintiff in violation of the automatic stay;

24. For attorneys' fees and costs according to proof; and

25. For such further and other relief the Court deems just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  January 3, 2019

*/s/ Steven J. Kahn*
Steven J. Kahn
Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

DOCS_LA:317849.6 89566/002