XAVIER BECERRA
Attorney General of California
TANIA M. IBANEZ
Senior Assistant Attorney General
ALICIA BERRY (SBN 228367)
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Tel: (213) 269-6550 / Fax: (213) 897-7605
  E-mail: Alicia.Berry@doj.ca.gov
Attorneys for Xavier Becerra, California Attorney General

# IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br>**VERITY HEALTH SYSTEMS OF CALIFORNIA, INC.**, *et al.*,<br>　　　　　　　Debtor and Debtor In Possession.<br>☒ Affects All Debtors<br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br>　　　　　　　Debtors and Debtors In Possession.<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br>　　　　　　　Debtors and Debtors In Possession,<br>　　　　　　　　　　Plaintiffs,<br>　　　v.<br><br>OLD REPUBLIC INSURANCE COMPANY and CITY NATIONAL BANK,<br>　　　　　　　　　　Defendants. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br>Honorable Judge Ernest M. Robles<br><br>**CALIFORNIA ATTORNEY GENERAL'S MOTION TO STAY THE COURT'S ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS TO SANTA CLARA COUNTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PENDING APPEAL OF THE COURT'S MEMORANDUM OF DECISION OVERRULING OBJECTIONS OF THE CALIFORNIA ATTORNEY GENERAL AND SALE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALICIA BERRY;**<br><br>**[Dkt Nos. 1146 and 1153]** |

Adv. Proc. No. 2:18-ap-01277-ER

Application for Shortened Time filed Concurrently

**Hearing:**
Date: [to be set]
Time:
Location: United States Bankruptcy Court
    Courtroom 1568
    255 East Temple Street
    Los Angeles, CA 90012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

BACKGROUND ........................................................................................... 1

ARGUMENT ................................................................................................ 6

    I.      The CAG is Likely to Succeed on the Merits of the Appeal ............... 7

          A.     There Was No Waiver of the CAG's Conditions ...................... 7

          B.     The Doctrine of Equitable Estoppel Does Not Apply ............... 8

          C.     The CAG Exercised His Police and Regulatory Powers by Imposing Conditions on the 2015 Transaction .......................... 9

    II.     The CAG Will Suffer Irreparable Injury Absent a Stay .................... 12

    III.    There Will Be Less Harm to Other Interested Parties If a Stay is Granted ....................................................................................... 13

    IV.    A Stay Would Promote the Public Interest ..................................... 13

CONCLUSION ........................................................................................... 14

**California Attorney General's Motion to Stay the Court's Order** (2:18-bk-20151-ER)

# TABLE OF AUTHORITIES

**Page**

CASES

*Aguilar v. Association for Retarded Citizens*
    234 Cal.App.3d 21(1991) ........................................................................ 12

*Alliance for the Wild Rockies v. Cottrell*
    632 F.3d 1127 (9th Cir. 2011) .................................................................. 7

*Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*
    467 U.S. 837 (1984) ................................................................................ 12

*D'Amico v. Board of Medical Examiners*
    (1974) 11 Cal.3d 1, 14-15. The CAG ...................................................... 9

*Gabriel v. Alaska Elec. Pension Fund*
    773 F.3d 945 (9th Cir. 2014) .................................................................. 8

*H.L.S. Energy Co., Inc.* 151 F.3d 434 (5th Cir. 1998) ............................. 10

*Hilton v. Braunskill* (*Braunskill*)
    481 U.S. 770 (1987) ................................................................................ 6

*Humane Soc'y of U.S. v. Gutierrez*
    558 F.3d 896 (9th Cir. 2009) .................................................................. 6

*In re Stevens*
    68 B.R. 774 (D. Me. 1987) ...................................................................... 10

*Intel Corp. v. Hartford Acc. & Indem. Co.*
    952 F.2d 1551,1559 (9th Cir. 1991) ...................................................... 7

*Leiva-Perez v. Holder*
    640 F.3d 962 (9th Cir. 2011) .................................................................. 7

*Midlantic National Bank v. New Jersey Department of Environmental Protection*
    474 U.S. 494 (1986) ................................................................................ 10

*Morris v. Williams*
    67 Cal.2d 733 (1967) .............................................................................. 12

1

2

# TABLE OF AUTHORITIES
## (continued)

Page

3

*Providence Journal Co. v. Federal Bureau of Investigation*

4
   595 F.2d 889 (1st Cir. 1979) ................................................................. 7

5
*Standard Havens Prods v. Gencor Indus.* (*Standard Havens*)

6
   897 F.2d 511 (Fed. Cir. 1990) ........................................................... 6, 7

7
*Tribal Vill. of Akutan v. Hodel*
   859 F.2d 662 (9th Cir. 1988) ................................................................. 6

8

9
*Washington Metro Area Transit Comm'n v. Holiday Tours*
   559 F.2d 841 (D.C. Cir. 1977) .............................................................. 7

10

11
*Winter v. Natural Res. Def. Council*
   555 U.S. 7 (2008) .................................................................................. 6

12
**FEDERAL STATUTES**

13

14
United States Code, Title 11

15
   § 363(m) .............................................................................................. 12

16
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

17
   § 1221(d) ............................................................................................. 10

18
Bankruptcy Code Chapter 11 ..................................................... 3, 4, 10

19

20
Bankruptcy Code, Title 11

21
   § 959(b) ............................................................................................... 12

22
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ... 10

23
   § 363d)(1) ............................................................................................ 10

24
   § 541(f) ................................................................................................ 10

25
   § 1129(a)(16) ...................................................................................... 10

26
   § 1221(d) ............................................................................................. 10

27

28

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

**CALIFORNIA STATUTES**

Cal. Govt. Code, § 12598 ............................................................................................. 9

California Corporations Code

    § 5914 ............................................................................................... 1, 7, 11

    § 5920 ............................................................................................... 1, 7, 11

**CONSTITUTIONAL PROVISIONS**

Cal. Const., Article V, § 13 ................................................................................. 9, 11

**COURT RULES**

Federal Rules of Bankruptcy Procedure, Rule 8007(a)(1)(A) ............................... 6, 7

**OTHER AUTHORITIES**

Cal. Code Regs, Title 11

    § 999.5, subd. (e)(5) ............................................................................ 1

    § 999.5, subd. (e)(6) ............................................................................ 1

    § 999.5, subd. (f) ................................................................................. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

1.    In July 2015, Daughters of Charity Health System and Daughters of Charity Ministry Services Corporation (collectively, "Daughters") entered into the System Restructuring and Support Agreement with BlueMountain Capital Management, LLC ("BlueMountain"), pertaining to the change in governance and control of Daughters, its affiliated entities, five acute care hospitals and skilled nursing facility; those facilities include but are not limited to: St. Vincent Medical Center in Los Angeles, St. Francis Medical Center in Lynwood, O'Connor Hospital in San Jose, Saint Louise Regional Hospital in Gilroy, Seton Medical Center in Daly City, and Seton Coastside in Moss Beach.

2.    On July 31, 2015, Daughters submitted written notice of the transaction to the CAG for review and approval pursuant to California Corporations Code sections 5914 and 5920.  During the CAG's review of the transaction, a healthcare expert was retained to evaluate the potential impact of the transaction on the availability and accessibility of healthcare services to each of the communities served by the hospitals involved, as required by the California Code of Regulations, Title 11, section 999.5, subd. (e)(5) and (e)(6).  The regulations require the health care expert to assess the effect of the agreement on emergency services, reproductive health services, and any other health care services that the hospital is providing, the provision of services to Medi-Cal patients and county indigent patients, staffing and the availability of care, the likely retention of employees as it may affect continuity of care, and any mitigation measures proposed by the hospital to reduce any potential adverse effect on health care services.  Cal. Code Regs. Tit. 11, § 999.5, subd. (e)(6) (2018).  The regulations require that the Attorney General evaluate the effect of the transaction on the public, including the availability and accessibility of health care services to the affected community.  Cal. Code Regs.

**California Attorney General's Motion to Stay
the Court's Order (2:18-20151-ER)**

1    Tit. 11, § 999.5, subd. (f).  The expert prepared five health care impact statements.

2    These healthcare impact statements included interviews with medical staff,

3    management, and employees, board members, and community representatives.

4    These health care impact statements contained the expert's analysis of financial,

5    utilization, and health care services, demographic characteristics, payer mix,

6    hospital utilization records and trends, health status indicators, and hospital market

7    share information in formulating an opinion regarding the potential impact of the

8    transaction on the community.  (Declaration of Alicia Berry, ¶ 2.)

9        3.    On December 3, 2015, the CAG issued a decision to consent with

10   conditions, to the change in governance and control of Daughters of Charity Health

11   System (now known as Verity Health Systems of California, Inc.).  The decision

12   contained five sets of conditions ("CAG Conditions"), one for each of the hospitals,

13   as well as a copy of the healthcare impact reports for each of the hospitals. (CAG

14   Conditions, filed September 21, 2018 [Dkt No. 256-1].)  (Declaration of Alicia

15   Berry, ¶ 3.)

16       4.    The December 3, 2015 decision incorporated the recommendations of the

17   healthcare expert.  Several conditions were already contained within the System

18   Restructuring and Support Agreement, but were further formalized in the CAG's

19   decision (i.e., the hospital would continue to operate as general acute care hospitals

20   with emergency services, continuation of participation in the Medi-Cal and

21   Medicare programs, continuation of staff privileges.)  Moreover, the vast majority

22   of the CAG Conditions relate to the health, safety, and welfare of the People of the

23   State of California:  continued operation as licensed general acute care hospitals,

24   continued provision of 24-hour emergency and trauma medical services, continued

25   provision of certain essential health care services including reproductive health

26   services, continued participation in the Medi-Cal and Medicare programs for low

27   income, disabled and elderly patients, and the continuation of governmental

28   contracts that provide access to care for indigent patients.  (Declaration of Alicia

1  Berry, ¶ 4.)

2      5.     The transaction between Daughters and BlueMountain specifically

3  contemplated a future sale of the hospitals through the Purchase Option Agreements

4  listed in Condition II.  (CAG Conditions, at 177-178, 262-263, filed September 21,

5  2018 [Dkt No. 256-1].)  Condition I of the CAG Conditions provides that the

6  conditions shall be legally binding on the parties to the transaction, including the

7  hospital facilities, and any other subsidiary, parent, general partner, limited partner,

8  member, affiliate, successor, successor in interest, assignee, or person or entity

9  serving in a similar capacity, and any entity succeeding thereto as a result of

10  consolidation, affiliation, merger, or acquisition of all of substantially all of the real

11  property or operating assets of the hospitals, or the real property on which the

12  hospital is located, any and all current and future owners, lessees, licensees, or

13  operators of the hospital, and any and all current and future lessees and owners of

14  the real property on which the hospital is located. (CAG Conditions, at 177, 262,

15  filed September 21, 2018 [Dkt No. 256-1].)

16      6.     The conditions imposed by the CAG's decision for each of the five

17  hospitals and one skilled nursing facility remain in effect for fifteen years from the

18  closing date of the transaction. The conditions also make clear that they apply to all

19  future owners, managers, lessees, licensees, or operators of the hospitals and skilled

20  nursing facility. (CAG Conditions, at 177, 262, filed September 21, 2018 [Dkt No.

21  256-1].

22      7.     As part of the transaction, Daughters was renamed Verity Health System

23  of California, Inc. ("Verity").  Verity has since complied with the CAG Conditions

24  and has not sought the CAG's approval to modify any conditions.

25      8.     On August 31, 2018, Verity and its nonprofit subsidiaries (collectively,

26  the "Debtors") each filed a voluntary petition for relief under chapter 11 of the

27  Bankruptcy Code.

28      9.     On October 1, 2018, Verity filed Debtors' Notice Of Motion And Motion

**California Attorney General's Motion to Stay
the Court's Order (2:18-bk-20151-ER)**

For The Entry Of (I) An Order (1) Approving Form Of Asset Purchase Agreement For Stalking Horse Bidder And For Prospective Overbidders To Use, (2) Approving Auction Sale Format, Bidding Procedures And Stalking Horse Bid Protections, (3) Approving Form Of Notice To Be Provided To Interested Parties, (4) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest Bidder And (5) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order (A) Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances; Memorandum Of Points And Authorities In Support Thereof (Bid Procedures Motion) [Dkt No. 365] related to two of the hospitals in Santa Clara County: O'Connor Hospital in San Jose, and Saint Louise Regional Hospital in Gilroy.  Section 5.6 of the Asset Purchase Agreement indicates that "Purchaser agrees that promptly after the Signing Date, and in any event prior to the date of the Auction, it will use its commercially reasonable efforts to negotiate any issues with the CAG over approval of the transactions contemplated by this Agreement. Sellers agree to cooperate in good faith as permitted under the Bankruptcy Code to assist in this endeavor." (Asset Purchase Agreement, Section 5.6, at 49. [Dkt No. 365-1].)

10.   On October 10, 2018 the CAG filed his Response to Debtors' Motion for Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder, and (II) an Order (A) Authorizing the Sale of Property Free and Clear of all Claims, Liens and Encumbrances; Memorandum of Points and Authorities in Support Thereof (AG Bid Procedure Response) [Dkt No. 463] wherein the CAG objected to a sale free and clear of the CAG Conditions.

11.   On October 17, 2018 Verity filed its Debtors' Reply to Response of CAG to Debtors' Bid Procedures Motion [Dkt No. 560].

12.   On October 22, 2018, the CAG filed his Sur-Reply to Debtors' Reply to Response to CAG to Debtors' Bid Procedures Motion; Declaration of Alicia Berry (AG Bid Procedure Sur-Reply [Dkt No. 619] wherein the CAG objected to a sale

*California Attorney General's Motion to Stay
the Court's Order* (2:18-bk-20151-ER)

free and clear of the CAG Conditions.

13.  In the Court's Order dated October 30, 2018, the court did not rule on the objections asserted by the CAG, finding such objections premature.  However, the objections were preserved for the Sale Hearing.  [Dkt No. 714].)

14.  Beginning in late October 2018, staff from the CAG's Office began discussions with counsel for the County of Santa Clara ("County") regarding the applicability of the CAG Conditions.

15.  On November 2, 2018, the County submitted a request for clarification of certain of the CAG Conditions for O'Connor Hospital and Saint Louise Regional Hospital.  (County Request for Clarification, p. 5-8 [Dkt No. 1066].

16.  On November 9, 2018, the CAG issued a response clarifying that the CAG Conditions identified in the November 2 letter would not be enforced against the County.  (AG Letter of Clarification, p. 10-12 [Dkt No. 1066].)

17.  On December 12, 2018, Debtors' filed their Debtors' Notice of Motion and Motion for the Entry Of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders to Use, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest Bidder and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances; Memorandum of Points and Authorities In Support ("Motion for Sale") [Dkt No. 1041].

18.  On December 14, 2018, the CAG filed its Response to the Motion for Sale (CAG Response [Dkt No. 1066].)

19.  On December 21, 2018, the Court issued its Preliminary Findings and Conclusions [Dkt No. 1125], and requested the Debtors, the CAG, the Official Committee of Unsecured Creditors, and the County of Santa Clara submit further

**California Attorney General's Motion to Stay
the Court's Order** (2:18-bk-20151-ER)

briefing by December 24, 2018.

20.   The CAG submitted his Response on December 24, 2018 [Dkt No. 1140], and his errata dated December 26, 2018 [Dkt No. 1144].

21.   Debtor submitted a Response on December 24, 2018 [Dkt No. 1139]; and on that date also submitted the Declaration of Douglas Press [Dkt No. 1141].

22.   On December 26, 2018, the Court issued its Memorandum of Decision Overruling the Objections of the CAG to the Debtors' Sale Motion [Dkt No. 1146], and its Sale Order on December 27, 2018 [Dkt No. 1153].

23.   The transaction is scheduled to close by February 28, 2019.  (Declaration of Alicia Berry, ¶ 5.)

## ARGUMENT

Federal Rules of Bankruptcy Procedure, rule 8007(a)(1)(A) allows a bankruptcy court to suspend an order pending appeal.  The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction.  *Hilton v. Braunskill* (*Braunskill*), 481 U.S. 770, 776 (1987); *Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988); *see also Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, (2008) (laying out four-pronged test for preliminary injunctive relief).  For both the appellate court and the district court, "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits on the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies." *Braunskill*, 481 U.S. at 776; see *also Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009).

Courts need not give equal weight to each of the four factors.  *Standard Havens Prods v. Gencor Indus.* (*Standard Havens*), 897 F.2d 511, 512 (Fed. Cir.

1990); *see also Providence Journal Co. v. Federal Bureau of Investigation*, 595
F.2d 889, 890 (1st Cir. 1979).  Courts have used the sliding scale approach to
decide motions for stay.  *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011);
*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).
Likelihood of success in the appeal is not a rigid concept.  *Standard Havens*, 897
F.2d at 512; *see also Washington Metro Area Transit Comm'n v. Holiday Tours*,
559 F.2d 841, 844 (D.C. Cir. 1977) (A court may grant a stay when "[t]here is
substantial equity, and a need for judicial protection, whether or not movant has
shown a mathematic probability of success.").

A motion for stay of the order of a bankruptcy judge must ordinarily be
presented to the bankruptcy judge in the first instance.  Fed. R. Bankr. P. 8007.

## I.   THE CAG IS LIKELY TO SUCCEED ON THE MERITS OF THE APPEAL

The Bankruptcy Court held 1.) that the CAG had waived his right to object to
the sale of the hospitals free and clear of the CAG Conditions, 2.) that the CAG is
equitably estopped from contesting the Debtors' ability to sell the hospitals free and
clear of the CAG Conditions, and 3.) that the sale of a nonprofit healthcare facility
to a public entity is not subject to CAG review under Corporations Code sections
5914 and 5920.  The three grounds for the Court's ruling are discussed separately
below:

### A.   There Was No Waiver of the CAG's Conditions

Under California law, waiver is a question of fact.  Waiver is an affirmative
defense, for which the party asserting it bears the burden of proof.  *Intel Corp. v.
Hartford Acc. & Indem. Co*. 952 F.2d 1551,1559 (9th Cir. 1991).  Here, neither
Debtor nor the County has met the burden of proof.

Shortly before the CAG filed his CAG Response on December 14, Assistant
County Counsel Doug Press was advised that the CAG did not object to the sale *as
long as the conditions as currently or subsequently clarified remained in place*.
(Declaration of Angela Sierra, p. 21, ¶ 6-7 [Dkt No. 1144.)  The County provided

1  no evidence that the CAG intended to, or had, withdrawn his previous objections.

2  In fact, the Declaration of Doug Press further corroborates the arguments and

3  declarations submitted by the CAG.  Mr. Press acknowledges that "we also agreed

4  to discuss, *post-sale*, how to address the other conditions under a variety of

5  approaches" and that "ongoing discussions with the County about the other

6  conditions were contemplated outside the Court process."  (Declaration of Douglas

7  Press, ¶ 5 [Dkt No. 1141].)  As such, it is clear that the County understood that the

8  CAG Conditions would survive the sale order, or there would have been no need to

9  continue discussing the CAG Conditions post-sale.  Thus, as evidenced by Press'

10  declaration, the County did not have a reasonable belief that the CAG had

11  intentionally relinquished his police and regulatory rights.

12  **B.    The Doctrine of Equitable Estoppel Does Not Apply**

13  The doctrine of equitable estoppel requires: 1.) the party to be estopped must

14  know the facts, 2.) he must intend that his conduct shall be acted on, 2.) the party

15  asserting the right to estoppel must be ignorant of the true facts, and 4.) the party

16  asserting estoppel must act in reliance and to his injury.  *Gabriel v. Alaska Elec.*

17  *Pension Fund* 773 F.3d 945, 955 (9th Cir. 2014).

18  Here, the County has failed to prove three factors of the four-prong test in

19  *Gabriel*.  First, there has been no showing that the CAG intended the December 14,

20  2018 filing to be treated as a waiver.  In fact, moments before the filing took place,

21  the Chief Assistant Attorney General Angela Sierra explained to the Assistant

22  County Counsel Doug Press that the language meant that the CAG did not object to

23  the sale *as long as the conditions, as clarified, remained in place*.  Thus, the CAG

24  did not intend the filing to waive all previous objections to the sale of the hospital,

25  and no evidence has been introduced that negates this fact.  Rather, the County was

26  apprised of the CAG's position moments before the December 14, 2018 filing.

27  Second, as shown by the Declaration of Douglas Press, the County "agreed

28  to discuss, post-sale, how to address the other conditions under a variety of

**California Attorney General's Motion to Stay
the Court's Order** (2:18-bk-20151-ER)

1    approaches" and that "ongoing discussions with the County about the other

2    conditions were contemplated outside the Court process." (Declaration of Douglas

3    Press, ¶ 5 [Dkt No. 1141].) As such, not only was the County apprised of the

4    CAG's position, the County agreed that the parties would continue discussions

5    about the CAG Conditions post-sale – which requires that the CAG Conditions

6    survive the sale order.

7        Lastly, even after submitting Mr. Press' declaration, there is no evidence that

8    the County or Debtors were injured as required by the fourth prong. While the

9    County has argued that they were injured, there is no evidence before the Court to

10    support such a position. Moreover, because the County was aware that the CAG

11    did not intend to waive his CAG Conditions, there was no reliance and no injury to

12    support the application of the equitable estoppel doctrine.

13    **C.    The CAG Exercised His Police and Regulatory Powers by
         Imposing Conditions on the 2015 Transaction**

14

15        Xavier Becerra is the duly elected Attorney General of the State of California

16    and is the chief law officer of the State, as was Attorney General Kamala Harris

17    before him. Cal. Const., art. V, § 13. The CAG has broad constitutional, common

18    law and statutory powers under the state constitution to protect the public. Cal.

19    Const., art. V, §13; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1,

20    14-15. The CAG is charged with the supervision and regulation of nonprofit

21    corporations and other charitable trusts in this state. Cal. Govt. Code, § 12598.

22        CAG Harris exercised her police and regulatory powers in December 2015

23    when she issued a decision to consent with conditions to the change in governance

24    and control of Daughters, its affiliated entities, five acute care hospitals and skilled

25    nursing facility; including St. Vincent Medical Center in Los Angeles, St. Francis

26    Medical Center in Lynwood, O'Connor Hospital in San Jose, Saint Louise Regional

27    Hospital in Gilroy, Seton Medical Center in Daly City, and Seton Coastside in

28    Moss Beach. The terms of the CAG Conditions were to remain in place for 15

1    years, though certain conditions expire sooner.  (CAG Conditions, p. 178 and 263

2    [Dkt No. 256-1].)  As such, the continued operation of the CAG Conditions is a

3    continuation of the CAG's police and regulatory powers.  The Bankruptcy Court

4    was required to apply non-bankruptcy law under Bankruptcy Code sections 959(b)

5    and the amendments to the Bankruptcy Code in the Bankruptcy Abuse Prevention

6    and Consumer Protection Act of 2005 of sections 363(d)(1), 541(f), 1129(a)(16),

7    and 1221(d) that specifically provide that applicable non-bankruptcy law applies to

8    sales of assets by a nonprofit debtor.

9      The Supreme Court held in *Midlantic National Bank v. New Jersey*

10   *Department of Environmental Protection*, 474 U.S. 494, 507 (1986), in a Chapter

11   11 case that converted to a liquidation proceeding in a Chapter 7, that the

12   Bankruptcy Code does not preempt "a state statute or regulation that is reasonably

13   designed to protect the public health or safety…."  The Court noted Congress'

14   intentions that the trustee's efforts "to marshal and distribute the assets of the

15   estate" give way to the governmental interest in public health and safety.  *Id.* at 502.

16   In addition, other courts have applied section 959(b) where the state was exercising

17   its inherent regulatory and police powers in a Chapter 7 or other liquidation

18   situation.  *H.L.S. Energy Co., Inc.* 151 F.3d 434 (5th Cir. 1998) and *In re Stevens*, 68

19   B.R. 774 (D. Me. 1987).

20      The legislative history regarding sections 363(d)(1)[1], 1129(a)(16)[2], and

21   1221(d)[3] clearly shows Congress's intent to give greater influence to state

22   regulators and attorneys general, and limit the ability of trustees or debtors-in-

23

---

[1] Section 363(d)(1) provides that the trustee may use, sell, or lease property of the estate only in accordance with non-bankruptcy law applicable to the transfer of the debtor's property.

[2] Section 1129(a)(16) provides that all transfers of property of the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a nonprofit corporation.

[3] The Attorney General is a party in interest to these Chapter 11 proceedings pursuant to Section 1221(d) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 as "the attorney general of the State in which the debtor is incorporated, was formed or does business."

possession to use, sell or lease property of a nonprofit corporation in derogation of laws regarding important state interests.  This is especially true when government entities are enforcing their police and regulatory powers, such as Corporations Code section 5914 and 5920 *et seq.*

Here, the CAG protected the health, safety, and welfare of the communities served by the six health facilities owned and controlled by the Debtors by issuing conditions requiring essential health care services to be provided by the facilities including emergency services, minimum levels of charity care (free or discounted care), participation in the Medi-Cal and Medicare programs, and seismic safety. (CAG Conditions, filed September 21, 2018 [Dkt No. 256-1]; Cal. Const., art. V, § 13.)

Under both California law and the express terms of the conditions, the County as the purchaser takes the assets subject to the existing conditions, regardless of whether additional CAG review or approval is necessary.  The CAG's decision is binding on any successor, successor in interest, assignee or other transferee of the healthcare facilities; an initial review contemplated by California Corporations Code section 5914 is not necessary.

Condition I of the decision related to O'Connor Hospital states:

> These Conditions shall be legally binding on [the parties], any other subsidiary, parent, general partner, limited partner, member, affiliate, successor, successor in interest, assignee, or person or entity serving in a similar capacity of any of the above-listed entities [omitted]…, any entity succeeding thereto as a result of consolidation, affiliation, merger, or acquisition of all or substantially all of the real property or operating assets of O'Connor Hospital, or the real property on which O'Connor Hospital is located, any and all current and future owners, lessees, licensees, or operators of O'Connor Hospital, and any and all current and future lessees and owners of the real property on which O'Connor Hospital is located.

> These Conditions shall be legally binding on the following entities, as defined in Operating Asset Purchase Option Agreement, Operating Asset Purchase Agreement, Real Estate Purchase Option. Agreement, and the Real Estate Purchase Agreement, when the closing occurs on

11

the Operating Asset Purchase Agreement and the Real Estate Purchase Agreement: the Option Holders, Purchaser and its Affiliates, "OpCo" a Delaware limited liability company, owned directly or indirectly by funds managed by BlueMountain Capital Management LLC, and "PropCo" a Delaware limited liability company that will elect to be treated for tax purposes as a real estate investment trust, owned directly or indirectly by funds managed by BlueMountain Capital Management LLC, Integrity Healthcare, LLC, a Delaware limited liability company, Integrity Healthcare Blocker, LLC, a Delaware limited liability company, any other subsidiary, parent, general partner, limited partner, member, affiliate, successor, successor in interest, managing member, assignee, or person or entity serving in a similar capacity of any of the above-listed entities, <u>any entity succeeding thereto as a result of consolidation, affiliation, merger, or acquisition of all or substantially all of the real property or operating assets of O'Connor Hospital, or the real property on which O'Connor Hospital is located, any and all current and future owners, lessees, licensees, or operators of O'Connor Hospital, and any and all current and future lessees and owners of the real property on which O'Connor Hospital is located.</u>  (CAG Conditions, at 176-177, 261-262, filed September 21, 2018, emphasis added [Dkt No. 256-1].)

Also, construction of a statute by officials charged with its administration, including their interpretation of authority vested in them to implement and carry out its provisions, is entitled to great weight and courts should defer to the agency. *Morris v. Williams*  67 Cal.2d 733 (1967); *Aguilar v. Association for Retarded Citizens* 234 Cal.App.3d 21(1991);  and *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 844 (1984).  Thus, the CAG should be given deference to interpret California laws concerning his authority and regulations promulgated by his office.

## II.    THE CAG WILL SUFFER IRREPARABLE INJURY ABSENT A STAY

Absent a stay, the proposed sale transaction will close prior to a ruling on the CAG's appeal.  If the CAG's Conditions should have remained in place, his appeal may well be mooted because any reversal or modification of the Sale Order on appeal will not affect the validity of a sale under 11 U.S.C. section 363(m). Paragraph E of the Sale Order seeks to give the parties protection under section 363(m).  Section 363(m) effectively moots any challenge to a section 363 sale that affects the validity of the sale so long as the purchaser acted in good faith and the appellant failed to obtain a stay of the sale.  Thus, without the stay, any reversal or

modification of the Sale Order on appeal will not affect the validity of a sale, and the remaining CAG Conditions will not be imposed on the County even if the Court's ruling is incorrect.

The CAG, on behalf of the People of California, will suffer irreparable injury by being denied his police and regulatory powers to enforce conditions that will protect the public health, safety, and welfare of the Californians.

## III.   THERE WILL BE LESS HARM TO OTHER INTERESTED PARTIES IF A STAY IS GRANTED

The third factor is whether there will be any harm to other interested parties if a stay is granted.  There may be some additional interest on any debt that has to be paid if the Debtor is prohibited from closing the transaction.  The only potential impact on creditors is a slight delay in distribution during the pendency of the appeal and the accrual of interest on such amounts during the pendency of the appeal.  However, there is a bigger harm to the affected community if this transfer of assets is allowed without the continued application of the CAG Conditions that were imposed by AG Harris using her police and regulatory powers to protect the public health, safety, and welfare of the People of California.

## IV.   A STAY WOULD PROMOTE THE PUBLIC INTEREST

As stated above, a stay will promote the public's interest in allowing the District Court to determine on appeal whether the CAG can retain his police and regulatory powers to enforce conditions that were designed to protect the public health, safety, and welfare of the People of the State of California.  The CAG Conditions address the continued operation as licensed general acute care hospitals, continued provision of 24-hour emergency and trauma medical services, continued provision of certain essential health care services including reproductive health services, continued participation in the Medi-Cal and Medicare programs for low income, disabled and elderly patients, and the continuation of governmental contracts that provide access to care for indigent patients.  The application of these

1 | important state laws is in the public interest.

2 | **CONCLUSION**

3 | For the reasons stated above, the CAG respectfully requests that this Court

4 | enter an order staying the Sale Order until the conclusion of an appeal therefrom.

5 |

6 | Dated: January 8, 2019                    Respectfully submitted,

7 |                                           XAVIER BECERRA
                                              Attorney General of California
8 |                                           TANIA M. IBANEZ
                                              Senior Assistant Attorney General
9 |
                                              /S/ ALICIA BERRY
10 |                                          Deputy Attorney General
                                              *Attorneys for Xavier Becerra, Attorney*
11 |                                          *General of California*
    | LA2018502412
12 | Motion to Stay_53209327.docx

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

14                    **California Attorney General's Motion to Stay**
                      **the Court's Order** (2:18-bk-20151-ER)

# DECLARATION OF ALICIA BERRY

I, ALICIA BERRY, hereby declare:

1.      I am a Deputy Attorney General at the CAG's office.  I make this declaration of my own personal knowledge and belief, and, if called as a witness, I could competently testify to the matters set forth herein.

2.      It is my understanding that on July 31, 2015, Daughters submitted written notice of the transaction to the CAG for review and approval pursuant to California Corporations Code sections 5914 and 5920.  During the CAG's review of the transaction, a healthcare expert was retained to evaluate the potential impact of the transaction on the availability and accessibility of healthcare services to each of the communities served by the hospitals involved, as required by the California Code of Regulations, Title 11, section 999.5, subd. (e)(5) and (e)(6).  The regulations require the health care expert to assess the effect of the agreement on emergency services, reproductive health services, and any other health care services that the hospital is providing, the provision of services to Medi-Cal patients and county indigent patients, staffing and the availability of care, the likely retention of employees as it may affect continuity of care, and any mitigation measures proposed by the hospital to reduce any potential adverse effect on health care services.  Cal. Code Regs. Tit. 11, § 999.5, subd. (e)(6) (2018).  The regulations require that the Attorney General evaluate the effect of the transaction on the public, including the availability and accessibility of health care services to the affected community.  Cal. Code Regs. Tit. 11, § 999.5, subd. (f).  The expert prepared five health care impact statements.  These health care impact statements included interviews with medical staff, management, and employees, board members, and community representatives.  These health care impact statements contained the expert's analysis of financial, utilization, and health care services, demographic characteristics, payer mix, hospital utilization records and trends, health status indicators, and hospital market share information in formulating an

1    opinion regarding the potential impact of the transaction on the community.

2        3.      It my understanding that on December 3, 2015, the CAG issued a

3    decision to consent with conditions, to the change in governance and control of

4    Daughters of Charity Health System (now known as Verity Health Systems of

5    California, Inc.).  The decision contained five sets of conditions, one for each of the

6    hospitals, as well as a copy of the healthcare impact reports for each of the

7    hospitals. (A true and correct copy of the CAG Conditions was filed with this Court

8    on September 21, 2018 [Dkt No. 256-1].)

9        4.      It is my understanding that the majority of the CAG Conditions relate

10    to the health, safety, and welfare of the People of the State of California:  continued

11    operation as licensed general acute care hospitals, continued provision of 24-hour

12    emergency and trauma medical services, continued provision of certain essential

13    health care services including reproductive health services, continued participation

14    in the Medi-Cal and Medicare programs for low income, disabled and elderly

15    patients, and the continuation of governmental contracts that provide access to care

16    for indigent patients.

17        5.      I have been informed by counsel for the County and the Debtors that

18    the transaction is scheduled to close in late February.  Therefore, the sale

19    transaction could close before the CAG's request for a stay pending appeal is ruled

20    on by this Court.

21        I declare under penalty of perjury under the laws of the State of California

22    that the foregoing is true and correct.

23        Executed on January 8, 2019 at Los Angeles, California.

24

25                               /s/ Alicia Berry

26    _____    Alicia Berry, Deputy Attorney General
                                          For Xavier Becerra, California Attorney General

27

28

# CERTIFICATE OF SERVICE

Case Name: **In re: VERITY HEALTH SYSTEMS OF CALIFORNIA, INC.**

No.    2:18-bk-20151-ER

I hereby certify that on **January 9, 2019** I *electronically filed* the following documents with the Clerk of the Court by using the CM/ECF system:

**(1) CALIFORNIA ATTORNEY GENERAL'S MOTION TO STAY THE COURT'S ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS TO SANTA CLARA COUNTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PENDING APPEAL OF THE COURT'S MEMORANDUM OF DECISION OVERRULING OBJECTIONS OF THE CALIFORNIA ATTORNEY GENERAL AND SALE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALICIA BERRY;**

**(2) APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)] WITH SERVICE LIST ATTACHED; and**

**(3) DECLARATION OF ALICIA BERRY IN SUPPORT OF THE CALIFORNIA ATTORNEY GENERAL'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **January 9, 2019**, I have caused to be mailed in the Office of the Attorney General's *internal mail system*, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 9, 2019**, at Los Angeles, California.

| Jane Miyamura | /s/ Jane Miyamura |
|:---:|:---:|
| Declarant | Signature |

# Service List

**VERITY HEALTH SYSTEM OF CALIFORNIA, Inc.**
**Case 2:18-bk-20151-ER**
**1/7/2019, 4 pm**

## <u>Electronic Notification</u>

The following **<u>parties</u>** are currently on the list to receive email notice/service for this case.

- **Robert N Amkraut**    ramkraut@foxrothschild.com
- **Kyra E Andrassy**    kandrassy@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Simon Aron**    saron@wrslawyers.com
- **Lauren T Attard**    lattard@bakerlaw.com, abalian@bakerlaw.com
- **Keith Patrick Banner**    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- **Cristina E Bautista**    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- **James Cornell Behrens**    jbehrens@milbank.com,
  gbray@milbank.com;mshinderman@milbank.com;hmaghakian@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com
- **Ron Bender**    rb@lnbyb.com
- **Bruce Bennett**    bbennett@jonesday.com
- **Peter J Benvenutti**    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- **Elizabeth Berke-Dreyfuss**    edreyfuss@wendel.com
- **Steven M Berman**    sberman@slk-law.com
- **Alicia K Berry**    Alicia.Berry@doj.ca.gov
- **Stephen F Biegenzahn**    efile@sfblaw.com
- **Karl E Block**    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- **Dustin P Branch**    branchd@ballardspahr.com,
  carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Michael D Breslauer**    mbreslauer@swsslaw.com,
  wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- **Chane Buck**    cbuck@jonesday.com
- **Damarr M Butler**    butler.damarr@pbgc.gov, efile@pbgc.gov
- **Lori A Butler**    butler.lori@pbgc.gov, efile@pbgc.gov
- **Howard Camhi**    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- **Shirley Cho**    scho@pszjlaw.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Kevin Collins**    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com
- **David N Crapo**    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- **Mariam Danielyan**    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- **Brian L Davidoff**    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Kevin M Eckhardt**    keckhardt@huntonak.com, keckhardt@hunton.com
- **Andy J Epstein**    taxcpaesq@gmail.com
- **Christine R Etheridge**    christine.etheridge@ikonfin.com
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com

1

- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Joseph D Frank**    jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Jeffrey K Garfinkle**    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **Lawrence B Gill**    lgill@nelsonhardiman.com, rrange@nelsonhardiman.com
- **Paul R. Glassman**    pglassman@sycr.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Mary H Haas**    maryhaas@dwt.com, melissastrobel@dwt.com;laxdocket@dwt.com;yunialubega@dwt.com
- **Michael S Held**    mheld@jw.com
- **Lawrence J Hilton**    lhilton@onellp.com, lthomas@onellp.com;info@onellp.com;evescance@onellp.com;nlichtenberger@onellp.com;rgolder@onellp.com
- **Robert M Hirsh**    Robert.Hirsh@arentfox.com
- **Florice Hoffman**    fhoffman@socal.rr.com, floricehoffman@gmail.com
- **Michael Hogue**    hoguem@gtlaw.com, fernandezc@gtlaw.com;SFOLitDock@gtlaw.com
- **Marsha A Houston**    mhouston@reedsmith.com
- **Brian D Huben**    hubenb@ballardspahr.com, carolod@ballardspahr.com
- **John Mark Jennings**    johnmark.jennings@kutakrock.com
- **Monique D Jewett-Brewster**    mjb@hopkinscarley.com, jkeehnen@hopkinscarley.com
- **Gregory R Jones**    gjones@mwe.com, rnhunter@mwe.com
- **Lance N Jurich**    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- **Steven J Kahn**    skahn@pszyjw.com
- **Ivan L Kallick**    ikallick@manatt.com, ihernandez@manatt.com
- **Jane Kim**    jkim@kellerbenvenutti.com
- **Monica Y Kim**    myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Gary E Klausner**    gek@lnbyb.com
- **Joseph A Kohanski**    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com
- **Jeffrey C Krause**    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Chris D. Kuhner**    c.kuhner@kornfieldlaw.com
- **Darryl S Laddin**    bkrfilings@agg.com
- **Robert S Lampl**    advocate45@aol.com, rlisarobinsonr@aol.com
- **Richard A Lapping**    richard@lappinglegal.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **David E Lemke**    david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- **Elan S Levey**    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **Tracy L Mainguy**    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- **Samuel R Maizel**    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Helen@MarguliesFaithlaw.com
- **Hutchison B Meltzer**    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- **Christopher Minier**    becky@ringstadlaw.com, arlene@ringstadlaw.com

- **John A Moe**    john.moe@dentons.com,
  glenda.spratt@dentons.com,derry.kalve@dentons.com,andy.jinnah@dentons.com
- **Monserrat Morales**    mmorales@marguliesfaithlaw.com,
  Victoria@marguliesfaithlaw.com;David@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com
- **Kevin H Morse**    kevin.morse@saul.com,
  rmarcus@AttorneyMM.com;sean.williams@saul.com
- **Marianne S Mortimer**    mmortimer@sycr.com, jrothstein@sycr.com
- **Tania M Moyron**    tania.moyron@dentons.com, chris.omeara@dentons.com
- **Alan I Nahmias**    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Jennifer L Nassiri**    jennifernassiri@quinnemanuel.com
- **Charles E Nelson**    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- **Sheila Gropper Nelson**    shedoesbklaw@aol.com
- **Mark A Neubauer**    mneubauer@carltonfields.com,
  mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDun
  n@carltonfields.com;ecfla@carltonfields.com
- **Bryan L Ngo**    bngo@fortislaw.com,
  BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@blue
  capitallaw.com
- **Melissa T Ngo**    ngo.melissa@pbgc.gov, efile@pbgc.gov
- **Abigail V O'Brient**    avobrient@mintz.com,
  docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com
- **John R OKeefe**    jokeefe@metzlewis.com, slohr@metzlewis.com
- **Paul J Pascuzzi**    ppascuzzi@ffwplaw.com, lnlasley@ffwplaw.com
- **Lisa M Peters**    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- **Christopher J Petersen**    cjpetersen@blankrome.com, gsolis@blankrome.com
- **Mark D Plevin**    mplevin@crowell.com, cromo@crowell.com
- **David M Poitras**    dpoitras@wedgewood-inc.com,
  dpoitras@jmbm.com;dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com
- **Steven G. Polard**    spolard@ch-law.com, cborrayo@ch-law.com
- **David M Powlen**    david.powlen@btlaw.com, pgroff@btlaw.com
- **Christopher E Prince**    cprince@lesnickprince.com,
  jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com
- **Lori L Purkey**    bareham@purkeyandassociates.com
- **William M Rathbone**    wrathbone@grsm.com, jmydlandevans@grsm.com
- **Jason M Reed**    Jason.Reed@Maslon.com
- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **J. Alexandra Rhim**    arhim@hrhlaw.com
- **Emily P Rich**    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- **Lesley A Riis**    lriis@dpmclaw.com
- **Debra Riley**    driley@allenmatkins.com
- **Julie H Rome-Banks**    julie@bindermalter.com
- **Mary H Rose**    mrose@buchalter.com, salarcon@buchalter.com
- **Megan A Rowe**    mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- **Nathan A Schultz**    nschultz@foxrothschild.com
- **William Schumacher**    wschumacher@jonesday.com
- **Mark A Serlin**    ms@swllplaw.com, mor@swllplaw.com
- **Seth B Shapiro**    seth.shapiro@usdoj.gov
- **Rosa A Shirley**    rshirley@nelsonhardiman.com,
  ksherry@nelsonhardiman.com;lgill@nelsonhardiman.com;jwilson@nelsonhardiman.com;rrange
  @nelsonhardiman.com
- **Kyrsten Skogstad**    kskogstad@calnurses.org, rcraven@calnurses.org

3

- **Michael St James**   ecf@stjames-law.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **Jason D Strabo**   jstrabo@mwe.com, ahoneycutt@mwe.com
- **Sabrina L Streusand**   Streusand@slollp.com
- **Ralph J Swanson**   ralph.swanson@berliner.com, sabina.hall@berliner.com
- **Gary F Torrell**   gft@vrmlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Matthew S Walker**   matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- **Jason Wallach**   jwallach@ghplaw.com, g33404@notify.cincompass.com
- **Kenneth K Wang**   kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;susan.lincoln@doj.ca.gov;yesenia.caro@doj.ca.gov
- **Phillip K Wang**   phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- **Gerrick Warrington**   gwarrington@frandzel.com, dmoore@frandzel.com
- **Adam G Wentland**   awentland@tocounsel.com, lkwon@tocounsel.com
- **Latonia Williams**   lwilliams@goodwin.com, bankruptcy@goodwin.com
- **Michael S Winsten**   mike@winsten.com
- **Jeffrey C Wisler**   jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Neal L Wolf**   nwolf@hansonbridgett.com,
  calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com
- **Hatty K Yip**   hatty.yip@usdoj.gov
- **Andrew J Ziaja**   aziaja@leonardcarder.com,
  sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- **Rose Zimmerman**   rzimmerman@dalycity.org


## Service by U.S. Mail

The following **parties** are **NOT** on the list to receive email notice/service for this case and will instead receive notice by U.S. mail.

**Sam J Alberts**
DENTONS US LLP
1900 K Street NW
Washington, DC 20006

**Margaret M Anderson**
Fox Swibel Levin & Carroll LLP
200 West Madison St
Chicago, IL 60606

**Asahi Intecc USA Inc**
2500 Red Hill Ave.
Suite 210
Santa Ana, CA  92705

**BDO USA, LLP, a California corporation**
1888 Century Park East, 4th Floor
Los Angeles, CA  90067

4

**Brent F Basilico**
Sellar Hazard & Lucia
201 North Civic Dr Ste 145
Walnut Creek, CA 94596

**Berkeley Research Group LLC**
550 S. Hope Street
Suite 2150
Los Angeles, CA  90071

**Scott E Blakeley**
Blakeley LLP
18500 Von Karman Ave
Suite 530
Irvine, CA 92612
seb@blakeleyllp.com, ecf@blakeleyllp.com

**Daniel S Bleck**
Mintz, Levin, et al
One Financial Center
Boston, MA 02111

**Monica A Blut**
Demidchik Law Firm
923 E Vallety Blvd Ste 268
San Gabriel, CA 91776

**Cain Brothers a division of KeyBanc Capital Markets**
601 California St Ste 1505
San Francisco, CA 94108

**Schuyler Carroll**
PERKINS COIE, LLP
30 ROCKEFELLER PLZ FL 22
NY New York

**Cochlear Corporation dba Cochlear Americas**
13059 E. Peakview Ave.
Englewood, CO 80111

**Nathan F Coco**
McDermott Will & Emery
444 West Lake Street
Chicago, IL 60606-0029

**Dentons US LLP**
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704

**Ecolab Institutional**
655 Loan Oak Drive
Eagan, MN 55121

**Refugio Estrada**
c/o Katz Law, APC
11620 Wilshire Blvd. #900
Los Angeles, CA 90025

**Shawn C Groff**
1330 Broadway Suite 1450
Oakland, CA 94612

**Ian A Hammel**
Mintz Levin Cohn Ferris Glovsky & Popeo
One Financial Center
Boston, MA 02111

**Melissa W Jones**
Waller Lansden Dortch & Davis, LLP
511 Union St., Suite 2700
Nashville, TN 37219

**Gregory Kaden**
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110

**James Kapp**
444 West Lake St Ste 4000
Chicago, IL 60606-0029

**Donald R Kirk**
Carlton Fields Jorden Burt, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780

**Patrick Maxcy**
Dentons US LLP
233 S Wacker Dr Ste 5900
Chicago, IL 60606

**Medtronic USA, Inc.**
Doral Corporate Centre II
3750 NW 87th Ave., Suite 700
Miami, FL  33178

**Milbank, Tweed, Hadley & Mccloy**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

6

**Claude D Montgomery**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1001

**Kevin Morse**
Saul Ewing Arnstein & Lehr
161 North Clark Street, Suite 4200
Chicago,IL  60601

**NFS Leasing Inc**
Devaney Pate Morris & Cameron LLP
c/o Lesley A Riis
402 W Broadway Ste 1300
San Diego, CA 92101

**John R O'Keefe, Jr.**
Metz Lewis Brodman Must O'Keefe LLC
535 Smithfield St Ste 800
Pittsburgh, PA 15222

**Jimmy D Parrish**
Baker Hostetler
200 S Orange Ave Ste 2300
Orlando, FL 32801

**Lisa M Peters**
Kutak Rock LLP
1650 Farnam St
Omaha, NE 68102-2186

**David M Powlen**
Barnes & Thornburg LLP
1000 N. West Street, Suite 1500
Wilmington, DE  19801-1050

**Megan Preusker**
McDermott Will & Emery
444 West Lake Street
Chicago, IL 60606-0029

**Rachel C Quimby**
Daglian Law Group APLC
701 N Brand Blvd Ste 610
Glendale, CA 91203

**Jason M Reed**
Maslon LLP
90 S 7th St Ste 3300
Minneapolis, MN 55402

**Paul J Ricotta**
Mintz Levin Cohn Ferris Glovsky and Pope
Chrysler Center
666 Third Ave
New York, NY 10017

**Christopher Rivas**
Reed Smith
355 South Grand Ave Ste 2900
Los Angeles, CA 90071

**Benjamin Rosenblum**
250 Vesey St
New York, NY 10281

**Scott Schoeffel**
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, CA 92626-7109

**Ryan Schultz**
Fox Swibel Levin & Carroll LLP
200 W. Madison Street
Suite 3000
Chicago, IL 60606

**Mollie Simons**
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612

**Sodexo, Inc.**
**JD Thompson Law**
c/o Judy D Thompson Esq
PO Box 33127
Charlotte, NC 28233

**Michael A Sweet**
345 California St Ste 2200
San Francisco, CA 94104

**UnitedHealthcare Insurance Company**
c/o Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

**Phillip G Vermont**
Randick O'Dea & Tooliatos LLP
5000 Hopyard Rd Ste 225
Pleasanton, CA 94588

**William P Wassweiler**
Ballard Spahr LLP
80 S Eighth St Ste 2000
Minneapolis, MN 55402

**Clark Whitmore**
Maslon LLP
3300 Wells Fargo Center
90 S 7th St
Minneapolis, MN 55402

**Jade M Williams**
DLA Piper LLP US
444 W Lake St Ste 900
Chicago, IL 6060-0089

**Samuel C Wisotzkey**
Kohner, Mann & Kailas SC
4650 N Port Washington
Washington Bldg 2nd FL
Milwaukee, WI 53212-1077

**John Ryan Yant**
Carlton Fields Jorden Burt, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780

**Florencio Zabala**
c/o Polis & Associates, APLC
19800 MacArthur Blvd, Suite 1000
Irvine, CA 92612

**Maria Zavala**
c/o Polis & Associates
19800 MacArthur Blvd, Suite 1000
Irvine, CA 92612