JOSEPH A. KOHANSKI (SBN 143505)
jkohanski@bushgottlieb.com
KIRK M. PRESTEGARD (SBN 291942)
kprestegard@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for United Nurses Associations of
California/Union of Health Care Professionals
("UNAC")

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>    Debtors and Debtors in Possession<br><br>---<br><br>☒ Affects All Debtors<br><br>❑ Affects Verity Health System of California, Inc.<br>❑ Affects O'Connor Hospital<br>❑ Affects Saint Louise Regional Hospital<br>❑ Affects St. Francis Medical Center<br>❑ Affects St. Vincent Medical Center<br>❑ Affects Seton Medical Center<br>❑ Affects O'Connor Hospital Foundation<br>❑ Affects Saint Louise Regional Hospital Foundation<br>❑ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>❑ Affects St. Vincent Foundation<br>❑ Affects St. Vincent Dialysis Center, Inc.<br>❑ Affects Seton Medical Center Foundation<br>❑ Affects Verity Business Services<br>❑ Affects Verity Medical Foundation<br>❑ Affects Verity Holdings, LLC<br>❑ Affects De Paul Ventures, LLC<br>❑ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>    Debtors and Debtors in Possession | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Hon. Judge Ernest M. Robles<br><br>**UNAC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS MOTION FOR THE ENTRY OF (I) AN ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT FOR STALKING HORSE BIDDER AND FOR PROSPECTIVE OVERBIDDERS; ETC; [Doc 1277]**<br><br>**Date:** Feb. 6, 2019<br>**Time:** 10:00 A.M.<br>**Crtrm.:** 1568 |

645908v2 12010-28001

Case No. 2:18-bk-20151-ER

UNAC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS

The United Nurses Associations of California/Union of Health Care Professionals ("UNAC"), a creditor and party-in-interest in the above-captioned Chapter 11 cases, by and through its undersigned counsel, submits this Limited Objection and Reservation of Rights ("Rights Reservation") regarding the *Motion for the Entry of (I) An Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders; (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections; (3) Approving Form of Notice to be Provided to Interested Parties; (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest Bidder; and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) An Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* [Docket No. 1279] ("Sale Motion"), filed by Verity Health System of California, Inc., *et al*. ("Debtors").

## BACKGROUND

1. Since 1992, UNAC has represented a unit that now numbers more than 900 nurses, all of whom provide nursing services, for the benefit of the Debtors, at the St. Francis Medical Center facility ("SFMC").

2. SFMC is the largest employer among the hospitals subject to purchase, and is the only facility that is consistently profitable.

3. The current iteration of the collective bargaining agreement ("CBA") in effect between UNAC and SFMC is effective from December 29, 2017 through December 29, 2021.

4. In addition to wages and working conditions, the CBA mandates payment of pension benefits for UNAC-represented employees, as partial compensation for their services to the Debtors. Articles 1901 through 1913 of the CBA establish the rights of UNAC-represented employees in a defined benefit plan generally known as the Verity Health System Retirement Plan A ("Retirement Plan A"), which is characterized as having been "frozen" since January 1, 2012.

5. Article 19, paragraphs 1914 through 1923 of the CBA establish the rights of UNAC-represented employees in a specific defined contribution plan, "fully funded by the employer," known as the "Retirement Plan Account" (the "RPA"), and apparently intended as a

substitute for the frozen Retirement Plan A.  The CBA further describes the rights of UNAC-represented employees in other defined contribution plans, some with employer-matching components, but funded primarily by employee contributions (collectively, the "Miscellaneous Defined Contribution Plans").

6. On August 31, 2018 (the "Petition Date"), each Debtor commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

7. On January 17, 2019, the Debtors filed the Sale Motion, including the asset purchase agreement ("APA") appended as Exhibit A to the Sale Motion, featuring Strategic Global Management ("Strategic") as the "Stalking Horse Bidder" for the Debtors' assets in question.

8. UNAC does not object to the principle of a sale process structured to maximize the return to Debtors' creditors.  However, ***UNAC reserves all rights and remedies with respect to the Sale Motion, the form of the APA, and to any and all consequences flowing from the sale of SFMC that are unacceptable to UNAC-represented employees***.  There are three aspects of the APA that presage difficulty in closing the proposed sale, and which are objectionable to UNAC: (1) the Debtors' running roughshod over a successorship clause in the UNAC CBA;  (2) failure to provide a discernable track to facilitate the negotiation process mandated by Bankruptcy Code Section 1113 if there is to be any modification of existing CBA provisions;  and (3) an alarming lack of clarity concerning present and future pension plan obligations of the Debtors, which pertain to Debtors' employees represented by UNAC or by other unions.

**SUCCESORSHIP**

9. At the outset, the APA violates the successorship clause set forth in Article 24 of the UNAC CBA ("Successorship Clause").  This Successorship Clause mandates, in part, that "[in] the event of a merger, sale, closure, leasing assignment, divestiture, or other transfer of ownership," then, "[this] Agreement shall be binding upon the association and the Employer or any successor thereof whether the succession be by any of the means described above as it applies to the business of the Employer, in whole or in part, or to any change in management companies."

10. Despite this agreement, which was negotiated only a bit more than one year ago,

1 the Debtors now ignore the Successorship Clause and instead suggest that they intend only to "use
2 commercially reasonable efforts to initiate discussions with Purchaser and conduct discussions to
3 renegotiate each collective bargaining agreement currently in effect with each applicable union."
4 APA § 4.7. This presumably demonstrates the intent of the Debtors and Strategic to invoke
5 Section 1113 of the Bankruptcy Code toward modification or rejection of the Debtors' collective
6 bargaining agreements with UNAC and other unions. However, UNAC has not yet received a
7 proposal from the Debtors or the Purchaser in any such regard. UNAC stands prepared to
8 participate in such negotiations, but Debtors' apparent dismissal of the Successorship Clause,
9 particularly in conjunction with the casual tone of Section 4.7 of the APA, reflects a startling
10 presumption that elimination of the Successorship Clause is a done deal. This is entirely
11 inconsistent with the law.[1]

## LACK OF A SECTION 1113 NEGOTIATION TRACK.

13    11.    The APA establishes deal terms with Strategic, but the Sale Motion also
14 contemplates formulation of competing bids by other potential bidders. The Sale Motion utterly
15 fails to illuminate how the negotiation process mandated by Section 1113 will be effectuated as
16 among UNAC, the Debtors, Strategic, and other competing bidders. UNAC understands that the
17 negotiation process and availability of reliable information are essential features of the Section
18 1113 process (*see In re American Provision Co., supra,* 44 B.R. at 909), and is fully prepared to

---

[1] A debtor's motion to modify or reject a collective bargaining agreement under Bankruptcy Code § 1113 is evaluated under the nine-factor test set forth in *In re American Provision Co.*, 44 B.R. 907, 909 (Bankr. D. Minn. 1984), all of which must be satisfied: (1) the debtor must make a formal proposal to the union to modify the CBA; (2) the proposal must be based on the most complete and reliable information available at the time of the proposal; (3) the proposed modifications must be necessary to permit the reorganization of the debtor; (4) the proposed modifications must assure that all creditors, the debtor, and all of the affected parties are treated fairly and equitably (5) the debtor must provide the union with all relevant information that is necessary to evaluate the proposal; (6) between the time of the making of the proposal and the time of the hearing on the motion to reject the existing CBA, the debtor must meet at reasonable times with the union; (7) at the meetings the debtor must confer in good faith in attempting to reach mutually satisfactory modifications of the CBA; (8) the union must have refused to accept the debtor's proposal without good cause; and (9) the balance of the equities must clearly favor rejection of the CBA. *Until these steps are fulfilled, CBA terms and conditions remain in full force and effect under Section 1113(f).*

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

engage with the Debtors once presented with a proposal. But the timelines implied by the Sale Motion and APA suggest that meaningful and good faith negotiation will be difficult, if not impossible. *See, e.g.*, *In re Karykeion, Inc.*, 435 B.R. 663, 677-684 (Bankr. C.D. Cal. 2010) (noting that the applicable unions "are correct that beginning negotiations when one party is already locked into a position does not constitute good faith").

12. Under Section 4.7 of the APA, the Debtors and any prevailing bidder (the "Purchaser") commit only to commence negotiations with each applicable union "following the Signing Date," which is the date the Purchaser ultimately signs the operative APA. As a result, the Signing Date "clock" is already running for Strategic, but, because other bidders could emerge, there is no incentive for the Debtors and Strategic to meaningfully engage with UNAC until after the Auction.

13. Similarly, if the window for negotiations is limited to the period of time between the Signing Date and the Closing Date, then the Bidding Procedures do not allow adequate time for UNAC to effectively negotiate with alternate bidders or to exchange necessary information. Advance negotiations with any prospective bidders will allow UNAC and this Court to better evaluate whether the Debtors' proposals are "necessary," an essential element of the Section 1113 analysis. In *In re Bruno's Supermarkets, LLC*, 2009 Bankr. LEXIS 1366 (Bankr. N.D. Ala. Apr. 27 2009), for example, the court found the union had good cause to refuse to agree to remove a successorship clause because "at least two potential buyers had previously offered to negotiate new collective bargaining agreements with the union, *thus creating a possibility that elimination of the clause was not necessary*" (emphasis added).

14. UNAC therefore faces an extremely difficult negotiation landscape. The Sale Motion provides a very limited window of time for negotiation, particularly if identification of the Purchaser is a predicate for negotiation. And in addition to alternative bidders for the entire body of assets subject to the APA, as the Bid Procedures permit bids on only a portion of the Assets, there may be alternate bidders interested in purchasing SFMC, but not other facilities. These circumstances unfairly limit UNAC's range of negotiation. As with *Bruno's Supermarkets,* alternative bidders may consider purchase without modification of specific CBA terms. The range

of modifications contemplatable by UNAC may vary with the identity of each alternative bidder; just as a non-debtor party has the right to demand "adequate assurance of future performance" concerning assumption or assignment of an executory contract under Bankruptcy Code Sections 365 (b)(1)(B) and (f)(2)(B), UNAC should be allowed to evaluate any alternative bidder as a future bargaining party, drawing not only on financial data, but also on that alternative bidder's track record as an employer.  Terms acceptable to UNAC with one alternate bidder may not be reasonable or acceptable with another.   Terms acceptable in a sale of all hospitals may not be reasonable or acceptable if SFMC is sold separately – or *vice versa*.

15. A critical element of Section 1113 practice is the right of a union to reject the debtor's Section 1113 proposal if it has "good cause" to do so.  *See In re Horsehead Industries*, 300 B.R. 573 (Bankr. S.D.N.Y. 2003) (the "good cause" requirement "induces the debtor to propose only those modifications necessary to a successful reorganization while protecting the debtor against the union's refusal to accept its proposal without a good reason").  If Verity does not formally acknowledge that UNAC is entitled to engage with alternate bidders prior to the Auction, and if alternate bidders in fact emerge, then, absent a commitment by the Debtors to provide UNAC with pre-Auction access to such bidders, UNAC lacks confidence that any attempt to modify or reject the UNAC CBA *after* the Auction has been completed can proceed in good faith, much less establish that any particular modification or terms of rejection are "necessary to permit the reorganization" of the Debtors without giving rise to "good cause" for UNAC to reject the Debtors' proposals under Section 1113.

16. Moreover,  APA Section 4.7 conditions modification of collective bargaining agreements only on the applicable union's willingness to negotiate, and/or how "timely, reasonable or realistic" the applicable union is in its negotiation, without putting similar conditions on either the Debtors or the Purchaser.  This contravenes the Section 1113 process, which requires good faith bargaining from all sides.  *See Bowen Enters. v. United Food & Commer. Workers Int'l Union, Local 23*, 196 B.R. 734 (Bankr. W.D. Pa. 1996); *In re GCI, Inc.*, 131 B.R. 685, 692 (Bankr. N.D. Ind. 1991) (holding that "the obligation to negotiate in good faith is imposed not only on the debtor but also on the union").  If the Debtors and the Purchaser are not held to the

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

same standards, and can unilaterally decide to "jointly consider, and negotiate mutually" whatever "alternative approaches that may be available and/or necessary to reduce Sellers' labor cost structure," without also demonstrating that it is *necessary* in the first place to "reduce Sellers' labor cost structure" as to SFMC, then good faith cannot be found and UNAC will have good cause to reject any proposals that come out of such discussions.

17. UNAC counsel have reached out to Debtors' counsel several times regarding these issues but, to date, there has been no substantive response.

18. UNAC therefore requests that any Order approving Bid Procedures include a mechanism that facilitates timely pre-Auction UNAC dialog with Strategic and with all potential alternative bidders that are known to the Debtors. The ultimate burden is on the Debtors to prove, by a preponderance of the evidence, that they have satisfied each of the elements of Section 1113, including, importantly, that they have acted at all times in good faith and that modification or rejection is necessary. *See In re AMR Corp.*, 477 B.R. 384 (Bankr. S.D.N.Y. Aug. 15, 2012). This is so even when a debtor is not "reorganizing" per se, but, rather, is liquidating its assets. *See In re United States Truck Co. Holdings*, 2000 Bankr. LEXIS 1376 (Bankr. E.D. Mich. Sept. 29, 2000). The Debtors and Strategic can choose to deal with the above-described structural issues now, or they can hazard the chance that they fail to satisfy one or more of the Section 1113 requirements as this process unfolds. UNAC encourages the Debtors to address bidder access and information now, but also reserves all rights if an acceptable agreement cannot be reached or if a non-consensual rejection is imposed by this court, including but not limited to its right to strike.[2]

---

[2] All bankruptcy courts that have addressed the issue have held that they have no authority to enjoin a strike against an employer in bankruptcy. *See, e.g.*, *In re A.C.E. Elevator Co.,* 2009 Bankr. LEXIS 3089, at *14 (Bankr. S.D.N.Y. Oct. 7, 2009); *In re Horsehead Indus.*, *supra*, 300 B.R. at 587 (stating that, "a strike is an inherent risk in every § 1113 motion, and in the end, it makes little difference if the Debtors are forced out of business because of a union strike or the continuing obligation to pay union benefits to avoid one"); *In re Mile Hi Metal Systems, Inc.*, 899 F, 2d 887, 893 n.10 (10th Cir. 1990); *In re Evans*, 55 B.R. 231 (Bankr. S.D. Fla. 1985); *In re Kentucky Truck Sales, Inc.*, 52 B.R. 797, 806 (Bankr. W.D. Ky. 1985); *Briggs v. Transp. Co. v. Teamsters*, 739 F.2d 341, 343 (8th Cir. 1984).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## UNCERTAINTY REGARDING PENSION OBLIGATIONS

19. The APA and Sale Motion are silent with respect Debtors' pension plan obligations that arise under CBAs with UNAC, and with other unions. If APA Section 4.7 was intended to address such issues, then the sale documentation is woefully deficient in providing guidance to creditors and other parties in interest – including alternate bidders – with respect to what could be a considerable element in connection with the basic economics of any transaction, and certainly in connection with any efforts to modify or reject union CBAs.

20. Upon information and belief, 2014 negotiations over the sale of the same hospital system owned by the Debtors featured an offset for assumed pension obligations; indeed, Strategic appears to have negotiated an APA featuring assumption of all of the then-existing pension plan liabilities and CBAs. [Objection of California Nurses Association ("CNA") to Bid Procedures Motion, D.I. 1359, pp. 2-3 of 11.]

21. These issues of pension plan and CBA assumption are equally relevant to the present sale, but there is no indication that credit for assumption of pension obligations has been on the table with Strategic, or will be on the table with alternate bidders, including credit bidders. If any purchaser is intending to continue operation of SFMC, they may well be motivated to consider the extent to which assumption of pension obligations (and of CBA obligations) will help to create the continuity of patient care that will result from successful engagement with UNAC, and with other applicable unions.

22. Putting aside, for now, the question of why Strategic was willing to assume such obligations in 2014 but such assumption is not a feature of the APA, all creditors and parties in interest deserve an explanation as to why such assumption apparently is not on the table. And to the extent CBA modification or rejection requires a showing that union-represented employees are not shouldering a disproportionate burden with respect to the costs of reorganization (*See In re Kaiser Aluminum Corp.*, 456 F.3d 328, 339-42 (3d Cir. 2006); *In re Jefley, Inc.*, 219 B.R. 88, 94 (Bankr. E.D. Pa. 1998), UNAC awaits the Debtors' explanations for reconciling this test with an APA and sale structure that seems to have been designed to force an unfavorable result with respect to long-earned pension benefits, based on years of skilled and dedicated service to the

patients of SFMC.

## CONCLUSION

For the foregoing reasons, UNAC requests that the bid procedures be revised so as to: (1) properly disclose and reflect the Debtors' obligations under the Successorship Clause in the UNAC CBA; (2) facilitate timely pre-auction UNAC dialog with the Stalking Horse and all prospective bidders known to the Debtors; and (3) squarely address buyer and seller intentions in connection with pension obligations, including provision for a negotiation track exploring assumption of pension obligations, yoked to an offset in purchase price.

DATED: January 28, 2019

JOSEPH A. KOHANSKI
KIRK M. PRESTEGARD
BUSH GOTTLIEB, A Law Corporation


By: _____
      JOSEPH A. KOHANSKI
Attorneys for United Nurses Associations of
California/Union of Health Care Professionals

# PROOF OF SERVICE

## Re:

## VERITY HEALTH SYSTEM OF CALIFORNIA, INC., et al.,

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this bankruptcy or adversary proceeding**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On January 28, 2019, I served true copies of the following document(s) described as on the interested parties in this action as follows: **UNAC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS MOTION FOR THE ENTRY OF (I) AN ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT FOR STALKING HORSE BIDDER AND FOR PROSPECTIVE OVERBIDDERS; ETC; [Doc 1277]**

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bush Gottlieb's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address izulueta@BushGottlieb.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2019, at Glendale, California.

/s/ Ian Zulueta
Ian Zulueta

# SERVICE LIST

***Via Personal Delivery:***
Honorable Ernest Robles
USBC Central District of California
Roybal Federal Building
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

***Via Electronic Mail and U.S. Mail***

Dentons US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017 Attn: Samuel R. Maizel
samuel.maizel@dentons.com

Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn: Gregory A. Bray
gbray@milbank.com

McDermott Will & Emery LLP 2049 Century Park East, Suite 3800 Los Angeles, CA 90067
Attn: James F. Owens
JFowens@mwe.com

Cain Brothers, a division of KeyBanc Capital Markets
601 California Street, Suite 1505
San Francisco, CA 94108
Attn: James Moloney
jmoloney@cainbrothers.com

Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
Attn: Hatty Yip
Hatty.Yip@usdoj.gov

Maslon, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402
Attn: Clark Whitmore and Jason Reed
Clark.Whitmore@maslon.com

Jason.Reed@Maslon.com

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center
Boston, Massachusetts 02111
Attn: Daniel S. Bleck and Paul Ricotta
dsbleck@mintz.com; pricotta@mintz.com

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

*Via CM/ECF*

- **Robert N Amkraut** ramkraut@foxrothschild.com
- **Kyra E Andrassy** kandrassy@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Simon Aron** saron@wrslawyers.com
- **Lauren T Attard** lattard@bakerlaw.com, abalian@bakerlaw.com
- **Keith Patrick Banner** kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- **Cristina E Bautista** cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- **James Cornell Behrens** jbehrens@milbank.com, gbray@milbank.com;mshinderman@milbank.com;hmaghakian@milbank.com;dodonnell@milbank.co m;jbrewster@milbank.com;JWeber@milbank.com
- **Ron Bender** rb@lnbyb.com
- **Bruce Bennett** bbennett@jonesday.com
- **Peter J Benvenutti** pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- **Elizabeth Berke-Dreyfuss** edreyfuss@wendel.com
- **Steven M Berman** sberman@slk-law.com
- **Alicia K Berry** Alicia.Berry@doj.ca.gov
- **Stephen F Biegenzahn** efile@sfblaw.com
- **Karl E Block** kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- **Dustin P Branch** branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Michael D Breslauer** mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- **Chane Buck** cbuck@jonesday.com
- **Damarr M Butler** butler.damarr@pbgc.gov, efile@pbgc.gov
- **Lori A Butler** butler.lori@pbgc.gov, efile@pbgc.gov
- **Howard Camhi** hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- **Shirley Cho** scho@pszjlaw.com
- **Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **David N Crapo** dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- **Mariam Danielyan** md@danielyanlawoffice.com, danielyan.mar@gmail.com
- **Brian L Davidoff** bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Aaron Davis** aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Kevin M Eckhardt** keckhardt@huntonak.com, keckhardt@hunton.com
- **Andy J Epstein** taxcpaesq@gmail.com
- **Christine R Etheridge** christine.etheridge@ikonfin.com
- **M Douglas Flahaut** flahaut.douglas@arentfox.com
- **Michael G Fletcher** mfletcher@frandzel.com, sking@frandzel.com
- **Eric J Fromme** efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Jeffrey K Garfinkle** jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **Lawrence B Gill** lgill@nelsonhardiman.com, rrange@nelsonhardiman.com
- **Paul R. Glassman** pglassman@sycr.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-

3

- 1103@ecf.pacerpro.com
- **Mary H Haas** maryhaas@dwt.com, melissastrobel@dwt.com;laxdocket@dwt.com;yunialubega@dwt.com
- **Michael S Held** mheld@jw.com
- **Lawrence J Hilton** lhilton@onellp.com, lthomas@onellp.com;info@onellp.com; evescance@onellp.com;nlichtenberger@onellp.com;rgolder@onellp.com
- **Robert M Hirsh** Robert.Hirsh@arentfox.com
- **Florice Hoffman** fhoffman@socal.rr.com, floricehoffman@gmail.com
- **Michael Hogue** hoguem@gtlaw.com, fernandezc@gtlaw.com;SFOLitDock@gtlaw.com
- **Marsha A Houston** mhouston@reedsmith.com
- **Brian D Huben** hubenb@ballardspahr.com, carolod@ballardspahr.com
- **John Mark Jennings** johnmark.jennings@kutakrock.com
- **Monique D Jewett-Brewster** mjb@hopkinscarley.com, jkeehnen@hopkinscarley.com
- **Gregory R Jones** gjones@mwe.com, rnhunter@mwe.com
- **Lance N Jurich** ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- **Ivan L Kallick** ikallick@manatt.com, ihernandez@manatt.com
- **Jane Kim** jkim@kellerbenvenutti.com
- **Monica Y Kim** myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Gary E Klausner** gek@lnbyb.com
- **Marilyn Klinger** MKlinger@smtdlaw.com, svargas@smtdlaw.com
- **Jeffrey C Krause** jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Chris D. Kuhner** c.kuhner@kornfieldlaw.com
- **Darryl S Laddin** bkrfilings@agg.com
- **Robert S Lampl** advocate45@aol.com, rlisarobinsonr@aol.com
- **Richard A Lapping** richard@lappinglegal.com
- **Paul J Laurin** plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **David E Lemke** david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com; Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- **Elan S Levey** elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **Tracy L Mainguy** bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- **Samuel R Maizel** samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn. howard@dentons.com;joan.mack@dentons.com
- **Alvin Mar** alvin.mar@usdoj.gov
- **Craig G Margulies** Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Helen@MarguliesFaithlaw.com
- **Hutchison B Meltzer** hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- **Christopher Minier** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **John A Moe** john.moe@dentons.com, glenda.spratt@dentons.com, derry.kalve@dentons.com, andy.jinnah@dentons.com,bryan.bates@dentons.com
- **Monserrat Morales** mmorales@marguliesfaithlaw.com, Victoria@marguliesfaithlaw.com;David@MarguliesFaithLaw.com;Helen@marguliesfait

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4

hlaw.com
- **Kevin H Morse** kevin.morse@saul.com, rmarcus@AttorneyMM.com;sean.williams@saul.com
- **Marianne S Mortimer** mmortimer@sycr.com, jrothstein@sycr.com
- **Tania M Moyron** tania.moyron@dentons.com, chris.omeara@dentons.com
- **Alan I Nahmias** anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Jennifer L Nassiri** jennifernassiri@quinnemanuel.com
- **Charles E Nelson** nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- **Sheila Gropper Nelson** shedoesbklaw@aol.com
- **Mark A Neubauer** mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com
- **Bryan L Ngo** bngo@fortislaw.com, BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com
- **Melissa T Ngo** ngo.melissa@pbgc.gov, efile@pbgc.gov
- **Abigail V O'Brient** avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com
- **John R OKeefe** jokeefe@metzlewis.com, slohr@metzlewis.com
- **Paul J Pascuzzi** ppascuzzi@ffwplaw.com, lnlasley@ffwplaw.com
- **Lisa M Peters** lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- **Christopher J Petersen** cjpetersen@blankrome.com, gsolis@blankrome.com
- **Mark D Plevin** mplevin@crowell.com, cromo@crowell.com
- **David M Poitras** dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com
- **Steven G. Polard** spolard@ch-law.com, cborrayo@ch-law.com
- **Lori L Purkey** bareham@purkeyandassociates.com
- **William M Rathbone** wrathbone@grsm.com, jmydlandevans@grsm.com
- **Jason M Reed** Jason.Reed@Maslon.com
- **Michael B Reynolds** mreynolds@swlaw.com, kcollins@swlaw.com
- **Emily P Rich**erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- **Lesley A Riis**lriis@dpmclaw.com
- **Debra Riley** driley@allenmatkins.com, plewis@allenmatkins.com;jalisuag@allenmatkins.com;bcrfilings@allenmatkins.com
- **H Rome-Banks** julie@bindermalter.com
- **Mary H Rose** mrose@buchalter.com, salarcon@buchalter.com
- **Megan A Rowe** mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- **Nathan A Schultz** nschultz@foxrothschild.com
- **William Schumacher** wschumacher@jonesday.com
- **Mark A Serlin** ms@swllplaw.com, mor@swllplaw.com
- **Seth B Shapiro** seth.shapiro@usdoj.gov
- **Rosa A Shirley** rshirley@nelsonhardiman.com, ksherry@nelsonhardiman.com; lgill@nelsonhardiman.com;jwilson@nelsonhardiman.com;rrange@nelsonhardiman.com
- **Kyrsten Skogstad** kskogstad@calnurses.org, rcraven@calnurses.org

- **Michael St James** ecf@stjames-law.com
- **Andrew Still** astill@swlaw.com, kcollins@swlaw.com
- **Jason D Strabo** jstrabo@mwe.com, ahoneycutt@mwe.com
- **Sabrina L Streusand** Streusand@slollp.com
- **Ralph J Swanson** ralph.swanson@berliner.com, sabina.hall@berliner.com
- **Gary F Torrell** gft@vrmlaw.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Matthew S Walker** matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- **Jason Wallach** jwallach@ghplaw.com, g33404@notify.cincompass.com
- **Kenneth K Wang** kenneth.wang@doj.ca.gov, Jennifer.Kim@doj.ca.gov; susan.lincoln@doj.ca.gov;yesenia.caro@doj.ca.gov
- **Phillip K Wang** phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- **Gerrick Warrington** gwarrington@frandzel.com, dmoore@frandzel.com
- **Adam G Wentland** awentland@tocounsel.com
- **Latonia Williams** lwilliams@goodwin.com, bankruptcy@goodwin.com
- **Michael S Winsten** mike@winsten.com
- **Jeffrey C Wisler** jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Neal L Wolf** nwolf@hansonbridgett.com, calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com
- **Hatty K Yip** hatty.yip@usdoj.gov
- **Andrew J Ziaja** aziaja@leonardcarder.com, sgroff@leonardcarder.com; msimons@leonardcarder.com;lbadar@leonardcarder.com
- **Rose Zimmerman** rzimmerman@dalycity.org

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260