GREGORY A. BRAY (Bar No. 115367)
gbray@milbank.com
MARK SHINDERMAN (Bar No. 136644)
mshinderman@milbank.com
JAMES C. BEHRENS (Bar No. 280365)
jbehrens@milbank.com
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000/Facsimile: (213) 629-5063

*Counsel for the Official Committee of
Unsecured Creditors of Verity Health System of
California, Inc., et al.*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>---<br><br>Affects:<br><br>☒ All Debtors<br>☐ Verity Health System of California, Inc.<br>☐ Saint Louise Regional Hospital<br>☐ St. Francis Medical Center<br>☐ St. Vincent Medical Center<br>☐ Seton Medical Center<br>☐ O'Connor Hospital Foundation<br>☐ Saint Louise Regional Hospital Foundation<br>☐ St. Francis Medical Center of Lynwood Foundation<br>☐ St. Vincent Foundation<br>☐ St. Vincent Dialysis Center, Inc.<br>☐ Seton Medical Center Foundation<br>☐ Verity Business Services<br>☐ Verity Medical Foundation<br>☐ Verity Holdings, LLC<br>☐ De Paul Ventures, LLC<br>☐ De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 18-20151-ER<br>Jointly Administered With:<br>Case No.: 18-20162-ER<br>Case No.: 18-20163-ER<br>Case No.: 18-20164-ER<br>Case No.: 18-20165-ER<br>Case No.: 18-20167-ER<br>Case No.: 18-20168-ER<br>Case No.: 18-20169-ER<br>Case No.: 18-20171-ER<br>Case No.: 18-20172-ER<br>Case No.: 18-20173-ER<br>Case No.: 18-20175-ER<br>Case No.: 18-20176-ER<br>Case No.: 18-20178-ER<br>Case No.: 18-20179-ER<br>Case No.: 18-20180-ER<br>Case No.: 18-20181-ER<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>**DECLARATION OF CYNTHIA A. NELSON IN SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO SGM SALE MOTION**<br>**[DKT. 1279]** |

# DECLARATION OF CYNTHIA A. NELSON

I, Cynthia A. Nelson, declare:

1. I am over 18 years of age. I have personal knowledge of the facts stated below or have gained knowledge of them from documents typically obtained by financial advisors in my capacity or from the professionals assisting me in my capacity as a financial advisor, and, if called as a witness, I could and would testify competently thereto.

2. I am a Senior Managing Director in the Corporate Finance & Restructuring group at FTI Consulting, Inc. ("FTI"), the proposed financial advisor to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"). I am based in Los Angeles where I lead FTI's Los Angeles Corporate Finance Practice. Prior to joining FTI I was a partner in the Business Recovery Services practice of PricewaterhouseCoopers.

3. I have over 25 years of experience in the restructuring and turnaround industry, and assist stakeholders in developing, evaluating, and implementing turnaround plans and restructurings in both judicial and non-judicial circumstances. These efforts routinely involve either managing the disposition of enterprises and assets or advising creditors and other stakeholders in connection with such sales, including Chapter 11 bankruptcy auctions. I have extensive experience with real estate, health care, retail, land, and other types of enterprises and assets and am familiar with customary practices in connection with the disposition of such assets.

**No Consultation Rights for Stalking Horse Bidders**

7. In my experience, stalking horse bidders typically are not granted "consultation" rights alongside "Consultation Parties" with respect to additional bidding procedures in connection with a Chapter 11 sale process. To do so would give a stalking horse bidder a greater voice with respect to how the sale process and auction are to be conducted in connection with matters that may not be related to its own bid. Consultation parties usually have obligations to the estate and their constituents. The Stalking Horse has no such obligation other than to themselves and cannot be objective in determining changes to auction procedures to maximize value or the

higher or better bid. The break-up fee is its protection regarding any concerns being addressed by the Consultation Parties.

8. In addition, granting the stalking horse bidder such a "consultation" right could only result in bidding by other bidders being chilled due to concerns that the stalking horse bidder has been granted a preferential status that could tilt the playing field in its favor.

9. Thus, while a stalking horse bidder may be permitted to protect any rights and prerogatives it negotiated as to its own bid, it is generally not be permitted to exercise any greater control over the auction process, or the rights of the debtor, the official committee, or any other bidder with respect to the sale process.

10. **Stalking Horse Bidder As Back-Up Bidder**

11. In my experience, stalking horse bidders are generally required to serve as back-up bidders. Back-up bidders serve an important function in the chapter 11 auction process by furnishing the debtor with a fallback in the event that the successful bidder, be it a stalking horse bidder or overbidder, breaches its obligation to close.

12. All bidding procedures with which I am familiar contain provisions (i) mandating that the second highest bid and bidders be designated the back-up bid and back-up bidder, respectively; and (ii) requiring the back-up bidder to keep its bid open for a period of time after the sale hearing to be in a position to step into the shoes of the successful bidder in the event that it does not close for any reason.

13. I know of no basis on which to excuse a stalking horse bidder, as opposed to an overbidder or any other type of bidder, from compliance with these back-up bidder obligations.

[*Remainder of Page Intentionally Left Blank*]

1  I declare under penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct.
3  Executed this 28th day of January, 2019, at Los Angeles, California.

_____
Cynthia A. Nelson