**FILED & ENTERED**

**JAN 29 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | Verity Health System of California, Inc., *et al.*, | Lead Case No.: | 2:18-bk-20151-ER |
| | | Chapter 11 | |
| | Debtor and Debtor in Possession. | | |

☒ Affects All Debtors

☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Medical Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

       Debtors and Debtors in Possession.

Jointly Administered With:
Case No. 2:18-bk-20162-ER;
Case No. 2:18-bk-20163-ER;
Case No. 2:18-bk-20164-ER;
Case No. 2:18-bk-20165-ER;
Case No. 2:18-bk-20167-ER;
Case No. 2:18-bk-20168-ER;
Case No. 2:18-bk-20169-ER;
Case No. 2:18-bk-20171-ER;
Case No. 2:18-bk-20172-ER;
Case No. 2:18-bk-20173-ER;
Case No. 2:18-bk-20175-ER;
Case No. 2:18-bk-20176-ER;
Case No. 2:18-bk-20178-ER;
Case No. 2:18-bk-20179-ER;
Case No. 2:18-bk-20180-ER;
Case No. 2:18-bk-20181-ER;

Chapter 11 Cases.

**ORDER: (1) REQUIRING FURTHER BRIEFING ON DEBTORS' MOTIONS TO REJECT COLLECTIVE BARGAINING AGREEMENTS AND (2) CONTINUING HEARING ON MOTIONS FROM JANUARY 30, 2019 TO FEBRUARY 8, 2019, AT 10:00 A.M.**

Date:     February 8, 2019

Time:    10:00 a.m.

Location:  Ctrm. 1568
Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

The Court has reviewed the Debtors' motions to reject collective bargaining agreements (the "Rejection Motions") with the California Nurses Association (the "CNA") and the Service Employee International Union—United Healthcare Workers West (the "SEIU-UHW") (collectively, the "Unions"). The Court requires further briefing responding to the issues set forth herein.

The Unions take the position that denial of the Rejection Motions will not prevent the Debtors from closing the sale of the Hospitals[1] to Santa Clara County ("Santa Clara"). *See, e.g.*, CNA Opposition [Doc. No. 1269] at 24 ("As stated in its prior filings, CNA recognized that [Santa Clara] is the only entity currently willing to buy the Assets. Accordingly, CNA does not wish to block the Asset Sale. However, merely because a court denies a section 1113 motion with a successor clause at issue does not require a purchaser to assume the CBAs. Rather, a court may allow the sale to go forward, but since section 1113 relief has been denied, order relief in the form of post-petition administrative claims for breach of contract…. This is the relief CNA seeks."); *see also* SEIU-UHW Opposition [Doc. No. 1271] ("It is important to note that even though Santa Clara County is not assuming the collective bargaining agreement, the agreement between SEIU-UHW and the Debtors could continue, with claims for damages from breach of contract allowed. This would allow union members to make claims for severance payments under the agreement and claims for ongoing minimum funding contributions required under the contract. The Debtors have not shown that Santa Clara County actually required the Debtors to reject the contract between the Debtors and SEIU-UHW. It is entirely possible that Santa Clara could acquire the hospitals without assuming the collective bargaining agreement, while the Debtors' obligations under the agreement—including the obligations to pay severance and make pension contributions—would continue for the term of the contract.").

To reject the collective bargaining agreements (the "CBAs"), the Debtors must show, among other things, that rejection of the collective bargaining agreements (the "CBAs") is "necessary to permit the reorganization of the debtor …." § 1113(b)(1)(A). "Reorganization," as used in § 1113(b)(1)(A), is "generally understood to include all types of debt adjustment, including a sale of assets, piecemeal or on a going concern basis, under § 363 followed by a plan of reorganization which distributes the proceeds of the sale to creditors in accordance with the Bankruptcy Code's priority scheme." *In re Family Snacks, Inc.*, 257 B.R. 884, 895 (B.A.P. 8th Cir. 2001). Some courts have held that where, as here, the Debtors are liquidating their assets, the phrase "necessary to permit the reorganization of the debtor" means "necessary to achieve a sale under § 363 of the Bankruptcy Code." *Alpha Nat. Res., Inc.*, 552 B.R. 314, 333 (Bankr. E.D. Va. 2016); *see also Walter Energy*, 542 B.R. at 890 (requiring that the debtor's proposal "be necessary to permit … those modifications necessary to consummate a going-concern sale"); *In re Karykeion, Inc.*, 435 B.R. 663, 679 (Bankr. C.D. Cal. 2010) (finding that the debtor had proven that rejection was necessary when the closing of a § 363 sale was contingent on rejection of a collective bargaining agreement). Others courts have concluded that in a liquidating case, the phrase "necessary to permit reorganization of the debtor" means "necessary to accommodate confirmation of a Chapter 11 plan." *Family Snacks*, 257 B.R. at 895.

---

[1] Terms not defined herein have the meaning set forth in the *Memorandum of Decision Overruling Objections of the California Attorney General to the Debtors' Sale Motion* [Doc. No. 1146].

Based upon the foregoing, IT IS HEREBY ORDERED that by no later than **Monday February 4, 2019,** the Debtors, the Official Committee of Unsecured Creditors, Santa Clara County, CNA, and SEIU-UHW shall file briefs, accompanied by declarations as necessary, addressing the following issues:

1) In the context of this case, should the Court interpret "necessary to permit reorganization of the debtor" to mean "necessary to permit the § 363 sale of the Hospitals" or "necessary to enable the Debtors to obtain confirmation of a plan of liquidation"?
2) Is it possible for the Debtors to close the sale if, as contemplated by the Unions, the Court denies the Rejection Motions, allows the CBAs to remain in effect between the Debtors and the Unions, and allows the Unions an administrative claim for breach of the CBAs?
3) What impact would allowance of an administrative claim by the Unions have upon the Debtors' ability to confirm a plan of liquidation?

IT IS FURTHER ORDERED that no additional briefing beyond that set forth above shall be accepted unless otherwise ordered.

IT IS FURTHER ORDERED the hearing on the Rejection Motions is CONTINUED from January 30, 2019, at 10:00 a.m. to **Friday February 8, 2019 at 10:00 a.m.**

IT IS SO ORDERED.

###

Date: January 29, 2019

Ernest M. Robles
United States Bankruptcy Judge