SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

**FILED & ENTERED**

**FEB 19 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

CHANGES MADE BY COURT

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER |
| ☒ Affects All Debtors | Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER |
| ☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Hon. Ernest M. Robles<br><br>**ORDER (1) APPROVING FORM OF ASSET PURCHASE AGREEMENT FOR STALKING HORSE BIDDER AND FOR PROSPECTIVE OVERBIDDERS, (2) APPROVING AUCTION SALE FORMAT, BIDDING PROCEDURES AND STALKING HORSE BID PROTECTIONS, (3) APPROVING FORM OF NOTICE TO BE PROVIDED TO INTERESTED PARTIES, (4) SCHEDULING A COURT HEARING TO CONSIDER APPROVAL OF THE SALE TO THE HIGHEST BIDDER AND (5) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II) AN ORDER (A) AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>**Date:** February 6, 2019<br>**Time:** 10:00 am<br>**Location:** Courtroom 1568, 255 E. Temple St., Los Angeles, CA |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

This matter coming before the Court on the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an Order, as applicable, pursuant to Sections 105(a), 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR") (i)(a) approving form of asset purchase agreement for the Stalking Horse Purchaser and for prospective Overbidders (the "Stalking Horse APA"); (b) approving auction sale format, bidding procedures (the "Bidding Procedures") and stalking horse bid protections; (c) approving the form of notice to be provided to interested parties; (d) scheduling the Auction and a court hearing to consider approval of the sale to the highest bidder; and (e) approving procedures related to the assumption and assignment of certain executory contracts and unexpired leases to the Successful Bidder; (ii) authorizing the sale of property free and clear of all claims, liens and encumbrances; and (iii) granting related relief; the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances and properly given, and it appearing that no other or further notice need be provided; and a hearing on the proposed bid and sale procedures as detailed in the Motion having been held; and after due deliberation the Court having determined that the relief requested in the Motion with respect to proposed bid and sale procedures is in the best interests of the Debtors, their estates, and their creditors; ~~and for the reasons set forth in the Court's tentative~~

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

1  ~~ruling (the "Tentative Ruling") [Doc. No. 1488], which the Court adopts as its final ruling and~~

2  ~~which is incorporated herein by reference,~~ [2]and good and sufficient cause having been shown;

3  **AND IT IS FURTHER FOUND AND DETERMINED THAT:** [3]

4  A.      The statutory and legal predicates for the relief requested in the Motion and

5  provided for herein are Sections 105(a), 363, and 365 of Title 11 of the Bankruptcy Code,

6  Bankruptcy Rules 2002, 6004, 6006, 9007, 9013 and 9014, and Local Bankruptcy Rules 6004-1,

7  and 9013-1.

8  B.      In the Motion and at the hearing on the Motion, the Debtors demonstrated that

9  good and sufficient notice of the relief granted by this Order has been given and no further notice

10 is required.  A reasonable opportunity to object or be heard regarding the relief granted by this

11 Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and

12 all other interested parties.

13 C.      The Debtors' proposed notice of the Bidding Procedures, the Auction and the

14 hearing to approve the sale (the "Sale") of the Assets (the "Sale Hearing") is appropriate and

15 reasonably calculated to provide all interested parties with timely and proper notice, and no other

16 or further notice is required.

17 D.      The Bidding Procedures substantially in the form attached hereto as Exhibit 1 are

18 fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the

19 Assets.

20 E.      The Break-Up Fee, in the amount set forth below, (i) is reasonable and appropriate

21 given, among other things, the size and nature of the Sale and the efforts that will have been

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[2]   Because material changes were made to the Court's Tentative Ruling on the record at the hearing, the Court has not posted the Tentative Ruling to the CM/ECF docket.

[3]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

expended, and will continue to be expended, by the Stalking Horse Purchaser, and (ii) is a material inducement for, and a condition of, the Stalking Horse Purchaser's entry into the Stalking Horse APA.

F.    The form of the Stalking Horse APA is fair and reasonable and provides flexibility in the process to sell the Assets in a manner designed to maximize the value of the Assets.

G.    The assumption and assignment procedures described in the Motion and provided for herein (the "Assumption and Assignment Procedures") and the Cure Notice are reasonable and appropriate and consistent with the provisions of Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.  The Assumption and Assignment Procedures and the Cure Notice have been narrowly tailored to provide an adequate opportunity for all non-debtor counterparties to the Assumed Executory Contracts to assert an Assumption Objection.

H.    Entry of this Order is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    To the extent that the International Union of Operating Engineers, Stationary Engineers Local 39 [Doc. No. 1355], the Service Employees International Union, United Healthcare WorkersWest [Doc. No. 1354], the California Nurses Association [Doc. No. 1359], and the United Nurses Association of California/Union of Health Care Professionals (collectively, the "Unions") assert that the Debtors are required to reject the Collective Bargaining Agreements prior to entering into the Stalking Horse APA, the Unions' objections are overruled. Additionally, the Union's objection that the Bidding Procedures do not sufficiently incentivize prospective purchasers to assume Collective Bargaining Agreements (the "CBAs") to which the Unions are parties is overruled. The Court finds that requiring the Debtors to provide a precise

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

quantification of the value to be accorded to the assumption of liabilities arising under the CBAs would unduly impair the Debtors' flexibility in the conduct of the auction of the Debtors' assets, and would likely yield suboptimal results for all stakeholders. The Debtors must be allowed to conduct the auction in accordance with their business judgment, especially given the complexity of an auction of this type. Precise quantification of the valuation to be afforded to assumption of the CBAs would not be of material assistance to the sophisticated participants in this auction, who will be assisted by professional advisors using their own detailed financial models and projections. to the Bidding Procedures are overruled as set forth in the Tentative Ruling, at Section 11 ¶ C. This Order does not prevent the Unions from raising objections under § 1113 at the Sale Hearing. However, the Unions' contention that the Stalking Horse APA and the associated bidding procedures cannot be approved prior to the adjudication of § 1113 issues is without merit.

3.    The objection filed by St. Vincent IPA Medical Corporation and Angeles IPA [Doc. No. 1388] is premature and may be raised at the Sale Hearing. With respect to the objection filed by Hooper Healthcare Consulting LLC ("Hooper") [Doc. No. 1397], to the extent that Hooper asserts that it is entitled to receive notification of the treatment of its Net Benefit Compensation (as that term is defined in Doc. No. 1397) prior to selection of the Successful Bidder, its objection is overruled. Hooper may raise any objections regarding its Net Benefit Compensation or the assumption and assignment of its executory contract at the Sale Hearing. Hooper's objection to the timeline proposed by the Debtors with respect to the assumption and assignment of executory contracts is overruled. To the extent that Hooper The objections filed by (i) St. Vincent IPA Medical Corporation and Angeles IPA [Doc. No. 1388], and (ii) Hooper Healthcare Consulting LLC [Doc. No. 1397] are overruled for the reasons set forth in the Tentative Ruling, Section II ¶ G & J.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

4.      The objection filed by the Official Committee of Unsecured Creditors (the "Committee") [Docket Nos. 1399, 1401, 1402] and the *Joint Supplement to Objection and Response to Debtors' Sale Motion* [Docket No. 1279] filed by the Committee, UMB Bank, N.A., and Wells Fargo Bank, National Association, is overruled in part and sustained in part with respect to the revised Section 8.6 of the Stalking Horse APA and the Break-Up Fee, as set forth below.

5.      As to the objection filed by the County of San Mateo and the Health Plan of San Mateo [Doc. No. 1361], the restrictions and limitations set forth in § 5.1(b) of the Stalking Horse APA on communications between SGM and governmental authorities shall apply only to communications regarding licensing or regulation of the Hospitals with the relevant licensing or regulatory authorities. Such restrictions shall not apply to communications involving SGM (or any other prospective buyers) and any governmental authority on subjects unrelated to licensing or regulation by that authority.

6.      The Court does not rule on the objections filed by MGH Painting Inc. [Doc. No. 1358], Belfor USA Group, Inc. [Doc. No. 1364], and the California Attorney General [Doc. No. 1352], Centers for Medicare and Medicaid Services; all such objections are premature and are preserved for the Sale Hearing and may be raised at that time. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

7.      The objection of Cigna Healthcare of California, Inc. ("Cigna") [Doc. Nos. 1349 and 1459] is sustained.  The Debtors shall, no later than the earlier of (i) 48 hours after the conclusion of the Auction, or (ii) thirty (30) days prior to the Closing Date, provide Cigna with written notice of its irrevocable decision as to whether or not the Debtors propose to assume and assign any or all of the Cigna Provider Agreements as part of the Sale; provided, however, that such notice shall be irrevocable only to the extent that the Successful Bidder's transaction is

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

approved by this Court and an order thereon becomes final and non-appealable. The Debtors shall provide the same notice to UnitedHealthcare Insurance Company.

8.    The objections filed by the U.S. Department of Health and Human Services and Centers for Medicare and Medicaid Services [Doc. No. 1346] and the California Department of Health Care Services [Doc. No. 1353] are continued, as resolved by stipulations [Docket Nos. 1458 and 1473, respectively], approved by orders entered on [Docket Nos. 1465 and 1483, respectively].

9.    The Bidding Procedures attached hereto as <u>Exhibit l</u> are **APPROVED**.[4]

10.    Strategic Global Management, Inc. or an affiliate to be designated (the "<u>Stalking Horse Purchaser</u>") is hereby **APPROVED** to be and designated as the Stalking Horse Purchaser as to the Assets, and the form of the Stalking Horse APA is hereby **APPROVED**.

11.    Subject to the Bidding Procedures and approval of the Sale at the Sale Hearing, the Debtors' entry into the Stalking Horse APA (including any amendments thereto) is hereby **APPROVED** subject to the following modifications:

(i)    the following language is added to Section  6.1(b)(2): "In the event that Purchaser terminates this Agreement in accordance with Section 8.6 hereof, expenses of Purchaser incurred in satisfaction of Section 8.6 shall be reimbursed up to $500,000";

(ii)    Section 8.6 shall be replaced by the following revised Section 8.6:

8.6    **Attorney General Provisions**. Purchaser recognizes that the transactions contemplated by this Agreement may be subject to review and approval of the CA AG. Purchaser agrees to close the transactions contemplated by this Agreement so long as any conditions imposed by the CA AG are substantially consistent with the conditions set forth, as Purchaser Approved Conditions, in Schedule 8.6. In the event the CA AG imposes conditions on the transactions contemplated by this Agreement, or on Purchaser in connection therewith,  which are materially different than the Purchaser Approved Conditions set forth

---

[4]    For the convenience of parties in interest, a chart listing important dates set forth in this Order is attached hereto as <u>Exhibit 2</u>.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

on Schedule 8.6 (the "Additional Conditions"), Sellers shall have the opportunity to file a motion with the Bankruptcy Court seeking the entry of an order ("Supplemental Sale Order") finding that the Additional Conditions are an "interest in property" for purposes of 11 U.S.C. § 363(f), and that the Assets can be sold free and clear of the Additional Conditions without the imposition of any other conditions, which would adversely affect the Purchaser. For purposes of this Section 8.6, Additional Conditions which individually or collectively impose a direct or indirect cost to Purchaser of $5 million, or more, shall be conclusively deemed to be "materially different." If Sellers determine not to seek such Supplemental Sale Order, or fail to obtain such Supplemental Sale Order within 60 days of the Attorney General's imposition of Additional Conditions, Purchaser shall be entitled to terminate this Agreement and receive the return of its Good Faith Deposit. If Sellers timely obtain such Supplemental Sale Order from the Bankruptcy Court or another court, Purchaser shall have a period of 21 business days from the entry of such order (the "Evaluation Period") to determine, in the exercise of the Purchaser's reasonable business judgment and in consultation with Purchaser's financing sources, whether to proceed to consummate the transactions contemplated by this Agreement; provided, however, (i) Purchaser shall not terminate or provide notice of termination of the Stalking Horse APA based on the Seller's failure to satisfy the condition set forth under this Section 8.6 until the expiration of the Evaluation Period as may be extended herein, and (ii) the Evaluation Period may be extended by the Debtors, in consultation with the Consultation Parties, by up to 90 days for any appeal properly perfected with respect to the Supplemental Sale Order (the "Extended Evaluation Periods"). For the avoidance of doubt, if the Debtors or any of the Consultation Parties dispute the reasonableness of the exercise of the Purchaser's business judgment, such dispute shall be determined by the Bankruptcy Court only in the context of an adversary proceeding. If, at the conclusion of the Extended Evaluation Periods, such Supplemental Sale Order has not become a final, non-appealable order and Purchaser determines not to proceed, Purchaser shall have the right within ten (10) business days after the conclusion of the Extended Evaluation Periods to terminate this Agreement and receive the return of its Good Faith Deposit. Sellers shall provide Purchaser with prompt written notice of the conclusion of the Extended Evaluation Periods and whether the Supplemental Sale Order has become a final, non-appealable order. For purposes of this Section 8.6, "a final, non-appealable order" shall include a Supplemental Sale Order (i) which has been affirmed or the appeal of which has been dismissed by any appellate court and for which the relevant appeal period has expired (other than any right of appeal to the U.S. Supreme Court), or (ii) which has been withdrawn by the appellant. If the Supplemental Sale Order becomes a final, non-appealable order prior to the expiration of the Evaluation Period or, if applicable, the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Extended Evaluation Periods, Purchaser shall consummate the Sale provided that all other conditions to closing have been satisfied. During any Evaluation Period or Extended Evaluation Periods, Purchaser shall reasonably cooperate in any efforts to render the Supplemental Sale Order a final, non-appealable order, including timely taking reasonable steps in preparation for closing of the transactions described in this Agreement; provided, however, Purchaser shall not be obligated to expend more than $500,000. For the avoidance of doubt, neither this provision, nor any of the rights granted to the Purchaser herein, shall constitute a waiver of any party in interest's right to argue that any appeal from the Sale Order should be dismissed on statutory, Constitutional or equitable mootness grounds.

(iii)    in Section II, H(a), in Schedule 6.1(b)(3), annexed to the Stalking Horse APA [Docket No. 1279, at 111], the reference to Section 6.26(b)(2) is hereby corrected to Section 6.1(b)(2); and

(iv)    other clarifications to the Bidding Procedures set forth in the attached Exhibit "1" are hereby deemed incorporated into Schedule 6.1(b)(3), annexed to the Stalking Horse APA [Docket No. 1279, at 111].

12.    The Break-Up Fee, as modified, is **APPROVED** for the reasons stated on the record.  If the Stalking Horse Purchaser is not the Successful Bidder and is not then in breach, and the Stalking Horse APA has not otherwise been terminated, the Stalking Horse Purchaser shall be paid at the closing of the Sale of the Purchased Assets (i) three and one-quarter percent (3.25%) of the Cash Consideration ($19,825,000.00), plus (ii) reimbursement of reasonably documented reasonable costs and expenses in an amount not to exceed $2,000,000.00.  Notwithstanding anything to the contrary contained herein, upon payment of the Break-Up Fee to the Stalking Horse Purchaser, the Debtors and their representatives and affiliates, on the one hand, and Stalking Horse Purchaser and its respective representatives and affiliates, on the other hand, will be deemed to have fully released and discharged each other from any liability resulting from the termination of the Stalking Horse APA, and neither the Debtors and their representatives and

affiliates, on the one hand, and the Stalking Horse Purchaser and its respective representatives and affiliates, on the other hand, nor any other Person, will have any other remedy or cause of action under or relating to the Stalking Horse APA, including for reimbursement of any additional expenses incurred by the Stalking Horse Purchaser in connection with the negotiation and documentation of the Stalking Horse APA and all proceedings held in connection therewith.  Any Break-Up Fee shall be payable without any further order of the Bankruptcy Court.

13.     The Partial Bid Deadline **shall be March 28, 2019 at 4:00 p.m. (prevailing Pacific Time)** and the Bid Deadline shall be **April 3, 2019 at 4:00 p.m. (prevailing Pacific Time)**.

14.     The Debtors, after consultation with the Consultation Parties (as defined in the Bidding Procedures), shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify Qualified Bidders whether their bids have been recognized as such as promptly as practicable after a Qualified Bidder delivers all of the materials required by the Bidding Procedures.

15.     The Partial Bid Auction, if necessary, shall be held on **April 8, 2019 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Partial Bid Auction.   The Full Bid Auction, if necessary, shall be held on **April 9, 2019 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Full Bid Auction.

16.     At each of the Partial Bid Auction and the Full Bid Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

the sale, and the Auction shall be conducted openly and transcribed.  Within twenty-four (24) hours following the conclusion of the Full Bid Auction, the Debtors shall file a notice identifying the Successful Bidder with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties whose contracts are to be assumed and assigned.

17.    The Debtors, after consultation with the Consultation Parties, shall determine which offer is the highest and otherwise best offer for the Assets, giving effect to the Break-Up Fee payable to the Stalking Horse Purchaser as well as any additional liabilities or Cure Amounts to be assumed by the Stalking Horse Purchaser or another Qualified Bidder and any additional costs which may be imposed on the Debtors.

18.    The Sale Hearing shall be held on **April 17, 2019 at 10:00 a.m. (prevailing Pacific Time)** before this Court, the U.S. Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012.  Any objections to the Sale (other than an Assumption Objection (defined herein) which shall be governed by the procedures set forth below) (a "Sale Objection"), must (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with the Court, 255 E. Temple St., Los Angeles, California 90012, together with proof of service, **on or before 4:00 p.m. (prevailing Pacific Time) on April 12, 2019** (the "Sale Objection Deadline") and (v) be served, so as to be actually received on or before the Sale Objection Deadline, upon: (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney  (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (iv) counsel to the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); and (v) counsel to the Series 2015 and Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com) (collectively, the "Notice Parties"). If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the objecting party may be barred from objecting to the Sale and may not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

19.     The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtors shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, and after consultation with the Consultation Parties, to cancel the Sale at any time subject to the terms of this Order, in accordance with the terms of this Order and the Stalking Horse APA.

20.     The following forms of notice are approved: (a) the Procedures Notice, in the form substantially similar to that attached hereto as Exhibit 3 and (b) the Cure Notice, in the form substantially similar to that attached hereto as Exhibit 4.

20.     The Debtors shall, within one (1) business day after the entry of this Order, file with the Court and serve a copy of this Order and the Procedures Notice by first class mail, postage prepaid, on the Notice Parties and all parties which the Debtor are require to serve pursuant to LBR 6004-1(b)(3) and the *Order Granting Emergency Motion of Debtors for Order Limiting Scope of Notice* [Dkt. No. 132].

21.     The Debtors shall file with the Court and serve the Cure Notice (along with a copy of this Motion) upon each counterparty to the Assumed Executory Contracts by no later than

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**March 5, 2019**.  The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any Assumption Objection must be filed and served.  The Cure Notice also will identify the amounts, if any, that the Debtors believe are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

22.     To the extent there is a contract added to the list of contracts to be assumed by the Successful Bidder pursuant to the Successful Bidder's Purchase Agreement selected at the Auction, the Motion constitutes a separate motion to assume and assign that contract to the Successful Bidder pursuant to Section 365 of the Bankruptcy Code; each such contract will be listed on an exhibit to the Successful Bidder's Purchase Agreement, and shall be given a separate Cure Notice filed and served by overnight delivery by the Debtors within 5 business days of the conclusion of the Auction and announcement of the Successful Bidder(s).

23.     The inclusion of a contract, lease, or other agreement on the Cure Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease, or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

24.     If any counterparty to an Assumed Executory Contract wishes to file an Assumption Objection, such counterparty must file and serve it so as to be actually received by the Notice Parties by no later than:  (i) **4:00 p.m. (prevailing Pacific Time) on March 22, 2019**, (ii) such later date otherwise specified in the Cure Notice, or (iii) solely with respect to those counterparties to Assumed Executory Contracts who are not served with a Cure Notice until a date after March 22, 2019, seven (7) days after service by overnight mail of such Cure Notice (the "Assumption Objection Deadline"), provided, however, that if any Successful Bidder is not the

- 13 -

110333969\V-2

Stalking Horse Purchaser, any counterparty may raise at the Sale Hearing (or any time before the Sale Hearing) an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract.    The Court will make any and all determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to Sections 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

25.    To the extent the Assumed Executory Contract counterparty wishes to object to the Cure Amount, if any, set forth in the Cure Notice, its Assumption Objection must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Cure Notice.

26.    Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

27.    If a Contract or Lease is assumed and assigned pursuant to Court order, the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale, the Cure Amount, if any, as set forth in the Cure Notice.    All Cure Amounts will be funded in accordance with the terms and conditions of the Stalking Horse APA and/or the Purchase Agreement(s), as applicable.

28.    Assumption Objections (including those related to adequate assurance of future performance) will be resolved by the Court at the Sale Hearing.    Notwithstanding, in the event that the Debtors and the counterparty cannot resolve the Cure Amount, such dispute may be

- 14 -

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    resolved by the Court at the Sale Hearing or such later date as may be agreed to or ordered by the

2    Court.

3        29.    The Successful Bidder(s) shall be responsible for satisfying any requirements

4    regarding adequate assurance of future performance that may be imposed under section 365(b) of

5    the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory

6    Contract, and the failure to provide adequate assurance of future performance to any counterparty

7    to any Assumed Executory Contract shall not excuse the Successful Bidder(s) from performance

8    of any and all of its obligations pursuant to the Successful Bidder's Purchase Agreement.

9        30.    Except to the extent otherwise provided in a Successful Bidder's Purchase

10    Agreement, the Debtors and their estates shall be relieved of all liability accruing or arising after

11    the assumption and assignment of the Assumed Executory Contracts pursuant to section 365(k) of

12    the Bankruptcy Code.

13        31.    All proceeds of the Sale shall be paid by the Successful Bidder(s) to the Debtors

14    and such proceeds shall be deposited in accordance with paragraph 4 of the Final DIP Order, and

15    all liens, claims, interests and encumbrances on the Assets sold pursuant to the Sale shall attach to

16    the proceeds of Sale with the same force, effect, validity and priority as such liens, claims,

17    interests and encumbrances had on such Assets prior to the Closing, subject to the liens and

18    security interests of the DIP Lender and the Prepetition Secured Creditors under the relevant

19    intercreditor agreements, applicable law and the Final DIP Order, as applicable.

20        32.    To the extent the provisions of this Order are inconsistent with the provisions of

21    any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

22        33.    The Court shall retain jurisdiction over all matters arising from or related to the

23    interpretation and implementation of this Order.

110333969\V-2

34.  Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

###

Date: February 19, 2019

Ernest M. Robles
United States Bankruptcy Judge

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

## Exhibit 1

**(Bidding Procedures)**

### BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed in connection with the sale of all assets of (i) the assets (the "Purchased Assets") enumerated in the Stalking Horse APA (as defined below), including but not limited to, St. Francis Medical Center, St. Vincent Medical Center, St. Vincent Dialysis Center, Inc., Seton Medical Center and Seton Medical Center Coastside (collectively, the "APA Facilities"); and (ii) assets not otherwise enumerated in the APA, but associated with the ownership or operation of the APA Facilities and available for purchase (the "Other Assets"), in connection with the chapter 11 cases pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), jointly administered as case number 2:18-bk-20151-ER, in the form to be approved by the Bankruptcy Court, by Order dated [_____], 2019 (the "Bidding Procedures Order").

The Debtors entered into that certain Asset Purchase Agreement, dated January 8, 2019 between the Debtors, on the one hand, and Strategic Global Management, Inc. (the "Stalking Horse Purchaser"), on the other hand, pursuant to which the Stalking Horse Purchaser shall acquire the Assets on the terms and conditions specified therein (together with the schedules and related documents thereto, the "Stalking Horse APA").  The sale transaction pursuant to the Stalking Horse APA is subject to competitive bidding as set forth herein.  Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest Bidder, and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* [Docket No. 1279] (the "Sale Motion").

## I.    ASSETS TO BE SOLD

The Debtors seek to complete a sale of substantially all assets of the APA Facilities, including both the Purchased Assets and the Other Assets (the "Sale").  The Stalking Horse APA will serve as the "stalking-horse" bid for the Purchased Assets.

## II.    THE BID PROCEDURES

In order to ensure that the Debtors receive the maximum value for the Purchased Assets and/or the Other Assets, they intend to hold a sale process for the Purchased Assets and/or the Other Assets pursuant to the procedures and on the timeline proposed herein.

### A.    Provisions Governing Qualifications of Bidders

Unless otherwise ordered by the Court or as set forth in these procedures, in order to participate in the bidding process, each person, other than the Stalking Horse Purchaser, who wishes to

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

participate in the bidding process must deliver, prior to the Bid Deadline (defined herein), the following Debtors:

(a)    a written disclosure of the identity of each entity that will be bidding for the Purchased Assets and/or the Other Assets or otherwise participating in connection with such bid; and

(b)    an executed confidentiality agreement (to be delivered prior to the distribution of any confidential information by the Debtors) in form and substance satisfactory to the Debtors and which shall inure to the benefit of any purchaser of the Purchased Assets and/or Other Assets; without limiting the foregoing, each confidentiality agreement executed by a Potential Bidder shall contain standard non-solicitation provisions.

A bidder that delivers the documents and information described above and that the Debtors determine, after consultation with the Official Committee of Unsecured Creditors, the Prepetition Secured Creditors, and any other party deemed appropriate within the business judgment of the Debtors (collectively, the "Consultation Parties") in their reasonable business judgment, is likely (based on availability of financing, experience, and other considerations) to be able to consummate the sale, will be deemed a potential bidder ("Potential Bidder").

## B.    Due Diligence

The Debtors will afford any Potential Bidder such due diligence access or additional information as the Debtor, in consultation with their advisors, deem appropriate, in their reasonable discretion. The due diligence period shall extend through and including the relevant Bid Deadline; provided, however, that any bid submitted under these procedures shall be irrevocable until at least the selection of the Successful Bidder(s) (defined herein) and any Back-Up Bidder(s) (defined herein).

## C.    Provisions Governing Qualified Bids

A bid submitted by a Potential Bidder will be considered a Qualified Bid (each, a "Qualified Bid", and each such Potential Bidder thereafter a "Qualified Bidder") only if the bid complies with all of the following requirements:

a)    it states that the applicable Qualified Bidder offers to purchase, in cash, some or all of the Purchased Assets and/or the Other Assets;

b)    it identifies with particularity the portion of the Purchased Assets and/or the Other Assets the Qualified Bidder is offering to purchase;

c)    it allocates with specificity the portion of the purchase price offered that the Qualified Bidder attributes to St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Coastside, and each of the Other Assets, respectively;[5]

---

[5] For the avoidance of doubt, such allocation shall not be binding on the Debtors, their estates or any Consultation Party.

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

d)  it includes a signed writing that the Qualified Bidder's offer is irrevocable until the selection of the Successful Bidder and the Back-Up Bidder, provided that if such bidder is selected as the Successful Bidder or the Back-Up Bidder then the offer shall remain irrevocable until the earliest of (i) the closing of the transaction with the Successful Bidder, (ii) in the case of the Successful Bidder, a termination of the Qualified Bid pursuant to the terms of the Successful Bidder Purchase Agreement and (iii) with respect to the Back-up Bidder, the date that is thirty (30) business days after entry of the Sale Order;

e)  it includes confirmation that there are no conditions precedent to the Qualified Bidder's ability to enter into a definitive agreement and that all necessary internal governance and shareholder approvals have been obtained prior to the bid;

f)  it sets forth each third-party, regulatory and governmental approval required for the Qualified Bidder to consummate the transaction and the time period within which the Qualified Bidder expects to receive such approvals and establishes a substantial likelihood that the Qualified Bidder will obtain such approvals by the stated time period;

g)  it includes a duly authorized and executed copy of a purchase or acquisition agreement in the form of the Stalking Horse APA (a "Purchase Agreement"), including the purchase price for some or all of the Purchased Assets and/or the Other Assets, or both, expressed in U.S. Dollars, together with all exhibits and schedules thereto, together with copies marked  to show any amendments and modifications to the Stalking Horse APA ("Marked Agreement");

h)  it is not subject to any financing contingency and includes written evidence of a firm ability to have the funding necessary to consummate the proposed transaction, that will allow the Debtors to make a reasonable determination, in consultation with the Consultation Parties, as to the Qualified Bidder's financial and other capabilities to consummate the transaction contemplated by the Purchase Agreement;

i)  if the bid is for all of the Purchased Assets, it must have a value to the Debtors, in the Debtors' exercise of its reasonable business judgment, after consultation with its advisors and the Consultation Parties, that is greater than or equal to the sum of the value offered under the Stalking Horse APA, plus (i) the amount of the Break-Up Fee ($19,825,000.00); (ii) the amount of the expense reimbursement ($2,000,000.00); and (iii) $7,000,000.00 (the "Initial Bidding Increment," and, together with the Break-Up Fee, the "Minimum Qualified Bid");

j)  if the bid is a partial bid (the "Partial Bid"), [6] the terms of paragraph (i) immediately above shall not apply but the terms of paragraph (o) below concerning the Good Faith Deposit shall expressly apply in order to be a bid qualified to participate in the Partial Bid Auction (as defined below) (each, a "Partial Bid Auction Qualified Bid").  In the event that the Debtors aggregate Partial Bids, the Partial Bid purchasers' responsibility for the Break-Up Fee, the Expense Reimbursement, and the Initial Bidding Increment shall be reasonably allocated to each Partial Bid purchaser, and (ii) in no event shall the Stalking Horse Purchaser be entitled to more than one Break-Up Fee and/or Expense Reimbursement;

k)  it identifies with particularity which (i) executory contracts and unexpired leases the Qualified Bidder wishes the Debtors to assume and assign to it, and (ii)

---

[6] A Partial Bid shall mean a bid for less than all of the Purchased Assets.

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Purchased Assets and/or Other Assets, subject to purchase money liens or the like, the Qualified Bidder wishes to acquire and therefore pay the associated purchase money financing;

l)    it contains sufficient information concerning the Qualified Bidder's ability to provide adequate assurance of performance with respect to executory contracts and unexpired leases;

m)    it includes an acknowledgement and representation that the Qualified Bidder: (A) has had an opportunity to conduct any and all required due diligence regarding the Purchased Assets and/or Other Assets prior to making its offer and that the offer is not subject to any further due diligence or the need to raise capital/financing to consummate the proposed transaction; (B) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets and/or Other Assets in making its bid; (C) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Purchased Assets and/or Other Assets or the completeness of any information provided in connection therewith or with the relevant Auction (defined below), except as expressly stated in the Purchase Agreement; and (D) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid;

o)    unless it is a Credit Bid (as defined below), it is accompanied by a (i) good faith deposit in the form of a wire transfer (to a bank account specified by the Debtors), certified check or such other form of cash or cash equivalent acceptable to the Debtors, payable to the order of the Debtors (or such other party as the Debtors may determine) in an amount equal to: (a) 20% of purchase price for bids under $5 million; (b) for bids greater than $5 million and less than $100 million, the greater of: (i) $1 million or (ii) 10% of purchase price; (c) for bids greater than $100 million, the greater of (i) $10 million or (ii) 5% of purchase price (collectively, the "Good Faith Deposit"), which Good Faith Deposit shall, be forfeited if such bidder is the Successful Bidder and breaches its obligation to close; and (ii) if the Qualified Bid is a bid made by a secured creditor of the Debtors (a "Credit Bid Bidder") who intends to make a credit bid (each, a "Credit Bid Bid"), evidence of (a) the basis for and property covered by such Credit Bid Bidder's secured claim, (b) the amount of such Credit Bid Bidder's claim that is secured by the property in question, (c) whether it is the senior secured claim on the property (x) prepetition and (y) as of the date of the request to be a Qualified Bidder, as well as (d) evidence of the resolution of any Challenge to such Credit Bid Bidder's secured claim within the meaning of the Final DIP Order;

p)    it contains a detailed description of how the Qualified Bidder intends to treat current employees of the Debtors;

r)    it identifies the person(s) and their title(s) who will attend the relevant Auction, and confirms that such person(s) have authority to make binding Overbids (defined below) at such Auction;

s)    it contains such other information reasonably requested by the Debtors; and

t)    it is received prior to the Bid Deadline.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Debtors, in consultation with the Consultation Parties (who shall receive copies of the Purchase Agreement relating to any bids cast pursuant to these Bidding Procedures as soon as reasonably practicable), may qualify any bid that meets the foregoing requirements as a Qualified Bid.  Notwithstanding the foregoing, the Stalking Horse Purchaser is deemed a Qualified Bidder and the Stalking Horse APA is deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale.

The Debtors shall notify the Consultation Parties, the Stalking Horse Purchaser and all Qualified Bidders and the Notice Parties in writing as to whether or not any bids constitute Qualified Bids (and with respect to each Qualified Bidder that submitted a bid as to whether such Qualified Bidder's bid constitutes a Qualified Bid) and provide copies of the Purchase Agreements relating any such Qualified Bid to the Consultation Parties, the Stalking Horse Purchaser and such Qualified Bidders and the Notice Parties on the earlier of: (1) the date that any bid other than the Stalking Horse Bid has been deemed a Qualified Bid, or (2) two business days prior to the Partial Bid Auction.

### D.    Bid Deadline

A Qualified Bidder that desires to make a bid or a Partial Bid will deliver written copies of its bid or Partial Bid to the following parties (collectively, the "Notice Parties): (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com,pricotta@mintz.com));and (v) counsel to the Series 2015 and Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com)), so as to be received by the Notice Parties not later than **March 28, 2019, at 4:00 p.m.** (prevailing Pacific Time), for partial bids (the "Partial Bid Deadline") or **April 3, 2019, at 4:00 p.m.** (prevailing Pacific Time), for full bids (the "Full Bid Deadline").

A list of all Qualified Bids, as well as all adequate assurance information included in such bids as required by paragraph C(l) above, will be provided to Cigna and United (through their counsel) no later than April 4, 2018, at 4:00 p.m. (prevailing Pacific Time) to allow those parties to evaluate Qualified Bidders related to adequate assurance of future performance of the Cigna and United provider agreements.

### E.    Credit Bidding

Any party with a valid, properly perfected security interest in any of the Assets may credit bid for the Assets in connection with the Sale pursuant to § 363(k) of the Bankruptcy Code.

Any credit bids made by secured creditors shall not impair or otherwise affect the Stalking Horse Purchaser's entitlement to the Bidding Procedures and related protections granted under the Bidding Procedures Order.

### F.    Evaluation of Competing Bids

A Qualified Bid will be valued based upon several factors including, without limitation: (i) the amount of such bid; (ii) the risks and timing associated with consummating such bid; (iii) any proposed revisions to the form of Stalking Horse APA; and (iv) any other factors deemed relevant by the Debtors in its reasonable discretion, in consultation with the Consultation Parties, including the amount of cash included in the bid.

### G.    No Qualified Bids

If the Debtors do not receive any Qualified Bids other than the Stalking Horse APA, the Debtors will not hold an auction and the Stalking Horse Purchaser will be named the Successful Bidder for the Assets.  If the Debtors receive one or more qualified Partial Bid Auction Qualified Bids and, after the Partial Bid Auction, the Debtors will determine, in consultation with the Consultation Parties, if there are any Partial Bidders that will not be qualified to participate at the Full Bid Auction.

### H.    Auction Process

If the Debtors receive one or more Partial Bid Auction Qualified Bids, the Debtors will conduct separate auctions of each asset or combinations thereof (each, a "Partial Bid Auction").  Any Partial Bidder holding a Partial Bid Auction Qualified Bid shall be entitled to bid on any assets in any Partial Bid Auction(s).  The procedures below shall apply to the Partial Bid Auction, except as where otherwise indicated.  The Debtors will conduct the Partial Bid Auction(s), which shall be transcribed on **April 8, 2019, at 10:00 a.m. (prevailing Pacific Time)** (the "Partial Bid Auction Date"), at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or such other location as shall be timely communicated to all entities entitled to attend the Auction.

The Partial Bid Auction Qualified Bids determined by the Debtors, in consultation with the Consultation Parties, at the Partial Bid Auction(s) (as set forth above) to be eligible to participate at the Full Bid Auction, including (without limitation) the highest and best bids for each asset (the "Winning Partial Bids") shall be permitted to participate in the Full Bid Auction (as defined below) of the Purchased Assets and/or the Other Assets, except that:

> (a)  If the Partial Bids, at the conclusion of the Partial Bid Auction, include all four APA Facilities and exceed, in the aggregate, the Purchase Price in the Stalking Horse APA, there will be a Full Bid Auction (as defined below) and (1) the Stalking Horse Purchaser may overbid in the aggregate for all four APA Facilities, or (2) the Stalking Horse Purchaser may bid for less than the four APA Facilities and be entitled to a pro-rata Break-Up Fee for the APA Facilities which the Stalking Horse Purchaser does not acquire, as specified in the Stalking Horse APA at 6.1(b)(2);

> (b)  If the Partial Bids do not include all four APA Facilities, and if there are no other Qualified Full Bids, then Seller, in its discretion, after consultation with the Consultation Parties, may choose, at the conclusion of the Partial Bid Auction, (1) to have no Full Bid Auction and the Stalking Horse Purchaser will purchase the four APA Facilities pursuant to the Stalking Horse APA, or (2) if the Debtor and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Consultation Parties deem the aggregate designated Winning Partial Bid(s) to be sufficient to warrant leaving one or more APA Facilities behind (the "Remaining Facility"), the Stalking Horse Purchaser shall have the option of (i) acquiring the Remaining Facility at the allocated price in the Stalking Horse APA, (ii) overbidding one or more of the Partial Bids, or (iii) terminating the Stalking Horse APA. In either event, the Stalking Horse Purchaser shall be entitled to the Break-Up Fee for all of the APA Facilities not acquired by the Stalking Horse Purchaser.

If the Debtors receive, in addition to the Stalking Horse APA, one or more Qualified Full Bids (and/or a combination of Winning Partial Bids from the Partial Bid Auction(s) seeking, on an aggregate basis, to purchase all or substantially all of the Purchased Assets and/or the Other Assets), the Debtor will conduct a full bid auction of the Purchased Assets and/or the Other Assets (the "Full Bid Auction"), which shall be transcribed, on **April 9, 2019, at 10:00 a.m. (prevailing Pacific Time)** (the "Full Bid Auction Date"), at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or such other location as shall be timely communicated to all entities entitled to attend the Auction.  The Partial Bid Auction and the Full Bid Auction shall run in accordance with the following procedures:

a)  only the Debtors, the Stalking Horse Purchaser, Qualified Bidders who have timely submitted a Qualified Bid, the U.S. Trustee, and the Consultation Parties, and their respective advisors, and other parties who request and receive authority to attend the auction in advance from the Debtors may attend the Auction;

b)  only the Stalking Horse Purchaser and the Qualified Bidders who have timely submitted Qualified Bids will be entitled to make any subsequent bids at the Auction;

c)  each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

d)  all Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (defined herein) at the relevant Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the relevant Auction; provided that all Qualified Bidders wishing to attend the relevant Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the relevant Auction in person;

e)  the Debtors, after consultation with the Consultation Parties, the Stalking Horse Purchaser, and any other Qualified Bidders may employ and announce at the relevant Auction additional procedural rules that are (i) reasonable under the circumstances for conducting the relevant Auction, (ii) in the best interest of the Debtors' estates; provided, however, that rules (i) are disclosed to the Stalking Horse Purchaser and each Qualified Bidder participating in the Auction, and (ii) are not inconsistent with the Bidding Procedures, the Stalking Horse APA, the Bankruptcy Code, or any order of the Court entered in connection herewith;

f)  bidding at the relevant Auction will begin with a bid determined by the Debtors after consulting with the Consultation Parties as being the then highest and best bid which will be announced by the Debtors prior to the commencement of the Auction (the "Baseline Bid").  The Auction will continue in bidding increments to be determined in the discretion of the Debtors, in consultation with the Consultation Parties (each a "Overbid"), and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders who submitted Qualified

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 7 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Bids and are in attendance at the Auction (including, without limitation, Winning Partial Bids), as well as to the Notice Parties;

g)      the initial Overbid, if any, shall provide for total consideration to Debtors with a value that exceeds the value of the consideration under the Baseline Bid by an incremental amount. Additional consideration in excess of the amount set forth in the respective Baseline Bid must include: (i) cash and/or (ii) in the case of a Qualified Bidder (including, without limitation, with respect to any Winning Partial Bids) that is a Credit Bid Bidder that has a valid and perfected lien (not subject to a Challenge within the meaning the Final DIP Order) on any of the Purchased Assets and/or the Other Assets, a Credit Bid of up to the full amount of such Credit Bidder's allowed perfected lien, subject to § 363(k) and any other restrictions set forth herein; and

h)      at the Full Bid Auction, the Stalking Horse Purchaser may, subject to the terms and conditions set forth herein, elect to bid for the Purchased Assets as described in the Bid Procedures Order. In the alternative, the Stalking Horse Purchaser, and any bidder with a Qualified Full Bid, (a) may elect to bid against any one or more of the Winning Partial Bidders for the assets subject to the relevant Partial Bid(s), in lieu of seeking to acquire such Purchased Assets and/or Other Assets by means of the Stalking Horse Bid or another Qualified Full Bid; and (b) if successful with its Overbids for such assets, replace the Winning Partial Bidder(s) as the proponent of the relevant Winning Partial Bids or Aggregate Winning Partial Bid as to such assets. In the event that the Stalking Horse Purchaser or another bidder so elects, and as long as the Stalking Horse Purchaser or another bidder so bids, the Winning Partial Bidders must continue to present qualified Winning Partial Bids (i.e., bids as to which the aggregate of all still pending Winning Partial Bids is greater than or equal to the then Prevailing Highest Bid) for the Purchased Assets and/or the Other Assets in each round to continue to bid as Winning Partial Bidders in the Full Bid Auction. In addition, the Debtors may elect, in their discretion, after consultation with the Consultation Parties, to allow Partial Bidders to bid for all or substantially all the Purchased Assets and/or the Other Assets, or to allow proponents of Full Bids to bid for less than all or substantially all of the Purchased Assets and/or the Other Assets in any given round of the Auction, provided that in any given round there is a Full Bid or an Aggregate Partial Bid that is superior to Prevailing Highest Bid that is then subject to acceptance by the Debtors and binding on the Stalking Horse Purchaser or another Qualified Bidder. In all events, (i) any such Overbid shall continue to comply with all of the requirements for Qualified Bids set forth in Section C of these Bidding Procedures; and (ii) the bidder submitting such a modified Qualified Bid or Qualified Partial Bid shall furnish to the Debtors and the Consultation Parties, within twenty-four (24) hours of the conclusion of the Auction, a revised Purchase Agreement and Marked Agreement showing all amendments and modifications to the Stalking Horse APA and the Sale Order.

I.      **Selection of Successful Bid**

Prior to the conclusion of the Auction, the Debtors, in consultation with their advisors and the Consultation Parties, will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer or offers are the highest or otherwise best from among the Qualified Bidders submitted at the Auction (one or more such bids, collectively the "Successful Bid" and the bidder(s) making such bid, collectively, the "Successful Bidder"), and communicate to the Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid. The Successful Bid may consist of a single Qualified Bid or multiple bids.

- 8 -

The determination of the Successful Bid by the Debtors at the conclusion of the Auction shall be subject to approval by the Court.

If selected, at the conclusion of the Partial Bid Auction, as the Winning Partial Bidder or the Back-Up Bidder, then such party or parties, prior to the Full Bid Auction, shall increase its Good Faith Deposit in the amount set forth in above in paragraph 30, subsection (o), or as determined by the Seller in consultation with the Consultation Parties; provided, however, if a party or parties are bidding on all four APA Facilities, the deposit will be no less than $30,000,000. If selected as the Successful Bidder or the Back-Up Bidder at the conclusion of the Full Bid Auction, each of the Successful Bidder and the Back-Up Bidder shall, within forty-eight (48) hours, increase its Good Faith Deposit to the sum of five percent (5%) of the Successful Bid or Back-Up Bid, as applicable. If the Successful Bidder fails to increase the Good Faith Deposit within forty-eight (48) hours of the Auction conclusion date (the "Final Deposit"), then (1) the Successful Bidder forfeits its Good Faith Deposit, and (2) the Successful Bid is nullified (i.e., the Back-Up Bidder becomes the Successful Bidder in the amount of its last bid).

Unless otherwise agreed to by the Debtors and the Successful Bidder, within two (2) business days after the conclusion of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments, and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.  Within twenty-four (24) hours following the conclusion of the Full Bid Auction, and within forty-eight (48) hours following the conclusion of the Partial Bid Auction, the Debtors shall file a notice identifying the Successful Bidder(s) and Back-Up Bidders with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties whose contracts are to be assumed and assigned.

The Debtors will sell the Purchased Assets and (to the extent included in an Overbid) the Other Assets to the Successful Bidder pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Court at the Sale Hearing and satisfaction of any other closing conditions set forth in the Successful Bidder's Purchase Agreement.

**J.    Return of Deposits**

All deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder no later than five (5) business days following the conclusion of the Auction.

**K.    Back-Up Bidder**

If an Auction is conducted (whether it be a Full Bid Auction or a Partial Bid Auction), the Qualified Bidder or Qualified Bidders (including the Stalking Horse Purchaser, subject to Section II H.(b) hereof) with the next highest or otherwise best Qualified Bid, as determined by the Debtors in the exercise of their business judgment, at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open (whether it be a Partial Bid or Full Bid) and irrevocable for thirty (30) business days after the entry of the Sale Order (the "Thirty Day Period").  If during the Thirty-Day Period, the Successful Bidder fails to consummate the approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court provided that the Back-Up Bidder shall thereafter keep such bid

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

open and irrevocable in accordance with the terms of the Back-Up Bidder APA; provided further, however, that if the Back-Up Bidder is the Stalking Horse Purchaser, the Debtors will be authorized and required to consummate the sale to the Stalking Horse Purchaser in accordance with the terms of the Stalking Horse APA, as such terms may (at the discretion of the Stalking Horse Purchaser) have been modified as a result of the Full Bid Auction or the Partial Bid Auction.

If, after the Thirty-Day Period, the Successful Bidder has failed to consummate the approved sale, the Back-Up Bidder (including the Stalking Horse Purchaser if it has been designated the Back-Up Bidder) may elect, in its discretion, to remain as the Back-Up Bidder until (a) the sale closes, (b) the Successful Bidder defaults, or (c) the Back-Up Bidder elects to terminate its participation as Back-Up Bidder. For the avoidance of doubt, after the Thirty-Day Period, if the Successful Bidder fails to consummate the approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will not be contractually obligated to be the Back-Up Bidder, and will have the option to either (i) be entitled to terminate its Back-Up Bidder APA and the return of its deposit, or (ii) remain as the Back-up Bidder, in which event, there will be no reopening of the auction.

## L.    **Break-Up Fee**

In recognition of this expenditure of time, energy, and resources, the Debtors have agreed that if the Stalking Horse Purchaser is not the Successful Bidder as to the Assets, the Debtors will pay the Stalking Horse Purchaser at closing of the sale of the Assets an amount in cash equal to three percent (3.25%) of the Cash Consideration ($19,825,000.00) plus reimbursement of reasonably documented reasonable costs and expenses in an amount not to exceed $2,000,000.00.   The Break-Up Fee shall be payable at closing of the sale from the sale proceeds.

If the Stalking Horse APA is terminated because the Stalking Horse Purchaser is not selected as the Successful Bidder or the Back-Up Bidder at Auction (or the Stalking Horse Purchaser is selected as the Back-Up Bidder but the sale of the Assets is consummated and closed with another entity), the Debtors shall pay to the Stalking Horse Purchaser the Break-Up Fee by wire transfer of immediately available funds immediately, and contemporaneous with, the closing of the sale of the Assets from the first cash proceeds thereof.   The Break-Up Fee shall constitute an administrative expense claim with priority under Section 507(a) of the Bankruptcy Code in favor of the Stalking Horse Purchaser.

## III.    **Sale Hearing**

The Debtors will seek entry of the Sale Order from the Court at the Sale Hearing to begin at **10:00 a.m. Pacific Time on April 17, 2019** (or at another date and time convenient to the Court) to approve and authorize the sale transaction to the Successful Bidder(s) on terms and conditions determined in accordance with the Bidding Procedures.

At the Sale Hearing, the Debtors will seek Court approval of the Sale to the Successful Bidder, (or, in the event the Successful Bidder fails to close, the Back-Up Bidder), free and clear of all liens, claims, interests, and encumbrances pursuant to § 363 of the Bankruptcy Code, with all liens, claims, interests, and encumbrances to attach to the sale proceeds with the same validity and in the same order of priority as they attached to the Purchased Assets (and to the extent included in the Successful Bid, the Other Assets prior to the Sale), including the assumption by

the Debtors and assignment to the Successful Bidder of the Assumed Executory Contracts and Leases pursuant to Section 365 of the Bankruptcy Code. The Debtors will submit and present additional evidence, as necessary, at the Sale Hearing demonstrating that the Sale is fair, reasonable, and in the best interest of the Debtors' estates and all interested parties, and satisfies the standards necessary to approve a sale of the Purchased Assets and/or the Other Assets.

## IV.    **Reservation**

The Debtors reserve the right, as they may determine in their discretion and in accordance with their business judgment to be in the best interest of their estates, in consultation with their professionals and the Consultation Parties to: (i) modify the Bidding Procedures to discontinue incremental bidding and then require that any and all bidders or potential purchasers must submit their sealed, highest and best offer for the Purchased Assets and/or Other Assets; (ii) determine which Qualified Bid is the highest or otherwise best bid and which is the next highest or otherwise best bid; (iii) waive terms and conditions set forth herein with respect to all Potential Bidders; (iv) impose additional terms and conditions with respect to all Potential Bidders; (v) extend the deadlines set forth herein; (vi) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (vii) implement additional procedural rules that the Debtors determine, in their reasonable business judgment and in consultation with the Consultation Parties will better promote the goals of the bidding process; provided that such modifications are disclosed to each Qualified Bidder participating in the Auction; provided, however, and notwithstanding the foregoing, these Bid Procedures shall not be modified so as to alter, extinguish or modify any rights or interests of the Stalking Horse Purchaser expressly set forth herein or in the Stalking Horse APA.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **Exhibit 2**

### **(Significant Dates)**

| | |
|---|---|
| • **Service of Notice of Sale Hearing:** | March 1, 2019 |
| • **Service of Assumption/Cure Notice:** | March 5, 2019 |
| • **Assumption/Cure Objection Deadline:** | March 22, 2019 at 4:00 p.m. (Pacific Time) |
| • **Partial Bid Deadline:** | March 28, 2019 at 4:00 p.m. (Pacific Time) |
| • **Full Bid Deadline:** | April 3, 2019 at 4:00 p.m. (Pacific Time) |
| • **Partial Bid Auction:** | April 8, 2019 at 10:00 a.m. (Pacific Time) |
| • **Full Bid Auction:** | April 9, 2019 at 10:00 a.m. (Pacific Time) |
| • **Notice of Results of Auction & Memorandum** | April 10, 2019 at 10:00 a.m. (Pacific Time) |
| • **Service of Notice of Contracts/Leases to be Assumed and Assigned:** | April 11, 2019 at 10:00 a.m. (Pacific Time) |
| • **Sale Objection Deadline:** | April 12, 2019 at 4:00 p.m. (Pacific Time) |
| • **Assumption and Assignment Objection Deadline:** | April 12, 2019 at 4:00 p.m. (Pacific Time) |
| • **Reply Deadline:** | April 15, 2019 at 4:00 p.m. (Pacific Time) |
| • **Sale Hearing:** | April 17, 2019 at 10:00 a.m. (Pacific Time) |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**Exhibit 3**

**(Procedures Notice)**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER |
| ☒ Affects All Debtors | Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER |
| ☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures  - San Jose Dialysis, LLC | Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER |
| Debtors and Debtors In Possession. | |

**NOTICE OF SALE PROCEDURES,**
**AUCTION DATE, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on January 17, 2019, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest Bidder, and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free*

*and Clear of All Claims, Liens and Encumbrances* (the "Motion").[7]  The Debtors seek, among other things, to sell all assets of St. Francis Medical Center, St. Vincent Medical Center, St. Vincent Dialysis Center, Inc., Seton Medical Center and Seton Medical Center Coastside (the "Assets") to the successful bidder(s) (the "Successful Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to Sections 363 and 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the Motion and the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the Sale of the Assets.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures.  To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, a partial bid auction (the "Partial Bid Auction") to sell the Assets will be conducted on **April 8, 2019, at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Partial Bid Auction. Within forty-eight (48) hours of the conclusion of the Partial Bid Auction, the Debtors shall file a notice with the Bankruptcy Court identifying the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, a fill bid auction (the "Full Bid Auction") to sell the Assets will be conducted on **April 9, 2019 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Full Bid Auction. Within twenty-four (24) hours of the conclusion of the Full Bid Auction, the Debtors shall file a notice with the Bankruptcy Court identifying the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Assets to the Successful Bidder (the "Sale Hearing") before the Honorable Ernest Robles, United States Bankruptcy Judge, United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012 , Courtroom 1568, on **April 17, 2019 at 10:00 a.m. (prevailing Pacific Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Objections to the Sale shall be filed with the Bankruptcy Court and served **so as to be received no later than 4:00 p.m. (prevailing Pacific Time) on April 12, 2019** by: (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney  (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[7]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (v) counsel to the Series 2015 and Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com) (collectively, the "Notice Parties"); (vi) counsel to the Stalking Horse Purchaser: Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Gary E. Klausner, Esq. (GEK@lnbyb.com); and (vii) the Office of the United States Trustee (the "U.S. Trustee"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that this Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion, the Bidding Procedures Order (including all exhibits thereto), the Bidding Procedures, and the Stalking Horse APA, may make such a request in writing to Dentons US LLP, Attn: Samuel R. Maizel, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017 or by emailing samuel.maizel@dentons.com or by calling (213) 892-2910.

Dated: _ __, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By:_____

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

110333969\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**Exhibit 4**

**(Cure Notice)**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER |

☒ Affects All Debtors

☐ Affects Verity Health System of
   California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital
   Foundation
☐ Affects St. Francis Medical Center of
   Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose
   Dialysis, LLC

Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Debtors and Debtors In Possession.

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES OF THE DEBTORS**
**THAT MAY BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE** that on January 17, 2019, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Notice of Motion and Motion for the Entry of (I) an Order (1) Approving Form of Asset Purchase Agreement for Stalking Horse Bidder and for Prospective Overbidders, (2) Approving Auction Sale Format, Bidding Procedures and Stalking Horse Bid Protections, (3) Approving Form of Notice to be Provided to Interested Parties, (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest Bidder, and (5) Approving Procedures Related to the Assumption of Certain Executory*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* (the "Motion").[8]

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain assets (the "Assets") of the Debtors and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Assets to the Successful Bidder(s), free and clear of all liens, claims, interests and encumbrances pursuant to Section 363 of the Bankruptcy Code, including the assumption by the Debtors and assignment to the buyer(s) of certain executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code (the "Executory Contracts Subject to Assumption"), with such liens, claims, interests and encumbrances to attach to the proceeds of the Sale with the same priority, validity and enforceability as they had prior to such Sale. Within forty eight (48) hours following the conclusion of the Auction, the Debtors shall file a notice identifying the Successful Bidder(s) with the Bankruptcy Court and serve such notice by fax, email or overnight mail to all counterparties whose contracts are to be assumed and assigned. Any counterparty to an Executory Contracts Subject to Assumption that wishes to receive such notice by email or fax, must provide their email address or fax number to Dentons US LLP, Attn: Samuel R. Maizel by emailing samuel.maizel@dentons.com or calling (213) 892-2910 before the Auction.

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on **April 17, 2019 at 10:00 a.m. (prevailing Pacific Time)**, before the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012 , Courtroom 1568. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may seek to assume an executory contract or unexpired lease to which you may be a party. The Executory Contracts Subject to Assumption are described on Exhibit A attached to this Notice. The amount shown on Exhibit A hereto as the "Cure Amount" is the amount, if any, which the Debtors assert is owed to cure any defaults existing under the Assumed Executory Contract.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Executory Contract(s) Subject to Assumption on Exhibit A to which you are a party, you must file in writing with the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012, an objection on or before **March 22, 2019 at 4:00 p.m. (prevailing Pacific Time)**. Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file

---

[8]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 2 -

and serve an objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any.  Any counterparty to an Executory Contract Subject to Assumption that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached <u>Exhibit A</u>.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtors' assumption and assignment of the Executory Contract Subject to Assumption (including an objection based on adequate assurance of future performance by the Stalking Horse Purchaser[9] under the Assumed Executory Contract) to which you may be a party, you also must file that objection in writing no later **than 4:00 p.m. (prevailing Pacific Time) on April 12, 2019** <u>provided</u>, <u>however</u>, that if any Successful Bidder is <u>not</u> the Stalking Horse Purchaser, any counterparty to an Executory Contract Subject to Assumption may raise an objection to the assumption and assignment of the Executory Contracts Subject to Assumption solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time: (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (v) counsel to the Series 2015 and Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com) (collectively, the "<u>Notice Parties</u>"); (vi) counsel to the Stalking Horse Purchaser: Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Gary E. Klausner, Esq. (GEK@lnbyb.com); and (vii) the Office of the United States Trustee (the "<u>U.S. Trustee</u>"): 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Hatty Yip (Hatty.Yip@usdoj.gov)).

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under §§ 365(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in connection with the proposed assignment of any Assumed Executory Contract.  The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

---

[9]    The Stalking Horse Purchaser is Strategic Global Management, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110333969\V-2

**PLEASE TAKE FURTHER NOTICE** that, except to the extent otherwise provided in the Purchase Agreement with the Successful Bidder(s), pursuant to § 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved of all liability accruing or arising after the effective date of assumption and assignment of the Assumed Executory Contracts.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors to assume any Assumed Executory Contracts or to pay any Cure Amount.[10]

**PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.**

**ANY COUNTERPARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.**

Dated: ___, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By:_____

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[10]    "Executory Contracts Subject to Assumption" are those Contracts and Leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Assets; however, the Successful Bidder may choose to exclude certain of the Debtors' Contracts or Leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such Contracts and Leases not to be assumed by the Debtors.

- 4 -

110333969\V-2

1

**<u>Exhibit A</u>**

2

**(Assumed Executory Contracts)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300