SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br><br>Hon. Judge Ernest M. Robles<br><br>**STIPULATION BY AND AMONG THE DEBTORS IN POSSESSION AND CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA REGARDING CURE OBJECTION [RELATED DOCKET NOS. 920, 1121]** |

This stipulation is entered between the Verity Health System of California, Inc., a California nonprofit benefit corporation and the debtor herein, and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "<u>Debtors</u>"), on the one hand, and California Physicians' Service dba Blue Shield of California

1

110341485\V-12

("Blue Shield" and together with the Debtors, the "Parties"), on the other, in the above-captioned jointly administered cases with respect to the following (the "Stipulation"):

A.  Blue Shield, and O'Connor Hospital and Saint Louise Regional Hospital (collectively, the "Contracting Debtors") are parties to certain contracts (the "Blue Shield Contracts") listed on **Exhibit A**, which is attached hereto and incorporated herein by this reference, pursuant to which the Contracting Debtor provides medical services to individuals under health insurance plans insured or administered by Blue Shield, and Blue Shield pays for the services that the Contracting Debtor provides to those individuals (the "Service Payments").

B.  Blue Shield has filed *Blue Shield's Objection to Cure Amount Stated in Debtor's Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May be Assumed and Assigned* [Docket No. 905] and *Blue Shield's Amended Objection to Cure Amount Stated in Debtor's Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May be Assumed and Assigned* [Docket No. 1121] (collectively, the "Objection"), objecting to the assumption by the Contracting Debtors and the assignment to the County of Santa Clara (the "Buyer") of the Blue Shield Contracts pursuant to the *Motion For The Entry Of (I) An Order (1) Approving Form Of Asset Purchase Agreement For Stalking Horse Bidder And For Prospective Overbidders To Use, (2) Approving Auction Sale Format, Bidding Procedures And Stalking Horse Bid Protections, (3) Approving Form Of Notice To Be Provided To Interested Parties, (4) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest Bidder And (5) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order (A) Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances* [Docket No. 365] (the "Motion").

C.  From time to time, and in the normal course of business, Blue Shield has overpaid the Service Payments to the Contracting Debtors ("Overpayments") and, according to the Debtors, at other times has underpaid.  Under the Blue Shield Contracts, Blue Shield has the right to recoup or set-off Overpayments against Service Payments owing to the Contracting Debtor that received such Overpayment, and each Contracting Debtor is obligated under the pertinent Blue Shield Contract to repay to Blue Shield any Overpayment that such Contracting Debtor may have received.

2

110341485\V-12

D.  Pursuant to the Motion, the Debtors sought approval of the sale of the Debtors' two hospitals in Santa Clara County (Saint Louise Medical Center and O'Connor Medical Center) and related assets to the Buyer. On December 27, 2018, the Court approved the sale to the Buyer [Docket No. 1153], which is scheduled to close on or around February 28, 2019 (the "Closing Date").

E.  The Debtors seek to (a) assume and assign the Blue Shield Contracts to the Buyer and (b) continue to receive the Service Payments due under the Blue Shield Contracts for medical services provided to Blue Shield members prior to and on the Closing Date (the "Patient Receivables"). Blue Shield is willing to consent to the assumption and assignment of the Blue Shield Contracts pursuant to the Motion so long as (i) any Overpayments incurred before the Closing Date are paid by the Contracting Debtors or recouped from the Patient Receivables owed by Blue Shield to the Contracting Debtors, and (ii) Blue Shield receives adequate assurance from the Buyer of future performance under the Blue Shield Contracts.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.  Assignment of Blue Shield Contracts. Blue Shield consents pursuant to Bankruptcy Code § 365(b) to the assumption and assignment of the Blue Shield Contracts pursuant to the terms and conditions of this Stipulation. The Objection is hereby withdrawn.

2.  Future Performance Under Blue Shield Contracts. Nothing contained in this Stipulation will preclude Blue Shield from asserting its right to receive adequate assurance of future performance by the Buyer with respect to services to be provided after the Closing Date, including Blue Shield's right to recoup or offset overpayments made to the Buyer after the Closing Date against any payments due from Blue Shield to the Buyer for medical services provided to Blue Shield members under such contracts after the Closing Date.

3.  Reconciliation of Pre-Petition Amounts. The Parties agree that the amounts indicated on Exhibit A as the "Agreed Overpayments" are Overpayments due under each of the Blue Shield Contracts as of the Petition Date. The Parties have agreed that the amounts indicated on Exhibit A as the "Disputed Overpayments" represent the aggregate amount of pre-petition Overpayments that remain in dispute and will be the subject of continuing, good faith reconciliation

3

110341485\V-12

efforts. The Agreed Overpayments and the Disputed Overpayments shall be collectively referred to as the "Pre-Petition Overpayments."

4. Cure of Pre-Petition Overpayments.

a. Upon entry of this Court's order approving the Stipulation, Blue Shield shall be entitled to immediately recoup and/or set-off the Agreed Overpayments from the Patient Receivables owed by Blue Shield to the Contracting Debtors.

b. Pending resolution of Disputed Overpayments, Blue Shield can withhold from any Service Payments those amounts that are necessary to fully recoup and/or set-off against Disputed Overpayments.

c. Upon the Parties' written agreement that any Disputed Overpayment is now an Agreed Overpayment, Blue Shield shall be entitled to recoup and/or set-off such amount from the Patient Receivables owed by Blue Shield to the Contracting Debtors. If Blue Shield cannot recoup and/or set-off enough to zero out the balance, Blue Shield may demand payment of such Agreed Overpayment in writing addressed electronically to counsel for the Debtor at Geoffrey.Miller@Dentons.com.

d. If the Parties cannot resolve all of the Disputed Overpayments, either Party shall be entitled to file a request for hearing, on no fewer than twenty-eight (28) days' notice, for this Court to set a hearing to adjudicate the amount of any Disputed Overpayment; provided, however, that the Parties reserve their respective rights to seek an order of this Court to compel arbitration of such dispute in accordance with the terms of the Blue Shield Contracts and nothing herein shall be deemed a waiver of such right. Upon an adjudication of a Disputed Overpayment in accordance with this paragraph in favor of Blue Shield, Blue Shield shall be entitled to recoup and/or set-off such amount and, if such set-off and/or recoupment is insufficient, to obtain immediate payment from the Contracting Debtors.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4

5. <u>Cure of Post-Petition Overpayments</u>. In the ordinary course of the Parties' business, Blue Shield shall be entitled to recoup and/or set-off Overpayments arising from medical services provided by a Contracted Debtor to Blue Shield members on or after the Petition Date ("<u>Post-Petition Overpayment</u>") from the Patient Receivables owed by Blue Shield to the Contracting Debtors; provided, however, the Contracting Debtors reserve their right to contest or otherwise dispute whether a Service Payment is actually a Post-Petition Overpayment under the terms of the Blue Shield Contracts. Pending resolution of any dispute concerning Post-Petition Overpayments, Blue Shield can withhold from any Service Payments those amounts that are necessary to fully recoup and/or set-off against the disputed Post-Petition Overpayments.

6. <u>Cure If Set-Off and/or Recoupment Is Not Possible</u>. If Blue Shield does not recoup or set off an Overpayment in accordance with Paragraphs 4 and 5 above, the Contracting Debtor that is obligated for that Overpayment shall pay to Blue Shield the amount of the Overpayment promptly after that amount is agreed upon by the Parties or established by a tribunal of competent jurisdiction. To the extent that the Debtors fail to make such payment, Blue Shield shall be entitled to an administrative expense claim with priority over any or all other administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) and 507(b) for such amount.

7. <u>Relief from Stay</u>. To the extent that the automatic stay might otherwise bar Blue Shield from recouping or offsetting the Overpayments against the Service Payments as set forth herein, the automatic stay is hereby modified to permit such recoupment or offsets in accordance with the terms of this Stipulation.

8. <u>Reservation of Rights</u>. The Debtors reserve the right to seek recovery from Blue Shield of all Service Payments and any other amounts owed by Blue Shield to the Contracting Debtors under the Blue Shield Contracts, and Blue Shield reserves its rights and defenses with regard to opposing any attempt to collect such amounts. Nothing in this Stipulation waives or otherwise precludes the Debtors' right to pursue recovery of such amounts owed by Blue Shield to the Contracting Debtors or Blue Shield's rights or defenses in opposing attempts to collect such amounts.

5

110341485\V-12

9. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to hear and resolve any disputes arising under this Stipulation.

10. <u>Binding Effect of Stipulation</u>.  This Stipulation shall be binding on any trustee, committee or estate representative appointed in this case, whether in Chapter 11 or Chapter 7.

**Verity Health System of California, Inc. *et al*.**

DATED: February 27, 2019        DENTONS US LLP

By:  */s/ Tania M. Moyron*
　　　Samuel R. Maizel
　　　Tania M. Moyron
　　　Counsel to Debtors and Debtors in Possession

**California Physicians' Service dba Blue Shield of California**

DATED: February __, 2019        SNELL & WILMER LLP

By: _____
　　　Michael B. Reynolds
　　　Snell & Wilmer LLP
　　　600 Anton Boulevard, Suite 1400
　　　Costa Mesa, CA 92626-7689
　　　mreynolds@swlaw.com

　　　Counsel to California Physicians' Service dba Blue Shield of California

9. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to hear and resolve any disputes arising under this Stipulation.

10. <u>Binding Effect of Stipulation</u>. This Stipulation shall be binding on any trustee, committee or estate representative appointed in this case, whether in Chapter 11 or Chapter 7.

**Verity Health System of California, Inc.** *et al.*

DATED: February __, 2019          DENTONS US LLP

By: _____
Samuel R. Maizel
Tania M. Moyron
Counsel to Debtors and Debtors in Possession

**California Physicians' Service dba Blue Shield of California**

DATED: February 27, 2019          SNELL & WILMER LLP

By: _____
Michael B. Reynolds
Snell & Wilmer LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
mreynolds@swlaw.com

Counsel to California Physicians' Service dba Blue Shield of California

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4846-0793-9721.1

**EXHIBIT A**

| Contract Name | Contracting Debtor | Agreed Overpayment | Disputed Overpayment |
|---|---|---|---|
| Payor Agreement | O'Connor Hospital | $109,251.84 | $74,354.54 |
| Hospital Services Agreement | Saint Louise Regional Hospital | $26,803.36 | $42,892.40 |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

110341485\V-12