SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose ASC, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>CASE NO.: 2:18-bk-20162-ER<br>CASE NO.: 2:18-bk-20163-ER<br>CASE NO.: 2:18-bk-20164-ER<br>CASE NO.: 2:18-bk-20165-ER<br>CASE NO.: 2:18-bk-20167-ER<br>CASE NO.: 2:18-bk-20168-ER<br>CASE NO.: 2:18-bk-20169-ER<br>CASE NO.: 2:18-bk-20171-ER<br>CASE NO.: 2:18-bk-20172-ER<br>CASE NO.: 2:18-bk-20173-ER<br>CASE NO.: 2:18-bk-20175-ER<br>CASE NO.: 2:18-bk-20176-ER<br>CASE NO.: 2:18-bk-20178-ER<br>CASE NO.: 2:18-bk-20179-ER<br>CASE NO.: 2:18-bk-20180-ER<br>CASE NO.: 2:18-bk-20171-ER<br><br>Chapter 11 Cases<br>Hon. Judge Ernest M. Robles<br><br>**DEBTORS' NOTICE AND MOTION TO APPROVE COMPROMISE BETWEEN DEBTORS AND SMITH & NEPHEW, INC, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; DECLARATION OF RICHARD G. ADCOCK IN SUPPORT THEREOF**<br><br>HEARING:<br>Date:  July 24, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1568 |

**PLEASE TAKE NOTICE** that, at **10:00 am (prevailing Pacific Time), on July 24, 2019**, before the Honorable Ernest M. Robles, in Courtroom 1568 of the United States Bankruptcy Court

1

for the Central District of California, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012, Verity Health System Of California, Inc. ("VHS") and the above-referenced affiliated debtors and debtors in possession in the above captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), will request approval of a settlement agreement (the "Settlement Agreement") between the Debtors, on the one hand, and Smith & Nephew, Inc. ("S&N") (together, the "Parties").

The Settlement Agreement resolves disputes regarding ownership of a certain NAVIO surgical system located at O'Connor Hospital (the "NAVIO Equipment") and allows S&N to remove the NAVIO Equipment as consideration for S&N's agreement to provide the Debtors with customary trade terms through December 31, 2019. The principal terms of the Settlement Agreement are set forth in the accompanying Memorandum Of Points And Authorities (the "Memorandum") and in full detail in the Settlement Agreement attached as **Exhibit "1"** to the Declaration of Richard G. Adcock. The Debtors submit that the Settlement Agreement is in the best interest of the estate and should be approved.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion and Motion, the Memorandum, the attached Declaration Of Richard G. Adcock, supporting statements, arguments and representations of a counsel who will appear at the hearing on the Motion, the record in this case, and any other evidence properly brought before the Court in all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the Motion must file and serve the response ("Response") on the moving party and the United States Trustee not later than 14 days before the date designated for the hearing. A Response must be a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested herein.

Dated: June 28, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By  */s/ Tania M. Moyron*
      Tania M. Moyron

Attorneys for the Chapter 11 Debtors and Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110972705\V-4

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Verity Health System Of California, Inc. ("VHS") and the above-referenced affiliated debtors and debtors in possession in the above captioned chapter 11 bankruptcy cases (collectively, the "Debtors") and Smith & Nephew, Inc. ("S&N") entered into a settlement agreement (the "Settlement Agreement") which resolves disputes regarding ownership of a certain NAVIO surgical system located at O'Connor Hospital (the "NAVIO Equipment") and allows S&N to remove the NAVIO Equipment as consideration for S&N's agreement to provide the Debtors with customary trade terms through December 31, 2019. As described below, S&N entered into a letter agreement with the Debtors on October 5, 2018, which, among other things, provides that S&N, a critical vendor of the Debtors, will continue to provide the Debtors with certain customary trade terms (the "Vendor Agreement"). The Debtors and S&N later agreed to extend to the terms of the Vendor Agreement through February 15, 2019. The turnover of the NAVIO Equipment to S&N is in consideration for S&N's agreement to further extend the terms of the Vendor Agreement through December 31, 2019. Under the Settlement Agreement, S&N also agrees to reduce its unsecured claim against the Debtors by the cost of the NAVIO Equipment. The Debtors request that the Court approve this agreement.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for this Motion is Bankruptcy Rule 9019.

1

## III.

## BACKGROUND

**A.     General Background**

1.     On August 31, 2018 ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11.  Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.     Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that operate or operated six acute care hospitals, O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside (collectively, the "Hospitals") and other facilities in the state of California. First-Day Decl., at 4, ¶ 11.  Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license. *Id*.

3.     On the petition date, VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operated as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.  First-Day Decl., at 4, ¶ 12.

4.     Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986 (the "IRC"), except for Verity Holdings, LLC, DePaul Ventures, LLC, and DePaul Ventures - San Jose Dialysis, LLC.  First-Day Decl., at 6, ¶ 21.

5.     On September 17, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.  [Docket No. 197.]

**B.     Background Relevant to the Motion and Dispute Regarding Ownership of NAVIO Equipment**

6.     On March 17, 2017, O'Connor Hospital ("OCH") and S&N entered into a certain NAVIO Pricing Agreement, under which S&N placed the NAVIO Equipment at OCH.  The NAVIO Equipment currently remains at OCH.

2

110972705\V-4

7. S&N is a critical vendor of the Debtors with pre-petition claims against the Debtors and which the Debtors continue to utilize in its cases. Debtors have designated S&N as a critical vendor because S&N is an important, good and reliable vendor for the Debtors.

8. On October 5, 2018, the Debtors and S&N entered into the Vendor Agreement which, among other things, provides that S&N will continue to provide the Debtors certain trade terms. The Vendor Agreement was extended by mutual agreement an additional 120 days on February 15, 2019.

9. The Debtors maintain that they are the owner of the NAVIO Equipment which they purchased pursuant to the NAVIO Pricing Agreement. S&N disagrees and asserts that they are the owner of the NAVIO Equipment.

10. On December 27, 2018, the Court approved a sale of substantially all of OCH's assets to Santa Clara County. [Docket No. 1153]. On January 15, 2019, the Debtors and S&N entered into a stipulation [Docket No. 1260], which provided that the NAVIO Equipment was not being sold along with the other assets of OCH to Santa Clara County and that the parties retain all of their rights, claims, defenses and arguments with respect to ownership and possession of the NAVIO Equipment.

**C.    Summary of Settlement Agreement**

11. The Settlement Agreement resolves the dispute concerning ownership of the NAVIO Equipment and allows S&N to remove the NAVIO Equipment from OCH as consideration to agreeing to extend the terms under the Vendor Agreement through December 31, 2019. After removal, the NAVIO Equipment will no longer be property of the estate, and will be property of S&N.

12. S&N also agrees to reduce its general unsecured claim against OCH by $391,000, the cost of the NAVIO Equipment, subject to an inspection of the system and verification that the system is in good working order and condition (reasonable wear and tear excepted). If the system is not in good working order, the parties agree to negotiate in good faith toward a reduced claim reduction reflecting its damaged condition.

3

110972705\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## IV.

## ARGUMENT

The authority granted a trustee or debtor in possession to compromise a controversy or agree to a settlement is set forth in Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the [debtor in possession] and after hearing on notice to creditors . . ., the court may approve a compromise or settlement." Bankr. R. 9019(a). "The bankruptcy court has great latitude in approving compromise agreements" under its discretion. *See e.g.*, *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988).

"The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See In re A & C Properties*, 784 F.2d at 1381.

The Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

1. the probability of success in the litigation;
2. the difficulties, if any, to be encountered in the matter of collection;
3. the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and
4. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, *supra*, 784 F.2d at 1381 (the "*A & C* Factors").

A court should not substitute its own judgment for the judgment of the debtor in possession. *Matter of Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D. N.Y. 1984). A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact but rather to canvass

4

110972705\V-4

the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), accord, *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). In addition to the *A & C* Factors, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d at 851.

The Debtors believe that the Settlement Agreement is reasonable, fair and equitable and is in the overwhelming best interests of the estates. Regardless of whether a court would find that the Debtors are the owners of the NAVIO Equipment, the Debtors no longer utilize the NAVIO Equipment nor did Santa Clara County purchase the NAVIO Equipment in the OCH sale. Thus, because the assets are no longer being used by the Debtors, it is in the best interests of the estates for the Debtors to allow S&N to remove the NAVIO Equipment in return for S&N agreeing to reduce its unsecured claims against the Debtors by the cost of the NAVIO Equipment. Also, importantly, S&N is a critical vendor of the Debtors and, by entering into the Settlement Agreement, the Debtors will continue to receive customary terms from S&N through December 31, 2019. In other words, the Settlement Agreement ensures that the Debtors will retain a critical business relationship for the Debtors' post-petition operations. If the Settlement Agreement is not approved, S&N may cease to conduct business with the Debtors.

**V.**

**CONCLUSION**

Based on the foregoing, the Debtors request the (i) the entry of an order granting the Motion, and (ii) granting such other and further relief as is just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 28, 2019 | DENTONS US LLP |
| 2 | | SAMUEL R. MAIZEL |
| | | TANIA M. MOYRON |

By: _____/s/ *Tania M. Moyron*_____
TANIA M. MOYRON

Attorneys for Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

110972705\V-4

6

## **DECLARATION OF RICHARD G. ADCOCK**

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1.  I am the Chief Executive Officer for Verity Health Systems of California, Inc. ("VHS"). I became the Debtors' Chief Executive Officer effective January 2018. Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2.  Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and the healthcare industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.  This Declaration is in support of the Debtors' *Motion to Approve Compromise Between the Debtors and Smith & Nephew, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion") and for all other purposes permitted by law.

4.  Smith & Nephew, Inc. ("S&N") is a critical vendor of the Debtors with pre-petition claims against the Debtors and which the Debtors continue to utilize in its cases. Debtors have designated S&N as a critical vendor because S&N is an important, good and reliable vendor for the Debtors.

5.  On March 17, 2017, O'Connor Hospital ("OCH") and S&N entered into a certain NAVIO Pricing Agreement, under which S&N placed a certain NAVIO surgical system (the "NAVIO Equipment") at OCH. The NAVIO Equipment currently remains at OCH.

6.  On October 5, 2018, the Debtors and S&N entered into an agreement (the "Vendor Agreement") which, among other things, provides that S&N will continue to provide the Debtors certain trade terms. The Vendor Agreement was extended by mutual agreement an additional 120 days on February 15, 2019.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7. The Debtors maintain that they are the owner of the NAVIO Equipment which they purchased pursuant to the NAVIO Pricing Agreement. S&N disagrees and asserts that they are the owner of the NAVIO Equipment.

8. In order to resolve their disputes without extensive litigation, the Debtors and S&N have engaged in settlement discussions and have reached an agreement (the "Settlement Agreement"), an executed copy of which is attached as **Exhibit "1"** hereto.

9. The Settlement Agreement resolves the dispute concerning ownership of the NAVIO Equipment and allows S&N to remove the NAVIO Equipment from OCH as consideration to agreeing to extend the terms under the Vendor Agreement through December 31, 2019. After removal, the NAVIO Equipment will no longer be property of the estate, and will be property of S&N.

10. S&N also agrees to reduce its general unsecured claim against OCH by $391,000, the cost of the NAVIO Equipment, subject to an inspection of the system and verification that the system is in good working order and condition (reasonable wear and tear excepted). If the system is not in good working order, the parties agree to negotiate in good faith toward a reduced claim reduction reflecting its damaged condition.

11. I believe that the Settlement Agreement is fair and equitable, and in the best interest of the estates and its creditors. The Settlement Agreement ensures that the Debtors will retain a critical business relationship for the Debtors' post-petition operations. If the Settlement Agreement is not approved, S&N may cease to conduct business with the Debtors.

12. The Debtors also no longer use the NAVIO Equipment and Santa Clara County did not purchase the NAVIO Equipment in the OCH sale. Thus, it is in the best interests of the estates for the Debtors to allow S&N to remove the NAVIO Equipment in return for S&N agreeing to reduce its unsecured claims against the Debtors by the cost of the NAVIO Equipment.

2

110972705\V-4

I declare under penalty of perjury and of the laws in the United States of America, the foregoing is true and correct.

Executed this 28th day of June, 2019, at Los Angeles, California.

_____
RICHARD G. ADCOCK

110972705\V-4

# EXHIBIT 1

# EXHIBIT 1

**Verity Health**

2040 E Mariposa Avenue
El Segundo, CA 90245

June 28, 2019

TO:   Smith & Nephew, Inc.
      c/o Jordan E. Reifler, Sr. Director - Legal
      7135 Goodlett Farms Parkway
      Cordova, Tennessee 38016
      Email:  jordan.reifler@smith-nephew.com
      Direct: 901.800.3013
      Cell:   901.485.4953
      Fax:    901.396.7824

Dear Smith & Nephew, Inc.:

As you know, Verity Health Systems of California, Inc. and its affiliated debtors (collectively, the "Company") and Smith & Nephew, Inc. ("Smith & Nephew") entered into a certain letter agreement on October 5, 2018 (the "Agreement"), which, among other things, provides certain trade terms (as modified in the Agreement, the "Customary Trade Terms") and was extended by mutual agreement an additional 120 days on February 15, 2019.  By this letter agreement, the Company and Smith & Nephew agree to further extend the Agreement through December 31, 2019, subject to the terms and conditions of the Agreement, including without limitation, the Customary Trade Terms.  Except as modified herein, the terms of the Agreement shall remain in effect.

The Company and Smith & Nephew agree to extend the initial term of the Agreement through December 31, 2019, subject to the terms and conditions of the Agreement, in exchange for the Company's agreement to allow Smith & Nephew to remove the NAVIO surgical system currently located at O'Connor Hospital.  After removal, the NAVIO surgical system will no longer be property of the estate, and will be property of Smith & Nephew, for disposition in its sole and absolute discretion.  Smith & Nephew will also reduce its general unsecured claim against O'Connor Hospitalby $391,000, the cost of the NAVIO surgical system, subject to an inspection of the system and verification that the system is in good working order and condition (reasonable wear and tear excepted).  If the system is not in good working order, the parties agree to negotiate in good faith toward a reduced claim reduction reflecting its damaged condition.

If you have any questions, please do not hesitate to call Jonathan Emerson at (201) 738-0556.

Very truly yours,

Verity Health Systems of California, Inc.

**Verity Health**

2040 E Mariposa Avenue
El Segundo, CA 90245

By: _____,
Name: Anthony A. Armada
Title: Chief Operating Officer

verity.org

Agreed and Accepted by:

Smith & Nephew, Inc.


By:_____,

Name:
Title:

Dated:_____, 2019