SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar. No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose ASC, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>CASE NO.: 2:18-bk-20162-ER<br>CASE NO.: 2:18-bk-20163-ER<br>CASE NO.: 2:18-bk-20164-ER<br>CASE NO.: 2:18-bk-20165-ER<br>CASE NO.: 2:18-bk-20167-ER<br>CASE NO.: 2:18-bk-20168-ER<br>CASE NO.: 2:18-bk-20169-ER<br>CASE NO.: 2:18-bk-20171-ER<br>CASE NO.: 2:18-bk-20172-ER<br>CASE NO.: 2:18-bk-20173-ER<br>CASE NO.: 2:18-bk-20175-ER<br>CASE NO.: 2:18-bk-20176-ER<br>CASE NO.: 2:18-bk-20178-ER<br>CASE NO.: 2:18-bk-20179-ER<br>CASE NO.: 2:18-bk-20180-ER<br>CASE NO.: 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br>Hon. Judge Ernest M. Robles<br><br>**MOTION TO CONTINUE HEARING ON MOTION OF THE DEBTORS FOR AN ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS' PLAN; AND (IV) GRANTING RELATED RELIEF IN LIGHT OF COURTS' RULING ON EMERGENCY MOTION; DECLARATION OF RICHARD G. ADCOCK IN SUPPORT THEREOF [RELATES TO DOCKET NOS. 2994, 2995, 3120, 3193]**<br><br>Proposed Continued Hearing Date and Time:<br>Date: October 23, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Courtroom 1568<br>     255 E. Temple St.<br>     Los Angeles, CA 90012 |

1

US_Active\113348521\V-2

Verity Health System of California, Inc. ("VHS") and the affiliated debtors, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases, respectfully request (the "Motion") that the Court approve a continuance of the hearing on the *Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Debtors' Plan; and (IV) Granting Related Relief* [Docket No. 2995] (the "Disclosure Statement Motion") to October 23, 2019, at 10:00 a.m. (Pacific Time), in light of the deadlines and briefing schedule set forth in the Court's *Order Setting Hearing on Emergency Motion for the Entry of an Order Enforcing the Order Authorizing the Sale to Strategic Global Management for October 15, 2019, at 10:00 a.m.* [Docket No. 3193] (the "Scheduling Order"). In support of the Motion, the Debtors submit the attached *Declaration of Richard G. Adcock* (the "Adcock Declaration") and respectfully state as follows:

## I.

## INTRODUCTION

The Debtors request a continuance on the Disclosure Statement Motion given that the hearing is currently scheduled at the same day and time as the Debtors' emergency motion for the entry of an order enforcing this Court's previous order (the "Enforcement Motion") authorizing the sale of four of the Debtors' hospitals to Strategic Global Management, Inc. ("SGM") [Docket No. 3188]. The continuance is critical since the Plan (as defined below) is conditioned on the close of the SGM sale and the proceeds from the sale are required for the implementation and feasibility of the Plan. *See*, e.g., Plan, §§ 7.6, 12.2(b). Consequently, the Debtors will need to amend their Disclosure Statement after the hearing on the Enforcement Motion to provide "adequate information" concerning the outcome of the Enforcement Motion.

While the Debtors are requesting a continuance on the hearing on the Disclosure Statement Motion, the Debtors emphasize that their overall timeline for confirmation and the Plan effective date of December 2019 remains unchanged (the "Plan Timeline"). *See* Disclosure Statement Mot. at 5. The Debtors are mindful that the Plan Timeline may require confirmation on an expedited basis. The Debtors must adhere to the Plan Timeline given their liquidity,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\113348521\V-2

including daily cash losses and accelerating negative cash flow, as generally set forth below. The Debtors are not requesting confirmation briefing deadlines at this time, but do wish to advise the Court and parties that the Plan Timeline should remain unchanged for a successful outcome.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion under 28 U.S.C. § 157(b)(2)(A) and (L). Venue of these proceedings and this Motion is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for this Motion is 11 U.S.C. § 105 and Rule 9013-1(m) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules").

## III.

## BACKGROUND FACTS

**A.    General Background**

1.    On August 31, 2018, ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases"). By entry of an order, the Cases are currently being jointly administered before the Bankruptcy Court. [Docket No. 17]. Since the commencement of their Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

**B.    The Plan and Disclosure Statement**

2.    On September 3, 2019, the Debtors filed the *Debtors' Chapter 11 Plan of Liquidation (Dated September 3, 2019)* [Docket No. 2993] (the "Plan") and related *Disclosure Statement Describing Debtors' Chapter 11 Plan of Liquidation (Dated September 3, 2019)* [Docket No. 2994] (the "Disclosure Statement").

3.    On September 4, 2019, the Debtors filed the Disclosure Statement Motion. In the Disclosure Statement Motion, the Debtors seek approval of (i) the Disclosure Statement, (ii) proposed solicitation and voting procedures, (iii) proposed notice and objection procedures for confirmation of the Plan, and (iv) related relief. The Debtors also requested [Docket No. 2996] an order setting a hearing and briefing schedule on shortened notice.

4. On September 4, 2019, the Court entered an *Order Setting Hearing On Motion for Approval of Disclosure Statement for October 2, 2019, at 10:00 a.m.* [Docket No. 2998] (the "Disclosure Statement Scheduling Order"). The Disclosure Statement Scheduling Order set a hearing on the Disclosure Statement Motion for October 2, 2019 at 10:00 a.m., and provided that any oppositions to the Disclosure Statement Motion must be filed not later than September 18, 2019. *See* Scheduling Order at 2.

5. On September 18, 2019, certain parties in interest filed responses and oppositions to the Disclosure Statement Motion. *See* Docket Nos. 3079, 3084, 3086, 3087, 3089, 3090, 3092, 3094. Further, the Debtors have continued the opposition deadline by stipulation as they continue negotiations with certain other parties with respect to the Disclosure Statement Motion and Disclosure Statement. *See* Docket Nos. 3076, 3077, 3082, 3098, 3119, 3122, 3126, 3195.

6. On September 20, 2019, the Debtors filed the *Motion to Continue Hearing on Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Debtors' Plan; and (IV) Granting Related Relief* [Docket No. 3103] (the "First Continuance Motion"). On September 24, 2019, the Court entered an order approving the First Continuance Motion, which set the Debtors' reply deadline as October 7, 2019, and scheduled a continued hearing on the Motion for October 15, 2019, at 10:00 a.m. (Pacific Time) (the "Hearing").

**C.    The Emergency Motion and SGM Sale**

7. On May 2, 2019, the Court entered an order [Docket No. 2306] (the "Sale Order") approving the asset purchase agreement [Docket No. 2305-1] (the "SGM APA") concerning the sale (the "SGM Sale") of certain of the Debtors' assets to SGM. On September 25, 2019, the California Attorney General (the "Attorney General") conditionally approved the SGM Sale subject to certain conditions (the "Conditions"). Certain of the Conditions (the "Additional Conditions") are materially different than those to which SGM agreed under the Schedule 8.6 to the SGM APA.

8. On September 30, 2019, the Debtors filed the Enforcement Motion for entry of an order finding (i) that the Debtors could sell their assets pursuant to the SGM Sale free and clear of

the Additional Conditions, or, alternatively, (ii) that the Attorney General abused his discretion when imposing the Additional Conditions [Docket No. 3188]. As discussed in greater detail in the Enforcement Motion, the Additional Conditions recently issued by the Attorney General threaten the SGM Sale. The Additional Conditions trigger SGM's termination rights under the APA unless the Debtors obtain the relief requested by the Enforcement Motion. *See* SGM APA, § 8.6.

9.     On October 1, 2019, the Court entered the Scheduling Order, which scheduled a hearing on the Enforcement Motion on October 15, 2019, at 10:00 a.m. (Pacific Time)—the same date and time as the hearing on the Disclosure Statement Motion. *See* Scheduling Order at 2.

**D.     Facts Relevant to the Motion**

10.    The Debtors cannot hold a hearing on the Disclosure Statement Motion until the Court holds a hearing on the Enforcement Motion. Specifically, the Debtors' Disclosure Statement will need to disclose "adequate information" regarding the state of the SGM Sale and the outcome of the hearing on the Enforcement Motion. The foregoing is important since the Plan is conditioned on the close of the SGM Sale and the primary means for implementation of the Plan are the funds from the SGM Sale. *See* Plan, §§ 7.6, 12.2(b).

**E.     The Plan Timeline**

11.    While the Debtors are requesting a continuance on the hearing on the Disclosure Statement Motion, the Debtors emphasize that their Plan will still need to go effective by mid-December 2019. Thus, the Debtors will need to confirm their Plan on an expedited basis to accomplish their goals in these Cases. The Debtors are not requesting confirmation briefing deadlines at this time, but do wish to advise the Court and parties of the anticipated need to adhere to the Plan Timeline.

12.    The Plan Timeline is tied to the Debtors' liquidity. The Debtors cannot continue to sustain operational losses of $450,000, per day, *ad infinitum*, particularly since the costs of delay are escalating beyond that anticipated by the Debtors, as follows:

- DHCS' offsets: Recently, as the Court is aware, DHCS started offsetting, without Court permission, one-hundred percent (100%) of certain fee-for-service payments to pay itself on alleged overpayments. The Debtors contest these overpayments. Given

that the Debtors have been operating on the use of cash collateral since September 6, 2019, and do not have the authority to borrow under any debtor-in-possession financing, the impact of the offsets on the Debtors' liquidity is significant. In just the last four weeks, the DHCS has offset a total of $4,550,718, and is expected to continue its program of unilateral setoff absent relief from this Court. Through next week, the total will be $5,562,291. The Debtors intend to file a motion shortly; however, pending final resolution of the dispute, DHCS has retained significant funds that the Debtors anticipated would be available for operations.

- Attorney General Review: Given the well documented operating losses the Debtors incurred, the Debtors urged the Attorney General to review the SGM Sale on an expedited basis. The Debtors had reason to be hopeful that a review could be accomplished on such a basis, given that this is the third time in five years that the Attorney General has reviewed a transaction related to the sale of the Debtors' collectively troubled hospitals. The Attorney General, however, took the maximum amount of time under the statute and recently issued his decision on September 25, 2019—the last day under the statute. During the 135-day extended Attorney General review, the Debtors' estates incurred operating losses (including restructuring costs) totaling $60.75 million.

- Accelerating Negative Cash Flow: Further, the Debtors anticipate the incremental costs of operations will continue to increase as the Cases continue. By way of example, the Debtors continue to confront employee attrition due to the bankruptcy process, which means the Debtors must increasingly turn to more expensive temporary staffing alternatives (e.g., *locum tenens* physicians and registry nurses).

13. The Debtors also must adhere to the Plan Timeline because operating circumstances of the Debtors in these Cases will change dramatically after December 31, 2019. Specifically: (i) the Debtors' consensual cash collateral agreement terminates if the Debtors do not confirm a plan by December 31, 2019, after which the Debtors have no other likely source of funding or financing operations [*see* Docket No. 2968 (Cash Collateral Mot. at 24)]; (ii) the Debtors current workers' compensation insurance policy expires on January 1, 2020 [*see* Docket No. 2654 (Adcock Decl. ¶ 7) ("Old Republic would continue to provide workers' compensation insurance coverage to the Debtors for the policy period from July 1, 2019, through January 1, 2020")][1]; and (iii) the SGM APA terminates by its terms on December 31, 2019. *See* SGM APA, § 9.1(e).

---

[1] After an exhaustive investigation utilizing highly competent and well-regarded insurance brokers, the Debtors were unable to identify any insurer willing to offer workers' compensation insurance after this date other than the California state program for distressed companies. *See id.* (Adcock Decl. ¶ 11). However, that program is not designed to insure a company of the Debtors' size and, in previous negotiations, offered an insurance policy with prohibitively expensive annual premiums (more than $16 million per year). *See id.* (Adcock Decl. ¶ 6). If the Debtors were forced to utilize the state program in order to keep hospitals' doors open, the adverse impact on the Debtors' cash flow would be dramatic.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

14. Accordingly, the Plan Timeline presents a successful path for Plan confirmation, but significant variance from the Plan Timeline will create serious adverse consequences that will likely lead to the closure of at least three of the Debtors' hospitals. Thus, the Debtors are nearing a critical inflection point. As responsible stewards of patient safety, the Debtors' foremost responsibility is delivery of high quality patient care. Consequently, the Debtors must maintain or have access to sufficient cash on hand to close the hospitals safely in the event that either the SGM Sale were not to close or the Debtors were to appear to be unable to confirm the Plan. Currently, the Debtors have sufficient cash on hand to sustain operations and, if necessary, conduct an orderly shut-down of hospital operations and transfer of patients. However, this assumes that the current daily loss rate does not increase significantly and that the current timeline for closing of the SGM Sale and confirmation of the Debtors' Plan is maintained. If the closing of the SGM Sale or confirmation of the Plan is delayed, however, the Debtors may have to conduct shut-downs of some or all of the remaining hospitals, to the detriment of the patients, the communities served by the hospitals, and creditors.

15. There is a narrow window to bring the cases to a successful conclusion given the practical realities of what is required to safely close acute care hospitals, the significant daily losses and the likelihood of those losses increasing, and the impossibility of having the hearing on the Disclosure Statement before resolution of the Enforcement Motion. Therefore, the hearing on the Disclosure Statement should be continued and the Debtors must adhere to Plan Timeline.

## IV.

## **ARGUMENT**

Local Bankruptcy Rule 9013-1(m)(1) governs motions for continuance and sets forth various general requirements. The Motion satisfies the requirements of the Local Bankruptcy Rules because it is filed more than three days prior to the Hearing, sets forth the reasons for the proposed continuance in detail, and is supported by the Adcock Declaration. *See* Local Bankruptcy Rule 9013-1(m)(1).

The Disclosure Statement will benefit from a further short, one-week continuance to allow the Court to render its determination of, and enter an order on, the Enforcement Motion. A one-

week continuance of the Hearing will also serve the best interests of the estates and creditors because it will ensure that the Debtors have sufficient time prior to the Hearing to revise the Disclosure Statement in light of the determinations of this Court, as appropriate, to include adequate information concerning the status of the SGM Sale.

The Debtors are mindful that creditor recoveries will be adversely impacted by the delay in the confirmation process. The proposed additional continuance need not have a significant impact on the Plan Timeline. However, the Debtors' proposed time frames will now necessarily change from those described in the Disclosure Statement Motion. In light of the financial considerations discussed above, the Debtors may request approval of an expedited confirmation process in their reply brief.

The Debtors have informed major constituents of their requested continuance of the Hearing. The Debtors have confirmed that the Official Committee of Unsecured Creditors (the "Committee") and the Debtors' prepetition secured lenders do not object to the relief requested in this Motion. In light of the benefit to the Debtors' Cases and the non-opposition by the foregoing constituents, the Debtors respectfully request that the Court continue the hearing on the Disclosure Statement Motion from October 15, 2019, at 10:00 a.m., to **October 23, 2019, to 10:00 a.m.** (the "Continued Hearing Date"), or such other date and time as may be convenient to the Court. The proposed Continued Hearing Date coincides with the status conference in the adversary proceedings filed by the Committee. In accordance with the Local Bankruptcy Rule 9013-1(m)(4), the Continued Hearing Date will automatically extend the reply dates until October 16, 2019.

**V.**

**CONCLUSION**

In light of the foregoing, the Debtors respectfully request that this Court enter an Order (i) granting this Motion, (ii) continuing the hearing on the Disclosure Statement Motion to October 23, 2019 at 10:00 a.m. (Pacific Time), and (iii) granting such other relief as the Court deems just and proper under the circumstances.

US_Active\113348521\V-2

Dated: October 4, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON
NICHOLAS A. KOFFROTH

By  */s/ Tania M. Moyron*
Tania M. Moyron
Attorneys for Verity Health Systems of California, Inc., *et al.*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, submit this Declaration in support of the *Motion to Continue Hearing on Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Debtors' Plan; and (IV) Granting Related Relief in Light of Court's Ruling on Emergency Motion* (the "Motion"),[1] and hereby state as follows:

1. I am, and have been since January 2018, the Chief Executive Officer of Verity Health System of California, Inc. ("VHS"). Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2. I have extensive senior-level experience in the nonprofit healthcare arena, especially in the areas of healthcare delivery, hospital acute care services, health plan management, budgeting, disease management, and medical devices. I have meaningful experience in both the technology and healthcare industries in the areas of product development, business development, mergers and acquisitions, marketing, financing, strategic and tactical planning, human resources, and engineering.

3. I have personal knowledge of the facts stated in this declaration, except as to those stated on information and believe, and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

4. The Debtors respectfully request that the Court continue the hearing on the Disclosure Statement Motion to October 23, 2019 at 10:00 a.m. (Pacific Time).

5. While the Debtors request that the hearing on the Disclosure Statement Motion be continued, the Debtors must still adhere to the Plan Timeline given their liquidity, including daily cash losses and accelerating negative cash flow.

6. The Debtors cannot continue to sustain operational losses of $450,000, per day, *ad infinitum*, particularly since the costs of delay are escalating beyond that anticipated by the Debtors, as follows:

---

[1] Capitalized terms not otherwise defined in this Declaration have the definitions set forth in the Motion.

- DHCS' offsets: Recently, DHCS started offsetting, without Court permission, one-hundred percent (100%) of certain fee-for-service payments to pay itself on alleged overpayments. The Debtors contest these overpayments. Given that the Debtors have been operating on the use of cash collateral since September 6, 2019, and do not have the authority to borrow under any debtor-in-possession financing, the impact of the offsets on the Debtors' liquidity is significant. In just the last four weeks, the DHCS has offset a total of $4,550,718, and is expected to continue its program of unilateral setoff absent relief from this Court. Through next week, the total will be $5,562,291. The Debtors intend to file a motion shortly; however, pending final resolution of the dispute, DHCS has retained significant funds that the Debtors anticipated would be available for operations.

- Attorney General Review: Given the well documented operating losses the Debtors incurred, the Debtors urged the Attorney General to review the SGM Sale on an expedited basis. The Debtors had reason to be hopeful that a review could be accomplished on such a basis, given that this is the third time in five years that the Attorney General has reviewed a transaction related to the sale of the Debtors' collectively troubled hospitals. The Attorney General, however, took the maximum amount of time under the statute and recently issued his decision on September 25, 2019. During the 135-day extended Attorney General review, the Debtors' estates incurred operating losses (including restructuring costs) totaling $60.75 million.

- Accelerating Negative Cash Flow: Further, the Debtors anticipate the incremental costs of operations will continue to increase as the Cases continue. By way of example, the Debtors continue to confront employee attrition due to the bankruptcy process, which means the Debtors must increasingly turn to more expensive temporary staffing alternatives (e.g., *locum tenens* physicians and registry nurses).

7. Accordingly, the Plan Timeline presents a successful path for Plan confirmation, but significant variance from the Plan Timeline will create serious adverse consequences that will likely lead to the closure of at least three of the Debtors' hospitals.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: October 4, 2019    By: _____
Los Angeles, California            Richard G. Adcock

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2

US_Active\113348521\V-2