| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SAMUEL R. MAIZEL (Bar No. 189301)<br>samuel.maizel@dentons.com<br>TANIA M. MOYRON (Bar No. 235736)<br>tania.moyron@dentons.com<br>DENTONS US LLP<br>601 South Figueroa Street, Suite 2500<br>Los Angeles, California 90017-5704<br>Tel: (213) 623-9300 / Fax: (213) 623-9924 | |
| ☒ *Attorney for:* Chapter 11 Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., et al.,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-20151-ER<br>CHAPTER: 11<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 11/20/2019<br>TIME: 10:00 am<br>COURTROOM: 1568<br>PLACE: 255 E. Temple Street<br>         Los Angeles, CA 90012 |
|---|---|

1. TO *(specify claimant and claimant's counsel, if any)*: MARC LEVY, with respect to Proof of Claim No. 2940, filed against Verity Medical Foundation

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #2940) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 10/21/2019

Date Notice Mailed: 10/21/2019

Dentons US LLP
Printed name of law firm

/s/ Tania M. Moyron
Signature

Tania M. Moryon
Printed name of attorney for objector

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                           Page 1                             **F 3007-1.1.NOTICE.OBJ.CLAIM**

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose ASC, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br>CASE NO.: 2:18-bk-20162-ER<br>CASE NO.: 2:18-bk-20163-ER<br>CASE NO.: 2:18-bk-20164-ER<br>CASE NO.: 2:18-bk-20165-ER<br>CASE NO.: 2:18-bk-20167-ER<br>CASE NO.: 2:18-bk-20168-ER<br>CASE NO.: 2:18-bk-20169-ER<br>CASE NO.: 2:18-bk-20171-ER<br>CASE NO.: 2:18-bk-20172-ER<br>CASE NO.: 2:18-bk-20173-ER<br>CASE NO.: 2:18-bk-20175-ER<br>CASE NO.: 2:18-bk-20176-ER<br>CASE NO.: 2:18-bk-20178-ER<br>CASE NO.: 2:18-bk-20179-ER<br>CASE NO.: 2:18-bk-20180-ER<br>CASE NO.: 2:18-bk-20181-ER<br>Chapter 11 Cases<br>Hon. Judge Ernest M. Robles<br><br>**DEBTORS' MOTION TO DISALLOW CLAIM NO. 2940 FILED BY MARC LEVY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD G. ADCOCK IN SUPPORT THEREOF**<br><br>HEARING:<br>Date:   November 20, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1568<br>          255 E. Temple Street, Los Angeles, CA 90012 |

Verity Health System Of California, Inc. ("VHS") and the above-referenced affiliated debtors and debtors in possession in the above captioned chapter 11 bankruptcy cases (collectively,

1

US_Active\113436648\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

the "Debtors"), hereby move (the "Motion") for the entry of an order disallowing Proof of Claim No. 2940 (the "Claim"), in its entirety, filed by Marc Levy (the "Claimant") in Verity Medical Foundation's chapter 11 case. The Claimant asserts a general unsecured claim in the amount of $500 million, listing the following basis for the Claim: are "services performed, personal injury, major civil rights violations." The Claimant, however, has not established by a preponderance of the evidence that the Claim should be allowed. The Claim also fails to state a viable and legally recognized cause of action and the addendum attached to the Claim fails to establish that the Claimant is entitled to an allowed Claim in the amount of $500 million. Therefore, the Claim should be disallowed under Federal Rule of Civil Procedure 12(b)(6) or its state law equivalent. The Debtors also have no record of the existence of such Claim. The Claim should also be disallowed for failure to (i) prosecute and laches and, (ii) provide a calculation or basis for Claimant's $500 million of alleged damages. Pursuant to this Motion, the Debtors request that the Court enter an order disallowing the Claim in its entirety. A true and correct copy of the Claim is attached as **Exhibit "A"** to the annexed Declaration of Richard G. Adcock.

The objection made by way of this Motion seeks to alter the Claimant's rights by disallowing the Claim based on the grounds set forth in the annexed memorandum of points and authorities (the "Memorandum"). The Memorandum and the specific comments about the Claim should be reviewed in order to fully understand the basis for the objection to the Claim.

**DEADLINE FOR OPPOSITION PAPERS:** Pursuant to Local Bankruptcy Rules 3007-1(b)(3)(A) and 9013-1(o), a response to this Motion must be filed with the Court, and served upon Debtor's counsel, at the address set forth on the first page of this Notice, not later than fourteen (14) days prior to the hearing date set forth above.

**PURSUANT TO LOCAL BANKRUPTCY RULE 3007-1(b)(3)(B), IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED ON THIS MOTION WITHOUT FURTHER NOTICE OR HEARING.**

2

US_Active\113436648\V-4

**WHEREFORE**, the Debtors respectfully request that the Court enter an order: (a) granting this Motion in its entirety, (b) disallowing the Claim as set forth herein, and (c) granting such other and further relief that may be appropriate.

Dated: October 21, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By  */s/ Tania M. Moyron*
    Tania M. Moyron

Attorneys for the Chapter 11 Debtors and Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3

US_Active\113436648\V-4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Verity Health System Of California, Inc. ("VHS") and the above-referenced affiliated debtors and debtors in possession in the above captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby move (the "Motion") for the entry of an order disallowing Proof of Claim No. 2940 (the "Claim," as further described herein) filed by Marc Levy (the "Claimant") in Verity Medical Foundation's bankruptcy case, in its entirety. The Claimant asserts a general unsecured claim in the amount of $500 million, listing the following basis for the Claim: "services performed, personal injury, major civil rights violations."  The Claimant, however, has not established by a preponderance of the evidence that the Claim should be allowed.  The Claim, however, fails to state viable and legally recognized cause of action and the addendum attached to the Claim fails to establish that the Claimant is entitled to an allowed Claim in the amount of $500 million. Therefore, the Claim should be disallowed under Federal Rule of Civil Procedure 12(b)(6) or its state law equivalent.  The Debtors also have no record of the existence of such Claim. The Claim should also be disallowed for failure to (i) prosecute and laches and, (ii) provide a calculation or basis for Claimant's $500 million of alleged damages. Pursuant to this Motion, the Debtors request that the Court enter an order disallowing the Claim in its entirety.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue of these proceedings and this Motion is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for this Motion is § 502(b) of the Bankruptcy Code[1] and Bankruptcy Rules 3001 and 3007.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "LBR" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California.

1

US_Active\113436648\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## III.

## BACKGROUND

### A. General Background

1. On August 31, 2018, ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases"). By entry of an order, the Cases are currently being jointly administered before the Bankruptcy Court. [Docket No. 17]. Since the commencement of their Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2. Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of five Debtor California nonprofit public benefit corporations that operated O'Connor Hospital and Saint Louise Regional Hospital, and currently operates St. Francis Medical Center, St. Vincent Medical Center and Seton Medical Center, including Seton Medical Center Coastside Campus (collectively, the "Hospitals").

3. On the Petition Date, VHS, the Hospitals, and their affiliated entities operated as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. *See Declaration Of Richard G. Adcock In Support of Emergency First Day Motions*, at 4, 12 (the "First Day Declaration") [Docket No. 8]. The scope of the services provided by the Verity Health System is exemplified by the fact that in 2017, the Hospitals provided medical services to over 50,000 inpatients and approximately 480,000 outpatients. *Id*., at 4, 12.

4. A detailed description of the Debtors' businesses, capital structure, and the events leading to the commencement of these Cases is contained in the First Day Declaration.

5. On September 17, 2018, the U.S. Trustee appointed a statutory creditors' committee pursuant to § 1102. *See* Docket No. 197.

6. No trustee or examiner has been appointed in these Cases.

7. On December 27, 2018, the Court entered an order [Docket No. 1153] approving the sale of two of the Debtors hospitals to Santa Clara County—Saint Louise Regional Hospital and O'Connor Hospital (the "Santa Clara Sale"). The sale closed on February 28, 2019. The Court also

2

has approved other sales related to Verity Medical Foundation. *See* Docket Nos. 1622, 1915, 1919, 2693.

8.  On May 2, 2019, the Bankruptcy Court entered the *Order (A) Authorizing The Sale Of Certain Of The Debtors' Assets To Strategic Global Management, Inc. Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (B) Approving The Assumption And Assignment Of An Unexpired Lease Related Thereto; And (C) Granting Related Relief* [Docket No. 2306], which authorized the sale of the Debtors' four remaining Hospitals to Strategic Global Management, Inc. (the "SGM Sale").

9.  The closing of the SGM Sale is contingent on the review of the sale by the California Attorney General and satisfaction of certain other closing conditions. The Debtors anticipate the SGM Sale to close in the fourth quarter of 2019.

10. On February 11, 2019, the Court entered its order setting the deadline for filing proofs of claims in the Cases (the "Bar Date Order") [Docket No. 1528]. The Court established April 1, 2019 as the bar date, with certain limited exclusions as specified in the Bar Date Order.

11. On September 3, 2019, the Debtors filed the *Debtors' Chapter 11 Plan of Liquidation* (the "Plan") [Docket No. 2993] and the *Disclosure Statement Describing Debtors' Chapter 11 Plan of Liquidation* [Docket No. 2994]. The Plan sets forth a proposal for the resolution of Claims and the distribution of proceeds to Holders of Allowed Claims.[2]

### B.  Claim No. 2940 Filed By Marc Levy

9.  On February 28, 2019, Claimant filed the Claim in the amount of $500 million against Verity Medical Foundation. In the one-page addendum attached to the Claim, Claimant states that "[i]n 2014, after spending one full year against my will in a California locked mental institution, called 'California Psychiatric Transitions', in Delhi, Ca., I was placed by my San Mateo County, Ca. conservator in Verity Health Foundation's Psynergy Program 'Nueva Vista' residential treatment program in Morgan Hills, Ca., against my will." Claimant further alleges in the one-page addendum that "he was forced to stay at Nueva Vista, against my will, from 2014 to 2016. I looked

---

[2] All capitalized terms not otherwise defined in this paragraph shall have the meaning set forth in the Plan.

3

US_Active\113436648\V-4

for work daily, and was unable to obtain employment in the community, the whole 3 years I was there, as my reputation in the community was tarnished." A copy of the Claim is attached to the Declaration of Richard G. Adcock in support of this Motion as **Exhibit "A."**

10. The Debtors searched their books, records and occurrence reports and did not find any evidence supporting the existence of the Claim.

## IV.

## LEGAL STANDARD

Bankruptcy Rule 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim. Fed. R. Bankr. P. 3001(a). Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with "these rules" shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *see also In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1247-48 (9th Cir. 1999); *In re Garner*, 246 B.R. 617, 620-21 (9th Cir. B.A.P. 2000).

However, Bankruptcy Rule 3001(f) "operates merely as an evidentiary presumption that is rebuttable." *In re Garvida*, 347 B.R. 697, 706 (9th Cir. B.A.P. 2006). Once the debtor satisfies its burden of going forward by rebutting the presumption with counter-evidence, the burden of going forward shifts to the claimant. *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Garvida*, 347 B.R. at 706-708. While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence," the substantive burden of proof remains at all times upon the claimant. *Garvida,* 347 B.R. at 706; *Lundell*, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant); *So. Cal. Plastics*, 165 F.3d at 1248.

A claimant must establish by a preponderance of the evidence that its claim should be allowed. *Lundell*, 223 F.3d at 1039. The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. *Pepper vs. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244 (1939).

In *In re Circle J. Dairy, Inc.*, 112 B.R. 297 (W.D. Ark. 1989), the court held that:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4

A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:

1) be in writing;
2) make a demand on the debtor's estate;
3) express the intent to hold the debtor liable for the debt;
4) be properly filed; and
5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

*Id.* at 299-300 (citation omitted).

The court in *In re Circle J. Dairy, Inc.*, further explained that:

Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The prima facie validity of the claim does not attach unless the claim is in compliance with the [Bankruptcy Rules], including [Bankruptcy Rule] 3001, and sets forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

*Id.* at 300 (citations omitted).

## V.

## **ARGUMENT**

The Court should disallow the Claim in its entirety for the following reasons:

a. In support of a Claim in the alleged amount of $500 million, Claimant attaches, as the only evidence in support of his Claim, a one-page addendum that falls woefully short of satisfying his procedural and substantive burden as to the allowance of the Claim.

b. The Claim is not well pled and is not sufficient to state a viable and legally recognized cause of action. Therefore, the Claim should be disallowed under Federal Rule of Civil Procedure 12(b)(6) or its state law equivalent. This Court has jurisdiction to disallow a personal injury tort claim against a Chapter 11 estate, such as the Claim at issue, on the basis that the claim is legally invalid on its face. *See In re UAL Corp*, 310 B.R. 373 (N.D, Ill. 2004); *see also In re Amtrol Holdings, Inc.*, 384 B.R. 686, 690 (Bankr. D. Del. 2008), *subsequently rev'd on other grounds*, 532 F. App'x 316 (3d Cir. 2013) ("bankruptcy courts are authorized to determine the validity of a personal injury claim but not the amount"); *In re Standard Insulations, Inc.*, 138 B.R. 947, 951 (Bankr. W.D. Mo. 1992) ("the bankruptcy court may conduct a threshold inquiry on the

1 limited issue of whether personal injury claimants have allowable claims, so long as the court stops

2 short of liquidating those claims it allows . . . .").

3   c. Claimant failed to timely pursue and report his cause of action and it is barred by the

4 statute of limitations.  *See* Cal. Civ. Proc. Code § 335.1 (West) (statute of limitations is two years

5 from discovery of injury for personal injury claims).

6   d. Further, the Claim lacks factual merit.  The Debtors searched their books, records

7 and occurrence reports and did not find any evidence supporting the existence of the Claim. The

8 Claimant cannot establish and has not established by a preponderance of the evidence that the Claim

9 should be allowed. Also, Claimant has provided no basis or calculation for his alleged damages of

10 $500 million.

11   e. Further, there is no sign Claimant has engaged an attorney or expert witness or filed

12 suit to pursue his alleged Claim at any time beginning 2014 nor since filing his proof of claim nor

13 has he moved to lift the automatic stay in these Cases to pursue his Claim.  Thus, the Claim should

14 be disallowed for laches.  *See Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000)

15 (laches may bar a claim for damages if there is an unreasonable delay by the plaintiff and prejudice

16 to the defendant).

## VI.

## **RESERVATION OF RIGHTS**

19   The Debtors expressly reserve the right to amend, modify or supplement this Motion or file

20 a new Motion to assert additional objections to the Claim or any other proofs of claim (filed or not)

21 that may be asserted by Claimant.  Should the grounds for disallowance of the Claim as stated in

22 this Motion be deemed insufficient, the Debtors reserve their right to object to the Claim on any

23 other grounds.

## VII.

## **CONCLUSION**

26   For the reasons set forth above, the Debtors respectfully request that the Court enter an order

27 (i) granting the Motion in its entirety; (ii) sustaining the Debtors' objection to the Claim and

28

6

US_Active\113436648\V-4

disallowing the Claim in its entirety; and (iii) granting such other and further relief the Court deems just and proper.

Dated:  October 21, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON


By  /s/ *Tania M. Moyron*
    Tania M. Moyron

Attorneys for the Chapter 11 Debtors and Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

US_Active\113436648\V-4

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1. I am the Chief Executive Officer of Verity Health System of California, Inc. ("VHS"). I became the Debtors' Chief Executive Officer effective January 2018. Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' legal and financial advisors, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and the healthcare industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. A true and correct copy of Claim No. 2940 filed by the Claimant against Verity Medical Foundation (the "Claim") is attached hereto as **Exhibit "A."**

4. The Debtors deny the allegations in the Claim and the claims lack factual merit or support. The Debtors searched their books, records and occurrence reports and did not find any evidence supporting the existence of the Claim.

5. The Debtors searched their litigation records and did not find any evidence that the Claimant has filed a lawsuit or other legal proceeding from 2014 through the filing of the Claim concerning the allegations asserted in the Claim.

I declare under penalty of perjury and of the laws in the United States of America, the foregoing is true and correct.

Executed this 21st day of October, 2019, at Los Angeles, California.

_____
RICHARD G. ADCOCK

8

US_Active\113436648\V-4

# Exhibit "A"

Copy of the Proof of Claim the Subject of the Motion

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

United States Bankruptcy Court for the Central District of California

Indicate Debtor against which you assert a claim by checking the appropriate box below. (Check only one Debtor per claim form.)

- ☐ Verity Health System of California, Inc. (Case No.18-20151)
- ☐ De Paul Ventures – San Jose Dialysis, LLC (Case No. 18-20181)
- ☐ De Paul Ventures, LLC (Case No. 18-20176)
- ☐ O'Connor Hospital (Case No. 18-20168)
- ☐ O'Connor Hospital Foundation (Case No. 18-20179)
- ☐ Saint Louise Regional Hospital Foundation (Case No. 18-20172)
- ☐ Seton Medical Center (Case No. 18-20167)
- ☐ Seton Medical Center Foundation (Case No. 18-20175)
- ☐ St. Francis Medical Center (Case No. 18-20165)
- ☐ St. Francis Medical Center of Lynwood Foundation (Case No. 18-20178)
- ☐ St. Louise Regional Hospital (Case No.18-20162)
- ☐ St. Vincent Dialysis Center, Inc. (Case No. 18-20171)
- ☐ St. Vincent Foundation (Case No. 18-20180)
- ☐ St. Vincent Medical Center (Case No. 18-20164)
- ☐ Verity Business Services (Case No. 18-20173)
- ☐ Verity Holdings, LLC (Case No. 18-20163)
- ☒ Verity Medical Foundation (Case No. 18-20169)

# Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.

### Part 1: Identify the Claim

NameID: 13459673

**1. Who is the current creditor?**
LEVY, MARC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

RECEIVED
FEB 28 2019
KURTZMAN CARSON CONSULTANTS

Where should notices to the creditor be sent?
LEVY, MARC
505 CYPRESS AVE
SOUTH SAN FRANCSICO, CA 94080

Contact phone  415-867-4091
Contact email  marcolevy777@gmail.com

Where should payments to the creditor be sent? (if different)

Name _____
Number   Street _____
City   State   ZIP Code _____
Country _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                Proof of Claim
                                 page 1

18201511902141140310232332

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $ 500,000,000.00 USD    Does this amount include interest or other charges?
   ($500M) is my claim.
   ☒ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   SERVICES PERFORMED, PERSONAL INJURY, MAJOR CIVIL RIGHTS VIOLATIONS.

9. Is all or part of the claim secured?
   ☒ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property: $_____
   Amount of the claim that is secured: $_____
   Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition: $_____

   Annual Interest Rate (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

RECEIVED
FEB 28 2019
KURTZMAN CARSON CONSULTANTS

10. Is this claim based on a lease?
    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

11. Is this claim subject to a right of setoff?
    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check all that apply: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02 / 25 / 2019

_____
Signature

RECEIVED
FEB 28 2019
KURTZMAN CARSON CONSULTANTS

Print the name of the person who is completing and signing this claim:

Name:  MARC (First name)  OLIN (Middle name)  LEVY (Last name)

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 505 CYPRESS AVE., #225
SOUTH SAN FRANCISCO, CA., 94080, SAN MATEO
(City, State, ZIP Code, Country)

Contact phone: 415-867-4091    Email: marcolevy777@gmail.com

Official Form 410    Proof of Claim    page 3

18201511902141114031023232

9/22/2018

U.S. Federal Court, Central District of California, Los Angeles Division

Complaint: Marc Olin Levy vs. Verity Health Foundation/Psynergy Programs Inc.

In 2014, after spending one full year against my will in a California locked mental institution, called "California Psychiatric Transitions", in Delhi, Ca., I was placed by my San Mateo County, Ca. conservator in Verity Health Foundation's Psynergy Program's "Nueva Vista" residential treatment program in Morgan Hill, Ca., against my will. Psynergy Programs is owned by Verity Health Foundation, which is currently in Chapter 11 bankruptcy court. I am suing Verity Health Foundation, who owns Psynergy Programs for holding me illegally in their program against my will. I am conserved illegally in the state of California, in San Mateo Co.. I am not mentally ill. I am not disabled, I am not gravely disabled at all, yet I am conserved illegally, against my will, in San Mateo Co., Ca.. San Mateo Co. placed me, illegally, against my will, in Verity Health Foundation's Psynergy Programs "Nueva Vista" program in Morgan Hill, Ca., and I am suing Verity Health Foundation, Psynergy's ownership, for that, who is in Chapter 11 bankruptcy court currently.

I was forced to go to Nueva Vista against my will. I told the head psychiatrist there, Dr. Benjuamia, when I first got there, the first day, that I was not mentally ill, that my conservatorship was illegal. I asked for his help in getting out of the conservatorship, and he never helped. He never helped me get off conservatorship, he barely ever spoke to me again at all. He kept me in his program, against my will. I told the staff of Nueva Vista repeatedly that I was not mentally ill, that my conservatorship was illegal, and they did nothing to help me out of the conservatorship or mental health in general.

I have the right to refuse treatment, under Obamacare law, and Verity Health Foundation's Psynergy Programs completed violated that law over a 3 year period. I asked the doctors and the staff to help me get out of conservatorship, and their program repeatedly, but they did not help.

The program was restrictive. It violated the freedom of movement. You were forced to go to groups if you wanted to go outside. That was in violation of California state law too, which says that a conservatee has the right to the least restrictive placement, and Nueva Vista was restrictive. I was forced to take medications there against my will. It was all a violation of federal Obamacare law. I have the right to refuse treatment, yet, I was forced to stay at Nueva Vista, against my will, from 2014 to 2016. I looked for work daily, and was unable to obtain employment in the community, the whole 3 years I was there, as my reputation in the community was severely tarnished.

"A Prayer for Relief" I, Marc Olin Levy, am suing Verity Health Foundation/ Psynergy Programs, Inc. for ~~$_____~~ USD for all of these offenses.

$500,000,000.00 USD

Thank You,

Sincerely, MARC OLIN LEVY

[signature]