SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered with:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br>Chapter 11 Cases<br>Hon. Judge Ernest M. Robles<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD G. ADCOCK**<br>Hearing:<br>Date:     November 19, 2019<br>Time:     10:00 a.m.<br>Location: Courtroom 1568<br>               255 East Temple Street<br>               Los Angeles, California 90012-3300 |

- 1 -

113470928\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   **PLEASE TAKE NOTICE** that at the above referenced date, time and location, Verity Health System of California, Inc., a California nonprofit benefit corporation and the Debtor herein, and the above-referenced affiliated entities, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), will move (the "Motion") the Court for entry of an order, pursuant to § 1121 of title 11 of the United States Code, extending the exclusivity periods to file a chapter 11 plan and solicit acceptances thereof by an additional 67 days from the current deadlines of October 25, 2019 (filing a plan) and December 24, 2019 (obtaining acceptances) to new deadlines of December 31, 2019 (filing a plan) and February 29, 2020 (obtaining acceptances).

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities and the Declaration of Richard G. Adcock, the *Declaration of Richard Adcock in Support of Emergency First-Day Motions* [Docket No. 8] (the "First-Day Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion, if any. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the Motion must file and serve the response ("Response"), pursuant to LBR 9013-1(f), on the moving party and the United States Trustee not later than 14 days before the date designated for the hearing. A Response must be a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested herein.

- 2 -

113470928\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

| | |
|---|---|
| Dated: October 25, 2019 | DENTONS US LLP |
| | SAMUEL R. MAIZEL |
| | TANIA M. MOYRON |
| | NICHOLAS A. KOFFROTH |
| | By  */s/ Tania M. Moyron* |
| |      Tania M. Moyron |
| | Attorneys for the Chapter 11 Debtors and Debtors In Possession |

- 3 -

113470928\V-2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Verity Health System of California, Inc., a California nonprofit benefit corporation and the Debtor herein ("VHS"), and the above-referenced affiliated entities, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Cases"), respectfully request the entry of an order (i) extending the Debtors' exclusive right to file a plan of reorganization and gain acceptances of a plan of reorganization by an additional 67 days from the current deadlines of October 25, 2019 (filing a plan) and December 24, 2019 (obtaining acceptances) to new deadlines of December 31, 2019 (filing a plan) and February 29, 2019 (obtaining acceptances), pursuant to § 1121(d),[1] without prejudice to the Debtors seeking further extensions, and (ii) granting the Debtors such other and further relief as is just and proper.

## II. JURISDICTION, VENUE AND BASIS

The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors consent to entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is § 1121(d).

## III. STATEMENT OF FACTS

**A. General Background.**

1. On August 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the commencement of their Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2. As of the Petition Date, VHS, the hospitals, and their affiliated entities (collectively, "Verity Health System") operated as a nonprofit health care system, with approximately 1,680

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All references to "LBR" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

- 4 -

113470928\V-2

inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. *Declaration of Richard G. Adcock in Support of Emergency First-Day Motions* [Docket No. 8] ("First-Day Declaration"), at 4, ¶ 12. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure and additional events leading up to these chapter 11 Cases, are contained in the First-Day Declaration.

3.  On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these chapter 11 Cases [Docket No. 197].

**B.    Sales of the Hospitals and Current Status**

4.  On December 27, 2018, the Court entered an order approving the sale of assets (excluding cash, accounts receivables and causes of action) of O'Connor Hospital and Saint Louise Regional Hospital to the County of Santa Clara, a political subdivision of the State of California [Docket No. 1153]. The sale closed on February 28, 2019.

5.  On May 2, 2019, the Court approved the sale of substantially all of the assets of St. Francis Medical Center, St. Vincent Medical Center, St. Vincent Dialysis Center and Seton Medical Center, including Seton Coastside, to Strategic Global Management, Inc. ("SGM" and the "SGM Sale," respectively). [Docket No. 2306]. The SGM Sale has an outside closing date of December 31, 2019. Docket No. 2305.

6.  The SGM Sale is subject to review by the California Attorney General (the "Attorney General") under applicable non-bankruptcy law (the "AG Review"). On October 23, 2019, the Court entered a memorandum finding, among other things, that the SGM Sale is free and clear of the Attorney General's proposed conditions [Docket No. 3446] (the "AG Order"). The Court stated it would certify the AG Order for direct appeal to the Ninth Circuit Court of Appeals (the "Certified Appeal"). *Id.* at 23-24.

7.  The California Department of Health Care Services ("DHCS") objected to the SGM Sale as it related to the transfer of the Medi-Cal Provider Agreement; the Court overruled that objection (the "Medi-Cal Order") [Docket No. 3392]. DHCS has filed an appeal of the Medi-Cal

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -

113470928\V-2

Main Document    Page 6 of 13

1  Order in the United States District Court for the Central District of California (Case No. 2:19-cv-
2  08762-JVS).

3       8.      The United States Department of Health and Human Services ("HHS") and the
4  Debtors are also currently negotiating the treatment of Medicare Provider Agreements and related
5  issues regarding the SGM Sale, and the parties have stipulated to a continued hearing date to
6  November 6, 2019.  Docket No. 3440.

**D.**      **Status of Debtors' Plan of Liquidation.**

8       9.      The Debtors currently have the exclusive right to file a plan and solicit acceptances under § 1121(d). After entering similar orders [Docket Nos. 899, 2520], on September 11, 2019, the Court entered an order extending the exclusive period that the Debtors can file and solicit votes on a plan to October 25, 2019 and solicit acceptances to December 24, 2019.  Docket No. 3039.

10.      On September 3, 2019, the Debtors filed the *Debtors' Chapter 11 Plan of Liquidation (Dated September 3, 2019)* [Docket No. 2993] (the "Plan") and related *Disclosure Statement Describing Debtors' Chapter 11 Plan of Liquidation (Dated September 3, 2019)* [Docket No. 2994] (the "Disclosure Statement").

11.      On September 4, 2019, the Debtors filed the *Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Debtors' Plan; and (IV) Granting Related Relief* [Docket No. 2995] (the "Disclosure Statement Motion"), seeking approval of (i) the Disclosure Statement, (ii) proposed solicitation and voting procedures, (iii) proposed notice and objection procedures for confirmation of the Plan, and (iv) related relief.

12.      On September 18, 2019, certain parties in interest filed responses and oppositions to the Disclosure Statement Motion.  *See* Docket Nos. 3079, 3084, 3086, 3087, 3089, 3090, 3092, 3094.  On October 17, 2019, the Court approved a stipulation for other parties' response dates to allow continued negotiations regarding the Disclosure Statement Motion.  See Docket No. 3394. The Debtors have made significant progress in resolving a number of matters raised by stakeholders regarding the Disclosure Statement and the Plan.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -
113470928\V-2

13. On October 14, 2019, the Debtors filed a motion to continue the hearing for their Disclosure Statement Motion [Docket No. 3238] (the "Second Continuance Motion"). The Court continued the hearing of October 23, 2019 for the Disclosure Statement Motion to November 6, 2019. Docket No. 3389.

## IV.    ARGUMENT

Section 1121(d) grants this Court authority to extend the Debtors' exclusivity period "for cause" up to 18 months after the petition date for filing a plan and 20 months after the petition date for solicitation. 11 U.S.C. §§ 1121(d). Although the term "cause" is not defined by the Bankruptcy Code, it invites flexibility "in order to allow the debtor to reach an agreement." *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6190). This is because a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g.*, *Id.* at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

"A decision whether to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court and is fact-specific." *In re New Meatco Provisions, LLC*, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014) (citations omitted). Courts examine a number of factors to determine whether "cause" exists to extend an exclusivity period. These factors include the following: the size and complexity of the cases; the existence of good faith progress; the necessity of sufficient time to negotiate and prepare adequate information; whether the debtor is paying its debts as they become due; whether the debtor has demonstrated reasonable prospects for filing a viable plan; whether the debtor has made progress negotiating with creditors; the length of time a case had been pending; whether the debtor is seeking an extension to pressure creditors; and whether or not unresolved contingencies exist. *See id*. A "transcendent consideration" in deciding whether to extend exclusivity is "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 7 -

444, 453 (B.A.P. 9th Cir. 2002) (affirming extension of exclusivity in chapter 11 case of non-profit hospital).

Here, the Debtors submit that sufficient "cause" exists pursuant to § 1121(d) to extend the exclusivity periods as the Debtors focus on issues related to the SGM Sale, the transfer of the Medicare Provider Agreement, the appeal of the Medi-Cal Order and the anticipated appeal by the Attorney General of the AG Order.  Further resolution of these issues is critical to the plan process.  Additionally, the Debtors submit sufficient "cause exists" to further extend the deadlines for the following reasons:

Size and Complexity of the Cases.  These are complex, "mega" chapter 11 Cases, and are almost certainly the second largest hospital bankruptcy case in American history.  Selling (while still operating) six non-profit hospitals raises issues of healthcare regulatory law, labor law, mergers and acquisitions law, and bankruptcy law, among other fields.  Moreover, the Debtors' corporate structure is complex and there also are many issues that arise in simply maintaining the Debtors' operations pending resolution of these bankruptcy Cases.  Among other issues, there are existing labor contracts which are being negotiated, numerous pending medical malpractice, personal injury and employment law related cases which the Court has allowed to proceed through relief from the automatic stay, and vendors which require substantial negotiations to maintain relationships.

Good Faith Progress. The Debtors have made significant progress in these Cases.  The Debtors continue to operate their Hospitals and also (i) negotiated and closed the SCC Sale, (ii) negotiated and obtained Court approval of the sale of the remaining four Debtor Hospitals to SGM, (iii) worked and continue to work with SGM with respect to interim agreements that will be entered into after the sale closing during the sale leaseback period, (iv) resolved many cure issues related to executory contracts and leases in connection with the SCC and SGM Sales, (v) reached conditional written agreements with all applicable labor unions under §§ 1113 and 1114, (vi) obtained Court orders that the Attorney General abused his discretion in the AG Review and overruling DHCS' objection, (vii) sold other assets approved by various orders entered by the Court, (viii) filed the Plan and Disclosure Statement and (ix) attended to administrative compliance materials such as the Monthly Operating Reports. In connection therewith, the Debtors have

- 8 -

113470928\V-2

dedicated a substantial amount of time to preparing and filing motions, other pleadings, documents and orders.

<u>Necessity of Sufficient Time to Negotiate and Prepare Adequate Information</u>. In light of the above progress, the Debtors have (i) drafted and filed their Plan and Disclosure Statement (and set the Disclosure Statement for hearing) and (ii) are in discussions with major constituents in these Cases regarding the Plan. However open issues are likely to impact the feasibility of any final, amended Plan and/or return to unsecured creditors, including the close of the SGM Sale and the timing thereof which depends on, among other things, the disposition of the Certified Appeal, DHCS litigation, and HHS negotiations. Consequently, the Debtors seek an extension to allow them to continue to address these issues while retaining exclusivity (including amendments to the Plan).

<u>Paying Debts as They Become Due</u>. The Debtors are paying their ordinary course administrative expenses as they come due. The Debtors have paid over $16 million in critical vendor payments to prepetition creditors, and they continue to pay postpetition obligations when and as they come due. Further, the Debtors are current with respect to their reporting and payment requirements to the Office of the United States Trustee and other requirements of the Bankruptcy Code and Rules.

<u>Prospects for Filing a Viable Plan and Progress Negotiating with Creditors</u>. The Debtors have filed their Plan, obtained the AG Order and an order overruling DHCS' objection and are working with stakeholders to resolve issues through an amended Plan.

<u>Length of Time the Cases Have Been Pending</u>. The Cases have been pending for less than 14 months, less than the 18 and 20 month exclusivity and solicitation deadlines set forth in § 1121(d).

<u>Whether the Extension is Sought to Pressure Creditors</u>. The Debtors seek this extension for good faith purposes, and to allow these Cases to move forward to a successful conclusion.

<u>Existence of Unresolved Contingencies</u>. Unresolved contingencies do exist, including the necessity to resolve the Certified Appeal, resolve the DHCS and HHS issues, close the SGM Sale, and successfully sell the remaining assets of the Debtors.

Accordingly, the standards for the requested extension are satisfied. The "adjustment of exclusivity will facilitate moving the [bankruptcy process] forward toward a fair and equitable resolution" of the Plan and any amendments thereto. *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. at 453; *see also* First-Day Declaration at 25, ¶ 96 (the goal of the Cases is a "bankruptcy court supervised sale of some or all of the hospitals and related facilities, and the comprehensive resolution of the Debtors financial obligations through a court approved plan of reorganization").

## V.    CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court enter an order (i) granting the Motion, (ii) extending the Debtors' exclusivity period for filing a plan and for obtaining acceptances of such plan by an additional 67 days through and including December 31, 2019 (filing a plan) and February 29, 2020 (obtaining acceptances), respectively, without prejudice to seeking further extensions, and (iii) granting such further relief as the Court deems appropriate.

Dated:  October 25, 2019

DENTONS US LLP

SAMUEL R. MAIZEL
TANIA M. MOYRON
NICHOLAS A. KOFFROTH

By    */s/ Tania M. Moyron*
         TANIA M. MOYRON

Attorneys for the Chapter 11 Debtors and Debtors In Possession

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare that if called on as a witness, I would and could testify of my own personal knowledge as follows:

1.  I am the Chief Executive Officer ("CEO") of Verity Health System of California, Inc. ("VHS"). I became VHS' CEO effective January 2018. Prior thereto, I served as VHS' Chief Operating Officer ("COO") beginning in August 2017. In my roles as COO and CEO at VHS, I have become intimately familiar with all aspects of VHS and its above-captioned affiliates who have also filed for bankruptcy protection (collectively the "Debtors," and each a "Debtor") as well as those affiliated entities that are not in bankruptcy. I submit this Declaration in support of the *Debtors' Motion for Entry of an Order Pursuant to Section 1121 of the Bankruptcy Code Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances* (the "Motion").[2]

2.  I have worked for more than 14 years in the healthcare arena. During this period, I have accumulated extensive senior level experience in the areas of not-for-profit healthcare, especially in healthcare delivery, hospital acute care services, health plan management, product management, acquisitions, integrations, population health management, budgeting, disease management and medical devices. I also have meaningful experience in other related areas, including human resources and personnel management.

3.  My background and familiarity with the Debtors' day-to-day operations, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 bankruptcy cases are set forth more fully in my *Declaration filed in Support of Emergency First-Day Motions* [Docket No. 8] on August 31, 2018 (the "Petition Date"), and incorporated by reference into this Declaration.

4.  The Debtors' corporate structure is complex, and there also are many issues that arise in simply maintaining the Debtors' operations pending resolution of these Cases. Among other issues, there are existing labor contracts which are being addressed, numerous pending medical malpractice, personal injury and employment law related cases which the Court has

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

- 11 -

113470928\V-2

allowed to proceed through relief from the automatic stay, and vendors which require substantial negotiations to maintain relationships.

5.  The Debtors have made significant progress in these Cases. The Debtors continue to operate their Hospitals and also (i) negotiated and closed the SCC Sale, (ii) negotiated and obtained Court approval of the sale of the remaining four Debtor Hospitals to SGM, (iii) worked and continue to work with SGM with respect to interim agreements that will be entered into after the sale closing during the sale leaseback period, (iv) resolved many cure issues related to executory contracts and leases in connection with the SCC and SGM Sales, (v) reached conditional written agreements with all applicable labor unions under §§ 1113 and 1114, (vi) obtained Court orders that the Attorney General abused his discretion in the AG Review and overruling DHCS' objection, (vii) sold other assets approved by various orders entered by the Court, (viii) filed the Plan and Disclosure Statement and (ix) attended to administrative compliance materials such as the Monthly Operating Reports. The HHS and the Debtors are also currently negotiating the treatment of Medicare Provider Agreements and related issues regarding the SGM Sale. In connection therewith, the Debtors have dedicated a substantial amount of time to preparing and filing motions, other pleadings, documents, and orders.

6.  The Debtors are in discussions with major constituents in these Cases regarding the Plan. The Debtors have made significant progress in resolving a number of matters raised by stakeholders regarding the Disclosure Statement and the Plan. However, open issues are likely to impact the feasibility of any final, amended Plan and/or return to unsecured creditors, including the close of the SGM Sale and the timing thereof which depends on, among other things, the disposition of the Certified Appeal of the AG Order, DHCS litigation, and HHS negotiations. Consequently, the Debtors seek extension to allow them to continue to navigate through these issues while retaining exclusivity (including regarding amendments to the Plan).

7.  The Debtors are paying their ordinary course administrative expenses as they come due. The Debtors have paid over $16 million in critical vendor payments to prepetition creditors, and they continue to pay postpetition obligations when and as they come due. Further, the Debtors

are current with respect to their reporting and payment requirements to the Office of the United States Trustee and other requirements of the Bankruptcy Code and Rules.

8. The Debtors seek an extension of exclusivity for filing a plan and obtaining acceptances to advance their Cases to a successful conclusion, including to allow the Debtors time to file an amended Disclosure Statement and Plan as necessary while retaining exclusivity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of October, 2019, in Los Angeles, California.

_____
RICHARD G. ADCOCK