SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar. No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose ASC, LLC<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br>Jointly Administered With:<br>CASE NO.: 2:18-bk-20162-ER<br>CASE NO.: 2:18-bk-20163-ER<br>CASE NO.: 2:18-bk-20164-ER<br>CASE NO.: 2:18-bk-20165-ER<br>CASE NO.: 2:18-bk-20167-ER<br>CASE NO.: 2:18-bk-20168-ER<br>CASE NO.: 2:18-bk-20169-ER<br>CASE NO.: 2:18-bk-20171-ER<br>CASE NO.: 2:18-bk-20172-ER<br>CASE NO.: 2:18-bk-20173-ER<br>CASE NO.: 2:18-bk-20175-ER<br>CASE NO.: 2:18-bk-20176-ER<br>CASE NO.: 2:18-bk-20178-ER<br>CASE NO.: 2:18-bk-20179-ER<br>CASE NO.: 2:18-bk-20180-ER<br>CASE NO.: 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br>Hon. Judge Ernest M. Robles<br><br>**MOTION TO (A) CONTINUE HEARING ON MOTION OF THE DEBTORS FOR AN ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF DEBTORS' PLAN, AND (IV) GRANTING RELATED RELIEF; (B) CONTINUE THE REPLY DEADLINE WITH RESPECT TO DISCLOSURE STATEMENT OBJECTIONS, AND (C) USE THE NOVEMBER 26, 2019, 10:00 A.M. HEARING DATE FOR A STATUS CONFERENCE ON THIS MATTER; DECLARATION OF RICHARD G. ADCOCK IN SUPPORT THEREOF**<br>[RELATES TO DOCKET NOS. 2994, 2995, 3120, 3193, 3260, 3389, 3594, 3632, 3633]<br><br>Proposed Status Conference Date and Time:<br>Date: November 26, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: 255 E. Temple St., Courtroom 1568<br>       Los Angeles, CA 90012 |

1

US_Active\113668355\V-4

Verity Health System of California, Inc. ("VHS") and the affiliated debtors, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Cases"), respectfully request (the "Motion") that the Court (A) approve a continuance of the hearing on the *Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Debtors' Plan; and (IV) Granting Related Relief* [Docket No. 2995] (the "Disclosure Statement Motion") to a date to be set by the Court at the Status Conference (defined below), (B) reschedule the deadline to file replies to objections to the Disclosure Statement Motion at the Status Conference, and (C) to use November 26, 2019, 10:00 a.m., as a status conference (the "Status Conference"). In support of the Motion, the Debtors submit the attached *Declaration of Richard G. Adcock* (the "Adcock Declaration") and, respectfully state as follows:

# I.

# **INTRODUCTION**

Yesterday, on November 18, 2019, the Court entered the memorandum decision [Docket No. 3632] and order [Docket No. 3633] (collectively, the "Orders") "finding that SGM is obligated to promptly close the SGM Sale under § 8.6 of the APA, provided that all other conditions to closing have been satisfied." Docket No. 3632. The Orders confirmed that the Debtors satisfied Section 8.6 of that certain asset purchase agreement (the "SGM APA") [Docket No. 2305-1] and rendered moot any argument to the contrary. *Id.* at 5. The Order also provided that Strategic Global Management, Inc. ("SGM") was obligated to promptly close the SGM sale (the "SGM Sale"), provided that all other conditions have been satisfied. Despite the foregoing, there remains a significant amount of uncertainty regarding the SGM sale transaction. As of the last motion [Docket No. 3621] to continue the hearing on the Disclosure Statement Motion, the Debtors anticipated receiving formal correspondence from SGM that would be material to the sale transaction. The Debtors have yet to receive the correspondence, but have been informed that it is forthcoming. Further, since the Orders, SGM orally communicated new information that undermines the Debtors' confidence in a prompt closing of the sale. *See* Adcock Declaration.

The Debtors are conscious of the urgent need to advance the Disclosure Statement (as defined below) and plan process, but cannot in good faith move forward until there is more certainty that a successful closing can be reasonably anticipated. The Debtors' plan of liquidation is contingent on the sale closing, and, thus, any material doubt cast on the SGM sale hinders the Debtors ability to provide adequate information to creditors and the Court.

Consequently, the Debtors request that the Court enter an order granting the following relief (collectively, the "Proposed Relief"): (A) rescheduling the hearing on the Disclosure Statement, currently scheduled on November 26, 2019, to a date to be set by the Court at the Status Conference; (B) rescheduling the deadline set forth in the Order to file replies to objections to the Disclosure Statement Motion at the Status Conference; and (C) preserving the hearing on November 26, 2019, 10:00 a.m., as a status conference on this matter.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion under 28 U.S.C. § 157(b)(2)(A) and (L). Venue of these proceedings and this Motion is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for this Motion is 11 U.S.C. § 105[1] and LBR 9013-1(m).

## III.

## BACKGROUND FACTS

**A.    General Background**

1.    On August 31, 2018, ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases"). By entry of an order, the Cases are currently being jointly administered before the Bankruptcy Court. [Docket No. 17]. Since the commencement of their Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

**B.    The Plan and Disclosure Statement**

2.    On September 3, 2019, the Debtors filed the *Debtors' Chapter 11 Plan of*

---

[1]

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Liquidation (Dated September 3, 2019)* [Docket No. 2993] (the "Plan") and related *Disclosure Statement Describing Debtors' Chapter 11 Plan of Liquidation (Dated September 3, 2019)* [Docket No. 2994] (the "Disclosure Statement").

3. On September 4, 2019, the Debtors filed the Disclosure Statement Motion. In the Disclosure Statement Motion, the Debtors seek approval of (i) the Disclosure Statement, (ii) proposed solicitation and voting procedures, (iii) proposed notice and objection procedures for confirmation of the Plan, and (iv) related relief. The Debtors also requested [Docket No. 2996] an order setting a hearing and briefing schedule on shortened notice.

4. On September 4, 2019, the Court entered an *Order Setting Hearing On Motion for Approval of Disclosure Statement for October 2, 2019, at 10:00 a.m.* [Docket No. 2998] (the "Disclosure Statement Scheduling Order"). The Disclosure Statement Scheduling Order set a hearing on the Disclosure Statement Motion for October 2, 2019 at 10:00 a.m., and provided that any oppositions to the Disclosure Statement Motion must be filed not later than September 18, 2019. *See* Scheduling Order at 2.

5. On September 18, 2019, certain parties in interest filed responses and oppositions to the Disclosure Statement Motion. *See* Docket Nos. 3079, 3084, 3086, 3087, 3089, 3090, 3092, 3094. Further, the Debtors have continued the opposition deadline by stipulation as they continue negotiations with certain other parties with respect to the Disclosure Statement Motion and Disclosure Statement. *See* Docket Nos. 3076, 3077, 3082, 3098, 3119, 3122, 3126, 3195.

C.    **The Emergency Motion and SGM Sale**

6. On May 2, 2019, the Court entered an order [Docket No. 2306] (the "Sale Order") approving the SGM APA concerning the SGM Sale. On September 25, 2019, the Attorney General conditionally approved the SGM Sale subject to certain conditions (the "2019 Conditions"). Certain of the 2019 Conditions (the "Additional Conditions") were materially different than those to which SGM agreed under the Schedule 8.6 to the SGM APA.

7. On September 30, 2019, the Debtors filed the motion [Docket No. 3188] (the "Enforcement Motion") for entry of an order finding (i) that the Debtors could sell their assets pursuant to the SGM Sale free and clear of the Additional Conditions, or, alternatively, (ii) that

the Attorney General abused his discretion when imposing the Additional Conditions. As discussed in greater detail in the Enforcement Motion, the Additional Conditions recently issued by the Attorney General threatened the SGM Sale, and could have triggered SGM's termination rights under the APA unless the Debtors obtained the relief requested by the Enforcement Motion. *See* SGM APA, § 8.6.

8. On October 1, 2019, the Court entered the *Order Setting Hearing on Emergency Motion for the Entry of an Order Enforcing the Order Authorizing the Sale to Strategic Global Management for October 15, 2019, at 10:00 a.m.* [Docket No. 3193] (the "Scheduling Order"), which scheduled a hearing on the Enforcement Motion on October 15, 2019, at 10:00 a.m. (Pacific Time)—the same date and time as the hearing on the Disclosure Statement Motion. *See* Scheduling Order at 2.

9. On October 23, 2019, the Court entered the *Memorandum of Decision Granting Debtors' Emergency Motion to Enforce the Sale Order [Doc. No. 3188]* (the "Memorandum Decision"). The Memorandum Decision granted the Enforcement Motion and further provided that the Court will enter an order certifying the matter for direct appeal to the Ninth Circuit. *See* Mem. Dec. at 24. The Court requested that the Debtors submit an order on the Enforcement Motion consistent with the Memorandum Decision not later than October 30, 2019. *See id.* On November 14, 2019, after holding an emergency hearing on the proposed form of order, the Court entered the order granting the Enforcement Motion [Docket No. 3611] (the "Enforcement Order").

**D.    Continuance of Hearing on Disclosure Statement Motion**

10. The Debtors have filed six motions [Docket No. 3103, 3238, 3384, 3502, 3589, 3621] to continue the hearing on the Disclosure Statement Motion, which were granted by the Court [Docket No. 3120, 3260, 3389, 3506, 3594, 3633]. The order on the Debtors' sixth continuance motion set the Debtors' reply deadline as November 21, 2019 (the "Reply Deadline"), and scheduled a continued hearing on the Motion for November 26, 2019, at 10:00 a.m. (Pacific Time) (the "Hearing").

US_Active\113668355\V-4

**E.  Facts Relevant to the Motion**

11. On October 10, 2019, SGM filed the *Statement of Strategic Global Management, Inc. in Support of "Debtors' Emergency Motion for the Entry of an Order: (I) Enforcing the Order Authorizing the Sale to Strategic Global Management, Inc.' (II) Finding that the Sale is Free and Clear of Conditions Materially Different Than Those Approved by the Court . . ."* [Docket No. 3356] (the "SGM Statement"). In the SGM Statement, SGM indicated that "it will not close the Sale unless the Debtors timely obtain a Free and Clear order from the Court." SGM Statement at 4. The SGM APA further provides that such order must be final and non-appealable, that is, an order "which has been affirmed or the appeal of which has been dismissed by any appellate court and for which the relevant appeal period has expired (other than any right of appeal to the U.S. Supreme Court)." *See* SGM APA § 8.6. The Court entered the Enforcement Order on November 14, 2019. The two parties that objected to the Enforcement Motion have agreed not to appeal the Enforcement Order.

12. On the morning of November 15, 2019, the CEO of SGM informed the CEO of the Debtors of SGM's intent to send the Debtors formal correspondence material to the SGM Sale. *See* Adcock Declaration, ¶ 4. As of the filing of this Motion, November 19, 2019, the Debtors have not received any such correspondence, but have been informed that it is forthcoming. *See id.* After the entry of the order by the Court on November 18, 2019, SGM orally communicated new information to the Debtors' representatives that undermines the Debtors' confidence in a prompt closing of the sale. *See id.*

## IV.

## ARGUMENT

LBR 9013-1(m)(1) governs motions for continuance and sets forth various general requirements. The Motion satisfies the requirements of the LBRs because it is filed more than three days prior to the Hearing, sets forth the reasons for the proposed continuance in detail, and is supported by the Adcock Declaration. *See* LBR 9013-1(m)(1).

The Debtors require a continuance of the Hearing on the Disclosure Statement Motion for the reasons discussed above. A continuance of the Hearing will serve the best interests of the

estates and creditors because it will ensure that the Debtors avoid the expense of unnecessary amendments to their Plan and Disclosure Statement. In light of the benefit to the Debtors' Cases, the Debtors respectfully request that the Court continue the Hearing on the Disclosure Statement Motion from November 20, 2019, at 10:00 a.m., to a date to be set by the Court at the Status Conference (the "Continued Hearing Date"). In accordance with the LBR 9013-1(m)(4), the Continued Hearing Date will automatically extend the reply deadline unless otherwise ordered by the Court at the Status Conference.

## V.

## CONCLUSION

In light of the foregoing, the Debtors respectfully request that this Court enter an Order (i) granting this Motion, (ii) continuing the hearing on the Disclosure Statement Motion to at date to be set by the Court at the Status Conference, (iii) rescheduling the deadline to file replies in support of the Disclosure Statement Motion to a date set by the Court at the Status Conference; (iv) preserving the November 26, 2019, 10:00 a.m. as a Status Conference on this matter, and (v) granting such other relief as the Court deems just and proper under the circumstances.

Dated: November 19, 2019

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON
NICHOLAS A. KOFFROTH

By    */s/ Tania M. Moyron*
Tania M. Moyron
Attorneys for Verity Health Systems of California, Inc., *et al.*

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, submit this Declaration in support of the *Motion to (A) Continue Hearing on Motion of the Debtors for an Order Approving: (I) Proposed Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Notice and Objection Procedures for Confirmation of Debtors' Plan, and (IV) Granting Related Relief; (B) Continue the Reply Deadline with Respect to Disclosure Statement Objections; and (C) Use the November 26, 2019, 10:00 a.m. Hearing Date for a Status Conference on This Matter* (the "Motion"),[1] and hereby state as follows:

1. I am, and have been since January 2018, the Chief Executive Officer of Verity Health System of California, Inc. ("VHS"). Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2. I have extensive senior-level experience in the nonprofit healthcare arena, especially in the areas of healthcare delivery, hospital acute care services, health plan management, budgeting, disease management, and medical devices. I have meaningful experience in both the technology and healthcare industries in the areas of product development, business development, mergers and acquisitions, marketing, financing, strategic and tactical planning, human resources, and engineering.

3. I have personal knowledge of the facts stated in this declaration, except as to those stated on information and believe, and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

4. On the morning of November 15, 2019, the CEO of SGM informed me of SGM's intent to send the Debtors formal correspondence material to the SGM Sale. As of the filing of this Motion, November 19, 2019, the Debtors have not received any such correspondence, but have been informed that it is forthcoming. After the entry of the order by the Court on November 18, 2019, SGM orally communicated new information to the Debtors' representatives that undermines the Debtors' confidence in a prompt closing of the sale.

---

[1] Capitalized terms not otherwise defined in this Declaration have the definitions set forth in the Motion.

5. Given the foregoing, the Debtors anticipate that the Proposed Relief is necessary. Without a continuance, the outcome also could result in further amendments to the Disclosure Statement and Plan if the Debtors are required to file papers by the current November 21, 2019 deadline. Given their limited resources, the Debtors seek to avoid the unnecessary expenses associated with multiple amendments to their Disclosure Statement and Plan. Accordingly, the Debtors respectfully request the Proposed Relief.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November, 2019, in Los Angeles, California.

_____
Richard G. Adcock