Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

Debtors and Debtors In Possession.

☒ Affects All Debtors
☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly administered with:
Case No. 2:18-bk-20162-ER;
Case No. 2:18-bk-20163-ER;
Case No. 2:18-bk-20164-ER;
Case No. 2:18-bk-20165-ER;
Case No. 2:18-bk-20167-ER;
Case No. 2:18-bk-20168-ER;
Case No. 2:18-bk-20169-ER;
Case No. 2:18-bk-20171-ER;
Case No. 2:18-bk-20172-ER;
Case No. 2:18-bk-20173-ER;
Case No. 2:18-bk-20175-ER;
Case No. 2:18-bk-20176-ER;
Case No. 2:18-bk-20178-ER;
Case No. 2:18-bk-20179-ER;
Case No. 2:18-bk-20180-ER;
Case No. 2:18-bk-20181-ER;

Chapter 11 Cases

Hon. Ernest M. Robles

**DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE AMONG VERITY HEALTH SYSTEM OF CALIFORNIA, INC., ST. FRANCIS MEDICAL CENTER, ST. VINCENT MEDICAL CENTER AND LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY D/B/A L.A. CARE HEALTH PLAN**

HEARING:
Date:  December 18, 2019
Time:  10:00 a.m.
Place:  Courtroom 1568

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that, at 10:00 a.m. (prevailing Pacific Time), on December 18, 2019, before the Honorable Ernest M. Robles, in Courtroom 1568 of the United States Bankruptcy Court for the Central District of California, Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012, Debtors Verity Health System of California, Inc. ("VHS"), St. Francis Medical Center ("SFMC") and St. Vincent Medical Center ("SVMC" and together with SFMC, the "Debtor Hospitals"), will request approval of a settlement agreement (the "Settlement Agreement") between them, on the one hand, and Local Initiative Health Authority for Los Angeles County d/b/a L.A. Care Health Plan ("LA Care", and together with VHS and the Debtor Hospitals, the "Parties").

The Settlement Agreement resolves disputes between VHS and the Debtor Hospitals, on the one hand, and LA Care, on the other hand, arising from no fewer than 3,000 disputed claims for reimbursement submitted by the Debtor Hospitals to LA Care for dates of medical services rendered by the Debtor Hospitals to LA Care's members between October 1, 2016 and July 18, 2019.

The principal terms of the Settlement Agreement are set forth in the accompanying Memorandum of Points and Authorities (the "Memorandum") and in full detail in the *Settlement Agreement and General Release* (the "Settlement Agreement") attached as **Exhibit "1"** to the Declaration Of Richard G. Adcock. The Debtors submit that the Settlement Agreement is in the best interests of the estate and should be approved.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion and Motion, the Memorandum, the attached Declaration of Richard G. Adcock, supporting statements, arguments and representations of a counsel who will appear at the hearing on the Motion, the record in this case, and any other evidence properly brought before the Court in all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the Motion must file and serve a response ("Response") on the moving party and the United States Trustee no later than 14 days before the date designated for the hearing. A Response must be a complete written statement of all reasons in opposition thereto or in support, and accompanied by declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

DOCS_LA:325713.2 89566/002

1    **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013(h), the failure to file

2    and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief

3    requested herein.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: November 21, 2019            */s/ Steven J. Kahn*
Steven J. Kahn
Co-Counsel to Chapter 11 Debtors and
Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Debtors VHS, SVMC and SFMC have entered into a Settlement Agreement with LA Care. The compromise fully resolves disputes arising from no fewer than 3,0000 claims for reimbursement submitted by the Debtor Hospitals to LA Care for dates of medical services rendered to LA Care's members between October 1, 2016 and July 18, 2019,  subject to certain exceptions (the "Settled Claims").  The compromise also preserves each party's rights as to claims for reimbursement submitted for medical services rendered by the Debtor Hospitals to LA Care's members on and after July 19, 2019.  The Settlement Agreement further reduces the amounts of and definitively classifies proofs of claim filed by LA Care against the Debtor Hospitals as general unsecured claims without further rights to setoff or recoupment.  VHS and the Debtor Hospitals request that the Court approve this agreement.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for this Motion is Bankruptcy Rule 9019.

## III.

## BACKGROUND

A.    **General Background**

On August 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11.  Since the commencement of their cases, the Debtors have been operating their business as debtors in possession pursuant to §§ 1107 and 1108.

Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that operate or operated six acute care hospitals, O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(collectively, the "Hospitals") and other facilities in the state of California. First-Day Decl., at 4, ¶ 11. Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license. *Id.*

On the petition date, VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operated as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. First-Day Decl., at 4, ¶ 12.

Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986 (the "IRC"), except for Verity Holdings, LLC, DePaul Ventures, LLC, and DePaul Ventures – San Jose Dialysis, LLC. First-Day Decl., at 6, ¶ 21.

On September 17, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases. [Docket No. 197.]

**B.    Background Relevant to the Motion and Disputes with LA Care**

SFMC and LA Care are parties to a certain Hospital Services Agreement dated as of March 31, 2003 (as amended and supplemented from time to time, the "SFMC Service Agreement"). SVMC and LA Care are parties to that certain Hospital Per Diem Services Agreement dated as of July 1, 1988 (as amended and supplemented from time to time, the "SVMC Service Agreement" and together with the SFMC Service Agreement, the "Service Agreements"). The Debtor Hospitals have been and continue to provide health services to members of LA Care's health plans in accordance with the terms and conditions set forth in the respective Service Agreements.

Certain disputes arose between the Debtor Hospitals and LA Care regarding various claims submitted by the Debtor Hospitals to LA Care for reimbursement under the Service Agreements.

On or about January 3, 2019, the Debtor Hospitals filed an adversary proceeding in the Bankruptcy Court assigned Case No. 2:19-ap-01002-ER (the "Adversary Proceeding") relating to disputes with LA Care as to various identified claims arising from health services rendered by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Debtor Hospitals to LA Care members for the period from October 1, 2016, through and including December 3, 2018 (the "Initial Claims").[1]

On or about April 15, 2019, the Bankruptcy Court entered its *Order Granting Defendant's Motion for Entry of Order Dismissing Complaint or, in the Alternative, Staying Trial of Adversary Proceeding* [Adv. Docket No. 43] ("Order") staying the Adversary Proceeding pending completion of arbitration of the Initial Claims.

Pursuant to the Order, Verity, on behalf of the Debtor Hospitals, instituted an arbitration proceeding against LA Care with JAMS, assigned Reference No. 1220062480, for resolution of the Initial Claims (the "Arbitration").

On April 1, 2019, LA Care filed a proof of claim against St. Vincent in the sum of $2,371,127.57, assigned Claim No. 446-1 (the "LA Care/SVMC POC"), and a proof of claim against St. Francis in the sum of $7,704,774.88, assigned Claim No. 447-1 (the "LA Care/SFMC POC", and collectively with the LA Care/SVMC, the "LA Care Proofs of Claim") asserting the right to recover pre-petition overpayments allegedly made by LA Care to each of the Debtor Hospitals, and further asserting a right to recoup or otherwise setoff the amount of LA Care Proofs of Claim against any recovery by the respective Debtor Hospitals in the Adversary Proceeding (or the Arbitration).

Additional disputes between the Debtor Hospitals and LA Care arose with respect to claims for reimbursement for hospital services rendered by the Debtor Hospitals with dates of service from and after December 4, 2018 (the "Additional Claims" and together with the Initial Claims, the "Claims").

Beginning on March 5, 2019 and continuing, with few exceptions, on a weekly basis thereafter, the operational teams of the Debtor Hospitals and LA Care, along with their respective counsel, participated in working conference calls to address and resolve as many Additional Claims as possible.  Whereas at times the Additional Claims well exceeded $10 million, as a result of the

---

[1] Although the Initial Claims were stated in the Adversary Proceeding to total $25,375,024.95, by reason of payments made by LA Care to the Debtor Hospitals after the filing of the Adversary Proceeding, the total amount of the Initial Claims has been reduced to no more than $15,246,073.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

joint efforts of the Debtor Hospitals and LA Care, the total of the Additional Claims for dates of service ending on or before July 18, 2019, was reduced to approximately $1,544,000.

In the ordinary course of business, additional claims for reimbursement have been and continue to be submitted by the Debtor Hospitals to LA Care for services rendered to LA Care's members for dates of service on and after July 19, 2019, some of which remain in the process of review and adjudication under the terms of the Service Agreements (the "Open Clams").

**C.      Summary of Settlement Agreement[2]**

Pursuant to the terms of the Settlement Agreement, LA Care shall pay the Debtor Hospitals $8,000,000 in full and complete satisfaction of those Claims for reimbursement by LA Care under the terms of the Service Agreements for health services rendered by either of the Debtor Hospitals to any member of LA Care's health plans for dates of service on or before July 18, 2019 (the "Settled Claims"). The Settled Claims do not include (a) any claims for health services rendered by either of the Debtor Hospitals to any member of an LA Care health plan for health services with a date of service on or after July 19, 2019 (the "Open Claims"), which Open Claims shall be processed in the ordinary course of business according to the terms and conditions of the Service Agreements, and (b) any claims of VHS or the Debtor Hospitals arising under the Hospital Quality Assurance Fee program (the "HQAF Claims").

The Settlement Agreement also temporarily suspends, through the date of the closing of the sale of SFMC to Strategic Global Management, Inc., a dispute between SFMC and LA Care as to the interpretation of the stop-loss provisions of the SFMC Service Agreement, whereby SFMC will accept stop-loss reimbursements in accordance with LA Care's interpretation of those provisions during that period.

The LA Care/SVMC POC assigned claim number 446-1 shall be reduced from $2,371,127.57 to $991,481.62, and the LA Care/SFMC POC assigned claim number 447-1 in the sum of $7,704,774.88 shall be reduced to $4,143,838.84 and such proofs of claim shall be allowed as

---

[2] To the extent of any discrepancy between the terms of the Settlement Agreement and this summary, the terms of the Settlement Agreement shall prevail.

general unsecured claims in the chapter 11 cases in such reduced amounts without further amendment or revision, and without further rights to setoff or recoupment.

Except for the Open Claims, the HQAF Claims, the claims represented by the LA Care Proofs of Claim, and the parties' respective obligations under the terms of the Settlement Agreement, VHS, the Debtor Hospitals and LA Care otherwise fully and completely release each other from any and all claims.

## IV.

## ARGUMENT

Bankruptcy Rule 9019(a) sets forth the authority granted a trustee or debtor in possession to compromise a controversy or agree to a settlement.  That Rule provides, in pertinent part, that "[on motion by the [debtor in possession] and after hearing on notice to creditors…, the court may approve a compromise or settlement."  Bankr. R. 9019(a).  "The bankruptcy court has great latitude in approving compromise agreements" under its discretion.  *See e.g., In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988).

"The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims."  *Martin v. Kane (In re A & C Properties,* 784 F.2d at 1381.

The Ninth Circuit has identified the following factors (the "*A & C* Factors") for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

1.      the probability of success in the litigation;

2.      the difficulties, if any, to be encountered in the matter of collection;

3.      the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

4.      the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties, supra,* 784 F.2d at 1381.

In its consideration, a court should not substitute its own judgment for the judgment of the debtor in possession.  *Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D. N. Y. 1984).  A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact that may be presented, but rather should canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant & Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), accord, *Newman v. Stein,* 464 F.2d 689, 693 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Const., Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair,* 538 F.2d 849 (9th Cir. 1976). It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.,* 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). In addition to the *A & C* Factors, it is also well established that the law, in general, favors compromise. *In re Blair,* 538 F.2d at 851.

Analysis of the Settlement against the *A & C* Factors militates toward approval of the Settlement:

1.    <u>Probability of success</u>:  Although VHS and the Debtor Hospitals believe that they will wholly or substantially prevail in the prosecution of the Settled Claims, LA Care has asserted a number of defenses, including, without limitation, that pursuit of a substantial number of the claims is time barred either under the terms of the Service Agreements and/or the provisions of the Government Claims Act, Cal. Gov't Code §§ 810 et seq. (the applicability of which the Debtors dispute); that the Debtor Hospitals failed to timely assert their administrative appeal rights under the terms of the Service Agreements; and/or that the Debtor Hospitals' calculation of reimbursable amounts is inaccurate and/or otherwise based on erroneous contract term interpretations. Success on the merits in excess of the amount to be paid under the terms of the Settlement Agreement cannot be guaranteed.

2.    <u>The difficulties, if any, to be encountered in the matter of collection</u>:  VHS and the Debtor Hospitals do not believe this factor to be an issue in that LA Care should possess sufficient assets to fund a total or substantially total resolution in favor of the Debtor Hospitals.

3.    <u>The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it</u>:  The cost and expenses in litigating over 3,000 individual reimbursement claims subject to one or more of the aforesaid defenses are substantial and such a pursuit would

DOCS_LA:325713.2 89566/002

further be extremely time consuming, requiring both percipient and expert witness testimony to address various of the issues that might arise as to each of the claims.

4.     <u>The paramount interest of the creditors and proper deference to their reasonable views in the premises</u>:  The settlement brings finality to disputes arising as to over 3,000 outstanding or otherwise disputed reimbursement claims for services between October 1, 2016 and July 18, 2019, and represents a substantial recovery to the Debtors' estates for the benefit of its creditors, and further provides for the cessation of ongoing litigation expense that could well substantially deplete any greater monetary recovery.

The Debtors submit that the above factors demonstrate that the proposed settlement falls well within the range of reasonableness and should therefore be approved.

**V.**

**<u>CONCLUSION</u>**

Based on the foregoing, the Debtors request the (i) entry of an order granting Motion, and (ii) granting such other and further relief as is just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: November 21, 2019          */s/ Steven J. Kahn*                          
Steven J. Kahn
Co-Counsel to Chapter 11 Debtors and
Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:325713.2 89566/002

### DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify, of my own personal knowledge, as follows:

1.      I am the Chief Executive Officer of Verity Health System of California, Inc. ("VHS").  I became the Debtors' Chief Executive Officer effective January 2018.  Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2.      Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Debtor's operations and the healthcare industry.  If called upon to testify, I could and would competently testify to the facts set forth in this Declaration.

3.      This Declaration is submitted in support of the *Debtors' Notice of Motion and Motion to Approve Compromise Among Verity Health System of California, Inc., St. Francis Medical Center, St. Vincent Medical Center and Local Initiative Health Authority for Los Angeles County d/b/a L.A. Care Health Plan* (the "Motion") and for all other purposes permitted by law.

4.      SFMC and LA Care are parties to a certain Hospital Services Agreement dated as of March 31, 2003 (as amended and supplemented from time to time, the "SFMC Service Agreement").  SVMC and LA Care are parties to that certain Hospital Per Diem Services Agreement dated as of July 1, 1988 (as amended and supplemented from time to time, the "SVMC Service Agreement" and together with the SFMC Service Agreement, the "Service Agreements").  The Debtor Hospitals have been and continue to provide health services to members of LA Care health plans in accordance with the terms and conditions set forth in the respective Service Agreements.

5.      Certain disputes arose between the Debtor Hospitals and LA Care regarding various claims submitted by the Debtor Hospitals to LA Care for reimbursement under the Service Agreements.

6.      On or about January 3, 2019, the Debtor Hospitals filed an adversary proceeding in the Bankruptcy Court assigned Case No. 2:19-ap-01002-ER (the "Adversary Proceeding") relating to disputes with LA Care as to various identified claims arising from health services rendered by the Debtor Hospitals to LA Care members for the period from October 1, 2016, through and including

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

December 3, 2018 (the "Initial Claims").  Although the Initial Claims were stated in the Adversary

Proceeding to total $25,375,024.95, by reason of payments made by LA Care to the Debtor

Hospitals after the filing of the Adversary Proceeding, the total amount of the Initial Claims was

reduced to no more than $15,246,073.

7.    On or about April 15, 2019, the Bankruptcy Court entered its *Order Granting*

*Defendant's Motion for Entry of Order Dismissing Complaint or, in the Alternative, Staying Trial of*

*Adversary Proceeding* [Adv. Docket No. 43] ("Order") staying the Adversary Proceeding pending

completion of arbitration of the Initial Claims.

8.    Pursuant to the Order, Verity, on behalf of the Debtor Hospitals, instituted an

arbitration proceeding against LA Care with JAMS, assigned Reference No. 1220062480, for

resolution of the Initial Claims (the "Arbitration").

9.    On April 1, 2019, LA Care filed a proof of claim against St. Vincent in the sum of

$2,371,127.57, assigned Claim No. 446-1 (the "LA Care/SVMC POC"), and a proof of claim against

St. Francis in the sum of $7,704,774.88, assigned Claim No. 447-1 (the "LA Care/SFMC POC", and

collectively with the LA Care/SVMC, the "LA Care Proofs of Claim") asserting the right to recover

pre-petition overpayments allegedly made by LA Care to each of the Debtor Hospitals, and further

asserting a right to recoup or otherwise setoff the LA Care Proofs of Claim amounts against any

recovery by the respective Debtor Hospitals in the Adversary Proceeding (or the Arbitration).

10.    Additional disputes between the Debtor Hospitals and LA Care arose with respect to

claims for reimbursement for hospital services rendered by the Debtor Hospitals with dates of

service from and after December 4, 2018 (the "Additional Claims" and together with the Initial

Claims, the "Claims").

11.    Beginning on March 5, 2019 and continuing, with few exceptions, on a weekly basis

thereafter, the operational teams of the Debtor Hospitals and LA Care, along with their respective

counsel, participated in working conference calls to address and resolve as many Additional Claims

as possible.  Whereas at times the Additional Claims well exceeded $10 million, as a result of the

joint efforts of the Debtor Hospitals and LA Care, the total of the Additional Claims for dates of

service ending on or before July 18, 2019 was reduced to approximately $1,544,000.

12

DOCS_LA:325713.2 89566/002

12.    In the ordinary course of business, additional claims for reimbursement have been and continue to be submitted by the Debtor Hospitals to LA Care for services rendered to LA Care's members for dates of service on and after July 19, 2019, some of which remain in the process of review and adjudication under the terms of the Service Agreements (the "Open Clams").

13.    Following the sharing of claims related information between the Debtor Hospitals and LA Care and good faith, arms-length negotiations, the parties entered into a Settlement Agreement and General Release (the "Settlement Agreement"), a true and correct copy of which is attached hereto as **Exhibit "1."**

Pursuant to the terms of the Settlement Agreement, LA Care shall pay the Debtor Hospitals $8,000,000 in full and complete satisfaction of those Claims for reimbursement by LA Care under the terms of the Service Agreements for health services rendered by either of the Debtor Hospitals to any member of LA Care's health plans for dates of service on or before July 18, 2019 (the "Settled Claims").  The Settled Claims do not include (a) any claims for health services rendered by either of the Debtor Hospitals to any member of an LA Care health plan for services for dates of service on or after July 19, 2019 (the "Open Claims"), which Open Claims shall be processed in the ordinary course of business according to the terms and conditions of the Service Agreements, and (b) any claims of VHS or the Debtor Hospitals arising under the Hospital Quality Assurance Fee program (the "HQAF Claims").

14.    The Settlement Agreement also temporarily suspends, through the date of the closing of the sale of SFMC to Strategic Global Management, Inc., a dispute between SFMC and LA Care as to the interpretation of the stop-loss provisions of the SFMC Service Agreement, whereby SFMC will accept stop-loss reimbursements in accordance with LA Care's interpretation of those provisions during that period.

15.    The LA Care/SVMC POC assigned claim number 446-1 shall be reduced from $2,371,127.57 to $991,481.62, and the LA Care/SFMC POC assigned claim number 447-1 in the sum of $7,704,774.88 shall be reduced to $4,143,838.84 and such proofs of claim shall be allowed as general unsecured claims in the chapter 11 cases in such reduced amounts without further amendment or revision, and without further rights to setoff or recoupment.

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16. Except for the Open Claims, the HQAF Claims, the claims represented by the LA Care Proofs of Claim, and the parties' respective obligations under the terms of the Settlement Agreement, VHS, the Debtor Hospitals and LA Care otherwise fully and completely release each other from any and all claims.

17. I believe that the Settlement Agreement is fair and equitable, and in the best interest of the estates and its creditors.

18. Although VHS and the Debtor Hospitals believe that they will wholly or substantially prevail in the prosecution of the Settled Claims, LA Care has asserted a number of defenses, including, without limitation, that pursuit of a substantial number of the claims is time barred either under the terms of the Service Agreements and/or the provisions of the Government Claims Act, Cal. Gov't Code §§ 810 et seq. (the applicability of which the Debtors dispute); that the Debtor Hospitals failed to timely assert their administrative appeal rights under the terms of the Service Agreements; and/or that the Debtor Hospitals' calculation of reimbursable amounts is inaccurate and/or otherwise based on erroneous contract term interpretations. Success on the merits in excess of the amount to be paid under the terms of the Settlement Agreement cannot be guaranteed.

19. The cost and expenses in litigating over 3,000 individual reimbursement claims subject to one or more of the aforesaid defenses are substantial and such a pursuit would further be extremely time consuming, requiring both percipient and expert witness testimony to address various of the issues that might arise as to each of the claims.

20. Finally, the settlement brings finality to disputes arising as to over 3,000 reimbursement claims for services between October 1, 2016 and July 18, 2019 and represents a substantial recovery to the Debtors' estates for the benefit of its creditors, and further provides for the cessation of ongoing litigation expense that could well substantially deplete any greater monetary recovery.

21. The debtors therefore request that the Court grant the Motion.

DOCS_LA:325713.2 89566/002

1        I declare under penalty of perjury pursuant to the laws of the United States that the foregoing

2    is true and correct.

3        Executed this ___20th___ day of November, 2019, at Los Angeles, California.

4

5                                                    RICHARD G. ADCOCK

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into as of the Effective Date (defined below) by and between Verity Health System of California, Inc., ("Verity") and its affiliated hospitals, St. Francis Medical Center ("St. Francis") and St. Vincent Medical Center (together, the "Providers"), on the one hand, and Local Initiative Health Authority for Los Angeles County, a local public entity operating and doing business as L.A. Care Health Plan ("Plan"), on the other hand, with reference to the following facts and recitals. Providers and Plan are collectively referred to herein as the "Parties" or individually as a "Party".

### *RECITALS*

Each of the Providers is a debtor in possession in a Chapter 11 case ("Chapter 11 Case") that was commenced on August 31, 2018 ("Petition Date"). Each Chapter 11 Case is presently pending in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") and is being jointly administered with other Chapter 11 cases of affiliates of the Providers under Case No. 2:18-bk-20151-ER.

St. Francis and Plan are parties to that certain Hospital Services Agreement dated as of March 31, 2003 (as amended and supplemented from time to time, the "SFMC Service Agreement"). St. Vincent and Plan are parties to that certain Hospital Per Diem Services Agreement dated as of July 1, 1988 (as amended and supplemented from time to time, the "SVMC Service Agreement and, together with the SFMC Services Agreement, the "Service Agreements"). Unless otherwise defined herein, capitalized terms used in this Amendment shall have the meanings set forth in the Service Agreements.

Providers have been and continue to provide Health Services to Members of the Plan in accordance with the terms and conditions set forth in the Service Agreements. Certain disputes have arisen between Providers and Plan regarding various claims submitted by Providers to Plan for reimbursement under the Service Agreements.

On or about January 3, 2019, Providers filed an adversary proceeding in the Bankruptcy Court that was assigned Case No. 2:19-ap-01002-ER (the "Adversary Proceeding") relating to

disputes with Plan for claims arising from Health Services rendered by Providers for the period from October 1, 2016 through and up to and including December 3, 2018 (the "Initial Claims").

On or about April 15, 2019, the Bankruptcy Court entered its *Order Granting Defendant's Motion for Entry of Order Dismissing Complaint or, in the Alternative, Staying Trial of Adversary Proceeding* [Adv. Docket No. 43] ("Order") staying the Adversary Proceeding pending completion of arbitration of the Initial Claims;

Pursuant to the Order, Providers instituted an arbitration proceeding against Plan with JAMS, assigned Reference No. 1220062480, for resolution of the Initial Claims (the "Arbitration").

On April 1, 2019, Plan filed a proof of claim against St. Vincent in the sum of $2,371,127.57, assigned Claim No. 446-1 (the "Plan/SVMC POC"), and a proof of claim against St. Francis in the sum of $7,704,774.88, assigned Claim No. 447-1 (the "Plan/SFMC POC," and collectively the "Plan Proofs of Claim") asserting the right to recover pre-petition overpayments allegedly made by Plan to each of those Providers, and further asserting a right to recoup or otherwise setoff the amount of the Plan Proofs of Claim against any recovery by the Providers in the Adversary Proceeding (or the Arbitration).

Additional disputes between Providers and Plan have arisen with respect to claims for reimbursement for Hospital Services rendered by Providers with dates of service during the period between December 4, 2018 and July 18, 2019 (together with the Initial Claims, the "Claims").

The Parties desire to resolve the Adversary Proceeding and Arbitration, and settle all of the Claims pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises, conditions and covenants set forth below, and each Party intending to be legally bound, the Parties agree as follows:

2

### *AGREEMENT*

1.      Promptly following the last date that all of the Parties have signed this Agreement (the "Execution Date"), Providers will file a motion with the Bankruptcy Court to approve the compromise set forth in this Agreement pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  Each of the Parties will use its best efforts to support the entry by the Bankruptcy Court of an order authorizing their respective performance under this Agreement ("Approval Order").  This Agreement shall become effective on the date the Approval Order becomes final and non-appealable (the "Effective Date").  In the event that the Effective Date does not occur, this Agreement shall be deemed null and void and the Parties shall be relieved and released from any obligation hereunder.

2.      The Claims settled by this Agreement (the "Settled Claims") are all Claims for reimbursement by Plan under the Service Agreements for Health Services rendered by either Provider to any Member for dates of service up to and including July 18, 2019, excluding the Open Claims and HQAF Claims described and defined below in paragraphs 3 and 4.

3.      For the avoidance of doubt, the Settled Claims do not include any claims for Health Services rendered by a Provider to any Member on any date of service on or after July 19, 2019 (the "Open Claims").  The Parties acknowledge and agree that the Open Claims shall be processed in the ordinary course of business according to the terms and conditions of the Service Agreements, and as provided herein.

4.      The Settled Claims also do not include any claims of Providers or payments to Providers arising under the Hospital Quality Assurance Fee program, established by article 5.230 of chapter 6 of part 3 of division 9 of the Welfare and Institutions Code, including, without limitation, Medi-Cal managed care supplemental payments pursuant to Welfare and Institutions Code section 14169.57 or hospital directed payments authorized pursuant to 42 C.F.R. section 438.6(c) ("HQAF Claims").

5.      The Parties acknowledge that they have differing interpretations of the services and items to be included in the calculation of the stop-loss threshold and reimbursement amounts

as provided in Section 1 of Exhibit D to the Amendment to the SFMC Service Agreement, effective as of March 1, 2011. Plan asserts that both the inpatient "case rates" for Angioplasty & Catheterization, Cardiac Surgery, and Trauma (depicted as a set rate for a certain number of days, then "LOC"), and the listed "Excluded Items" consisting of Dialysis, Implantables, and Drugs Greater than $1,000 per dose, all of which are separately reimbursed, should be excluded from the calculation of the stop-loss threshold and reimbursement amount; and SFMC asserts that such services and items should be included in the calculation of the stop-loss threshold and reimbursement amount. For the convenience of the Parties and to advance this settlement, SFMC will not contest Plan's interpretation of the stop-loss provision as described herein and will accept as payment in full claims paid in accordance with Plan's interpretation, but solely as to those Open Claims arising from services rendered through the closing of a sale of SFMC to Strategic Global Management, Inc.

6.    Within four (4) business days of the Execution Date, Plan shall deposit the sum of eight million dollars (US$8,000,000) (the "Settlement Payment") with Providers' counsel (Pachulski Stang Ziehl and Jones LLP, or the "Firm"), to be held in the Firm's client trust account. In the event that the Effective Date does not occur, the Settlement Payment will be returned by the Firm to the Plan within five (5) business days following the date of the denial by the Bankruptcy Court of the motion to approve this Agreement or the date a final, unappealable order is entered reversing an Approval Order by the Bankruptcy Court.

7.    The Plan/SVMC POC assigned claim number 4461-1 shall be reduced from $2,371,127.57 to $991,481.62, and the Plan/SFMC POC assigned claim number 447-1 in the sum of $7,704,774.88 shall be reduced to $4,143,838.84 and such proofs of claim shall be allowed as general unsecured claims in the chapter 11 cases in such reduced amounts without further amendment or revision, and without further rights to setoff or recoupment.

8.    With the exception of the Open Claims, the HQAF Claims, the claims asserted in the Plan Proofs of Claim as amended in paragraph 7 above, and those obligations created by or arising out of this Agreement, Providers and Plan each release and forever discharge one another,

4

and each of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliated and related entities, officers, board members, directors, members, employees, shareholders, agents, partner, attorneys, volunteers, insurance carriers and all persons acting by or through them or on their behalf or in concert with them, from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, expenses, interest, penalties, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether no known or unknown, suspected or unsuspected, and whether or not concealed or hidden, that arise from or relate to any and all Settled Claims. Except as limited herein, the Parties intend the foregoing release to extend to all known and unknown, suspected or unsuspected actions, claims, damages, demands, losses, obligations, injuries, liabilities, costs, expenses, interest, penalties, attorneys' fees, and/or rights of every kind and nature that either Providers or Plan may have against the other that arise from or relate to the Settled Claims. The Parties expressly waive the following provision of California Civil Code section 1542:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

9.      The Parties further acknowledge and agree that the release set forth in paragraph 8 of this Agreement is intended to fully and comprehensively resolve any and all rights, debts, liabilities or other obligations related to the Settled Claims, including any rights that Plan may have to assert, recoup, offset or otherwise recover any alleged overpayments made by Plan to Providers with respect to any of the Settled Claims; provided, however, that the Plan shall be entitled to recover such dividends or distributions as may later be made or awarded on account of the Plan Proofs of Claim that are allowed pursuant to paragraph 7 above. The Parties agree that the Settled Claims shall never be raised again, including but not limited to, whether by administrative process, such as re-submission, or request for re-adjudication or appeal, or by suit, or by arbitration demand, or by submission to any regulatory agency or payor.

10.      Within fourteen (14) calendar days of the Effective Date, Providers will notify JAMS that the Arbitration is settled and should be dismissed with prejudice and closed.

11.      Within fourteen (14) calendar days of the Effective Date, the Parties will submit a stipulation to the Bankruptcy Court for dismissal of the Adversary Proceeding with prejudice.

12.      Providers and Plan shall bear their own costs and attorney's fees arising from or related to the Settled Claims.  However, in the event of any litigation between Providers and Plan to enforce the terms of this Agreement, or otherwise relating to or arising out of this Agreement, the prevailing Party in such action shall be entitled to recover its reasonable attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment.

13.      Both Parties have sought and obtained the advice of legal counsel prior to signing this Agreement, and have not relied on any representations made by the other Party or the other Party's counsel before executing this Agreement.

14.      Subject to entry of the Approval Order, Providers and Plan each warrant and represent that they have full power and authority to enter into this Agreement and that they have not assigned or transferred to any person not a party to this Agreement any released matter or any part or portion thereof and that no other releases or settlements are necessary from any other person or entity to release and discharge each other as specified above.  Each Party further represents and warrants that the individual executing this Agreement on behalf of each such Party has all necessary authority to sign this Agreement on behalf of and bind that Party.

15.      Each Party represents to the best of its knowledge that this Agreement and all of its terms are lawful and enforceable, and expressly waives the right to assert to the contrary in any judicial proceeding.  Should any portion of the Agreement be deemed unenforceable by a court of law, Providers and Plan each agree that the remainder of the Agreement shall be fully enforced as if the unenforceable provision had not been contained herein.

16.      Neither the execution nor performance of any terms of this Agreement shall constitute or be construed as an admission of any liability or wrongdoing whatsoever by any

6

Party.  Providers and Plan each enter into this Agreement solely for the purposes of avoiding the time consuming and costly prospect of litigation.

17.    The terms of this Agreement are contractual and not mere recitals.  This Agreement is executed without reliance upon any representation of legal liability and the undersigned have carefully read it, consulted with their attorneys concerning its provisions, understand the contents and sign it voluntarily and not as the result of duress, coercion or undue influence on the part of the other Party or its counsel.

18.    This Agreement constitutes and contains the entire Agreement and final understanding concerning prosecution and resolution of the Settled Claims and the other subject matter addressed herein between the Parties.  It is intended by the Parties as a complete and exclusive statement of the terms of this Agreement.  It supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.  Any representation, promise or agreement not specifically included in this Agreement shall not be binding upon or enforceable against any Party.  This is a fully integrated agreement.

19.    This Agreement shall be governed by the laws of the State of California to the extent such laws are not deemed preempted by federal laws, including the Bankruptcy Code.

20.    This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  Photographic, electronic and facsimile copies of such signed counterparts may be used in lieu of originals for any purpose.

21.    Providers and Plan each agree to execute any and all further documents that may be necessary to effectuate the purpose of this Agreement.

22.    This Agreement may be amended or modified only in a writing signed by an authorized representative of each of the Parties.

23.    This Agreement shall be binding upon the lawful successors and assigns of the

Parties.

Date: ___11-19-19___

VERITY HEALTH SYSTEM
OF CALIFORNIA, INC.

By: _____

Name: ___Rich Adcock___

Title: ___CEO, VHS___

Date: ___11-19-19___

ST. FRANCIS MEDICAL CENTER

By: _____

Name: ___Rich Adcock___

Title: ___CEO, VHS___

Date: ___11-19-19___

ST. VINCENT MEDICAL CENTER

By: _____

Name: ___Rich Adcock___

Title: ___CEO, VHS___

*[SIGNATURES CONTINUED ON NEXT PAGE]*

8

DOCS_LA:325628.8 89566/002

Date: 11/19/19 _____

LOCAL INITIATIVE HEALTH AUTHORITY
FOR LOS ANGELES COUNTY, OPERATING
AND DOING BUSINESS AS
L.A. CARE HEALTH PLAN

By: _____

Name: DINO KASDAGLY _____

Title: COO _____

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): ***DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE AMONG VERITY HEALTH SYSTEM OF CALIFORNIA, INC., ST. FRANCIS MEDICAL CENTER, ST. VINCENT MEDICAL CENTER AND LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY D/B/A L.A. CARE HEALTH PLAN*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 21, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 21, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 21, 2019 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:319791.1 89566/002

**Mailing Information for Case 2:18-bk-20151-ER**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com
- Melinda Alonzo    ml7829@att.com
- Robert N Amkraut    ramkraut@foxrothschild.com
- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Simon Aron    saron@wrslawyers.com
- Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- James Cornell Behrens    jbehrens@milbank.com,
  gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;J
  Weber@milbank.com
- Ron Bender    rb@lnbyb.com
- Bruce Bennett    bbennett@jonesday.com
- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com
- Steven M Berman    sberman@slk-law.com
- Stephen F Biegenzahn    efile@sfblaw.com
- Karl E Block    kblock@loeb.com,
  jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Michael D Breslauer    mbreslauer@swsslaw.com,
  wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- Chane Buck    cbuck@jonesday.com
- Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov
- Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- Marcus Colabianchi    mcolabianchi@duanemorris.com
- Kevin Collins    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:319791.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com
- Daniel Denny    ddenny@milbank.com
- Anthony Dutra    adutra@hansonbridgett.com
- Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- David K Eldan    david.eldan@doj.ca.gov, teresa.depaz@doj.ca.gov
- Andy J Epstein    taxcpaesq@gmail.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Christine R Etheridge    christine.etheridge@ikonfin.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Joseph D Frank    jfrank@fgllp.com,
  mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- William B Freeman    bill.freeman@kattenlaw.com,
  nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- Eric J Fromme    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com,
  cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Lawrence B Gill    lgill@nelsonhardiman.com,
  rrange@nelsonhardiman.com;mmarkwell@nelsonhardiman.com
- Paul R. Glassman    pglassman@sycr.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- Richard H Golubow    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- David M. Guess    guessd@gtlaw.com
- Anna Gumport    agumport@sidley.com
- Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov
- James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com
- Michael S Held    mheld@jw.com
- Lawrence J Hilton    lhilton@onellp.com,
  lthomas@onellp.com,info@onellp.com,rgolder@onellp.com,lhyska@onellp.com,nlichtenberger@onellp.com
- Robert M Hirsh    Robert.Hirsh@arentfox.com
- Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com
- Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com
- Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com
- Matthew B Holbrook    mholbrook@sheppardmullin.com, mmanns@sheppardmullin.com
- David I Horowitz    david.horowitz@kirkland.com,
  keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Joan Huh    joan.huh@cdtfa.ca.gov
- Benjamin Ikuta    bikuta@hml.law
- Lawrence A Jacobson    laj@cohenandjacobson.com
- John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com
- Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- Crystal Johnson    M46380@ATT.COM
- Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com
- Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com
- Steven J Kahn    skahn@pszyjw.com
- Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Ori Katz    okatz@sheppardmullin.com,
  cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com;lsegura@sheppardmullin.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Jane Kim    jkim@kellerbenvenutti.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Gary E Klausner    gek@lnbyb.com
- David A Klein    david.klein@kirkland.com
- Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com
- Darryl S Laddin    bkrfilings@agg.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Richard A Lapping    richard@lappinglegal.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com
- David E Lemke    david.lemke@wallerlaw.com,
  chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Samuel R Maizel    samuel.maizel@dentons.com,
  alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.
  howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- Craig G Margulies    Craig@MarguliesFaithlaw.com,
  Victoria@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Dana@marguliesfaithlaw.com
- Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com
- John A Moe    john.moe@dentons.com, derry.kalve@dentons.com
- Susan I Montgomery    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.
  bestcase.com
- Monserrat Morales    Monsi@MarguliesFaithLaw.com,
  Victoria@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Dana@marguliesfaithlaw.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:319791.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- Marianne S Mortimer    mmartin@jmbm.com
- Tania M Moyron    tania.moyron@dentons.com,
  chris.omeara@dentons.com;nick.koffroth@dentons.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- Sheila Gropper Nelson    shedoesbklaw@aol.com
- Mark A Neubauer    mneubauer@carltonfields.com,
  mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- Nancy Newman    nnewman@hansonbridgett.com,
  ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
- Bryan L Ngo    bngo@fortislaw.com,
  BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com
- Abigail V O'Brient    avobrient@mintz.com,
  docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com;GJLeon@mintz.com
- John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com
- Scott H Olson    solson@vedderprice.com, jcano@vedderprice.com,jparker@vedderprice.com;scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Keith C Owens    kowens@venable.com, khoang@venable.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com
- Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com
- Mark D Plevin    mplevin@crowell.com, cromo@crowell.com
- Steven G. Polard    spolard@ch-law.com, calendar-lao@rmkb.com;melissa.tamura@rmkb.com;anthony.arriola@rmkb.com
- David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Lori L Purkey    bareham@purkeyandassociates.com
- William M Rathbone    wrathbone@grsm.com, jmydlandevans@grsm.com;sdurazo@grsm.com
- Jason M Reed    Jason.Reed@Maslon.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- J. Alexandra Rhim    arhim@hrhlaw.com
- Emily P Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Robert A Rich    , candonian@huntonak.com
- Lesley A Riis    lriis@dpmclaw.com
- Debra Riley    driley@allenmatkins.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Jason E Rios     jrios@ffwplaw.com, scisneros@ffwplaw.com
- Julie H Rome-Banks     julie@bindermalter.com
- Mary H Rose     mrose@buchalter.com
- Megan A Rowe     mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- Nathan A Schultz     nschultz@goodwinlaw.com
- Mark A Serlin     ms@swllplaw.com, mor@swllplaw.com
- Seth B Shapiro     seth.shapiro@usdoj.gov
- David B Shemano     dshemano@shemanolaw.com
- Joseph Shickich     jshickich@riddellwilliams.com
- Mark Shinderman     mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Rosa A Shirley     rshirley@nelsonhardiman.com, ksherry@nelsonhardiman.com;lgill@nelsonhardiman.com;rrange@nelsonhardiman.com
- Kyrsten Skogstad     kskogstad@calnurses.org, rcraven@calnurses.org
- Michael St James     ecf@stjames-law.com
- Andrew Still     astill@swlaw.com, kcollins@swlaw.com
- Jason D Strabo     jstrabo@mwe.com, cfuraha@mwe.com
- Sabrina L Streusand     Streusand@slollp.com
- Ralph J Swanson     ralph.swanson@berliner.com, sabina.hall@berliner.com
- Michael A Sweet     msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com
- James Toma     james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov
- Gary F Torrell     gtorrell@health-law.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Cecelia Valentine     cecelia.valentine@nlrb.gov
- Jason Wallach     jwallach@ghplaw.com, g33404@notify.cincompass.com
- Kenneth K Wang     kenneth.wang@doj.ca.gov, Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
- Phillip K Wang     phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- Sharon Z. Weiss     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- Adam G Wentland     awentland@tocounsel.com, lkwon@tocounsel.com
- Latonia Williams     lwilliams@goodwin.com, bankruptcy@goodwin.com
- Michael S Winsten     mike@winsten.com
- Jeffrey C Wisler     jwisler@connollygallagher.com, dperkins@connollygallagher.com
- Neal L Wolf     nwolf@hansonbridgett.com, calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com
- Hatty K Yip     hatty.yip@usdoj.gov
- Andrew J Ziaja     aziaja@leonardcarder.com, sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- Rose Zimmerman     rzimmerman@dalycity.org

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:319791.1 89566/002

**F 9013-3.1.PROOF.SERVICE**