GARY E. KLAUSNER (SBN 69077)
gek@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Strategic Global Management, Inc.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| In re | LEAD CASE NO.: 2:18-bk-20151-ER |
|---|---|
| VERITY HEALTH SYSTEM OF | CHAPTER: 11 |
| CALIFORNIA, INC., *et al*., | JOINTLY ADMINISTERED WITH: |

VERITY HEALTH SYSTEM OF

CALIFORNIA, INC., *et al*.,

        Debtors and Debtors in Possession.
_____

☒ Affects All Debtors
☐ Affects Verity Health System of California,
    Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital
    Foundation
☐ Affects St. Francis Medical Center of
    Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures – San Jose ASC,
    LLC

        Debtors and Debtors in Possession.

LEAD CASE NO.: 2:18-bk-20151-ER

CHAPTER: 11
JOINTLY ADMINISTERED WITH:
CASE NO.: 2:18-bk-20162-ER
CASE NO.: 2:18-bk-20163-ER
CASE NO.: 2:18-bk-20164-ER
CASE NO.: 2:18-bk-20165-ER
CASE NO.: 2:18-bk-20167-ER
CASE NO.: 2:18-bk-20168-ER
CASE NO.: 2:18-bk-20169-ER
CASE NO.: 2:18-bk-20171-ER
CASE NO.: 2:18-bk-20172-ER
CASE NO.: 2:18-bk-20173-ER
CASE NO.: 2:18-bk-20175-ER
CASE NO.: 2:18-bk-20176-ER
CASE NO.: 2:18-bk-20178-ER
CASE NO.: 2:18-bk-20179-ER
CASE NO.: 2:18-bk-20180-ER
CASE NO.: 2:18-bk-20181-ER

**STRATEGIC GLOBAL MANAGEMENT,
INC.'S RESERVATION OF RIGHTS IN
CONNECTION WITH DEBTOR'S
STATUS CONFERENCE REPORT**

**[Dkt. No. 3692]**

1    Strategic Global Management, Inc. ("SGM") submits the following *Reservation of Rights*

2    *in Connection with Debtor's Status Conference Report* in response to the Status Report (the

3    "Report") [Doc. 3692], filed by Verity Health System of California, Inc. and related and affiliated

4    debtors, the debtors and debtors in possession in the above-captioned, jointly-administered

5    chapter 11 bankruptcy cases ("Verity" and/or the "Debtors") on November 24, 2019 at

6    approximately 8:00 p.m.[1]

7                                              **I.**

8                          **INTRODUCTION AND STATEMENT OF FACTS**

9            Verity is asking the court to make a ruling on one (of many possible) contractual issues in

10    advance of any obligation for SGM or Verity to close the sale, and to bypass the very procedures

11    (*e.g.*, complaint, response, motions, discovery, pre-trial and trial) which would govern a breach of

12    contract or declaratory relief  lawsuit relating to the APA.  If this were a Monopoly game, Verity

13    would be attempting to "Pass GO" and collect $600 Million.  But, even Monopoly does not allow

14    a player to collect $600 Million without a trial, and all the other rights and protections that due

15    process and the Bankruptcy Rules require.

16            SGM has devoted an enormous amount of time and resources, including hundreds of

17    thousands of dollars of professional fees and consulting fees, in an effort to complete all of the

18    work necessary to conclude the transaction of the scope and magnitude of the APA, and SGM

19    continues to desire to close the transaction between SGM and Verity as described in the APA.

20            On November 22, 2019, SGM, through counsel, delivered two letters to Verity; one from

21    Levene, Neale, Bender, Yoo & Brill L.L.P., bankruptcy counsel to SGM, and the other, from

22    Hooper, Lundy & Bookman, P.C, healthcare counsel to SGM.  (The Levene, Neale letter and the

23    Hooper, Lundy letter will sometimes be referred to as the "SGM Letters").  In the SGM Letters,

24    _____

25

26    [1] The pending proceeding is a Status Conference ordered by the Court for the Debtor's pending Disclosure Statement
in connection with its Plan of Reorganization.  SGM is not currently a creditor of the Debtor and has not participated

27    in the Plan or Disclosure Statement process.  Accordingly, SGM does not waive any of its rights, claims or interests
including, without limitation, its contention that a Status Conference pertaining to a Disclosure Statement is not the

28    appropriate forum in which to consider procedures to be implemented in connection with a potential dispute
regarding the APA.

SGM notified Verity that Verity had breached a number of material covenants, representations, warranties and conditions, as a result of which there had occurred and would continue to occur "Material Adverse Effects" as that term is used throughout the APA.

In Verity's Status Report, filed on November 24, 2019, Verity stated that it will request, at the Status Conference on November 26 at 10:00, that the Court set an accelerated briefing and hearing schedule (briefs starting December 6, 2019, hearing on December 11, 2019) to adjudicate whether any of the covenants, representations, warranties or conditions that were set forth in the SGM Letters constitute Material Adverse Effects for purposes of the APA.

SGM will oppose any attempt by Verity to obtain from the Court, either at the Status Conference, or at any other hearing, outside the context of an adversary proceeding conducted in accordance with the adversary proceeding rules set forth in Part VII of the Bankruptcy Rules, any ruling on the disputes and controversies between Verity and SGM pertaining to the APA.

To the extent that Verity requests, at the Status Conference, that this Court establish a briefing and hearing process for the Material Adverse Effects issue consistent with its Status Report, the Court should reject that request.

## II.

## <u>ARGUMENT</u>

## <u>If VERITY REQUESTS AN EXPEDITED PROCESS FOR ADJUDICATING WHETHER THERE HAVE BEEN MATERIAL ADVERSE EFFECTS, THAT REQUEST SHOULD BE DENIED</u>

**A.      <u>As of the filing of this Motion, Verity has not filed any written motion, and the Local Bankruptcy Rules require that motions be presented to the Court in writing and that parties be given a reasonable opportunity to respond to the Motion and to be heard in connection with the relief requested.</u>**

Unless the court orders otherwise, an oral motion is not permitted. LBR 9013-1(c)(1). Indeed, motions must be made in writing, and with notice and opportunity to respond in writing. LBR 9013-1(c)(2). Motions must be supported by a written statement and memorandum of points and authorities of all reasons in support of the relief requested. LBR 9013-1(c)(3). Factual

1    contentions in a motion must be supported by declarations or other written evidence.  LBR 9013-

2    1(i).

3        The Report provides nothing in the way of points, authorities, or evidence; rather, the

4    Report asserts that SGM is obligated to close the pending sale, which SGM strongly contests.

5    *See*, *e.g.*, Report p.1 ln.21 ("Debtors satisfied all conditions to closing"); p.1 ln.28 ("The

6    foregoing agreement satisfied the last of the Debtors' outstanding conditions to closing…").

7    Moreover, nothing in the Report contains the points and authorities to which SGM must be given

8    an opportunity to respond, or to support the highly unusual request for an expedited hearing

9    before a complaint has even been filed.  Nothing in the Report – and nothing said by Debtors'

10    counsel by way of oral motion on November 26, 2019 – could constitute cause to deny SGM its

11    right to the due process protections in an adversary proceeding, much less impose upon it a paltry,

12    short-shrift briefing schedule for the Debtors' requested declaratory relief and contract claims

13    surrounding the APA.

14    **B.**    **The Debtors' request that the Court create a separate and distinct process to**

15    **evaluate the Material Adverse Effects issue, based upon the fact that SGM has given notice**

16    **that Verity has failed to satisfy, as of November 20, 2019, certain conditions and covenants,**

17    **does not yet present a case or controversy that requires this Court to engage in any**

18    **adjudicatory function.**

19        The Debtors have said that they will request that the Court create a distinct and expedited

20    process to address the Material Adverse Effects issue, separate from the resolution of all disputes

21    and controversies that may exist between the Debtor and SGM pertaining to the APA.  This

22    request, if made, is based on SGM's notice to the Debtors that the Debtors were in breach of

23    certain conditions, covenants, representations and warranties as of November 20, 2019.

24    However, that notice, itself, does not present a case or controversy that requires this Court to

25    engage in any adjudicatory function; only if, and after, the Debtors or SGM fail to proceed to a

26    closing, would there be a case or controversy that would then implicate this Court's adjudication

27    of disputes relating thereto.  Thus, Verity's request is premature.

28    / / /

4

**C.**      **There is no procedure available to Verity for the piecemeal adjudication of disputes**

**relating to the APA, such that Verity can pick and choose among a multitude of potential**

**disputes and disagreements relating to the APA and request that the Court litigate them**

***seriatim*.**

Verity has cited no authority for proposition that Verity can hand pick issues, one at a

time, for resolution, among a multitude of potential disputes and disagreements relating to the

APA in a truncated and expedited process – especially, when there has been no closing date and

no failure by SGM to perform.  To suggest that such a process will create a muddled record is an

understatement.

**D.**      **The Bankruptcy rules require an adversary proceeding for the resolution of disputes**

**and controversies relating to the APA.**

The Bankruptcy Rules require an adversary proceeding for the resolution of disputes and

controversies relating to the APA if they involve a claim for money damages or declaratory relief

that would obligate a party for money damages.  In relevant part, Federal Rule of Bankruptcy

Procedure 7001 provides that: "The following are adversary proceedings: (1) a proceeding to

recovery money or property . . . (7) a proceeding to obtain an injunction or other equitable relief .

. . (9) a proceeding to obtain a declaratory judgment a relating to any of the foregoing[.]"  Fed. R.

Bankr. P. 7001.  "

The Debtors' request for a Court declaratory determination as to whether there have been

Material Adverse Effects under the terms of the APA requires the filing of an adversary

proceeding, and cannot be achieved by way of a motion or through the expedited briefing

schedule suggested by the Debtors.  *See* Fed. R. Bankr. P. 7001(9); *In re Sun Belt Elec.*

*Constructors, Inc.*, 56 B.R. 686, 688 (Bankr. N.D. Ga. 1986) ("Before addressing the enumerated

issues, the Court notes a procedural deficiency in M&M's motion to enforce the Flagler Contract.

M&M's motion apparently requests injunctive or equitable relief or, at least, a declaratory

judgment.  Under Rule 7001, such relief may only be obtained in an adversary proceeding.  For

that reason, the Court will deny M&M's motion without prejudice").  Specifically, the Debtors'

request for this Court to decide whether there have been any Material Adverse Effects under the

1    terms of the APA is related to: (1) a proceeding to "recover money," as contemplated by FRBP

2    7001(1), and constitutes a *sub rosa* attempt to obtain this Court's finding that SGM has breached

3    the APA, thus entitling the Debtors to money damages; and (2) a proceeding for declaratory relief

4    relating to a claim for money.

5         At minimum, there are genuine disputes of material fact as to the whether there have been

6    Material Adverse Effects under the terms under the APA, such that the Debtors' request for the

7    summary, and truncated adjudication of these issues would be improper. *See e.g.*, *Callie v. Near*,

8    829 F.2d 888, 890 (9th Cir. 1987) ("Where material facts concerning the *existence* or *terms* of an

9    agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."); *Autera v.*

10   *Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969) ("Yet it is apparent that the summary procedure

11   for enforcement of unperformed settlement contracts is not a panacea for the myriad types of

12   problems that may arise. The summary procedure is admirably suited to situations where, for

13   example, a binding settlement bargain is conceded or shown, and the excuse for nonperformance

14   is comparatively unsubstantial.[11] *On the other hand, it is ill-suited to situations presenting*

15   *complex factual issues related either to the formation or the consummation of the contract, which*

16   *only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve*. We

17   commend the summary practice for use in connection with problems capable of precise resolution

18   without attendant hazard to the interests of the parties. At the same time, it is evident that beyond

19   that point the convenience of the summary procedure must yield to the exigencies of safeguarding

20   all legally protected rights that are involved.") (emphasis added).

21        The Debtor's request to conduct an accelerated and bifurcated process to consider only the

22   issue of Material Adverse Effect outside the context of an adversary proceeding would also be a

23   violation of SGM's due process rights.  In particular, in light of the amounts involved in this

24   transaction, SGM is entitled to all the rights that would be available to it if the procedures

25   provided for in Part VII of the Bankruptcy Rules are applied and only if SGM is given the

26   necessary time to develop its legal and factual positions, utilize discovery to obtain necessary

27   evidence and engage experts who would likely be needed to address issues involving health care

28   and regulatory law.

1    If the Court were to grant the relief requested by Verity, the Court would be creating a

2    procedural quagmire, which would delay, as opposed to expedite the resolution of disputes and

3    controversies between them relating to the SGM APA and inevitably result in appeals.  Quite

4    simply, the Court may not adjudicate complex issues of law and fact in connection with a $600

5    Million transaction by way of emergency motion or other expedited procedures that violate

6    SGM's due process rights and are incompatible with the Bankruptcy Code and Bankruptcy Rules.

7    If Verity makes the request stated in its Status report, the Court will be asked to order an

8    expedited process to resolve certain, but not all, issues relating to disputes between the parties

9    under the APA.  Moreover, the Court will be setting a process without a full understanding of

10    what will need to be litigated and whether the hyper-speed requested by Verity makes any sense.

11    In particular, the Court will not know: (1) the number of disputes to be adjudicated, (2) the nature

12    of the disputes, (3) the body of law, *e.g.*, bankruptcy, healthcare, contract, accounting, that would

13    be involved in the resolution of the disputes, (4) the nature and extent of the evidence that would

14    relate to the adjudication of such disputes, (5) the need for discovery, (6) the use of expert

15    testimony, and (7) the amount of briefing time that would be needed and the amount of trial time.

16    In the usual case, where rules of procedure are adhered to, a complaint would be filed and the

17    issues would be narrowed by the pleadings and subsequent motion practice, and the parties would

18    enter into a pre-trial order, which would identify the factual and legal issues that remain to be

19    resolved.

20    The procedure that Verity intends to suggest, *i.e.* an abbreviated process for briefing and

21    hearing regarding whether the notice as stated in the SGM Letter of November 22, 2019

22    constitute Material Adverse Effects, assumes that the only issues and controversies pertaining to

23    the closing of the APA are those set forth in SGM's Letter.  However, in that letter, SGM stated

24    that the issues that were being raised therein were not exclusive and SGM expressly reserved its

25    rights to assert additional claims.  Thus, the parties have not yet identified all of the potential

26    issues that could affect the closing of the APA.

27    Accordingly, in addition to all of the other reasons why Verity's suggested expedited

28    process is unfair and improper, it would be grossly inefficient and wasteful of the parties' and this

1    Court's resources to attempt to adjudicate some of the disputes relating to the APA and then have

2    to create a new process and begin a new proceeding to resolve remaining issues.

3    **E.        SGM did not agree to adjudicate any disputes in connection with the APA by**

4    **motion.**

5              Verity's contention that SGM has agreed to an expedited motion to resolve dispute under

6    the APA, and waived its right to an adversary proceeding or other due process protection by

7    virtue of the language set forth in Section 9.1(c) of the APA, is completely unavailing.

8              First, that section does not apply.  The section states that unless and until the Purchaser "in

9    its sole and absolute discretion, . . . has notified Seller of its **election to terminate** the Agreement

10   under this Section 9.1(c) . . . . " (emphasis added).  Thus, Section 9.1(c) does not apply unless and

11   until the Purchaser has given notice to the Seller of its election to terminate the APA.  **No such**

12   **notice has been given.**  On the contrary, in SGM's letter of November 22, 2019, SGM expressly

13   reserved its right to terminate, but did not give notice to Verity that it was exercising that right.

14   Accordingly, whatever the effect would be of the language quoted by Verity, which was taken

15   entirely out of context, has no application to whether this Court should order the bifurcated,

16   expedited, premature process, which Verity indicated it will request.

17             In addition, the mere fact that SGM agreed that disputes concerning Material Adverse

18   Effects, as used in Section 9.1(c) (which, as just described, is inapplicable) could be determined

19   by the Bankruptcy Court, in no way can be read as constituting a waiver of SGM's due process

20   rights and, in particular, its right to have disputes and controversies over the APA adjudicated in a

21   properly conducted adversary proceeding consistent with the Part VII Bankruptcy Rules.

22   Declaratory relief and other matters enumerated under FRBP 7001 cannot be decided by way of

23   motion absent a waiver by the interested party.  *Dardashti v. Golden (In re Dardashti)*, 2007 WL

24   7535054, *4 (9th Cir. B.A.P. Oct. 31, 2007);[2] *Cogliano v. Anderson (In re Cogliano)*, 355 B.R.

25   792, 805 (9th Cir. B.A.P.2006) (bankruptcy court lacked authority to decide issue of property of

26   the estate on turnover motion because FRBP 7001(2) requires adversary proceeding); *Expeditors*

27   _____

28   [2] Unpublished opinion that may be cited for persuasive authority but without binding precedent.

1    *Int'l of Washington, Inc. v. Citicorp North America, Inc. (In re Colortran, Inc.)*, 218 B.R.. 507,

2    510-11 (9th Cir. B.A.P. 1997) (BAP reversed lower court ruling where the bankruptcy court

3    invalidated a lien in connection with an uncontested Rule 9019 motion because FRBP 7001

4    requires an adversary proceeding, which "affords due process to the parties involved").

5        Moreover, here, SGM absolutely has not waived its right to an adversary proceeding.  In

6    the case of *In re Dardashti*, the BAP held that where the debtor did not waive the requirement of

7    an adversary proceeding to determine whether an interest was property of the bankruptcy estate,

8    the bankruptcy court lacked authority to determine the issue in the context of a contested matter

9    motion.   *In re Dardashti*, 2007 WL 7535054 at *4.  And again, in the case of *In re Cogliano*, the

10    BAP held that it is error to determine the extent of interest in property of the estate on a motion

11    when FRBP 7001 requires an adversary proceeding and the party in interest has not waived that

12    right.  *In re Cogliano*, 355 B.R. at 805.

13        Waiver is "when a party intentionally relinquishes a right, or when that party's acts are so

14    inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has

15    been relinquished."  *Intel Corp. v. Harford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir.

16    1991); *see also In re Washington Coast I, LLC*, 485 B.R. 393, n.12 (9th Cir. B.A.P. 2012).  Here,

17    SGM has not intentionally relinquished its right to have disputes in the nature of FRBP 7001 –

18    including declaratory relief and ostensible breach of contract causes of action under the APA –

19    determined by adversary proceeding; nor has SGM acted in a manner inconsistent with its right to

20    have such matters determined by adversary proceeding.  SGM opposes any request by the

21    Debtors to obliterate SGM's substantive and procedural due process rights in an adversary

22    proceeding.

23                                                           **III.**

24                                **<u>CONCLUSION</u>**

25        As noted above, SGM is desirous of proceeding with the transaction reflected in the

26    APA.  However, the significant and material issues which have emerged and which are set forth

27    in SGM's Letter of November 22, 2019, must be addressed and resolved.  SGM believes that the

28    most effective mechanism to resolve these issues is not to rush to Court on an expedited and

1  profoundly unfair process.  Rather, it would be more productive for SGM to meet and confer with

2  Verity and the other stakeholders, including the secured lenders and the Unsecured Creditors

3  Committee, to see if the transaction can be salvaged and closed without the necessity of

4  litigation.[3]

5

6  Dated: November 25, 2019                LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

7

8                                          By:___/s/ Gary E. Klausner_____
                                              Gary E. Klausner
9                                             Counsel for Strategic Global Management, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  [3] SGM reserves all of its rights under the APA including, without limitation, as provided for in section 8.6

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **STRATEGIC GLOBAL MANAGEMENT, INC.'S RESERVATION OF RIGHTS IN CONNECTION WITH DEBTOR'S STATUS CONFERENCE REPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 25, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com
- Melinda Alonzo    ml7829@att.com
- Robert N Amkraut    ramkraut@foxrothschild.com
- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Simon Aron    saron@wrslawyers.com
- Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- James Cornell Behrens    jbehrens@milbank.com, gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com
- Ron Bender    rb@lnbyb.com
- Bruce Bennett    bbennett@jonesday.com
- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com
- Steven M Berman    sberman@slk-law.com
- Stephen F Biegenzahn    efile@sfblaw.com
- Karl E Block    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- Chane Buck    cbuck@jonesday.com
- Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov
- Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- Marcus Colabianchi    mcolabianchi@duanemorris.com
- Kevin Collins    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com
- Daniel Denny    ddenny@milbank.com
- Anthony Dutra    adutra@hansonbridgett.com
- Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- David K Eldan    david.eldan@doj.ca.gov, teresa.depaz@doj.ca.gov
- Andy J Epstein    taxcpaesq@gmail.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Christine R Etheridge    christine.etheridge@ikonfin.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Joseph D Frank    jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- William B Freeman    bill.freeman@kattenlaw.com, nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- Eric J Fromme    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Lawrence B Gill    lgill@nelsonhardiman.com, rrange@nelsonhardiman.com;mmarkwell@nelsonhardiman.com
- Paul R. Glassman    pglassman@sycr.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- Richard H Golubow    rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- David M. Guess    guessd@gtlaw.com
- Anna Gumport    agumport@sidley.com
- Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov
- James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com
- Michael S Held    mheld@jw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

- Lawrence J Hilton    lhilton@onellp.com, lthomas@onellp.com,info@onellp.com,rgolder@onellp.com,lhyska@onellp.com,nlichtenberger@onellp.com
- Robert M Hirsh    Robert.Hirsh@arentfox.com
- Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com
- Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com
- Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com
- Matthew B Holbrook    mholbrook@sheppardmullin.com, mmanns@sheppardmullin.com
- David I Horowitz    david.horowitz@kirkland.com, keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- Joan Huh    joan.huh@cdtfa.ca.gov
- Benjamin Ikuta    bikuta@hml.law
- Lawrence A Jacobson    laj@cohenandjacobson.com
- John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com
- Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- Crystal Johnson    M46380@ATT.COM
- Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com
- Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com
- Steven J Kahn    skahn@pszyjw.com
- Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Ori Katz    okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com;lsegura@sheppardmullin.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Jane Kim    jkim@kellerbenvenutti.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Gary E Klausner    gek@lnbyb.com
- David A Klein    david.klein@kirkland.com
- Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com
- Darryl S Laddin    bkrfilings@agg.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Richard A Lapping    richard@lappinglegal.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com
- David E Lemke    david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Dana@marguliesfaithlaw.com
- Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com
- John A Moe    john.moe@dentons.com, derry.kalve@dentons.com
- Susan I Montgomery    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com
- Monserrat Morales    Monsi@MarguliesFaithLaw.com, Victoria@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Dana@marguliesfaithlaw.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Marianne S Mortimer    mmartin@jmbm.com
- Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com;nick.koffroth@dentons.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- Sheila Gropper Nelson    shedoesbklaw@aol.com
- Mark A Neubauer    mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- Nancy Newman    nnewman@hansonbridgett.com, ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
- Bryan L Ngo    bngo@fortislaw.com, BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com
- Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com;GJLeon@mintz.com
- John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com
- Scott H Olson    solson@vedderprice.com, jcano@vedderprice.com;jparker@vedderprice.com;scott-olson-2161@ecf.pacerpro.com;ecfsfdocket@vedderprice.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com;cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Keith C Owens    kowens@venable.com, khoang@venable.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- R Gibson Pagter     gibson@ppilawyers.com,
  ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Paul J Pascuzzi     ppascuzzi@ffwplaw.com
- Lisa M Peters     lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- Christopher J Petersen     cjpetersen@blankrome.com, gsolis@blankrome.com
- Mark D Plevin     mplevin@crowell.com, cromo@crowell.com
- Steven G. Polard     spolard@ch-law.com, calendar-
  lao@rmkb.com;melissa.tamura@rmkb.com;anthony.arriola@rmkb.com
- David M Powlen     david.powlen@btlaw.com, pgroff@btlaw.com
- Christopher E Prince     cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Lori L Purkey     bareham@purkeyandassociates.com
- William M Rathbone     wrathbone@grsm.com,
  jmydlandevans@grsm.com;sdurazo@grsm.com
- Jason M Reed     Jason.Reed@Maslon.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- J. Alexandra Rhim     arhim@hrhlaw.com
- Emily P Rich     erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Robert A Rich     , candonian@huntonak.com
- Lesley A Riis     lriis@dpmclaw.com
- Debra Riley     driley@allenmatkins.com
- Jason E Rios     jrios@ffwplaw.com, scisneros@ffwplaw.com
- Julie H Rome-Banks     julie@bindermalter.com
- Mary H Rose     mrose@buchalter.com
- Megan A Rowe     mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- Nathan A Schultz     nschultz@goodwinlaw.com
- Mark A Serlin     ms@swllplaw.com, mor@swllplaw.com
- Seth B Shapiro     seth.shapiro@usdoj.gov
- David B Shemano     dshemano@shemanolaw.com
- Joseph Shickich     jshickich@riddellwilliams.com
- Mark Shinderman     mshinderman@milbank.com,
  dmuhrez@milbank.com;dlbatie@milbank.com
- Rosa A Shirley     rshirley@nelsonhardiman.com,
  ksherry@nelsonhardiman.com;lgill@nelsonhardiman.com;rrange@nelsonhardiman.com
- Kyrsten Skogstad     kskogstad@calnurses.org, rcraven@calnurses.org
- Michael St James     ecf@stjames-law.com
- Andrew Still     astill@swlaw.com, kcollins@swlaw.com
- Jason D Strabo     jstrabo@mwe.com, cfuraha@mwe.com
- Sabrina L Streusand     Streusand@slollp.com
- Ralph J Swanson     ralph.swanson@berliner.com, sabina.hall@berliner.com
- Michael A Sweet     msweet@foxrothschild.com,
  swillis@foxrothschild.com;pbasa@foxrothschild.com
- James Toma     james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov
- Gary F Torrell     gtorrell@health-law.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Cecelia Valentine     cecelia.valentine@nlrb.gov
- Jason Wallach     jwallach@ghplaw.com, g33404@notify.cincompass.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1
- Kenneth K Wang    kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
2
- Phillip K Wang    phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
3
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- Adam G Wentland    awentland@tocounsel.com, lkwon@tocounsel.com
4
- Latonia Williams    lwilliams@goodwin.com, bankruptcy@goodwin.com
- Michael S Winsten    mike@winsten.com
5
- Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- Neal L Wolf    nwolf@hansonbridgett.com,
6
  calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com
7
- Hatty K Yip    hatty.yip@usdoj.gov
- Andrew J Ziaja    aziaja@leonardcarder.com,
8
  sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- Rose Zimmerman    rzimmerman@dalycity.org
9

10  **2.  SERVED BY UNITED STATES MAIL**: On November 26, 2019 served the following persons and/or
entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true
11  and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u>
12  <u>completed</u> no later than 24 hours after the document is filed.

13  The Honorable Ernest M. Robles
United States Bankruptcy Court
14  255 E. Temple Street, Suite 1560
Los Angeles, CA 90012
15
☐ Service information continued on attached page
16
**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR**
17  **EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
on **November 25, 2019**, I served the following persons and/or entities by personal delivery, overnight
18  mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or
19  overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

20  I declare under penalty of perjury under the laws of the United States of America that the foregoing is
true and correct.

21  November 25, 2019          Jeffrey Kwong                /s/ Jeffrey Kwong
22  *Date*                     *Type Name*                 *Signature*

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.