

**FILED & ENTERED**

**DEC 09 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: Verity Health System of California, Inc., *et al.*,<br>Debtors and Debtors in Possession.<br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors in Possession. | Lead Case No.:    2:18-bk-20151-ER<br>Chapter:              11<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases.<br><br>**MEMORANDUM OF DECISION DENYING DEBTORS' EMERGENCY MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE: CLOSING OF THE SGM SALE**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the *Debtors' Emergency Motion for (I) Issuance of an Order to Show Cause Why Strategic Global Management, Inc. Failed to Close the Sale Transaction by December 5, 2019; and (II) Entry of an Order Enforcing Prior Court Orders Requiring Strategic Global Management, Inc. to Close the Sale Transaction by December 5, 2019* (the "Application for OSC") [Doc. No. 3373]. Pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j), this matter is suitable for disposition without oral argument. For the reasons set forth below, the Application for OSC is **DENIED**.

## I. Background

On November 27, 2019, the Court issued a *Memorandum of Decision Finding that SGM is Obligated to Close the SGM Sale By No Later than December 5, 2019* (the "Closing Memorandum") [Doc. No. 3723] and an accompanying *Order (1) Finding that SGM is Obligated to Close the SGM Sale By No Later than December 5, 2019 and (2) Setting Continued Hearing on Debtors' Motion for Approval of Disclosure Statement* (the "Closing Order") [Doc. No. 3724]. The Closing Order provided in relevant part: "Pursuant to § 1.3 of the APA, SGM is obligated to close the SGM Sale by no later than December 5, 2019." Closing Order at ¶ 1.

SGM[1] did not close the SGM Sale by December 5, 2019. The Debtors move for issuance of an order requiring SGM's principals, Chairman Kali Pradip Chaudhuri, MD, Chief Executive Officer Peter Baranoff, and General Counsel William Thomas, to appear and testify as to (1) why SGM did not close the SGM Sale by December 5, 2019 and (2) whether SGM has the financial ability to close the SGM Sale. The Debtors further request issuance of an order finding that: (1) SGM is in material breach of the APA by failing to close the SGM Sale on December 5, 2019, (2) the Debtors may retain SGM's $30 million good-faith deposit, and (3) the Debtors may proceed with alternative plans to dispose of the Hospitals.

## II. Findings and Conclusions

Requiring SGM's representatives to testify as to SGM's reasons for not closing the SGM Sale would not increase the likelihood of the sale actually closing. By failing to close, SGM risks the loss of its $30 million good-faith deposit as well as the possibility of damages for breach of contract in an amount of up to $60 million.[2] Being compelled to offer testimony will not motivate SGM to close where the threat of the loss of up to $90 million has failed to accomplish that end. In the future, the Debtors will have the opportunity to litigate the issues of whether SGM has breached the APA and whether the Debtors are entitled to retain SGM's good-faith deposit. In the meantime, the Debtors' efforts would be better spent ensuring the health and safety of the patients at the affected Hospitals.

The prompt closing of the SGM Sale would be in the best interests of all constituents in these cases, and the Court remains hopeful that SGM will fulfill its obligation to close. However, the estates' precarious cash position requires that the Debtors have the ability to immediately explore options for the alternative disposition of the Hospitals. The Court finds that any efforts undertaken by the Debtors with respect to the alternative disposition of the Hospitals will not violate the Debtors' obligation under Article 12.1 of the APA to cooperate with SGM to

---

[1] Capitalized terms not defined herein have the meaning set forth in the Closing Memorandum.
[2] *See* APA at Art. 11.1 ("If Purchaser commits any material default under this Agreement, Sellers shall have the right to sue for damages; provided, however that the amount of such damages shall never exceed $60,000,000.00.").

consummate the SGM Sale; nor shall any such efforts constitute a material default by the Debtors under any other provision of the APA.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: December 9, 2019

Ernest M. Robles
United States Bankruptcy Judge