1  Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
3  Telephone: 310/277-6910
Facsimile:  310/201-0760
4  E-mail:  skahn@pszjlaw.com

5  Co-Counsel to Chapter 11 Debtors and
Debtors In Possession
6

**UNITED STATES BANKRUPTCY COURT**

7  **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

8  In re

9  VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

10     Debtors and Debtors In Possession.

11  ☐ Affects All Debtors
☐ Affects Verity Health System of California, Inc.
12  ☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
13  ☐ Affects St. Francis Medical Center
☒ Affects St. Vincent Medical Center
14  ☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
15  ☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood
16    Foundation
☐ Affects St. Vincent Foundation
17  ☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
18  ☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
19  ☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
20  ☐ Affects De Paul Ventures - San Jose Dialysis, LLC

21     Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly administered with:
Case No. 2:18-bk-20162-ER;
Case No. 2:18-bk-20163-ER;
Case No. 2:18-bk-20164-ER;
Case No. 2:18-bk-20165-ER;
Case No. 2:18-bk-20167-ER;
Case No. 2:18-bk-20168-ER;
Case No. 2:18-bk-20169-ER;
Case No. 2:18-bk-20171-ER;
Case No. 2:18-bk-20172-ER;
Case No. 2:18-bk-20173-ER;
Case No. 2:18-bk-20175-ER;
Case No. 2:18-bk-20176-ER;
Case No. 2:18-bk-20178-ER;
Case No. 2:18-bk-20179-ER;
Case No. 2:18-bk-20180-ER;
Case No. 2:18-bk-20181-ER;

Chapter 11 Cases

Hon. Ernest M. Robles

**NOTICE OF MOTION AND MOTION OF DEBTOR, ST. VINCENT MEDICAL CENTER, FOR ORDER AUTHORIZING THE EXAMINATION OF LEE SUYENAGA PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PETER CHADWICK AND STEVEN J. KAHN IN SUPPORT THEREOF**

**[FED. R. BANKR. P. 2004 AND L.B.R. 2004-1]**

[No Hearing Required]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE PROPOSED EXAMINEE; AND PARTIES ENTITLED TO NOTICE HEREOF:**

**PLEASE TAKE NOTICE THAT** Debtor and Debtor In Possession St. Vincent Medical Center ("SVMC"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("LBR 2004-1"), hereby moves the Court (the "Motion") for an Order requiring that Lee Suyenaga ("Suyenaga" or "Proposed Examinee") be examined pursuant to a subpoena to appear pursuant to Rule 7030 on the date and time agreed by Suyenaga: March 11, 2020 at 9:30 a.m., or as otherwise later agreed.

The Motion is made without a hearing pursuant to Rule 2004 and LBR 2004-1.

The Motion is made on the grounds that pre-petition, SVMC and Central Health Plan of California, Inc. ("Central"), of which Suyenaga was then CEO, entered into a written agreement and that the actions of Central and others with respect thereto may give rise to damages or other claims and property recoverable by SVMC's bankruptcy estate.[1]

At an earlier 20004 examination of Central, Central's produced Rule 30(b)(6) witness identified Mr. Suyenaga as being the person most knowledgeable of the facts relating to Central's actions with respect to the contract that may give rise to these claims, and that she did not have knowledge of those facts..

The examination cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between SVMC and the Proposed Examinee encompassing the matters subject to inquiry.

Nothing in the Motion or Order shall impair the right of SVMC or any of its co-Debtors to seek additional examinations of or productions by Suyenaga in the future.

This Motion is based on this Notice and the attached Memorandum of Points and Authorities, the Declarations of Peter Chadwick and Steven J. Kahn, and the proposed order lodged concurrently herewith.

---

[1] The agreement referenced above contains a broad confidentiality provision that, absent waiver by Central, prevents a further description of the terms thereof.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The Proposed Examinee's full name and address is Lee Suyenaga, 7396 W. 83rd Street, Los

2  Angeles, California 90045.  The name and address of any counsel for the Proposed Examinee is

3  presently unknown.

4    WHEREFORE, SVMC respectfully requests that the Court grant the Motion and such other

5  and further relief as it deems necessary, just and proper.

6

7                                              PACHULSKI STANG ZIEHL & JONES LLP

8    Dated: January 30, 2020                    /s/ Steven J. Kahn

9                                               Steven J. Kahn
                                                Co-Counsel to Chapter 11 Debtors and
10                                              Debtors in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:324313.1 89566/002

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

**A.      General Background and Filing of the Cases**

On August 31, 2018 ("Petition Date"), each of the above encaptioned debtors (each a "Debtor" and collectively the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2]   The cases are currently being jointly administered before the Bankruptcy Court [Docket No. 17].  Since the commencement of these cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

Debtor Verity Health System of California, Inc. ("VHS"), a California nonprofit public benefit corporation, is the sole corporate member of SVMC, a co-Debtor.

VHS and its affiliated entities (collectively, the Verity Health System) operate as an integrated nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.  SVMC is a nonprofit public benefit corporation currently in the process of cessation of operations.

On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.

**II.**

**THE DEBTOR IS ENTITLED TO A RULE 2004 ORDER UNDER APPLICABLE LAW**

Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Examinations under Bankruptcy Rule 2004 include within their scope, inter alia, any matter that may related to the property and assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate.  See Fed. R. Bankr. P. 2004(b).  In addition, the attendance of a

---

[2] All references to "§" or "section" herein are to the Bankruptcy Code, 11 U.S.C. §§101, *et seq*., as amended.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:324313.1 89566/002

person at an examination may be ordered by the Court "at any time or place it designates, whether within or without the district court wherein the case is pending." Fed. R. Bankr. P. 2004(d).

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); see also *In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and] examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.") (internal citations omitted). In addition, Bankruptcy Rule 2004 is a discovery tool that can be used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt. See *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

The scope of an examination permitted under Bankruptcy Rule 2004 is "exceptionally broad." *In re N. Plaza LLC*, 395 B.R. at 122 n. 9; see also *In re W&S Investments, Inc.* 1993 U.S. App. LEXIS 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'") (internal citations omitted). This broad inquiry extends to third parties as well: "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); see also *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed."). This is because "[t]he clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

Hence, the Debtor is entitled to the testimony requested under Rule 2004 regarding the actions of Suyenaga on behalf of Central and others in relation to the agreement between SVMC and Central, which information SVMC requires in its investigation of assets that may be recoverable by its bankruptcy estate.

The proposed examination cannot proceed at this time under Bankruptcy Rule 7030 or 9014 because SVMC is not a party to any pending adversary proceeding or contested matter that encompasses the matters addressed in this Motion.

As reflected in the attached Declaration of Steven J. Kahn, Debtor's counsel has complied with Local Bankruptcy Rule 2004-1(a) and reached an agreement with Suyenaga regarding the taking of his testimony, service of a subpoena and payment of witness fees.

### III.

### CONCLUSION

For the reasons set forth above, SVMC respectfully requests that this Court enter an order substantially in the form lodged concurrently herewith granting this Motion in its entirety and (a) authorizing SVMC, pursuant to Bankruptcy Rules 2004 and 9016, to issue a subpoena substantially in the form attached hereto as **Exhibit "A,"** and conduct an examination of the Proposed Examinee without further order of the Court; and (b) granting such other and further relief as this Court deems just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: January 30, 2020          */s/ Steven J. Kahn*
                                Steven J. Kahn
                                Co-Counsel to Chapter 11 Debtors and
                                Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

1

2

## DECLARATION OF PETER CHADWICK

3

I, PETER CHADWICK, declare:

4

1.      I am the Chief Financial Officer of Verity Health System of California, Inc.

5

("Verity").  The facts stated herein are of my own personal knowledge or were made known to me

6

from a review of the books and records of Verity and SVMC, of which Verity is the sole corporate

7

member.  If called upon as a witness, I could and would competently testify thereto.

8

2.      Prepetition, SVMC and Central entered into a written agreement; the actions of

9

Central and others with respect thereto may give rise to damages or other claims recoverable by

10

SVMC's bankruptcy estate.  The Proposed Examinee was the CEO of Central at the times material

11

to SVMC's potential claims.

12

3.      The testimony requested in the Motion is required by SVMC in its investigation of

13

property of its estate.

14

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing

15

is true and correct.

16

Executed this  27   day of January, 2020, at Los Angeles, California.

17

18

19

20

PETER CHADWICK

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

DOCS_LA:324313.1 89566/002

### DECLARATION OF STEVEN J. KAHN

I, STEVEN J. KAHN, declare:

1.       I am an attorney at law duly licensed to practice before all courts in the state of California and in this district.  I am of counsel to the law firm of Pachulski Stang Ziehl & Jones LLP, co-counsel to the Debtors and Debtors In Possession in these bankruptcy cases. The facts stated herein are of my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2.       The examination requested through the Motion cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary proceeding or contested matter is currently pending encompassing the matters subject to inquiry.

3.       Pursuant to Local Bankruptcy Rule 2004-1(a), I contacted the Proposed Examinee in an effort to arrange for a mutually agreeable date, time, place, and scope of the examination sought in the Motion.  We reached agreement as to the timing of the examination and the place of examination:  March 11, 2020 at 9:30 a.m. at Debtor's counsel's offices.

4.       Further, the Proposed Examinee agreed to accept email service of the subpoena upon him and mail tender of a witness fee/mileage check by U.S. mail.

5.       At an earlier 2004 Examination of Central, the Proposed Examinee was identified by Central's Rule 30(b)(6) witness as the person most knowledgeable of the facts that might give rise to SVMC's claims and that she did not have knowledge of those claims..

6.       The Debtor therefore requests authority to issue a subpoena to the Proposed Examinee substantially in the form attached hereto as **Exhibit "A."**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 30th day of January, 2020, at Los Angeles, California.

*/s/ Steven J. Kahn*
STEVEN J. KAHN

DOCS_LA:324313.1 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

### Central  District of California, Los Angeles Division

In re  VERITY HEALTH SYSTEM OF
CALIFORNIA, INC.

_____Debtor_____

Case No.    2:18-bk-20151-ER

Chapter    11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Lee Suyenaga, 7396 W. 83rd Street, Los Angeles, CA  90045

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067 | March 11, 2020 at 9:30 a.m. |

The examination will be recorded by this method:    CSR, Written Transcription and Real Time

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    January 30, 2020

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_/s/ Steven J. Kahn_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing
    St. Vincent Medical Center    , who issues or requests this subpoena, are: Steven J. Kahn,
Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067,
Telephone:  (310) 277-6910

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOCS_LA:324316.1 89566/002


American LegalNet, Inc.
www.FormsWorkFlow.com

B2540 (Form 2540 - Subpoena for Rule 2004 Examination (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:   By email on the Examinee, Lee Suyeanga,
_lsuyenaga@aol.com_ per
agreement with witness to so accept service upon Examinee by that method.

_____ on *(date)*   January _____, 2020  ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
53.34 by  U.S. mail per
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $   agreement with witness.   .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____ January ___, 2020 _____

_____
                                            *Server's signature*

                                   By:  STEVEN J. KAHN
_____
                                            *Printed name and title*

                Pachulski Stang Zieh & Jones LLP, 10100 Santa Monica Blvd.,
                           13th Floor, Los Angeles, CA  90067
_____
                                            *Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*)**: NOTICE OF MOTION AND MOTION OF DEBTOR, ST. VINCENT MEDICAL CENTER, FOR ORDER AUTHORIZING THE EXAMINATION OF LEE SUYENAGA PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PETER CHADWICK AND STEVEN J. KAHN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 30, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 30, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 30, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*)**: NOTICE OF MOTION AND MOTION OF DEBTOR, ST. VINCENT MEDICAL CENTER, FOR ORDER AUTHORIZING THE EXAMINATION OF LEE SUYENAGA PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PETER CHADWICK AND STEVEN J. KAHN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 30, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 30, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 30, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| **VIA HAND DELIVERY**<br>Honorable Ernest M. Robles<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1560 / Courtroom 1568<br>Los Angeles, CA  90012 | Destiny N. Almogue<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Email:  destiny.almogue@skadden.com<br><br>Scott O. Luskin<br>Payne & Fears<br>Email:  sol@paynefears.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 30, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE LIST

## MAILING INFORMATION FOR ADVERSARY CASE NO. 2:18-bk-20151-ER

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com
- Melinda Alonzo    ml7829@att.com
- Robert N Amkraut    ramkraut@foxrothschild.com
- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Simon Aron    saron@wrslawyers.com
- Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- James Cornell Behrens    jbehrens@milbank.com,
  gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com
- Ron Bender    rb@lnbyb.com
- Bruce Bennett    bbennett@jonesday.com
- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com
- Steven M Berman    sberman@slk-law.com
- Stephen F Biegenzahn    efile@sfblaw.com
- Karl E Block    kblock@loeb.com,
  jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Michael D Breslauer    mbreslauer@swsslaw.com,
  wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- Chane Buck    cbuck@jonesday.com
- Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov
- Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- Marcus Colabianchi    mcolabianchi@duanemorris.com
- Kevin Collins    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327324.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com
- Daniel Denny    ddenny@milbank.com
- Anthony Dutra    adutra@hansonbridgett.com
- Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- David K Eldan    david.eldan@doj.ca.gov, teresa.depaz@doj.ca.gov
- Andy J Epstein    taxcpaesq@gmail.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Christine R Etheridge    christine.etheridge@ikonfin.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Joseph D Frank    jfrank@fgllp.com,
  mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- William B Freeman    bill.freeman@kattenlaw.com,
  nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Eric J Fromme    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com,
  cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Lawrence B Gill    lgill@nelsonhardiman.com,
  rrange@nelsonhardiman.com;ksherry@nelsonhardiman.com;mmarkwell@nelsonhardiman.com
- Paul R. Glassman    pglassman@sycr.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- Richard H Golubow    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- David M. Guess    guessd@gtlaw.com
- Anna Gumport    agumport@sidley.com
- Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov
- James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com
- Michael S Held    mheld@jw.com
- Lawrence J Hilton    lhilton@onellp.com,
  lthomas@onellp.com,info@onellp.com,rgolder@onellp.com,lhyska@onellp.com,nlichtenberger@onellp.com
- Robert M Hirsh    Robert.Hirsh@arentfox.com
- Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com
- Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com
- Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com
- Matthew B Holbrook    mholbrook@sheppardmullin.com, mmanns@sheppardmullin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                 F 9013-3.1.PROOF.SERVICE
DOCS_LA:327324.1 89566/002

- David I Horowitz    david.horowitz@kirkland.com,
  keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com
- Virginia Hoyt    scif.legal.bk@scif.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- Joan Huh    joan.huh@cdtfa.ca.gov
- Benjamin Ikuta    bikuta@hml.law
- Lawrence A Jacobson    laj@cohenandjacobson.com
- John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com
- Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- Crystal Johnson    M46380@ATT.COM
- Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com
- Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com
- Steven J Kahn    skahn@pszyjw.com
- Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Ori Katz    okatz@sheppardmullin.com,
  cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com;lsegura@sheppardmullin.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Jane Kim    jkim@kellerbenvenutti.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Gary E Klausner    gek@lnbyb.com
- David A Klein    david.klein@kirkland.com
- Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Darryl S Laddin    bkrfilings@agg.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Richard A Lapping    richard@lappinglegal.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com
- David E Lemke    david.lemke@wallerlaw.com,
  chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Samuel R Maizel    samuel.maizel@dentons.com,
  alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- Craig G Margulies    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com

June 2012

DOCS_LA:327324.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Susan I Montgomery    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.
  bestcase.com
- Monserrat Morales    Monsi@MarguliesFaithLaw.com,
  Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Marianne S Mortimer    mmartin@jmbm.com
- Tania M Moyron    tania.moyron@dentons.com,
  chris.omeara@dentons.com;nick.koffroth@dentons.com;Sonia.martin@dentons.com;Isabella.hsu@dent
  ons.com;lee.whidden@dentons.com;Jacqueline.whipple@dentons.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- Sheila Gropper Nelson    shedoesbklaw@aol.com
- Mark A Neubauer    mneubauer@carltonfields.com,
  mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carl
  tonfields.com;ecfla@carltonfields.com
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- Nancy Newman    nnewman@hansonbridgett.com,
  ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
- Bryan L Ngo    bngo@fortislaw.com,
  BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitall
  aw.com
- Abigail V O'Brient    avobrient@mintz.com,
  docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com;GJLeon@
  mintz.com
- John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com
- Scott H Olson    solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bes
  tcase.com
- Keith C Owens    kowens@venable.com, khoang@venable.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com
- Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com
- Mark D Plevin    mplevin@crowell.com, cromo@crowell.com
- Steven G. Polard    spolard@ch-law.com, calendar-
  lao@rmkb.com;melissa.tamura@rmkb.com;anthony.arriola@rmkb.com
- David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Lori L Purkey    bareham@purkeyandassociates.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                      **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:327324.1 89566/002

- William M Rathbone      wrathbone@grsm.com, jmydlandevans@grsm.com;sdurazo@grsm.com
- Jason M Reed      Jason.Reed@Maslon.com
- Michael B Reynolds      mreynolds@swlaw.com, kcollins@swlaw.com
- J. Alexandra Rhim      arhim@hrhlaw.com
- Emily P Rich      erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Robert A Rich      , candonian@huntonak.com
- Lesley A Riis      lriis@dpmclaw.com
- Debra Riley      driley@allenmatkins.com
- Jason E Rios      jrios@ffwplaw.com
- Julie H Rome-Banks      julie@bindermalter.com
- Mary H Rose      mrose@buchalter.com
- Gregory A Rougeau      grougeau@brlawsf.com
- Megan A Rowe      mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- Nathan A Schultz      nschultz@goodwinlaw.com
- Mark A Serlin      ms@swllplaw.com, mor@swllplaw.com
- Seth B Shapiro      seth.shapiro@usdoj.gov
- David B Shemano      dshemano@shemanolaw.com
- Joseph Shickich      jshickich@riddellwilliams.com
- Mark Shinderman      mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Kyrsten Skogstad      kskogstad@calnurses.org, rcraven@calnurses.org
- Michael St James      ecf@stjames-law.com
- Andrew Still      astill@swlaw.com, kcollins@swlaw.com
- Jason D Strabo      jstrabo@mwe.com, cfuraha@mwe.com
- Sabrina L Streusand      Streusand@slollp.com
- Ralph J Swanson      ralph.swanson@berliner.com, sabina.hall@berliner.com
- Michael A Sweet      msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com
- James Toma      james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov
- Gary F Torrell      gtorrell@health-law.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- Cecelia Valentine      cecelia.valentine@nlrb.gov
- Jason Wallach      jwallach@ghplaw.com, g33404@notify.cincompass.com
- Kenneth K Wang      kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
- Phillip K Wang      phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- Sharon Z. Weiss      sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- Adam G Wentland      awentland@tocounsel.com, lkwon@tocounsel.com
- Latonia Williams      lwilliams@goodwin.com, bankruptcy@goodwin.com
- Michael S Winsten      mike@winsten.com
- Jeffrey C Wisler      jwisler@connollygallagher.com, dperkins@connollygallagher.com
- Neal L Wolf      nwolf@hansonbridgett.com,
  calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com
- Hatty K Yip      hatty.yip@usdoj.gov
- Andrew J Ziaja      aziaja@leonardcarder.com,
  sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- Rose Zimmerman      rzimmerman@dalycity.org

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327324.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

2.   **<u>SERVED BY UNITED STATES MAIL</u>**:

Lee Suyenaga
7396 W. 83rd Street
Los Angeles, CA  90045

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327324.1 89566/002