Henry C. Kevane (CA Bar No. 125757)
Shirley S. Cho (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA  94111
Telephone: 415/263-7000 / Facsimile: 415/263-7010
E-mail:    hkevane@pszjlaw.com
           scho@pszjlaw.com

Samuel R. Maizel (CA Bar No. 189301)
Tania M. Moyron (CA Bar No. 235736)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213/623-9300 / Facsimile: 213/623-9924
Email:  samuel.maizel@dentons.com
        tania.moyron@dentons.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly Administered With: |
| | Case No. 2:18-bk-20162-ER |
| Debtors and Debtors in Possession. | Case No. 2:18-bk-20163-ER |
| | Case No. 2:18-bk-20164-ER |
| | Case No. 2:18-bk-20165-ER |
| ⊠ Affects All Debtors | Case No. 2:18-bk-20167-ER |
| | Case No. 2:18-bk-20168-ER |
| ☐ Affects Verity Health System of California, Inc. | Case No. 2:18-bk-20169-ER |
| ☐ Affects O'Connor Hospital | Case No. 2:18-bk-20171-ER |
| ☐ Affects Saint Louise Regional Hospital | Case No. 2:18-bk-20172-ER |
| ☐ Affects St. Francis Medical Center | Case No. 2:18-bk-20173-ER |
| ☐ Affects St. Vincent Medical Center | Case No. 2:18-bk-20175-ER |
| ☐ Affects Seton Medical Center | Case No. 2:18-bk-20176-ER |
| ☐ Affects O'Connor Hospital Foundation | Case No. 2:18-bk-20178-ER |
| ☐ Affects Saint Louise Regional Hospital Foundation | Case No. 2:18-bk-20179-ER |
| ☐ Affects St. Francis Medical Center of Lynwood Foundation | Case No. 2:18-bk-20180-ER |
| | Case No. 2:18-bk-20181-ER |
| ☐ Affects St. Vincent Foundation | |
| ☐ Affects St. Vincent Dialysis Center, Inc. | **DEBTORS' NOTICE OF MOTION AND MOTION TO (A) REJECT PROVIDER AGREEMENT WITH BLUE SHIELD OF CALIFORNIA, AND (B) ENFORCE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD G. ADCOCK** |
| ☐ Affects Seton Medical Center Foundation | |
| ☐ Affects Verity Business Services | |
| ☐ Affects Verity Medical Foundation | |
| ☐ Affects Verity Holdings, LLC | |
| ☐ Affects De Paul Ventures, LLC | |
| ☐ Affects De Paul Ventures - San Jose ASC, LLC | [RELATES TO DOCKET NOS. 3906, 3933, 3934] |
| | <u>**Hearing Date/Time**</u> |
| Debtors and Debtors in Possession. | Date:   March 17, 2020 |
| | Time:   10:00 a.m. |
| | Place:  Courtroom 1568 |
| | 225 E. Temple Street, Los Angeles, CA 90012 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that, at the above-referenced date, time and location, Verity Health System of California, Inc., a California nonprofit benefit corporation and the Debtor herein ("VHS"), and the above-referenced affiliated debtors (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Cases"), will move this Court for entry of an order (the "Motion"), pursuant to 11 U.S.C. § 365(a), authorizing the Debtors to reject, as of January 31, 2020, an agreement for the provision of hospital services between St. Vincent Medical Center ("SVMC") and Blue Shield of California ("BSC").[1] Under the Agreement, SVMC is required to, and in fact did, provide health care services to members enrolled in certain health benefit plans offered by BSC in exchange for the monthly capitation, or other reimbursement, payments in the amounts and at the rates set forth in the Agreement.  The Motion also seeks the entry of an order, pursuant to 11 U.S.C. § 362(a)(3), enforcing the automatic stay by requiring BSC to remit the capitation payment due for January 2020, which BSC has refused to pay.  Last, the Motion requests the Bankruptcy Court to fix a deadline for BSC to file a proof of claim arising from rejection of the Agreement under Bankruptcy Rule 3002(c)(4).

**PLEASE TAKE FURTHER NOTICE** that, on January 9, 2020, the Court entered its *Order Granting Debtors' Emergency Motion for Authorization to Close St. Vincent Medical Center* entered on January 9, 2020 [Docket No. 3934] ("Closure Order").  Pursuant to the Closure Order, the Bankruptcy Court authorized SVMC to cease operations on an expedited basis according to a closure plan approved by the order ("SVMC Closure").  As a consequence of the SVMC Closure, the Debtors have determined, in their business judgment, that the Agreement will no longer provide a benefit to the Debtors' estates and that rejection is in the best interest of the estates.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Richard G. Adcock (the "Adcock Declaration"), the supporting statements, arguments and representations of counsel who will appear at the hearing on the Motion, the record in these Cases, and any other

---

[1]  The agreement that is the subject of this Motion is the *Provider Agreement HMO Commercial Capitated Hospital* dated as of September 1, 2013 (the "Agreement").  BSC is a trade name for California Physicians' Service.  Unless otherwise defined herein, a capitalized term used in this Motion has the meaning specified in the Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:102840.2 89566/002

1    evidence properly brought before the Bankruptcy Court in all other matters of which the court may

2    properly take judicial notice.

3         **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f)(1), any party

4    opposing or responding to the Motion must file a response (the "<u>Response</u>") with the Bankruptcy

5    Court and serve a copy of it upon the moving party and the United States Trustee not later than 14

6    days before the date designated for the hearing on the Motion.  Any Response must be a complete

7    written statement of all reasons in opposition or in support of the Motion, and include any

8    declarations and copies of all evidence on which the responding party intends to rely, and any

9    responding memorandum of points and authorities.

10        **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file

11    and serve a timely objection to the Motion may be deemed by the Bankruptcy Court to be consent to

12    the relief requested therein.

13

14    Dated:  February 25, 2020              PACHULSKI STANG ZIEHL & JONES LLP

15

16                                          */s/ Shirley Cho*
                                          Shirley S. Cho

17                                          Co-Counsel to the Debtors and
                                          Debtors in Possession

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:102840.2 89566/002

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. JURISDICTION ........................................................................................................... 2

III. STATEMENT OF FACTS ......................................................................................... 2

    A.    General Background ....................................................................................... 2

    B.    SVMC Closure ............................................................................................... 3

    C.    The Agreement ............................................................................................... 4

IV. DISCUSSION ............................................................................................................. 5

    A.    The Debtors Have the Right to Reject the Agreement Pursuant to § 365(a). ............... 5

    B.    Rejection of the Agreement Is Within the Debtors' Sound Business Judgment. ......... 6

    C.    Enforcement of the Automatic Stay Is Needed .................................................. 6

    D.    SVMC Is Entitled to a Recovery for BSC's Stay Violation. ...................................... 8

V. CONCLUSION ............................................................................................................. 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.),*
  476 F.2d 665, 671 (9th Cir. 2007) ............................................................. 5, 6

*In re Chi-Feng Huang,*
  23 B.R. 798 (B.A.P. 9th Cir. 1982).................................................................... 5

*In re Computer Communications,*
  824 F.2d 725 (9th Cir. 1987) ....................................................................... 7, 8

*In re Del Mission,*
  98 F.3d 1147 (9th Cir. 1996) ........................................................................... 7

*In re Dyer,*
  322 F.3d 1178 (9th Cir. 2003) ......................................................................... 8

*In re Goodman,*
  991 F.2d 613 (9th Cir. 1993) ........................................................................... 8

*In re H Granados Communs., Inc.,*
  503 B.R. 726 (9th Cir. B.A.P. 2013).................................................................. 8

*In re Robert L. Helms Constr. & Dev. Co., Inc.,*
  139 F.3d 702 (9th Cir. 1998) ........................................................................... 5

*Lubrizol Enters. v. Richmond Metal Finishers,*
  726 F.2d 1043 (4th Cir. 1985) ......................................................................... 6

*NLRB v. Bildisco & Bildisco,*
  465 U.S. 513 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) ......................................... 6

**Statutes**

11 U.S.C. § 105 ................................................................................................... 2

11 U.S.C. § 1107................................................................................................ 2, 5

11 U.S.C. § 1108................................................................................................... 2

11 U.S.C. § 362................................................................................................. 1, 7

11 U.S.C. § 365.............................................................................................. 1, 2, 5

28 U.S.C. § 1334 ................................................................................................. 2

28 U.S.C. § 1408 ................................................................................................. 2

28 U.S.C. § 1409 ................................................................................................. 2

28 U.S.C. § 157 ................................................................................................... 2

**Other Authorities**

*The Impact of the New Bankruptcy Reform Act on Real Estate Development and Financing,*
  53 AM. BANKR. L.J. 363 (1979) ....................................................................... 5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Rules**

Fed. R. Bankr. P. 3002 ........................................................................................................... 2, 9

Fed. R. Bankr. P. 6006 ............................................................................................................... 2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtors, by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in support of the Motion to (a) reject the Agreement,[1] pursuant to § 365(a),[2] effective as of January 31, 2020, and (b) enforce the automatic stay, pursuant to pursuant to § 362(a)(3), due to BSC's willful failure to perform under an executory contract.  Under the Agreement, SVMC was required to, and in fact did, provide health care services to members enrolled in the various health benefit plans offered by BSC.  SVMC undertook these actions in reliance on BSC's compliance with the Agreement and payment in the amounts and at the rates set forth in the Agreement.

Following the closure of SVMC, the hospital will no longer be able to provide health care services to the members enrolled in the plans offered by BSC under the Agreement.  The Agreement, thus, provides no further benefit to the Debtors' bankruptcy estates (the "Estates").  Consequently, rejection is in the best interest of the Estates and the Debtors are permitted to reject the Agreement as a legitimate exercise of their business judgment pursuant to § 365(a).

Despite the SVMC Closure, SVMC performed under the Agreement during January 2020.  The hospital rendered Covered Services to Members enrolled under the Agreement and may have incurred liability to other providers that rendered services to such patients.  According to the Agreement, SVMC assumed "full financial responsibility" for services provided to those Capitated Members enrolled in the capitated plan offered under the Agreement.  In exchange, BSC was obligated to make a monthly Capitation payment to SVMC for January 2020.  BSC has knowingly and willfully refused to remit the contractual payment.  SVMC therefore requests the Court to

---

[1]  As defined above, the Agreement is the *Provider Agreement HMO Commercial Capitated Hospital* dated as of September 1, 2013.  The Agreement is not attached to this Motion because the compensation terms of the Agreement are confidential.  *See* Agreement § 12.9.  Nevertheless, the Agreement permits SVMC to disclose the method by which "they are compensated (*e.g.,* capitation, fee for service, etc.).  *Id.*

[2]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

DOCS_SF:102840.2 89566/002

1    enforce the automatic stay by requiring BSC to make the payment due under the Agreement.  SVMC

2    further requests that it be awarded sanctions against BSC in the form of attorneys' fees, costs, and

3    other damages subject to proof.

## II.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for this Motion is §§ 105(a), 362(a)(3) and 365(a), and Federal Rules of Bankruptcy Procedure 3002 and 6006.

## III.

## STATEMENT OF FACTS

### A.    General Background

1.    On August 31, 2018 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11.  The Cases are currently being jointly administered before this Court. Since the commencement of the Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.    VHS is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that formerly operated six acute care hospitals: O'Connor Hospital ("OCH"), St. Louise Regional Hospital ("SLRH"), St. Francis Medical Center ("SFMC"), SVMC and Seton Medical Center ("Seton").  Seton also operates Seton Medical Center Coastside under a consolidated acute care license.

3.    On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these Cases.  [Docket No. 197]

4.    On December 27, 2018, the Court entered its *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims and Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 1153] (the "Sale Order"). Pursuant to the Sale Order, the Debtors sold OCH, SLRH and certain related assets to the County of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Santa Clara, a political subdivision of the State of California.  The closing of this sale occurred on

2   February 28, 2019.

3         5.      On January 3, 2020, the Debtors filed their *Notice re Termination of Asset Purchase*

4   *Agreement with Strategic Global Management, Inc.* [Docket No. 3899] ("Termination Notice").  As

5   set forth in the Termination Notice, SGM failed to timely close the APA (as defined in the

6   Termination Notice) for the acquisition of SFMC, SVMC, Seton and certain related assets.

7   Consequently, the Debtors terminated the APA effective as of December 27, 2019.

8   **B.**     **SVMC Closure**

9         6.      The Bankruptcy Court authorized SVMC to cease operations on an expedited basis

10   according to the closure plan approved by the Closure Order. As contemplated by the closure plan,

11   SVMC gradually diverted new patients to other facilities commencing on or about January 12, 2020,

12   and eventually transferred or discharged all other patients by January 22, 2020.

13         7.      As more fully described in the *Debtors' Status Report re Closure of St. Vincent*

14   *Medical Center Dated January 23, 2020*, filed by the Debtors on January 23, 2020 [Docket No.

15   3982] ("Status Report"), the Debtors effectuated a smooth, safe and orderly implementation of the

16   SVMC closure plan.  Emergency services were discontinued as of January 9, 2020, the dialysis

17   center was closed on January 13, all SVMC inpatients were either discharged or transferred by

18   January 18, and all outpatient visits ceased as of January 22.  Effective January 23, 2020, SVMC's

19   transplant candidates were transferred to St. Joseph Hospital (Orange).  The Status Report also

20   identified the government notifications delivered in connection with the SVMC Closure.

21         8.      The Debtors recently filed the *Debtors' Status Report re Closure of St. Vincent*

22   *Medical Center Dated February 6, 2020* [Docket No. 4053] ("Second Status Report"). As described

23   in the Second Status Report, the Debtors have successfully continued to wind down SVMC's

24   operations and safeguard the facility's premises.  The Debtors remain on schedule to timely

25   complete the closure plan approved by the Closure Order.

26         9.      As a result of the foregoing actions, on and after February 1, 2020, SVMC is no

27   longer able to provide medical services to members enrolled in the various health care plans with

28   agreements at SVMC.  Thus, SVMC has filed several stipulations with various managed care plans

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  at SVMC for the rejection of certain plan and risk-sharing agreements.  The Debtors have also filed

2  omnibus motions to reject numerous additional executory contracts and unexpired leases that are no

3  longer needed by SVMC.[3]

**C.  The Agreement**

10.  Like many health care providers, SVMC is reimbursed by health plans for hospital

facility services under both fee-for-service (FFS) and capitation models.  In the former case, the plan

retains the risk for the cost of health care provided to its members and retrospectively reimburses the

hospital provider for the (negotiated) cost of services rendered from time to time.  In the latter case,

the hospital facility assumes the risk for the cost of health care (under a negotiated division of

financial responsibility, or DOFR).  The plan prospectively pays the hospital a fixed, monthly "per

member, per month" payment (PMPM).

11.  In order to efficiently manage the care delivered to capitated plan members (and

minimize the potential for incurring costs, both internal and external, *i.e.,* to third-party, downstream

providers, that exceed the PMPMs), the facility provider typically agrees to a managed care

agreement with an IPA that has assumed the corresponding professional risk for the same plan

members.  Under these so-called risk-sharing agreements, the IPA receives compensation for its

efforts to optimize the nature and source of patient care needed by plan members.

12.  Here, the Agreement required SVMC to provide "Covered Services" to those

members enrolled in the pertinent health benefit plan offered by BSC pursuant to the Agreement.

The Agreement applied to both Capitated Members (those entitled to medical services in exchange

for the PMPM paid to SVMC), and Non-Capitated Members (those entitled to medical services in

exchange for reimbursement to SVMC).  The Agreement, thus, includes a managed care plan under

which SVMC was entitled to receive a predetermined amount for each beneficiary per month,

whether or not the beneficiary actually received health care services.  The Agreement also includes a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[3]  On February 7, 2020, the Debtors filed their first and second omnibus motions to reject various SVMC agreements [Docket Nos. 4054 and 4055].  On February 11, 2020, the Debtors filed their third omnibus motion to reject additional SVMC agreements [Docket No. 4073].  Each of these motions was scheduled for a hearing on March 4, 2020, at 10:00 a.m.  On February 21, 2020, the Debtors filed their fourth omnibus motion to reject certain additional SVMC agreements [Docket No. 4133]. That motion is scheduled for a hearing on March 17, 2020, at 10:00 a.m.

*per diem*, or FFS, plan under which SVMC is entitled to be reimbursed for those services actually rendered from time to time at prenegotiated rates.

13.    In light of the SVMC Closure, the hospital is no longer able to provide covered services to BSC members enrolled under the Agreement.  Accordingly, SVMC seeks to reject the Agreement as of January 31, 2020.  Notwithstanding rejection of the Agreement, of course, SVMC expects to be compensated for services actually rendered during January 2020 to BSC members under either the capitated or FFS arrangements offered under the Agreement.

**IV.**

**DISCUSSION**

**A.    The Debtors Have the Right to Reject the Agreement Pursuant to § 365(a).**

Section 365(a) authorizes a debtor in possession, "subject to the Court's approval . . . [to] assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a) (made applicable by § 1107(a)).  A debtor in possession may assume or reject executory contracts for the benefit of its estate and its creditors.  *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.2d 665, 671 (9th Cir. 2007); *In re Chi-Feng Huang*, 23 B.R. 798, 801 (B.A.P. 9th Cir. 1982) ("The primary issue is whether rejection would benefit the general unsecured creditors.").  "The purpose of the power to reject is to augment the estate of the debtor."  *Chi-Feng Huang*, 23 B.R. at 800 (quoting Krasnowiecki, *The Impact of the New Bankruptcy Reform Act on Real Estate Development and Financing*, 53 Am. Bankr. L.J. 363, 382 (1979)).

Section 365 does not provide a definition of what constitutes an executory contract. However, the Ninth Circuit has adopted the standard *Countryman* definition of an executory contract, which is a contract "under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other."  *See, e.g., In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998).

Here, as of the Petition Date, BSC and SVMC had material unperformed obligations under the Agreement.  The Agreement qualifies as an executory contracts and, thus, the Debtors have the right to reject the Agreement pursuant to § 365(a).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    Rejection of the Agreement Is Within the Debtors' Sound Business Judgment.**

In reviewing a debtor in possession's decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether to approve the assumption or rejection. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) (recognizing that the business judgment rule is used in reviewing motions to reject executory contracts); *Pomona Valley Med. Grp.*, 476 F.2d at 670.

The business judgment standard requires that the bankruptcy court "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Pomona Valley Med. Grp.*, 476 F.2d at 670. As a result, the bankruptcy court should approve rejection "unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Id.* (quoting *Lubrizol Enters. v. Richmond Metal Finishers*, 726 F.2d 1043, 1047 (4th Cir. 1985)).

The Motion should be granted because the Debtors' decision to reject the Agreement indisputably falls within their sound business judgment. The Agreement relates to the delivery of hospital facility services by SVMC, now closed. Adcock Declaration, ¶ 4. As a result of the cessation of operations at SVMC, there is no further benefit to the Estates from any future performance under the Agreement. *Id.* Accordingly, rejection of the Agreement as of January 31, 2020 is in the Estates' best interests and the decision to reject is a sound exercise of the Debtors' business judgment. *Id.*

**C.    Enforcement of the Automatic Stay Is Needed.**

As described above, the essence of a managed care capitation agreement is the assumption by the hospital facility (here, SVMC) of the "full-risk" for those medical services that are contractually assumed by the hospital. In exchange, the plan (here, BSC), pays the facility a fixed, monthly PMPM. Under the Agreement with BSC, that PMPM is defined as a Capitation payment. The payment compensates the hospital for the risk it has assumed, and is the only means for the hospital[4] to fund its internal costs of care as well as any out-of-network (OON) liability it may incur. The

---

[4] In addition to any applicable copayments and deductibles.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Capitation is computed each month by multiplying the number of enrolled members during that month by a fixed capitation fee for each type of member (with different amounts depending on age, gender and type of plan). Although the number and type of member might vary month to month, the Capitation fees are typically very stable and do not fluctuate dramatically. *See* Agreement, Exhibits C-1, C-2.[5] During 2019, BSC paid SVMC monthly Capitation ranging between $58,000 and $73,000. Adcock Declaration, ¶ 5.

BSC did not timely pay, and has not yet paid, the Capitation due for January 2020. The Capitation is property of the estate – a fixed, recurring amount due under an executory contract. *See In re Computer Communications, Inc.,* 824 F.2d 725, 730 (9th Cir. 1987) (contractual rights are included in property of the estate). Under the Agreement, BSC agreed that "Capitation shall be paid no later than the fifteenth (15th) day of the month, if hospital accepts electronic payments; otherwise, Capitation for such Members shall be paid no later than the twentieth (20th) day of the month." *See* Agreement § 5.1(a). The Agreement remained in full force and effect during January 2020 and SVMC honored its obligations under the Agreement (either by providing covered services directly or incurring liability to other hospitals and healthcare providers that rendered such services). Adcock Declaration, ¶ 5. Accordingly, BSC was, and remains, obligated to pay Capitation to SVMC.[6]

BSC's unilateral failure to remit the Capitation payment to SVMC is a violation of the automatic stay. *See In re Del Mission*, 98 F.3d 1147, 1151 (9th Cir. 1996) ("the knowing retention of estate property violates the automatic stay of § 362(a)(3)."). Among the central purposes of the stay is to alleviate the financial strains placed on the debtor by requiring third parties to return or remit estate property. *Id.* at 1151. BSC owes SVMC a valid and undisputed post-petition debt and has refused to pay. The Agreement was in force during January 2020 and SVMC performed according to the Agreement. BSC's willful act to withhold payment is an exercise of control over property of

---

[5] The Capitation rate tables are not attached hereto due to the non-disclosure obligations under the Agreement.

[6] Although the precise amount of the Capitation depends on the number and type of Members enrolled during January 2020, a matter uniquely within BSC's knowledge, there is no legitimate dispute that Capitation was payable under the Agreement. As noted above, although the amount of each monthly Capitation payment varied, the payment range was quite narrow.

1  the estate.  The Court, therefore, should enter an order enforcing the automatic stay and requiring

2  BSC to immediately pay to SVMC the outstanding Capitation for January 2020.

3  **D.**    **SVMC Is Entitled to a Recovery for BSC's Stay Violation.**

4       Under Ninth Circuit precedent, an injured corporation (like SVMC) may recover damages

5  caused by a violation of the automatic stay as a matter of ordinary civil contempt under § 105(a).

6  *See In re Goodman*, 991 F.2d 613, 620 (9th Cir. 1993) ("contempt proceedings are the proper means

7  of compensation and punishment for willful violations of the automatic stay").  Such an award rests

8  in the discretion of the Court.  *See Computer Communs.*, 824 F.2d at 731 (award of damages for

9  violation of the automatic stay is within the discretion of the bankruptcy court).

10      Here, despite demand, BSC continues to deny payment for the January 2020 Capitation.

11  BSC is aware of the commencement of the Cases and the imposition of the automatic stay, yet has

12  knowingly refused to pay the Capitation.  There is no contractual or legal defense to BSC's duty to

13  timely pay; as noted, the Agreement remained in effect during January 2020 and SVMC performed.

14  BSC, thus, has willfully violated the stay.  *See In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003).

15      Damages for a willful stay violation may appropriately include attorney's fees and costs in

16  seeking the enforcement of the automatic stay, among other damages based on any injuries sustained

17  by the debtor.  *See In re H Granados Communs., Inc.,* 503 B.R. 726, 735 (9th Cir. B.A.P. 2013) ("In

18  the context of a willful violation of the discharge injunction, the bankruptcy court may aware actual

19  damages and attorneys' fees to the debtor as a civil contempt sanction. …  While not identical

20  transgressions, a stay violation under § 105(a) is analogous to a discharge injunction violation; both

21  implicate offenses to prophylactic injunctions exclusively available under the Bankruptcy Code.").

22  SVMC, accordingly, seeks an award of attorneys' fees and costs in order to compensate the Estates

23  for pursuing BSC's compliance with the automatic stay.  SVMC hereby requests the Court to fix the

24  amount of the sanction according to proof at a subsequent hearing.

**V.**

**CONCLUSION**

27      **WHEREFORE**, for the foregoing reasons and such additional reasons as may be advanced

28  at or prior to the hearing on this Motion, the Debtors respectfully request that the Court enter an

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

order (i) authorizing the Debtors to reject[7] the Agreement as of January 31, 2020, (ii) fixing the last day for BSC to file a proof of claim arising from the rejection of the Agreement under Bankruptcy Rule 3002(c)(4), (iii) requiring BSC to comply with the automatic stay and remit the Capitation payment due for January 2020, (iv) awarding SVMC a recovery for BSC's knowing and willful violation of the automatic stay in an amount according to proof, and (v) granting such other and further relief as is just and proper under the circumstances.

Dated:  February 25, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                             */s/ Shirley Cho*
                                             _____
                                             Shirley S. Cho
                                             Co-Counsel to the Debtors and
                                             Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[7] Nothing in this Motion precludes or otherwise affects the Debtors from asserting any further or additional claims they may have against BSC under the Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1.      I am the Chief Executive Officer of Verity Health System of California, Inc. ("VHS"). I became the Debtors' Chief Executive Officer effective January 2018. Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2.      Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' legal and financial advisors, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and the healthcare industry. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.      This Declaration is made in support of the *Debtors' Notice of Motion and Motion to (a) Reject Provider Agreement with Blue Shield Of California, and (b) Enforce Automatic Stay* ("Motion")[1] and for all other purposes permitted by law.

4.      SVMC is a party to the Agreement with BSC that is identified in footnote 1 of the foregoing Memorandum of Points and Authorities.  The Agreement relates to the delivery of hospital facility services by SVMC, on both a capitated and fee for service basis.  Following the SVMC Closure, however, the hospital can no longer render covered medical services to those members of BSC that were enrolled in the health benefit plans offered by BSC under the Agreement.  As a result, I have concluded that there is no benefit to the Estates from any future performance by SVMC under the Agreement.  Based on the foregoing, I have determined, in my business judgment, that rejection of the Agreement is in the best interest of the Estates.

5.      BSC has not yet paid to SVMC the monthly Capitation payment due for January 2020.  Although the precise amount due for January 2020 depends on membership enrollment during that month, SVMC's records show that, during 2019, BSC paid SVMC monthly Capitation ranging between $58,000 and $73,000.  During January 2020, although it eventually ceased admitting patients by the end of the month, SVMC performed under the Agreement either by directly providing services or incurring liability to other providers.

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed this 25th day of February, 2020, at Los Angeles, California.

3

4                                                        Richard G. Adcock

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): ***DEBTORS' NOTICE OF MOTION AND MOTION
TO (A) REJECT PROVIDER AGREEMENT WITH BLUE SHIELD OF CALIFORNIA, AND (B) ENFORCE AUTOMATIC
STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD G. ADCOCK*** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**February 25, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 25, 2020**, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael B. Reynolds
Snell & Wilmer, LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA  92626-7689

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 25, 2020**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**VIA OVERNIGHT MAIL**
Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2020 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:18-bk-20151-ER**

- *Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com*
- *Melinda Alonzo    ml7829@att.net*
- *Robert N Amkraut    ramkraut@foxrothschild.com*
- *Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *Simon Aron    saron@wrslawyers.com*
- *Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com*
- *Allison R Axenrod    allison@claimsrecoveryllc.com*
- *Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com*
- *Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com*
- *James Cornell Behrens    jbehrens@milbank.com, gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com*
- *Ron Bender    rb@lnbyb.com*
- *Bruce Bennett    bbennett@jonesday.com*
- *Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com*
- *Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com*
- *Steven M Berman    sberman@slk-law.com, mceriale@shumaker.com*
- *Stephen F Biegenzahn    efile@sfblaw.com*
- *Karl E Block    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com*
- *Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com*
- *Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com*
- *Chane Buck    cbuck@jonesday.com*
- *Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov*
- *Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com*
- *Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com*
- *Shirley Cho    scho@pszjlaw.com*
- *Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com*
- *Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com*
- *Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com*
- *Marcus Colabianchi    mcolabianchi@duanemorris.com*
- *Kevin Collins    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com*
- *Joseph Corrigan    Bankruptcy2@ironmountain.com*
- *David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com*
- *Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com*
- *Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com*
- *Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com*
- *Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com*
- *Daniel Denny    ddenny@milbank.com*
- *Anthony Dutra    adutra@hansonbridgett.com*
- *Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com*
- *Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *David K Eldan    david.eldan@doj.ca.gov, cynthia.gomez@doj.ca.gov*
- *Andy J Epstein    taxcpaesq@gmail.com*
- *Richard W Esterkin    richard.esterkin@morganlewis.com*
- *Christine R Etheridge    christine.etheridge@ikonfin.com*
- *M Douglas Flahaut    flahaut.douglas@arentfox.com*
- *Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com*
- *Joseph D Frank    jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com*
- *William B Freeman    bill.freeman@kattenlaw.com, nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com*
- *John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com*
- *Eric J Fromme    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com*
- *Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com*
- *Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com*
- *Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com*
- *Lawrence B Gill    lgill@nelsonhardiman.com, rrange@nelsonhardiman.com;ksherry@nelsonhardiman.com;mmarkwell@nelsonhardiman.com*
- *Paul R. Glassman    pglassman@sycr.com*
- *Matthew A Gold    courts@argopartners.net*
- *Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com*
- *Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com*
- *Richard H Golubow    rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com*
- *David M. Guess    guessd@gtlaw.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327257.1 89566/001

**F 9013-3.1.PROOF.SERVICE**

- *Anna Gumport    agumport@sidley.com*
- *Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov*
- *James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com*
- *Michael S Held    mheld@jw.com*
- *Lawrence J Hilton    lhilton@onellp.com, lthomas@onellp.com,info@onellp.com,rgolder@onellp.com ,lhyska@onellp.com,nlichtenberger@onellp.com*
- *Robert M Hirsh    rhirsh@lowenstein.com*
- *Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com*
- *Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com*
- *Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com*
- *Matthew B Holbrook    mholbrook@sheppardmullin.com, mmanns@sheppardmullin.com,amartin@sheppardmullin.com*
- *David I Horowitz    david.horowitz@kirkland.com, keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com*
- *Virginia Hoyt    scif.legal.bk@scif.com*
- *Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com*
- *Joan Huh    joan.huh@cdtfa.ca.gov*
- *Benjamin Ikuta    bikuta@hml.law*
- *Lawrence A Jacobson    laj@cohenandjacobson.com*
- *John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com*
- *Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com*
- *Crystal Johnson    M46380@ATT.COM*
- *Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com*
- *Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com*
- *Steven J Kahn    skahn@pszyjw.com*
- *Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov*
- *Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com*
- *Ori Katz    okatz@sheppardmullin.com, cshulman@sheppardmullin.com,ezisholtz@sheppardmullin.com;lsegura@sheppardmullin.com*
- *Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com*
- *Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com*
- *Jane Kim    jkim@kellerbenvenutti.com*
- *Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com*
- *Gary E Klausner    gek@lnbyb.com*
- *David A Klein    david.klein@kirkland.com*
- *Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com*
- *Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com*

- *David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com*
- *Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com*
- *Darryl S Laddin    bkrfilings@agg.com*
- *Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com*
- *Richard A Lapping    richard@lappinglegal.com*
- *Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com*
- *Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com*
- *David E Lemke    david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com*
- *Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com*
- *Elan S Levey    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov,louisa.lin@usdoj.gov*
- *Kerri A Lyman    klyman@mwe.com, lbates@mwe.com*
- *Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net*
- *Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com*
- *Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov*
- *Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com*
- *Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov*
- *John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com*
- *Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com*
- *John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com*
- *Susan I Montgomery    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf@gmail.com;montgomerysr71631@notify.bestcase.com*
- *Monserrat Morales    Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com*
- *Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com*
- *Marianne S Mortimer    mmartin@jmbm.com*
- *Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com;nick.koffroth@dentons.com;Sonia.martin@dentons.com;Isabella.hsu@dentons.com;lee.whidden@dentons.com;Jacqueline.whipple@dentons.com*
- *Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com*
- *Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327257.1 89566/001

**F 9013-3.1.PROOF.SERVICE**

- *Jennifer L Nassiri    jennifernassiri@quinnemanuel.com*
- *Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com*
- *Sheila Gropper Nelson    shedoesbklaw@aol.com*
- *Mark A Neubauer    mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com*
- *Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com*
- *Nancy Newman    nnewman@hansonbridgett.com, ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com*
- *Bryan L Ngo    bngo@fortislaw.com, BNgo@bluecapitallaw.com,SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com*
- *Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com;GJLeon@mintz.com*
- *John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com*
- *Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com*
- *Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com*
- *Keith C Owens    kowens@venable.com, khoang@venable.com*
- *R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com*
- *Paul J Pascuzzi    ppascuzzi@ffwplaw.com*
- *Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com*
- *Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com*
- *Mark D Plevin    mplevin@crowell.com, cromo@crowell.com*
- *Steven G. Polard    spolard@ch-law.com, calendar-lao@rmkb.com;melissa.tamura@rmkb.com;anthony.arriola@rmkb.com*
- *David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com*
- *Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Lori L Purkey    bareham@purkeyandassociates.com*
- *William M Rathbone    wrathbone@grsm.com, jmydlandevans@grsm.com;sdurazo@grsm.com*
- *Jason M Reed    Jason.Reed@Maslon.com*
- *Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com*
- *J. Alexandra Rhim    arhim@hrhlaw.com*
- *Emily P Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net*
- *Robert A Rich    candonian@huntonak.com*
- *Lesley A Riis    lriis@dpmclaw.com*
- *Debra Riley    driley@allenmatkins.com*
- *Jason E Rios    jrios@ffwplaw.com*
- *Julie H Rome-Banks    julie@bindermalter.com*
- *Mary H Rose    mrose@buchalter.com*
- *Gregory A Rougeau    grougeau@brlawsf.com*
- *Megan A Rowe    mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com*
- *Nathan A Schultz    nschultz@goodwinlaw.com*
- *Mark A Serlin    ms@swllplaw.com, mor@swllplaw.com*
- *Seth B Shapiro    seth.shapiro@usdoj.gov*
- *David B Shemano    dshemano@shemanolaw.com*
- *Joseph Shickich    jshickich@riddellwilliams.com*
- *Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com*
- *Kyrsten Skogstad    kskogstad@calnurses.org, rcraven@calnurses.org*
- *Michael St James    ecf@stjames-law.com*
- *Andrew Still    astill@swlaw.com, kcollins@swlaw.com*
- *Jason D Strabo    jstrabo@mwe.com, cfuraha@mwe.com*
- *Sabrina L Streusand    Streusand@sllllp.com*
- *Ralph J Swanson    ralph.swanson@berliner.com, sabina.hall@berliner.com*
- *Michael A Sweet    msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com*
- *James M Toma    james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov*
- *Gary F Torrell    gtorrell@health-law.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Cecelia Valentine    cecelia.valentine@nlrb.gov*
- *Jason Wallach    jwallach@ghplaw.com, g33404@notify.cincompass.com*
- *Kenneth K Wang    kenneth.wang@doj.ca.gov, Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov*
- *Phillip K Wang    phillip.wang@rimonlaw.com, david.kline@rimonlaw.com*
- *Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com*
- *Adam G Wentland    awentland@tocounsel.com, lkwon@tocounsel.com*
- *Latonia Williams    lwilliams@goodwin.com, bankruptcy@goodwin.com*
- *Michael S Winsten    mike@winsten.com*
- *Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com*
- *Neal L Wolf    nwolf@hansonbridgett.com, calendarclerk@hansonbridgett.com,lchappell@hansonbridgett.com*
- *Claire K Wu    ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com*
- *Steven D Wyllie    steven.wyllie@nlrb.gov*
- *Hatty K Yip    hatty.yip@usdoj.gov*
- *Andrew J Ziaja    aziaja@leonardcarder.com, sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com*
- *Rose Zimmerman    rzimmerman@dalycity.org*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.