1    SAMUEL R. MAIZEL (Bar No. 189301)
     samuel.maizel@dentons.com
2    TANIA M. MOYRON (Bar No. 235736)
     tania.moyron@dentons.com
3    NICHOLAS A. KOFFROTH (Bar No. 287854)
     nicholas.koffroth@dentons.com
4    DENTONS US LLP
     601 South Figueroa Street, Suite 2500
5    Los Angeles, California 90017-5704
     Tel: (213) 623-9300 / Fax: (213) 623-9924
6
     Proposed Attorneys for the Chapter 11 Debtors and
7    Debtors In Possession

```
┌─────────────────────────────────┐
│        FILED & ENTERED          │
│                                 │
│        FEB 26 2020              │
│                                 │
│   CLERK U.S. BANKRUPTCY COURT   │
│   Central District of California │
│   BY gonzalez  DEPUTY CLERK     │
└─────────────────────────────────┘
```

8                **UNITED STATES BANKRUPTCY COURT**
      **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**
9

10   In re                                Lead Case No. 2:18-bk-20151-ER
                                          Jointly Administered With:
11   VERITY HEALTH SYSTEM OF              Case No. 2:18-bk-20162-ER
     CALIFORNIA, INC., *et al.*,          Case No. 2:18-bk-20163-ER
12                                        Case No. 2:18-bk-20164-ER
          Debtors and Debtors In Possession.   Case No. 2:18-bk-20165-ER
13                                        Case No. 2:18-bk-20167-ER
                                          Case No. 2:18-bk-20168-ER
14   ☒ Affects All Debtors                Case No. 2:18-bk-20169-ER
                                          Case No. 2:18-bk-20171-ER
15   ☐ Affects Verity Health System of   Case No. 2:18-bk-20172-ER
         California, Inc.                 Case No. 2:18-bk-20173-ER
16   ☐ Affects O'Connor Hospital         Case No. 2:18-bk-20175-ER
     ☐ Affects Saint Louise Regional Hospital   Case No. 2:18-bk-20176-ER
17   ☐ Affects St. Francis Medical Center  Case No. 2:18-bk-20178-ER
     ☐ Affects St. Vincent Medical Center  Case No. 2:18-bk-20179-ER
18   ☐ Affects Seton Medical Center      Case No. 2:18-bk-20180-ER
     ☐ Affects O'Connor Hospital Foundation   Case No. 2:18-bk-20181-ER
19   ☐ Affects Saint Louise Regional Hospital
         Foundation                       Hon. Judge Ernest M. Robles
20   ☐ Affects St. Francis Medical Center of
         Lynwood Foundation               **ORDER (1) APPROVING AUCTION SALE FORMAT**
21   ☐ Affects St. Vincent Foundation     **AND BIDDING PROCEDURES, (2) APPROVING**
     ☐ Affects St. Vincent Dialysis Center, Inc.   **PROCESS FOR DISCRETIONARY SELECTION OF**
22   ☐ Affects Seton Medical Center Foundation   **STALKING HORSE BIDDER AND BID**
     ☐ Affects Verity Business Services    **PROTECTIONS; (3) APPROVING FORM OF**
23   ☐ Affects Verity Medical Foundation  **NOTICE TO BE PROVIDED TO INTERESTED**
     ☐ Affects Verity Holdings, LLC       **PARTIES; (4) SCHEDULING A COURT HEARING**
24   ☐ Affects De Paul Ventures, LLC      **TO CONSIDER APPROVAL OF THE SALE TO THE**
     ☐ Affects De Paul Ventures - San Jose  **HIGHEST AND BEST BIDDER; AND (5)**
         Dialysis, LLC                    **APPROVING PROCEDURES RELATED TO THE**
25                                        **ASSUMPTION OF CERTAIN EXECUTORY**
          Debtors and Debtors In Possession.   **CONTRACTS AND UNEXPIRED LEASES**
26
                                          **Hearing:**
27                                        **Date:  February 26, 2020**
                                          **Time:  10:00 am**
28                                        **Place:  Courtroom 1568, 255 E. Temple St., Los Angeles, CA**

*Left margin:* DENTONS US LLP / 601 SOUTH FIGUEROA STREET, SUITE 2500 / LOS ANGELES, CALIFORNIA 90017-5704 / (213) 623-9300

1   This matter coming before the Court on the motion [Docket No. 4069] (the "<u>Motion</u>")[1] of

2   the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for the entry of the Order,

3   as applicable, pursuant to §§ 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C.

4   §§ 101, *et seq*. (the "<u>Bankruptcy Code</u>"),[2] Rules 2002, 6004, 6006, 9007, and 9014 of the Federal

5   Rules of Bankruptcy Procedure and Rules 6004-1(b) and 9013-1 of the Local Bankruptcy Rules

6   of the United States Bankruptcy Court for the Central District of California ("<u>LBR</u>"): (a)

7   approving a process by which interested parties may bid (a "<u>Bid</u>") to purchase St. Francis

8   Medical Center ("<u>St. Francis</u>") and related assets (collectively, the "<u>Purchased Assets</u>"), including

9   the assignment and assumption of Assumed Executory Contracts, together with the payment of

10  Cure Costs (as such terms are defined in the Motion); (b) approving a process by which, at the

11  Debtors' election, a stalking-horse bidder may be selected from among those parties making a

12  Bid, and bidding protections may be granted to such stalking horse bidder without further order of

13  the Court; (c) setting bid procedures to establish guidelines for parties interesting in making initial

14  Bids and overbids to such initial Bids; (d) if multiple Qualified Bids (as defined in the Motion)

15  are received, scheduling an auction of the Purchased Assets; and (e) scheduling a sale hearing for

16  the Court to approve the highest and best Qualified Bid.   The Court, having found that (i) the

17  Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28

18  U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and

19  1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion

20  was sufficient under the circumstances and properly given; and it appearing that no other or

21  further notice need be provided; and having considered the limited objection [Docket No. 4016]

22  (the "<u>Limited Objection</u>") filed by UnitedHealthcare Insurance Company ("<u>United</u>"), the

23  reservation of rights [Docket No. 4108] filed by U.S. Bank National Association, as Series 2015

24  Note Trustee and Series 2017 Note Trustee ("<u>U.S. Bank</u>"), the reservation of rights [Docket No.

25  4119] filed by SEIU United Healthcare Workers-West ("<u>SEIU-UHW</u>"), the Debtors' reply

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] All references to "§" or "section" herein are to the Bankruptcy Code.  All references to "Rules" are to the Federal Rules of Bankruptcy Procedure.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114292022\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

[Docket No. 4132] (the "Reply") thereto, and any other argument or evidence properly before the Court; and a hearing on the proposed Bidding Procedures as detailed in the Motion having been held (the "Hearing"); and after due deliberation the Court having determined that the relief requested in the Motion with respect to the proposed Bidding Procedures is in the best interests of the Debtors, their estates, and their creditors; and for the reasons set forth in the Court's *Order Setting Briefing Schedule to Determine Whether Strategic Global Management Should Be Disqualified from Participating in the Auction* [Docket No. 4161] (the "Scheduling Order") and the tentative ruling attached thereto as Exhibit A, which the Court adopts as its final ruling and which is incorporated herein by reference (the "Ruling"); and good and sufficient cause having been shown:

**AND IT IS FURTHER FOUND AND DETERMINED THAT:** [3]

A.      The statutory and legal predicates for the relief requested in the Motion and provided for herein are §§ 105(a), 363, and 365, Rules 2002, 6004, 6006, 9007, and 9014, and LBR 6004-1(b) and 9013-1.

B.      In the Motion, the Reply, and at the Hearing, the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

C.      The Debtors' proposed Procedures Notice, Cure Notice, the Auction, the Auction Procedures, and the hearing to approve the sale of the Purchased Assets (the "Sale Hearing") are appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

---

[3]      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

US_Active\114292022\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

D.      The Bidding Procedures substantially in the form attached hereto as <u>Exhibit "1"</u> are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

E.      The Break-Up Fee is reasonably calculated to: (1) attract or retain a potentially successful bid; (2) establish a bid standard or minimum for other bidders to follow; and (3) attract additional bidders.  Accordingly, in light of the foregoing, the size and nature of the Sale, and the efforts that would be expended by a Stalking Horse Purchaser, the Break-Up Fee is reasonable and appropriate.

F.      The procedures for assumption and assignment of Assumed Executory Contracts (the "<u>Assumption and Assignment Procedures</u>") provided for herein and the Cure Notice are reasonable and appropriate and consistent with the provisions of § 365 and Rule 6006.  The Assumption and Assignment Procedures and the Cure Notice have been narrowly tailored to provide an adequate opportunity for all non-debtor counterparties to the Assumed Executory Contracts to assert any Assumption Objection.

G.      Entry of (i) this Order at this time and (ii) an order approving the Sale (the "<u>Sale Order</u>") after the Sale Hearing is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Limited Objection is hereby **SUSTAINED**.  The Debtors shall provide United an irrevocable designation with respect to the assumption and assignment of United's contracts related to the Sale within 48 hours of the conclusion of the Auction.  If no Auction is held, the Debtors shall provide United such irrevocable designation by no later than April 9, 2020, at 10:00 a.m. (prevailing Pacific Time).

3.      The rights of U.S. Bank and SEIU-UHW are preserved as set forth in the Ruling.

4.      Except as set forth in the Scheduling Order, any other objections to the relief requested in the Motion, insofar as it related to this Order, that have not been resolved herein, withdrawn, waived or settled are overruled.

- 4 -

US_Active\114292022\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

5.      The Bidding Procedures attached hereto as <u>Exhibit "l"</u> are **APPROVED**.

6.      The Debtors, in their discretion, after consultation with the Committee, and with the prior consent of the Prepetition Secured Creditors,[4] are authorized to designate a Qualified Bidder as the "<u>Stalking Horse Bidder</u>" and award stalking horse protections, including a break-up fee and expense reimbursement in an amount not to exceed in the aggregate 2.5% of the proposed Purchase Price under such Qualified Bidder's Qualified APA (the "<u>Break-Up Fee</u>").  The Debtors shall have no obligation to designate any Qualified Bidder as the Stalking Horse Bidder.  The award of stalking horse protection may occur without further notice (other than an announcement to Potential Bidders no later than the commencement of the Auction) or order of the Court.  If such designation is made, unless the Debtors receive a higher or better bid prior to the Auction, the Opening Bid at the Auction shall be the Bid of the Qualified Bidder that has been designated as the Stalking Horse Bidder.

7.      The Break-Up Fee is **APPROVED.**  Any Break-Up Fee, to the extent payable, shall only be paid from the cash proceeds received by the Debtors at the closing of a Sale with a Qualified Bidder other than the Stalking Horse Bidder.

8.      The Bid Deadline shall be <u>**April 3, 2020 at 5:00 p.m. (prevailing Pacific Time)**</u>.

9.      Any party with a valid, properly perfected prepetition or post-petition security interest in any of the Purchased Assets may credit bid (any such bid, a "<u>Credit Bid</u>" and any party submitting a Credit Bid, each a "<u>Credit Bidder</u>") for such Purchased Assets in connection with the Sale in accordance with and pursuant to § 363(k), except as otherwise limited by the Court for cause; provided however, that no Credit Bidder may Credit Bid unless (x) all secured creditors with a valid and perfected security interest in the Purchased Assets subject to the Credit Bid that rank equal or senior to the security interest of the Credit Bidder in the Purchased Assets consent in writing to such Credit Bid or (y) the Credit Bid expressly provides for the payment in full in cash at the closing on account of the Purchased Assets subject to valid and perfected security

---

[4] As such term is defined in the Final Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Proection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief (the "Final DIP Order").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

interests in the Purchased Assets that are equal or senior in rank to the security interests of the Credit Bidder. Nothing in this Order or the exhibits hereto shall limit the rights of any party in interest to seek relief from this Court related to the right or alleged right of any creditor to exercise a Credit Bid for any of the Purchased Assets.

10.     The Debtors, after consultation with the Official Committee of Unsecured Creditors and the Prepetition Secured Creditors (collectively, the "Consultation Parties"), shall determine, in their reasonable discretion, whether a Bid has satisfied each of the Bid Requirements.   One business day prior to the Auction, the Debtors shall determine, after consultation with the Consultation Parties, whether any submitted bids constitute Qualified Bids.

11.     If any Bids are designated as Qualified Bids, the Auction shall be held on **April 7, 2020, at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least twenty-four (24) hours before the Auction, pursuant to the Auction Procedures set forth in the Bidding Procedures.

12.     At the Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auction shall be conducted openly and transcribed (with the Consultation Parties, and their respective legal and financial advisors, permitted to attend).   Upon the conclusion of the Auction (if such Auction is conducted), the Debtors, in the exercise of their reasonable, good-faith business judgment and after consultation with the Consultation Parties, shall identify (i) the Winning Bid, which is the highest and best Qualified Bid submitted at the Auction; and (ii) the next highest and best Qualified Bid (the "Back-Up Bid" and the party submitting the Back-Up Bid, the "Back-Up Bidder").   Each of the Winning Bidder and the Back-Up Bidder shall execute a definitive Qualified Bid conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable, but in no event later than prior to the Sale Hearing.

13.     The Sale Hearing shall be held on **April 9, 2020, at 10:00 a.m. (prevailing Pacific Time)** before this Court, the U.S. Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012.   Any objections to the Sale (other than an

US_Active\114292022\V-3

Assumption Objection (defined herein) which shall be governed by the procedures set forth below) (a "Sale Objection"), must: (i) be in writing; (ii) comply with the Rules and the LBRs; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with the Court, 255 E. Temple St., Los Angeles, California 90012, together with proof of service, **April 8, 2020, at 5:00 p.m. (prevailing Pacific Time)** (the "Sale Objection Deadline"); and (v) be served, so as to be actually received on or before the Sale Objection Deadline, upon (i) counsel to the Debtors:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee of Unsecured Creditors: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (v) counsel to the Series 2015 Notes Trustee: McDermott Will & Emergy LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Nathan F. Coco and Megan Preusker (ncoco@mwe.com; mpreusker@mwe.com)); (vi) counsel to the Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com)); and (vii) counsel to the MOB Lenders: Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Bruce Bennett, Benjamin Rosenblum, and Peter Saba (bbennett@jonesday.com, brosenblum@jonesday.com, psaba@jonesday.com)) (collectively, the "Notice Parties").  If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the objecting party may be barred from objecting to the Sale and may not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.  Replies to any Sale Objections may be presented at the Sale Hearing.

14.    The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on

US_Active\114292022\V-3

the date scheduled for the Sale Hearing, and the Debtors shall have the exclusive right, in the exercise of their fiduciary obligations and business judgment, and after consultation with the Consultation Parties, to cancel the Sale at any time subject to, and in accordance with, the terms of this Order.

15.     The following forms of notice are approved: (a) the Procedures Notice, in the form substantially similar to that attached hereto as Exhibit "2" and (b) the Cure Notice, in the form substantially similar to that attached hereto as Exhibit "3."

16.     The Debtors shall file with the Court and serve a copy of this Order and the Procedures Notice by first class mail, postage prepaid, on the Notice Parties and all parties that the Debtors are required to serve pursuant to LBR 6004-1(b)(3) and the *Order Granting Emergency Motion of Debtors for Order Limiting Scope of Notice* [Docket No. 132] not later than **February 26, 2020**.

17.     The Debtors shall file with the Court and serve the Cure Notice (along with a copy of this Bidding Procedures Order) upon each counterparty to the Assumed Executory Contracts by no later than **March 13, 2020**.  The Cure Notice shall state (i) the date, time, and place of the Sale Hearing, and (ii) the date by which any Assumption Objection must be filed and served.  The Cure Notice also will identify the amounts, if any, that the Debtors believe are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

18.     To the extent there are any contracts added to the list of contracts to be assumed by the Winning Bidder pursuant to the Winning Bid APA selected at the Auction, this Order constitutes authority to assume and assign that contract to the Winning Bidder pursuant to § 365; each such contract will be listed on an exhibit to the Winning Bid APA, and shall be reflected in a separate Cure Notice, which is to be filed and served by overnight delivery by the Debtors within seven (7) days of the conclusion of the Auction and announcement of the Winning Bidder.

19.     The inclusion of a contract, lease, or other agreement on the Cure Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease, or other agreement is, in fact, an executory

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

20.     If any counterparty to an Assumed Executory Contract wishes to file an Assumption Objection, such counterparty must file and serve it so as to be actually received by the Notice Parties by no later than:  (i) **April 3, 2020, at 5:00 p.m. (prevailing Pacific Time)**, (ii) such later date otherwise specified in the Cure Notice, or (iii) solely with respect to those counterparties to Assumed Executory Contracts who are not initially served with a Cure Notice, seven (7) days after service by overnight mail of such Cure Notice (the "Assumption Objection Deadline").  The Court will make any and all determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to §§ 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

21.     To the extent the Assumed Executory Contract counterparty wishes to object to the Cure Amount, if any, set forth in the Cure Notice, its Assumption Objection must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Cure Notice.

22.     Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

23.     If a contract or lease is assumed and assigned pursuant to Court order, then except for Disputed Cure Amounts (as defined herein), the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale, the Cure Amount, if any, as set forth in the Cure Notice.  All Cure Amounts will be funded in accordance with the terms and conditions of the Winning Bid APA.

24.     Assumption Objections (including those related to adequate assurance of future performance) will be resolved by the Court at the Sale Hearing.  In the event that the Debtors and the counterparty cannot resolve the Cure Amount, such dispute may be resolved by the Court at the Sale Hearing or such later date as may be agreed to or ordered by the Court.  The Debtors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 9 -

shall segregate from the sale proceeds any disputed Cure Amounts that are required to be paid by the Debtors under the asset purchase agreement ("<u>Disputed Cure Amounts</u>") pending the resolution of any such disputes by the Court or mutual agreement of the parties.

25.    The Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under § 365(b) in connection with the proposed assignment of any Assumed Executory Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Assumed Executory Contract shall not excuse the Winning Bidder from performance of any and all of its obligations pursuant to the Winning Bid APA.

26.    Except to the extent otherwise provided in the Winning Bid APA, the Debtors and their estates shall be relieved of all liability under the Assumed Executory Contracts accruing or arising after the assumption and assignment of such contracts pursuant to § 365(k).

27.    All proceeds of the Sale of the Purchased Assets shall be paid by the Winning Bidder to the Debtors and such proceeds shall be deposited in accordance with paragraph 4 of the Final DIP Order, and all liens, claims, interests and encumbrances on the Purchased Assets sold pursuant to the Sale shall attach to the proceeds of the Sale with the same force, effect, validity and priority as such liens, claims, interests and encumbrances had on such Purchased Assets prior to the closing of the Sale to the Successful Bidder, subject, for the avoidance of doubt, to the Final DIP Order and the Intercreditor Agreement (as defined in the Final DIP Order).

28.    To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

29.    The Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

30.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

###

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Date: February 26, 2020

Ernest M. Robles
United States Bankruptcy Judge

US_Active\114292022\V-3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 1

**Bidding Procedures**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# BIDDING PROCEDURES

Verity Health System of California, Inc., Verity Holdings, LLC and St. Francis Medical Center ("Debtors") propose to conduct an auction for the Sale (as defined under Paragraph 1 below) of the Purchased Assets (as defined under Paragraph 2 below) and will proceed in accordance with the following bid procedures ("Bidding Procedures") which have been approved pursuant to an Order entered by the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Court") on _____, 2020 ("Bidding Procedures Order") in the jointly administered, Chapter 11 cases styled *Verity Health System of California, Inc.*, Lead Case No. 2:18-bk-20151-ER (the "Bankruptcy Cases").

The form of asset purchase agreement for the Sale is posted in the Debtors' on-line data room (the "Draft APA"). As provided for below, the Debtors are soliciting bids ("Bids") for the proposed acquisition of the Purchased Assets, in accordance with the procedures below, which require, among other requirements, that prospective bidders submit an executed asset purchase agreement, in the form of the Draft APA, along with a marked version evidencing any changes to the Draft APA. The Debtors will consider all Bids which comply with the terms of these Bidding Procedures; provided, that, Bids will be evaluated based upon the cash consideration provided by such offer.

1.  **Sale Proposal.** These Bidding Procedures set forth the terms by which prospective bidders may qualify for and participate in the Auction (as defined under Paragraph 13 below), thereby competing to make the highest and best offer for the Purchased Assets. The sale of the Purchased Assets (a "Sale") shall be free and clear of any and all claims, liens, and other encumbrances, pursuant to § 363 of title 11 of the United States Code (the "Bankruptcy Code"),[5] with all such liens, claims and encumbrances attaching to the proceeds of the Sale to the same extent and with the same priority as such liens, claims and encumbrances attached to the Purchased Assets prior to the Sale.

2.  **Purchased Assets.** For purposes of a Sale, the "Purchased Assets" consist of any or all tangible and intangible real and personal property assets of the Debtors as defined and set forth in the Draft APA.

3.  **"As Is, Where Is" Sale.** Except as explicitly set forth in the Draft APA, any Sale of the Purchased Assets will be transferred on an "as is, where is" basis, with all faults, and without representations or warranties of any kind, nature or description by the Debtors, their agents or estates, whether written, verbal, express, implied, or by operation of law.

4.  **Consultation Parties.** "Consultation Parties" means, collectively, the Official Committee of Unsecured Creditors; UMB Bank, N.A., as successor Master Trustee ("UMB"); Wells Fargo Bank National Association, as bond indenture trustee under the bond indentures relating to the 2005 Bonds ("Wells Fargo"); U.S. Bank National Association, solely in its capacity as the note indenture trustee and as the collateral agent under each of the note indentures relating to the 2015 Working Capital Notes and the 2017 Working Capital Notes ("U.S. Bank"); and

---

[5] Unless specified otherwise, all "§" or "Section" references are to the Bankruptcy Code.

Verity MOB Financing, LLC and Verity MOB Financing II, LLC ("MOB Lenders").[6] UMB, Wells Fargo, U.S. Bank, and the MOB Lenders are collectively referred to herein as the "Prepetition Secured Creditors."

5.      **Potential Bidders / Execution of NDA/ Financial Information**.  To participate in the Auction, any party (a "Potential Bidder") wishing to submit a Bid to purchase the Purchased Assets must execute, or have executed, a nondisclosure agreement ("NDA") in the form provided by Debtors' advisors and in form and substance satisfactory to the Debtors before such Potential Bidder may receive due diligence information from the Debtors, including access to the Debtors' on-line data room or other non-public information relating to the Purchased Assets.  In addition, any Potential Bidder must submit financial information to the Debtors to evidence such Potential Bidder's ability to consummate the Sale, which information must be satisfactory to the Debtors after consultation with the Consultation Parties.

6.      **Due Diligence**.  After receipt of an executed NDA, the Debtors shall, upon request by the Potential Bidder, provide each Potential Bidder reasonable due diligence information as soon as reasonably practicable after such request, including access to the Debtors' on-line data room.  The Debtors shall not furnish, and shall have no obligation to furnish, any confidential and/or non-public information relating to the Purchased Assets or the Debtors (collectively, "Confidential Information"), or grant access to the Debtors' on-line data room, to (i) any person that does not qualify as a Potential Bidder, or (ii) to Potential Bidders who, at such time and in the Debtors' reasonable business judgment, after consultation with the Consultation Parties, have not established, or who have raised doubt, that such Potential Bidder intends in good faith to, or has the capacity to, consummate the Sale.

7.      **Representations and Warranties**.  The Debtors make no representation or warranty as to the Confidential Information provided through the due diligence process or otherwise, except to the extent set forth in the Draft APA (or as set forth in any Qualified APA (as defined under Paragraph 9 below) entered into between the Debtors and the Winning Bidder (as defined under Paragraph 13 below).  No party may conduct any additional due diligence after the Bid Deadline (as defined under Paragraph 8 below).

8.      **Bid Deadline.**  Potential Bidders must submit their Bids so that such Bids are actually received by each of the following parties **no later than 5:00 p.m. (Pacific Time) on April 3, 2020** (the "Bid Deadline"): (i) counsel to the Debtors: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney

---

[6] Such parties are further described in the *Final Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Docket No. 409] (the "Final DIP Order").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114292022\V-3

(jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (v) counsel to the Series 2015 Notes Trustee: McDermott Will & Emergy LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Nathan F. Coco and Megan Preusker (ncoco@mwe.com; mpreusker@mwe.com)); (vi) counsel to the Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com)); and (vii) counsel to the MOB Lenders: Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Bruce Bennett, Benjamin Rosenblum, and Peter Saba (bbennett@jonesday.com, brosenblum@jonesday.com, psaba@jonesday.com)) (collectively, the "Bid Deadline Recipients"). Potential Bidders may either e-mail their Bids to the e-mail addresses listed above or may deliver hard-copies of their Bids to the physical addresses listed above so that they are actually received by the Bid Deadline. The Debtors shall have no obligation to consider any other delivery format, such as fax, as being acceptable. The Debtors may, in their sole discretion after consultation with the Consultation Parties, extend the Bid Deadline until the commencement of the Auction for one or more Potential Bidders without prior notice to any party, but shall have no obligation to do so under any circumstances.

9.    **Qualified Bid**. In order to constitute a "Qualified Bid," a Bid must satisfy the following requirements (the "Bid Requirements"):

(a)    be submitted (i) in writing and (ii) be received by the Bid Deadline Recipients by the Bid Deadline as set forth in Paragraph 8 of these Bidding Procedures, subject to Paragraph 11 of these Bidding Procedures;

(b)    constitute a good faith, bona fide offer to purchase the Purchased Assets in accordance with the terms of the Qualified APA (as defined in this Paragraph 9) for a proposed purchase price ("Purchase Price") identified in such Qualified APA and defined as the "Purchase Price" therein;

(c)    identify the legal name of the Potential Bidder (including any direct or indirect equity holders, if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale);

(d)    be accompanied by a clean and a duly executed copy of an asset purchase agreement (the "Qualified APA"), the form of which shall be consistent with the Draft APA and which shall not be inconsistent with these Bidding Procedures;

(e)    be accompanied by a copy of the Qualified APA which is marked to reflect the amendments and modifications compared to the Draft APA;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

(f)     be accompanied by a copy of the draft Sale Order (as defined under Paragraph 15 below) marked to reflect the amendments and modifications (if any) compared to the form of draft Sale Order posted in the Debtors' on-line data room;

(g)     be accompanied by a copy of the draft California Attorney General conditions marked to reflect the amendments and modifications (if any) compared to the form of draft California Attorney General conditions posted in the Debtors' on-line data room;

(h)     unless it is a Credit Bid (as defined below), be accompanied by a deposit by wire transfer in the amount of ten percent (10%) of the aggregate Purchase Price in certified funds or such other amount acceptable to the Debtors, in consultation with the Consultation Parties ("Deposit"), to be held in escrow and treated in accordance with the provisions of Paragraph 16 of these Bidding Procedures;

(i)     provide sufficient and adequate information to demonstrate to the satisfaction of the Debtors, in consultation with the Consultation Parties, that such Potential Bidder has the financial wherewithal and ability to consummate the Sale;

(j)     include a written statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures and the Bidding Procedures Order and consents to the jurisdiction of the Bankruptcy Court (including waiving any right to a jury trial) in connection with any disputes related to these Bidding Procedures as well as (*each as defined below*) the Auction, the Sale Hearing, the Sale Order and/or the closing of the Sale;

(k)     include a written statement outlining the absence or presence, and details thereof, of any relationship, affiliation, or connection of any kind between the Potential Bidder, on the one hand, and the Debtors and/or any of their affiliates, current or former officers, directors, and/or investors;

(l)     not be conditioned on any due diligence, financing, or other contingencies other than entry of the Sale Order, and any other contingencies solely to the extent set forth in the Qualified APA;

(m)     remain irrevocable until forty-eight (48) hours after the conclusion of the Sale Hearing or such longer period of time as set forth below if the Potential Bidder is selected as the Winning Bidder or Back-Up Bidder (as defined below);

(n)     states that the Potential Bidder is willing to serve as a Back-Up Bidder and that its Qualified Bid (or any Qualified Bid as modified at the Auction) shall constitute the Back-Up Bid if the Debtors determine that it qualifies as the Back-Up Bid in accordance with the provisions of Paragraph 14; and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

(o)    if such Qualified Bid includes a Credit Bid (as defined below), evidence of (a) the basis, amount and priority of the Credit Bidder's (as defined below) security interest in the Purchased Assets that are subject to the Credit Bid and (b) the basis of the Credit Bidder's authority to make such Credit Bid if the Credit Bidder's secured claim is held in a representative capacity.  No Bid that includes a Credit Bid made pursuant to § 363(k) shall qualify as a Qualified Bid, whether made at the Auction or before, unless (x) all secured creditors with a valid and perfected security interest in the Purchased Assets subject to the Credit Bid that rank equal or senior to the security interest of the Credit Bidder in such Purchased Assets consent in writing to such Credit Bid or (y) the Credit Bid expressly provides for the payment in full in cash at the closing on account of the Purchased Assets subject to valid and perfected liens that are senior in rank to the security interests of the Credit Bidder.

10.    **Discretionary Determination of Stalking Horse Bidder**.  The Debtors, in their discretion, after consultation with the Committee, and with the prior consent of the Prepetition Secured Creditors, may agree that a Qualified Bidder shall be afforded stalking horse status and protections (the "Stalking Horse Bidder"), including a break-up fee and expense reimbursement in an amount not to exceed in the aggregate 2.5% of the proposed Purchase Price under such Qualified Bidder's Qualified APA (the "Break-Up Fee").  Any Break-Up Fee, to the extent payable, shall only be paid from proceeds received by the Debtors at the closing of a Sale with a Qualified Bidder other than the Stalking Horse Bidder.  The award of stalking horse protection may occur without further notice (other than an announcement to Potential Bidders no later than the commencement of the Auction) or order of the Bankruptcy Court.

11.    **Determination of Qualified Bids**.  A Bid that satisfies each of the Bid Requirements, as determined by the Debtors in their reasonable discretion, in consultation with the Consultation Parties, constitutes a "Qualified Bid", and such Potential Bidder constitutes a "Qualified Bidder."  The Debtors may determine that a Bid is not a Qualified Bid if the Qualified APA differs in any material respect from the Draft APA.  One business day prior to the Auction, the Debtors shall determine, after consultation with the Consultation Parties, whether any submitted bids constitute Qualified Bids.  The Debtors shall file and serve on all Potential Bidders that submitted a Bid (regardless of whether such Bid was determined to be a Qualified Bid) a notice (the "Auction Notice") indicating which Potential Bidders have submitted Qualified Bids.  If any Bids are designated as Qualified Bids, the Auction shall be conducted on April 7, 2020 as further described below.

12.    **Credit Bid**.  Any party with a valid, properly perfected prepetition or post-petition security interest in any of the Purchased Assets may credit bid (any such bid, a "Credit Bid" and any party submitting a Credit Bid, each a "Credit Bidder") for such Purchased Assets in connection with the Sale in accordance with and pursuant to § 363(k), except as otherwise limited by the Bankruptcy Court for cause; provided, however, that no Credit Bidder may Credit Bid unless (x) all secured creditors with a valid and perfected security interest in the Purchased

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114292022\V-3

Assets subject to the Credit Bid that rank equal or senior to the security interest of the Credit Bidder in the Purchased Assets consent in writing to such Credit Bid or (y) the Credit Bid expressly provides for the payment in full in cash at the closing on account of the Purchased Assets subject to valid and perfected security interests in the Purchased Assets that are equal or senior in rank to the security interests of the Credit Bidder. Nothing herein shall limit the rights of any party in interest to seek relief from the Bankruptcy Court related to the right or alleged right of any creditor to exercise a Credit Bid for any of the Purchased Assets.

13. **Auction**. The Debtors shall conduct an auction on April 7, 2020 at the offices of Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017, commencing at 10:00 a.m. Pacific Time (the "Auction"). The Auction will be conducted to determine the highest and best Qualified Bid (the "Winning Bid," with such bidder being the "Winning Bidder"). Subject to paragraph 18 below, the Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

(a)    only Qualified Bidders, in person or through duly-authorized representatives at the Auction may bid at the Auction, and every Qualified Bidder must have at least one (1) such duly-authorized representative with authority to bind the Qualified Bidder at the Auction;

(b)    only such authorized representatives of each of the Qualified Bidders, the Debtors, the Consultation Parties and their respective legal and financial advisors shall be permitted to attend the Auction;

(c)    prior to the commencement of the Auction, representatives of the Debtors, and/or the Consultation Parties may have discussions with each Qualified Bidder with respect to the terms and conditions of such Qualified Bids, and the Debtors will have selected, in consultation with the Consultation Parties, a Qualified Bid to become the opening bid at the Auction (the bid submitted by such Qualified Bidder shall be referred to as the "Opening Bid" and the Qualified Bidder shall be referred to as the "Opening Bidder");

(d)    bidding shall commence at the amount of the Opening Bid. The Opening Bid shall be announced by the Debtors at or before the commencement of the Auction. Other Qualified Bidders may then submit successive bids in increments of at least $2,000,000 (plus, with respect to the first successive bid, the amount of the Break-Up Fee, if any) higher than the Opening Bid, and all subsequent bids must be at least $2,000,000 higher than the previous bid. To the extent a Stalking Horse Bidder submits higher bids, such Stalking Horse Bidder shall have the right (but not the obligation) to increase its Opening Bid by using, as a credit, the amount of the Break-Up Fee when determining whether any Stalking Horse Bidder has topped the previous bid by the required amount;

(e)    Qualified Bidders shall have the right to submit additional bids that include modifications to their Qualified APA at the Auction, consistent

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114292022\V-3

herewith, provided that any such modifications to the Qualified APA, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors than any prior bid by such party (as determined by the Debtors, following consultation with the Consultation Parties). The Debtors, in consultation with the Consultation Parties, reserve the right to separately negotiate the terms of any Qualified Bids at the Auction, provided the terms are fully disclosed at the time such Qualified Bid is formally submitted;

(f)     the bidding will be transcribed by a certified court reporter employed by the Debtors to ensure an accurate recording of the bidding at the Auction;

(g)     each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale and is not in violation of § 363(n); and

(h)     absent irregularities in the conduct of the Auction, the Debtors will not consider any Potential Bids made after the Auction is closed.

14.     **Acceptance of the Winning Bid and Designation of the Back-Up Bid**.

(a)     Upon the conclusion of the Auction (if such Auction is conducted), the Debtors, in the exercise of their reasonable, good-faith business judgment and after consultation with the Consultation Parties, shall identify (i) the Winning Bid, which is the highest and best Qualified Bid submitted at the Auction; and (ii) the next highest and best Qualified Bid (the "Back-Up Bid" and the party submitting the Back-Up Bid, the "Back-Up Bidder"). Each of the Winning Bidder and the Back-Up Bidder shall be required to execute a definitive Qualified Bid conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable but, in no event, prior to the Sale Hearing. For the purposes of these Bidding Procedures, the definitive agreement executed by the (i) Winning Bidder shall be defined as the "Winning Bid APA" and (ii) Back-Up Bidder shall be defined as the "Back-Up Bid APA". The Back-Up Bidder must keep the Back-Up Bid open and irrevocable until the earlier of (i) 5:00 p.m. (Pacific Time) on the date which is thirty (30) days after the entry of the Sale Order (the "Outside Back-Up Date"), or (ii) the date of closing of the Sale to the Winning Bidder.

(b)     Except as provided in Paragraph 9(h) concerning Credit Bids, within two business days after the conclusion of the Auction, the Winning Bidder and the Back-Up Bidder shall each deposit with the Debtors an additional amount in cash such that, when combined with their existing Deposit, each such bidder's aggregate Deposit equals ten percent (10%) of the Purchase Price reflected in the final bid of the Winning Bidder and of the Back-Up Bidder, respectively (such additional amounts shall be included in the definition of the "Deposit").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(c)     If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid as the winner of the Auction (conditioned upon approval by the Bankruptcy Court) only when (i) such bid is declared the Winning Bid; (ii) definitive documentation has been executed in respect thereof; and (iii) any additional Deposit required as a result of a bid submitted at the Auction (as required by the Bidding Procedures) has been provided to the Debtors.  Such acceptance is also conditioned upon approval by the Court of the Winning Bid and (if applicable) the Back-Up Bid.

15.    **Sale Hearing**.

(a)     The sale hearing is presently scheduled to take place **on April 9, 2020 at 10:00 a.m. (Pacific Time)**, or as soon thereafter as counsel may be heard, before the Honorable Ernst M. Robles, Courtroom 1568, 255 E. Temple St., Los Angeles, California (the "Sale Hearing").

(b)     Within two business days after the conclusion of the Auction (and in advance of the Sale Hearing), the Debtors will file a notice of the Winning Bid and Back-Up Bid, along with copies of the Winning Bid APA, Back-Up Bid APA and the proposed Sale Order (the "Notice of Winning Bid and Back-Up Bid"), redacted as necessary to protect commercially sensitive and/or confidential information.  The Sale Order shall be in a form reasonably acceptable to the Prepetition Secured Creditors.

(c)     Any objection to the approval of the Winning Bid and Back-Up Bid shall be filed no later than **April 8, 2020 at 5:00 o'clock p.m. (Pacific Time).**

(d)     The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was properly conducted, and the Winning Bidder and the Back-Up Bidder were properly selected, in accordance with these Bidding Procedures, (ii) the Auction was fair in substance and procedure, (iii) each of the Winning Bid and the Back-Up Bid was a Qualified Bid, (iv) closing of the Sale with the Winning Bid (or if applicable, the Back-Up Bid) will provide the highest and best value for the Purchased Assets and is in the best interests of the Debtors and (v) each of the Winning Bidder and the Back-Up Bidder are deemed to be purchasers of the Purchased Assets in good faith as set forth in § 363(m).

(e)     At the Sale Hearing, the Debtors shall request the Bankruptcy Court to enter an order approving the Winning Bid and, if applicable, the Back-Up Bid (the "Sale Order").  Except to the extent revised by the Debtors in their discretion, after consultation with the Consultation Parties and the Winning Bidder, the proposed Sale Order presented to the Bankruptcy Court at the Sale Hearing shall be in the form submitted as part of the Winning Bid, and will preserve the rights of the Prepetition Secured Creditors with respect to any proceeds received from the Sale in

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 8 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

accordance with the Final DIP Order and the Intercreditor Agreement (as defined in the Final DIP Order).

(f)     At the Sale Hearing, the Debtors shall also request, as part of the Sale Order, authorization from the Bankruptcy Court to accept the Back-Up Bid as the Winning Bid, and consummate such bid, if the Winning Bid is not consummated when and as required by its terms without further order of the Bankruptcy Court.  The Debtors and the Back-Up Bidder shall be bound to consummate the Back-Up Bid if the Winning Bid terminates, at which time the Back-Up Bidder shall be deemed the Winning Bidder. The Debtors shall promptly give notice to the Back-Up Bidder if the Winning Bid is terminated and shall provide the Back-Up Bidder a reasonable period within which to close as set forth in the Back-Up Bid APA.

16.    **Treatment Of Deposit**.

(a)     The Deposit of each Potential Bidder shall be held pursuant to an escrow agreement acceptable to the Debtors, subject to the prior consent of the Debtors as to the escrow agent and form of escrow agreement, where such consent is not to be unreasonably withheld.

(b)     Upon closing of the Sale with the Winning Bidder, the Deposit of the Winning Bidder shall be credited to the Purchase Price.  As shall be set forth in the Winning Bid APA, if the Winning Bidder fails to close, then the Deposit which is the subject of the Winning Bid shall be retained by the Debtors or returned to the Winning Bidder as shall be set forth in the Winning Bid APA or as otherwise ordered by the Bankruptcy Court.

(c)     The Deposits of any Qualified Bidders other than the Winning Bidder and the Back-Up Bidder will be returned within two (2) business days after the conclusion of the Sale Hearing; provided, that, the Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder at the earlier of (i) the closing of the Sale to the Winning Bidder, and (ii) thirty (30) days after entry of the Sale Order.

(d)     The Deposit of any Potential Bidder who is determined not to be a Qualified Bidder shall be returned to such Potential Bidder within two (2) business days of such determination, pursuant to the terms of the applicable escrow agreement.

17.    **Payment of the Break-Up Fee.**  If any Stalking Horse Bidder is not the Winning Bidder, the Debtors shall pay the Break-Up Fee to such Stalking Horse Bidder as set forth in the agreement between the Debtors and the Stalking Horse Bidder providing for such Break-Up Fee, but in no event shall payment be any earlier than the time of the consummation of the sale of the Purchased Assets or transfer thereof in the context of an Alternative Transaction, and shall only be paid from the proceeds of such sale or upon the transfer of such Purchased Assets. Notwithstanding the foregoing, a Break-Up Fee will only be payable if the

US_Active\114292022\V-3

Debtors have previously determined pursuant to Paragraph 10 of these Bidding Procedures that a bid merits stalking horse status and protections.

18. **Reservation of Rights**.  **THE DEBTORS RESERVE THEIR RIGHTS TO MODIFY THESE BIDDING PROCEDURES IN ANY MANNER IN CONSULTATION WITH THE COMMITTEE AND WITH THE CONSENT OF THE PREPETITION SECURED CREDITORS THAT WILL BEST PROMOTE THE GOALS OF THE BIDDING PROCESS. THE DEBTORS FURTHER RESERVE THEIR RIGHTS TO IMPOSE, AT OR PRIOR TO THE AUCTION, ADDITIONAL TERMS AND CONDITIONS ON THE SALE OF THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, EXTENDING THE DEADLINES SET FORTH IN THESE BIDDING PROCEDURES, ADJOURNING THE AUCTION AT OR PRIOR TO THE AUCTION AND/OR ADJOURNING THE SALE HEARING PRIOR TO SUCH HEARING OR IN OPEN COURT WITHOUT FURTHER NOTICE, AND REJECTING ANY OR ALL QUALIFIED BIDS IF, IN THE DEBTORS' REASONABLE, GOOD-FAITH BUSINESS JUDGMENT, FOLLOWING CONSULTATION WITH THE CONSULTATION PARTIES, THE DEBTORS DETERMINE THAT SUCH QUALIFIED BID IS (I) INADEQUATE OR INSUFFICIENT, (II) NOT IN CONFORMITY WITH THE REQUIREMENTS OF THE BANKRUPTCY CODE OR ANY RELATED RULES OR THE TERMS SET FORTH HEREIN, OR (III) CONTRARY TO THE BEST INTERESTS OF THE DEBTORS. THE DEBTORS RESERVE THE RIGHT, AT ANY TIME, FOR ANY REASON AND IN THEIR REASONABLE, BUSINESS JUDGMENT, TO DECLINE TO PURSUE THE SALE AND TO WITHDRAW ANY MOTION FILED IN THE COURT SEEKING TO APPROVE THE SALE.**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 2

**Form of Procedures Notice**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**NOTICE OF SALE PROCEDURES,
AUCTION DATE, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on February 10, 2020, the above-captioned debtors and debtors in possession (the "Debtors"), filed the *Debtors' Notice Of Motion And Motion For The Entry of (I) An Order (1) Approving Form Of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures, (3) Approving Process For Discretionary Selection Of Stalking Horse Bidder And Bid Protections; (4) Approving Form Of Notice To Be Provided To Interested Parties; (5) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest And Best Bidder; And (6) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances* [Docket No. 4069] (the "Motion").[7] The Debtors seek, among other things, to sell St. Francis Medical Center and related assets (the "Purchased Assets") to the winning bidder(s) (the "Winning Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to §§ 363 and 365 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the Motion and the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the Sale of the Offered Assets. **All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures**. To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that only those parties that submit Qualified Bids may participate in the Auction. If you are interested in submitting a Qualified Bid, you must comply with the Bidding Procedures. Any party in interest wishing to receive relevant documents and available marketing materials may do so by contacting the Debtors' investment banker (the "Investment Banker"), Cain Brothers, a division of KeyBanc Capital Markets, 601 California Street, Suite 1505, San Francisco, CA 94108 (Attn: James Moloney (jmoloney@cainbrothers.com)).

**PLEASE TAKE FURTHER NOTICE** that any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion or the Bidding Procedures Order, including all exhibits thereto, may make such a request in writing to Dentons US LLP, Attn: Tania M. Moyron, 601 S. Figueroa St., Suite 2500, Los Angeles, CA 90017 or by emailing tania.moyron@dentons.com or calling (213) 623-9300.

**PLEASE TAKE FURTHER NOTICE** that any party that wishes to take part in the bidding process and submit a Qualified Bid for the Purchased Assets must submit its competing bid **by no later than 5:00 p.m. (prevailing Pacific Time) April 3, 2020** (the "Bid Deadline") so that such Bids are actually received by the Bid Deadline by all of the following parties: (i) counsel to the Debtors:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment

---

[7]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee of Unsecured Creditors: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (v) counsel to the Series 2015 Notes Trustee: McDermott Will & Emergy LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Nathan F. Coco and Megan Preusker (ncoco@mwe.com; mpreusker@mwe.com)); (vi) counsel to the Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore (clark.whitmore@maslon.com)); and (vii) counsel to the MOB Lenders: Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Bruce Bennett, Benjamin Rosenblum, and Peter Saba (bbennett@jonesday.com, brosenblum@jonesday.com, psaba@jonesday.com) (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that Potential Bidders may either e-mail their Bids to the e-mail addresses listed above or may deliver hard-copies of their Bids to the physical addresses listed above so that they are actually received by the Bid Deadline. The Debtors shall have no obligation to consider any other delivery format, such as fax, as being acceptable.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may, in their sole discretion after consultation with the Consultation Parties, extend the Bid Deadline until the commencement of the Auction for one or more Potential Bidders without prior notice to any party, but shall have no obligation to do so under any circumstances.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, an auction (the "Auction") to sell the Purchased Assets will be conducted on **April 7, 2020 at 10:00 a.m. (prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017. In advance of the Sale Hearing and within two business days of the conclusion of the Auction (if such Auction is conducted), the Debtors shall file a notice with the Bankruptcy Court identifying the Winning Bidder.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Purchased Assets to the Winning Bidder (the "Sale Hearing") before the Honorable Ernest Robles, United States Bankruptcy Judge, United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012, Courtroom 1568, on **April 9, 2020, at 10:00 a.m. (prevailing Pacific Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Objections to the Sale shall be filed with the Bankruptcy Court and served **so as to be received no later than April 8, 2020, at 5:00 p.m. (prevailing Pacific Time)** on the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that this Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -

copy of the Motion, the Bidding Procedures Order (including all exhibits thereto) may make such a request in writing to Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)) or calling (213) 623-9300.

**PLEASE TAKE FURTHER NOTICE** THAT THE DEBTORS RESERVE THEIR RIGHTS TO MODIFY THESE BIDDING PROCEDURES IN ANY MANNER IN CONSULTATION WITH THE COMMITTEE AND WITH THE CONSENT OF THE PREPETITION SECURED CREDITORS THAT WILL BEST PROMOTE THE GOALS OF THE BIDDING PROCESS.  THE DEBTORS FURTHER RESERVE THEIR RIGHTS TO IMPOSE, AT OR PRIOR TO THE AUCTION, ADDITIONAL TERMS AND CONDITIONS ON THE SALE OF THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, EXTENDING THE DEADLINES SET FORTH IN THESE BIDDING PROCEDURES, ADJOURNING THE AUCTION AT OR PRIOR TO THE AUCTION AND/OR ADJOURNING THE SALE HEARING PRIOR TO SUCH HEARING OR IN OPEN COURT WITHOUT FURTHER NOTICE, AND REJECTING ANY OR ALL QUALIFIED BIDS IF, IN THE DEBTORS' REASONABLE, GOOD-FAITH BUSINESS JUDGMENT, FOLLOWING CONSULTATION WITH THE CONSULTATION PARTIES, THE DEBTORS DETERMINE THAT SUCH QUALIFIED BID IS (I) INADEQUATE OR INSUFFICIENT, (II) NOT IN CONFORMITY WITH THE REQUIREMENTS OF THE BANKRUPTCY CODE OR ANY RELATED RULES OR THE TERMS SET FORTH HEREIN, OR (III) CONTRARY TO THE BEST INTERESTS OF THE DEBTORS.  THE DEBTORS RESERVE THE RIGHT, AT ANY TIME, FOR ANY REASON AND IN THEIR REASONABLE, BUSINESS JUDGMENT, TO DECLINE TO PURSUE THE SALE AND TO WITHDRAW ANY MOTION FILED IN THE COURT SEEKING TO APPROVE THE SALE.

Dated:  February ___, 2020

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON


By _____*[DRAFT]*_____
        Tania M. Moyron

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **Exhibit 3**

**Form of Cure Notice**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE DEBTORS
THAT MAY BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE** that, on February 10, 2020, the above-captioned debtors and debtors in possession (the "Debtors"), filed the *Debtors' Notice Of Motion And Motion For The Entry of (I) An Order (1) Approving Form Of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures, (3) Approving Process For Discretionary Selection Of Stalking Horse Bidder And Bid Protections; (4) Approving Form Of Notice To Be Provided To Interested Parties; (5) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest And Best Bidder; And (6) Approving Procedures Related To The Assumption Of Certain Executory Contracts And Unexpired Leases; And (II) An Order Authorizing The Sale Of Property Free And Clear Of All Claims, Liens And Encumbrances* [Docket No. 4069] (the "Motion").[8]

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain assets (the "Purchased Assets") of the Debtors, and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Purchased Assets to the Winning Bidder(s), free and clear of all liens, claims, interests and encumbrances pursuant to § 363 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* including the assumption by the Debtors and assignment to the buyer(s) of certain executory contracts and unexpired leases pursuant to § 365 of the Bankruptcy Code (the "Assumed Executory Contracts"), with such liens, claims, interests and encumbrances to attach to the proceeds of the Sale with the same priority, validity and enforceability as they had prior to such Sale.  In advance of the Sale Hearing and within two business days of the conclusion of the Auction (if such Auction is conducted), the Debtors shall file a notice with the Bankruptcy Court identifying the Winning Bidder and serve such notice by fax, email or overnight mail to all counterparties whose contracts are to be assumed and assigned.  Any counterparty to an Assumed Executory Contract that wishes to receive such notice by email or fax, must provide their email address or fax number to Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)) or calling (213) 623-9300 before the Auction.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on **April 9, 2020, at 10:00 a.m. (prevailing Pacific Time)**, before the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012, Courtroom 1568.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may seek to assume an executory contract or unexpired lease to which you

---

[8]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

may be a party.  The Assumed Executory Contract(s) are described on <u>Exhibit A</u> attached to this Notice.  The amount shown on <u>Exhibit A</u> hereto as the "Cure Amount" is the amount, if any, which the Debtors assert is owed to cure any defaults existing under the respective Assumed Executory Contract.

**PLEASE TAKE FURTHER NOTICE** that, if you disagree with the Cure Amount shown for the Assumed Executory Contract(s) on <u>Exhibit A</u> to which you are a party, you must file in writing with the United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012, an objection on or before the Bid Deadline of **5:00 p.m. (prevailing Pacific Time) April 3, 2020** (or such later date otherwise specified in the Cure Notice, or, solely with respect to those counterparties to Assumed Executory Contracts who are not initially served with a Cure Notice, seven (7) days after service by overnight mail of such Cure Notice).  Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you.  If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any.  Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached <u>Exhibit A</u>.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtors' assumption and assignment of the Assumed Executory Contract to which you may be a party, you also must file that objection in writing no later **by 5:00 p.m. (prevailing Pacific Time) April 3, 2020** (or such later date otherwise specified in the Cure Notice, or, solely with respect to those counterparties to Assumed Executory Contracts who are not initially served with a Cure Notice, seven (7) days after service by overnight mail of such Cure Notice); <u>provided</u>, <u>however</u>, that any counterparty to an Assumed Executory Contract may raise an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Winning Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time: (i) counsel to the Debtors:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) the Debtors' Investment Banker: Cain Brothers, a division of KeyBanc Capital Markets, 1 California Street, Suite 2400, San Francisco, CA 94111 (Attn: James Moloney (jmoloney@cainbrothers.com)); (iii) counsel to the Official Committee: Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray (gbray@milbank.com)); (iv) counsel to the Master Trustee and Series 2005 Bond Trustee: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com,  pricotta@mintz.com)); (v) counsel to the Series 2015 Notes Trustee: McDermott Will & Emergy LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Nathan F. Coco and Megan Preusker (ncoco@mwe.com; mpreusker@mwe.com)); (vi) counsel to the Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN  55402 (Attn: Clark Whitmore  (clark.whitmore@maslon.com)); and (vii) counsel to the MOB Lenders: Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Bruce

US_Active\114292022\V-3

Bennett, Benjamin Rosenblum, and Peter Saba (bbennett@jonesday.com, brosenblum@jonesday.com, psaba@jonesday.com).

**PLEASE TAKE FURTHER NOTICE** that the Winning Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under 11 U.S.C. §§ 365(b) and (f) in connection with the proposed assignment of any Assumed Executory Contract. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that except to the extent otherwise provided in the Winning Bid APA, the Debtors and the Debtors' estates shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to 11 U.S.C. § 365(k).

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtors and the counterparty cannot resolve the Cure Amount, the Debtors shall segregate from the proceeds of sale any disputed Cure Amounts pending the resolution of any such disputes by the Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors to assume any Assumed Executory Contracts or to pay any Cure Amount.[9]

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

**PLEASE TAKE FURTHER NOTICE** THAT ANY COUNTERPARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.

Dated: February ___, 2020

DENTONS US LLP
SAMUEL R. MAIZEL
TANIA M. MOYRON

By _____*[DRAFT]*_____
Tania M. Moyron

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

---

[9] "<u>Assumed Executory Contracts</u>" are those contracts and leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Winning Bidder may choose to exclude certain of the Debtors' contracts or leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such contracts and leases not to be assumed by the Debtors.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

1

## **Exhibit A**

2

**(Assumed Executory Contracts)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300