STEPHEN H. WARREN (Bar No. 136895)
JACOB T. BEISWENGER (Bar No. 321012)
swarren@omm.com
jbeiswenger@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

NANCY A. MITCHELL (*pro hac vice* forthcoming)
nmitchell@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:    (212) 326-2000
Facsimile:    (213) 326-2061

*Attorneys for the California Governor's Office of Emergency Services*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>    Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC | Lead Case No. 18-20151-ER<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>**RESPONSE AND RESERVATION OF RIGHTS OF THE STATE OF CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF ST. VINCENT MEDICAL CENTER FREE AND CLEAR OF ALL CLAIMS, LIENS AND ENCUMBRANCES** |

| ☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors in Possession. | **[Related to Docket No. 4365]**<br><u>Hearing</u>:<br>Date: April 10, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 1568,<br>255 E. Temple St., Los Angeles, CA |
|---|---|

The State of California (the "<u>State</u>") Governor's Office of Emergency Services (the "<u>Office of Emergency Services</u>"), as a party in interest in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), by and through its counsel O'Melveny & Myers LLP, hereby submits this Response and Reservation of Rights (the "<u>Response</u>") to the *Debtors' Emergency Motion for the Entry of: (I) An Order (1) Approving Form of Asset Purchase Agreement; (2) Approving Auction Sale Format and Bidding Procedures; (3) Approving Stalking Horse Bidder and Bid Protections; (4) Approving Form of Notice to Be Provided to Interested Parties; (5) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder; and (6) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) An Order Authorizing the Sale of Property Free and Clear of All Claims, Liens and Encumbrances; Memorandum of Points and Authorities and Declarations in Support Thereof*, dated March 30, 2020 [Docket No. 4365] (the "<u>Sale Motion</u>")[1] filed by Verity Health System of California, Inc. ("<u>Verity</u>") and the above-referenced affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"). In support of this Response, the Office of Emergency Services respectfully states as follows:

## BACKGROUND

On March 20, 2020, Debtors St. Vincent Medical Center ("<u>St. Vincent</u>") and Verity (together, the "<u>Landlord</u>") entered into a lease agreement (the "<u>State Lease</u>") with the State of California Department of Public Health to use the St. Vincent hospital premises located at 2131 W. 3rd Street, Los Angeles, California, 90057 (the "<u>Hospital</u>") for the State's operation of a general acute care hospital, including outpatient services, ambulance services, and any other lawful health

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

care purpose in response to the COVID-19 pandemic. The State Lease provides that the Landlord may sell the Hospital, but only subject to the State Lease. *See* State Lease § 15.1.

The Court approved the State Lease pursuant to its *Order Granting Debtors' Emergency Motion to Approve Agreements with the State of California in Response to the COVID-19 Healthcare Emergency to (I) Provide Certain Healthcare Services at Seton Medical Center and (II) Lease St. Vincent Medical Center*, dated March 20, 2020 [Docket No. 4315] (the "State Lease Order"). Among other things, the State Lease Order provides that "all rights conveyed to the State under the [State Lease] and this Order are inviolable, and not subject to alteration, interference or divestiture by any party . . . ." State Lease Order ¶ 10.

On March 30, 2020, the Debtors filed the Sale Motion seeking, among other things, approval of a process to sell certain Purchased Assets of St. Vincent, including the Hospital, to the Chan Soon-Shiong Family Foundation or its permitted assignee (the "Foundation") or the Winning Bidder at the Auction. In the Sale Motion, the Debtors acknowledge that the Foundation "desires to use the facilities on an expedited basis in order to coordinate with the State of California and the local government to ensure that the facilities are being put to the best use in this critical time and to facilitate critical research related to the COVID-19 pandemic." Sale Motion at 3:6-10. The Sale Motion also states that the Foundation is aware of the State Lease and "intends to cooperate with the State and use the additional buildings that comprise the St. Vincent campus . . . to also address COVID-19." Memorandum of Points and Authorities to Sale Motion at 14:27 - 15:2. In addition, the Sale Motion notes that the Foundation's "willingness to take assignment of the Lease will further the Debtors' charitable mission to ensure continued critical health care access to the Communities formerly served by the Hospital through continued partnership with the State to address the COVID-19 pandemic post-closing." *Id.* at 15:2–15:8.

Following a hearing held on April 1, 2020, the Court entered its order approving certain Bidding Procedures for the Auction as requested in the Sale Motion [Docket No. 4398] (the "Bid Procedures Order"). Under the Bid Procedures Order,

    a. any Qualified Bid (including the Stalking Horse Bid and any Winning Bid) must be consistent with the State Lease Order, *see* Bid Procedures Order ¶ 9;

b. the State shall constitute a Consultation Party solely and exclusively with respect to matters concerning the State Lease and the State of California Department of Public Health, as approved by the State Lease Order, *see* Bid Procedures Order ¶ 9;

c. the sale free and clear provisions of Bankruptcy Code section 363(f) shall not apply to the State Lease, provided that no person or entity other than the State with respect to the State Lease may assert any lien, claim, or encumbrance on, or related to, the Purchased Assets, *see* Bid Procedures Order ¶ 13; and

d. the Foundation or the Winning Bidder shall acquire the Purchased Assets subject to the State Lease, which shall be assumed by the Debtors and assigned to the Foundation or Winning Bidder solely in connection with the closing of the Foundation's or Winning Bidder's transaction, *see* Bid Procedures Order ¶ 19.

Upon expiration of the Bid Deadline on April 3, 2020, the Debtors notified the State that it did not receive any Qualified Bids, there would be no Auction, and the Purchased Assets (including the Hospital) would be sold to the Foundation.

**RESPONSE**

To be clear, the State does not object to the Debtors' sale of the Hospital and other Purchased Assets to the Foundation, as long as the final Sale Order and Asset Purchase Agreement (the "APA") are consistent with the State Lease, State Lease Order, and Bid Procedures Order. The Debtors and the Foundation have both reaffirmed their desire to cooperate with the State and preserve all of its rights. They have both engaged with the State to address its concerns. Nevertheless, as of the filing of this Response, the State has not yet reviewed the proposed Sale Order. Moreover, the form of Stalking Horse APA appended to the Motion did not yet include provisions to conform to the terms of the State Lease, the State Lease Order and the Bid Procedures Order.

Accordingly, the submission of this Response is for the sole purpose of ensuring that the final Sale Order and APA are consistent with the Court's prior orders by expressly providing that (i) the State Lease is an Assumed Executory Contract and that the Foundation will perform in all respects thereunder, (ii) the Foundation acquires the Purchased Assets subject to the State Lease,

(iii) the sale free and clear provisions of Bankruptcy Code section 363(f) do not apply to the State Lease, and (iv) nothing in the APA or the Sale Order will be inconsistent with the State's rights under the State Lease, the State Lease Order and the Bid Procedures Order. Finally, the Debtors have received a prepayment for part of the rent for April 2020 under the State Lease and have submitted an invoice to the State for the balance due on April 30, 2020. The State has sought guidance as to which entity is entitled rent that is accruing, but not yet due, under the Lease in the month that the transaction closes.

The State believes that neither the Debtors nor the Foundation object to the foregoing clarifications. The Office of Emergency Services should be granted the right to review and approve the final language in the APA and Sale Order after consultation with the Debtors and the Foundation to make certain that both are consistent with the Debtors' existing obligations and the Court's prior orders.

## **RESERVATION OF RIGHTS**

The Office of Emergency Services reserves any and all rights, claims, and defenses the State has or may have with regard to the State Lease, the Sale Motion, the final Sale Order and APA, and any other motion, application, notice, or other documents filed in these Chapter 11 Cases. The Office of Emergency Services further reserves its right to supplement this Response to preserve and assert in any manner its rights in connection with the State Lease should its concerns not be resolved, including by filing a further objection to the Sale Motion or any attempted rejection of or interference with the Debtors' (or after assignment, the Foundation's) obligations under the State Lease.

Dated: April 6, 2020  
Los Angeles, California

**O'MELVENY & MYERS LLP**

By: /s/ Jacob T. Beiswenger
    JACOB T. BEISWENGER
    STEPHEN H. WARREN
    NANCY A. MITCHELL (*pro hac vice* forthcoming)

*Attorneys for the California Governor's Office of Emergency Services*