1  SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
2  TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
3  NICHOLAS A. KOFFROTH (Bar No. 287854)
4  nicholas.koffroth@dentons.com
DENTONS US LLP
5  601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
6  Tel: (213) 623-9300 / Fax: (213) 623-9924

7  Attorneys for the Chapter 11 Debtors and Debtors In Possession

PAUL J. RICOTTA (admitted *pro hac vice*)
pricotta@mintz.com
DANIEL S. BLECK (admitted *pro hac vice*)
dsbleck@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel: (617) 542-6000 / Fax: (617) 542-2241

Attorneys for UMB Bank, N.A., as Master Indenture Trustee and Wells Fargo Bank, National Association, as Indenture Trustee for the 2005 Bonds

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

8  **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

9  In re

10  VERITY HEALTH SYSTEM OF
CALIFORNIA, INC., *et al.*,

11

12        Debtors and Debtors In Possession.

13  ☒ Affects All Debtors

14  ☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
15  ☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
16  ☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
17  ☐ Affects Saint Louise Regional Hospital
Foundation
18  ☐ Affects St. Francis Medical Center of Lynwood
Foundation
19  ☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
20  ☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
21  ☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
22  ☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis,
23     LLC

24

25        Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly administered with:
Case No. 2:18-bk-20162-ER;
Case No. 2:18-bk-20163-ER;
Case No. 2:18-bk-20164-ER;
Case No. 2:18-bk-20165-ER;
Case No. 2:18-bk-20167-ER;
Case No. 2:18-bk-20168-ER;
Case No. 2:18-bk-20169-ER;
Case No. 2:18-bk-20171-ER;
Case No. 2:18-bk-20172-ER;
Case No. 2:18-bk-20173-ER;
Case No. 2:18-bk-20175-ER;
Case No. 2:18-bk-20176-ER;
Case No. 2:18-bk-20178-ER;
Case No. 2:18-bk-20179-ER;
Case No. 2:18-bk-20180-ER;
Case No. 2:18-bk-20181-ER;

Chapter 11 Cases
Hon. Judge Ernest M. Robles

**NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF AMENDED JOINT PLAN; (IV) SETTING ADMINISTRATIVE CLAIMS BAR DATE; AND (V) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date and Time:
Date:    [*Application for OST filed concurrently herewith*]
Location:    Courtroom 1568
          255 E. Temple Street
          Los Angeles, CA 90012

26

27

28

**PLEASE TAKE NOTICE** that, at the above referenced date, time and location, before the Honorable Ernest M. Robles, United States Bankruptcy Judge, by telephone or, if deemed necessary, in Courtroom 1568 located at 255 E. Temple Street, Los Angeles, California 90012, or as soon thereafter as the Court may hear the matter, the Court shall hold a hearing on the *Joint Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation And Voting Procedures; (III) Notice And Objection Procedures for Confirmation Of Amended Joint Plan; (IV) Setting Administrative Claims Bar Date; and (V) Granting Related Relief* (the "Motion") filed by Verity Health System of California, Inc. ("VHS") and the affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), and UMB Bank, N.A., as Master Indenture Trustee and Wells Fargo Bank, National Association, as Indenture Trustee for the 2005 Bonds (the "Trustees," and together with the Debtors, the "Movants").  On June 16, 2020, the Debtors, the Prepetition Secured Creditors (as defined in the Plan) and the Official Committee of Unsecured Creditors (collectively, the "Plan Proponents") filed the *Amended Joint Chapter 11 Plan of Liquidation (Dated June 16, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* (the "Plan") and related disclosure statement (the "Disclosure Statement") filed concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the *Declaration of Richard G. Adcock In Support of Emergency First-Day Motions* [Docket No. 8], the record in these cases and all other matters of which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, the arguments of counsel to be made at the hearing, and all other admissible evidence properly brought before the Court at or before the hearing on this Motion, if any.

**PLEASE TAKE FURTHER NOTICE** that any party may review and obtain a copy of the Motion, Plan, and Disclosure Statement, by visiting the following website https://www.kccllc.net/verityhealth.  Parties may also contact and request a copy from: Kurtzman Carson Consultants LLC ("KCC"), the Debtors' Solicitation Agent, by sending a written request via standard overnight or hand delivery to: Verity Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.  Additionally, copies of the Motion,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114919284\V-1

Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours and are also available on the KCC website at https//www.kcclle.net/verityhealth.    A copy may also be obtained by e-mail request to: Verityinfo@kccllc.com.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the Motion must file and serve the response ("Response"), pursuant to Local Bankruptcy Rule 9013-1(f), on the Movants and the Office of the United States Trustee as follows: (i) counsel to the Debtors: Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron (tania.moyron@dentons.com)); (ii) counsel to the Trustees: Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111 (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com); and (iii) counsel to the U.S. Trustee, Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017 (Attn: Hatty K. Yip (hatty.yip@usdoj.gov)).    A Response must be a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that, concurrently herewith, the Debtors are filing an application under Local Bankruptcy Rule 9075-1(b) for this Motion to be heard on shortened-notice on July 2, 2020 at 10:00 a.m. (Pacific Time) (the "Application").    After the Application is ruled on, the Debtors will provide notice of Response and reply deadlines to the Motion.    In the Application, the Debtors request that the Court set a Response deadline of June 23, 2020, and set a reply deadline of June 29, 2020, at 12:00 p.m. (Pacific Time).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested therein.

/ / /

/ / /

US_Active\114919284\V-1

1    Dated: June 16, 2020                          DENTONS US LLP

2

3                                          By:    /s/ Tania M. Moyron
                                                  Samuel R. Maizel
4                                                 Tania M. Moyron
                                                  Nicholas A. Koffroth
5

6                                                 Counsel to the *Debtors and Debtors In Possession*

7

8    Dated: June 16, 2020                          MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

9

10                                         By:    /s/ Paul J. Ricotta[1]
                                                  Paul J. Ricotta
11                                                Daniel S. Bleck

12

13                                                Counsel to *UMB Bank, N.A., as Master Indenture Trustee and Wells Fargo Bank, National Association, as Indenture Trustee for the 2005 Bonds*

14

15

16

17

18

19

20

21

22

23

24    [1] Pursuant to the Court's Amended General Order 20-02, the Debtors (i) are unable to obtain the foregoing party's holographic signatures due to a lack of required technology, (ii) obtained the party's permission to sign this document on the party's behalf, and (iii) will obtain and file the holographic signature required pursuant to LBR 9011-1(a) as soon as practicable. *See In re Amended Procedures for Public Emergency Related to COVID-19 Outbreak*, Amended General Order 20-02, at ¶ 7 (Bankr. C.D. Cal. Apr. 1, 2020); *see also* Third Amended General Order 20-02, at ¶ 1 (Bankr. C.D. Cal. May 28, 2020) (extending Amended General Order 20-02 through June 30, 2020).

25

26

27

28

US_Active\114919284\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................. ii

II. JURISDICTION, VENUE, AND REQUESTED RELIEF ........................................ 2

III. BACKGROUND .................................................................................................... 2

    A.    General Background. ................................................................................. 2

    B.    Events Leadings to the Bankruptcy Cases. .............................................. 3

    C.    Appointment of Committee. ..................................................................... 4

    D.    The Initial Administrative Claims Bar Date ............................................ 4

    E.    The First Plan and Disclosure Statement ................................................ 5

IV. DISCLOSURE STATEMENT AND PLAN ........................................................... 6

V. ARGUMENT ........................................................................................................... 8

    A.    The Disclosure Requirements of the Bankruptcy Code ........................... 8

    B.    The Proposed Disclosure Statement Meets the Applicable Standards. .................. 10

VI. ESTABLISHING PROCEDURES FOR SOLICITATION OF THE PLAN .......... 12

    A.    Approval of Form and Manner of Solicitation Package. ........................ 12

    B.    Approval of Form and Manner of Confirmation Hearing Notice ........................ 14

    C.    Establishment of Voting Record Date and Approving of Procedures for Distribution of Solicitation Packages. ........................................ 15

    D.    Approval of Forms of Ballot ................................................................... 17

    E.    Establishment of Deadline for Receipt of Ballots ................................. 18

    F.    Approval of Procedures for Vote Tabulation ......................................... 19

    G.    Establishment of Deadline and Procedures for Filing Objections to the Confirmation of the Plan. ................................................................. 25

    H.    Establishing Procedures for the Confirmation Hearing ......................... 26

    I.    Establishing Procedures for the Filing of Objections to the Confirmation of the Plan. ...................................................................... 27

VII. ESTABLISHING AN ADMINISTRATIVE CLAIMS BAR DATE ..................... 28

VIII. CONCLUSION ................................................................................................... 30

US_Active\114919284\V-1

1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Arnold*,
    471 B.R. 578 (Bankr. C.D. Cal. 2012)...................................................................6

*In re Art & Architecture Books of the 21st Century*,
    No. 2:13-bk-14135-RK, 2016 WL 1118743 (Bankr. C.D. Cal. Mar. 18, 2016).......................6

*In re Brotby*,
    303 B.R. 177 (B.A.P. 9th Cir. 2003)...................................................................7

*In re Cal. Fidelity, Inc.*,
    198 B.R. 567 (B.A.P. 9th Cir. 1996)...................................................................6

*In re Dakota Rail Inc.*,
    104 B.R. 138 (Bankr. D. Minn. 1989)...................................................................7

*In re Diversified Inv'rs Fund XVII*,
    91 B.R. 559 (Bankr. C.D. Cal. 1988)...................................................................7

*In re Egan*,
    33 B.R. 672 (Bankr. N.D. Ill. 1983)...................................................................7

*Kirk v. Texaco, Inc.*,
    82 B.R. 678 (S.D.N.Y. 1988)...................................................................7

*Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*,
    880 F.2d 694 (4th Cir. 1989)...................................................................7

*In re Oxford Homes, Inc.*,
    204 B.R. 264 (Bankr. D. Me. 1997)...................................................................7

*In re PC Liquidation Corp.*,
    383 B.R. 856 (E.D.N.Y. 2008)...................................................................7

*Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*,
    844 F.2d 1142 (5th Cir. 1988)...................................................................7

*In re Zenith Elec. Corp.*,
    241 B.R. 92 (Bankr. D. Del. 1999)...................................................................7

**Statutes and Rules**

11 U.S.C. § 101(5) ...................................................................18

11 U.S.C. § 105 ...................................................................2

11 U.S.C. § 327 ...................................................................2

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

11 U.S.C. § 328 ..................................................................................................................2

11 U.S.C. § 502 ................................................................................................................19

11 U.S.C. § 1107 ................................................................................................................2

11 U.S.C. § 1108 ................................................................................................................2

11 U.S.C. § 1125 .............................................................................................2, 6, 10, 11

11 U.S.C. § 1125(a) .................................................................................................1, 5, 6, 7

11 U.S.C. § 1126 .........................................................................2, 12, 13, 16, 19

11 U.S.C. § 1129(a) ..................................................................................................21, 22

28 U.S.C. § 157 ..................................................................................................................1

28 U.S.C. § 1334 ................................................................................................................1

28 U.S.C. § 1408 ................................................................................................................1

28 U.S.C. § 1409 ................................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 2002 ....................................................................................14, 15, 23

Fed. R. Bankr. P. 3016(c) ................................................................................................8

Fed. R. Bankr. P. 3017(c) ....................................................................................15, 22

Fed. R. Bankr. P. 3017(d) ...................................................................................... *passim*

Fed. R. Bankr. P. 3018 ...........................................................................................18, 19

Fed. R. Bankr. P. 3018(a) ...............................................................................13, 16, 17, 19

Fed. R. Bankr. P. 3020(b) ..............................................................................................24

Local Bankruptcy Rules 2002-1 ....................................................................................2

Local Bankruptcy Rule 3018-1 ...............................................................................2, 22

**Other Authorities**

H.R. Rep. No. 595, at 408-09, 95th Cong. (1st Sess. 1977)...........................................7

US_Active\114919284\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Verity Health System of California, Inc. ("VHS") and the affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (each a "Debtor" and, collectively, the "Debtors"), and UMB Bank, N.A., as Master Indenture Trustee and Wells Fargo Bank, National Association, as Indenture Trustee for the 2005 Bonds (together with the Debtors, the "Movants"), request (the "Motion") approval of (i) the *Disclosure Statement Describing Amended Joint Chapter 11 Plan Of Liquidation (Dated June 16, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* (the "Disclosure Statement")[1] filed concurrently herewith, (ii) the solicitation and voting procedures proposed herein, (iii) the proposed notice and objection procedures for confirmation of the *Amended Joint Chapter 11 Plan Of Liquidation (Dated June 16, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* (the "Plan") filed concurrently herewith, and (iv) granting related relief as set forth more fully herein.  In support of the Motion, the Movants refer to the *Declaration of Richard G. Adcock In Support of Emergency First-Day Motions* [Docket No. 8] (the "First-Day Declaration").  Concurrently herewith, the Debtors have filed an application for an order setting the hearing on this Motion on shortened notice.  The Movants respectfully submit that Disclosure Statement contains "adequate information," as that phrase is defined in § 1125(a)(1),[2] and, thus, request the Court grant the Motion.

---

[1] Capitalized terms not otherwise defined herein have the same definitions set forth in the Disclosure Statement.

[2] Unless specified otherwise, all chapter and section references are to title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.  All "Local Bankruptcy Rule" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**II.**

**JURISDICTION, VENUE, AND REQUESTED RELIEF**

The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are §§ 105, 1125, and 1126; Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020; and Local Bankruptcy Rules 2002-1, 3017-1, and 3018-1.

**III.**

**BACKGROUND**

**A.    General Background.**

1.    On August 31, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code (the "Cases"). The Cases are jointly administered before the Bankruptcy Court.  *See* Docket No. 17.  Since the Petition Date, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.    Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that, on the Petition Date, operated six acute care hospitals: O'Connor Hospital ("OCH"), Saint Louise Regional Hospital ("SLRH"), St. Francis Medical Center ("SFMC"), St. Vincent Medical Center ("SVMC"), Seton Medical Center ("SMC"), and Seton Medical Center Coastside ("Seton Coastside" and, together with OCH, SLRH, SFMC, and SVMC, the "Hospitals").  SMC and Seton Coastside (collectively, "Seton") operated under one consolidated acute care hospital license.

3.    VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") have operated as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care. *See* First-Day Decl., at 4, ¶ 12.  The scope of the services provided by the Verity Health System are exemplified by the fact that in

2017, the Hospitals provided medical services to over 50,000 inpatients and approximately 480,000 outpatients. *Id.*, at 4, ¶ 12.

4.    Additional background facts on the Debtors, including an overview of the Debtors' business, historical operations, capital structure, employment plans, prior restructuring efforts and liquidity issues that led to these chapter 11 Cases are contained in the First-Day Declaration. Below is an abbreviated description of major historical events that preceded the chapter 11 filing.

**B.    Events Leadings to the Bankruptcy Cases.**

5.    Between 1995 and 2015, the Hospitals incurred substantial operating losses. During that time period, Daughters of Charity of St. Vincent de Paul, Province of the West (the "Daughters of Charity") and the Daughters of Charity Health System ("DCHS") attempted to find a solution which would resolve the operating losses, either through a sale of some or all of the hospitals or a merger with a more financially sound partner.  These efforts were not successful, and the health system's losses continued to mount.

6.    In 2015, DCHS marketed the health system for sale and focused on offers that maintained the system as a whole, including the assumption of all existing obligations.  In July 2015, the DCHS Board of Directors selected BlueMountain Capital Management LLC ("BlueMountain"), a private investment firm, to recapitalize its operations and transition leadership of the health system to the new Verity Health System (the "BlueMountain Transaction").  In connection with the BlueMountain Transaction, BlueMountain agreed to make a capital infusion of $100 million, arrange loans for another $160 million to the system, and manage operations, with an option to buy the health system at a future time.  In addition, the parties entered into a System Restructuring and Support Agreement (the "Restructuring Agreement").  DCHS' name was changed to VHS, and Integrity Healthcare, LLC ("Integrity") was formed to carry out the management services under a new management agreement.

7.    On December 3, 2015, the California Attorney General (the "Attorney General") approved the BlueMountain Transaction, subject to certain conditions.  The Attorney General conditions were imposed for periods ranging from 5 to 15 years, and included, *inter alia*, limits on

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  transfers of control; maintenance of specific health services and specific bed counts; required

2  participation in Medicare and Medi-Cal programs; and required levels of charity care.

3      8.      Under the Restructuring Agreement, VHS, OCH, SLRH, SFMC, SVMC, and

4  Seton, were converted from religious corporations to public benefit corporations.

5      9.      Despite BlueMountain's infusion of cash and retention of various consultants and

6  experts to assist in improving cash flow and operations, the health system continued to incur

7  losses.

8      10.     In July 2017, NantWorks, LLC acquired a controlling stake in Integrity, and

9  brought in a new CEO, CFO, and COO.  NantWorks also loaned another $148 million to the

10  Debtors.

11      11.     Despite the infusion of capital and new management, losses continued to mount to

12  approximately $175 million annually on a cash flow basis.  It soon became apparent that the

13  problems facing the Verity Health System were too large to solve without a formal, court-

14  supervised restructuring,

15      12.     Accordingly, the Debtors commenced these Cases with the objective of protecting

16  the original legacy of the Daughters of Charity to the maximum extent possible.  The Debtors

17  pursued a strategy to retire debt incurred over the past 18 years so the Hospital facilities and work

18  force can continue their critical operations under new ownership and leadership without the

19  accumulated crisis of the past.

20  **C.     Appointment of Committee.**

21      13.     On September 17, 2018, the Office of the United States Trustee appointed an

22  Official Committee of Unsecured Creditors (the "Committee") in the Debtors' Cases. [Docket No.

23  197].

24  **D.     The Initial Administrative Claims Bar Date**

25      14.     On August 8, 2019, the Debtors filed a motion [Docket No. 2878] to set an

26  administrative claims bar date for certain claims arising under § 503(b)(1), which the Debtors

27  supplemented [Docket Nos. 2929, 2958].  On August 28, 2019, the Court entered an order [Docket

28  No. 2961] granting the motion and setting October 7, 2019 as the interim administrative claims bar

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

date (the "<u>Initial Administrative Claims Bar Date</u>") for claims, as that term is defined in § 101(5), against the Debtors or the Debtors' estates pursuant to §§ 503(b) and 507(a)(2), that were incurred, accrued or arose during the period from and after the Petition Date, which was August 31, 2018, through the Initial Administrative Claims Bar Date, including, but not limited to, (i) the actual, necessary costs and expenses of preserving the Debtors' estates and operating the business of the Debtors, including wages, salaries, payments or commissions for services rendered after the commencement of the chapter 11 cases and (ii) claims or causes of action arising after the Petition Date, including obligations due vendors, alleged personal injuries, medical malpractice and employment law claims, among others, whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, insured or uninsured, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.  On September 4, 2019, the Debtors filed a notice [Docket No. 3006] of the Initial Administrative Claims Bar Date (the "<u>Initial Administrative Claims Bar Date Notice</u>").

**E.    The First Plan and Disclosure Statement**

15.    On September 3, 2019, the Debtors filed a proposed plan of liquidation [Docket No. 2993] and corresponding disclosure statement [Docket No. 2994], the terms of which were contingent on the closing of the sale of the Debtors' remaining operating hospitals to Strategic Global Management, Inc. ("<u>SGM</u>").  On September 4, 2019, the Debtors filed a motion [Docket No. 2995] for an order approving (1) the disclosure statement and (2) solicitation, voting, and objection procedures relating to the plan.  On December 26, 2019, after SGM failed to close the sale, the Court entered an order [Docket No. 3859] vacating the continued hearing on the motion to approve the prior disclosure statement.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# IV.

## DISCLOSURE STATEMENT AND PLAN

Concurrently herewith, the Debtors, the Committee, and the Prepetition Secured Creditors[3] (collectively, the "Plan Proponents") filed the proposed Plan and related Disclosure Statement. The Plan Proponents worked diligently with their advisors to prepare the Plan, which maximizes value for the estates for the benefit of creditors.  The Plan essentially implements a comprehensive settlement and compromise between the holders of the Secured 2005 Revenue Bond Claims, the Debtors and the Committee, which enables the Plan to become effective in these Chapter 11 Cases immediately after the sale of the Debtors' remaining Hospital assets, ends the incurrence and expenditure of continuing administrative expenses of the Debtors, permits cash payments to be made to certain creditors on or about the Effective Date of the Plan and thereafter, and resolves the remaining litigation pending against the Prepetition Secured Creditors in these proceedings. Further, the Plan Proponents concluded, after a careful analysis of the Debtors' complex corporate and financial structure, that a single plan of liquidation contemplating the "deemed" substantive consolidation of all Debtors—rather than seventeen separate plans—will maximize value and avoid unnecessary costs and potential litigation.  Thus, as more fully described in the Disclosure Statement, the Plan provides for the "deemed" substantive consolidation of the Debtors solely for purposes of implementation of the Plan and distributions to creditors otherwise in accordance with the Bankruptcy Code's distribution and classification provisions.   The Disclosure Statement describes further facts and legal bases that support substantive consolidation.

As set forth in the Disclosure Statement, the Plan Proponents (i) anticipate the net sale proceeds of the sales of the Hospitals will be the primary source of funding for distributions under the Plan, and (ii) also anticipate other sources of recovery, including, but not limited to, recovery

---

[3] The Prepetition Secured Creditors are UMB Bank, N.A., as Master Trustee, Wells Fargo Bank, National Association, as 2005 Revenue Bonds Trustee, U.S. Bank, National Association as 2015 Notes Trustee and 2017 Notes Trustee, Verity MOB Financing LLC and Verity MOB Financing II, LLC.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    of certain receivables and fees after the Effective Date and the net proceeds of Causes of Action,

2    including Avoidance Actions, to be pursued by the Liquidating Trust.

3        The Movants propose the following key dates in connection with the approval of the

4    Disclosure Statement and confirmation of the Plan:[4]

| Event Date/Deadline | Event Date/Deadline |
| --- | --- |
| Disclosure Statement Objection Deadline | June 23, 2020 |
| Deadline to File Reply to Disclosure Statement Objections | June 29, 2020 at 12:00 p.m. (Pacific Time) |
| Disclosure Statement Hearing | July 2, 2020 at 10:00 a.m. (Pacific Time) |
| Voting Record Date | July 2, 2020 |
| Entry of Disclosure Statement Order | July 2, 2020 |
| Solicitation Commencement Deadline[5] | July 9, 2020 |
| Deadline to Object or to File a Motion to Estimate Claims for Voting Purposes | July 23, 2020 |
| Voting Objection Deadline | July 23, 2020 |
| Administrative Claims Bar Date | July 29, 2020 |
| Voting Deadline | July 30, 2020 at 4:00 p.m. (Pacific Time) |
| Confirmation Objection Deadline | July 30, 2020 |
| Deadline to File Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order and Response to Objections to the Confirmation | August 5, 2020 |
| Confirmation Hearing | August 12, 2020 at 10:00 a.m. (Pacific Time) |

16        The Movants respectfully request entry of an order: (i) approving the Disclosure Statement

17    as containing "adequate information," as that term is defined in § 1125(a)(1); (ii) establishing

18    procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a)

19    approving the form and manner of the solicitation packages, (b) approving the form and manner of

20    notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving

21    procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e)

---

[4] The Debtors filed an application for an order setting the hearing on this Motion on shortened notice contemporaneously herewith. The dates set forth herein are subject to the Court's ruling on the Debtors' application and the Court's availability with respect to the proposed confirmation schedule.

[5] The solicitation commencement deadline, and subsequent deadlines, are contingent on the date of the entry of the order approving the Disclosure Statement. For purposes of this proposed timeline, the Movants assume entry of the order approving the Disclosure Statement on July 2, 2020.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating

2    acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the

3    deadline for filing objections to, the confirmation of the Plan; (iv) fixing July 29, 2020, (the

4    "Administrative Claims Bar Date") as the deadline for holders of Administrative Claims to file

5    requests for payment of Administrative Claims arising, or anticipated to arise, between the Initial

6    Administrative Claims Bar Date and August 12, 2020 (the "Administrative Claim Period"), and

7    (v) granting related relief.

**V.**

**ARGUMENT**

**A.    The Disclosure Requirements of the Bankruptcy Code**

Pursuant to § 1125, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed chapter 11 plan. In that regard, § 1125(a)(1) provides in pertinent part that:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is reasonably designed to permit an informed judgment by impaired creditors or equity or other interest holders entitled to vote on a plan. *See In re Cal. Fidelity, Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("At a minimum, § 1125(b) seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote."); *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2016 WL 1118743, at *14 (Bankr. C.D. Cal. Mar. 18, 2016) ("The primary purpose of a disclosure statement is to give creditors and interest holders the information they need to decide whether to accept the plan.") (citing *Captain Blythers,*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    *Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 537 (B.A.P. 9th Cir. 2004)); *In re*

2    *Arnold*, 471 B.R. 578, 584-85 (Bankr. C.D. Cal. 2012).

3        In examining the adequacy of the information contained in a disclosure statement, the

4    Bankruptcy Court has broad discretion.  *See Art & Architecture Books of the 21st Century*, 2016

5    WL 1118743, at *14 ("Bankruptcy judges have broad discretion in reviewing disclosure

6    statements and what constitutes adequate information and any particular instance will develop on a

7    case-by-case basis."); *In re Brotby*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (same); *Kirk v.*

8    *Texaco, Inc.,* 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more

9    clear in granting broad discretion to bankruptcy judges under § 1125(a)"); *Menard-Sanford v.*

10   *Mabey (In re A.H. Robins Co., Inc.),* 880 F.2d 694, 696 (4th Cir. 1989); *Tex. Extrusion Corp. v.*

11   *Lockheed Corp. (In re Tex. Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re*

12   *Oxford Homes, Inc.,* 204 B.R. 264, 269 (Bankr. D. Me. 1997) (Congress intentionally drew vague

13   contours of what constitutes adequate information so that bankruptcy courts may exercise

14   discretion to tailor them to each case's particular circumstances); *In re Dakota Rail Inc.,* 104 B.R.

15   138, 143 (Bankr. D. Minn. 1989) (a bankruptcy court has "wide discretion to determine . . .

16   whether a disclosure statement contains adequate information, without burdensome, unnecessary,

17   and cumbersome detail").

18       Accordingly, the determination of whether a disclosure statement contains adequate

19   information is to be made on a case-by-case basis, focusing on the unique facts and circumstances

20   of each case. *See In re Diversified Inv'rs Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988)

21   ("According to the legislative history, the parameters of what constitutes adequate information are

22   intended to be flexible."); *see also In re PC Liquidation Corp.,* 383 B.R. 856 at 866 (E.D.N.Y.

23   2008); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination is

24   largely within the discretion of the bankruptcy court."); *In re Egan*, 33 B.R. 672, 674-75 (Bankr.

25   N.D. Ill. 1983).  This discretion provides flexibility and facilitates the effective reorganization of

26   the different types of chapter 11 debtors by accommodating the varying circumstances

27   accompanying chapter 11 cases.  *See* H.R. REP. NO. 595, at 408-09, 95th Cong. (1st Sess. 1977).

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The determination of whether adequate information has been provided should take account of the expertise and resources, including outside advisors and relevant information already possessed or publicly available, of the hypothetical investor of each class of claims or interests from which classes the acceptance or rejection of the Plan is solicited after the commencement of the cases. *See In re Zenith Elec. Corp.,* 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

**B.      The Proposed Disclosure Statement Meets the Applicable Standards.**

The Disclosure Statement provides "adequate information" to allow holders of Claims in the Voting Classes (as defined below) to make an informed decision about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including:

|       |                                                                                                 |
|-------|-------------------------------------------------------------------------------------------------|
| (i)   | An overview of the Plan (*see* Disclosure Statement, Sections II and VI);                       |
| (ii)  | The corporate structure and indebtedness of the Debtors (*see id.*, Sections III.C., IV);       |
| (iii) | The operation of the Debtors' business (*see id.,* Sections III, IV);                           |
| (iv)  | Key events leading to the commencement of the Chapter 11 Cases (*see id.*, Section IV);         |
| (v)   | Significant events that occurred during the Chapter 11 Cases (*see id.*, Section V);            |
| (vi)  | Information regarding Litigation (*see* Section V);                                             |
| (vii) | Financial information that would be relevant to determinations of whether to accept or reject the Plan (*see id.*, Section VI); |
| (viii)| Tax consequences of the Plan (*see id.*, Sections X, XI);                                       |
| (ix)  | Risk factors affecting the Plan and the Debtors (*see id.*, Section XIV);                       |
| (x)   | Requirements for confirmation of the Plan (*see id.*, Section XIII);                            |
| (xi)  | A liquidation analysis under chapter 7 of the Bankruptcy Code (*see id.*, Section XIII at K); and |
| (xii) | Description of Plan Releases (*see id.*, Section IX).                                           |

The Disclosure Statement also provides adequate notice of the release, exculpation, and injunction provisions in the Plan.  Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure

2    statement [must] describe in specific and conspicuous language all acts to be enjoined and identify

3    the entities that would be subject to the injunction." FED. R. BANKR. P. 3016(c).  The Disclosure

4    Statement provides a detailed description of releases and exculpations to be provided under the

5    Plan. *See* Disclosure Statement, § IX.B., C., D.

6        Furthermore, the Disclosure Statement provides an analysis of the alternatives to

7    confirmation and consummation of the Plan, which demonstrates that an impaired claimant or

8    interest holder that does not accept the Plan will receive or retain under the Plan property of a

9    value greater than the amount that such holder would receive or retain if the Debtors were forced

10    to liquidate under chapter 7 of the Bankruptcy Code.  *See id.*, § XIII.K. (setting forth the Debtors'

11    liquidation analysis).  Accordingly, the Plan Proponents recommend that holders of claims eligible

12    to vote on the Plan vote to accept the Plan because it is the most efficient and effective means to

13    provide remaining recoveries to holders of claims against the Debtors' estates.

14        The Disclosure Statement also contains a detailed description of means of implementation,

15    which includes the "deemed" substantive consolidation of the Debtors and the applicable factors

16    and legal basis.  The Disclosure Statements sets forth adequate information concerning (i) the

17    legal requirements to establish deemed substantive consolidation, and (ii) the factual bases

18    supporting the Plan Proponents' request for deemed substantive consolidation.  It also provides

19    notice that the Disclosure Statement and Plan shall be deemed a motion requesting that the

20    Bankruptcy Court approve the deemed substantive consolidation contemplated by the Plan at the

21    Confirmation Hearing, unless otherwise separately scheduled.  *See* Disclosure Statement, Section

22    XV.

23        Additionally, the Disclosure Statement sets forth the effect of deemed substantive

24    consolidation and the facts of the cases that satisfy the standard for deemed substantive

25    consolidation in the Ninth Circuit.  The facts relevant to the Ninth Circuit analysis and identified

26    in the Disclosure Statement include: (i) the impact of the conditions imposed by the Attorney

27    General and the extent to which the conditions required that the Debtors act as a single economic

28    unit; (ii) the manner in which the Debtors booked significant transfers on their general account

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

ledgers between entities and the effect the claims will have on recoveries among the unsecured creditors of each Debtor; (iii) the issues raised by reconciliation of claims and the allocation of liabilities among the Debtors; (iv) the Debtors' lending and business relationships with the creditors and the extent to which the Debtors dealt with creditors as a single enterprise; and (v) facts reflecting the extent to which the proposed deemed substantive consolidation is administratively convenient and benefits creditors.    Accordingly, the Disclosure Statement contains the pertinent information necessary for holders of impaired claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding the effect and basis for the Plan Proponents' request for deemed substantive consolidation.

The Movants respectfully submit that the Disclosure Statement complies with all aspects of § 1125.  The Movants will demonstrate at the hearing to approve the Disclosure Statement that the Disclosure Statement addresses the information set forth above in a manner that provides holders of impaired unsecured claims that are entitled to vote to accept or reject the Plan with adequate information within the meaning of § 1125 and should therefore be approved.

## VI.

## ESTABLISHING PROCEDURES FOR SOLICITATION OF THE PLAN

**A.    Approval of Form and Manner of Solicitation Package.**

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

FED. R. BANKR. P. 3017(d).

As further discussed below, if the Bankruptcy Court approves the Disclosure Statement as containing adequate information pursuant to § 1125, the Debtors propose to distribute by First Class Mail to holders of claims in the classes entitled to vote on the Plan (the "Voting Classes")[6] the Confirmation Hearing Notice (as defined below), as well as a package containing solicitation materials (the "Solicitation Package") including:

a)    the Bankruptcy Court's Order approving the Disclosure Statement (the "Disclosure Statement Order"), excluding the exhibits attached thereto;

b)    the applicable ballot (a "Ballot"), the proposed forms of which will be filed with the Court as a supplement to this Motion, together with a pre-paid, pre-addressed return envelope and, either paper copies of or electronic copies in "pdf" format on a CD-ROM or USB flash drive containing the Disclosure Statement (with the Plan and other exhibits attached thereto); and

c)    any supplemental documents filed with the Bankruptcy Court and such other materials as the Bankruptcy Court may direct, including any letters in support of the Plan.

---

[6] The Voting Classes consist of Classes 2 (Secured 2017 Revenue Notes Claims), 3 (Secured 2015 Notes Revenue Claims), 4 (Secured 2005 Revenue Bonds Claims), 5 (Secured MOB Financing Claims), 6 (Secured MOB II Financing Claims), 7 (Secured Mechanics Lien Claims), 8 (General Unsecured Claims), 9 (Insured Claims), and 10 (2016 Data Breach Claim).   Class 11 (Subordinated General Unsecured Claims) and Class 12 (Interests) are deemed to reject the Plan, and, therefore, not entitled to vote.   Similarly, Class 1A (Priority Non-Tax Claims) and Class 1B (Secured PACE Financing Claims) are deemed not impaired and, therefore, deemed to accept the Plan and not entitled to vote.

1    The Movants submit that such materials and manner of service satisfy the requirements of

2 Bankruptcy Rule 3017(d).

3    Kurtzman Carson Consultants LLC ("KCC") will serve as the Plan Proponents'

4 Solicitation Agent (the "Solicitation Agent") and provide access to Solicitation Packages, among

5 other things.  Solicitation Packages (except for Ballots) will be available (i) for download at

6 https://www.kccllc.net/verityhealth, (ii) by email request to verityinfo@kccllc.com, (iii) by written

7 request via standard overnight or hand delivery to: Verity Ballot Processing Center, c/o KCC, 222

8 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, and (iv) on the Bankruptcy Court's

9 website.[7]

10  **B.  Approval of Form and Manner of Confirmation Hearing Notice**

11   Upon approval of the Disclosure Statement pursuant Disclosure Statement Order, the

12 Movants will serve or cause to be served the following documents on the following parties, as

13 applicable: (i) a written notice to the Voting Classes (the "Confirmation Hearing Notice") of

14 (a) the Bankruptcy Court's approval of the Disclosure Statement, (b) the deadline for voting on the

15 Plan, (c) the time, date, and place for the hearing to consider confirmation of the Plan, and (d) the

16 deadline and procedures for filing objections to the confirmation of the Plan, together with the

17 Solicitation Package; (ii) a written notice to the non-voting accepting classes (the "Notice of Non-

18 Voting Accepting Status and Confirmation Hearing") that sets forth such parties' Plan treatment, a

19 summary of the Plan's release, injunction, and exculpation provisions, and certain information

20 regarding the hearing to consider confirmation of the Plan and related deadlines; and (iii) a written

21 notice to the non-voting rejecting classes (the "Notice of Non-Voting Rejecting Status and

22 Confirmation Hearing") that sets forth such parties' Plan treatment, a summary of the Plan's

23 release, injunction, and exculpation provisions, and certain information regarding the hearing to

24 consider confirmation of the Plan and related deadlines.  The relevant notices will be served on the

25

26 _____

27 [7] http://www.cacb.uscourts.gov/ (a PACER login and password are required to access documents
on the Bankruptcy Court's website).

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    appropriate parties by First Class Mail.  The Debtors will file the proposed form of notices prior to

2    the hearing on this Motion.

3    　　　　Consistent with § 1126(f) and Bankruptcy Rule 3017(d), the Movants propose to send the

4    Notice of Non-Voting Accepting Status and Confirmation Hearing to holders of Administrative

5    Claims, Professional Claims, Statutory Fees, Priority Tax Claims, Administrative DIP Lender

6    Claims,   Other   Priority   Claims,   and   Secured   PACE   Tax   Financing   Claims   (the

7    "Unclassified/Unimpaired Claimholders"), which classes are unclassified or deemed to accept the

8    Plan,.

9    　　　　Consistent with § 1126(g) and Bankruptcy Rule 3017(d), the Movants proposed to send the

10    Notice of Non-Voting Rejecting Status and Confirmation Hearing to holders of Subordinated

11    General Unsecured Claims and Interests, which classes are deemed to reject the Plan.

12    　　　　The Movants submit that such notices satisfy the requirements of the Bankruptcy Code and

13    Bankruptcy Rule 3017(d).  Accordingly, the Movants request that the Bankruptcy Court determine

14    that the Movants are not required to distribute copies of the Plan, Disclosure Statement, or

15    Disclosure Statement Order to any of the Unclassified/Unimpaired Claimholders, holders of

16    Subordinated General Unsecured Claims, or Interest holders, unless otherwise requested in writing

17    or by the terms of the Disclosure Statement Order.

18    **C.    Establishment of Voting Record Date and Approving of Procedures for Distribution**

19    　　　　**of Solicitation Packages.**

20    　　　　Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection

21    with the confirmation of a bankruptcy plan, "creditors and equity security holders shall include

22    holders of stock, bonds, debentures, notes and other securities of record on the date the order

23    approving the disclosure statement is entered or another date fixed by the court, for cause, after

24    notice and a hearing."  Fed R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar

25    provision regarding determination of the record date for voting purposes.

26    　　　　The Movants request that the Bankruptcy Court establish July 2, 2020, as the record date

27    (the "Voting Record Date"), for purposes of determining the claimholders that are entitled to vote

28    (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   for purposes of determining the claimholders to receive certain Plan-related materials.  The

2   Debtors expect that they will be able to commence distribution of (i) the Confirmation Hearing

3   Notice and Solicitation Package to the Voting Classes and (ii) the Notice of Non-Voting

4   Accepting Status and Confirmation Hearing and/or Notice of Non-Voting Rejecting Status and

5   Confirmation Hearing to parties-in-interest outside of the Voting Classes, as applicable, as set

6   forth herein, within six (6) calendar days after the date of entry of the Disclosure Statement Order,

7   or as soon as reasonably practicable thereafter (the "Solicitation Commencement Date").  The

8   Movants anticipate that, subject to entry of an order granting this Motion, that the Solicitation

9   Commencement Date will be July 9, 2020.

10      In the case of Class 4 (Secured 2005 Revenue Bond Claims), certain brokerage firms and

11  banks or their agents (collectively, the "Nominees") hold Class 4 claims rather than the individual

12  holders themselves (collectively, the "Beneficial Holders").  To ensure proper tabulation of votes

13  for all Secured 2005 Revenue Bond Claims, the Debtors will deliver Solicitation Packages to

14  holders of record as of the Voting Record Date, including Nominees, as reflected on security

15  position reports provided by The Depository Trust Company ("DTC").  Additionally, the Debtors

16  will distribute "Master Ballots" and "Beneficial Holder Ballots" to Nominees under separate cover

17  from the Solicitation Packages delivered to all other holders of record.  The Beneficial Holder

18  Ballots will instruct each Beneficial Holder voting on the Plan through a Nominee to return the

19  Beneficial Holder Ballot to the appropriate Nominee in sufficient time for such Nominee to timely

20  cast votes to accept or reject the Plan on behalf of the Beneficial Holders, or otherwise follow the

21  directions of the Nominee.  The Nominee will complete and return a Master Ballot, which the

22  Debtors will tabulate for purposes of determining votes for Class 4.

23      The Movants shall cause to be distributed electronically the Disclosure Statement Order

24  (excluding exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement (together

25  with the Plan and other exhibits attached thereto), and such other materials as the Bankruptcy

26  Court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not

27  otherwise receive the Solicitation Package):

28          a)      the U.S. Trustee;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    b)  the Internal Revenue Service;

2    c)  the California Attorney General; and

3    d)  all persons and entities that have filed a request for service of filings in the

4        Debtors' Cases pursuant to Bankruptcy Rule 2002.

5   The Debtors anticipate that some of the notices served in the Debtors' Cases, including

6 notices of the hearing to approve the Disclosure Statement and notices of the commencement of

7 the Debtors' Cases, have been or may be returned, including because certain notice parties have

8 foreign addresses.  The Debtors believe that it would be costly and inefficient to distribute the

9 Solicitation Package to the same addresses to which undeliverable notices were previously

10 distributed.  Therefore, the Movants seek the Bankruptcy Court's approval for a departure from

11 the strict notice rule, excusing the Debtors from distributing Solicitation Packages to those entities

12 listed at such addresses if the Debtors are not provided with updated addresses for such entities

13 before the Solicitation Commencement Date.  Further, if the Debtors send Solicitation Packages

14 that are deemed undeliverable and are not provided with a forwarding or more updated address,

15 the Movants seek that the Debtors be excused from attempting to re-deliver Solicitation Packages

16 to such entities.  The Movants submit that good cause exists for implementing the aforementioned

17 notice and service procedures.

18 **D.  Approval of Forms of Ballot**

19   Bankruptcy Rule 3017(d) requires that the Plan Proponents mail a form of Ballot to

20 "creditors and equity security holders entitled to vote on the plan."  The Movants propose to

21 distribute to each holder of a claim in each Voting Class a Ballot, including the Master Ballots

22 and/or Beneficial Holder Ballots, as applicable, the form of which will be filed by the Debtors as a

23 supplement prior to the hearing on this Motion.  The form of Ballot is based upon Official Form

24 No. B314, but has been modified to address the particular aspects of the Debtors' Cases and to

25 include certain additional information that the Movants believe to be relevant and appropriate for

26 the applicable classes of claims that are entitled to vote to accept or reject the Plan, including

27 information regarding the releases, injunctions, and exculpations contained in the Plan.

28

**E.       Establishment of Deadline for Receipt of Ballots**

Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  The Movants have developed the proposed schedule to allow for a solicitation period in the Debtors' Cases of approximately 21 days, which the Movants believe is appropriate in light of the circumstances of the case and consistent with the requirements set forth in Bankruptcy Rule 2002(b).  Accordingly, the Movants propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Debtors so as to be received by the Debtors no later than **4:00 p.m. (Pacific Time) on July 30, 2020** or as otherwise ordered by the Bankruptcy Court (the "Voting Deadline") as set forth below. The Movants submit that such solicitation period is a sufficient period within which creditors can make an informed decision to accept or reject the Plan in light of the circumstances of these Cases.

All Ballots must be delivered via First Class Mail, overnight courier, or hand delivery so as to be actually received by the Solicitation Agent no later than the Voting Deadline.  Except as provided below, Ballots must be submitted to the Solicitation Agent at the following address in accordance with the voting procedures set forth below:

Verity Ballot Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245
(888) 249-2741(domestic)
(310) 751-2635 (international)

Master Ballots submitted by Nominees holding Class 4 (Secured 2005 Revenue Bond Claims), must be delivered to the Solicitation Agent at:

Verity Ballot Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245
(877) 499-4509 (domestic)
(917) 281-4800 (international)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Movants request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website.  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature). Instructions for electronic, online transmission of Ballots shall be set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  For the avoidance of doubt, the Movants request that Ballots submitted via the customized online balloting portal be deemed to contain an original signature.

BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE, ELECTRONIC MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT MAY BE ACCEPTED BY THE MOVANTS ON A CASE-BY-CASE BASIS.

**F.    Approval of Procedures for Vote Tabulation**

Section 1126(c) provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." FED. R. BANKR. P. 3018(a).

For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Movants propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a)    The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules"); provided that (i) such claim is not scheduled as

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

any of contingent, unliquidated, undetermined, disputed, or in a zero dollar amount, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) with respect to such claim.

b)    The noncontingent and liquidated amount specified in a proof of claim timely filed with the Bankruptcy Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection filed by **July 23, 2020** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Bankruptcy Court, or otherwise resolved by the Bankruptcy Court, the amount set forth in such stipulation or order).

c)    If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d)    Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e)    The amount temporarily allowed or estimated by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall be the amount of the claim for voting purposes.

f)    If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Movants) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g)    If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h)    If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

i)    If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Bankruptcy Court or (ii) deemed timely filed by an

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

order of the Bankruptcy Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j)    If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Bankruptcy Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Movants or any other party-in-interest in any other context, including the right of the Movants or any other party-in-interest to contest the amount or validity of any claim for purposes of allowance under the Plan.

Additionally, the Movants seek authorization from the Bankruptcy Court for the Movants to object to any claim (as defined in § 101(5)) solely for Plan voting purposes by filing a determination motion (the "Determination Motion"), no later than the Voting Objection Deadline. If an objection to a claim (made by way of a Determination Motion or otherwise) filed on or before the Voting Objection Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Bankruptcy Court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, the Movants request, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such

2   temporary allowance (the "Claims Estimation Motion").[8]

3       If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or

4   reject the Plan pursuant to Bankruptcy Rule 3018(a), the Movants request that such creditor be

5   required to file a Claims Estimation Motion for such temporary allowance by the later of (i) the

6   Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination

7   Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

8       In the event that a Determination Motion or Claims Estimation Motion is filed, the

9   Movants request that the Bankruptcy Court allow the non-moving party to file a reply to such

10  motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of

11  the applicable motion (the "Voting Objection Reply Deadline").  A hearing will be scheduled

12  (subject to the Bankruptcy Court's availability) on such motion within seven (7) days of the

13  Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined

14  below).    The Movants further request that the ruling by the Bankruptcy Court on any

15  Determination Motion or Claims Estimation Motion be considered a ruling with respect to the

16  allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting

17  purposes only, in the amount determined by the Bankruptcy Court.

18      The Movants propose that, in the event a claimant reaches an agreement with the Movants,

19  as to the treatment of its claim for voting purposes, the claim may be treated in such manner.

20      The Movants further request that the following voting procedures and standard

21  assumptions be used in tabulating the Ballots:

22          a)      For purposes of the numerosity requirement of § 1126(c) and based on the
                    reasonable efforts of the Movants, separate claims held by a single creditor
23                  in a particular class will be aggregated as if such creditor held one claim
                    against the Debtors in such class, and the votes related to such claims will
24                  be treated as a single vote to accept or reject the Plan.

25

26  _____

    [8] This proposed procedure is consistent with § 1126, which provides that a plan may be accepted
27  or rejected by the holder of a claim allowed under § 502. In turn, § 502(a) provides that a filed
    proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

b)    Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c)    Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote.  Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d)    Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

e)    Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

f)    Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

g)    Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

h)    Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court may be accepted by the Debtors on a case-by-case basis.

i)    Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

j)    If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

k)    Each creditor shall be deemed to have voted the full amount of its claim in a class.  Unless otherwise ordered by the Bankruptcy Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

l)    Any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

m)    Any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

n)    Notwithstanding anything contained herein to the contrary, the Movants may contact parties that submitted Ballots to cure any defects in the Ballots.

o)    Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the Bankruptcy Court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to § 1129(a)(8).

p)    If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q)    Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Movants or the Bankruptcy Court determines. Neither the Movants nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

r)    The Movants, and subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the Bankruptcy Court.

s)    Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Movants may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Bankruptcy Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

t)    Subject to contrary order of the Bankruptcy Court, theMovants reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Movants, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

In addition to the foregoing, as applicable, the Movants request that the following voting procedures and standard assumptions be used in tabulating Master Ballots:

u) In the case of Class 4 (Secured 2005 Revenue Bond Claims), votes cast by beneficial owners holding through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date.

v) If conflicting votes or "over-votes" are submitted by or on behalf of a Nominee, the Solicitation Agent shall use reasonable efforts to reconcile discrepancies with such Nominee. The submission of a Master Ballot reflecting an aggregate amount of Class 4 (Secured 2005 Revenue Bond Claims) that exceeds the Voting Record Date position is referred to herein as an "overvote".

w) If overvotes are submitted by a Nominee which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position.

The Movants submit that such procedures provide for a fair and equitable voting process.

**G.    Establishment of Deadline and Procedures for Filing Objections to the Confirmation of the Plan.**

**a.    Scheduling the Confirmation Hearing**

Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

FED. R. BANKR. P. 3017(c). In accordance with Bankruptcy Rule 3017(c), the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for **August 12, 2020 at 10:00 a.m. (Pacific Time)**.

The Movants propose that, no later than **August 5, 2020**, the Movants will file with the Bankruptcy Court a tabulation report for Plan voting, a proposed form of confirmation order, a memorandum in support of confirmation addressing the requirements of § 1129(a) and any declarations or other evidence in support thereof, and replies to any objections received by the Confirmation Objection Deadline. In light of these deadlines, the Movants respectfully request

1    that the Court shorten the ballot tabulation deadline set forth in Local Bankruptcy Rule 3018-1(b)

2    from fourteen days to seven days.

3         The Movants request that the Confirmation Hearing may be continued from time to time

4    by the Bankruptcy Court or the Debtors without further notice other than by notices of

5    continuance filed on the docket of the Debtors' Cases.  The proposed timing for the Confirmation

6    Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local

7    Bankruptcy Rules, and will enable the Plan Proponents to pursue confirmation of the Plan in a

8    timely fashion.

9    **H.**      **Establishing Procedures for the Confirmation Hearing**

10        Bankruptcy Rules 2002(b) and 3017(d) require not less than twenty-eight (28) days' notice

11   to all creditors and equity security holders of the time fixed for filing objections and the hearing to

12   consider confirmation of a chapter 11 plan.  The Movants propose to provide to all creditors and

13   interest holders a copy of either the Confirmation Hearing Notice, the Notice of Non-Voting

14   Accepting Status and Confirmation Hearing, or the Notice of Non-Voting Rejecting Status and

15   Confirmation Hearing as proposed herein, setting forth, among other things, (a) the date of

16   approval of the Disclosure Statement, (b) the Voting Record Date, (c) the Voting Deadline, (d) the

17   time fixed for filing objections to confirmation of the Plan, and (e) the time, date, and place for the

18   Confirmation Hearing.  Such notice will be sent at least twenty-one (21) days before the deadline

19   to object to confirmation of the Plan.  Accordingly, the Movants request that the Court shorten the

20   deadline set forth in Bankruptcy Rules 2002(b) and 3017(d) to 21 days.

21        Bankruptcy Rule 2002(1) permits the Bankruptcy Court to "order notice by publication if it

22   finds that notice by mail is impracticable or that it is desirable to supplement the notice."  FED. R.

23   BANKR. P. 2002(1). In addition to mailing the Confirmation Hearing Notice, the Movants propose

24   to publish the Confirmation Hearing Notice once, as soon as reasonably practical after the entry of

25   the Disclosure Statement Order, in the following newspapers: *Los Angeles Times, San Francisco*

26   *Chronicle, San Jose Mercury News and USA Today*.  The Movants believe that publication of the

27   Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure

28   Statement; the Voting Record Date; the Voting Deadline; the time fixed for filing objections to

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  confirmation of the Plan; and the time, date, and place of the Confirmation Hearing to persons

2  who do not otherwise receive actual written notice by mail as provided for in the Disclosure

3  Statement Order.

4       The Movants submit that the foregoing procedures will provide adequate notice of the

5  Confirmation Hearing and, accordingly, requests that the Bankruptcy Court approve such notice as

6  adequate.

7  **I.     Establishing Procedures for the Filing of Objections to the Confirmation of the Plan.**

8       Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed

9  and served "within a time fixed by the court."  The Confirmation Hearing Notice provides, and the

10  Movants request the Bankruptcy Court to direct, that objections to the confirmation of the Plan or

11  proposed modifications to the Plan, if any, must:

12       a)    be in writing;

13       b)    comply with the Bankruptcy Rules and the Local Bankruptcy Rules;

14       c)    set forth the name of the objector and the nature and amount of any Claim
             asserted by the objector against or in the Debtors;

15

16       d)    state with particularity the legal and factual bases for the objection and, if
             practicable, a proposed modification to the Plan that would resolve such
17            objection; and

18       e)    be filed with the Bankruptcy Court, together with proof of service, and
             served so that they are actually received by the Notice Parties (as defined
19            below) no later than **July 30, 2020** which deadline may be extended by the
             Debtors (the "Confirmation Objection Deadline").
20

21       The Movants request that Court require any confirmation objection to be served on the

22  following parties (collectively, the "Notice Parties"): (i) counsel to the Debtors: Dentons US LLP,

23  601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Tania M. Moyron

24  (tania.moyron@dentons.com)); (ii) counsel to the Committee: Milbank LLP, 2029 Century Park

25  East,    33rd    Floor,    Los    Angeles,    CA    90067    (Attn:    Mark    Shinderman

26  (mshinderman@milbank.com)); (iii) counsel to the Master Trustee and Series 2005 Bond Trustee:

27  Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111

28  (Attn: Daniel S. Bleck and Paul Ricotta (dsbleck@mintz.com, pricotta@mintz.com)); (iv) counsel

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    to the Series 2015 Notes Trustee: McDermott Will & Emergy LLP, 444 West Lake Street, Suite

2    4000, Chicago, IL 60606 (Attn: Nathan F. Coco and Megan Preusker (ncoco@mwe.com;

3    mpreusker@mwe.com)); (v) counsel to the Series 2017 Notes Trustee: Maslon, LLP, 3300 Wells

4    Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (Attn: Clark Whitmore

5    (clark.whitmore@maslon.com)); (vi) counsel to the MOB Lenders: Jones Day, 250 Vesey Street,

6    New York, NY 10281 (Attn: Bruce Bennett, Benjamin Rosenblum, and Peter Saba

7    (bbennett@jonesday.com, brosenblum@jonesday.com, psaba@jonesday.com); and (vii) counsel

8    to the U.S. Trustee, Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los

9    Angeles, California 90017 (Attn: Hatty K. Yip (hatty.yip@usdoj.gov)).

10        The proposed timing for filing and service of objections and proposed modifications, if

11   any, will afford the Bankruptcy Court, the Plan Proponents, and other parties in interest sufficient

12   time to consider the objections and proposed modifications prior to the Confirmation Hearing.

13                                            **VII.**

14          **ESTABLISHING AN ADMINISTRATIVE CLAIMS BAR DATE**

15        The Plan contemplates that the Court set an Administrative Claims Bar Date not later than

16   14 days prior to the Confirmation Hearing.  *See* Plan at § 1.14.  The Movants request that the

17   Court fix the Administrative Claims Bar Date consistent with the Plan to allow the Plan

18   Proponents to more fully evaluate the Administrative Claims pool and the funding needs related to

19   the Administrative Claims Reserve set forth in the Plan.  *See* Plan at § 1.15.  Rule 3003(c)(3)

20   provides, in pertinent part, that "the court shall fix and for cause shown may extend the time

21   within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3).  Rule

22   2002(a)(7) provides for twenty-one days' notice of a court fixed bar date for filing proofs of claim

23   in a chapter 11 case.  The proposed Administrative Claims Bar Date of **July 29, 2020**, will be

24   more than twenty-one days from service or the order granting this Motion and thus will comply

25   with Rule 2002(a)(7).

26        Sections 105 and 502, together with Rule 9007, permit the Court to approve the form and

27   sufficiency of a proposed notice of Administrative Claims Bar Date (the "Administrative Claims

28   Bar Date Notice"). 11 U.S.C. §§ 105, 502; FED. R. BANK. P. 9007.  The Movants shall file a

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

proposed form of Administrative Claims Bar Date Notice as a supplement to this Motion substantially in the same form as the Interim Administrative Claims Bar Date Notice. The proposed Administrative Claims Bar Date Notice will notify potential claimants of the Administrative Claims Bar Date and contain information regarding who must file an Administrative Claim and the consequences of the failure to file such claims or provide the supporting information. The proposed Administrative Claims Bar Date Notice will also include all of the language contained in the court-approved form of notice of bar date, and, in particular, will advise interested parties of, among other things: (1) the Administrative Claims Bar Date of July 29, 2020, for Administrative Claims arising during the Administrative Claim Period, and (2) the need to assert Administrative Claims on or before the Administrative Claims Bar Date. The Movants submit that the Court should approve the form of Administrative Claims Bare Date notice to be filed before the hearing on this Motion.

The Administrative Claims Bar Date shall not apply to the following holders of Administrative Claims ("Excluded Claims"):

a.    Administrative Claims based upon liabilities that the Debtors incur in the ordinary course of their business to providers of goods and services;

b.    Professional Claims subject to allowance under § 330;

c.    Professional Claims for professionals employed by the Prepetition Secured Creditors under paragraph 5(b) of the Final DIP Order;

d.    Claims relating to the assumption and cure of an executory contract under § 365(b);

e.    Administrative Claims arising out of the employment by one or more of the Debtors of an individual from and after the Petition Date, but only to the extent that such Administrative Claim is solely for outstanding wages, commissions, or reimbursement of business expenses; and

f.    U.S. Trustee fees.

The Administrative Claims Bar Date Notice shall specifically identify the foregoing Excluded Claims.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

As with the Interim Administrative Claims Bar Date Notice, the Movants propose to serve the Administrative Claims Bar Date Notice on the following categories of potential claimants which may hold Administrative Claims during the Administrative Claim Period: (1) employees employed by the Debtors postpetition, (2) vendors providing postpetition services to the Debtors, (3) counterparties to executory contracts and unexpired leases with the Debtors and (4) holders of postpetition causes of action. The Debtors also intend to publish the Administrative Expense Claims Bar Date Notice only in the Los Angeles Times, the San Jose Mercury News, the San Francisco Chronicle, and USA Today at least twenty-one (21) days prior to the Administrative Expense Claims Bar Date.  The use of the foregoing, proposed Administrative Claim procedures are necessary due to the size of the Debtors' bankruptcy cases and the large number of creditors.

## VIII.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Bankruptcy Court enter an order: (i) approving the Disclosure Statement; (ii) approving the solicitation and voting procedures; (iii) approving the proposed notice and objection procedures for confirmation of the Plan; (iv) approving the Administrative Claims Bar Date and related procedures; and (v) granting such other and further relief as the Bankruptcy Court deems just and proper.

Dated:  June 16, 2020                    DENTONS US LLP


                                        By:   */s/ Tania M. Moyron*
                                              Samuel R. Maizel
                                              Tania M. Moyron
                                              Nicholas A. Koffroth

                                              Counsel  to  the  *Debtors  and  Debtors  In*
                                              *Possession*

1    Dated: June 16, 2020                          MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                                   AND POPEO, P.C.
2

3                                          By:    /s/ Paul J. Ricotta[9]

4                                                  Paul J. Ricotta
                                                   Daniel S. Bleck
5
                                                   Counsel to *UMB Bank, N.A., as Master*
6                                                  *Indenture Trustee and Wells Fargo Bank,*
                                                   *National Association, as Indenture Trustee for*
7                                                  *the 2005 Bonds*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   _____

24   [9] Pursuant to the Court's Amended General Order 20-02, the Debtors (i) are unable to obtain the
     foregoing party's holographic signatures due to a lack of required technology, (ii) obtained the
25   party's permission to sign this document on the party's behalf, and (iii) will obtain and file the
     holographic signature required pursuant to LBR 9011-1(a) as soon as practicable. *See In re*
26   *Amended Procedures for Public Emergency Related to COVID-19 Outbreak*, Amended General
     Order 20-02, at ¶ 7 (Bankr. C.D. Cal. Apr. 1, 2020); *see also* Third Amended General Order 20-
27   02, at ¶ 1 (Bankr. C.D. Cal. May 28, 2020) (extending Amended General Order 20-02 through
     June 30, 2020).
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\114919284\V-1                          31