Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: skahn@pszjlaw.com

Co-Counsel to Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-ER |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*, | Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER; |
| Debtors and Debtors In Possession. | Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER; |
| ☒ Affects All Debtors | Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER; |
| ☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC | Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE AMONG ST. VINCENT MEDICAL CENTER, CENTRAL HEALTH PLAN OF CALIFORNIA, INC., CENTRAL HEALTH MSO, INC., AND SEOUL MEDICAL GROUP, INC.**<br><br><u>HEARING:</u><br>Date:  August 12, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 1568 |
| Debtors and Debtors In Possession. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE** that, at 10:00 a.m. (prevailing Pacific Time), on August 12, 2020, before the Honorable Ernest M. Robles, in Courtroom 1568 of the United States Bankruptcy Court for the Central District of California, Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012, Debtor St. Vincent Medical Center ("SVMC"), will request approval of a Settlement Agreement (defined below) between it, on the one hand, and Central Health Plan of California, Inc. ("CHP"), Central Health MSO, Inc. ("CHMSO") and Seoul Medical Group, Inc., on the other hand ("SMG", and together with CHP, CHMSO and SVMC, the "Parties").

The Settlement Agreement resolves disputes among the Parties arising from three agreements between SVMC and each of the other parties, two of which SVMC asserts were breached pre-petition by CHP and SMG.  The principal terms of the Settlement Agreement are set forth in the accompanying Memorandum of Points and Authorities (the "Memorandum") and in full detail in the *Settlement Agreement and General Release* (the "Settlement Agreement") attached as **Exhibit "1"** to the Declaration Of Richard G. Adcock.  The Debtors submit that the Settlement Agreement is in the best interests of the estate and should be approved.

**PLEASE TAKE FURTHER NOTICE** that the relief requested herein is based on this Notice of Motion and Motion, the Memorandum, the attached Declaration of Richard G. Adcock, the supporting statements, arguments and representations of counsel who will appear at the hearing on the Motion, the record in this case, and any other evidence properly brought before the Court in all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the Motion must file and serve a response ("Response") on the moving party and the United States Trustee no later than 14 days before the date designated for the hearing.  A Response must be a complete written statement of all reasons in opposition thereto or in support, and accompanied by declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

DOCS_LA:330547.3 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013(h), the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested herein.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: July 16, 2020

/s/ Steven J. Kahn
Steven J. Kahn
Co-Counsel to Chapter 11 Debtors and
Debtors in Possession

DOCS_LA:330547.3 89566/002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

SVMC has entered into the Settlement Agreement resolving breach of contract and tort claims among the Parties.  SVMC requests that the Court approve the Settlement Agreement.

### II.

### JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for this Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III.

### BACKGROUND

**A.    General Background**

On August 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11.  Since the commencement of their cases, the Debtors have been operating their business as debtors in possession pursuant to §§ 1107 and 1108.

Debtor VHS, a California nonprofit public benefit corporation, is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that operate or operated six acute care hospitals, O'Connor Hospital, Saint Louise Regional Hospital, St. Francis Medical Center, St. Vincent Medical Center, Seton Medical Center, and Seton Medical Center Coastside (collectively, the "Hospitals") and other facilities in the state of California.  First-Day Decl., at 4, ¶ 11.  Seton Medical Center and Seton Medical Center Coastside operate under one consolidated acute care license.  *Id.*

On the Petition Date, VHS, the Hospitals, and their affiliated entities (collectively, "Verity Health System") operated as a nonprofit health care system, with approximately 1,680 inpatient beds, six active emergency rooms, a trauma center, eleven medical office buildings, and a host of medical specialties, including tertiary and quaternary care.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On September 17, 2018, the Office of the United States Trustee appointed an Official

Committee of Unsecured Creditors in these cases.  [Docket No. 197.]

**B.    Background Relevant to the Motion**

SVMC and CHP are parties to a *Full Risk Hospital Services Agreement* dated May 1, 2017

(the "Full Risk Agreement"), under which CHP agreed to pay monthly capitation payments to

SVMC on a per member/per month basis ("PMPM") for those enrollees of a certain Medicare plan

offered by CHP who were assigned a primary care physician at SMG (the "Capitated Members").

Under the terms of the Full Risk Agreement, SVMC assumed financial responsibility for certain

facility services rendered to Capitated Members in exchange for the PMPM payments from CHP.[1]

SVMC and SMG were parties to a contemporaneous *Healthcare Services Risk Sharing*

*Agreement* dated May 1, 2017 (the "Risk-Sharing Agreement"), under which SMG agreed to

coordinate and manage the efficient and high quality utilization of facility services rendered by

SVMC to Capitated Members of SMG in exchange for compensation payable at the times and in the

amounts set forth in the Risk-Sharing Agreement.  SMG's compensation was calculated with

reference to surpluses under an annual risk pool that compared revenue and expenses associated with

the medical services provided by SVMC under the Full Risk Agreement.

SVMC and CHMSO were parties to a contemporaneous *Management Services Agreement*

dated May 1, 2017 (the "Management Agreement") under which CHMSO agreed to administer

claims under the Full Risk Agreement and prepare risk pool reports from time to time in exchange

for the fees payable thereunder.

On August 28, 2018, CHP notified SVMC that, effective August 24, 2018, CHP and SMG

had mutually agreed to assign the financial responsibility for the Capitated Members from SVMC

back to CHP.  CHP ceased making monthly PMPM payments to SVMC under the Full Risk

Agreement for the months of September through December 2018, and thereafter.

On September 4, 2018, CHP notified SVMC that, effective August 31, 2018, CHP would

terminate the Full Risk Agreement.  CHP later retracted this notice of termination but maintained

---

[1] SVMC and CHP are also parties to an FFS Agreement (defined below).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

that it had withdrawn, and reassumed, the delegation of responsibility to SVMC under the Full Risk Agreement.

SVMC alleges that (i) SMG breached the Risk-Sharing Agreement and wrongfully denied SVMC its anticipated PMPM payments and ensuing share of risk pool surpluses for the months of September through December 2018, (ii) CHP breached the Full Risk Agreement by depriving SVMC of its anticipated PMPM payments and ensuing share of risk pool surpluses for the months of September through December 2018, and (iii) CHP wrongfully interfered with SVMC's rights under the Risk-Sharing Agreement (collectively, the "SVMC Claims").  SMG and CHP deny that they breached or interfered with their respective agreements with SVMC and assert that SVMC suffered no damages as a result of the foregoing allegations.

On March 29, 2019, CHP filed a general unsecured claim assigned Claim No. 5030 against SVMC in an unliquidated amount, but not less than $4,539,112.68, arising from claims made, or to be made, against CHP on account of obligations incurred by SVMC to third-party providers under the Full Risk Agreement (the "CHP POC").  SVMC disputes the allowance of the CHP POC and denies any liability to CHP.

On May 22, 2019, SMG filed two identical general unsecured claims assigned Claim Nos. 7091 and 7092 against SVMC, each in the amount of $4,008,832.37, of which $3,988,832.37 represents the amount SMG asserts is owed to it by SVMC under the Risk-Sharing Agreement, plus $20,000 in attorneys' fees (the "SMG POCs").  SVMC disputes the allowance of the SMG POCs and denies any liability to SMG.

On October 7, 2019, SMG filed a *Motion for Approval of Administrative Expense Claim; Proof of Administrative Claim* [Docket No. 3301], also assigned Claim No. 7877, through which SMG seeks to amend its Claim No. 7091 to assert an administrative expense in the amount of $4,096,005.72, of which $3,988,832.37 represents the amount SMG asserts is owed to it by SVMC under the Risk-Sharing Agreement, plus $107,173.35 in attorney's fees and costs (the "SMG Administrative Claim").  SVMC disputes the allowance of SMG Administrative Claim and denies any liability to SMG.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On October 9, 2018, CHMSO filed a general unsecured claim against SVMC assigned Claim No. 763 in the amount of $213,835.26 for asserted unpaid management fees incurred by SVMC in July and August 2018 under the Management Agreement, and on March 29, 2019, CHMSO filed a functionally identical claim assigned Claim No. 4999 asserting the same amount on the same grounds (collectively, the "CHMSO POCs").  SVMC disputes the allowance of the CHMSO POCs and denies any liability to CHMSO.

On January 9, 2020, the Court entered its *Order Granting Debtors' Emergency Motion for Authorization to Close St. Vincent Medical Center* [Docket No. 3934] ("Closure Order").  Pursuant to the Closure Order, SVMC began winding down its operations, which was fully implemented as of March 26, 2020.

On April 2, 2019 [Docket No. 1991], January 31, 2020 [Docket No. 4026], and April 4, 2020 [Docket No. 4478], SVMC obtained orders from the Bankruptcy Court pursuant to Bankruptcy Rule 2004 authorizing the issuance of subpoenas for deposition and/or production of documents directed, respectively, to CHP, Lee Suyenaga (the prior CEO of CHP), and Advanced Medical Management, Inc. (a managed service organization for SMG) (collectively, the "Rule 2004 Orders").

## C.     Summary of Settlement Agreement[2]

The claims settled pursuant to the Settlement Agreement include all claims, obligations, liabilities, credits, debits, disputes, audits, discrepancies, reconciliations or any other adjustments between SVMC, SMG, and CHMSO arising from or related to the Full Risk Agreement, the Risk-Sharing Agreement and the Management Agreement (collectively, the "Settled Claims").  The Settlement Agreement does not affect the rights and liabilities of CHP and SVMC arising from or related to a separate *Hospital Services Agreement* dated May 1, 2016 (the "FFS Agreement") under which CHP agreed to reimburse SVMC on a fee-for-service basis for medical services rendered by SVMC to enrollees of certain Medicare plan offered by CHP.

The Settlement Agreement requires SMG and CHP to collectively deposit a total sum of four hundred and fifty thousand dollars (US$450,000) (the "Settlement Payment") with SVMC's counsel

---

[2] To the extent of any discrepancy between the terms of the Settlement Agreement and this summary, the terms of the Settlement Agreement shall prevail.

DOCS_LA:330547.4 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(Pachulski Stang Ziehl & Jones LLP, or the "Firm"), to be held in the Firm's client trust account.  In the event that a final non-appealable order approving this Motion (the "Effective Date") does not occur, the Settlement Payment will be returned by the Firm to SMG and/or CHP within five (5) business days following the date of the denial by the Bankruptcy Court of the motion to approve this Agreement or the date a final, unappealable order is entered reversing an Approval Order by the Bankruptcy Court.  If the Effective Date occurs, the Firm shall be authorized to remit the Settlement Payment to SVMC.

Upon the Effective Date, each of the CHP POC, the SMG POCs, the SMG Administrative Claim and the CHMSO POCs shall be deemed withdrawn with prejudice and expunged without necessity of any further filings or amendments.

Upon the Effective Date, all obligations created by service of subpoenas under the Rule 2004 Orders upon CHP, Lee Suyenaga and Advanced Medical Management, Inc. shall be deemed fully satisfied and discharged.

The Parties acknowledge that the Risk-Sharing Agreement lapsed by its terms on December 31, 2018.  The Parties acknowledge that the FFS Agreement and the Management Agreement were each rejected as of January 31, 2020, pursuant to the *Order Granting Debtors' Third Omnibus Motion to Reject, et seq.*, entered by the Bankruptcy Court on March 6, 2020 [Docket No. 4220].  Under the Settlement Agreement, the Parties agree that the Full Risk Agreement shall be deemed terminated with the mutual consent of the Parties, and without further liability, as of January 31, 2020.

With the exception of the rights and obligations of SVMC and CHP arising under or related to the FFS Agreement, and those rights and obligations created by or arising out of the Settlement Agreement, the Parties each generally release and forever discharge one another, and each of their respective predecessors, successors, assigns and affiliates from any and all claims and causes of action that arise from or relate to the Full Risk Agreement, the Risk-Sharing Agreement and the Management Agreement.

Each Party shall bear its own costs and attorney's fees arising from or related to the Settled Claims.  However, in the event of any litigation between SVMC, CHP, SMG and/or CHMSO to

DOCS_LA:330547.4 89566/002

enforce the terms of the Settlement, or otherwise relating to or arising out of the Settlement, the prevailing Party in such action shall be entitled to recover its reasonable attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment.

## IV.

## ARGUMENT

Bankruptcy Rule 9019(a) sets forth the authority granted a trustee or debtor in possession to compromise a controversy or agree to a settlement.  That Rule provides, in pertinent part, that "[on motion by the [debtor in possession] and after hearing on notice to creditors…, the court may approve a compromise or settlement."  Bankr. R. 9019(a).  "The bankruptcy court has great latitude in approving compromise agreements" under its discretion.  *See e.g., In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988).

"The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims."  *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1381 (9th Cir. 1986).

The Ninth Circuit has identified the following factors (the "*A & C* Factors") for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

1.      the probability of success in the litigation;

2.      the difficulties, if any, to be encountered in the matter of collection;

3.      the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

4.      the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, *supra*, 784 F.2d at 1381.

In its consideration, a court should not substitute its own judgment for the judgment of the debtor in possession.  *Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).  A court, in reviewing a proposed settlement, is not to decide the numerous questions of law and fact that may be presented, but rather should canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness.  *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

Cir. 1983), *accord*, *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972).  The court should not

conduct a "mini-trial" on the merits of the underlying cause of action.  *Matter of Walsh Const., Inc.,*

669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair,* 538 F.2d 849 (9th Cir. 1976).  It is well established

that compromises are favored in bankruptcy."  *In re Lee Way Holding Co.,* 120 B.R. 881, 891

(Bankr. S.D. Ohio 1990).  In addition to the *A & C* Factors, it is also well established that the law, in

general, favors compromise.  *In re Blair,* 538 F.2d at 851.

Analysis of the Settlement Agreement under the *A & C* Factors militates in favor of approval

of the Settlement:

1.      Probability of success:  Although SVMC believes that it will prevail in the

prosecution of the SVMC Claims, SMG and CHP have asserted various defenses to the SVMC

Claims and counter-claims that they could attempt to assert as setoffs to the SVMC Claims.  Success

on the merits in excess of the amount to be paid to SVMC under the terms of the Settlement

Agreement cannot be guaranteed.

2.      The difficulties, if any, to be encountered in the matter of collection:  SVMC does

believe this factor to be an issue in that CHP and SMG should possess sufficient assets to fund a

total resolution in favor of SVMC.

3.      The complexity of the litigation involved, and the expense, inconvenience, and delay

necessarily attending it:  The dispute among the Debtors, CHP and SMG is in a pre-litigation phase.

Hence, if the matter is not settled as contemplated, the costs and expenses of litigation, including

additional discovery and document review as well as procuring both percipient and expert testimony

to address the various accounting, legal and factual issues relating to the Settled Claims, would

materially increase.  Moreover, the dispute presents several complex legal issues.  The Debtors

contend that CHP and SMG could not, mid-stream, alter the delegation of risk contemplated under

the Full Risk Agreement.  SVMC expected to receive a full year of capitation payments to cover

varying risks of gain and loss dependent upon seasonal fluctuations in patient health care needs.

CHP and SMG, on the other hand, contend they retained the discretion to re-assume the risks

delegated under the agreements.  Last, in addition to these legal uncertainties, the calculation of

DOCS_LA:330547.4 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

damages resulting from the re-delegation of risk and the transition of the Capitated Members would also be extremely costly and would entail further delay in a recovery by SVMC.

4.      <u>The paramount interest of the creditors and proper deference to their reasonable views in the premises</u>: The settlement brings finality to disputes arising out of the Settled Claims, and represents a substantial monetary recovery to the Debtors' estates for the benefit of its creditors, and further provides for the cessation of ongoing pre-litigation and inevitable actual litigation expense that could well substantially deplete any greater monetary recovery than that received in the settlement.

The Debtors submit that the above factors demonstrate that the proposed settlement falls well within the range of reasonableness and should therefore be approved.

## V.

## <u>CONCLUSION</u>

Based on the foregoing, the Debtors request the (i) entry of an order granting Motion, and (ii) granting such other and further relief as is just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: July 16, 2020                    */s/ Steven J. Kahn*
                                        Steven J. Kahn
                                        Co-Counsel to Chapter 11 Debtors and
                                        Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:330547.4 89566/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify, of my own personal knowledge, as follows:

1.      I am the Chief Executive Officer of Verity Health System of California, Inc. ("VHS").  I became the Debtors' Chief Executive Officer effective January 2018.  Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2.      Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Debtor's operations and the healthcare industry.  If called upon to testify, I could and would competently testify to the facts set forth in this Declaration.

3.      This Declaration is submitted in support of the *Debtors' Notice of Motion and Motion to Approve Compromise Among St. Vincent Medical Center and Central Health Plan of California, Inc., Central Health MSO, Inc., and Seoul Medical Group, Inc.* (the "Motion") and for all other purposes permitted by law.

4.      Following discovery conducted under the Rule 2004 Orders and good faith, arms-length negotiations, the parties entered into a *Settlement Agreement and General Release* (the "Settlement Agreement"), a true and correct copy of which is attached hereto as **Exhibit "1."**

5.      I believe that the Settlement Agreement is fair and equitable, and in the best interest of the estates and its creditors.

6.      Although SVMC believes that it will prevail in the prosecution of the SVMC Claims. SMG and CHP have asserted various defenses to the SVMC Claims and counter-claims that they could attempt to assert as setoffs to the SVMC Claims.  Success on the merits in excess of the amount to be paid to SVMC under the terms of the Settlement Agreement cannot be guaranteed.

7.      The cost and expenses of litigating SVMC's claims against CHP and SMG and defending against one or more of the aforesaid defenses and potential counter-claims would be substantial and such a pursuit would further be extremely time consuming, requiring both percipient and expert witness testimony to address various of the issues that might arise as to each of the Settled Claims.

8.      Finally, the settlement brings closure to the disputes with CHP, SMG and CHMSO, and provides a substantial recovery to the Debtors' estates for the benefit of its creditors. The settlement further provides for the cessation of ongoing pre-litigation discovery expense and likely litigation discovery expense that could well substantially deplete any greater monetary recovery.

9.      SVMC therefore requests that the Court grant the Motion.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this _15th_ day of _July_____, at Los Angeles, California.

_____
RICHARD G. ADCOCK

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

DOCS_LA:330547.4 89566/002

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into as of the Effective Date (defined below) by and between St. Vincent Medical Center ("SVMC"), on the one hand, and Central Health Plan of California, Inc. ("CHP"), Seoul Medical Group, Inc. ("SMG") and Central Health MSO, Inc. ("CHMSO"), on the other hand, with reference to the following facts and recitals. SVMC, CHP, SMG and CHMSO are collectively referred to herein as the "Parties" or individually as a "Party".

## *RECITALS*

SVMC and certain affiliated entities are debtors in possession in Chapter 11 cases ("Chapter 11 Cases") that were commenced on August 31, 2018 ("Petition Date"). The Chapter 11 Cases are presently pending in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") and are being jointly administered under Case No. 2:18-bk-20151-ER.

SVMC and CHP are parties to a *Hospital Services Agreement* dated May 1, 2016 (the "FFS Agreement"), under which CHP agreed to reimburse SVMC on a fee-for-service basis for medical services rendered by SVMC to enrollees of certain Medicare plans offered by CHP.

SVMC and CHP are also parties to a *Full Risk Hospital Services Agreement* dated May 1, 2017 (the "Full Risk Agreement"), under which CHP agreed to pay monthly capitation payments to SVMC on a per member/per month basis ("PMPM") for those enrollees of a certain Medicare plan offered by CHP who were assigned a primary care physician at SMG (the "Capitated Members"). Under the terms of the Full Risk Agreement, SVMC assumed financial responsibility for certain facility services rendered to Capitated Members in exchange for the PMPM payments from CHP.

SVMC and SMG are parties to a *Healthcare Services Risk Sharing Agreement* dated May 1, 2017 (the "Risk-Sharing Agreement"), under which SMG agreed to coordinate and manage the efficient and high quality utilization of facility services rendered by SVMC to Capitated Members of SMG in exchange for compensation payable at the times and in the amounts set

forth in the Risk-Sharing Agreement. SMG's compensation was calculated with reference to surpluses under an annual risk pool that compared revenue and expenses associated with the medical services provided by SVMC under the Full Risk Agreement.

SVMC and CHMSO are parties to a *Management Services Agreement* dated May 1, 2017 (the "Management Agreement") under which CHMSO agreed to administer claims under the Full Risk Agreement and prepare risk pool reports from time to time in exchange for the fees payable thereunder.

On August 28, 2018, CHP notified SVMC that, effective August 24, 2018, CHP and SMG had mutually agreed to assign the financial responsibility for the Capitated Members from SVMC back to CHP. CHP ceased making monthly PMPM payments to SVMC under the Full Risk Agreement for the months of September through December 2018, or thereafter.

On September 4, 2018, CHP notified SVMC that, effective August 31, 2018, CHP would terminate the Full Risk Agreement. CHP later retracted this notice of termination but maintained that it had withdrawn, and reassumed, the delegation of responsibility to SVMC under the Full Risk Agreement.

SVMC alleges that (i) SMG breached the Risk-Sharing Agreement and wrongfully denied SVMC its anticipated PMPM payments and ensuing share of risk pool surpluses for the months of September through December 2018, (ii) CHP breached the Full Risk Agreement by depriving SVMC of its anticipated PMPM payments and ensuing share of risk pool surpluses for the months of September through December 2018, and (iii) CHP wrongfully interfered with SVMC's rights under the Risk-Sharing Agreement (collectively, the "SVMC Claims"). SMG and CHP deny that they breached or interfered with their respective agreements with SVMC and assert that SVMC suffered no damages as a result of the foregoing allegations.

On March 29, 2019, CHP filed a general unsecured claim assigned Claim No. 5030 against SVMC in an unliquidated amount, but not less than $4,539,112.68, arising from claims made, or to be made, against CHP on account of obligations incurred by SVMC to third-party

providers under the Full Risk Agreement (the "CHP POC").  SVMC disputes the allowance of
the CHP POC and denies any liability to CHP.

On May 22, 2019, SMG filed two identical general unsecured claims assigned Claim

Nos. 7091 and 7092 against SVMC, each in the amount of $4,008,832.37, of which

$3,988,832.37 represents the amount SMG asserts is owed to it by SVMC under the Risk-

Sharing Agreement, plus $20,000 in attorneys' fees (the "SMG POCs").  SVMC disputes the

allowance of the SMG POCs and denies any liability to SMG.

On October 7, 2019, SMG filed a *Motion for Approval of Administrative Expense Claim;*

*Proof of Administrative Claim* [Docket No. 3301], also assigned Claim No. 7877, through which

SMG seeks to amend its Claim No. 7091 to assert an administrative expense in the amount of

$4,096,005.72, of which $3,988,832.37 represents the amount SMG asserts is owed to it by

SVMC under the Risk-Sharing Agreement, plus $107,173.35 in attorney's fees and costs (the

"SMG Administrative Claim").  SVMC disputes the allowance of SMG Administrative Claim

and denies any liability to SMG.

On October 9, 2018, CHMSO filed a general unsecured claim against SVMC assigned

Claim No. 763 in the amount of $213,835.26 for asserted unpaid management fees incurred by

SVMC in July and August 2018 under the Management Agreement, and on March 29, 2019,

CHMSO filed a functionally identical claim assigned Claim No. 4999 asserting the same amount

on the same grounds (collectively, the "CHMSO POCs").  SVMC disputes the allowance of the

CHMSO POCs and denies any liability to CHMSO.

On January 9, 2020, the Court entered its *Order Granting Debtors' Emergency Motion*

*for Authorization to Close St. Vincent Medical Center* [Docket No. 3934] ("Closure Order").

Pursuant to the Closure Order, SVMC began winding down operations, which was fully

implemented as of March 26, 2020.

3

On April 2, 2019 [Docket No. 1991], January 31, 2020 [Docket No. 4026], and April 4,

2020 [Docket No. 4478], SVMC obtained an order from the Bankruptcy Court pursuant to

Bankruptcy Rule 2004 authorizing the issuance of subpoenas for deposition and/or production of

documents directed, respectively, to CHP, Lee Suyenaga (the prior CEO of CHP), and Advanced

Medical Management, Inc. (a managed service organization for SMG) (collectively, the "Rule

2004 Orders").

The Parties desire to resolve their disputes and settle all of the SVMC Claims, the CHP

POC, the SMG POCs, the SMG Administrative Claim and the CHMSO POCs pursuant to the

terms and conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises, conditions and

covenants set forth below, and each Party intending to be legally bound, the Parties agree as

follows:

### *AGREEMENT*

1.      Promptly following the last date that all of the Parties have signed this Agreement

(the "Execution Date"), SVMC will file a motion with the Bankruptcy Court to approve the

compromise set forth in this Agreement pursuant to Section 363 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  Each of the Parties will use its best efforts to support the entry by the

Bankruptcy Court of an order authorizing its respective performance under this Agreement

("Approval Order").  This Agreement shall become effective on the date the Approval Order

becomes final and non-appealable (the "Effective Date").  In the event that the Effective Date

does not occur, this Agreement shall be deemed null and void and the Parties shall be relieved

and released from any obligation hereunder.

2.      The claims settled pursuant to this Agreement include all claims, obligations,

liabilities, credits, debits, disputes, audits, discrepancies, reconciliations or any other adjustments

by and among SVMC, SMG, and CHMSO arising from or related to the Full Risk Agreement,

the Risk-Sharing Agreement and the Management Agreement (collectively, the "Settled

4

Claims"). For the avoidance of doubt, this Agreement does not, and shall not be construed to in any way, affect the rights and liabilities of CHP and SVMC arising from or related to the FFS Agreement.

3.        Within three (3) business days following the Execution Date, SMG shall deposit the sum of one hundred and fifty thousand dollars (US$150,000) and CHP shall deposit the sum of three hundred thousand dollars (US$300,000) (such amounts, collectively, the "Settlement Payment") with SVMC's counsel (Pachulski Stang Ziehl and Jones LLP, or the "Firm"), to be held in the Firm's client trust account. In the event that the Effective Date does not occur, the respective portions of the Settlement Payment set forth above will be returned by the Firm to SMG and CHP within five (5) business days following the date of the denial by the Bankruptcy Court of the motion to approve this Agreement or the date a final, unappealable order is entered reversing an Approval Order by the Bankruptcy Court. Upon the Effective Date, the Firm shall be authorized to remit the Settlement Payment to SVMC.

4.        Upon the Effective Date, each of the CHP POC, the SMG POCs, the SMG Administrative Claim and the CHMSO POCs shall be deemed withdrawn with prejudice and expunged without necessity of any further filings or amendments. Notwithstanding the foregoing, upon request, each of CHP, SMG and CHMSO agree to confirm the withdrawal of the foregoing claims.

5.        Upon the Effective Date, all obligations created by service of subpoenas under the Rule 2004 Orders upon CHP, Lee Suyenaga and Advanced Medical Management, Inc. shall be deemed fully satisfied and discharged.

6.        The Parties acknowledge that the Risk-Sharing Agreement lapsed by its terms on December 31, 2018. The Parties acknowledge that the FFS Agreement and the Management Agreement were each rejected as of January 31, 2020, pursuant to the *Order Granting Debtors' Third Omnibus Motion to Reject, et seq*., entered by the Bankruptcy Court on March 6, 2020 [Docket No. 4220]. The Parties agree that the Full Risk Agreement shall be deemed terminated with the mutual consent of the Parties, and without further liability, as of January 31, 2020.

5

DOCS_LA:330548.6 89566/002

7.      With the exception of the rights and obligations of SVMC and CHP arising under or related to the FFS Agreement, and those rights and obligations created by or arising out of this Agreement, the Parties each release and forever discharge one another, and each of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliated and related entities, officers, board members, directors, members, employees, shareholders, agents, partner, attorneys, volunteers, insurance carriers and all persons acting by or through them or on their behalf or in concert with them, from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, expenses, interest, penalties, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, that arise from or relate to the Full Risk Agreement, the Risk-Sharing Agreement, and the Management Agreement.  Except as limited herein, the Parties intend the foregoing release to extend to all known and unknown, suspected or unsuspected actions, claims, damages, demands, losses, obligations, injuries, liabilities, costs, expenses, interest, penalties, attorneys' fees, and/or rights of every kind and nature that either SVMC, CHP, SMG or CHMSO may have against the other that arise from or relate to the Settled Claims. The Parties expressly waive the following provision of California Civil Code section 1542:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

8.      The Parties further acknowledge and agree that the release set forth in paragraph 7 of this Agreement is intended to fully and comprehensively resolve any and all rights, debts, liabilities or other obligations related to the Settled Claims, including any rights that CHP may have to assert recoupment, offset or otherwise recover any alleged overpayments made by it to SVMC with respect to any PMPM payments or any other Settled Claims.

9.      Each Party shall bear its own costs and attorney's fees arising from or related to the Settled Claims.  However, in the event of any litigation between SVMC, CHP, SMG and/or

6

CHMSO to enforce the terms of this Agreement, or otherwise relating to or arising out of this Agreement, the prevailing Party in such action shall be entitled to recover its reasonable attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment.

10.    Each Party has sought and obtained the advice of legal counsel prior to signing this Agreement, and have not relied on any representations made by the other Party or the other Party's counsel before executing this Agreement.

11.    Subject to entry of the Approval Order, SVMC, CHP, SMG and CHMSO each warrant and represent that they have full power and authority to enter into this Agreement and that they have not assigned or transferred to any person not a party to this Agreement any released matter or any part or portion thereof and that no other releases or settlements are necessary from any other person or entity to release and discharge each other as specified above. Each Party further represents and warrants that the individual executing this Agreement on behalf of each such Party has all necessary authority to sign this Agreement on behalf of and bind that Party.

12.    Each Party represents to the best of its knowledge that this Agreement and all of its terms are lawful and enforceable, and expressly waives the right to assert to the contrary in any judicial proceeding.  Should any portion of the Agreement be deemed unenforceable by a court of law, each Party agrees that the remainder of the Agreement shall be fully enforced as if the unenforceable provision had not been contained herein.

13.    Neither the execution nor performance of any terms of this Agreement shall constitute or be construed as an admission of any liability or wrongdoing whatsoever by any Party. Each Party enters into this Agreement solely for the purposes of avoiding the time consuming and costly prospect of litigation.

14.    The terms of this Agreement are contractual and not mere recitals.  This Agreement is executed without reliance upon any representation of legal liability and the undersigned have carefully read it, consulted with their attorneys concerning its provisions,

7

understand the contents and sign it voluntarily and not as the result of duress, coercion or undue influence on the part of the other Party or its counsel.

15.     This Agreement constitutes and contains the entire Agreement and final understanding concerning prosecution and resolution of the Settled Claims and the other subject matter addressed herein between the Parties. It is intended by the Parties as a complete and exclusive statement of the terms of this Agreement. It supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Any representation, promise or agreement not specifically included in this Agreement shall not be binding upon or enforceable against any Party. This is a fully integrated agreement.

16.     This Agreement shall be governed by the laws of the State of California to the extent such laws are not deemed preempted by federal laws, including the Bankruptcy Code.

17.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes that might arise between the Parties with respect to this Agreement and to interpret, implement or otherwise enforce the terms of this Agreement.

18.     This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, electronic and facsimile copies of each such signed counterpart may be used in lieu of an original for any purpose.

19.     The Parties each agree to execute any and all further documents that may be necessary to effectuate the purpose of this Agreement.

20.     This Agreement may be amended or modified only in a writing signed by an authorized representative of each of the Parties.

8

21.    This Agreement shall be binding upon the lawful successors and assigns of the Parties.

Date:  July 15, 2020     ST. VINCENT MEDICAL CENTER

            By: _____

            Name:  Richard Adcock

            Title:  CEO

Date: _____  CENTRAL HEALTH PLAN OF
            CALIFORNIA, INC.

            By: _____

            Name: _____

            Title: _____

Date: _____  SEOUL MEDICAL GROUP, INC.

            By: _____

            Name: _____

            Title: _____

Date: _____  CENTRAL HEALTH MSO, INC.

            By: _____

            Name: _____

            Title: _____

9

21.    This Agreement shall be binding upon the lawful successors and assigns of the Parties.

Date: _____          ST. VINCENT MEDICAL CENTER

By: _____

Name: _____

Title: _____

Date: _____          CENTRAL HEALTH PLAN OF
                                       CALIFORNIA, INC.

By: _____

Name: _____

Title: _____

Date: _7/14/2020_____          SEOUL MEDICAL GROUP, INC.

By: _Min Y Cha, MD_____

Name: _Min Young Cha, M.D._

Title: _president / CEO_

Date: _____          CENTRAL HEALTH MSO, INC.

By: _____

Name: _____

Title: _____

9

21.    This Agreement shall be binding upon the lawful successors and assigns of the

Parties.

Date: _____          ST. VINCENT MEDICAL CENTER

By: _____

Name: _____

Title: _____

Date: _7/15/20_____          CENTRAL HEALTH PLAN OF
CALIFORNIA, INC.

By: _____

Name: ___SHAWN  DEWERS_____

Title: ___CEO_____

Date: _____          SEOUL MEDICAL GROUP, INC.

By: _____

Name: _____

Title: _____

Date: _7/15/20_____          CENTRAL HEALTH MSO, INC.

By: _____

Name: ___SHAWN  DEWERS_____

Title: ___CEO_____

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*)**: DEBTORS' NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE AMONG ST. VINCENT MEDICAL CENTER, CENTRAL HEALTH PLAN OF CALIFORNIA, INC., CENTRAL HEALTH MSO, INC., AND SEOUL MEDICAL GROUP, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 17, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 17, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 17, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:330906.1 89566/002

**ADDITIONAL SERVICE LIST**

**MAILING INFORMATION FOR ADVERSARY CASE NO. 2:18-bk-20151-ER**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com
- Melinda Alonzo    ml7829@att.net
- Robert N Amkraut    ramkraut@foxrothschild.com
- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Simon Aron    saron@wrslawyers.com
- Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- James Cornell Behrens    jbehrens@milbank.com, gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com
- Jacob Beiswenger    jbeiswenger@omm.com, jacob-beiswenger-5566@ecf.pacerpro.com;swarren@omm.com
- Ron Bender    rb@lnbyb.com
- Bruce Bennett    bbennett@jonesday.com
- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com
- Steven M Berman    sberman@slk-law.com, mceriale@shumaker.com
- Stephen F Biegenzahn    efile@sfblaw.com
- Karl E Block    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- Chane Buck    cbuck@jonesday.com
- Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov
- Howard Camhi    hcamhi@mrllp.com, bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;echun@mrllp.com;jkissinger@mrllp.com
- Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- Marcus Colabianchi    mcolabianchi@duanemorris.com
- Kevin Collins    kevin.collins@btlaw.com, Kathleen.lytle@btlaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com
- Daniel Denny    ddenny@milbank.com
- Kerry L Duffy    kduffy@bzbm.com, cchou@bzbm.com
- Anthony Dutra    adutra@hansonbridgett.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:330906.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- David K Eldan    david.eldan@doj.ca.gov, cynthia.gomez@doj.ca.gov
- Andy J Epstein    taxcpaesq@gmail.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Christine R Etheridge    christine.etheridge@ikonfin.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Joseph D Frank    jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csuic@fgllp.com
- William B Freeman    bill.freeman@kattenlaw.com, nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Eric J Fromme    efromme@tocounsel.com, stena@tocounsel.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- Lawrence B Gill    lgill@nelsonhardiman.com,
  rrange@nelsonhardiman.com;ksherry@nelsonhardiman.com;mmarkwell@nelsonhardiman.com
- Paul R. Glassman    pglassman@sycr.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- Richard H Golubow    rgolubow@wghlawyers.com,
  pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Barbara R Gross    barbara@bgross.law, luz@bgross.law
- David M. Guess    guessd@gtlaw.com
- Anna Gumport    agumport@sidley.com
- Mary H Haas    maryhaas@dwt.com, melissastrobel@dwt.com;laxdocket@dwt.com
- Craig N Haring    charing@blankrome.com, arc@blankrome.com
- Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov
- James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com
- Michael S Held    mheld@jw.com
- Lawrence J Hilton    lhilton@onellp.com,
  lthomas@onellp.com,info@onellp.com,rgolder@onellp.com,lhyska@onellp.com,nlichtenberger@onellp.com
- Robert M Hirsh    rhirsh@lowenstein.com
- Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com
- Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com
- Matthew B Holbrook    mholbrook@sheppardmullin.com, amartin@sheppardmullin.com
- David I Horowitz    david.horowitz@kirkland.com,
  keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com
- Virginia Hoyt    scif.legal.bk@scif.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- Joan Huh    joan.huh@cdtfa.ca.gov
- Carol A Igoe    cigoe@calnurses.org, ttschneaux@calnurses.org
- Benjamin Ikuta    bikuta@hml.law
- Lawrence A Jacobson    laj@cohenandjacobson.com
- John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com
- Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- Crystal Johnson    M46380@ATT.COM
- Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com
- Steven J Kahn    skahn@pszyjw.com
- Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Ori Katz    okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- Gerald P Kennedy    gerald.kennedy@procopio.com, kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- Jane Kim    jkim@kellerbenvenutti.com
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Benjamin R King    bking@loeb.com, karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdrive.com
- Gary E Klausner    gek@lnbyb.com
- David A Klein    david.klein@kirkland.com
- Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com;gmccoy@bushgottlieb.com
- Jolene E Kramer    bankruptcycourtnotices@unioncounsel.net, jkramer@unioncounsel.net
- David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Darryl S Laddin    bkrfilings@agg.com
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Richard A Lapping    richard@lappinglegal.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com
- David E Lemke    david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com
- Elan S Levey    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
- Kerri A Lyman    klyman@steptoe.com, #-FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com
- Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com
- Susan I Montgomery    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com
- Monserrat Morales    Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Marianne S Mortimer    mmartin@jmbm.com
- Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com;nick.koffroth@dentons.com;kathryn.howard@dentons.com;Sonia.martin@dentons.com;Isabella.hsu@dentons.com;lee.whidden@dentons.com;Jacqueline.whipple@dentons.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:330906.1 89566/002

**F 9013-3.1.PROOF.SERVICE**

- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- Sheila Gropper Nelson    shedoesbklaw@aol.com
- Mark A Neubauer    mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- Nancy Newman    nnewman@hansonbridgett.com, ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
- Bryan L Ngo    bngo@fortislaw.com, BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com
- Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com
- John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com
- Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com
- Mark D Plevin    mplevin@crowell.com, cromo@crowell.com
- Steven G. Polard    spolard@ch-law.com, calendar-lao@rmkb.com;melissa.tamura@rmkb.com;anthony.arriola@rmkb.com
- David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Lori L Purkey    bareham@purkeyandassociates.com
- William M Rathbone    wrathbone@grsm.com, jmydlandevans@grsm.com;sdurazo@grsm.com
- Jason M Reed    Jason.Reed@Maslon.com
- Jeffrey M. Reisner    jreisner@steptoe.com, #-FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- J. Alexandra Rhim    arhim@hrhlaw.com
- Emily P Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Robert A Rich    , candonian@huntonak.com
- Lesley A Riis    lriis@dpmclaw.com
- Debra Riley    driley@allenmatkins.com
- Jason E Rios    jrios@ffwplaw.com, docket@ffwplaw.com
- Julie H Rome-Banks    julie@bindermalter.com
- Mary H Rose    mrose@buchalter.com
- Douglas B Rosner    drosner@goulstonstorrs.com
- Gregory A Rougeau    grougeau@brlawsf.com
- Megan A Rowe    mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- Nathan A Schultz    nschultz@goodwinlaw.com
- Mark A Serlin    ms@swllplaw.com, mor@swllplaw.com
- Seth B Shapiro    seth.shapiro@usdoj.gov
- David B Shemano    dshemano@shemanolaw.com
- Joseph Shickich    jshickich@riddellwilliams.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Kyrsten Skogstad    kskogstad@calnurses.org, rcraven@calnurses.org
- Michael St James    ecf@stjames-law.com
- Andrew Still    astill@swlaw.com, kcollins@swlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Jason D Strabo    jstrabo@mwe.com, cfuraha@mwe.com
- Sabrina L Streusand    Streusand@slollp.com
- Ralph J Swanson    ralph.swanson@berliner.com, sabina.hall@berliner.com
- Michael A Sweet    msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com
- James M Toma    james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov
- Gary F Torrell    gtorrell@health-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Cecelia Valentine    cecelia.valentine@nlrb.gov
- Jason Wallach    jwallach@ghplaw.com, g33404@notify.cincompass.com
- Kenneth K Wang    kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
- Phillip K Wang    phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- Adam G Wentland    awentland@tocounsel.com, lkwon@tocounsel.com
- Latonia Williams    lwilliams@goodwin.com, bankruptcy@goodwin.com
- Michael S Winsten    mike@winsten.com
- Rebecca J Winthrop    rebecca.winthrop@nortonrosefulbright.com, diana.cardenas@nortonrosefulbright.com
- Jeffrey C Wisler    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- Neal L Wolf    nwolf@hansonbridgett.com, lchappell@hansonbridgett.com
- Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com
- Steven D Wyllie    steven.wyllie@nlrb.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- Andrew J Ziaja    aziaja@leonardcarder.com,
  sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- Rose Zimmerman    rzimmerman@dalycity.org

**2. SERVED BY UNITED STATES MAIL**:

Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA  90012

Giovanni Orantes
Orantes Law Firm, P.C.
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA  90010

Destiny N. Almogue
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA  90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:330906.1 89566/002                                    **F 9013-3.1.PROOF.SERVICE**