# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re

VERITY HEALTH SYSTEM OF
CALIFORNIA, INC., *et al.*,

    Debtors and Debtors In Possession.

☒ Affects All Debtors

☒ Affects Verity Health System of
California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☒ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital/
Foundation
☐ Affects St. Francis Medical Center of
Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☒ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose
Dialysis, LLC

    Debtors and Debtors In Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With:
Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Hon. Judge Ernest M. Robles

**ORDER CONFIRMING MODIFIED SECOND
AMENDED JOINT CHAPTER 11 PLAN OF
LIQUIDATION (DATED JULY 2, 2020) OF THE
DEBTORS, THE PREPETITION SECURED
CREDITORS, AND THE COMMITTEE**

Hearing:
Date:    August 12, 2020
Time:    10:00 a.m.
Location:  Courtroom 1568
          255 E. Temple St., Los Angeles, CA

FILED & ENTERED

AUG 14 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

CHANGES MADE BY COURT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession


PAUL J. RICOTTA (admitted pro hac vice)
pricotta@mintz.com
DANIEL S. BLECK (admitted pro hac vice)
dsbleck@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel: (617) 542-6000 / Fax: (617) 542-2241

Attorneys for UMB Bank, N.A., as Master
Indenture Trustee and Wells Fargo Bank,
National Association, as Indenture Trustee


NATHAN F. COCO (admitted pro hac vice)
ncoco@mwe.com
MEGAN M. PREUSKER (admitted pro hac
vice)
mpreusker@mwe.com
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, Illinois 60606-0029
Tel: (312) 372-2000 / Fax: (312) 948-7700

Attorneys for U.S. Bank National Association
solely in its capacity, as the note indenture
trustee and as the collateral agent under the
note indenture relating to the 2015 Working
Capital Notes

CLARK T. WHITMORE (admitted pro hac
vice)
clark.whitmore@maslon.com
JASON REED (admitted pro hac vice)
jason.reed@maslon.com
MASLON LLP
90 South Seventh Street
Minneapolis, Minnesota 55402-4140
Tel: (312) 372-2000 / Fax: (312) 948-7700

Attorneys for U.S. Bank National Association
solely in its capacity, as the note indenture
trustee and as the collateral agent under the
note indenture relating to the 2017 Working
Capital Notes

BRUCE S. BENNETT (Bar No. 105430)
bbennett@jonesday.com
BENJAMIN ROSENBLUM (admitted pro hac
vice)
brosenblum@jonesday.com
PETER S. SABA (admitted pro hac vice)
psaba@jonesday.com
JONES DAY LLP
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939 / Fax: (212) 755-7306

Attorneys for Verity MOB Financing, LLC and
Verity MOB Financing II, LLC

GREGORY A. BRAY (Bar No. 115367)
gbray@milbank.com
MARK SHINDERMAN (Bar No. 136644)
mshinderman@milbank.com
JAMES C. BEHRENS (Bar No. 280365)
jbehrens@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Tel: (424) 386-4000 / Fax: (213) 629-5063

Attorneys for the Official Committee of
Unsecured Creditors

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Verity Health System of California, Inc. ("**VHS**") and its affiliated Debtors in these Chapter 11 Cases (collectively, the "**Debtors**"),[1] in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**") and the other plan proponents listed on the previous page (collectively, the "**Plan Proponents**") having proposed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors and the Committee* [Docket No. 5466] (the "**Plan**,");[2] the Court having conducted a hearing to consider confirmation of the Plan ("**Confirmation**") on August 12, 2020 (the "**Confirmation Hearing**"); the Court having considered: (i) the (a) *Affidavit of Service of Solicitation Materials* [Docket No. 5346] (the "**KCC Service Affidavit**"), (b) *Certification of Andreas A. Estrada (of Kurtzman Carson Consultants LLC) With Respect to the Tabulation of Votes on the Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Lenders and the Committee* [Docket No.5371] (the "**Voting Declaration**"), (c) *the Affidavit of Publication of the Notice of (I) Approval of the Disclosure Statement, (II) Deadline for Voting on the Plan, (III) Hearing to Consider Confirmation of the Plan, (IV) Deadline for Filing Objections to Confirmation of the Plan, and (V) Deadline for Filing Administrative Expense Claims in the Los Angeles Times, San Francisco Chronicle, San Jose Mercury News and USA Today* [Docket No. 5358], (d) *the Declaration of Peter Chadwick in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 5385] (the "**Chadwick Declaration**"), and (e) *the Declaration of Rich Adcock in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 5385] (the "**Adcock Declaration**"), each admitted into evidence at the Confirmation Hearing; (ii) the arguments of counsel presented at the Confirmation Hearing, (iii) the *Memorandum of Law in Support of Confirmation of the*

---

[1] In addition to VHS the Debtors are as follows: (i) O'Connor Hospital, (ii) St. Louise Regional Hospital, (iii) St. Francis Medical Center, (iv) St. Vincent Medical Center, (v) Seton Medical Center, (vi) O'Connor Hospital Foundation, (vii) Saint Louise Regional Hospital Foundation, (viii) St. Francis Medical Center of Lynwood Foundation, (ix) St. Vincent Foundation, (x) St. Vincent Dialysis Center, Inc., (xi) Seton Medical Center Foundation, (xii) Verity Business Services, (xiii) Verity Medical Foundation, (xiv) Verity Holdings, LLC, (xv) De Paul Ventures, LLC and (xvi) De Paul Ventures - San Jose Dialysis, LLC.  There are certain affiliates of VHS who are not Debtors.

[2] All capitalized terms used but not defined herein have the meanings given to them in the Plan.

*Second Amended Joint Chapter 11 Plan of Liquidation* (the "**Confirmation Brief**") [Docket No. 5385]; (iv) the additional responses and supplements filed in support of the Plan and Confirmation Brief [Docket Nos. 5419, 5425, 5443, 5455, 5456, 5468]; and (v) the objections [Docket Nos. 5231, 5268, 5281, 5407, 5282, 5288, 5448, 5197, 5292, 5294, 5326, 5337, 5339, 5445, 5341, 5342, 5343, 5417] (the "**Objections**") to the Plan, and any withdrawals or settlements thereof; and the Court having taken judicial notice of the entire docket of the Debtors' Chapter 11 Cases maintained by the Clerk of the Court and/or its duly appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases; and the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan; and the Court having heard the statements and arguments made by counsel in respect of Confirmation of the Plan, and all objections to Confirmation (including, without limitation, any of the settlements to be approved pursuant to the Plan) having been withdrawn, resolved as stated on the record or overruled; and the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing; and for the reasons set forth in the Court's ruling [Docket No. 5475] (the "**Ruling**"), which the Court adopts as its final ruling and which is incorporated herein by reference, upon the record of the Confirmation Hearing, and after due deliberation thereon, and sufficient cause appearing therefor;

I.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS HEREBY FOUND AND CONCLUDED, that[3]:

**JURISDICTION AND VENUE**

A.    The Court has jurisdiction over this matter and these Chapter 11 Cases pursuant to 28 U.S.C. § 1334.

---

[3] The findings of fact and conclusions of law set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the orders of this Bankruptcy Court constitute findings of fact or conclusions of law, they are adopted as such. To the extent any of the findings of fact or conclusions of law constitute an order of this Bankruptcy Court, they are adopted as such.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

B.     Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), this Court has jurisdiction to enter a final order with respect thereto, and this Court's exercise of such jurisdiction is constitutional in all respects.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* as amended (the "**Bankruptcy Code**"),[4] and should be confirmed.

C.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.     The Debtors are proper Debtors under § 109, and the Plan Proponents are proper proponents of the Plan under § 1121(a).

## COMPLIANCE WITH BANKRUPTCY RULE 3016

E.     The Plan is dated and identifies the entities submitting and filing it, thereby complying with Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement complied with Bankruptcy Rule 3016(b).

## PROPER NOTICE

F.     As described below and as evidenced by the KCC Service Affidavit, due, adequate and sufficient notice of the Disclosure Statement, the Plan, the Plan Supplement, and the Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan and with respect to confirmation was given in compliance with applicable law, including, without limitation, the Bankruptcy Rules, and no other or further notice is or shall be required.

## STANDARDS FOR CONFIRMATION UNDER § 1129 OF THE BANKRUPTCY CODE

G.     The Plan Proponents have met their burden of proving the elements of §§ 1129(a) and 1129(b) by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.  Further, the Plan Proponents have proven the elements of §§ 1129(a) and 1129(b) by clear and convincing evidence.  The evidentiary record of the Confirmation Hearing supports the findings of fact and conclusions of law set forth in the following paragraphs.

---

[4] All references to "§" are to sections of the Bankruptcy Code; all references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Practice; all references to "LBR" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

H.      **§ 1129(a)(1).**  The Plan complies with each applicable provision of the Bankruptcy Code.  Pursuant to §§ 1122(a) and 1123(a)(1), Section 3 of the Plan provides for the separate classification of Claims into thirteen Classes or Sub Classes, based on reasonable and appropriate differences in the legal nature or priority of such Claims (other than Administrative Claims, Professional Claims, Statutory Fees (including U.S. Trustee Fees), and Priority Tax Claims, which are addressed in Section 2 of the Plan and which are not required to be designated as separate Classes pursuant to § 1123(a)(1)).  In particular, the Plan complies with the requirements of §§ 1122 and 1123 as follows:

1.      In accordance with § 1122(a), Section 3 of the Plan classifies each Claim against the Debtors into a Class containing only substantially similar Claims;

2.      In accordance with § 1123(a)(1), Section 3 of the Plan properly classifies all Claims that require classification.  With respect to Claims classified in Classes 8, 9 and 10, the Debtors have provided proof of a legitimate reason for the separate classification of such Claims, and such classification is justified.  Separate classification was not done for any improper purpose and does not unfairly discriminate between or among holders of Claims;

3.      In accordance with § 1123(a)(2), Section 3 of the Plan properly identifies and describes each Class of Claims that is not Impaired under the Plan;

4.      In accordance with § 1123(a)(3), Section 4 of the Plan properly identifies and describes the treatment of each Class of Claims that is Impaired under the Plan;

5.      In accordance with § 1123(a)(4), the Plan provides the same treatment for each Claim within a particular Class unless the holder of such a Claim has agreed to less favorable treatment;

6.      In accordance with § 1123(a)(5), the Plan, including the Plan Supplement, provides, in detail, adequate and proper means for its implementation;

7.      In accordance with § 1123(a)(6), i.e., that, if a debtor is a corporation, its plan must prohibit the issuance of nonvoting equity securities, the Debtors, as nonprofit entities, will not issue any stock or other securities under the Plan and therefore the Plan comports with § 1123(a)(6);

8.      In accordance with § 1123(a)(7), the provisions of the Plan regarding the manner of selection of directors of Post-Effective Date Debtors are consistent with the interests of creditors and equity security holders (of which there are none) and with public policy;

9.     In accordance with § 1123(b)(1), Sections 3 and 4 of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims;

10.     In accordance with § 1123(b)(2), Section 11 of the Plan provides for the assumption, assumption and assignment, or rejection of the executory contracts and unexpired leases of the Debtors that have not been previously assumed, assumed and assigned, or rejected pursuant to § 365 and orders of the Court;

11.     In accordance with §§ 363 and 1123(b)(3) and Bankruptcy Rule 9019, the Plan provides for the good faith compromise of all Claims and controversies relating to the contractual, legal, and subordination rights that a holder of any Claim may have with respect to any Allowed Claim or any distribution to be made on account of such an Allowed Claim, including, but not limited to, approval of the Creditor Settlement Agreements as set forth in Section 7 of the Plan.  Section 6 of the Plan further provides, in accordance with § 1123(b)(3), that the Liquidating Trust (with respect to the Liquidating Trust Assets) or the Post-Effective Date Debtors (with respect to the Operating Assets) will retain and may enforce any claims, demands, rights, defenses and Causes of Action that any Debtor or Post-Effective Date Debtor may hold against any entity, to the extent not expressly released under the Plan;

12.     In accordance with § 1123(b)(5), Section 3 of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims in Classes 1 through 11;

13.     In accordance with § 1123(b)(6), the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code; and

14.     In accordance with § 1123(d), Section 11 of the Plan provides for the satisfaction of cure amounts associated with each Executory Agreement to be assumed pursuant to the Plan in accordance with § 365(b)(1).  All cure amounts will be determined in accordance with the underlying agreements and applicable law.

I.     **§ 1129(a)(2).**  The Plan Proponents have complied with all applicable provisions as required by § 1129(a)(2), including §§ 1122, 1123, 1124, 1125, 1126, 1127, and 1128, and Bankruptcy Rules 3017, 3018, and 3019, and all other applicable rules, laws and regulations with respect to the Plan and the solicitation of acceptances or rejections thereof.  In particular, acceptances or rejections of the Plan were solicited in good faith and in compliance with the requirements of §§ 1125 and 1126 as follows:

1.     In compliance with the *Order Granting Joint Motion for an Order Approving (I) Proposed Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Notice and Objection Procedures for Confirmation of Amended*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*Joint Plan, (IV) Setting Administrative Claims Bar Date; and (V) Granting Related Relief* entered on July 2, 2020 [Docket No. 4997] (the "**Disclosure Statement Order**"), on July 8, 2020, the Plan Proponents, through their claims and noticing agent, Kurtzman Carson Consultants LLC ("**KCC**"), caused copies of the following materials to be served on all holders of Claims in Classes that were entitled to vote to accept or reject the Plan (i.e., Claims in Classes 2 through 10); *see* KCC Service Affidavit:

- a written notice (the "**Confirmation Hearing Notice**") of (a) the Court's approval of the Disclosure Statement, (b) the voting deadline, (c) the date and time of the Confirmation Hearing, and (d) the Confirmation objection deadline;

- the Disclosure Statement (together with the exhibits thereto, including the Plan and the Disclosure Statement Order) in electronic format; and

- the appropriate form of Ballot with a postage prepaid return envelope.

2.      In compliance with the Disclosure Statement Order, on July 8, 2020, the Plan Proponents, through KCC, caused a copy of the notice of non-voting status to be served on all holders of Claims and Interests in the non-voting classes (i.e., Classes 1A, 1B, 11, and 12).  *See* KCC Service Affidavit at ¶ 15).

3.      In compliance with the Disclosure Statement Order, on July 8, 2020, the Plan Proponents, through KCC, caused a copy of the Confirmation Hearing Notice to be served on all parties in the creditor database maintained by KCC not otherwise served pursuant to paragraphs 1 and 2 above, including, but not limited to, (a) all non-Debtor parties to Executory Agreements, and (b) all holders of Administrative Claims and Priority Tax Claims.  *See* KCC Service Affidavit at ¶ 14.

4.      In compliance with the Disclosure Statement Order, on July 8, 2020, the Plan Proponents, through KCC, caused copies of the Disclosure Statement (together with the exhibits thereto, including the Plan and the Disclosure Statement Order) and the Confirmation Hearing Notice, to be served on the parties who have requested notice of pleadings in this case.  *See* KCC Service Affidavit at ¶¶ 16-17.

5.      On the dates indicated below, the Plan Proponents filed (and made available on the Debtors' restructuring website at www.kccllc.net/Verityhealth) the following Plan Supplement documents:

(a)      the identity of the members of the Post-Effective Date Committee, filed on August 10, 2020 [Docket No. 5443];

(b)      the form of Liquidating Trust Agreement, filed on August 10, 2020 [Docket No. 5443]; and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -

(c)      the Plan Settlement, filed on August 5, 2020, as may be amended or supplemented in a Plan Supplement.

6.      The Plan Proponents have set forth the process to select the initial Liquidating Trustee and the members serving on the Post-Effective Date Board of Directors.  The Plan further provides that the Liquidating Trustee shall serve as an officer of the Post-Effective Date Debtors.  *See* Plan § 6.5(a), (b)(iv).  The Plan Proponents will disclose the identities of these individuals once they are selected, and prior to the Effective Date, in a Plan Supplement filed prior to the Effective Date.  *See id.* § 1.130.  The process for the selection of the Liquidating Trustee and the members of the Post-Effective Date Board of Directors is consistent with the best interests of creditors and public policy and satisfies the requirements of § 1129(a)(5).

7.      In the interest of clarifying and consensually resolving outstanding issues and informal objections to confirmation of the Plan, the Plan Proponents have made certain non-material modifications to the Plan (the "**Non-Material Modifications**") as set forth more fully in the Confirmation Brief and related Plan Supplements.

8.      The Confirmation Hearing Notice provided due and proper notice of the Confirmation Hearing and all relevant dates, deadlines, procedures and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the voting deadline, the objection deadline, the time, date and place of the Confirmation Hearing and the release provisions in the Plan.

9.      All persons entitled to receive notice of the Disclosure Statement, the Plan, and the Confirmation Hearing have received proper, timely and adequate notice in accordance with the Disclosure Statement Order, applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto.

10.      The Plan Proponents solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.  Accordingly, the Plan Proponents are entitled to the protections afforded by § 1125(e) and the exculpation provisions set forth in § 13.7 of the Plan.

11.      Claims in Classes 1A and 1B under the Plan are unimpaired, and such Classes are deemed to have accepted the Plan pursuant to § 1126(f).

12.      The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order (i.e., Classes 2 through 10).

13.      KCC has made a final determination of the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Claims in Classes 2 through 10 under the Plan.  *See* Voting Declaration at ¶ 11 and Exhibit A thereto.

14.    Each of Classes 2, 3, 4, 5, 6, 7, 8, 9, and 10 has accepted the Plan because holders of Claims in such Classes of at least two-thirds in amount and a majority in number of the Claims in such Classes actually voted to accept the Plan.  *See* Voting Declaration, at ¶ 12 and Exhibit A thereto.

J.    **Section 1129(a)(3).**  The Plan has been proposed in good faith and not by any means forbidden by law.  The Chapter 11 Cases were filed in good faith and consistent with the purposes of the Bankruptcy Code.  The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code.  In so finding, the Court has considered the totality of the circumstances in these Chapter 11 Cases.  The Plan is the result of extensive good-faith, arms' length negotiations by and among the Plan Proponents and certain of their principal constituencies, and their respective representatives, and reflects substantial input from the principal constituencies having an interest in the Chapter 11 Cases and, as evidenced by the overwhelming acceptance of the Plan, achieves the goal of a consensual chapter 11 plan pursuant to the requirements of the Bankruptcy Code.  The Plan Proponents and each of their respective officers, directors, employees, advisors, and professionals (i) acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan and agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan, including, but not limited to, the Plan Supplement documents, and (b) take any actions authorized and directed or contemplated by this Order.  Thus, the Plan satisfies the requirements of § 1129(a)(3).

K.    **§ 1129(a)(4).**    The Plan provides that Professional Claims submitted by professionals for services incurred prior to the Effective Date will be entitled to payment only if they are approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying the requirements of § 1129(a)(4).

L.    **§ 1129(a)(5).**  The Plan Proponents have disclosed, or will disclose prior to the Effective Date, in one or more Plan Supplements, the identities of the Liquidating Trustee, the

- 8 -

directors of the Post-Effective Date Board of Directors, and the Post-Effective Date Committee. The Post-Effective Date Board of Directors and the members of the Post-Effective Date Committee will not be compensated and the compensation of the Liquidating Trustee will be consistent with the Liquidating Trust Agreement. Based on the procedures to select the proposed Liquidating Trustee and directors for the Post-Effective Date Debtors, each as set forth in a Plan Supplement, the Liquidating Trustee and directors for the Post-Effective Date Debtors will be and are qualified to perform the services required of them under the Plan and their appointment to, or continuance in, such offices is consistent with the interests of holders of Claims and with public policy. The Plan Proponents have therefore satisfied the requirements of § 1129(a)(5).

M.      **§ 1129(a)(6).**  The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency and therefore, the requirements of § 1129(a)(6) are inapplicable to confirmation of the Plan.

N.      **§ 1129(a)(7).**  The liquidation analysis set forth in Exhibit A to the Disclosure Statement and other evidence proffered or adduced at or prior to the Confirmation Hearing, or in the Adcock Declaration and the Chadwick Declaration in connection with the Confirmation Hearing: (a) are reasonable, persuasive, accurate and credible; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by any other evidence; and (d) establish that each holder of a Claim in an Impaired Class either (i) has accepted the Plan, or (ii) will receive or retain under the Plan, on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

O.      **§ 1129(a)(8).**  Classes 1A and 1B are not Impaired and are conclusively presumed to have accepted the Plan under § 1126(f).  As set forth in the Voting Declaration, each of Classes 2 through 10 have each voted to accept the Plan.  The Plan therefore satisfies § 1129(a)(8).

P.      **§ 1129(a)(9).**  The Plan provides treatment for Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims that is consistent with the requirements of § 1129(a)(9).

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA 90017-5704
(213) 623-9300

Q.    **§ 1129(a)(10).**  The Plan has been accepted by all classes of Impaired Claims that are entitled to vote on the Plan (i.e., Classes 2 through 10), determined without including any acceptance of the Plan by any "insider."  *See* Voting Declaration, Exhibit A.

R.    **§ 1129(a)(11).**  The Plan is feasible, within the meaning of § 1129(a)(11).  The projections of the liquidity and financial information, including, without limitation, the projections of the Debtors as of the Effective Date, are reasonable and made in good faith.  The evidence provided in support of the Plan or adduced by the Debtors or other Plan Proponents at, or before, the Confirmation Hearing or in the Chadwick Declaration and the Adcock Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not been controverted by any other admissible evidence.  The Plan Proponents have demonstrated a reasonable assurance of the Plan's prospects for success.  Further, the Bankruptcy Court (i) considered the potential Administrative Claims based on the asserted Requests for Payment, (ii) estimated the aggregate amount of asserted Requests for Payment only for the purpose of determining whether the Plan can be confirmed pursuant to § 1129, and, (iii) based thereon, concludes that the proposed Administrative Claims Reserve set forth in the supplement [Docket No. 5468] (the "**Confirmation Supplement**") filed by the Debtors is adequate, as set forth in Section 24 hereof.

S.    **§ 1129(a)(12).**  The Plan provides that fees payable pursuant to 28 U.S.C. § 1930 will be paid by the Debtors on or before the Effective Date.  After the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930 will be paid by the Liquidating Trust until the earlier of the conversion or dismissal of the applicable Chapter 11 Case under § 1112, or the closing of the applicable Chapter 11 Case pursuant to § 350(a).

T.    **§ 1129(a)(13).**  The Debtors are not obligated to pay any retiree benefits pursuant to § 1114, and therefore, the requirements of § 1129(a)(13) are inapplicable to confirmation of the Plan.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

U.    **§§ 1129(a)(14) and (15).**    The Debtors do not owe any domestic support obligations and are not individuals.    Therefore, the requirements of §§ 1129(a)(14) and 1129(a)(15) are inapplicable to confirmation of the Plan.

V.    **§ 1129(a)(16).**    The Plan satisfies § 1129(a)(16) and any applicable non-bankruptcy law that governs transfers of property under a plan to be made by a nonprofit entity. Section 1129(a)(16) does not require the Bankruptcy Court to remand or refer any proceeding, issue, or controversy to any court other than the Bankruptcy Court or to require the approval of any court (including, without limitation, any California court under the Nonprofit Laws) other than the Bankruptcy Court for any prior, current, or future transfer of property.    Therefore, because the Plan contains the Bankruptcy Court's approval of any prior, current, or future property transfers, the Plan satisfies the requirements of § 1129(a)(16).

W.    **§ 1129(b).**    Because all Classes of Claims are either deemed to accept or voted to accept the Plan, § 1129(b) is inapplicable.

X.    **§ 1129(c).**    The Plan (including previous versions thereof) is the only plan that has been filed in these Chapter 11 Cases that has been found to satisfy the requirements of subsections (a) of § 1129.    Accordingly, confirmation of the Plan complies with the requirements of § 1129(c).

Y.    **§ 1129(d).**    No party in interest has requested that the Court deny Confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act, and the principal purpose of the Plan is not such avoidance.    Accordingly, the Plan satisfies the requirements of § 1129(d).

Z.    **§ 1129(e).**    None of these Chapter 11 Cases is a small business case within the meaning of the Bankruptcy Code.

AA.    Based upon the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan and the Plan Proponents satisfy the requirements for confirmation set forth in § 1129.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## MODIFICATIONS TO THE PLAN

BB.    The Non-Material Modifications do not materially or adversely affect or change the treatment of any Claim against any Debtor.  The Non-Material Modifications do not require additional disclosure under § 1125 or the re-solicitation of acceptances or rejections of the Plan under § 1126.

CC.    The filing of the Plan and Non-Material Modifications constitute due and sufficient notice thereof under the circumstances of the Chapter 11 Cases.  Accordingly, the Plan is properly before the Bankruptcy Court, and all votes cast with respect to the Plan prior to the Non-Material Modifications shall be binding and shall apply with respect to the Plan.

## IMPLEMENTATION OF THE PLAN

DD.    All documents and agreements necessary to implement the Plan, including, but not limited to, the Plan Supplement documents, are essential elements of the Plan and consummation of each agreement is in the best interests of the Debtors, the Estates, and Holders of Claims.  The Debtors and, where applicable, the other Plan Proponents, have exercised reasonable business judgment in determining to enter into the contemplated agreements, and the agreements have been negotiated in good faith, at arms'-length, are fair and reasonable, and shall, upon execution and upon the occurrence of the Effective Date, constitute legal, valid, binding, enforceable, and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.  Pursuant to § 1142(a), the Plan Supplement documents, and any other agreements necessary to implement the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

## CONDITIONS TO THE CONFIRMATION OF THE PLAN

EE.    Each of the conditions precedent to entry of this Order has been satisfied in accordance with Section 12.1 of the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

FF.    Pursuant to §§ 365 and 1123(b)(2), upon the occurrence of the Effective Date, Section 11 of the Plan provides for the assumption, assumption and assignment, or rejection of certain Executory Agreements.  The Plan Proponents' determinations regarding the assumption,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  assumption and assignment, or rejection of Executory Agreements are based on and within the

2  sound business judgment of the Plan Proponents, are necessary to the implementation of the Plan,

3  and are in the best interests of the Debtors, their Estates, Holders of Claims and other parties in

4  interest in the Chapter 11 Cases.  The Plan Proponents may elect to file a "Schedule of Assumed

5  Contracts" as part of their the Plan Supplement (as it may be amended or supplemented) prior to

6  the Effective Date and will provide notice to counterparties of the Debtors' determinations

7  regarding the assumption, assumption and assignment, or rejection of Executory Agreements and

8  any related Cure amounts.  The Plan Proponents are authorized to make modifications to the

9  Schedule of Assumed Contracts as provided for in the Plan.

10  ### THE SETTLEMENTS UNDER THE PLAN

11  GG.    The Plan settles numerous litigable issues in the Chapter 11 Cases pursuant to

12  Bankruptcy Rule 9019 and §§ 363 and 1123.  These settlements are in consideration for the

13  distributions and other benefits provided under the Plan.  Any other compromise and settlement

14  provisions of the Plan and the Plan itself constitute a compromise of all Claims or Causes of

15  Action relating to the contractual, legal and subordination rights that a Holder of a Claim may

16  have with respect to any Allowed Claim or any distribution to be made on account of such an

17  Allowed Claim.

18  HH.    In consideration of the Creditor Settlement Agreements of numerous disputed

19  Claims and issues embodied in the Plan, pursuant to Bankruptcy Rule 9019 and § 1123 and in

20  consideration for the distributions, releases, and other benefits provided under the Plan, the

21  provisions of the Plan shall upon the Effective Date constitute a good-faith compromise and

22  settlement as reflected therein and in the Creditor Settlement Agreements arising from or related

23  to a variety of asserted secured, administrative, priority, and general unsecured claims.  The entry

24  of this Confirmation Order constitutes the Court's approval of each of the Creditor Settlement

25  Agreements and all other compromises and settlements provided for in the Plan.  The Court finds

26  that such compromises and settlements are in the best interests of the Debtors, their estates,

27  creditors, and other parties in interest, and are fair, equitable, and within the range of

28  reasonableness and consistent with the Debtors' reasonable business judgment.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

II.     In reaching its decision on the substantive fairness of the Creditor Settlement Agreements and the Plan, the Court considered the following factors for each such settlement: (i) the balance between the litigation's probability of success and the Creditor Settlement Agreements' future benefits; (ii) the likelihood of complex and protracted litigation and the risk and difficulty of collecting on the judgment; (iii) the proportion of creditors and parties in interest that support the Creditor Settlement Agreements; (iv) the competency of counsel reviewing the Creditor Settlement Agreements; (v) the nature and breadth of releases to be obtained by officers and directors; and (vi) the extent to which the Creditor Settlement Agreements are the product of arm's length bargaining.

## DEEMED SUBSTANTIVE CONSOLIDATION

JJ.     As set forth more fully in the Disclosure Statement, the Plan provides for the "deemed" substantive consolidation of the Debtors.  The Disclosure Statement sets forth (i) the legal requirements to establish deemed substantive consolidation, and (ii) the factual bases supporting the Debtors' request for deemed substantive consolidation, which are fully incorporated herein by this reference.  The Plan Proponents did not receive objections to the deemed substantive consolidation of the Debtors.  Based on the foregoing, the deemed substantive consolidation of the Debtors set forth in the Plan is appropriate because, as set forth more fully in the Ruling, the Debtors satisfy the requirements for deemed substantive consolidation set forth in *Alexander v. Compton (In re Bonham)*, 229 F.3d 750 (9th Cir. 2000), including, among other things, that (1) the Debtors' secured lenders dealt with the Debtors as a single economic unit, and (2) the Debtors' affairs are so entangled that consolidation will benefit all creditors.

## RELEASES, EXCULPATIONS AND INJUNCTIONS OF RELEASED PARTIES

KK.     Each non-Debtor Released Party that will benefit from the releases, exculpations, and related injunctions set forth in the Plan (collectively, the "**Plan Releases**") either shares an identity of interest with the Debtors, was instrumental to the successful prosecution of the Chapter 11 Cases, and/or provided a substantial contribution to the Debtors, which value provided a significant benefit to the Debtors' estates and general unsecured creditors, and which will allow

1   for distributions that would not otherwise be available but for the contributions made by such

2   non-Debtor parties.  The releases in Section 13.5 of the Plan are, individually and collectively,

3   integral to, and necessary for the successful implementation of, the Plan and are supported by

4   reasonable consideration.

5                                            **WAIVER OF STAY**

6          LL.    Under the circumstances, it is appropriate that the 14-day stay imposed by

7   Bankruptcy Rules 3020(e) and 7062(a) be waived.

8   **II.    ORDER**

9          BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF

10  LAW, IT IS THEREFORE HEREBY ORDERED, ADJUDGED, AND DECREED AS

11  FOLLOWS:

12         1.     **Confirmation of the Plan.**  The Plan (including the Plan Supplement) and each of

13  its provisions (whether or not specifically set forth and approved in this Order), including, but not

14  limited to, the deemed substantive consolidation of the Debtors, is and are CONFIRMED in each

15  and every respect, pursuant to § 1129, and the terms of the Plan and the Plan Supplement are

16  incorporated by reference into, and are an integral part of, this order ("**Confirmation Order**"),

17  provided, however, that if there is any direct conflict between the terms of the Plan and the terms

18  of this Confirmation Order, the terms of this Confirmation Order shall control.  The Effective

19  Date of the Plan shall occur on the date when the conditions set forth in Section 12.2 of the Plan

20  have been satisfied or, if applicable, have been waived in accordance with Section 12.3 of the

21  Plan.  The failure to specifically include or to refer to any particular article, section, or provision

22  of the Plan, Plan Supplement, or any related document in this Order shall not diminish or impair

23  the effectiveness of such article, section, or provision, it being the intent of the Court that this

24  Confirmation Order confirm the Plan and any related documents in their entirety.

25         2.     **Notice**.  Notice of the Confirmation Hearing complied with the terms of the

26  Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the

27  Chapter 11 Cases, and was in compliance with the provisions of applicable law, including,

28  without limitation, the Bankruptcy Code, the Bankruptcy Rules, and the LBRs.  In addition, the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

procedures to provide notice of any Schedule of Assumed Contracts to all counterparties to Executory Agreements with the Debtors are adequate and sufficient, in substantial compliance with the Disclosure Statement Order and Bankruptcy Rules 2002(b), 3017 and 3020(b), and no other or further notice is or shall be required (other than as expressly provided for in the Plan for any amendments to the Schedule of Assumed Contracts).

3.    **Objections.**    The Objections to confirmation of the Plan are OVERRULED in their entirety except as otherwise set forth herein.

4.    **Plan Classification Controlling.**    The terms of the Plan shall solely govern the classification of Claims for purposes of the distributions to be made thereunder.    The classifications set forth on the Ballots tendered to or returned by the holders of Claims in connection with voting on the Plan pursuant to the Disclosure Statement Order: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Plan Proponents, Post-Effective Date Debtors, or Liquidating Trust except for voting purposes.

5.    **Order Binding on All Parties.**    Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and this Order shall be immediately binding upon, and inure to the benefit of: (a) the Plan Proponents; (b) Post-Effective Date Debtors; (c) the Liquidating Trust; (d) any and all holders of Claims (irrespective of whether such Claims are impaired under the Plan or whether the Holders of such Claims accepted, rejected or are deemed to have accepted, or rejected the Plan); (e) any other person giving, acquiring, or receiving property under the Plan; (f) any and all non-Debtor parties to Executory Agreements with any of the Debtors; and (g) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if any, of any of the foregoing.  On the Effective

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

Date, all settlements, compromises, releases, waivers, discharges, exculpations, and injunctions set forth in the Plan shall be effective and binding on all Persons.

6.    **Other Essential Documents and Agreements.**    The form of documents comprising the Plan Supplement, any other agreements, instruments, certificates, or documents related thereto, and the transactions contemplated by each of the foregoing are approved and, upon execution and delivery of the agreements and documents relating thereto by the applicable parties, shall be in full force and effect and valid, binding, and enforceable in accordance with their terms without the need for any further notice to or action, order, or approval of this Court, or other act or action under applicable law, regulation, order, or rule.  The Plan Proponents, and after the Effective Date, Post-Effective Date Debtors and/or the Liquidating Trustee (as may be applicable), are authorized, without further approval of this Court or any other party, to execute and deliver all agreements, documents, instruments, securities, and certificates relating to such agreements and perform their obligations thereunder, including, without limitation, payment of all fees due thereunder or in connection therewith.

7.    **Unclassified Claims.**    On and after the Effective Date, the treatment of the Unclassified Claims of the Debtors shall be effectuated pursuant to Section 2 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

(a)    **Administrative Claims Bar Date.**    Pursuant to Section 2.1 of the Plan, and except as otherwise provided in Section 2 of the Plan, requests for payment of Administrative Claims were required to be filed by July 29, 2020 (unless such date was extended by stipulation with a specific potential administrative creditor) (the "**Administrative Claims Bar Date**"). Holders of Administrative Claims that were required to, but ~~do~~ did not, file and serve a request for payment of such Administrative Claims by the Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such Administrative Claims against the Debtors or their property and such Administrative Claims shall be deemed discharged as of the Effective Date.  For the avoidance of doubt, Administrative Claims that arise in the ordinary course of the Debtors' ongoing business are not subject to the Administrative Claims Bar Date and shall be paid in the ordinary course of business in accordance with the terms and conditions

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

1  of any agreements governing, instruments evidencing, or other documents relating to such

2  transactions.

3         (b)    **Professional Claims Incurred Prior to the Effective Date.**  Pursuant to

4  Section 2.2 of the Plan, all entities seeking an award by the Bankruptcy Court of a Professional

5  Claim (other than the Ordinary Course Professionals) shall file their respective final applications

6  for allowance of compensation for services rendered and reimbursement of expenses incurred by

7  the date that is sixty (60) after the Effective Date, and shall receive, in full satisfaction of such

8  Claim, Cash in an amount equal to 100% of such amounts as are allowed by the Bankruptcy

9  Court promptly after the date an order relating to any such Professional Claim is entered or upon

10  such other terms as may be mutually agreed-upon between the Holder of such Professional Claim

11  and the Liquidating Trustee and the Post-Effective Date Debtors.  Objections to any final

12  applications covering Professional Claims must be filed and served on the Post-Effective Date

13  Debtors and the Liquidating Trustee and the requesting party no later than ninety (90) days after

14  the Effective Date (unless otherwise agreed to by the requesting Professional).  Ordinary Course

15  Professionals must submit a final invoice for their services no later than thirty (30) days after the

16  Effective Date and may continue to receive payment of compensation and reimbursement of

17  expenses for services rendered to the Debtors without further Bankruptcy Court review or

18  approval (except as provided for in the Ordinary Course Professionals Order).

19         (c)    **Interim Fee Procedures.**  Other than as set forth herein or in the Plan, the

20  procedures set forth in the Order Authorizing Interim Fee Procedures (the "**Interim**

21  **Compensation Order**") [Docket No. 661] shall remain in effect with respect to services rendered

22  and expenses incurred through the Effective Date.  Notwithstanding anything to the contrary in

23  the Plan or this Confirmation Order, the Post-Effective Date Debtors and the Liquidating Trustee

24  (as applicable) are authorized to pay compensation for services rendered or reimbursement of

25  expenses incurred on or after the Effective Date in the ordinary course of business and without

26  the need for Bankruptcy Court approval or a holdback.

27         (d)    **Statutory Fees.**  Pursuant to Section 2.3 of the Plan, all fees required to be

28  paid by 28 U.S.C. § 1930(a)(6) and any interest thereon ("**U.S. Trustee Fees**") shall be paid by

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

the Liquidating Trustee in the ordinary course of business until the closing, dismissal or conversion of these Chapter 11 Cases to another chapter of the Bankruptcy Code. Any unpaid U.S. Trustee Fees that accrued before the Effective Date shall be paid no later than thirty (30) days after the Effective Date.

8.    **Post-Effective Date Governance.**    On and after the Effective Date, the post-Effective Date governance of the Debtors shall be effectuated pursuant to Section 5 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

(a)    **Continued Corporate Existence and Vesting of Assets.**    Pursuant to Section 5 of the Plan, and except as set forth in the Plan: (i) on the Effective Date, all of the Debtors shall be deemed dissolved without the requirement of any further actions or approvals, and their interests and rights shall be vested for all purposes in the Post-Effective Date Debtors, and all of the interests in such Debtors shall be cancelled and terminated; and (ii) on and after the Effective Date, the Debtors shall continue in existence as the Post-Effective Date Debtors and, pursuant to the Plan, retain their nonprofit status, with all of the powers of such a legal entity under applicable law and without prejudice to any right to alter or terminate such existence (whether by merger, dissolution, or otherwise) pursuant to the Plan and without necessity of any further approvals under any other applicable laws. On and after the Effective Date, Post-Effective Date Debtors shall continue in existence, subject only to those restrictions expressly imposed by the Plan or this Confirmation Order as well as the documents and instruments executed and delivered in connection with the Plan, including the documents, exhibits, instruments, and other materials constituting the Plan Supplement. Without limiting the foregoing, Post-Effective Date Debtors may pay the charges that they incur from and after the Effective Date for Professional Claims, disbursements, expenses or related support services without application to, or the approval of, the Court, in accordance with the Plan. On the Effective Date, all current directors of the Debtors shall be deemed discharged of and from all further authority, duties, responsibilities and obligations related to, arising from, and in connection with or related to their services as such through and including the Effective Date.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(b)      **Dissolution of the Committee.**  Pursuant to Section 7.11(a) of the Plan, on the Effective Date, the Committee shall be dissolved (except with respect to any Professional compensation matters), and the members, employees, agents, advisors, affiliates, and representatives (including, without limitation, attorneys, financial advisors, or other professionals) of each thereof shall thereupon be released from and discharged of and from all further authority, duties, responsibilities, and obligations related thereto, arising from and in connection with or related to the Chapter 11 Cases; provided, however, that obligations arising under confidentiality agreements, joint interest agreements, and protective orders; if any, entered during the Chapter 11 Cases shall remain in full force and effect according to their terms.

(c)      **Formation of the Post-Effective Date Committee.**  Pursuant to Section 7.11(b) of the Plan, on the Effective Date, the Post-Effective Date Committee shall be appointed. The members that shall serve on the Post-Effective Date Committee were selected by the Committee and have been disclosed in the Plan Supplement.

9.      **Means for Implementation of the Plan.**   On and after the Effective Date, the Plan's implementation shall be effectuated pursuant to Section 7 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

(a)      **The Creditor Settlement Agreements.**   Pursuant to Section 7.1 of the Plan, Bankruptcy Rule 9019, and § 1123(b)(3), the entry of this Confirmation Order constitutes the Bankruptcy Court's approval, as of the Effective Date, of each of the Creditor Settlement Agreements and the finding that (i) entering into each of the Creditor Settlement Agreements is in the best interests of the Debtors, their Estates, and their Claim Holders, (ii) each of the Creditor Settlement Agreements is fair, equitable, and reasonable, and (iii) each of the Creditor Settlement Agreements meets all the standards set forth in Bankruptcy Rule 9019 and § 1123(b)(3). Notwithstanding anything to the contrary set forth in the Plan, all distributions contemplated by each Creditor Settlement Agreement shall be made only in accordance with the terms of the respective Creditor Settlement Agreement.

(b)      **No Further Court Authorization.**  Pursuant to Section 7.5 of the Plan, and except as provided in the Plan or this Confirmation Order, on and after the Effective Date, the

Post-Effective Date Debtors shall not be required to obtain any approvals from the Bankruptcy Court, any court or governmental body and/or provide any notices or seek approvals under the Nonprofit Laws to implement the terms of the Plan, including, without limitation, the subsequent Transfer of any Operating Assets retained by the Post-Effective Date Debtors.

(c)     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of, this Court, or further action by the respective trustees, directors, or members of the Post-Effective Date Debtors and the Liquidating Trust.

(d)     To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the directors of any of the Debtors, Post-Effective Date Debtors, or the Liquidating Trust, this Confirmation Order shall, pursuant to § 1142, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors of the appropriate Debtor, the Post-Effective Date Debtors, or the Liquidating Trust, unless the Plan expressly provides that such party must provide such consent after the Effective Date.

(e)     Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

(f)     All transactions effected by the Debtors during the pendency of the Chapter 11 Cases from the Petition Date through the Confirmation Date are approved and ratified.

(g)     **Preservation of Insurance.**  Nothing in the Plan shall diminish, impair, or otherwise affect distributions from the proceeds or the enforceability of any insurance policies that may cover (a) Claims by any Debtor, or (b) Claims against any Debtor or covered Persons thereunder, pursuant to Section 7.14 of the Plan.

10.     **Plan Distributions.**  On and after the Effective Date, distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims shall be effectuated pursuant to Sections 8 and 10 of the Plan, which are specifically approved in all respects, are

incorporated herein in their entirety, and are so ordered.  The record date for making distributions under the Plan shall be the date of entry of this Confirmation Order.

11.    **Procedures for Treating and Resolving Disputed Claims.**  On and after the Effective Date, the procedures for the treatment and resolution of Disputed Claims shall be effectuated pursuant to Section 10 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

12.    **Resolution of Disputed Claims.**  The Liquidating Trustee shall have the right to file, settle, compromise, withdraw, or litigate objections to certain Claims pursuant to the Disputed Claims resolution procedures outlined in Section 10 of the Plan.  The Liquidating Trustee may settle, compromise, or withdraw any objections or proceedings without Court approval or may seek Court approval without notice to any Person.

13.    **Executory Contracts and Unexpired Leases.**  On and after the Effective Date, the treatment of Executory Agreements shall be effectuated pursuant to Section 11 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

(a)    **General Treatment.**  Pursuant to Section 11.1 of the Plan, on the Effective Date, all Executory Agreements to which any Debtor is a party shall be deemed rejected as of the Effective Date and will receive a Notice of Rejection of Executory Agreement, substantially in the form annexed hereto as **Exhibit "A,"** except for those Executory Agreements that (a) have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court (including pursuant to the Rejection Procedures), (b) are the subject of a separate motion to assume, assume and assign, or reject filed under § 365 on or before the Effective Date, or (c) are specifically designated as a contract or lease to be assumed on any Schedule of Assumed Contracts and no timely objection to the proposed assumption has been filed, provided, however, that the Plan Proponents reserve the right to amend the Plan Supplement at any time.  If the party to the Executory Agreement listed to be assumed in any Schedule of Assumed Contracts wishes to object to the proposed assumption (including with respect to the cure amounts), it shall do so within thirty (30) days from the service of the Schedule of Assumed Contracts.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(b)    **Cure of Defaults.**  Except to the extent that a different treatment has been agreed to by the non-Debtor party or parties to any Executory Agreement to be assumed pursuant to Section 11.1 of the Plan, the Debtors will, pursuant to the provisions of §§ 1123(a)(5)(G) and 1123(b)(2) and consistent with the requirements of § 365, within thirty (30) days after (i) the Effective Date or (ii) the date of the filing of the Plan Supplement listing an Executory Agreement, file with the Bankruptcy Court and serve on counterparties to Executory Agreements to be assumed, a notice listing the cure amounts of all such Executory Agreements.  The scheduled cure amount (if any) shall be binding absent any timely objection to such scheduled amount.  If there are any timely objections to the cure amounts filed, the Bankruptcy Court shall hold a hearing.  Notwithstanding the foregoing, at all times through the date that is fifteen (15) days after the Bankruptcy Court enters a Final Order resolving and fixing the amount of a disputed cure amount, the Debtors, the Liquidating Trustee, or the Post-Effective Date Debtors (as applicable) shall have the right to remove such Executory Agreement from the Schedule of Assumed Contracts and such Executory Agreement shall be deemed rejected.

(c)    **Bar Date for Rejection Damages.**  Pursuant to Section 11.2 of the Plan, Claims arising out of the rejection of an Executory Agreement pursuant to the Plan must be filed with the Bankruptcy Court no later than thirty (30) days after the later of (a) the Effective Date or (b) the date of the Debtors' notice of determination to reject an Executory Agreement.  Any Claims not filed within such time period will be forever barred from assertion against the Debtors and/or their property and/or their Estates.

14.    **Conditions Precedent to the Effective Date.**  On and after the Effective Date, the conditions precedent to the Confirmation of the Plan, the conditions precedent to the Effective Date, and the waiver provisions therefor pursuant to Section 12 of the Plan are specifically approved in all respects, are incorporated herein in their entirety, and are so ordered.

15.    **Effect of Confirmation.**  On and after the Effective Date, the Plan shall be effectuated pursuant to Section 13 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(a)    **Vesting of Assets.**  Upon the Effective Date, pursuant to Section 13.1 of the Plan and §§ 1141(b) and (c), (i) the Liquidating Trust Assets shall vest in the Liquidating Trust and (ii) the Operating Assets shall vest in the Post-Effective Date Debtors, in each case free and clear of all Claims, liens, encumbrances, charges, and other interests, subject to the obligations of the parties under the Plan and the Liquidating Trust.

(b)    **General Settlement of Claims and Interests.**  Pursuant to Section 13.3 of the Plan, unless otherwise authorized by another order of the Bankruptcy Court, pursuant to § 1123(b)(3) and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Causes of Actions relating to the rights that a Holder of a Claim may have against the Debtors with respect to any Allowed Claim or any distribution to be made pursuant to the Plan on account of any Allowed Claim.  Unless otherwise authorized, the entry of this Confirmation Order shall constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such Causes of Action and the Bankruptcy Court's finding that all such Causes of Action are in the best interests of the Debtors, their Estates, their respective property, and Claim Holders and are fair, equitable and reasonable

(c)    **Plan Releases, Injunctions, and Exculpation.**  The Plan release and injunction provisions set forth in Sections 13.4 through 13.7 of the Plan are approved in all respects, are incorporated herein in their entirety, are so ordered and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party.

(d)    **Releases.**  The Plan release provisions set forth in Section 13.5 of the Plan are approved in all respects, are incorporated herein in their entirety, are so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

(i)    Releases Of Debtors.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, each Holder of any Claim shall be deemed to forever release, waive, and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
action, and liabilities whatsoever, against the Debtors arising from or related to the Debtors' pre-
and/or post-petition actions, omissions or liabilities, transaction, occurrence, or other activity of
any nature except for as provided in the Plan or this Confirmation Order.

3
4
5
6
7
(ii)    Settlement Releases.    Pursuant to § 1123(b)(3)(A) and the Plan
Settlement, as of the Effective Date, for good and valuable consideration, the adequacy of which
is hereby confirmed, to the maximum extent permitted by law, each Holder of any Claim shall be
deemed to forever release, waive, and discharge all Claims, obligations, suits, judgments,
damages, demands, debts, rights, causes of action, and liabilities whatsoever, against the
Settlement Released Parties arising from or related to the Settlement Released Parties' pre- and/or
post-petition actions, omissions or liabilities, transaction, occurrence, or other activity of any
nature except for as provided in the Plan or this Confirmation Order.

8
9
10
11
(iii)    Limitation Of Claims Against the Liquidating Trust.    As of the
Effective Date, except as provided in the Plan or this Confirmation Order, all Persons shall be
precluded from asserting against the Liquidating Trust any other or further Claims, obligations,
suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever,
relating to the Debtors or any Interest in the Debtors based upon any acts, omissions or liabilities,
transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.

12
13
14
15
16
17
18
19
20
21
22
23
(iv)    Debtors' Releases.    Pursuant to § 1123(b), and except as otherwise
specifically provided in the Plan, for good and valuable consideration, including the service of the
Released Parties to facilitate the expeditious liquidation of the Debtors and the consummation of
the transactions contemplated by the Plan, on and after the Effective Date, the Released Parties
are deemed released and discharged by the Debtors and their Estates from any and all claims,
obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever,
including any derivative claims asserted or assertable on behalf of the Debtors, whether known or
unknown, foreseen, or unforeseen, existing or herein after arising in law, equity, or otherwise,
that the Debtors or their Estates would have been legally entitled to assert in their own right
(whether individually or collectively) or on behalf of the Holder of any Claim or other Person,
based on or relating to, or in any manner arising from, in whole or in part, the operation of the
Debtors prior to or during the Chapter 11 Cases, the transactions or events giving rise to any
Claim that is treated in the Plan, the business or contractual arrangements between the Debtors
and any Released Party, the restructuring of Claims before or during the Chapter 11 Cases, the
marketing and the sale of Assets of the Debtors, the negotiation, formulation, or preparation of
the Plan, the Disclosure Statement, or any related agreements, instruments, or other documents,
other than a Claim against a Released Party arising out of the gross negligence or willful
misconduct of any such person or entity.  Claims against any Released Party that are released
pursuant to Section 13.5(d) of the Plan shall be deemed waived and relinquished by the Plan for
purposes of Section 13.9 of the Plan.

24
25
26
27
28
(v)    ***WAIVER OF LIMITATIONS ON RELEASES.  THE LAWS OF
SOME STATES (FOR EXAMPLE, CALIFORNIA CIVIL CODE § 1542) PROVIDE, IN
WORDS OR SUBSTANCE, THAT A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST
IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS/HER DECISION
TO RELEASE. THE RELEASING PARTIES IN SECTIONS 13.5 (a)-(c) OF THE PLAN***

- 25 -

*ARE DEEMED TO HAVE WAIVED ANY RIGHTS THEY MAY HAVE UNDER SUCH STATE LAWS AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.*

(e)    **General Injunction.**  The Plan Injunction provision set forth in Section 13.6(a) of the Plan is approved in all respects, is incorporated herein in its entirety, is so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

Except as otherwise expressly provided herein, all Persons that have held, currently hold or may hold a Claim against the Debtors are permanently enjoined on and after the Effective Date from taking any action in furtherance of such Claim or any other Cause of Action released and discharged under the Plan, including, without limitation, the following actions against any Released Party:  (a) commencing, conducting or continuing in any manner, directly or indirectly, any action or other proceeding with respect to a Claim; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order with respect to a Claim; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind with respect to a Claim; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors, the Post-Effective Date Debtors or the Liquidating Trust with respect to a Claim; or (e) commencing, conducting or continuing any proceeding that does not conform to or comply with or is contradictory to the provisions of the Plan; provided, however, that nothing in this injunction shall (i) limit the Holder of an Insured Claim from receiving the treatment set forth in Class 9; or (ii) preclude the Holders of Claims against the Debtors from enforcing any obligations of the Debtors, the Post-Effective Date Debtors, the Liquidating Trust, or the Liquidating Trustee under the Plan and the contracts, instruments, releases and other agreements delivered in connection herewith, including, without limitation, the Confirmation Order, or any other order of the Bankruptcy Court in the Chapter 11 Cases.  By accepting a distribution made pursuant to the Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in this Section.

(f)    **Other Injunctions.**  The Plan Injunction provision set forth in Section 13.6(b) of the Plan is approved in all respects, is incorporated herein in its entirety, is so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

The Post-Effective Date Debtors, the Liquidating Trustee, the Post-Effective Date Committee, the Post-Effective Date Board of Directors, or the Liquidating Trust and their respective members, directors, officers, agents, attorneys, advisors or employees shall not be liable for actions taken or omitted in its or their capacity as, or on behalf of, the Post-Effective Date Debtors, the Post-Effective Date Board of Directors, the Liquidating

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Trustee, the Post-Effective Date Committee, or the Liquidating Trust (as applicable), except those acts found by Final Order to arise out of its or their willful misconduct, gross negligence, fraud, and/or criminal conduct, and each shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of its or their actions or inactions in its or their capacity as, or on behalf of the Post-Effective Date Board of Directors, the Post-Effective Date Debtors, the Liquidating Trustee, the Post-Effective Date Committee, or the Liquidating Trust (as applicable), except for any actions or inactions found by Final Order to involve willful misconduct, gross negligence, fraud, and/or criminal conduct. Any indemnification claim of the Post-Effective Date Debtors, the Post-Effective Date Board of Directors, the Liquidating Trustee, the Post-Effective Date Committee and the other parties entitled to indemnification under this subsection shall be satisfied from either (i) the Liquidating Trust Assets (with respect to all claims, other than those claims related to the Operating Assets), or (ii) the Operating Assets (with respect to all claims related to the Operating Assets). The parties subject to Section 13.6(b) of the Plan shall be entitled to rely, in good faith, on the advice of retained professionals, if any.

(g)    **Exculpation.** The Plan Exculpation provision set forth in Section 13.7 of the Plan is approved in all respects, is incorporated herein in its entirety, is so ordered, and shall be immediately effective on the Effective Date of the Plan without further order or action on the part of the Court or any other party:

To the maximum extent permitted by applicable law, each Released Party shall not have or incur any liability for any act or omission in connection with, related to, or arising out of the Chapter 11 Cases (including, without limitation, the filing of the Chapter 11 Cases), the marketing and the sale of Assets of the Debtors, the Plan and any related documents (including, without limitation, the negotiation and consummation of the Plan, the pursuit of the Effective Date, the administration of the Plan, or the property to be distributed under the Plan), or each Released Party's exercise or discharge of any powers and duties set forth in the Plan, except with respect to the actions found by Final Order to constitute willful misconduct, gross negligence, fraud, or criminal conduct, and, in all respects, each Released Party shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Without limitation of the foregoing, each such Released Party shall be released and exculpated from any and all Causes of Action that any Person is entitled to assert in its own right or on behalf of any other Person, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence in any way relating to the subject matter of this Section.

16.    **Preservation of Causes of Action.** Pursuant to Section 13.9 of the Plan, and except as provided in Section 7.1 of the Plan, nothing contained in this Plan shall be deemed a waiver or relinquishment of any claims or Causes of Action of the Debtors that are not settled with respect to Allowed Claims or specifically waived or relinquished by this Plan, which shall

vest in the Liquidating Trust, subject to any existing valid and perfected security interest or lien in such Causes of Action.  The Causes of Action preserved hereunder include, without limitation, claims, rights or other causes of action:

(a)    against vendors, suppliers of goods or services (including attorneys, accountants, consultants or other professional service providers), utilities, contract counterparties, and other parties for, including but not limited to:  (A) services rendered; (B) over- and under-payments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, setoff or recoupment; (C) failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors; (D) wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (E) indemnification and/or warranty claims; or (F) turnover causes of action arising under §§ 542 or 543;

(b)    against landlords or lessors, including, without limitation, for erroneous charges, overpayments, returns of security deposits, indemnification, or for environmental claims;

(c)    arising against current or former tenants or lessees, including, without limitation, for non-payment of rent, damages, and holdover proceedings;

(d)    arising from damage to Debtors' property;

(e)    relating to claims, rights, or other causes of action the Debtors may have to interplead third parties in actions commenced against any of the Debtors;

(f)    for collection of a debt owed to any of the Debtors;

(g)    against insurance carriers, reinsurance carriers, underwriters or surety bond issuers relating to coverage, indemnity, contribution, reimbursement or other matters;

(h)    relating to pending litigation, including, without limitation, litigation related to the SGM Claims and any other claims or causes of action related thereto, and the suits, administrative proceedings, executions, garnishments, and attachments listed in Attachment 4a to each of the Debtors' Statements of Financial Affairs;

(i)    arising from claims against health plans;

(j)    that constitute Avoidance Actions;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(k)    arising under or relating to any and/or all asset purchase agreements and related sale documents (including, without limitation, any leases) entered into during these Chapter 11 Cases, including, but not limited to, enforcement of such agreements by the Debtors' Estates and/or breaches of any and/or all such agreements by the applicable non-Debtor parties (including, without limitation, the purchasers of the Debtors' assets under such agreements and any and all principals and/or guarantors of the obligations under or relating to such agreements);

(l)    all claims against Integrity Healthcare, LLC and BlueMountain Capital Management LLC; and

(m)    relating to the Operating Assets.

The Liquidating Trustee, the Post-Effective Date Committee, and the Post-Effective Date Debtors shall have, retain, reserve and be entitled to assert all such claims, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights respecting any claim that is not specifically waived or relinquished by the Plan may be asserted by the Liquidating Trustee and the Post-Effective Date Committee on their behalf after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

On and after the Effective Date, in accordance with § 1123(b) and the terms of the Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall retain and have the exclusive right to prosecute, abandon, settle or release any or all Causes of Action without the need to obtain approval or further relief from the Bankruptcy Court.

17.    **Specific Stipulations Regarding the Plan**.

(a)    <u>SGM</u>

The following language is included in this Confirmation Order as agreed between the Plan Proponents and SGM:

The Plan Proponents acknowledge that SGM disputes the Debtors' claim to the Nonrefundable Deposit, and SGM contends that the Nonrefundable Deposit must be returned to SGM. The Debtors and the Plan Proponents dispute the contentions and claims of SGM to the Nonrefundable Deposit, and contend that the Nonrefundable

Deposit is an asset of the Debtors' estates, free and clear of any rights or claims of SGM, and should be distributed in accordance with the Plan.  As provided in the Plan, on the Effective Date, all rights of the Debtors against SGM, including, without limitation, all rights to recover the Nonrefundable Deposit, are being transferred to the Liquidating Trust.  The Liquidating Trust shall not distribute the Nonrefundable Deposit to creditors in accordance with the Plan or take any other action which would reduce or dissipate the Nonrefundable Deposit, unless permitted by a judgment or an order entered by the District Court having jurisdiction over the Adversary Proceeding, and such judgment or order has not been stayed. In the event an appeal is taken from any such judgment or order, the party taking the appeal shall have the right to seek a stay pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure.  Nothing contained in the Plan or the Disclosure Statement shall modify, alter or change the rights of the Debtors and the Liquidating Trust, on the one hand, and SGM, on the other hand, to any claim or rights to the Nonrefundable Deposit.  All such claims and rights are expressly reserved and preserved.

Further, the Releases of Debtors set forth in Section 15(d)(i) of this Confirmation Order and in Section 13.5(a) of the Plan shall not apply to any counterclaim that may be asserted by SGM against the Debtors in the SGM Action, currently pending before the District Court.

(b)    Integrity

Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the transfer of any claim or Cause of Action to the Liquidating Trust shall not impair Integrity Healthcare, LLC's or its current and former affiliates' respective existing rights, defenses, claims, counterclaims, rights of setoff or recoupment applicable to, arising out of, or relating to, any such claim or Cause of Action transferred to the Liquidating Trust.

(c)    Infor

Prior to the Petition Date, Infor (US), Inc., previously doing business as Infinium Software, Inc. ("**Infor**"), entered into a number of agreements (the "**Infor Agreements**") with VHS, pursuant to which Infor granted to VHS certain non-exclusive, non-transferrable licenses to use copyrighted software and computer programs owned by Infor (collectively, the "**Infor Software**").  The Infor Agreements include, without limitation, the *Master Software License Agreement No. 2002-4384, Dated August 30, 2002 (Together With The Schedules Thereto, As Amended)* (the "**MSLA**").  Notwithstanding anything to the contrary contained in this Confirmation Order, the Plan, the Plan Supplement, or any other document related thereto, the Debtors' licenses to access and use the Infor Software shall remain in place until December 31,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2020, at which point the MSLA shall be terminated.  The cost for this three-month extension for the access and use of the Infor Software by the Debtors for the sole and exclusive benefit of the Debtors and their estates is $24,000, which amount and applicable tax shall be paid by the Debtors to Infor pursuant to the terms of the applicable invoice.  Absent timely payment of this amount by the Debtors, the MSLA shall terminate immediately and the Debtors shall comply with the termination obligations set forth in the following sentence.  Unless extended by the mutual agreement of the Debtors and Infor, on or before December 31, 2020, the Debtors shall: (i) remove all copies of any on-premises Infor Software and any portions thereof from assets of the Debtors and cease accessing and using any hosted Infor Software; (ii) destroy all copies of the Infor Software contained in the Debtors' assets and related documentation and delete all access codes; and, (iii) certify to Infor in writing that the Debtors have complied with the foregoing subparagraphs (i) and (ii).  Absent prior written consent, after December 31, 2020, the Infor Software shall not be transferred to or used in any way by or for the benefit of the Debtors, their estates, the Liquidating Trustee, the Liquidating Trust, or any of their respective employees, independent contractors, professionals, representatives, agents, successors, or assigns.  The release, injunction, exculpation, recourse, and other provisions of the Plan, the Confirmation Order, and any other Plan-related document shall not in any way impair, impact, or otherwise affect Infor's rights, claims, defenses, and remedies as to any Debtor or any other party whether arising under Infor's contracts with the Debtors or third parties and/or applicable non-bankruptcy law that may arise on or after July 30, 2020.

(d)    Aetna

On August 4, 2020, the Court entered an order [Docket No. 5350] approving the *Stipulation Among Debtors, Creditors Committee and Aetna Life Insurance Company for Resolution of Plan Objection* [Docket No. 5338] (the "**Aetna Stipulation**").[5]  In accordance with the order approving the Aetna Stipulation, for good cause shown and after reasonable notice, Aetna's objection to the Plan is resolved as follows:

---

[5] All capitalized terms used in this paragraph have the meaning set forth in the Aetna Stipulation.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Aetna/Holdings Amended Claim shall be an allowed General Unsecured Claim under Class 8 of the Plan in the amount of $6,366,000.00 and shall not be subject to reconsideration, objection, reduction, increase, counterclaim, subordination, offset or recoupment, and shall be deemed allowed without necessity of any further filings or amendments, including any proof of claim.  The Debtors and the Estates shall be deemed to have waived and released any Causes of Action against Aetna in connection with the Investment and/or the Guarantee, and any such Causes of Action shall neither be vested in the Liquidating Trust nor constitute Liquidating Trust Assets.   Notwithstanding the foregoing, Aetna, the Debtors and the Estates shall continue to have: (a) any rights or defenses under any Aetna Agreement, (b) any rights or defenses to pursue or recover any Variances, and (c) any rights relating to assumption, assignment or rejection of any Aetna Agreement pursuant to § 365 (subject to any prior order of the Bankruptcy Court).  Notwithstanding anything to the contrary in the Plan or this Confirmation Order, (i) Aetna's defenses of setoff or recoupment under, and subject to the provisions of, the Aetna Agreements shall not be impaired, and nothing in the Plan or this Confirmation Order shall prevent Aetna from asserting any defense, counterclaims, or offset against any claims brought against it to the extent that such defense, counterclaim, or offset would otherwise be available to Aetna under applicable law, provided, that, the substantive consolidation of the Estates pursuant to Section 7.2 of the Plan shall not be construed to permit Aetna to exercise any defenses of setoff or recoupment under the Aetna Agreements as if the Debtors were a unitary entity, and (ii) Section 10.2(b) of the Plan shall not apply to any Claims asserted by Aetna, including the Aetna/Holdings Amended Claim, the Prepetition Overpayment Claims and the Post-Petition Overpayment Claims. The Bankruptcy Court shall retain jurisdiction to hear and resolve any disputes related to the foregoing.

       (e)    AppleCare

The Debtors and AppleCare Medical Group, Inc., AppleCare Medical Group St. Francis, Inc., and AppleCare Medical Management, LLC (collectively, "**AppleCare**") have agreed to resolve the AppleCare's objection [Docket No. 5339] (the "**AppleCare Objection**")[6] to the Plan as follows:

The Debtors shall reserve in the Administrative Claims Reserve the amount of $9.5 million on account of the its amended motion for the allowance of an administrative expense [Docket Nos. 5455] ("**AppleCare Administrative Expense**").  The Debtors and the Estates shall be deemed to have waived and released any Causes of Action against AppleCare under §§ 547, 549 and 550, and any such Causes of Action shall neither be vested in the Liquidating Trust nor constitute Liquidating Trust Assets.  The Debtors, the Estates and AppleCare each reserve all rights and defenses with respect to:  (a) the allowance of the AppleCare Administrative Claim; (b) the characterization—as either a General Unsecured Claim or an Administrative Claim—of unpaid amounts due to AppleCare for 20% of the CMS risk adjustment sweep revenue; and (c) the past or future

---

[6] All capitalized terms used in this paragraph ~~has~~ have the meaning set forth in the AppleCare Objection or the Plan, as applicable.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

inclusion of CMS risk adjustment sweep revenue in the risk pools under the Risk Sharing Agreements. Notwithstanding rejection of the Management Agreement, the parties' post-termination rights under such agreement shall not be affected. SFMC elects, in accordance with Section 4.2 of the Management Agreement, to have AppleCare Medical Management, LLC perform the run-out services described thereunder on mutually acceptable terms consistent with the terms of the Management Agreement. Based on the foregoing, the AppleCare Objection is deemed withdrawn with prejudice.

(f)    Payor Objections

The following shall apply to the confirmation objections filed by UnitedHealthcare Insurance Company (collectively, with its affiliates, subsidiaries and parents, "**United**") [Docket No. 5326] (the "**United Objection**"), SCAN Health Plan ("**SCAN**") [Docket No. 5337] (the "**SCAN Objection**"), and California Physicians' Service dba Blue Shield of California, and Blue Shield of California Promise Health Plan f/k/a Care 1st Health Plan (collectively, "**Blue Shield**") [Docket No. 5417] (the "**Blue Shield Objection**"), the informal objection (the "**Humana Objection**") asserted by Humana Insurance Company and Humana Health Plan, Inc. (together with their affiliates and subsidiaries, "**Humana**"), and the informal objection (the "**Kaiser Objection**" and, together with the United Objection, the SCAN Objection, the Blue Shield Objection, and the Humana Objection, the "**Payor Objections**") asserted by Kaiser Foundation Hospitals ("**Kaiser**" and together with United, SCAN, Blue Shield, and Kaiser, the "**Payors**"), which shall be resolved as follows:[7]

(i)    Preservation of Defenses. Notwithstanding anything to the contrary in the Plan or this Order, each Payor's defenses (including any asserted rights of setoff or recoupment) under, and subject to the provisions of, each applicable Payor Agreement shall not be impaired and nothing in the Plan or this Order shall prevent such Payor from asserting any defense, counterclaim, recoupment or offset against any claims asserted by a Debtor under an applicable Payor Agreement to the extent that such defense, counterclaim, recoupment or offset would otherwise be available to such Payor under the Bankruptcy Code or applicable law, provided that, the substantive consolidation of the Estates pursuant to Section 7.2 of the Plan shall not be construed to permit any Payor to exercise any defenses of setoff or recoupment under an applicable Payor Agreement as if the Debtors were a unitary entity.

(ii)    Acceleration of Overpayment Reconciliation.

---

[7] The Payors and certain of the Debtors are parties to various fee-for-service, capitation or other facility participation agreements under which the Debtors are compensated for covered medical services provided to patients enrolled under the health benefit plans offered or administered by each Payor under the applicable agreement (collectively, the "**Payor Agreements**").

- 33 -

A.    United.  The Debtors shall submit claims for reimbursement under the applicable Payor Agreement between United and SFMC and between United and Seton within 60 days following the closing date of the sales of such hospitals.  United shall identify and finally liquidate any overpayments made on account of all covered medical services provided by such hospitals under such agreements prior to such closing dates within 120 days following such closing dates.  The foregoing timetable for reconciliation of overpayments under the applicable Payor Agreement between United and Seton shall be deemed to supersede the corresponding deadlines set forth in the *Stipulation Between Seton Medical Center and UnitedHealthcare Insurance Company Regarding Cure Objection* [Docket No. 5352], filed on August 4, 2020, approved by order [Docket No. 5357] of the Court, entered on August 5, 2020.

B.    SCAN.  The Debtors shall submit claims for reimbursement under the applicable Payor Agreement between SCAN and SFMC and between SCAN and Seton within 60 days following the closing date of the sales of such hospitals.  SCAN shall identify and finally liquidate any overpayments made on account of all covered medical services provided by such hospitals under such agreements prior to such closing dates within 120 days following such closing dates.

C.    Blue Shield.  The Debtors shall submit claims for reimbursement under the applicable Payor Agreement between Blue Shield and SFMC and between Blue Shield and Seton within 60 days following the closing date of the sales of such hospitals.  Blue Shield shall identify and finally liquidate any overpayments made on account of all covered medical services provided by such hospitals under such agreements prior to such closing dates within 120 days following such closing dates.

D.    Humana.  The Debtors shall submit claims for reimbursement under the applicable Payor Agreement between Humana and SFMC and between Humana and Seton within 60 days following the closing date of the sales of such hospitals.  Humana shall identify and finally liquidate any overpayments made on account of all covered medical services provided by such hospitals under such agreements prior to such closing dates within 120 days following such closing dates.

E.    Kaiser.  The Debtors shall submit claims for reimbursement under the applicable Payor Agreement between Kaiser and SFMC and between Kaiser and Seton within 60 days following the closing date of the sales of such hospitals.  Kaiser shall identify and finally liquidate any overpayments made on account of all covered medical services provided by such hospitals under such agreements prior to such closing dates within 120 days following such closing dates.

(iii)    Withdrawal of Payor Objections.  Each of the Payor Objections shall be deemed withdrawn with prejudice.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

(g)     Premier

The objection [Docket No. 5343] filed by Premier, Inc. ("**Premier**") is resolved and withdrawn.  The Other Injunction provided under Section 13.6(b) of the Plan does not preclude Premier from asserting a claim against the Post-Effective Date Debtors relating to any alleged or asserted post-Effective Date breach of the Premier settlement agreement as previously approved by entry of an order of this Court [Docket No.2461].

18.     **SFMC Asset Purchase Agreement.**  Notwithstanding anything contained in the Plan to the contrary, nothing in the Plan shall be deemed to affect the obligations of the parties under the SFMC Asset Purchase Agreement.

19.     **Retention of Jurisdiction.**  Unless otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under, or related to the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Section 14.1 of the Plan, which is specifically approved in all respects, is incorporated herein in its entirety, and is so ordered.

20.     **Miscellaneous Provisions.**  The miscellaneous provisions of Section 15 of the Plan are specifically approved in all respects, are incorporated herein in their entirety, and are so ordered.

21.     **Severability.**  Pursuant to Section 15.7 of the Plan, in the event that the Bankruptcy Court determines, prior to the Effective Date, that any provision of the Plan is invalid, void or unenforceable, the Bankruptcy Court shall, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistently with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the

Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

22.    **Binding Effect of Prior Orders**.    Pursuant to § 1141, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, Post-Effective Date Debtors, the Liquidating Trust, and their respective successors and assigns.

23.    **Notice of Confirmation of the Plan**.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtors or Post-Effective Date Debtors will serve a notice of the entry of this Order substantially in the form of **Exhibit "B"** attached hereto and incorporated herein by reference (the "**Confirmation Notice**"), to all parties in the creditor database maintained by KCC, no later than five (5) Business Days after the Confirmation Date; provided, however, that the Debtors or the Post-Effective Date Debtors will serve the Confirmation Notice only on the record Holders of Claims as of the Confirmation Date.    The Debtors will publish the Confirmation Notice once in Los Angeles Times and San Francisco Chronicle as soon as reasonably practicable after the Confirmation Date, but no later than five (5) Business Days after the Confirmation Date. As soon as practicable after the entry of this Order, the Debtors will make copies of this Order and the Confirmation Notice available on the Debtors' restructuring website at http://www.kccllc.net/VerityHealth.  As soon as practicable after the occurrence of the Effective Date pursuant to the terms of the Plan, the Debtors will serve the notice of Effective Date, substantially in the form attached hereto as **Exhibit "C"** (the "**Notice of Effective Date**") on all parties served with the Confirmation Notice.

24.    **Reserves**.    Pursuant to Section 17(a) of this Confirmation Order and Section 15.3 of the Plan, and as set forth in Exhibit D to the Confirmation Supplement [Docket No. 5468], (i) the amount of the Administrative Claims Reserve established pursuant to Section 15.3 of the Plan shall be $52,749,000; and (ii) on the Effective Date, the Debtors shall transfer the entire

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 36 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Nonrefundable Deposit in the amount of $30,000,000 to the Liquidating Trust, which shall continue to be held in a segregated escrow account by the Liquidating Trust pursuant to Section 17(a) of this Confirmation Order in order to satisfy any Administrative Claim of SGM that may become Allowed after the Effective Date. Excluding any Administrative Claim of SGM that may become Allowed after the Effective Date, the amount of the Administrative Claims Reserve is sufficient to satisfy any unpaid Administrative Claims that are Allowed as of the Effective Date and any unpaid Administrative Claims that may become Allowed after the Effective Date. The amount of the Nonrefundable Deposit is sufficient to satisfy any Administrative Claim of SGM that may become Allowed after the Effective Date. No claimant having an Administrative Claim that is currently Allowed or that becomes Allowed shall have any recourse to the Nonrefundable Deposit to satisfy any portion of such Allowed Administrative Claim; provided, that, if the Administrative Claim of SGM becomes Allowed pursuant to Section 17(a) of this Confirmation Order, SGM shall have recourse to the Nonrefundable Deposit to satisfy such Claim.

25.    **Modification of the Plan.**    Pursuant to Section 15.5 of the Plan, the Plan Proponents reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of this Confirmation Order. After the entry of this Confirmation Order, the Plan Proponents may, upon order of the Bankruptcy Court, amend or modify this Plan, in accordance with § 1127(b), or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan. A Holder of an Allowed Claim that is deemed to have accepted this Plan shall be deemed to have accepted this Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such holder. Notwithstanding the foregoing, the Plan Proponents are authorized to file Plan Supplements on or before the Effective Date of the Plan.

26.    **Governing Law.**    Pursuant to Section 15.11 of the Plan, except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California, without giving effect to the principles of conflict of laws thereof;

provided however that the foregoing shall not be deemed to require compliance with Nonprofit Laws with respect to any obligations, rights or entitlements under or in furtherance of the Plan.

27. **Notice.** Except as otherwise provided in the Plan and this Order, as of the Effective Date, notice of all subsequent pleadings in the Chapter 11 Cases shall be limited to counsel to the Plan Proponents, counsel to the Post-Effective Date Committee, the U.S. Trustee, and any party known to be directly affected by the relief sought.

28. **References to Plan.** Any document related to the Plan that refers to a chapter 11 plan of the Plan Proponents other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be modified such that the reference to a chapter 11 plan of the Plan Proponents in such document shall mean the Plan confirmed by this Order, as appropriate.

29. **Reconciliation of Inconsistencies.** Without intending to modify any prior Order of this Court (or any agreement, instrument or document addressed by any prior Order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document). In the event of any inconsistency between the Plan or any agreement, instrument, or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

30. **Automatic Stay.** Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to §§ 105 or 362 or any order of this Court and extant on the date of entry of this Confirmation Order (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the Closing of the Chapter 11 Cases. All injunctions or stays contained in the Plan or this Order shall remain in full force and effect in accordance with their terms.

31. **Order Effective Immediately**. Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, the stay provided for under Bankruptcy Rule 3020(e) shall be waived and this Order shall be effective and enforceable immediately upon entry. The Plan Proponents are authorized to consummate the Plan and the transactions contemplated thereby immediately after

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   entry of this Order and upon, or concurrently with, satisfaction of the conditions set forth in the

2   Plan.

3

4                                                      ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: August 14, 2020

25                                                      Ernest M. Robles
                                                       United States Bankruptcy Judge
26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## **Exhibit A**

2

**Form of Notice of Rejection of Executory Agreement**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for the Chapter 11 Debtors and
Debtors In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>    Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER; |
| ☒ Affects All Debtors<br><br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>    Debtors and Debtors In Possession. | Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Judge Ernest M. Robles<br><br>**NOTICE OF REJECTION OF EXECUTORY AGREEMENTS** |

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**<u>REJECTION OF EXECUTORY AGREEMENTS</u>**

1. By Order dated August __, 2020 [Docket No. ___] (the "<u>Confirmation Order</u>"), the United States Bankruptcy Court for the Central District of California (the "<u>Bankruptcy Court</u>") confirmed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket No. 5466] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "<u>Plan</u>")[8] filed by Verity Health System of California, Inc. ("<u>VHS</u>") and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), the Prepetition Secured Creditors, and the Official Committee of Unsecured Creditors (the Committee, and, together with the Debtors and the Prepetition Secured Creditors, the "<u>Plan Proponents</u>"), as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").

2. On _____, 2020, the Effective Date of the Plan occurred and the Plan was substantially consummated.

**3. YOU ARE OR MIGHT BE A COUNTERPARTY TO AN EXECUTORY AGREEMENT DEEMED REJECTED BY THE PLAN AS OF THE EFFECTIVE DATE.**

4. **<u>Rejection of Executory Agreements</u>**. Pursuant to Section 11.1 of the Plan, on the Effective Date, all Executory Agreements to which any Debtor is a party shall be deemed rejected as of the Effective Date, other than those Executory Agreements that (a) have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court (including pursuant to the Rejection Procedures), (b) are the subject of a separate motion to assume, assume and assign, or reject filed under § 365 on or before the Effective Date, or (c) are specifically designated as a contract or lease to be assumed on any Schedule of Assumed Contracts and no timely objection to the proposed assumption has been filed, provided, however, that the Plan Proponents reserve the right to amend the Plan Supplement at any time.

5. **<u>Bar Date for Rejection Damages</u>**. Pursuant to Section 11.2 of the Plan, Claims arising out of the rejection of an Executory Agreement pursuant to the Plan must be filed with the Bankruptcy Court (or as otherwise provided for in the Debtors' notice of rejection) no later than thirty (30) days after the Effective Date (*i.e.*, _____, **2020**). Any Claims not filed within such time period will be forever barred from assertion against the Debtors and/or their property and/or their Estates.

6. **<u>Viewing the Plan and Confirmation Order</u>**. The Plan and the Confirmation Order may be obtained: (a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems; (b) via download from www.kccllc.net/verityhealth; or (c) by (i) written request to Verity Health c/o KCC, LLC, 222 North Pacific Coast Highway, Suite 300, El Segundo, California 90245, or (ii) e-mail request to verityinfo@kccllc.com.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[8] Capitalized terms used but not otherwise defined herein have the definitions set forth in the Plan.

Dated: _____, 2020                          DENTONS US LLP

                                        By: _____
                                            Samuel R. Maizel
                                            Tania M. Moyron
                                            Nicholas A. Koffroth

                                            Counsel   to   the   *Debtors   and   Debtors   In
                                            Possession*

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA 90017-5704
(213) 623-9300

1

## **<u>Exhibit B</u>**

2

**Form of Confirmation Notice**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   SAMUEL R. MAIZEL (Bar No. 189301)
    samuel.maizel@dentons.com
2   TANIA M. MOYRON (Bar No. 235736)
    tania.moyron@dentons.com
3   NICHOLAS A. KOFFROTH (Bar No. 287854)
    nicholas.koffroth@dentons.com
4   DENTONS US LLP
5   601 South Figueroa Street, Suite 2500
    Los Angeles, California 90017-5704
6   Tel: (213) 623-9300 / Fax: (213) 623-9924

7   Attorneys for the Chapter 11 Debtors and
    Debtors In Possession
8

9              **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

11  | In re | Lead Case No. 2:18-bk-20151-ER |
12  | VERITY HEALTH SYSTEM OF | Jointly administered with: |
    | CALIFORNIA, INC., *et al.*, | Case No. 2:18-bk-20162-ER; |
13  | | Case No. 2:18-bk-20163-ER; |
    | Debtors and Debtors In Possession. | Case No. 2:18-bk-20164-ER; |
14  | | Case No. 2:18-bk-20165-ER; |
    | | Case No. 2:18-bk-20167-ER; |
15  | ☒ Affects All Debtors | Case No. 2:18-bk-20168-ER; |
    | | Case No. 2:18-bk-20169-ER; |
16  | ☐ Affects O'Connor Hospital | Case No. 2:18-bk-20171-ER; |
17  | ☐ Affects Saint Louise Regional Hospital | Case No. 2:18-bk-20172-ER; |
    | ☐ Affects St. Francis Medical Center | Case No. 2:18-bk-20173-ER; |
18  | ☐ Affects St. Vincent Medical Center | Case No. 2:18-bk-20175-ER; |
    | ☐ Affects Seton Medical Center | Case No. 2:18-bk-20176-ER; |
19  | ☐ Affects O'Connor Hospital Foundation | Case No. 2:18-bk-20178-ER; |
    | ☐ Affects Saint Louise Regional Hospital | Case No. 2:18-bk-20179-ER; |
20  | Foundation | Case No. 2:18-bk-20180-ER; |
    | ☐ Affects St. Francis Medical Center of | Case No. 2:18-bk-20181-ER; |
21  | Lynwood Foundation | |
    | ☐ Affects St. Vincent Foundation | Chapter 11 Cases |
22  | ☐ Affects St. Vincent Dialysis Center, Inc. | |
    | ☐ Affects Seton Medical Center Foundation | Hon. Judge Ernest M. Robles |
23  | ☐ Affects Verity Business Services | |
    | ☐ Affects Verity Medical Foundation | **NOTICE OF CONFIRMATION OF MODIFIED** |
24  | ☐ Affects Verity Holdings, LLC | **SECOND AMENDED JOINT CHAPTER 11** |
    | ☐ Affects De Paul Ventures, LLC | **PLAN OF LIQUIDATION (DATED JULY 2,** |
25  | ☐ Affects De Paul Ventures - San Jose | **2020) OF THE DEBTORS, THE PREPETITION** |
    | Dialysis, LLC | **SECURED CREDITORS, AND THE** |
26  | | **COMMITTEE** |
27  | Debtors and Debtors In Possession. | |

28

- 45 -

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**CONFIRMATION OF MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JULY 2, 2020) OF THE DEBTORS, THE PREPETITION SECURED CREDITORS, AND THE COMMITTEE**

1.    By Order dated August __, 2020 [Docket No. ____] (the "Confirmation Order"), the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") confirmed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket No. 5466] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan")[9] filed by Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (each a "Debtor" and, collectively, the "Debtors"), the Prepetition Secured Creditors, and the Official Committee of Unsecured Creditors (the Committee, and, together with the Debtors and the Prepetition Secured Creditors, the "Plan Proponents"), as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.    The Plan and the Confirmation Order may be obtained: (a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems; (b) via download from www.kccllc.net/verityhealth; or (c) by written request to Verity Health c/o KCC, LLC, 222 North Pacific Coast Highway, Suite 300, El Segundo, California 90245.

Dated:  August __, 2020                    DENTONS US LLP


                                           By: _____
                                                Samuel R. Maizel
                                                Tania M. Moyron
                                                Nicholas A. Koffroth

                                                Counsel to the *Debtors and Debtors In Possession*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[9] Capitalized terms used but not otherwise defined herein have the definitions set forth in the Plan.

1

**<u>Exhibit C</u>**

2

**Form of Notice of Effective Date**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   SAMUEL R. MAIZEL (Bar No. 189301)
    samuel.maizel@dentons.com
2   TANIA M. MOYRON (Bar No. 235736)
    tania.moyron@dentons.com
3   NICHOLAS A. KOFFROTH (Bar No. 287854)
    nicholas.koffroth@dentons.com
4   DENTONS US LLP
5   601 South Figueroa Street, Suite 2500
    Los Angeles, California 90017-5704
6   Tel: (213) 623-9300 / Fax: (213) 623-9924

7   Attorneys for the Chapter 11 Debtors and
    Debtors In Possession

8                    **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10  In re                                          Lead Case No. 2:18-bk-20151-ER

11  VERITY HEALTH SYSTEM OF                        Jointly administered with:
    CALIFORNIA, INC., *et al.*,                    Case No. 2:18-bk-20162-ER;
12                                                 Case No. 2:18-bk-20163-ER;
            Debtors and Debtors In Possession.     Case No. 2:18-bk-20164-ER;
13                                                 Case No. 2:18-bk-20165-ER;
                                                   Case No. 2:18-bk-20167-ER;
14  ☒ Affects All Debtors                          Case No. 2:18-bk-20168-ER;
                                                   Case No. 2:18-bk-20169-ER;
15  ☐ Affects O'Connor Hospital                    Case No. 2:18-bk-20171-ER;
    ☐ Affects Saint Louise Regional Hospital       Case No. 2:18-bk-20172-ER;
16  ☐ Affects St. Francis Medical Center           Case No. 2:18-bk-20173-ER;
    ☐ Affects St. Vincent Medical Center           Case No. 2:18-bk-20175-ER;
17  ☐ Affects Seton Medical Center                 Case No. 2:18-bk-20176-ER;
    ☐ Affects O'Connor Hospital Foundation         Case No. 2:18-bk-20178-ER;
18  ☐ Affects Saint Louise Regional Hospital       Case No. 2:18-bk-20179-ER;
      Foundation                                   Case No. 2:18-bk-20180-ER;
19  ☐ Affects St. Francis Medical Center of        Case No. 2:18-bk-20181-ER;
      Lynwood Foundation
20  ☐ Affects St. Vincent Foundation               Chapter 11 Cases
    ☐ Affects St. Vincent Dialysis Center, Inc.
21  ☐ Affects Seton Medical Center Foundation      Hon. Judge Ernest M. Robles
    ☐ Affects Verity Business Services
22  ☐ Affects Verity Medical Foundation            **NOTICE OF OCCURRENCE OF EFFECTIVE**
    ☐ Affects Verity Holdings, LLC                 **DATE OF MODIFIED SECOND AMENDED**
23  ☐ Affects De Paul Ventures, LLC                **JOINT CHAPTER 11 PLAN OF LIQUIDATION**
    ☐ Affects De Paul Ventures - San Jose          **(DATED JULY 2, 2020) OF THE DEBTORS,**
24    Dialysis, LLC                                **THE PREPETITION SECURED CREDITORS,**
                                                   **AND THE COMMITTEE**
25          Debtors and Debtors In Possession.

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**OCCURRENCE OF EFFECTIVE DATE OF MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION (DATED JULY 2, 2020) OF THE DEBTORS, THE PREPETITION SECURED CREDITORS, AND THE COMMITTEE**

1.    By Order dated August __, 2020 [Docket No. ___] (the "Confirmation Order"), the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") confirmed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket No. 5466] (including all exhibits thereto, any plan supplement, and as amended, modified, or supplemented from time to time, the "Plan")[10] filed by Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated debtors, the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (each a "Debtor" and, collectively, the "Debtors"), the Prepetition Secured Creditors, and the Official Committee of Unsecured Creditors (the "Committee, and, together with the Debtors and the Prepetition Secured Creditors, the "Plan Proponents"), as satisfying the requirements of § 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.    **Effective Date**.  On _____, 2020, the Effective Date of the Plan occurred and the Plan was substantially consummated.  All conditions precedent to the Effective Date of the Plan set forth in Section 12.2 of the Plan have either been satisfied or waived in accordance with the Plan and the Confirmation Order.

3.    **Bar Date for Rejection Damages**.  Pursuant to Section 11.2 of the Plan, Claims arising out of the rejection of an Executory Agreement pursuant to the Plan must be filed with the Bankruptcy Court (or as otherwise provided for in the Debtors' notice of rejection) no later than thirty (30) days after the Effective Date (*i.e.*, _____, **2020**).  Any Claims not filed within such time period will be forever barred from assertion against the Debtors and/or their property and/or their Estates.

4.    **Bar Date for Professional Claims**.  Pursuant to Section 2.2 of the Plan, all Professionals seeking an award by the Bankruptcy Court of a Professional Claim (other than the Ordinary Course Professionals) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is sixty (60) days after the Effective Date (*i.e.*, _____, **2020**).  Objections to any final applications covering Professional Claims must be filed and served on the Post-Effective Date Debtors, the Liquidating Trustee, and the requesting Professional no later than ninety (90) days after the Effective Date (unless otherwise agreed by the requesting Professional).

5.    **Releases, Injunctions, and Exculpation**:  Pursuant to the Confirmation Order, the releases set forth in Section 13.5 of the Plan, the injunctions set forth in Section 13.6 of the Plan, and the exculpation provisions set forth in Section 13.7 of the Plan are now in full force and effect.

6.    **Viewing the Plan and Confirmation Order**.  The Plan and the Confirmation Order may be obtained: (a) via download from the Bankruptcy Court's website at ecf.cacb.uscourts.gov for registered users of the PACER and/or CM/ECF systems; (b) via download from www.kccllc.net/verityhealth; or (c) by written request to Verity Health c/o KCC, LLC, 222 North Pacific Coast Highway, Suite 300, El Segundo, California 90245.

---

[10] Capitalized terms used but not otherwise defined herein have the definitions set forth in the Plan.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Dated: _____, 2020                    DENTONS US LLP

                                        By: _____
                                             Samuel R. Maizel
                                             Tania M. Moyron
                                             Nicholas A. Koffroth

                                             Counsel to the *Debtors and Debtors In
                                             Possession*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300