

**FILED & ENTERED**

**SEP 03 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re: Verity Health System of California, Inc., *et al.*,<br><br>　　　　Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>　　　　Debtors and Debtors in Possession. | Lead Case No.:　　2:18-bk-20151-ER<br>Chapter:　　11<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br>Chapter 11 Cases.<br><br>**MEMORANDUM OF DECISION SUSTAINING IN PART AND OVERRULING IN PART STRATEGIC GLOBAL MANAGEMENT, INC.'S OBJECTION TO THE FORM OF THE ORDER CONFIRMING THE MODIFIED SECOND AMENDED PLAN**<br><br>**[RELATES TO DOC. NO. 5566]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

On August 12, 2020, the Court conducted a hearing on the Debtors' motion to confirm the *Modified Second Amended Joint Chapter 11 Plan (Dated July 2, 2020) of the Debtors, the Committee, and the Prepetition Secured Creditors* [Doc. No. 5468, Ex. A] (the "Plan," and the hearing on confirmation of the Plan, the "Confirmation Hearing"). On August 12, 2020, the Court issued a ruling setting forth the reasons why the Plan would be confirmed [Doc. No. 5475] (the "Ruling"). On August 14, 2020, the Court entered an order confirming the Plan. *See* Doc. No. 5504 (the "Confirmation Order").

On August 14, 2020, Strategic Global Management, Inc. ("SGM") filed an objection to the form of the Confirmation Order, in which SGM requested the modification of certain provisions in the Confirmation Order and the inclusion of additional language in the Confirmation Order. *See* Doc. No. 5506 (the "SGM Objection"). On August 16, 2020, the Debtors filed a response to the SGM Objection, in which the Debtors argued that no changes to the Confirmation Order were warranted. On August 20, 2020, SGM filed a Notice of Appeal of the Confirmation Order. *See* Doc. No. 5552 (the "Notice of Appeal").

On August 25, 2020, the Court issued an *Order on Strategic Global Management, Inc.'s Objection to the Form of the Order Confirming the Modified Second Amended Plan* [Doc. No. 5566] (the "Order"), attached hereto as **Exhibit A** and incorporated in full by reference. The Order set forth the Court's preliminary findings (the "Preliminary Findings") on the SGM Objection and provided the parties an opportunity to respond thereto. Having reviewed the responses to the Preliminary Findings filed by the Debtors [Doc. No. 6016] and SGM [Doc. No. 6031], the Court adopts the Preliminary Findings, subject to the modifications set forth herein.

### A. The Court Has Jurisdiction to Rule Upon the SGM Objection Notwithstanding the Notice of Appeal

The Court must first determine whether the Notice of Appeal has divested the Court of jurisdiction to rule upon the SGM Objection. Generally, the "filing of a notice of appeal … divests the … court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, under Bankruptcy Rule 8002(b),[1] the filing of certain post-judgment motions tolls the effectiveness of a notice of appeal. Bankruptcy Rule 8002(b)(1)(A) authorizes a party to file a motion "to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment." If a party files a notice of appeal while a Rule 7052 motion remains pending, the notice of appeal does not take effect until after an order disposing of the Rule 7052 motion has been entered. Bankruptcy Rule 8002(b)(2).

The SGM Objection constitutes a Rule 7052 motion to amend or make additional findings within the meaning of Bankruptcy Rule 8002(b)(1)(A). The Confirmation Order contains findings of fact and conclusions of law made pursuant to Bankruptcy Rule 7052. *See* Confirmation Order at n.3 ("The findings of fact and conclusions of law set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

applicable to this proceeding by Bankruptcy Rule 9014."). Through the SGM Objection, SGM seeks modification of the conclusions of law that are set forth in the Confirmation Order at ¶ 17.[2] Specifically, SGM seeks (a) changes to the language in ¶ 17 of the Confirmation Order and (b) the inclusion of additional language in ¶ 17.

Because the SGM Objection is a Rule 7052 motion to amend the Confirmation Order, the Notice of Appeal will not take effect until the Court rules upon the SGM Objection. Therefore, the Court finds that it has jurisdiction to rule upon the SGM Objection. *See In re Adelphia Commc'ns Corp.*, 327 B.R. 175, 178 (Bankr. S.D.N.Y. 2005) (holding that under Bankruptcy Rule 8002(b), the court had jurisdiction to decide a Rule 7052 motion notwithstanding the filing of a notice of appeal).

SGM disagrees with the Court's treatment of the SGM Objection as a Rule 7052 motion to amend or make additional findings. SGM states that its objection

> did not request that the Court amend its findings, only that the Confirmation Order be amended to conform to the findings contained in the [Ruling], which was incorporated in the Confirmation Order. The [SGM Objection], while not addressing the accuracy of the findings contained in the Ruling, pointed out that certain aspects of the Confirmation Order relating to SGM did not conform to the Ruling.

Doc. No. 6031 at 3.[3]

SGM's opposition to treatment of the SGM Objection as a Rule 7052 motion cannot be squared with the fact that the SGM Objection seeks modifications to the conclusions of law set forth in ¶ 17 of the Confirmation Order. In addition, even after filing the Notice of Appeal, SGM has continued to pursue its attempts to obtain modification of the Confirmation Order.[4] The Court lacks jurisdiction to rule upon the SGM Objection unless it is treated as a Rule 7052 motion. Therefore, SGM's opposition to treatment of the SGM Objection as a Rule 7052 motion is inconsistent with its continued attempts to obtain modification of the Confirmation Order. For these reasons, SGM's opposition to treatment of the SGM Objection as a Rule 7052 motion is overruled.

---

[2] The Confirmation Order is divided into two sections. Section I is captioned "Findings of Fact and Conclusions of Law." Section II is captioned "Order." The decretal language set forth in Section II is based upon the findings of fact and conclusions of law set forth in Section I. *See* Confirmation Order at p. 17 ("Based on the foregoing findings of fact and conclusions of law, it is therefore hereby ordered, adjudged, and decreed as follows …."). Although the decretal language to which SGM objects is contained in Section II, that language is appropriately construed as a conclusion of law, since it is predicated upon the conclusions of law set forth in Section I.

[3] Page citations are to the docket pagination which appears at the top of each page, not to the document's internal pagination.

[4] SGM filed its response to the Court's Preliminary Findings subsequent to the filing of the Notice of Appeal. In that response, SGM presented arguments as to why the additional language proposed by the Court in the Preliminary Findings should be further amended.

**B. The Court Will Rule Upon the SGM Objection By Way of a Separate Order, as Opposed to Entering an Amended Confirmation Order and Requiring the Debtors to File an Amended Plan**

The Debtors request that the Court rule upon the SGM Objection by way of a separate order, as opposed to entering an amended Confirmation Order and requiring the filing of an amended Plan. SGM opposes the request, asserting that it will create more ambiguity and potentially the need for two appeals.

The Court finds it appropriate to dispose of the SGM Objection by way of a separate order. First, the Plan and Confirmation Order contemplate modifications to both documents by entry of a separate order if the modifications are not material within the context of the Plan. *See* Confirmation Order at ¶ 21; Plan at § 15.7. The issues raised by the SGM Objection are material within the context of the litigation between the Debtors and SGM currently pending before the U.S. District Court for the Central District of California (the "District Court"), Case No. 2:19-cv-00613-DSF (the "SGM Action"), but are not material within the context of the Plan, which provides for the distribution of hundreds of millions of dollars to thousands of creditors.

Second, requiring entry of an amended Confirmation Order and the filing of an Amended Plan would impose significant costs upon the Debtors without any corresponding benefit to creditors and the estates. As required by the Confirmation Order, the Debtors have served a *Notice of Confirmation of Modified Amended Joint Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Doc. No. 5507] (the "Confirmation Notice") upon more than 40,000 creditors. The Confirmation Notice refers creditors to the Plan and Confirmation Order. *See* Confirmation Notice at ¶ 1. Resolving the SGM Objection by way of an amended Plan and amended Confirmation Order would require the Debtors to re-serve the Confirmation Notice. That would be a pointless exercise, given that the amendments addressed herein are not material to the Plan.

Third, requiring entry of an amended Confirmation Order and the filing of an Amended Plan would disrupt implementation of the Plan. The Plan keys various dates to the date of entry of the Confirmation Order. *See* Plan at § 7.13 (requiring the Liquidating Trustee to provide certain notices if requested prior to entry of the Confirmation Order); *id.* at § 12.2 (making entry of the Confirmation Order a condition precedent to the Plan's Effective Date).

Fourth, requiring entry of an amended Confirmation Order could generate disputes regarding the finality of the Confirmation Order. Finality of the Confirmation Order is a critical component of the Plan Settlement upon which the entirety of the Plan is predicated. Avoiding any disputes which could disrupt the effectuation of the Plan Settlement is therefore of paramount importance. Entry of the order disposing of the SGM Objection does not materially alter the findings of fact and conclusions of law set forth in the Confirmation Order. Where, as here, an amended order is entered that does not materially alter the findings and conclusions in the original order, the deadline to appeal is measured from the date of entry of the original order.[5] *See, e.g.*, *In re Sousa*, 795 F.2d 855, 857 (9th Cir. 1986) (measuring the deadline to appeal from the date of entry of the original order, rather than the amended order, because there was "no material discrepancy between the original findings and conclusions and the amended findings and conclusions").

---

[5] Of course, the ultimate arbiter of the timeliness of any appeal of the Confirmation Order is the Court hearing the appeal (either the District Court or the Bankruptcy Appellate Panel). However, it is not the Court's intent that entry of the order disposing of the SGM Objection toll the August 28, 2020 deadline to appeal the Confirmation Order.

### C. The Court Adopts ¶ B of the Preliminary Findings

Neither the Debtors or SGM oppose ¶ B of the Preliminary Findings, in which the Court provided notice of its intent to require use of the term "Deposit" in lieu of "Nonrefundable Deposit" in the Plan and Confirmation Order. Therefore, for the reasons set forth in ¶ B of the Preliminary Findings, the Plan and Confirmation Order shall be deemed amended to replace the term "Nonrefundable Deposit" with the term "Deposit."

### D. The Court Adopts ¶¶ C–D of the Preliminary Findings, Except that the Additional Language Proposed by the Court Shall Be Modified to Reflect the Role of the Liquidating Trustee in the SGM Action

The Debtors do not oppose ¶¶ C–D of the Preliminary Findings, which contains proposed language stating that certain injunctive provisions in the Plan shall not prejudice SGM's ability to pursue its claims, defenses, and counterclaims in the SGM Action.

SGM notes that the Plan provides for the assignment of the Debtors' claims in the SGM Action to the Liquidating Trustee, and on that basis requests that the proposed language be amended to reflect the Liquidating Trustee's role in the SGM Action. The Court finds the clarification requested by SGM to be appropriate. Subject to this clarification, the Court adopts ¶¶ C–D of the Preliminary Findings.

### E. Conclusion

The Court will prepare and enter an order consistent with this Memorandum of Decision.

###

Date: September 3, 2020

Ernest M. Robles
United States Bankruptcy Judge

# Exhibit A—Order

Case 2:18-bk-20151-ER    Doc 5566    Filed 08/25/20    Entered 08/25/20 12:33:47    Desc
Main Document    Page 1 of 8



**FILED & ENTERED**

AUG 25 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re: Verity Health System of California, Inc., *et al.*,<br><br>Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>Debtors and Debtors in Possession. | Lead Case No.:    2:18-bk-20151-ER<br>Chapter:    11<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases.<br><br>**ORDER ON STRATEGIC GLOBAL MANAGEMENT, INC.'S OBJECTION TO THE FORM OF THE ORDER CONFIRMING THE MODIFIED SECOND AMENDED PLAN**<br><br>**[RELATES TO DOC. NO. 5506]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the *Limited Objection of Strategic Global Management, Inc. to Form of Order Confirming Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Doc. No. 5506] (the "SGM Objection") and the Debtors' response thereto [Doc. No. 5456]. Subject to the opportunity of interested parties to respond, the Court is prepared to rule upon the SGM Objection as set forth in the *Preliminary Findings* attached hereto as **Exhibit A**. Based upon the foregoing, and good cause appearing therefor, the Court **HEREBY ORDERS AS FOLLOWS:**

1) The Debtors shall file a written response to the *Preliminary Findings* by no later than **Friday, August 28, 2020**. Any interested party may also file a response by the same deadline.
2) The response of Strategic Global Management, Inc. ("SGM") to the *Preliminary Findings* and to any responses filed pursuant to ¶ 1 shall be submitted by no later than **Tuesday, September 1, 2020**.
3) The matter shall stand submitted as of **Tuesday, September 1, 2020**. In the event a hearing is required, the parties will be so notified.

IT IS SO ORDERED.

###

Date: August 25, 2020

Ernest M. Robles
United States Bankruptcy Judge

## Exhibit A—Preliminary Findings

On August 12, 2020, the Court conducted a hearing on the Debtors' motion to confirm the *Modified Second Amended Joint Chapter 11 Plan (Dated July 2, 2020) of the Debtors, the Committee, and the Prepetition Secured Creditors* [Doc. No. 5468, Ex. A] (the "Plan," and the hearing on confirmation of the Plan, the "Confirmation Hearing"). On August 12, 2020, the Court issued a ruling setting forth the reasons why the Plan would be confirmed [Doc. No. 5475] (the "Ruling"). On August 14, 2020, the Court entered an order confirming the Plan. *See* Doc. No. 5504 (the "Confirmation Order").

On August 14, 2020, Strategic Global Management, Inc. ("SGM") filed an objection to the form of the Confirmation Order, in which SGM requested the modification of certain provisions in the Confirmation Order and the inclusion of additional language in the Confirmation Order. *See* Doc. No. 5506 (the "SGM Objection"). On August 16, 2020, the Debtors filed a response to the SGM Objection, in which the Debtors argued that no changes to the Confirmation Order were warranted. On August 20, 2020, SGM filed a Notice of Appeal of the Confirmation Order. *See* Doc. No. 5552 (the "Notice of Appeal").

### A. The Court is Prepared to Find that it Has Jurisdiction to Rule Upon the SGM Objection Notwithstanding the Notice of Appeal

The Court must first determine whether the Notice of Appeal has divested the Court of jurisdiction to rule upon the SGM Objection. Generally, the "filing of a notice of appeal … divests the … court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, under Bankruptcy Rule 8002(b),[1] the filing of certain post-judgment motions tolls the effectiveness of a notice of appeal. Bankruptcy Rule 8002(b)(1)(A) authorizes a party to file a motion "to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment." If a party files a notice of appeal while a Rule 7052 motion remains pending, the notice of appeal does not take effect until after an order disposing of the Rule 7052 motion has been entered. Bankruptcy Rule 8002(b)(2).

The SGM Objection constitutes a Rule 7052 motion to amend or make additional findings within the meaning of Bankruptcy Rule 8002(b)(1)(A). The Confirmation Order contains findings of fact and conclusions of law made pursuant to Bankruptcy Rule 7052. *See* Confirmation Order at n.3. Through the SGM Objection, SGM seeks modification of the Confirmation Order's findings of fact and conclusions of law. Specifically, SGM seeks (a) changes to the language in ¶ 17 of the Confirmation Order and (b) the inclusion of additional language in ¶ 17.

Because the SGM Objection is a Rule 7052 motion to amend the Confirmation Order, the Notice of Appeal will not take effect until the Court rules upon the SGM Objection. Therefore, the Court is prepared to find that it has jurisdiction to rule upon the SGM Objection. *See In re*

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

*Adelphia Commc'ns Corp.*, 327 B.R. 175, 178 (Bankr. S.D.N.Y. 2005) (holding that under Bankruptcy Rule 8002(b), the court had jurisdiction to decide a Rule 7052 motion notwithstanding the filing of a notice of appeal).

**B. The Court Is Prepared to Require the Debtors to Modify the Plan and Confirmation Order to Replace the Term "Nonrefundable Deposit" with the Term "Deposit"**

In connection with the hearing on the Disclosure Statement, the Debtors and SGM stipulated to include certain language in the Confirmation Order pertaining to the treatment of a $30 million deposit that SGM had made in connection with an Asset Purchase Agreement providing for SGM's acquisition of four of the Debtors' hospitals. Litigation regarding the parties' rights in the deposit is currently pending before the U.S. District Court for the Central District of California (the "District Court"), Case No. 2:19-cv-00613-DSF (the "SGM Action"). The stipulated language referred to the $30 million deposit as "the Deposit." The Plan and the Confirmation Order refer to the $30 million deposit as "the Nonrefundable Deposit." *See* Plan at § 13.11; Confirmation Order at ¶ 17(a).

SGM asserts that the use of the term "Nonrefundable Deposit"—as opposed to the term "Deposit"—is an improper attempt to influence the outcome of the SGM Action and to prejudice SGM's rights therein. The Debtors argue that the use of the defined term "Nonrefundable Deposit" does not alter the substantive rights embodied in the stipulated language.

It does not appear to the Court that use of the term "Nonrefundable Deposit," instead of "Deposit," could have any effect upon the Plan's provisions pertaining to the deposit, or could in any way prejudice SGM's rights in the SGM Action. The Plan unambiguously defines "Nonrefundable Deposit" as "the deposit set forth in the SGM Asset Purchase Agreement." Plan at § 13.11. Nonetheless, the language in the Plan and Confirmation Order is not consistent with the language to which the parties stipulated. The Debtors should not have unilaterally modified the stipulated language absent SGM's consent.

The Court is prepared to require the Debtors to modify the Plan and Confirmation Order so that the $30 million deposit is referred to as the "Deposit," not as the "Nonrefundable Deposit."

**C. The Court Is Prepared to Reconsider Its Finding that the SGM Admin Claim is Not a "Claim" as Defined in the Plan**

At the Confirmation Hearing, SGM asserted various objections to confirmation of the Plan, including that the injunctions and releases provided for in the Plan would prejudice SGM's ability to defend itself in the SGM Action and to prosecute its counterclaim (the "SGM Counterclaim"). SGM argued that § 13.6 of the Plan would prevent it from asserting offset and recoupment rights in the SGM Action.[2] In response to SGM's opposition, the Debtors asserted that § 13.6 did not apply to SGM, because § 13.6 applied only to entities holding a "Claim," which, according to the Debtors, did not include SGM because "Claim" was "defined in the Plan to refer to prepetition claims only."[3] (There is no dispute that SGM's claims arise post-petition.)

---

[2] *See* Doc. No. 5448 at 11. (Page citations are to the docket pagination which appears at the top of each page, not to the document's internal pagination.)

[3] *See* Doc. No. 5385 at 95 ("SGM argues that their defenses to payment being asserted in the Adversary Proceeding are improperly cut off in the Plan, because it transfers causes of action but bars rights of setoff or recoupment. But it ignores the actual language of the Plan, which raises those issues only with regard to a *Claim*. (Plan § 13.6). Thus, the provisions to which SGM

The Court relied upon the Debtors' representation regarding the Plan's definition of "Claim" to overrule SGM's objection to § 13.6 of the Plan:

> The provision to which SGM objects prohibits "Persons that have held, currently hold or may hold a Claim against the Debtors" from "asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors, the Post-Effective Date Debtors or the Liquidating Trust *with respect to a Claim* ...." (emphasis added).... [T]he term "Claim" does not encompass the SGM Admin Claim. The Plan's setoff and recoupment provisions will therefore have no effect upon SGM's ability to defend itself in the [SGM Action] or prosecute the SGM Counterclaim.

Ruling at 27.

The Confirmation Order and Plan contain releases,[4] injunctions,[5] and a "No Recourse"[6] provision. The scope of these provisions is defined in part by reference to the term "Claim." The Confirmation Order states that the release set forth in § 15(d)(i) of the Confirmation Order and § 13.5(a) of the Plan does not apply to the SGM Action or the SGM Counterclaim,[7] but does not contain comparable language regarding the inapplicability of (a) the releases set forth in § 15(d)(ii) of the Confirmation Order and § 13.5(b) of the Plan, (b) the injunction set forth in § 15(e)(1) of the Confirmation Order and § 13.6 of the Plan, or (c) the "No Recourse" provision set forth in § 13.8 of the Plan. SGM asserts that the Confirmation Order must contain language providing that § 15(d)(ii) and § 15(e)(1) of the Confirmation Order and § 13.8 of the Plan do not apply to it. SGM argues that these provisions are inapplicable because SGM does not hold a "Claim" as that term is defined in the Plan. The additional language proposed by SGM is as follows:

> Notwithstanding anything else in the Plan or this Confirmation Order, the release, injunction, exculpation, recourse, and other provisions of the Plan, the Confirmation Order, and any other Plan-related document shall not in any way impair, impact, or otherwise affect SGM's rights, claims, defenses, counterclaims, rights of setoff or recoupment and remedies in connection with the defense of the SGM Claims and the prosecution of SGM's counter-claims in the Adversary Proceeding, or operate to release, limit, or impair any rights and claims of SGM against any person or entity.

SGM Objection at Ex. A.

---

objects do not apply to SGM, which is not a holder of a Claim, as that term is defined in the Plan to refer to prepetition claims only.").

[4] *See* Plan at § 13.5 and Confirmation Order at § 15(d)(i)–(iv).

[5] *See* Plan at § 13.6(a)–(b) and Confirmation Order at § 15(e)–(f).

[6] *See* Plan at § 13.8.

[7] *See* Confirmation Order at § 17(a) ("Further, the Releases of Debtors set forth in Section 15(d)(i) of this Confirmation Order and Section 13.5(a) of the Plan shall not apply to any counterclaim that may be asserted by SGM against the Debtors in the SGM Action, currently pending before the District Court.").

The Debtors object to the additional language proposed by SGM. Debtors assert that by proposing the additional language, SGM is attempting to reargue the scope of the Plan's releases and injunctions.

Resolution of the SGM Objection requires the Court to reconsider the Ruling's finding that that the term "Claim," as defined in the Plan, does not encompass the SGM Admin Claim because that claim arises post-petition.[8] Within the context of a Bankruptcy Rule 7052 motion such as the SGM Objection, "the court may amend its findings—or make additional findings—and may amend the judgment according." Bankruptcy Rule 7052(b). Here, amendment is appropriate because notwithstanding the Debtors' representation to the contrary, the Plan's definition of "Claim" is not limited to prepetition claims. The Plan defines "Claim" in the same way that term is defined in the Bankruptcy Code—that is, "Claim" means:

a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

§ 101(5).

The Bankruptcy Code's definition of "Claim" does not distinguish between prepetition rights to payment and post-petition rights to payment, which under certain conditions qualify as administrative claims. *See MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503, 508 (B.A.P. 9th Cir. 2002) (stating that "various provisions of the Bankruptcy Code reveal that Congress viewed expenses of administration as merely one specialized type of claim"); *see also ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 582 F.3d 422, 427 (2d Cir. 2009) (stating that "requests for payment of administrative expenses under section 503 are 'claims' within the meaning of the Bankruptcy Code").

In addition, maintaining the finding that "Claim" does not encompass the SGM Admin Claim, because the Plan's definition of "Claim" refers only to prepetition claims, would render many of the Plan's provisions nonsensical. For example, in §§ 2.1 and 2.2, the Plan specifies the treatment provided to the "Holder of an Allowed Administrative Claim" and the "Holder of [a] Professional Claim." Both types of claims arise post-petition. Many of the classes of claims under the Plan—including the Secured 2017 Revenue Notes Claims, the Secured 2015 Revenue Notes Claims, the Secured MOB I Financing Claims, and the Secured MOB II Financing Claims—are entitled to receive accrued but unpaid postpetition interest on account of their claims.

Therefore, the Court is prepared to adopt an alternative basis for its finding that § 13.6 of the Plan does not prejudice SGM's setoff and recoupment rights in the SGM Action. The Debtors have represented that the Plan's "releases, exculpations, and injunctions are not intended to interfere with the pending SGM litigation or SGM's ... counterclaims asserted against the

---

[8] As discussed in greater detail below, the Court does not reconsider its ultimate conclusion that the Plan's "setoff and recoupment provisions will ... have no effect upon SGM's ability to defend itself in the [SGM Action] or prosecute the SGM Counterclaim." Ruling 27. The Court reconsiders only the reasoning supporting that conclusion.

Debtors," and that the Debtors "will make such clarification if requested by the Bankruptcy Court."[9] Instead of finding that § 13.6 does not apply based upon the scope of the term "Claim," the Court is prepared to require the Debtors to include the following additional clarifying language at the end of § 17(a) in the Confirmation Order:

> The General Injunction set forth in Section 15(e) of this Confirmation Order and Section 13.6(a) of the Plan shall not apply to (a) SGM's claims and defenses against the Debtors in the SGM Action or (b) any counterclaim that may be asserted by SGM against the Debtors in the SGM Action.

Section 13.6(a) of the Plan also enjoins SGM from taking certain actions in furtherance of its claims against any "Released Party," defined as "the Estates, the Debtors, the Committee, the members of the Committee, the Indenture Trustees and their affiliates, and each current and/or former member, manager, officer, director, employee, counsel, advisor, professional, or agents of each of the foregoing who were employed or otherwise serving in such capacity before or after the Petition Date." Plan at § 1.147. The Court is not prepared to modify the Confirmation Order to relieve SGM of the effects of § 13.6(a) of the Plan as to Released Parties other than the Debtors. The protections granted to the Released Parties were a key component of the comprehensive settlement among the Debtors, the Prepetition Secured Creditors, and the Committee which is the cornerstone of the Plan.

    Section 17(a) of the Confirmation Order provides that "the Releases of Debtors set forth in Section 15(d)(i) of this Confirmation Order and in Section 13.5(a) of the Plan shall not apply to any counterclaim that may be asserted by SGM against the Debtors in the SGM Action, currently pending before the District Court." Because this language is limited to the effect of the Releases of Debtors on the *counterclaim* in the SGM Action, the Confirmation Order could be read to restrict SGM's ability to assert claims and defenses in the SGM Action against the Debtors apart from the counterclaim. To eliminate any confusion, the Court is prepared require the Debtors to modify the language as follows (modifications in **bold**):

> Further, the Releases of Debtors set forth in Section 15(d)(i) of this Confirmation Order and Section 13.5(a) of the Plan shall not apply to **(a)** any counterclaim that may be asserted by SGM against the Debtors in the SGM Action, currently pending before the District Court **or to (b) any of SGM's claims and defenses against the Debtors in the SGM Action**.

### D. The Court is Prepared to Overrule SGM's Request for the Inclusion of Additional Language in the Confirmation Order

    SGM's rationale for including its proposed additional language in the Confirmation Order is that the SGM Admin Claim is not a "Claim" as defined in the Plan. In view of the finding that the SGM Admin Claim does constitute a "Claim" for Plan purposes, there is no basis for including SGM's proposed additional language in the Confirmation Order. The Court is prepared to overrule SGM's request for the inclusion of the additional language.
//
//

---

[9] *See* Doc. No. 5385 at 97–98.

**E. No Stay of the Confirmation Order Pending Resolution of the Issues Set Forth Herein is Necessary**

No stay of the Confirmation Order is in effect. The Court does not find it appropriate to order a stay of the Confirmation Order pending resolution of the issues discussed herein. The instant dispute is limited to the effect of the Plan and Confirmation Order's releases, injunctions, and "No Recourse" provision upon SGM. Regardless of how this dispute is resolved, it will not materially affect the Debtors' ability to implement the Plan's provisions for the distribution of assets to creditors through the Liquidating Trust. There is no reason why that distribution should be delayed pending resolution of the dispute between the Debtors and SGM regarding the Plan's releases and injunctions.