**THIS OMNIBUS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS OF OCTOBER 30, 2020, OR (A) SUCH EARLIER DATE AS THE DEBTORS MAY SPECIFY, OR (B) SUCH LATER DATE AS MAY BE AGREED BY THE DEBTORS AND A COUNTERPARTY.**

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND AGREEMENTS ON THE EXHIBIT ATTACHED TO THIS MOTION.  YOUR RIGHTS MAY BE AFFECTED BY THIS MOTION AND YOU SHOULD THEREFORE READ IT CAREFULLY.**

HENRY C. KEVANE (CA Bar No. 125757)
hkevane@pszjlaw.com
SHIRLEY S. CHO (CA Bar No. 192616)
scho@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704

Attorneys for the Chapter 11 Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re

VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,

    Debtors and Debtors in Possession.

☒ Affects All Debtors
☐ Affects Verity Health System of California, Inc.
☐ Affects O'Connor Hospital
☐ Affects Saint Louise Regional Hospital
☐ Affects St. Francis Medical Center
☐ Affects St. Vincent Medical Center
☐ Affects Seton Medical Center
☐ Affects O'Connor Hospital Foundation
☐ Affects Saint Louise Regional Hospital Foundation
☐ Affects St. Francis Medical Center of Lynwood Foundation
☐ Affects St. Vincent Foundation
☐ Affects St. Vincent Dialysis Center, Inc.
☐ Affects Seton Medical Center Foundation
☐ Affects Verity Business Services
☐ Affects Verity Medical Foundation
☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC
    Debtors and Debtors in Possession.

Lead Case No. 2:18-bk-20151-ER

Jointly Administered With: Case No. 2:18-bk-20162-ER
Case No. 2:18-bk-20163-ER
Case No. 2:18-bk-20164-ER
Case No. 2:18-bk-20165-ER
Case No. 2:18-bk-20167-ER
Case No. 2:18-bk-20168-ER
Case No. 2:18-bk-20169-ER
Case No. 2:18-bk-20171-ER
Case No. 2:18-bk-20172-ER
Case No. 2:18-bk-20173-ER
Case No. 2:18-bk-20175-ER
Case No. 2:18-bk-20176-ER
Case No. 2:18-bk-20178-ER
Case No. 2:18-bk-20179-ER
Case No. 2:18-bk-20180-ER
Case No. 2:18-bk-20181-ER

Hon. Ernest M. Robles

Chapter 11 Cases

**DEBTORS' NOTICE OF MOTION AND TENTH OMNIBUS MOTION TO REJECT, PURSUANT TO 11 U.S.C. § 365(A), CERTAIN TRANSITION EXECUTORY CONTRACTS AND UNEXPIRED LEASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD G. ADCOCK**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

**[Relates to Docket Nos. 4511 + 4873,
4365 + 4530,
4634 + 5266,
5466 + 5504]**

Hearing:
Date:    October 7, 2020
Time:    10:00 a.m.
Place:   Courtroom 1568
         225 E. Temple Street
         Los Angeles, CA 90012

**PLEASE TAKE NOTICE** that at the above-referenced date, time and location, Verity Health System of California, Inc., a California nonprofit benefit corporation and the Debtor herein ("VHS"), and the above-referenced affiliated debtors (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Cases"), will move the Court for the entry of an order pursuant to 11 U.S.C. § 365(a) (the "Motion"), authorizing the Debtors to reject the contracts and leases listed on **Exhibit A** to the accompanying Memorandum of Points and Authorities and all ancillary documents thereto, including exhibits, schedules, attachments and amendments (collectively, the "Agreements"), to which Seton Medical Center ("Seton"), St. Francis Medical Center ("SFMC"), St. Vincent Medical Center ("SVMC"), or VHS, as applicable, are a party.[1]

The Agreements are needed by the Debtors to fulfill certain transition assistance, interim management or other post-closing duties to the buyers of Seton, SFMC and SVMC following the Effective Date of the Plan (as defined below).  The Plan provides for the rejection of any outstanding executory contracts or unexpired leases of the Debtors as of the Effective Date of the Plan *unless* the Debtors separately move to reject specified agreements.  *See* Plan § 11.1.  This Motion is intended to be such a "separate motion."  The Debtors request that the Agreements be deemed rejected as of (a) October 30, 2020, or (b) (i) such earlier date as may be specified by the Debtors in a notice given  to the applicable counterparty, or (ii) such later date as may be agreed by the Debtors and the applicable counterparty ("Rejection Date").  The Motion also requests that the Bankruptcy Court fix a deadline (a) for the applicable counterparty to file a proof of claim arising

---

[1] Any counter-party to an agreement listed on Exhibit A hereto that is uncertain of the agreement being rejected by the Motion should contact counsel for the Debtors.  The Debtors will attach a final exhibit to the order(s) entered on the Motion with any updated information.  Pachulski Stang Ziehl & Jones LLP will address any objections or responses to the relief requested in this Motion that is filed by clients of Dentons US LLP.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

from the rejection of the applicable Agreement under Federal Rule of Bankruptcy Procedure 3002(c)(4), and (b) for equipment lessors (to the extent any such lessors do not have a new lease arrangement with the applicable hospital buyer), to retrieve their leased property by no later than November 15, 2020 (to the extent any such lessors have not previously retrieved such property) and coordinate with the Debtors' designee to arrange for such retrieval.[2]

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Richard G. Adcock (the "Adcock Declaration"), the supporting statements, arguments and representations of counsel who will appear at the hearing on the Motion, the record in these Cases, and any other evidence properly brought before the Court in all other matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Lenders, and the Committee* [Docket No. 5466] (the "Plan") pursuant to that certain *Order Confirming Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket. No. 5504].

**PLEASE TAKE FURTHER NOTICE** that the sale of SVMC facility closed on April 16, 2020, pursuant to that certain *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to the Chan Soon-Shiong Family Foundation or its Designee(s) Free and Clear of Liens, Claims, Encumbrances, and Other Interests; et seq.* [Docket No. 4530] and the operations of SVMC originally closed in January, 2020. *Debtors' Status Report re Closure of St. Vincent Medical Center*

---

[2] If the buyer of the hospital has entered into a new or restated lease for the leased property, the lessor should not retrieve such property and it will not be deemed abandoned to the Debtors if it is not retrieved. The Motion further requests an order determining that any leased property **that is not subject to a new or restated lease with the applicable hospital buyer** and that is not retrieved by November 15, 2020, shall be deemed abandoned to the applicable Debtor pursuant to Bankruptcy Rule 6007. Equipment lessors can contact (i) Terri Pasion (Terripasion@verity.org) to arrange for the pickup of remaining leased equipment located at SFMC, (ii) Mark Feltt (MarkFeltt@verity.org) to arrange for pickup of remaining leased equipment located at Seton, or (iii) Jon Emerson (jemerson@thinkbrg.com) to arrange for the pickup of remaining leased equipment located at SVMC or any other location. The Debtors reserve all rights to assert that any new or restated lease with the applicable buyer constitutes a novation of the applicable Agreement with the applicable Debtor and, accordingly, has either extinguished or mitigated any rejection damages claim which may be filed.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

*dated January 23, 2020* [Docket No. 3982].   None of the Agreements was designated for assignment to the SVMC buyer.

**PLEASE TAKE FURTHER NOTICE** that the sale of SFMC closed on August 13, 2020, pursuant to that certain *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Prime Healthcare Services, Inc. Pursuant to the APA Attached Hereto Free and Clear of Liens, Claims, Encumbrances, or other Interests; (B) Approving the Assumption and Assignment of Certain Assigned Contracts Related Thereto; and (C) Granting Related Relief* [Docket No. 4511].   None of the Agreements was designated for assignment to the buyer of SFMC under that certain *Notice of Executory Contracts and Unexpired Leases Designated by Prime Healthcare Services, Inc. for Assumption and Assignment Concerning Certain Assets Related to St. Francis Medical Center* [Docket No. 4873].

**PLEASE TAKE FURTHER NOTICE** that the sale of Seton closed on August 13, 2020, pursuant to that certain *Order Granting Debtors' Motion to Approve Terms and Conditions of a Private Sale of Certain of the Debtors' Assets Related to Seton Medical Center to AHMC Healthcare Inc.* [Docket No. 4634].   None of the Agreements was designated for assignment to the buyer of Seton under that certain *Final Notice of (I) Executory Contacts and Unexpired Leases Designated by AHMC Healthcare, Inc. for Assumption and Assignment Concerning Certain Assets Related to Seton Medical Center; and (II) Deadline of Certain Counterparties to File Renewed Objections to Cure or Assumption and Assignment* [Docket No. 5266].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f)(1), any party opposing or responding to the Motion must file a response (the "<u>Response</u>") with the Bankruptcy Court and serve a copy of it upon the moving party and the United States Trustee not later than 14 days before the date designated for the hearing on the Motion.   A Response must be a complete written statement of all reasons in opposition to the Motion or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the failure to file

and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief

requested herein.

Dated:  September 3, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


By  */s/ Shirley Cho*
          Shirley S. Cho

Co-Counsel to the Debtors and Debtors In
Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

1

## TABLE OF CONTENTS

2                                                                                                    **Page**

3    I.    INTRODUCTION ................................................................................................................ 1

4    II.   JURISDICTION.................................................................................................................. 2

5    III.  STATEMENT OF FACTS .................................................................................................. 2

6          A.    General Background ................................................................................................ 2

7          B.    Confirmation of Chapter 11 Plan ............................................................................ 3

8          C.    SVMC Closure and Sale ......................................................................................... 3

9          D.    SFMC Sale .............................................................................................................. 4

10         E.    Seton Sale ............................................................................................................... 4

11         F.    Rejection Date ......................................................................................................... 4

12   IV.   DISCUSSION .................................................................................................................... 5

13         A.    The Debtors Have the Right to Reject the Agreements Pursuant to §
14               365(a). ...................................................................................................................... 5

15         B.    Rejection of the Agreements Is Within the Debtors' Sound Business
                 Judgment. ................................................................................................................. 6
16

17   V.    CONCLUSION .................................................................................................................. 7

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*,
    476 F.3d 665 (9th Cir. 2007) .................................................................................... 5, 6

*In re Chi-Feng Huang*,
    23 B.R. 798 (B.A.P. 9th Cir. 1982) ...............................................................................5

*In re Robert L. Helms Constr. & Dev. Co., Inc.*,
    139 F.3d 702 (9th Cir. 1998) .........................................................................................5

*Lubrizol Enters. v. Richmond Metal Finishers*, 756 F.2d 1043 (4th Cir. 1985) ...............6

*NLRB v. Bildisco & Bildisco*,
    465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) .................................................6

**Statutes**

11 U.S.C.
    §§ 101-1532 ....................................................................................................................1
    § 365 ...............................................................................................................................5
    § 365(a) ..................................................................................................................1, 2, 5
    § 554 ...............................................................................................................................2
    § 1107 .........................................................................................................................2, 5
    § 1108 .............................................................................................................................2

28 U.S.C.
    § 157 ...............................................................................................................................2
    § 157(b)(2) ......................................................................................................................2
    § 1334 .............................................................................................................................2
    § 1408 .............................................................................................................................2
    § 1409 .............................................................................................................................2

**Rules and Regulations**

Federal Rules of Bankruptcy Procedure 1001-9037 .........................................................1

Federal Rule of Bankruptcy Procedure 3002 ................................................................2, 7

Federal Rule of Bankruptcy Procedure 6007 ....................................................................2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      Verity Health System of California, Inc., a California nonprofit benefit corporation and the

5   Debtor herein ("VHS"), and the above-referenced affiliated debtors (collectively, the "Debtors"),

6   by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities

7   in support of the Motion to reject the Agreements listed on **Exhibit A** attached hereto pursuant to

8   § 365(a),[1] effective as of October 30, 2020, or such other (a) earlier date that may be specified by

9   the Debtors in a notice given  to the applicable counterparty or (b) later date as may be agreed by

10   the Debtors and the applicable counterparty ("Rejection Date").[2]

11      The Agreements were not assigned to the buyers of the Debtors' hospital facilities or

12   properties formerly located at SFMC, Seton or SVMC but are temporarily needed by the Debtors

13   to fulfill certain transition services, or other post-closing assurances, being provided by the Debtors

14   to the buyer under such sales.  Certain of the Agreements, moreover, are with VHS as the parent

15   entity and may apply to multiple hospital facilities, thereby also requiring additional time for the

16   Debtors to engage in a thoughtful and orderly wind down of the parties' ongoing performance.  The

17   extended Rejection Date (*i.e.,* past the otherwise applicable rejection on the Effective Date of the

18   Plan), will provide time for the Debtors and each buyer to complete the transition assistance that is

19   enabled by a particular Agreement, or for a buyer to make alternative arrangements directly with a

20   counterparty for future services or equipment.  Notwithstanding the relief requested by the Motion,

21   the Debtors reserve all rights to (a) dispute that any Agreement remains unexpired or executory and

22   (b) assert that any Agreement has been the subject of a novation.  Nothing contained in the Motion

23   shall be deemed to waive or impair any of the Debtors' rights, objections or defenses with respect

24   to any filed claim arising from rejection of the Agreements.

25   _____

26   [1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "LBR" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California.

27   [2] Any counter-party to an executory contract or unexpired lease listed on Exhibit A hereto that is uncertain of the agreement being rejected by the Motion should contact counsel for the Debtors.  The Debtors will attach a final exhibit

28   to the order(s) entered on the Motion with any updated information.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Agreements will provide no further benefit to the Debtors' bankruptcy estates, as they may be vested or re-vested under the Plan (the "Estates"), after the applicable transition services or other post-closing duties lapse. Rejecting the Agreements and eliminating the Debtors' ongoing obligations under them, if any, is therefore in the best interest of the Estates. Consequently, the Debtors are permitted to reject the Agreements as a legitimate exercise of their business judgment pursuant to § 365(a) and the Debtors respectfully request that the Court grant the Motion.

## II.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for this Motion is §§ 365(a) and 554 and Rules 3002 and 6007.

## III.

## STATEMENT OF FACTS

**A.    General Background**

1.    On August 31, 2018 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Cases are currently being jointly administered before the Bankruptcy Court. [Docket No. 17]. Since the commencement of their Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

2.    VHS is the sole corporate member of the following five Debtor California nonprofit public benefit corporations that formerly operated or currently operate, as applicable, the following acute care hospitals:  O'Connor Hospital ("OCH"), St. Louise Regional Hospital ("SLRH"), SVMC, Seton and SFMC.

3.    On September 14, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these Cases. [Docket No. 197.]

4.    On December 27, 2019, the Court entered its *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims and*

*Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Docket No. 1153] (the "SCC Sale Order"). Pursuant to the SCC Sale Order, the Debtors sold OCH and SLRH and related assets to the County of Santa Clara, a political subdivision of the State of California. The closing of that sale occurred on February 28, 2019.

5.       On January 3, 2020, the Debtors filed their *Notice re Termination of Asset Purchase Agreement with Strategic Global Management, Inc.* [Docket No. 3899] ("Termination Notice"). As set forth in the Termination Notice, SGM failed to timely close the APA (as defined in the Termination Notice) for the acquisition of SFMC, SVMC, Seton and related assets. Consequently, the Debtors terminated the APA with SGM effective as of December 27, 2019.

**B.       Confirmation of Chapter 11 Plan**

6.       The Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Lenders, and the Committee* [Docket No. 5466] pursuant to that certain *Order Confirming Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket. No. 5504], entered on August 14, 2020.

**C.       SVMC Closure and Sale**

7.       The Bankruptcy Court authorized SVMC to cease operations on an expedited basis according to the closure plan approved by the *Order Granting Debtors' Emergency Motion for Authorization to Close St. Vincent Medical Center* [Docket No. 3934]. As more fully described in the *Debtors' Status Report re Closure of St. Vincent Medical Center dated January 23, 2020* [Docket No. 3982], as supplemented from time to time, the Debtors effectuated a smooth, safe and orderly implementation of the SVMC closure plan. Emergency services at SVMC were discontinued as of January 9, 2020, all SVMC inpatients were either discharged or transferred by January 18, 2020, and all outpatient visits ceased as of January 22, 2020.

8.       Subsequently, on March 30, 2020, the Debtors' filed their *Emergency Motion for the Entry of: (I) An Order (1) Approving Form of Asset Purchase Agreement, et seq.* [Docket No. 4365] which sale was approved pursuant to the *Order (A) Authorizing the Sale of Certain of the*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    *Debtors' Assets to the Chan Soon-Shiong Family Foundation or its Designee(s) Free and Clear of*

2    *Liens, Claims, Encumbrances, and Other Interests; et seq.* [Docket No. 4530]. None of the

3    Agreements was designated in writing for assignment to the SVMC buyer.

4    D.    **SFMC Sale**

5        9.    The sale of SFMC closed on August 13, 2020, pursuant to that certain *Order (A)*

6    *Authorizing the Sale of Certain of the Debtors' Assets to Prime Healthcare Services, Inc. Pursuant*

7    *to the APA Attached Hereto Free and Clear of Liens, Claims, Encumbrances, or other Interests;*

8    *(B) Approving the Assumption and Assignment of Certain Assigned Contracts Related Thereto; and*

9    *(C) Granting Related Relief* [Docket No. 4511].  None of the Agreements was designated for

10   assignment to the SFMC buyer under that certain *Notice of Executory Contracts and Unexpired*

11   *Leases Designated by Prime Healthcare Services, Inc. for Assumption and Assignment Concerning*

12   *Certain Assets Related to St. Francis Medical Center* [Docket No. 4873].

13   E.    **Seton Sale**

14       10.    The sale of Seton closed on August 13, 2020, pursuant to that certain *Order*

15   *Granting Debtors' Motion to Approve Terms and Conditions of a Private Sale of Certain of the*

16   *Debtors' Assets Related to Seton Medical Center to AHMC Healthcare Inc.* [Docket No. 4634].

17   None of the Agreements was designated for assignment to the Seton buyer under that certain *Final*

18   *Notice of (I) Executory Contacts and Unexpired Leases Designated by AHMC Healthcare, Inc. for*

19   *Assumption and Assignment Concerning Certain Assets Related to Seton Medical Center; and (II)*

20   *Deadline of Certain Counterparties to File Renewed Objections to Cure or Assumption and*

21   *Assignment* [Docket No. 5266].

22   F.    **Rejection Date**

23       11.    As a result of the consummation of the sales of Seton, SFMC and SVMC, the

24   Debtors no longer require continued performance under any of the Agreements once the transition

25   services period, or other post-closing duties, under each sale has expired.   The Debtors have

26   therefore moved to reject the Agreements as of the Rejection Date in order to avoid further expense

27   to the Debtors after the fulfillment of their applicable post-closing obligations.  The Rejection Date

28   provides further flexibility to the Debtors by enabling them to sooner terminate selected

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Agreements as and when warranted, or to extend the termination with the assent of the counterparty

2  if additional time is needed.  As noted above, absent the request under this Motion for a separate

3  rejection date applicable to the Agreements, the Plan would otherwise result in the automatic

4  rejection of the Agreements as of the Effective Date of the Plan.  *See* Plan § 11.1.  That result would

5  impair the Debtors' ability to fulfill their transition assistance or other post-closing obligations

6  under the SFMC, Seton and SVMC sales.  Hence, the Debtors seek to keep the Agreements in place

7  for a limited period of time yet preserve the ability to curtail further cost to the Debtors following

8  the Rejection Date (without waiver of any defenses by the Debtors to the assertion or allowance of

9  any such costs based on the prior novation, termination or expiration of any of the Agreements, or

10  otherwise).

11      12.  None of the Agreements was designated for assignment to the applicable buyer.  Certain

12  Agreements, moreover, relate to multiple facilities and each buyer will therefore need to negotiate

13  a separate agreement should it seek a longer term arrangement with the counterparty.  By keeping

14  these Agreements in effect for a limited period after the Effective Date of the Plan, the Debtors will

15  provide an opportunity for these arrangements to be implemented.  Thus, some of the Agreements

16  may become subject of a novation with such buyers.  In other cases, the transition or other post-

17  closing services provided by the Debtors related to other Agreements will conclude by the Rejection

18  Date (or shortly thereafter by agreement with a counterparty).

19                                              **IV.**

20                                      **DISCUSSION**

21  **A.**    **The Debtors Have the Right to Reject the Agreements Pursuant to § 365(a).**

22      Section 365(a) authorizes a debtor in possession, "subject to the Court's approval . . . [to]

23  assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a)

24  (made applicable by § 1107(a)).  A debtor in possession may assume or reject executory contracts

25  for the benefit of its estate and its creditors.  *Agarwal v. Pomona Valley Med. Grp., Inc. (In re*

26  *Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 671 (9th Cir. 2007); *In re Chi-Feng Huang*, 23 B.R.

27  798, 801 (B.A.P. 9th Cir. 1982) ("The primary issue is whether rejection would benefit the general

28  unsecured creditors.").  "The purpose of the power to reject is to augment the estate of the debtor."

- 5 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    *Chi-Feng Huang*, 23 B.R. at 800 (quoting Krasnowiecki, *The Impact of the New Bankruptcy Reform*

2    *Act on Real Estate Development and Financing*, 53 AM. BANKR. L.J. 363, 382 (1979)).

3        Section 365 does not provide a definition of what constitutes an executory contract.

4    However, the Ninth Circuit has adopted the standard *Countryman* definition of an executory

5    contract, which is a contract "under which the obligations of both the bankrupt and the other party

6    to the contract are so far unperformed that the failure of either to complete performance would

7    constitute a material breach excusing the performance of the other."  *See, e.g., In re Robert L. Helms*

8    *Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998).

9        Here, the parties to the Agreements may have material unperformed obligations under the

10   applicable contract or lease.  The Debtors, therefore, in an abundance of caution, have filed the

11   Motion to reject the Agreements if and to the extent any outstanding obligations remain to be

12   performed by either the applicable Debtor or counterparty.  To the extent the Agreements remain

13   unexpired or executory, thus, the Debtors have the right to reject the Agreements pursuant to §

14   365(a).[3]

15   **B.**    **Rejection of the Agreements Is Within the Debtors' Sound Business Judgment.**

16       In reviewing a debtor in possession's decision to assume or reject an executory contract, a

17   bankruptcy court should apply the "business judgment test" to determine whether to approve the

18   assumption or rejection.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523, 104 S. Ct. 1188, 79

19   L. Ed. 2d 482 (1984) (recognizing that the business judgment rule is used in reviewing motions to

20   reject executory contracts); *Pomona Valley Med. Grp.*, 476 F.3d at 670.

21       The business judgment standard requires that the bankruptcy court "presume that the debtor-

22   in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the

23   action taken was in the best interests of the bankruptcy estate."  *Pomona Valley Med. Grp.*, 476

24   F.3d at 670.  As a result, the bankruptcy court should approve rejection "unless it finds that the

25   debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly

26   unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim

27   _____

[3] To emphasize, the Debtors reserve all rights to dispute that any Debtor remains obligated under any Agreement that was the subject of a novation with the buyer of a facility, or that any Agreement is otherwise currently unexpired or executory.

28

- 6 -

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
or caprice.'" *Id.* (quoting *Lubrizol Enters. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985)).

3    The Motion should be granted because the Debtors' decision to reject the Agreements

4 indisputably falls within their sound business judgment.  There is no benefit to the Debtors' Estates

5 to remain obligated on the Agreements (if and to the extent any of them remain executory or

6 unexpired) following the fulfillment of the Debtors' post-closing obligations to the purchasers of

7 the SFMC. Seton and SVMC properties.  The Agreements relate to these now sold facilities, or to

8 multiple facilities, and are no longer needed by the applicable Debtor at the end of the applicable

9 transition period.  *See* Adcock Declaration ¶¶ 4-5.  Accordingly, rejection of the Agreements as of

10 Rejection Date is in the Estates' best interests, and such a decision falls squarely within the Debtors'

11 sound business judgment.  *Id.* at ¶ 6.  Some of the Agreements are or may become subject to a

12 novation agreement (or other new or restated lease) with the applicable hospital buyer and will

13 remain in place pursuant to that substituted arrangement.  Establishing a deadline for the retrieval

14 of any remaining leased equipment (or the abandonment to the Estates of such property, if not

15 timely retrieved) is also in the best interest of the Estates as it will also reduce any continuing costs

16 associated with, or damage to, the equipment.

17                                   **CONCLUSION**

18    **WHEREFORE**, for the foregoing reasons and such additional reasons as may be advanced

19 at or prior to the hearing on this Motion, the Debtors respectfully request that this Court enter an

20 order (i) authorizing them to reject[4] the Agreements effective as of the Rejection Date, (ii) fixing

21 the last day for the applicable contract or lease counterparty to file a proof of claim arising from

22 the rejection of its Agreement under Bankruptcy Rule 3002(c)(4), (iii) requiring each equipment

23 lessor (unless such lessor has entered into a substitute arrangement with a buyer) to retrieve its

24 property by no later than November 15, 2020, and to coordinate with the Debtors' personnel for

25 such retrieval, failing which such property shall be deemed abandoned by the equipment lessor to

26

---

27
28
[4]    Nothing in this Motion precludes or otherwise affects one or more Debtors from asserting (a) any claim it may have against a party to an Agreement, either by affirmative action, by recoupment, setoff or as another defense, or (b) that it has been released from any further obligations under any Agreement, or (c) that any Agreement is no longer executory or unexpired.

- 7 -

the applicable Debtor, and (iv) granting such other and further relief as is proper under the circumstances.

Dated:  September 3, 2020

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Shirley Cho*
Shirley S. Cho

Co-Counsel to the Debtors and Debtors In Possession

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

US_Active\115442712\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### DECLARATION OF RICHARD G. ADCOCK

I, Richard G. Adcock, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1.     I am the Chief Executive Officer of Verity Health System of California, Inc. ("<u>VHS</u>"). I became the Debtors' Chief Executive Officer effective January 2018.  Prior thereto, I served as VHS's Chief Operating Officer since August 2017.

2.     Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' legal and financial advisors, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations and the healthcare industry.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.     This Declaration is in support of the *Debtors' Notice of Motion and Tenth Omnibus Motion to Reject, Pursuant to 11 U.S.C. § 365(a), Certain Transition Executory Contracts and Unexpired Leases* ("<u>Motion</u>")[1] and for all other purposes permitted by law.

4.     St. Francis Medical Center ("<u>SFMC</u>"), Seton Medical Center ("<u>Seton</u>"), St. Vincent Medical Center ("<u>SVMC</u>"), or VHS, are parties to the various contracts and leases (the "<u>Agreements</u>") listed in **<u>Exhibit A</u>** to the Memorandum of Points and Authorities.  None of the Agreements was designated for assumption and assignment to the applicable buyer of SFMC, SVMC or Seton.  Moreover, following the fulfillment of the Debtors' transition assistance or other post-closing duties under the sales of such facilities, none of the Agreements will be further needed by the Debtors or will remain beneficial to the Estates.  Certain of the buyers may wish to negotiate new direct arrangements with the contract counterparty or lessor prior to the Rejection Date.

5.     I have concluded that there is no benefit to the Estates to remain obligated on the Agreements following the completion of the Debtors' post-closing obligations to buyers, if and to the extent any outstanding obligations remain to be performed under any Agreement.

6.     Based on the foregoing, I have determined, in my business judgment, that rejection of the Agreements is in the best interest of the Estates.

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed this 3rd day of September, 2020, at Los Angeles, California.

3

4    _____

5    Richard G. Adcock

6

7

8

9

10

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

US_Active\115442712\V-2

# EXHIBIT A

**Exhibit A: Tenth Omnibus Motion to Reject Executory Contracts**

| Ref # | Contract Debtor (A) | Vendor | Contract Type |
|---|---|---|---|
| 100 | VHS | NFS LEASING, INC. | EQUIPMENT-LEASE/RENTAL |
| 101 | VHS | NTHRIVE REVENUE SYSTEMS, LLC (FKA MEDASSESTS NET REVENUE SYSTEMS, LLC FKA IMACS / ACCURO) | LICENSE-SOFTWARE SUBSCRIPTION |
| 102 | VHS | NTT DATA SERVICES AKA PEROT SYSTEMS | SERVICES-CONSULTING |
| 103 | SFMC | NUANCE | DRAGON |
| 104 | SFMC | OPSGENIE | LICENSE-SOFTWARE SUBSCRIPTION |
| 105 | SMC | OPTILINK | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 106 | VHS | OPTUM HEALTH | SERVICES AGREEMENT (CLAIMS REVIEW) |
| 107 | VHS | OPTUM360, LLC | LICENSE-SOFTWARE |
| 108 | VHS | P SERIES SYSTEMS | INFRASTRUCTURE & TELECOM |
| 109 | SFMC | PDC HEALTHCARE | PHARMACY |
| 110 | VHS | PFIZER | PHARMACEUTICALS |
| 111 | VHS | PHARMACY ONESOURCE | LICENSE-SOFTWARE SUBSCRIPTION |
| 112 | VHS | PHILIPS HEALTHCARE | XCELERA - INTELLISPACE CORE MAINTENANCE AGREEMENT |
| 113 | VHS | PHILIPS HEALTHCARE INFORMATICS, INC | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 114 | VHS | PRAXAIR | SUPPLIES-RESPIRATORY |
| 115 | VHS | PRESS GANEY AND ASSOCIATES | SERVICES-SURVEY |
| 116 | VHS | PRODATA | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 117 | VHS | PURE STORAGE MAINTENANCE RENEWAL | INFRASTRUCTURE & TELECOM |
| 118 | VHS | QS/1 DATA SYSTEMS | LICENSE-SOFTWARE SUBSCRIPTION |
| 119 | VHS | QUICKBOOK | QUICKBOOK |
| 120 | VHS | REDDINET | REDDINET II |
| 121 | VHS | RL SOLUTIONS | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 122 | VHS | ROCHE DIAGNOSTICS CORPORATION | PHARMACY - ACCUCHECKS AND LAB SUPPLIES |
| 123 | VHS | ROPES & GRAY | SERVICE AGREEMENT |
| 124 | VHS | SAGE SOFTWARE, INC. (FKA BEST SOFTWARE, INC.) | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 125 | VHS | SAGENT | PHARMACY - PHARMACEUTICALS |
| 126 | VHS | SEDGWICK CMS COMPANY | MASTER PURCHASING AGREEMENT |
| 127 | VHS | SOLARWINDS | INFRASTRUCTURE & TELECOM |
| 128 | VHS | SPICO SOLUTIONS | INFRASTRUCTURE & TELECOM |
| 129 | VHS | STERICYCLE, INC. | SERVICES-WASTE MANAGEMENT |
| 130 | VHS | STEVE CLARK & ASSOCIATES | SERVICES AGREEMENT |
| 131 | VHS | STEVE CLARK & ASSOCIATES | SERVICES AGREEMENT |
| 132 | VHS | STRYKER SALES CORPORATION | EQUIPMENT PLACEMENT / DISPOSABLE PURCHASE |
| 133 | VHS | SUNQUEST INFORMATION SYSTEMS, INC. (FKA MISYS HOSPITAL SYSTEMS, INC.) | MASTER SYSTEM ACQUISITION AGREEMENT |
| 134 | VHS | TOYON ASSOCIATES | SERVICES-CONSULTING |
| 135 | VHS | TRACELINK | LICENSE-SOFTWARE SUBSCRIPTION |
| 136 | VHS | TRACTMANAGER, INC. | LICENSE-SOFTWARE SUBSCRIPTION |
| 137 | VHS | TRANSUNION | SERVICES-PROFESSIONAL |
| 138 | VHS | VARIAN MEDICAL SYSTEMS, INC. | SERVICES-RADIOLOGY |
| 139 | VHS | VISION SOLUTIONS | SERVICES-HARDWARE AND SOFTWARE MAINTENANCE |
| 140 | VHS | VITALANT BLOOD SERVICES AGREEMENT | SERVICES |
| 141 | VHS | VOICEBROOK, INC. | LICENSE-SOFTWARE |
| 142 | VHS | VOICEBROOK, INC. | SERVICES-HARDWARE AND SOFTWARE MAINTENANCE |
| 143 | VHS | WELLIGENT, INC. | SERVICES-SOFTWARE MAINTENANCE AND SUPPORT |
| 144 | VHS | ZERIVA | EQUIPMENT-WARRANTY |
| 145 | SMC | ZONES | BUSINESS ASSOCIATE AGREEMENT |
| 146 | VHS | ZOOM | LICENSE AGREEMENT |
| 147 | VHS | Century Link | Telecom - Network |
| 148 | VHS | ASCOM Mtce | Telecom - Voice |
| 149 | VHS | E-FAX Corp | Telecom - Voice |
| 150 | VHS | Granite | Telecom - Voice |
| 151 | VHS | Language Line | Telecom - Voice |
| 152 | VHS | MAP Anserwing Service | Telecom - Voice |
| 153 | VHS | Nice In-Contact | Telecom - Voice |
| 154 | VHS | VOX PBX Mtce | Telecom - Voice |

**Exhibit A: Tenth Omnibus Motion to Reject Executory Contracts**

| Ref # | Contract Debtor (A) | Vendor | Contract Type |
|-------|---------------------|--------|---------------|
| 155 | VHS | Wave Tech | Telecom - Voice |
| 156 | VHS | ZAYO | Telecommunications |
| 157 | VHS | Answer Quick | Telecommunications |
| 158 | VHS | Call Em All | Telecommunications |
| 159 | VHS | Global Star | Telecommunications |
| 160 | VHS | SPOK | Telecommunications |
| 161 | VHS | Verizon | Telecommunications |
| 162 | VHS | ATT | Telecommunications |

(A) "VHS" = Verity Health System, "SMC" = Seton Medical Center, "SFMC" = St. Francis Medical Center

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): ***DEBTORS' NOTICE OF MOTION AND TENTH OMNIBUS MOTION TO REJECT, PURSUANT TO 11 U.S.C. § 365(A), CERTAIN TRANSITION EXECUTORY CONTRACTS AND UNEXPIRED LEASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD G. ADCOCK*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 3, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **September 3, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2020 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:18-bk-20151-ER**

- *Alexandra Achamallah    aachamallah@milbank.com, rliubicic@milbank.com*
- *Melinda Alonzo    ml7829@att.com*
- *Robert N Amkraut    ramkraut@foxrothschild.com*
- *Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *Simon Aron    saron@wrslawyers.com*
- *Lauren T Attard    lattard@bakerlaw.com, agrosso@bakerlaw.com*
- *Allison R Axenrod    allison@claimsrecoveryllc.com*
- *Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com*
- *Cristina E Bautista    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com*
- *James Cornell Behrens    jbehrens@milbank.com, gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com*
- *Jacob Beiswenger    jbeiswenger@omm.com, jacob-beiswenger-5566@ecf.pacerpro.com;swarren@omm.com*
- *Bruce Bennett    bbennett@jonesday.com*
- *Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com*
- *Leslie A Berkoff    lberkoff@moritthock.com, hmay@moritthock.com*
- *Steven M Berman    sberman@slk-law.com, mceriale@shumaker.com*
- *Stephen F Biegenzahn    efile@sfblaw.com*
- *Karl E Block    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com*
- *J Scott Bovitz    bovitz@bovitz-spitzer.com*
- *Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com*
- *Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com*
- *Chane Buck    cbuck@jonesday.com*
- *Lori A Butler    butler.lori@pbgc.gov, efile@pbgc.gov*
- *Howard Camhi    hcamhi@mrllp.com, bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;echun@mrllp.com;jkissinger@mrllp.com*
- *Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com*
- *Shirley Cho    scho@pszjlaw.com*
- *Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com*
- *Louis J. Cisz    lcisz@nixonpeabody.com, jzic@nixonpeabody.com*
- *Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com*
- *Marcus Colabianchi    mcolabianchi@duanemorris.com*
- *Kevin Collins    kevin.collins@btlaw.com, Tabitha.davis@btlaw.com*
- *Joseph Corrigan    Bankruptcy2@ironmountain.com*
- *David N Crapo    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com*
- *Mariam Danielyan    md@danielyanlawoffice.com, danielyan.mar@gmail.com*
- *Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com*
- *Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com*
- *Lauren A Deeb    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com*
- *Daniel Denny    ddenny@milbank.com*
- *Kerry L Duffy    kduffy@bzbm.com, cchou@bzbm.com*
- *Anthony Dutra    adutra@hansonbridgett.com*
- *Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com*
- *Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*
- *David K Eldan    david.eldan@doj.ca.gov, cynthia.gomez@doj.ca.gov*
- *Andy J Epstein    taxcpaesq@gmail.com*
- *Richard W Esterkin    richard.esterkin@morganlewis.com*
- *Christine R Etheridge    christine.etheridge@ikonfin.com*
- *M Douglas Flahaut    flahaut.douglas@arentfox.com*
- *Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com*
- *Joseph D Frank    jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com*
- *William B Freeman    bill.freeman@kattenlaw.com, nicole.jones@kattenlaw.com;ecf.lax.docket@kattenlaw.com*
- *Eric J Fromme    efromme@tocounsel.com, stena@tocounsel.com*
- *Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com*
- *Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com*
- *Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com*
- *Lawrence B Gill    lgill@nelsonhardiman.com, rrange@nelsonhardiman.com;ksherry@nelsonhardiman.com;mmarkwell@nelsonhardiman.com*
- *Paul R. Glassman    pglassman@sycr.com*
- *Matthew A Gold    courts@argopartners.net*
- *Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com*
- *Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327257.1 89566/001

**F 9013-3.1.PROOF.SERVICE**

- *Richard H Golubow    rgolubow@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtual paralegalservices.com*
- *Barry R Gore    bgore@goreassociates.com, nnarag@goreassociates.com;r40600@notify.bestcase.com*
- *Barbara R Gross    barbara@bgross.law, luz@bgross.law*
- *David M. Guess    guessd@gtlaw.com*
- *Anna Gumport    agumport@sidley.com*
- *Mary H Haas    maryhaas@dwt.com*
- *Craig N Haring    charing@blankrome.com*
- *Melissa T Harris    harris.melissa@pbgc.gov, efile@pbgc.gov*
- *James A Hayes    jhayes@zinserhayes.com, jhayes@jamesahayesaplc.com*
- *Michael S Held    mheld@jw.com*
- *Lawrence J Hilton    lhilton@onellp.com, lthomas@onellp.com,info@onellp.com,rgolder@onellp.com ,lhyska@onellp.com,nlichtenberger@onellp.com*
- *Robert M Hirsh    rhirsh@lowenstein.com*
- *Florice Hoffman    fhoffman@socal.rr.com, floricehoffman@gmail.com*
- *Lee F Hoffman    leehoffmanjd@gmail.com, lee@fademlaw.com*
- *Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com*
- *Michael Hogue    hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com*
- *Matthew B Holbrook    mholbrook@sheppardmullin.com, amartin@sheppardmullin.com*
- *David I Horowitz    david.horowitz@kirkland.com, keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.b anuelos@kirkland.com;ivon.granados@kirkland.com*
- *Virginia Hoyt    scif.legal.bk@scif.com*
- *Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com*
- *Joan Huh    joan.huh@cdtfa.ca.gov*
- *Carol A Igoe    cigoe@calnurses.org, ttschneaux@calnurses.org*
- *Benjamin Ikuta    bikuta@hml.law*
- *Lawrence A Jacobson    laj@cohenandjacobson.com*
- *John Mark Jennings    johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com*
- *Monique D Jewett-Brewster    mjb@hopkinscarley.com, eamaro@hopkinscarley.com*
- *Crystal Johnson    M46380@ATT.COM*
- *Gregory R Jones    gjones@mwe.com, rnhunter@mwe.com*
- *Jeff D Kahane    jkahane@duanemorris.com, dmartinez@duanemorris.com*
- *Steven J Kahn    skahn@pszyjw.com*
- *Cameo M Kaisler    salembier.cameo@pbgc.gov, efile@pbgc.gov*
- *Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com*
- *Ori Katz    okatz@sheppardmullin.com, lsegura@sheppardmullin.com*

- *Gerald P Kennedy    gerald.kennedy@procopio.com, kristina.terlaga@procopio.com;calendaring@procopio.com; efile-bank@procopio.com*
- *Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com*
- *Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com*
- *Jane Kim    jkim@kellerbenvenutti.com*
- *Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com*
- *Benjamin R King    bking@loeb.com, karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdri ve.com*
- *Gary E Klausner    gek@lnbyb.com*
- *David A Klein    david.klein@kirkland.com*
- *Nicholas A Koffroth    nick.koffroth@dentons.com, chris.omeara@dentons.com*
- *Joseph A Kohanski    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com;gmccoy@bushgottlieb.com*
- *Jolene E Kramer    bankruptcycourtnotices@unioncounsel.net, jkramer@unioncounsel.net*
- *David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dku petz@ecf.courtdrive.com*
- *Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com*
- *Darryl S Laddin    bkrfilings@agg.com*
- *Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com*
- *Richard A Lapping    richard@lappinglegal.com*
- *Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com*
- *Nathaniel M Leeds    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com*
- *David E Lemke    david.lemke@wallerlaw.com, chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com; cathy.thomas@wallerlaw.com*
- *Lisa Lenherr    llenherr@wendel.com, bankruptcy@wendel.com*
- *Elan S Levey    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov*
- *Kerri A Lyman    klyman@steptoe.com, #-FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com*
- *Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net*
- *Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@denton s.com;tania.moyron@dentons.com;kathryn.howard@dento ns.com;joan.mack@dentons.com;derry.kalve@dentons.co m*
- *Lloyd S Mann    lmann@mannzarpas.com*
- *Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov*
- *Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.c om;Angela@MarguliesFaithlaw.com*
- *Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327257.1 89566/001

**F 9013-3.1.PROOF.SERVICE**

- *Hutchison B Meltzer    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov*
- *Christopher Minier    becky@ringstadlaw.com, arlene@ringstadlaw.com*
- *John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com*
- *Susan I Montgomery    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf@gmail.com;montgomerysr71631@notify.bestcase.com*
- *Monserrat Morales    Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com*
- *Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com*
- *Marianne S Mortimer    mmartin@jmbm.com*
- *Tania M Moyron    tania.moyron@dentons.com, chris.omeara@dentons.com;nick.koffroth@dentons.com;kathryn.howard@dentons.com;Sonia.martin@dentons.com;Isabella.hsu@dentons.com;lee.whidden@dentons.com;Jacqueline.whipple@dentons.com*
- *Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com*
- *Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com*
- *Jennifer L Nassiri    jennifernassiri@quinnemanuel.com*
- *Charles E Nelson    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com*
- *Sheila Gropper Nelson    shedoesbklaw@aol.com*
- *Mark A Neubauer    mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;ecfla@carltonfields.com*
- *Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com*
- *Bryan L Ngo    bngo@fortislaw.com, BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com*
- *Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com*
- *John R OKeefe    jokeefe@metzlewis.com, slohr@metzlewis.com*
- *Matthew J Olson    olson.matthew@dorsey.com, stell.laura@dorsey.com*
- *Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com*
- *Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com*
- *Keith C Owens    kowens@foxrothschild.com, khoang@foxrothschild.com*
- *R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com*
- *Paul J Pascuzzi    ppascuzzi@ffwplaw.com, docket@ffwplaw.com*
- *Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com*
- *Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com*
- *Mark D Plevin    mplevin@crowell.com, cromo@crowell.com*
- *Steven G. Polard    steven.polard@ropers.com, calendar-lao@ropers.com;melissa.tamura@ropers.com;anthony.arriola@ropers.com*
- *David M Powlen    david.powlen@btlaw.com, pgroff@btlaw.com*
- *Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Lori L Purkey    bareham@purkeyandassociates.com*
- *William M Rathbone    wrathbone@grsm.com, jmydlandevans@grsm.com;sdurazo@grsm.com*
- *Jason M Reed    Jason.Reed@Maslon.com*
- *Jeffrey M. Reisner    jreisner@steptoe.com, #-FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com*
- *Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com*
- *J. Alexandra Rhim    arhim@hrhlaw.com*
- *Emily P Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net*
- *Robert A Rich    , candonian@huntonak.com*
- *Lesley A Riis    lriis@dpmclaw.com*
- *Debra Riley    driley@allenmatkins.com*
- *Jason E Rios    jrios@ffwplaw.com, docket@ffwplaw.com*
- *Julie H Rome-Banks    julie@bindermalter.com*
- *Mary H Rose    mrose@buchalter.com*
- *Douglas B Rosner    drosner@goulstonstorrs.com*
- *Gregory A Rougeau    grougeau@brlawsf.com*
- *Megan A Rowe    mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com*
- *Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com*
- *Nathan A Schultz    nschultz@goodwinlaw.com*
- *Mark A Serlin    ms@swllplaw.com, mor@swllplaw.com*
- *Seth B Shapiro    seth.shapiro@usdoj.gov*
- *David B Shemano    dshemano@shemanolaw.com*
- *Joseph Shickich    jshickich@riddellwilliams.com*
- *Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com*
- *Kyrsten Skogstad    kskogstad@calnurses.org, rcraven@calnurses.org*
- *Michael St James    ecf@stjames-law.com*
- *Joseph L Steinfeld    jsteinfeld@asklip.com, lmiskowiec@askllp.com;mudem@askllp.com;bmcgrath@askllp.com;kcasteel@askllp.com*
- *Andrew Still    astill@swlaw.com, kcollins@swlaw.com*
- *Jason D Strabo    jstrabo@mwe.com, cfuraha@mwe.com*
- *Sabrina L Streusand    Streusand@slollp.com*
- *Ralph J Swanson    ralph.swanson@berliner.com, sabina.hall@berliner.com*
- *Michael A Sweet    msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com*
- *James M Toma    james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:327257.1 89566/001

**F 9013-3.1.PROOF.SERVICE**

- *Gary F Torrell    gtorrell@health-law.com*
- *United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov*
- *Cecelia Valentine    cecelia.valentine@nlrb.gov*
- *Jason Wallach    jwallach@ghplaw.com,
  g33404@notify.cincompass.com*
- *Kenneth K Wang    kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yese
  nia.caro@doj.ca.gov*
- *Phillip K Wang    phillip.wang@rimonlaw.com,
  david.kline@rimonlaw.com*
- *Sharon Z. Weiss    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.
  com*
- *Adam G Wentland    awentland@tocounsel.com,
  lkwon@tocounsel.com*
- *Latonia Williams    lwilliams@goodwin.com,
  bankruptcy@goodwin.com*
- *Michael S Winsten    mike@winsten.com*
- *Rebecca J Winthrop
  rebecca.winthrop@nortonrosefulbright.com,
  diana.cardenas@nortonrosefulbright.com*
- *Jeffrey C Wisler    jwisler@connollygallagher.com,
  dperkins@connollygallagher.com*
- *Neal L Wolf    nwolf@hansonbridgett.com,
  lchappell@hansonbridgett.com*
- *Claire K Wu    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;
  ckwu@ecf.inforuptcy.com*
- *Steven D Wyllie    steven.wyllie@nlrb.gov*
- *Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov*
- *Andrew J Ziaja    aziaja@leonardcarder.com,
  sgroff@leonardcarder.com;msimons@leonardcarder.com;l
  badar@leonardcarder.com*
- *Rose Zimmerman    rzimmerman@dalycity.org*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.