MARK SHINDERMAN (Bar No. 136644)
mshinderman@milbank.com
JAMES C. BEHRENS (Bar No. 280365)
jbehrens@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Tel: (424) 386-4000 / Fax: (213) 629-5063

*Attorneys for the Liquidating Trustee*

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

*Attorneys for the Post-Effective Date Debtors
and Special Counsel to the Liquidating
Trustee*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

VERITY HEALTH SYSTEM OF CALIFORNIA,
INC., *et al.*,

       Post-Effective Date Debtors and
       Debtors In Possession.

Affects:

☒ All Debtors
☐ Verity Health System of California, Inc.
☐ O'Connor Hospital
☐ Saint Louise Regional Hospital
☐ St. Francis Medical Center
☐ St. Vincent Medical Center
☐ Seton Medical Center
☐ O'Connor Hospital Foundation
☐ Saint Louise Regional Hospital Foundation
☐ St. Francis Medical Center of
Lynwood Foundation
☐ St. Vincent Foundation
☐ St. Vincent Dialysis Center, Inc.
☐ Seton Medical Center Foundation
☐ Verity Business Services
☐ Verity Medical Foundation
☐ Verity Holdings, LLC
☐ De Paul Ventures, LLC
☐ De Paul Ventures - San Jose Dialysis, LLC

       Post-Effective Date Debtors and
       Debtors In Possession.

Lead Case No. 18-20151
Jointly Administered With:
CASE NO.: 2:18-bk-20162-ER
CASE NO.: 2:18-bk-20163-ER
CASE NO.: 2:18-bk-20164-ER
CASE NO.: 2:18-bk-20165-ER
CASE NO.: 2:18-bk-20167-ER
CASE NO.: 2:18-bk-20168-ER
CASE NO.: 2:18-bk-20169-ER
CASE NO.: 2:18-bk-20171-ER
CASE NO.: 2:18-bk-20172-ER
CASE NO.: 2:18-bk-20173-ER
CASE NO.: 2:18-bk-20175-ER
CASE NO.: 2:18-bk-20176-ER
CASE NO.: 2:18-bk-20178-ER
CASE NO.: 2:18-bk-20179-ER
CASE NO.: 2:18-bk-20180-ER
CASE NO.: 2:18-bk-20181-ER

Chapter 11 Cases

Hon. Ernest M. Robles

**NOTICE OF MOTION AND MOTION
TO AUTHORIZE LIQUIDATING
TRUSTEE TO UNDERTAKE FINAL
DISTRIBUTION PROGRAM FOR
ADMINISTRATIVE CLAIMS;
DECLARATION OF PETER
CHADWICK IN SUPPORT THEREOF**

Hearing:
Date:     June 2, 2021
Time:     10:00 a.m.
Location:   Courtroom 1568
          255 E. Temple Street
          Los Angeles, CA 90012

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

**PLEASE TAKE NOTICE** that a hearing will be held on June 2, 2021, at 10:00 a.m., at the above-referenced location for the Court to consider the joint motion ("Motion") filed by Verity Health System of California, Inc. ("VHS") and the above-referenced affiliated post-effective date debtors in the above-captioned chapter 11 bankruptcy cases (collectively, the "Post-Effective Date Debtors"), together with the Liquidating Trustee (the "Liquidating Trustee," and together with the Post-Effective Date Debtors, "Movants") of the VHS Liquidating Trust established pursuant to the *Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee* [Docket No. 5466] (the "Plan")[1], confirmed by the order entered August 14, 2020 [Docket No. 5504] (the "Confirmation Order"), and that certain Liquidating Trust Agreement, dated as of September 5, 2020 [Docket No. 6043] (the "Trust Agreement"), for an order authorizing the Liquidating Trustee to undertake a final distribution program (the "Final Distribution Program"), as described more fully below, to pay a 15-25% recovery to holders of allowed Administrative Claims (as defined in the Plan) entitled to payment out of the Administrative Claims Reserve (as defined in the Plan), depending, ultimately, on available cash and total allowed administrative claims entitled to share in the Administrative Claims Reserve.  The proposed Final Distribution Program would begin with an interim payment of 15% of the value of each allowed and currently unpaid Administrative Claim (*i.e.*, payment of the aggregate amount of approximately $3.75 million on a *pro rata* basis to holders of all currently allowed and unpaid Administrative Claims), followed by a final payment on a *pro rata* basis in an amount to be determined by the Liquidating Trustee at a later date based on the final total of allowed Administrative Claims and available funds.  Thereafter, no further payments will be made on account of any Administrative Claims, and the duty of the Liquidating Trustee and the Post-Effective Date Debtors to make any payments on account of Administrative Claims shall be deemed satisfied and discharged.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the facts and legal analysis set forth in the Memorandum of Points and Authorities attached to the Motion, the Declaration of Peter Chadwick attached to the Motion, the record in these cases, any other evidence properly before the Court prior to or at the hearing on the Motion, and all matters of which this Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that any objections to the relief requested in this Motion must (1) be filed with the Clerk of the Court and be served on the respective professionals no later than May 19, 2021 and (2) be in the form required by Local Bankruptcy Rule 9013-1(f).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested.

Dated: Los Angeles, California

May 11, 2021

MILBANK LLP

By: Mark Shinderman

By:    /s/ *Mark Shinderman*
       MARK SHINDERMAN
       JAMES C. BEHRENS

*Attorneys for the Liquidating Trustee*

DENTONS US LLP

By: Tania M. Moyron

By:    /s/ *Tania M. Moyron*
       SAMUEL R. MAIZEL
       TANIA M. MOYRON

*Attorneys for the Post-Effective Date Debtors and Special Counsel to the Liquidating Trustee*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

1.    Section 15.3 of the Plan established an Administrative Claims Reserve of $52,749,000 for allowed Administrative Claims (plus a separate $30 million Nonrefundable Deposit from which SGM had recourse in the event that its Administrative Claim was allowed). *See* Plan at § 15.3 and Confirmation Order, ¶ 24 at 36. The Plan also stated that, "All Administrative Claims that become Allowed after the Effective Date shall be paid *solely* from the Administrative Claims Reserve" (emphasis added) and that holders of Administrative Claims shall have no recourse to other funds. Plan at § 15.3.

2.    Exhibit D to the Plan Supplement filed on August 12, 2020 [Docket No. 5468] (the "15.3 Exhibit") set forth line items for the filed and anticipated "ordinary course" Administrative Claims. The ordinary course Administrative Claims in these cases, including employee benefit claims and out-of-network claims, are significantly higher than had been anticipated at confirmation. As a result, it has become clear that the Administrative Claims Reserve will not be sufficient to pay all allowed Administrative Claims in full. While the Liquidating Trustee has adjudicated most of the currently anticipated claims, claims continue to be submitted for ordinary course services provided during the bankruptcy cases.

3.    The Liquidating Trustee is cognizant of the construct of the Plan related to the Administrative Claims, and at the same time desires to create a solution for holders of allowed Administrative Claims. Consequently, the Liquidating Trustee seeks authorization for a Final Distribution Program to pay a 15-25% recovery to holders of allowed Administrative Claims entitled to payment out of the Administrative Claims Reserve, depending, ultimately, on available cash and total allowed Administrative Claims entitled to share in the Administrative Claims Reserve. The Final Distribution Program would begin with an interim payment of 15% of the value of each allowed and currently unpaid Administrative Claim (*i.e.*, payment of the aggregate amount of approximately $3.75 million on a *pro rata* basis to holders of all currently allowed and unpaid Administrative Claims), followed by a final payment on a *pro rata* basis in an amount to be determined by the Liquidating Trustee at a later date based on the final total of allowed Administrative Claims and

4

available funds.   Thereafter, no further payments will be made on account of any Administrative Claims, and the duty of the Liquidating Trustee and the Post-Effective Date Debtors to make any payments on account of Administrative Claims shall be deemed satisfied and discharged.

## II.    STATEMENT OF RELEVANT FACTS

### A.    General Background

4.    On August 31, 2018, (the "Petition Date"), VHS and its affiliated pre-effective date debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  By entry of an order of the Bankruptcy Court [Docket No. 17], the cases are currently being jointly administered.  Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

5.    This Court confirmed the Plan on August 14, 2020, and the Plan became effective on September 4, 2020 (the "Effective Date").

### B.    Establishment of the Administrative Claims Reserve

6.    Section 15.3 of the Plan sets forth the procedure for submitting Administrative Claims and provides that payment of allowed Administrative Claims is subject to the Administrative Claims Reserve.  The Post-Effective Date Debtors initially estimated that Administrative Claims to be filed by the Administrative Claims Bar Date would total approximately $14,024,133, and ordinary course Administrative Claims, which did not require any filing by a claimant, would total approximately $38,725,294.  Together with the $30 million Nonrefundable Deposit (as defined in the Plan) related to the SGM Sale (as defined in the Plan), the total Administrative Claims Reserve pursuant to Section 15.3 of the Plan was determined to be $82,749,427.  *See* the 15.3 Exhibit at 1-2.  Pursuant to the express terms of the Confirmation Order, the Court approved the establishment of the Administrative Claims Reserve, in the amount of $52,749,427, as the sole source of payment for the aggregate amount of all allowed Administrative Claims (not including the deposit in the amount of $30 million related to the SGM Sale which is not available to pay Administrative Claims other than Administrative Claims held by SGM).  *See* Confirmation Order, ¶ 24 at 36.

7.      Prior to the Effective Date, the Debtors added $2,799,840 to the Administrative Claims Reserve based on resolution of Plan objections, bringing the total of the reserve to $85,549,268 (including the $30 million SGM deposit).

**C.      Payments Made on and after the Effective Date**

8.      On or about the Effective Date, the Debtors paid approximately $21,871,168 to holders of such Administrative Claims that had been allowed as of the Effective Date, leaving $63,678,100 (including the $30 million SGM deposit), which amount was transferred to the Administrative Claims Reserve held by the Liquidating Trust.  Since the Effective Date, the Liquidating Trust has paid approximately $30,582,032 to holders of filed Administrative Claims allowed after the Effective Date, for total payments to such Administrative Claimants of approximately $52,453,200.

9.      In the months following the Effective Date, the Debtors paid certain ordinary course Administrative Claims related to employees and hospital operations, particularly given their obligations under various asset purchase agreements and document retention obligations under the Plan and various Court orders, including the following groups of claims:

**15.3 Claims Paid In-Full**
($ 000's)

| | |
|---|---|
| Cures Required under St. Francis APA | (173) |
| Tax Claims | (33) |
| GRM Settlement | (573) |
| Employee Health Claims | (10,139) |
| Hospital Costs | (1,658) |
| Out of Network Healthcare Providers | (14,955) |
| Risk Pool | (3,050) |
| **Total Claims Paid in Full** | **$    (30,582)** |

**D.      Approximately $5,374,157 Remains in the Administrative Claims Reserve**

10.      Since the Effective Date, the amount of the ordinary course Administrative Claims that have been asserted is significantly higher than anticipated, including employee benefit claims and out-of-network claims.   Currently, there is approximately $5,374,157 in the Administrative Claims Reserve to be used to pay all remaining allowed Administrative Claims, which may total more than

$25 million (not including the deposit in the amount of $30 million related to the SGM Sale held in a separate, segregated account).

**E.      The Liquidating Trustee Proposes to Undertake Final Distribution Program**

11.      While the Liquidating Trustee has adjudicated most of the currently anticipated claims of approximately $19 million, claims continue to be submitted for ordinary course services provided during the bankruptcy, including employee health claims, out of network provider claims associated with capitation agreements, overpayments from health plans, and risk pool profit sharing claims from IPAs. It may take another six months or more for all claims to be presented and adjudicated. Given the clear underfunding of the Administrative Claims Reserve, the Liquidating Trustee seeks authorization to implement a Final Distribution Program to pay the remaining holders of allowed Administrative Claims. The Final Distribution Program would begin with an interim payment of 15% of the value of each allowed and currently unpaid Administrative Claim (*i.e.*, payment of the aggregate amount of approximately $3.75 million on a *pro rata* basis to holders of all currently allowed and unpaid Administrative Claims), followed by a final payment on a *pro rata* basis in an amount to be determined by the Liquidating Trustee at a later date based on the final total of allowed Administrative Claims and available funds. Thereafter, no further payments will be made on account of any Administrative Claims, and the duty of the Liquidating Trustee and the Post-Effective Date Debtors to make any payments on account of Administrative Claims shall be deemed satisfied and discharged.[2]

---

[2] The one exception to the Final Distribution Program would be for payments to GRM Information Management Services of California, LLC ("GRM"). On or about November 13, 2019, the Bankruptcy Court entered orders [Dkt. Nos. 3596 and 3597] approving the Debtors' motions to dispose of certain business, other non-patient records, and patient records not assumed in a sale transaction (the "Document Retention Policy"). Subsequently, the Debtors, Liquidating Trust, and GRM agreed to enter into a master service agreement and resolve GRM's administrative claim ("Amended Service Agreement"). In the Amended Service Agreement, GRM agreed to provide certain document storage, vault storage, document scanning, data hosting and enterprise content management, release of information (ROI), shredding services, and certain other services related thereto, effectively implementing the Debtors' Document Retention Policy, which requires the retention of certain documents, including patient records, until the year 2041. To ensure that former patients retain access to their medical records and that the Trust retains access to records necessary to prosecute certain causes of action, the Debtors and the Liquidating Trustee will continue to pay 100% of GRM's Administrative Claims from funds in the Administrative Claims Reserve. The remaining GRM claims are estimated to be approximately $1 million.

### III.    JURISDICTION AND VENUE

12.    This Court has jurisdiction over this Motion under 28 U.S.C. § 157 and 1334.  Venue of these proceedings and this Motion is proper pursuant to 28 U.S.C. § 1409.  The statutory predicate for this Motion is 11 U.S.C. § 105.

### IV.    ARGUMENT

**A.    Under the Plan, Holders of Administrative Claims Are to Be Paid Solely from the Administrative Claims Reserve**

13.    Under the Plan, holders of Administrative Claims[3] other than Professional Claims[4] are to be paid solely from an Administrative Claims Reserve.  A holder of an Administrative Claim has no recourse against the Liquidating Trust in the event funds in the Administrative Claims Reserve prove insufficient to pay Administrative Claims that become allowed subsequent to the Effective Date of the Plan.[5]  In determining that confirmation of the Plan was appropriate, the Court estimated the amount of unpaid Administrative Claims that would subsequently become allowed, and found that the Administrative Claims Reserve was sufficient to satisfy such claims.[6]

---

[3] The Plan defines an Administrative Claim as "a Request for Payment of an administrative expense of a kind specified in § 503(b) and entitled to priority pursuant to § 507(a)(2), including, but not limited to, the actual, necessary costs and expenses, incurred on or after the Petition Date, of preserving the Estates and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Cases, Section 503(b)(9) Claims, and Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court (under § 546(c)(2)(A) or otherwise), but excluding Professional Claims, and Statutory Fees, which are separately defined below."  Plan at § 1.13.

[4] The Plan defines a Professional Claim as "an administrative claim of a Professional for compensation for services rendered or reimbursement of costs, expenses, or other charges and disbursements incurred relating to services rendered or expenses incurred after the Petition Date and prior to and including the Effective Date."  Plan at § 1.141.

[5] *See* Plan at § 15.3 ("All Administrative Claims that become Allowed after the Effective Date shall be paid solely from the Administrative Claims Reserve, and shall not constitute a claim against the Liquidating Trust, the Liquidating Trustee, or any of the Liquidating Trust Assets.  No Holder of an Administrative Claim shall have recourse for any deficiency in the payment of its Administrative Claim against any of the Released Parties, the Post-Effective Date Debtors, the Post-Effective Date Board of Directors, the Liquidating Trustee, the Post-Effective Date Committee, or the Liquidating Trust.").

[6] *See* Final Ruling Confirming Plan [Doc. No. 5475] at 40 ("The Court has estimated the amounts of administrative claims not yet allowed and finds the Administrative Claims Reserve to be adequate.  The plan is feasible and satisfies § 1129(a)(11)."); *see also* Confirmation Order at § R ("The Plan Proponents have demonstrated a reasonable assurance of the Plan's prospects for success.  Further, the Bankruptcy Court (i) considered the potential Administrative Claims based on the asserted Requests for Payment, (ii) estimated the aggregate amount of asserted Requests for Payment only for the purpose of determining whether the Plan can be confirmed pursuant to § 1129, and, (iii) based thereon, concludes that the proposed Administrative Claims Reserve set forth in the supplement [Docket No. 5468] (the "Confirmation

14.     In addition, the Plan states that "the Liquidating Trustee shall not be required to obtain any approvals from the Bankruptcy Court … to implement the terms of the Plan, including, without limitation, the Transfer of any Liquidating Trust Assets retained by the Liquidating Trust." *Id*. at § 6.5(g).  The Liquidating Trust Agreement—which the Court approved in the Confirmation Order— obligates the Liquidating Trustee to "make timely distributions and not unduly prolong the duration of the Liquidating Trust."  Liquidating Trust Agreement [Dkt. No. 6043, Ex. B] at § 4.2.

**B.     The Liquidating Trustee Seeks Authorization to Undertake the Final Distribution Program**

15.     The Liquidating Trustee respectfully requests an order, pursuant to 11 U.S.C. § 105(a), authorizing the Liquidating Trust to implement the Final Distribution Program.  The Final Distribution Program would begin with an interim payment of 15% of the value of each allowed Administrative Claim (*i.e.*, payment of approximately $3.75 million in aggregate across all relevant Administrative Claims), followed by a final payment on a *pro rata* basis in an amount to be determined by the Liquidating Trustee at a later date based on the final total of allowed Administrative Claims and available funds.[7]

16.     As set forth above, the Plan established an Administrative Claims Reserve for the payment of allowed Administrative Claims.  *See id*., § 15.3 at 69.  While the Liquidating Trustee understands that the Plan already authorizes payment of the allowed Administrative Claims from the Administrative Claims Reserve, the Liquidating Trustee requests an order confirming that he is authorized to undertake the Final Distribution Program as set forth in this Motion.

17.     The Plan contemplated the possibility that asserted Administrative Claims may exceed the Administrative Claims Reserve and provided that "[n]o Holder of an Administrative Claim shall have recourse for any deficiency in the payment of its Administrative Claim against any of the

---

Supplement") filed by the Debtors is adequate …."); *see also id*. at § 24 ("Excluding any Administrative Claim of SGM that may become Allowed after the Effective Date, the amount of the Administrative Claims Reserve is sufficient to satisfy any unpaid Administrative Claims that are Allowed as of the Effective Date and any unpaid Administrative Claims that may become Allowed after the Effective Date.").

[7] The one exception to the Final Distribution Plan would be the Administrative Claim held by GRM related to the Document Retention Policy (*see* footnote 2, *supra*).

Released Parties, the Post-Effective Date Debtors, the Post-Effective Date Board of Directors, the Liquidating Trustee, the Post-Effective Date Committee, or the Liquidating Trust." Plan, § 15.3 at 69.

18.    The foregoing provision is critical to the Plan as it ensures, among other things, that other provisions of the Plan are not disturbed, particularly provisions of the Plan which provide for the payment of certain claims solely from designated reserves and sources and require that, as assets are collected by the Liquidating Trust, "at least 95% of the gross amount of such collections shall be deposited into the Plan Fund to be paid to the 2005 bond trustee for application against the First Priority Trust Beneficial Interests until the 2005 Revenue Bonds Diminution Claim is paid in full, and the remainder of such gross collections may be retained by the Liquidating Trust and deposited into the Liquidating Trust[.]"  *See id.*, §§ 7.8, 7.9 and 15.3.

19.    The foregoing provision is also critical to the Plan because the agreement of the 2005 Revenue Bonds Trustee and the Master Trustee to partially subordinate its all-asset Secured 2005 Revenue Bonds Claim, pursuant to the Plan, was contingent upon the approval of the provisions of the Plan which limit the payment of certain lower priority claims, such as Administrative Claims, only from designated reserves and sources.  Had the 2005 Revenue Bonds Trustee and the Master Trustee foreclosed on the Debtors' assets rather than agreeing to partial subordination, there would have been no recovery at all for holders of Administrative Claims because there would have been no unencumbered assets available and the Debtors had already waived their section 506(c) right to surcharge holders of the Secured 2005 Revenue Bonds Claim for the necessary costs and expenses of preserving the relevant collateral.

20.    Based on the foregoing provisions and construct of the Plan, the operation and amount of the Administrative Claims Reserve was fully disclosed and expressly approved by the Court. *See id.*, §§ 2.1 at 22 and 15.3, at 69; *see also* Docket Nos. 5385 at 29, 70-78, and 82; 5475 at 12-13, 25-26, and 40; Confirmation Order at 2, 10, 16, and 36-37; and Aug. 12, 2020 Hr'g Tr. at 72-73, 104-105.

21.    Given the fact that the possibility of a shortfall in the Administrative Claims Reserve has now occurred, the only fair method for making future payments on Administrative Claims is to pay the holder of each such unpaid claim its *pro rata* portion of the funds remaining for payment of

all such claims.  The Final Distribution Program provides for an upfront payment of 15% now, and then, as soon as the Liquidating Trustee determines that all material Administrative Claims are known, a *pro rata* payment of the remainder of the Administrative Claims Reserve.  Thereafter, all monies available for the payment of Administrative Claims will have been exhausted, no further payments will be made on account of Administrative Claims, and the obligation and duties of the Liquidating Trustee with respect to the payment of Administrative Claims will be deemed fully satisfied and discharged.  The Liquidating Trustee is mindful of the contributions made by holders of allowed Administrative Claims, and the Liquidating Trustee believes that the Final Distribution Program is the best way to provide recoveries to holders of Administrative Claims in a fair and timely manner.

## V.    **CONCLUSION**

**WHEREFORE**, the Movants respectfully request that this Court issue an order:

1.    Granting this Motion;

2.    Authorizing the Liquidating Trustee to undertake the Final Distribution Program without seeking further relief from this Court; and

3.    Granting such further relief as the Court deems just and proper

*[Remainder of page intentionally left blank]*

Dated: Los Angeles, California

May 11, 2020

MILBANK LLP

By:  Mark Shinderman

By:      /s/ *Mark Shinderman*
         MARK SHINDERMAN
         JAMES C. BEHRENS

*Attorneys for the Liquidating Trustee*

DENTONS US LLP

By:  Tania M. Moyron

By:      /s/ *Tania M. Moyron*
         SAMUEL R. MAIZEL
         TANIA M. MOYRON

*Attorneys for the Post-Effective Date Debtors and Special Counsel to the Liquidating Trustee*

## DECLARATION OF PETER CHADWICK

I, Peter Chadwick, hereby state and declare as follows:

1.      I submit this declaration (the "Declaration") in support of the Motion to Authorize Liquidating Trustee to Undertake Final Distribution Program for Administrative Claims (the "Motion").[8]

2.      I am a Managing Director of Berkeley Research Group, LLC ("BRG") and am duly authorized to make this declaration on behalf of BRG.  Except as otherwise noted, the facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto.  In July 2018, BRG began its engagement serving as the financial advisor to the Debtors, which has continued since the Petition Date.  In this capacity, I have become intimately familiar with the Debtors' operations, business, books, records, financial affairs, material agreements, and sale processes, and, as a result, have become uniquely situated to assist the Debtors.

3.      Pursuant to the confirmed chapter 11 Plan for the Debtors, and as authorized by the Court, I serve in the role of Chief Financial Officer to the Post-Effective Date Debtors in these chapter 11 cases.  I have significant operating experience, including improving underperforming businesses and advising debtors and creditors in complex financial matters.  I have served as chief executive officer, chief operating officer, chief financial officer, and advisor to companies in a variety of industries.  My healthcare experience includes acting as the advisor or an officer to healthcare providers, including leading hospital systems and long-term care providers through operational turnarounds and financial restructurings.  As an officer or advisor, I prepared and implemented post-acquisition integration plans, viability plans, asset dissolution strategies, and liquidity enhancement plans.  My experience spans the spectrum from the largest U.S. companies to middle market proprietary companies.

4.      Except as otherwise indicated herein, this Declaration is based upon my personal knowledge and my review of relevant documents or information provided to me by employees of BRG and the Post-Effective Date Debtors.  In preparing this Declaration, I have relied on my

---

[8] Capitalized terms not otherwise defined in this Declaration have the definitions set forth in the Motion.

experience as described above.  I am also assisted by others at BRG who work at my direction in the preparation of analysis and other information included herein.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.      Prior to the Effective Date, the Debtors added $2,799,840 to the Administrative Claims Reserve based on resolution of Plan objections, bringing the total of the reserve to $85,549,268 (including the $30 million SGM deposit).

6.      On or about the Effective Date, the Debtors paid approximately $21,871,168 to holders of such Administrative Claims that had been allowed as of the Effective Date, leaving $63,678,100 (including the $30 million SGM deposit), which amount was transferred to the Administrative Claims Reserve held by the Liquidating Trust.  Since the Effective Date, the Liquidating Trust has paid approximately $30,582,032 to holders of filed Administrative Claims allowed after the Effective Date, for total payments to such Administrative Claimants of approximately $52,453,200.

7.      In the months following the Effective Date, the Debtors paid certain ordinary course Administrative Claims related to employees and hospital operations, particularly given their obligations under various asset purchase agreements and document retention obligations under the Plan and various Court orders, including the following groups of claims:

**15.3 Claims Paid In-Full**
($ 000's)

| | |
|---|---:|
| Cures Required under St. Francis APA | (173) |
| Tax Claims | (33) |
| GRM Settlement | (573) |
| Employee Health Claims | (10,139) |
| Hospital Costs | (1,658) |
| Out of Network Healthcare Providers | (14,955) |
| Risk Pool | (3,050) |
| **Total Claims Paid in Full** | **$    (30,582)** |

8.      Since the Effective Date, the amount of the ordinary course Administrative Claims that have been asserted is significantly higher than anticipated, including employee benefit claims and out-of-network claims.  Currently, there is approximately $5,374,157 in the Administrative Claims

14

Reserve to be used to pay all remaining allowed Administrative Claims, which may total more than $25 million (not including the deposit in the amount of $30 million related to the SGM Sale held in a separate, segregated account).

9.      While the Liquidating Trustee has adjudicated most of the currently anticipated claims of approximately $19 million, claims continue to be submitted for ordinary course services provided during the bankruptcy, including employee health claims, out of network provider claims associated with capitation agreements, overpayments from health plans, and risk pool profit sharing claims from IPAs.  It may take another six months or more for all claims to be presented and adjudicated.  Given the clear underfunding of the Administrative Claims Reserve, the Liquidating Trustee seeks authorization to implement a Final Distribution Program to pay the remaining holders of allowed Administrative Claims.  The Final Distribution Program would begin with an interim payment of 15% of the value of each allowed and currently unpaid Administrative Claim (*i.e.*, payment of the aggregate amount of approximately $3.75 million on a *pro rata* basis to holders of all currently allowed and unpaid Administrative Claims), followed by a final payment on a *pro rata* basis in an amount to be determined by the Liquidating Trustee at a later date based on the final total of allowed Administrative Claims and available funds.  Thereafter, no further payments will be made on account of any Administrative Claims, and the duty of the Liquidating Trustee and the Post-Effective Date Debtors to make any payments on account of Administrative Claims shall be deemed satisfied and discharged.

[*Remainder of page intentionally left blank*]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _11_ day of May, 2021, at Washington, DC.

Peter Chadwick

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2029 Century Park E, 33rd Floor, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*): ___ ***NOTICE OF MOTION AND MOTION TO AUTHORIZE LIQUIDATING TRUSTEE TO UNDERTAKE FINAL DISTRIBUTION PROGRAM FOR ADMINISTRATIVE CLAIMS; DECLARATION OF PETER CHADWICK IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 11, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 11, 2011, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 11, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2021 | James C. Behrens | /s/ James C. Behrens |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## SERVICE LIST
(Via NEF)

- **Alexandra Achamallah**    aachamallah@milbank.com, rliubicic@milbank.com
- **Melinda Alonzo**    ml7829@att.com
- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Robert N Amkraut**    ramkraut@foxrothschild.com
- **Kyra E Andrassy**    kandrassy@swelawfirm.com;
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Armando V Arballo**    armando.arballo@klgates.com, K&LGATES.Bankruptcy@klgates.com
- **Simon Aron**    saron@wrslawyers.com, eweiman@wrslawyers.com
- **Lauren T Attard**    lattard@bakerlaw.com, agrosso@bakerlaw.com
- **Allison R Axenrod**    allison@claimsrecoveryllc.com
- **Keith Patrick Banner**    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- **Stephan A Barber**    steve@jrgattorneys.com, anushree@jrgattorneys.com
- **Cristina E Bautista**    cristina.bautista@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Tanya Behnam**    tbehnam@polsinelli.com,
  tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **James Cornell Behrens**    jbehrens@milbank.com,
  gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.com;JWeber@milbank.com
- **Jacob Beiswenger**    jbeiswenger@omm.com, jacob-beiswenger-5566@ecf.pacerpro.com;swarren@omm.com
- **Bruce Bennett**    bbennett@jonesday.com
- **Peter J Benvenutti**    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- **Leslie A Berkoff**    lberkoff@moritthock.com, hmay@moritthock.com
- **Steven M Berman**    sberman@slk-law.com, awit@shumaker.com;bgasaway@shumaker.com
- **Stephen F Biegenzahn**    efile@sfblaw.com
- **Anthony Bisconti**    tbisconti@bienertkatzman.com,
  4579179420@filings.docketbird.com;chowland@bienertkatzman.com
- **Scott E Blakeley**    seb@blakeleyllp.com, ecf@blakeleyllp.com
- **Karl E Block**    kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com;kblock@ecf.courtdrive.com
- **Matthew I Bobb**    mbobb@HuntonAK.com, lgomez@HuntonAK.com;amckenzie@huntonak.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Michael D Breslauer**    mbreslauer@swsslaw.com,
  wyones@swsslaw.com;mbreslauer@ecf.courtdrive.com;wyones@ecf.courtdrive.com
- **Kayla D Britton**    kayla.britton@faegredrinker.com
- **Chane Buck**    cbuck@jonesday.com
- **Lori A Butler**    butler.lori@pbgc.gov, efile@pbgc.gov
- **Howard Camhi**    hcamhi@mrllp.com,
  bankruptcy@mrllp.com;camhihr98234@notify.bestcase.com;echun@mrllp.com;jkissinger@mrllp.com
- **Kathryn M.S. Catherwood**    kcatherwood@grsm.com,
  mbrookman@grsm.com;sdurazo@grsm.com;jswanson@grams.com
- **Jeffrey D Cawdrey**    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com
- **Barry A Chatz**    barry.chatz@saul.com, jurate.medziak@saul.com
- **Shirley Cho**    scho@pszjlaw.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Louis J. Cisz**    lcisz@nixonpeabody.com, jzic@nixonpeabody.com
- **Jerome S Cohen**    jsc@jscbklaw.com, bordeaux.ecf@gmail.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- **Marcus Colabianchi**    mcolabianchi@duanemorris.com

- **Claudia Coleman**    ccoleman@marshackhays.com, ccoleman@ecf.courtdrive.com
- **Derrick F Coleman**    derrick@colemanfrost.com, melissa@colemanfrost.com;marissa@colemanfrost.com
- **Kevin Collins**    kevin.collins@btlaw.com, Tabitha.davis@btlaw.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **David N Crapo**    dcrapo@gibbonslaw.com, elrosen@gibbonslaw.com
- **Mariam Danielyan**    md@danielyanlawoffice.com, danielyan.mar@gmail.com
- **Brian L Davidoff**    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Lauren A Deeb**    lauren.deeb@nelsonmullins.com, maria.domingo@nelsonmullins.com
- **Daniel Denny**    ddenny@milbank.com
- **Kerry L Duffy**    kduffy@bzbm.com, cchou@bzbm.com
- **Anthony Dutra**    adutra@hansonbridgett.com
- **Kevin M Eckhardt**    legal@distressed-debt-investing.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **David K Eldan**    david.eldan@doj.ca.gov, cynthia.gomez@doj.ca.gov
- **Andy J Epstein**    taxcpaesq@gmail.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Christine R Etheridge**    christine.etheridge@ikonfin.com
- **John D Faucher**    jdf@johndfaucher.com, FaucherECF@gmail.com
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Joseph D Frank**    jfrank@fgllp.com,
  mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- **William B Freeman**    bill.freeman@kattenlaw.com,
  nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- **Eric J Fromme**    efromme@tocounsel.com, stena@tocounsel.com
- **Amir Gamliel**    amir-gamliel-9554@ecf.pacerpro.com,
  cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Norma V Garcia**    ngarciaguillen@garciarainey.com
- **Jeffrey K Garfinkle**    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **Evelina Gentry**    evelina.gentry@akerman.com, rob.diwa@akerman.com
- **Lawrence B Gill**    lgill@nelsonhardiman.com,
  lcompton@nelsonhardiman.com;rpatel@nelsonhardiman.com;rrange@nelsonhardiman.com
- **Paul R. Glassman**    pglassman@sycr.com
- **Janel M Glynn**    janel.glynn@gknet.com, rachel.milazzo@gknet.com
- **Aaron Matthew Gober-Sims**    aarongobersims@paulhastings.com
- **Matthew A Gold**    courts@argopartners.net
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Richard H Golubow**    rgolubow@wghlawyers.com,
  jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- **Barry R Gore**    bgore@goreassociates.com, nnarag@goreassociates.com;r40600@notify.bestcase.com
- **Vincent A Gorski**    vgorski@thegorskifirm.com, ATTY_VGORSKI@trustesolutions.com
- **Arnold L Graff**    agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net,jcraig@wrightlegal.net
- **Barbara R Gross**    barbara@bgross.law, luz@bgross.law
- **David M. Guess**    guessd@gtlaw.com
- **Anna Gumport**    agumport@sidley.com
- **Ajay K Gupta**    ag@socal.law, ajay@guptalc.com
- **Mary H Haas**    maryhaas@dwt.com

- **Chad V Haes**   chaes@marshackhays.com,
  chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
- **Craig N Haring**   charing@blankrome.com
- **Melissa T Harris**   harris.melissa@pbgc.gov, efile@pbgc.gov
- **Robert G Harris**   rob@bindermalter.com, valynn@bindermalter.com
- **James A Hayes**   jhayes@zinserhayes.com, jhayes@ecf.courtdrive.com
- **Michael S Held**   mheld@jw.com
- **Jonathon J. Herzog**   jherzog@westzog.com, pkwan@westzog.com
- **Lawrence J Hilton**   lhilton@onellp.com,
  lthomas@onellp.com,info@onellp.com,rgolder@onellp.com,lhyska@onellp.com,nlichtenberger@onellp.com
- **Robert M Hirsh**   rhirsh@lowenstein.com
- **Florice Hoffman**   fhoffman@socal.rr.com, floricehoffman@gmail.com
- **Lee F Hoffman**   leehoffmanjd@gmail.com, lee@fademlaw.com
- **Marshall J Hogan**   mhogan@swlaw.com, knestuk@swlaw.com
- **Michael Hogue**   hoguem@gtlaw.com, SFOLitDock@gtlaw.com;navarrom@gtlaw.com
- **Matthew B Holbrook**   mholbrook@sheppardmullin.com, amartin@sheppardmullin.com
- **David I Horowitz**   david.horowitz@kirkland.com,
  keith.catuara@kirkland.com;terry.ellis@kirkland.com;elsa.banuelos@kirkland.com;ivon.granados@kirkland.com
- **Virginia Hoyt**   scif.legal.bk@scif.com
- **Brian D Huben**   hubenb@ballardspahr.com, carolod@ballardspahr.com
- **Joan Huh**   joan.huh@cdtfa.ca.gov
- **Carol A Igoe**   cigoe@calnurses.org, ttschneaux@calnurses.org
- **Benjamin Ikuta**   bikuta@hml.law
- **William E Ireland**   wireland@hbblaw.com, edocs@hbblaw.com
- **Peter L Isola**   PIsola@hinshawlaw.com, CKingsley@hinshawlaw.com
- **Lawrence A Jacobson**   laj@cohenandjacobson.com
- **Eamon Jafari**   jafari@barringtonlegal.com, gould@barringtonlegal.com
- **John Mark Jennings**   johnmark.jennings@kutakrock.com, mary.clark@kutakrock.com
- **Monique D Jewett-Brewster**   mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- **Crystal Johnson**   M46380@ATT.COM
- **Gregory R Jones**   gjones@mwe.com, rnhunter@mwe.com;cgreer@mwe.com
- **Jeff D Kahane**   jkahane@duanemorris.com, dmartinez@duanemorris.com
- **Steven J Kahn**   skahn@pszyjw.com
- **Cameo M Kaisler**   salembier.cameo@pbgc.gov, efile@pbgc.gov
- **Ivan L Kallick**   ikallick@manatt.com, ihernandez@manatt.com
- **Ori Katz**   okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- **Steven J. Katzman**   SKatzman@bienertkatzman.com,
  admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Gerald P Kennedy**   gerald.kennedy@procopio.com,
  kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- **Payam Khodadadi**   pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- **Christopher M Kiernan**   chris@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- **Christian T Kim**   ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- **Jane Kim**   jkim@kellerbenvenutti.com
- **Monica Y Kim**   myk@lnbrb.com, myk@ecf.inforuptcy.com
- **Alan M Kindred**   akindred@leechtishman.com,
  alankindred@hotmail.com;dtomko@leechtishman.com;challer@leechtishman.com
- **Benjamin R King**   bking@loeb.com, karnote@loeb.com;ladocket@loeb.com;bking@ecf.courtdrive.com
- **Meredith King**   kingm@higgslaw.com, malavarj@higgslaw.com
- **Gary E Klausner**   gek@lnbyb.com
- **David A Klein**   david.klein@kirkland.com

- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com
- **Joseph A Kohanski**    jkohanski@bushgottlieb.com, kprestegard@bushgottlieb.com;gmccoy@bushgottlieb.com
- **Jolene E Kramer**    bankruptcycourtnotices@unioncounsel.net, jkramer@unioncounsel.net
- **Chet Kronenberg**    , justin.andrei@stblaw.com,lwashienko@stblaw.com
- **Chet Kronenberg**    ckronenberg@stblaw.com, justin.andrei@stblaw.com,lwashienko@stblaw.com
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **Jeffrey S Kwong**    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **Darryl S Laddin**    bkrfilings@agg.com
- **Tarifa Laddon**    tarifa.laddon@faegredrinker.com, Lorena.lazheztter@faegredrinker.com
- **David Brian Lally**    davidlallylaw@gmail.com
- **Robert S Lampl**    advocate45@aol.com, rlisarobinsonr@aol.com
- **Ian Landsberg**    ilandsberg@sklarkirsh.com,
  lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfr
  azier@sklarkirsh.com;cbullock@sklarkirsh.com
- **Richard A Lapping**    richard@lappinglegal.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **Dan Lawton**    dlawton@klinedinstlaw.com, lparrish@klinedinstlaw.com
- **Marc Y Lazo**    mlazo@kllawgroup.com, rcantillo@kllawgroup.com
- **Nathaniel M Leeds**    nathaniel@mitchelllawsf.com, sam@mitchelllawsf.com
- **Paul J Leeds**    leedsp@higgslaw.com, kimbled@higgslaw.com
- **David E Lemke**    david.lemke@wallerlaw.com,
  chris.cronk@wallerlaw.com;Melissa.jones@wallerlaw.com;cathy.thomas@wallerlaw.com
- **Danielle R Leneck**    dleneck@jonesday.com,
  eburnside@jonesday.com;cjlovrien@jonesday.com;joelnavarro@jonesday.com;mmelvin@jonesday.com
- **Lisa Lenherr**    llenherr@wendel.com, bankruptcy@wendel.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Elan S Levey**    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
- **Alexander J Lewicki**    alewicki@diemerwei.com
- **Wendy A Loo**    wendy.loo@lacity.org
- **Kerri A Lyman**    klyman@steptoe.com, #-
  FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com;mhernandez@steptoe.com;aodonnell@steptoe.com
- **Tracy L Mainguy**    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- **Samuel R Maizel**    samuel.maizel@dentons.com,
  alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@
  dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
- **Lloyd S Mann**    lmann@mannzarpas.com
- **Alvin Mar**    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Kevin Meek**    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- **Hutchison B Meltzer**    hutchison.meltzer@doj.ca.gov, Alicia.Berry@doj.ca.gov
- **Maria Ann Milano**    mmilano@riddellwilliams.com
- **Angela Z Miller**    amiller@phillipslytle.com, styrone@phillipslytle.com
- **Christopher Minier**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Trey A Monsour**    tmonsour@foxrothschild.com
- **Susan I Montgomery**    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.c
  om

- **Monserrat Morales**    Monsi@MarguliesFaithLaw.com,
  Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Marianne S Mortimer**    mmartin@jmbm.com
- **Tania M Moyron**    tania.moyron@dentons.com,
  malka.zeefe@dentons.com;kathryn.howard@dentons.com;derry.kalve@dentons.com;glenda.spratt@dentons.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Aviram Edward Muhtar**    aviram.muhtar@lewisbrisbois.com
- **Patrick J Mulligan**    pmulligan@bressler.com
- **Benjamin Nachimson**    ben.nachimson@wnlawyers.com, ben.nachimson@wnlawyers.com
- **Alan I Nahmias**    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Jennifer L Nassiri**    jennifernassiri@quinnemanuel.com, bdelacruz@sheppardmullin.com
- **Charles E Nelson**    nelsonc@ballardspahr.com, wassweilerw@ballardspahr.com
- **Sheila Gropper Nelson**    shedoesbklaw@aol.com
- **Mark A Neubauer**    mneubauer@carltonfields.com,
  mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;ecfla@carltonfields.com
- **Fred Neufeld**    fneufeld@sycr.com, tingman@sycr.com
- **Bryan L Ngo**    bngo@fortislaw.com,
  BNgo@bluecapitallaw.com;SPicariello@fortislaw.com;JNguyen@fortislaw.com;JNguyen@bluecapitallaw.com
- **Abigail V O'Brient**    avobrient@mintz.com,
  docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com
- **John R OKeefe**    jokeefe@metzlewis.com, slohr@metzlewis.com
- **Matthew J Olson**    olson.matt@dorsey.com, stell.laura@dorsey.com
- **Scott H Olson**    solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com;go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **R Gibson Pagter**    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Joshua K Partington**    jpartington@swlaw.com, idelgado@swlaw.com
- **Paul J Pascuzzi**    ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **Valerie Bantner Peo**    vbantnerpeo@buchalter.com
- **Lisa M Peters**    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- **Christopher J Petersen**    cjpetersen@blankrome.com, gsolis@blankrome.com
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Mark D Plevin**    mplevin@crowell.com, cromo@crowell.com
- **Steven G. Polard**    steven.polard@ropers.com, calendar-
  lao@ropers.com;keiko.kakiuchi@ropers.com;anthony.arriola@ropers.com
- **Don J Pool**    dpool@fennemorelaw.com, mmeister@fennemorelaw.com;clalonde@fennemorelaw.com
- **David M Powlen**    david.powlen@btlaw.com, pgroff@btlaw.com
- **Christopher E Prince**    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- **Douglas B Provencher**    dbp@provlaw.com
- **Lori L Purkey**    bareham@purkeyandassociates.com
- **Uzzi O Raanan**    uraanan@DanningGill.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
- **William M Rathbone**    wrathbone@grsm.com, sdurazo@grsm.com
- **Jason M Reed**    Jason.Reed@Maslon.com
- **Nathaniel W Reinhardt**    nreinhardt@bienertkatzman.com, 4579179420@filings.docketbird.com
- **Jeffrey M. Reisner**    jreisner@steptoe.com, #-
  FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com
- **Kenneth R Reynolds**    krrlaw@sbcglobal.net

- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **J. Alexandra Rhim**    arhim@hrhlaw.com
- **Emily P Rich**    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- **Robert A Rich**    , candonian@huntonak.com
- **Robert A Rich**    rrich2@huntonak.com, candonian@huntonak.com
- **Lesley A Riis**    lriis@dpmclaw.com
- **Debra Riley**    driley@allenmatkins.com
- **Jason E Rios**    jrios@ffwplaw.com, docket@ffwplaw.com
- **Julie H Rome-Banks**    julie@bindermalter.com
- **Mary H Rose**    mrose@buchalter.com
- **Douglas B Rosner**    drosner@goulstonstorrs.com
- **Gregory A Rougeau**    grougeau@brlawsf.com
- **Megan A Rowe**    mrowe@dsrhealthlaw.com, lwestoby@dsrhealthlaw.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Ryan M Salzman**    ryan.salzman@faegredrinker.com, susan.carlson@faegredrinker.com
- **Natalie K Sanders**    natalie.sanders@bakerbotts.com, anna.tercero@bakerbotts.com
- **Scott A Schiff**    sas@soukup-schiff.com
- **Daren M Schlecter**    daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Nathan A Schultz**    nschultz@goodwinlaw.com
- **Mark A Serlin**    ms@swllplaw.com, sondra@swllplaw.com
- **Isra Shah**    ishah@rwglaw.com
- **Seth B Shapiro**    seth.shapiro@usdoj.gov
- **David B Shemano**    dshemano@shemanolaw.com
- **Joseph Shickich**    jshickich@riddellwilliams.com
- **Mark Shinderman**    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Rachelle Singer**    rsinger@smithsilbar.com, rsinger@smithsilbar.com
- **Kyrsten Skogstad**    kskogstad@calnurses.org, rcraven@calnurses.org
- **Andrew Edward Smyth**    office@smythlo.com
- **Michael St James**    ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com
- **Peter T Steinberg**    mr.aloha@sbcglobal.net
- **Joseph L Steinfeld**    jsteinfeld@askllp.com,
  lmiskowiec@askllp.com;mudem@askllp.com;bmcgrath@askllp.com;kcasteel@askllp.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Rachel P Stoian**    stoian.rachel@dorsey.com, stell.laura@dorsey.com
- **Jason D Strabo**    jstrabo@mwe.com, cfuraha@mwe.com
- **Sabrina L Streusand**    Streusand@slollp.com
- **Ralph J Swanson**    ralph.swanson@berliner.com, sabina.hall@berliner.com
- **Michael A Sweet**    msweet@foxrothschild.com, swillis@foxrothschild.com;pbasa@foxrothschild.com
- **Scott Talkov**    scott@talkovlaw.com, talkovlaw@ecf.courtdrive.com
- **James M Toma**    james.toma@doj.ca.gov, teresa.depaz@doj.ca.gov
- **Gary F Torrell**    gtorrell@health-law.com
- **Levi Reuben Uku**    levireuben@gmail.com
- **Gary D Underdahl**    , lmiskowiec@askllp.com
- **Gary D Underdahl**    gunderdahl@askllp.com, lmiskowiec@askllp.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Cecelia Valentine**    cecelia.valentine@nlrb.gov
- **Jason Wallach**    jwallach@ghplaw.com, g33404@notify.cincompass.com
- **Kenneth K Wang**    kenneth.wang@doj.ca.gov,
  Jennifer.Kim@doj.ca.gov;Stacy.McKellar@doj.ca.gov;yesenia.caro@doj.ca.gov
- **Phillip K Wang**    phillip.wang@rimonlaw.com, david.kline@rimonlaw.com
- **Ashley R Wedding**    awedding@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com

- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- **Joseph M Welch**    jwelch@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com
- **Adam G Wentland**    awentland@tocounsel.com, lkwon@tocounsel.com
- **Steven Werth**    swerth@sulmeyerlaw.com,
  cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com
- **Cranston J Williams**    cwilliams3@semprautilities.com
- **Latonia Williams**    lwilliams@goodwin.com, bankruptcy@goodwin.com
- **Michael S Winsten**    mike@winsten.com
- **Rebecca J Winthrop**    rebecca.winthrop@nortonrosefulbright.com, diana.cardenas@nortonrosefulbright.com
- **Jeffrey C Wisler**    jwisler@connollygallagher.com, dperkins@connollygallagher.com
- **Neal L Wolf**    nwolf@hansonbridgett.com, lchappell@hansonbridgett.com
- **Kirsten A Worley**    WORLEYK@HIGGSLAW.COM, MALAVARJ@HIGGSLAW.COM
- **Claire K Wu**    ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com;kfiles@sulmeyerlaw.com
- **Steven D Wyllie**    steven.wyllie@nlrb.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- **Bennett G Young**    byoung@jmbm.com, jb8@jmbm.com
- **Andrew J Ziaja**    aziaja@leonardcarder.com,
  sgroff@leonardcarder.com;msimons@leonardcarder.com;lbadar@leonardcarder.com
- **Rose Zimmerman**    rzimmerman@dalycity.org

## SERVICE LIST
(Via FedEx Overnight)


**The Honorable Ernest M. Robles**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560/Courtroom 1568
Los Angeles, CA 90012-3300